ORIGINAL

MARTIN M. VENTRESS
5042 Wilshire Blvd. #310
Los Angeles, California 90036
Telephone: (323) 842-8629
E-mail:

Plaintiff PRO SE

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 21 2006

at 2 o'clock and ___ min. ___M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| MARTIN VENTRESS and JACK CRAWFORD,<br><br>           Plaintiffs<br><br>Vs.<br><br>HAWAII AVIATION CONTRACT SERVICES, INC.<br><br>           Defendants | CIVIL NO. CV 03-451    SPK-LEK<br><br>PLAINTIFF MARTIN VENTRESS MOTION TO RECONSIDER THE AMERICAN ARBITRATION ASSOCIATION RULES |

**MOTION TO RECONSIDER THE
AMERICAN ARBITRATION ASSOCIATION RULES**

PURSUANT to the terms of the employment contract between Plaintiff Martin Ventress and Defendants Hawaii Aviation Contract Services, Inc. ("HACS"), Plaintiff contends that the Employment Rules should apply under the authority of American Arbitration Association ("AAA"). In such cases AAA has consistently determined that these disputes, although the agreement specified "commercial rules" should be resolved using employment dispute resolution rules. Former Co-Plaintiff Jack Crawford is not a party in this case.

I.   **INTRODUCTION**

When Plaintiff was employed as a crewmember at Hawaii Aviation Contract Services ("HACS") they gave him a contract to sign which incorporated an arbitration provision. The arbitration provision was not negotiable. The contract was prepared by HACS and the Plaintiff was told that it had to be signed in order to get a job with them as a crewmember. Defendants HACS terminated Plaintiff's employment contract on February 18, 2003. Plaintiff believes that he was terminated because he "Blew the Whistle" on a conspiracy to "cover-up" **events surrounding the death of pilot Jeff Bicknell** that he had knowledge of.

The near fatal airplane accident(s) Plaintiff encountered with Mr. Bicknell "incapacitated" at the flight controls after he collapsed in June 2001 because he had Brain Cancer gave rise to the nature of disputes against HACS and speaks volumes for itself. HACS' Co-Conspirators JALways Co. is currently in the Ninth Circuit Court of Appeals. Plaintiff contends Defendants Deceived the Court and is attempting to obstruct justice.

II.   **CAUSE TO RECONSIDER**

Defendants filed a Motion to Compel arbitration pursuant to the terms of the HACS/Ventress Employment Contract on May 18, 2005.

Defendants contend AAA's Commercial Rules should apply. The matter of the proper rules to be used (Employment Rule) was determined by AAA; however, Defendants objected to the AAA Ruling. Judge Leslie Kobayashi Granted Defendants Motion. The Commercial Rules specifically state that in cases involving Employer/Employee matters that the National Rules for Resolution of Employment Disputes should apply.

**Rule R1 of the Commercial Arbitration Rules specifically states:**

"*a dispute arising out of an employer promulgated plan will be administered under the AAA's National Rules for resolution of employment disputes.*"

Plaintiff has recently been forwarded a letter regarding a virtually similar case against HACS whereby the Plaintiff Bruce Schoggen has an identical contract as Ventress. In that case (CIVIL NO. CV 04-00707 DAE LEK), **Chief U.S. District Justice Judge David Ezra** Ordered Plaintiff Schoggen vs. HACS to the AAA. **Signifying that it is up to the AAA, not the Court to determine how it interprets its rules**:

> *Diemaco, a Div. of Devtek Corp. v. Colt's Mfg. Co., Inc.*, 11 F.Supp.2d 228, D.Conn.,1998.

AAA, to whom Judge Ezra had sent the case for arbitration, made the decision that the rules that would apply to this arbitration were the rules regulating employment disputes. They did so because it is standard practice in all employment arbitrations whether those arbitrations specify the commercial rules or the employment dispute resolution rules for AAA arbitrators to use employment dispute resolution to resolve employment disputes.

Plaintiff further contends that Defendant HACS' attorney Carl Osaki attempted to Deceive the Court. **Chief U.S. District Justice Judge David A. Ezra's Ordered Schoggen vs. HACS** case referred to the AAA, on **May 17, 2005**; On **May 18, 2005**, Mr. Osaki being fully aware of **Judge Ezra's Order,** intentionally circumvented the Judges decision when he filed a Motion to Compel arbitration pursuant to the terms of the **HACS/Ventress** contract, that is identical to that of Mr. Schoggen. Plaintiff believes IF Judge Kobayashi had known before Granting Defendants Motion to Compel on July 25, 2005 ruling of Mr. Osaki's plan to Deceive the Court, she would have ruled differently.

The AAA is expert in administering arbitrations and they have determined by reading their own rules and interpreting them that the employment dispute rules should be applied to this arbitration. The AAA's decisions in such matters are left by the Court to the AAA, which the courts recognize (as in Judge Ezra's ruling);

AAA has the expertise and authority to interpret its own rules and to determine how they are to be applied:

> When parties agree to arbitrate before the AAA and incorporate the Commercial Arbitration Rules into their agreement, they are bound by those rules and by the AAA's interpretation. *See York Hannover A.G. v. American Arbitration Association*, No. 92 Civ. 1643 (CSH), 1993 WL 159961, at * 5 (S.D.N.Y. May 11, 1993). "The AAA is responsible for interpreting the AAA Rules and the parties are not free to simply ignore interpretations they do not agree with." *Id.* (*citing* Arb. Rules, R. 52). The AAA's interpretation is afforded considerable weight:
>
> The parties agreed that the AAA should administer the arbitration process and apply its Commercial Arbitration Rules. Given the parties' designation of the AAA as the supervisory authority regarding the resolution of disputes under the agreement, the AAA's review of the meaning of its rules is of considerable significance.
>
> *York Research Corp. v. Landgarten*, 927 F.2d 119, 123 (2d Cir.1991)(considering appeal of order confirming arbitration award over objection that panel was improper.

Since AAA is the organization with the authority to conduct this arbitration pursuant to the terms of the agreement and Judge Ezra's Order and since the courts have recognized that AAA has the authority and the expertise to read and interpret their own rules, the decision of AAA to apply and ask the National Employment Dispute Resolution Rules should be followed by this Court. The AAA was obviously correct under its decision to apply the Employment Dispute Resolution Rules in this case.

You will note case law why numerous courts have applied the AAA's national rules, in which employer/employee arbitration agreements were written prior to promulgation of the employment dispute resolution rules. The Commercial Rules explicitly provide for employer/employee suits to be resolve by the use of the Employment Dispute Resolution Rules. **Rule R1 of the Commercial Rules states this expressly**:

> "a dispute arising out of an employer promulgated plan will be administered under the AAA's national rules for resolution of employment disputes."
>
> AAA and numerous courts have applied this rule in cases identical to Mr. Schoggen's, in which employer/employee arbitration agreements were written prior to promulgation of the employment dispute resolution rules, and specified use of commercial rules. In such cases AAA has consistently determined that these disputes, although the agreement specified "commercial rules", should be resolved using the employment dispute resolution rules. The courts have agreed, (see e.g. legal, *Lagatree v. Luce*, 74 Cal.App. 4th 1105, 88 Cal.Rptr.2d 664, Cal.App. 2 Dist. (1999); *O'Hare v. Municipal Resource Consultants*, 107 Cal.App. 4th 267, 132 Cal.Rptr.2d 116, Cal.App. 2 Dist. (2003); *Roderick v. Mazzetti & Associates, Inc.*, 2004 WL 2554453 N.D.Call (2004)).

AAA followed its rules and decided that Employment Dispute Resolution Rules should apply to resolve of this case. AAA's ruling in this case is consistent with AAA's ruling in many cases and consistent with opinions of other courts that looked at this issue.

Furthermore, on **January 31, 2006**, Mr. Osaki again attempted to manipulate the Court when he filed an Ex Parte Motion for Stay of Arbitration Proceedings in **State Court of Hawaii's 1st Circuit** in the **Schoggen vs. HACS Case** (Civil No. 05-1-2233-12) in an effort to have the Commercial Rules apply, rather than return to **Judge Ezra who had ordered the arbitration to the AAA in the first place**. Mr. Osaki now attempts to use Judge Kobayashi's ruling filed July 25, 2005, as case law to set precedence for use of the AAA's commercial rules, yet refuses to acknowledge Judge Ezra's order at this point. Interlocutory appeals of procedure decisions in arbitrations are **not permitted**. You must wait until the final arbitration award is issued in order to move or vacate the award. *Brandon, Jones, Sandall, Zeide, Kohn, Chalal & Musso, 203 F.R.D. 677, S.D. Fla. (2001)*. Piecemeal lawsuits like this one appealing certain procedural rulings during arbitration is not permitted. Plaintiff contends Mr. Osaki "ties up" the Court in an attempt to obstruct justice.

The HACS Employment Contract clearly states:

*d. In the event of any dispute between the parties hereto, the dispute shall be submitted to the American Arbitration Association and be decided by neutral binding arbitration before a single arbitrator in accordance with the Commercial Arbitration Rules of the American Arbitration Association.*

Mr. Osaki urged Plaintiff's previous Counselor to breach the HACS/Ventress contract when he deliberately attempted to use Dispute Prevention Resolutions ("DPR"); instead of AAA (see Exhibits). Furthermore, HACS Employment Contract further states:

*This is the sole legal remedy VENTRESS and HACS shall have with respect to any disputes arising from this agreement, i.e., each party hereby waives his or its rights to seek redress in any court system that might otherwise be available to him or it.*

Both parties waive his or its right to seek redress in any court system **signed an agreement to submit to the authority of AAA**, and not burden the Court whenever parties so decides.

Thus far, the Defendants efforts to prevent the relevant facts surrounding Plaintiff disputes from ever being reviewed by an impartial, dispassionate and fair arbitrator(s) indicate doubt in the ability of HACS to prevail. Therefore, Mr. Osaki's decided to make the commercial rules the issue, rather than the relevant facts in this case. In a letter dated April 1, 2005, from Mr. Osaki to the Plaintiff, he suggested that only a few options were available to Plaintiff to continue the arbitration. Defendants offered Plaintiff a resolution of all claims, if the charges were dismissed. Plaintiff refused to dismiss any charges on the grounds that a conspiracy that involves **HACS**, JALways, et al., that cover-up evidence regarding the death of Jeff Bicknell, **Gross Negligence of Air Safety,** Retaliation, Perjury, Harassment, **Whistleblowing**, Libel, Wrongful Termination, Prejudice, Discrimination, and Fraud upon the American Legal System, no matter how long Defendants run behind the Court. According to the Transcripts of Proceedings Before Judge Samuel King on October 13, 2004, this is one of the oldest cases in the Hawaii courthouse (Page 53).

Perhaps **Hawaii Governor Linda Lingle** was right when she encouraged Plaintiff this matter goes beyond Hawaii State jurisdiction, and should be addressed at the federal level. Therefore, Plaintiff has also involved The White House.

Plaintiff's financial disposition does not allow the privilege to afford an attorney at law; hence, Plaintiff focuses attention to the Congress, its Committees, and Subcommittees, too many to mention here neither is this issue before this Court. Plaintiff however, intends to pursue this course of action, granted to him by the U.S. Constitution, **all the way to the United States Supreme Court, by way of the Ninth Circuit Court, if necessary.**

### III.  CONCLUSION

This Court should find that Mr. Osaki circumvented Chief Justice Judge Ezra Order, Mislead Judge Kobayashi with half truths, filed a frivolous lawsuit in the State of Hawaii 1st Circuit Court, backlogged U.S. District Court, acted in bad faith, and should be properly admonished for attempting to manipulate the Court, and "run up" <u>unnecessary court costs, and attorney/clients cost/fees.</u>

For the above reasons, Plaintiff respectfully requests this Court Grant him the same treatment accorded Bruce Schoggen by **Chief U.S. District Justice Judge David Ezra** regarding AAA's rule that the Employment Dispute Resolution Rules Should be Applied.

In addition, if the Court is amenable to expedite this matter since the selection of arbitrator process is looming, and Plaintiff has therefore requested this matter be placed in abeyance by the AAA pending the outcome in this Courts decision.

DATED: Wednesday, February 15, 2006.

*/s/ Martin M. Ventress*
MARTIN M. VENTRESS, Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was or will be duly served upon the following by U.S. Certified Mail postage:

TO:  Carl H. Osaki, Esq.
     Pioneer Plaza, Suite 1510
     900 Fort Street
     Honolulu, Hawaii 96813

     Attorney for Defendant
     Hawaii Aviation Contract Services, Inc.

TO:  Vikki Rogers, Esq. / Case Manager
     International Centre for Dispute Resolution
     International Division for the American Arbitration Association
     1633 Broadway, 10th Floor
     New York, NY 10019

DATED:  Wednesday, February 15, 2006

*Martin M. Ventress*
MARTIN M. VENTRESS, Pro Se