# CARL H. OSAKI

*Attorney At Law, A Law Corporation*
Pioneer Plaza, Suite 1510
900 Fort Street
Honolulu, Hawaii 96813
Telephone: (808) 528-4666
Facsimile: (808) 529-0764

---

April 1, 2005

Mr. Martin Ventress
Apartment No. 310
5042 Wilshire Boulevard
Los Angeles, CA 90036

   RE: Ventress v. Japan Airlines, Civil No. 03-00451 SPK-LEK;
      Ventress v. Hawaii Aviation Contract Services, Inc.
      <u>AAA Case Number:   50 116 T 00587 04</u>

Dear Mr. Ventress:

   During the last telephone conference with the American Arbitration Association ("AAA"), there was a continuance at your request to March 30, 2005, to allow you to obtain counsel. It is March 31, 2005, and I have not been informed that you have obtained counsel. In addition, Hawaii Aviation Contract Services, Inc. ("HACS") has registered a written objection to the application of the AAA's employment rules to this arbitration, because the parties agreed to arbitrate under the commercial rules. The AAA has not decided that issue as of this date.

   As I see it, this matter may proceed in a couple of different ways. First, the AAA may decide not to administer the arbitration because of its policy to conduct employment matters under the employment rules, and not the commercial rules. Mr. Nemias indicated that if either party insisted on the application of the commercial rules, the AAA may decline to administer the arbitration. I do not know what position you will take with respect to this issue, in part because you have taken inconsistent positions. For example, you have stated on prior occasions that you will insist on observing the contract, including the arbitration provision, "to the letter." However, on other occasions, you have conducted yourself in a manner that is inconsistent with such a position, like when Ms. Barcenes apparently unilaterally excused you from paying a $8,000 administrative fee. At one point, HACS had offered you, through one of your prior counsel, to arbitrate under the administration of Dispute Prevention & Resolution ("DPR"), which offer was rejected. To make it clear, any such offer is withdrawn, if not already rejected. If the AAA declines to administer the arbitration, I believe that the stay presently in effect will be rendered moot.

   Second, the AAA may foist the employment rules upon the parties, despite the explicit agreement to administer this arbitration under the commercial rules. If that is the case, HACS' position will be that any arbitration conducted under such terms will be void or voidable, and subject to a motion to vacate. Any such arbitration will have the risk of being a nullity.

   In any case, HACS has asserted a counterclaim against you, and intends to seek any and all remedies available, regardless of the ultimate forum. At this point, I am authorized