CC: LEK

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 21 2006

at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

MARTIN M. VENTRESS
5042 Wilshire Blvd. #310
Los Angeles, California 90036
Telephone: (323) 842-8629
E-mail: imventress@aol.com

Plaintiff PRO SE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| MARTIN VENTRESS and JACK CRAWFORD,<br><br>Plaintiff<br><br>Vs.<br><br>HAWAII AVIATION CONTRACT SERVICES, INC.<br><br>Defendants | CIVIL NO. CV 03-451    SPK-LEK<br><br>PLAINTIFF MARTIN VENTRESS FILES THIS **ADDENDUM** TO THE MOTION TO RECONSIDER THE AMERICAN ARBITRATION ASSOCIATION RULES |

**ADDENDUM TO THE MOTION TO RECONSIDER THE
AMERICAN ARBITRATION ASSOCIATION RULES**

**ADDENDUM** to the Motion To Reconsider the Rules of the American Arbitration Association ("AAA") by Plaintiff Martin Ventress against Defendants Hawaii Aviation Contract Services, Inc. ("HACS"). This ADDENDUM with the attached Exhibits, serves to further substantiate that AAA Employment Dispute Resolution Rules Apply to this Arbitration. Plaintiff requests this Court to reconsider its jurisdiction of the legal issues of which set of rules will apply, Commercial Rules, or Employment Rules, be used in this AAA arbitration. Former Co-Plaintiff Jack Crawford is not a party in this case.

PLEASE find that this Addendum contains additional Case Law to further substantiate the Defense of Plaintiff that also includes an Appendix and Exhibits.

It should be noted here that Defendants not only **Objected** to AAA's Employment Rules; initially **Objected** outright to AAA by attempting to negotiate the use of the DPR, **Objected** AAA assignment of the ICDR, which is the International Centre for Dispute Resolution Division of the AAA, because in Mr. Osaki Counterclaim against Plaintiff to AAA, he states there is no foreign parties involved in this matter, **Objected** by refusing to release Plaintiff's Pilot/Employment Records. On December 17, 2004, in accordance with AAA Fee Waiver / Pro Bono Services, Plaintiff requested **Hardship** where the inability of one party to pay the arbitrator may prevent the case from going forward. After review of required financial statements AAA granted Hardship **Mr. Osaki Objected** and required written explanation from AAA the terms in which that hardship was granted. **Mr. Osaki Objected** to AAA's arbitrator list, insisted (10) names of potential arbitrators that had to reside in Hawaii; at his own admission he knew of only (3) AAA arbitrators.

Mr. Osaki's disregard for the Court's time by "running-up" his clients cost/fees by the Indemnification Agreements, by the written promise for JALways to pay HACS litigation attorneys' fees and costs; by the written promise for JALways to provide liability insurance for HACS; By the written promise to cooperate with each other in the event of any investigations, lawsuit, administrative complaints, grievances, and other foes; by the written agreement not to sue each other; Defendants now seeks to recover all the attorneys' fees/cost it has incurred against Plaintiff despite their improper and bad-faith "business arrangement" used as a shield to circumvent the American Legal System.

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was or will be duly served upon the following by:

<u>Via U.S. Certified Mail Postage and Email</u>

TO:   Carl H. Osaki, Esq.
      Pioneer Plaza, Suite 1510
      900 Fort Street
      Honolulu, Hawaii 96813

      Attorney for Defendant
      Hawaii Aviation Contract Services, Inc.

<u>Via Email Only</u>

TO:   Vikki Rogers, Esq. / Case Manager
      International Centre for Dispute Resolution
      International Division for the American Arbitration Association
      1633 Broadway, 10th Floor
      New York, NY 10019


DATED:   Sunday, February 19, 2006

*/s/ Martin M. Ventress*
MARTIN M. VENTRESS, Pro Se