THE LAW OFFICES OF
DAVID F. SIMONS

DAVID F. SIMONS 2179-0
Ocean View Center
707 Richards Street, PH 1
Honolulu, HI 96813
Telephone: (808) 536-3255
e-mail: dsimons@hawaii.rr.com

1ST CIRCUIT COURT
STATE OF HAWAII
FILED

2006 FEB 17 PM 3: 45

N. ANAYA
CLERK

## IN CIRCUIT COURT OF THE FIRST CIRCUIT

## STATE OF HAWAI'I

| | |
|---|---|
| HAWAII AVIATION CONTRACT SERVICES, <br><br> Plaintiff, <br><br> vs. <br><br> BRUCE G. SCHOGGEN, <br><br> Defendants. | CIVIL NO. 05-1-2233-12 (KSSA) (DECLARATORY RELIEF) <br><br> DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT, TO DISSOLVE EX PARTE ORDER FOR STAY OF ARBITRATION PROCEEDINGS, AND FOR ISSUANCE OF SANCTIONS AND AWARD OF ATTORNEYS FEES UNDER HRS §607-14.5, AND RULES 11 AND 26(g), H.R.C.P.; MEMORANDUM IN SUPPORT OF MOTION; AFFIDAVIT OF DAVID F. SIMONS; AFFIDAVIT OF BRUCE G. SCHOGGEN; AFFIDAVIT OF CHAREESE E. BLAKENEY; APPENDIX A - B; EXHIBITS 1-19; CERTIFICATE OF SERVICE <br><br> HEARING: <br><br> Date: March 13, 2006 (Monday) <br> Time: 9:30 am <br> Judge: Karen SS Ahn |

**DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT,
TO DISSOLVE EX PARTE ORDER FOR STAY OF ARBITRATION PROCEEDINGS,
AND FOR ISSUANCE OF SANCTIONS AND AWARD OF ATTORNEYS FEES UNDER
HRS §607-14.5 AND RULES 11 & 26(g), H.R.C.P.**

COMES NOW Defendant by and through his below signed attorney, pursuant to Rule 12 and 56 of the Hawaii Rules of Civil Procedure and hereby requests this Court either dismiss the case or grant summary judgment in favor of Defendant. This case is called by Plaintiff a "declaratory judgment" action. It seeks a judicial ruling that an arbitrator, Judge E. John McConnell, should apply the American Arbitration Association's ("AAA") "Commercial Rules" not AAA's "National Rules for Resolution of Employment Disputes" ("Employment Rules"), in a pending AAA arbitration between the parties. This court lacks the jurisdiction or power to determine this issue and should dismiss this case. There are no material facts at issue, and the court if it rules on the issue, should grant summary judgment to Mr. Schoggen. This motion is based upon the attached memorandum, affidavit and exhibits.

This motion also seeks sanctions against Plaintiff and its attorney under Rule 11 H.R.C.P. for filing a false pleading, sanctions under Rule 26(g) H.R.C.P. for filing unnecessary, abusive discovery, and a finding that the lawsuit itself was frivolous and an award of fees and costs under HRS §607-14.5.

DATED: Honolulu, Hawaii, _____ 2-17-06 _____.

_____
DAVID F. SIMONS

Attorney for Defendant
BRUCE G. SCHOGGEN

2



## TABLE OF CONTENTS

Table of Authorities...................................................................................iii, iv

I.    Introduction.................................................................................................1

II.   Procedural History........................................................................................2

      A.    Procedure Leading Up To This Law Suit...............................................2

      B.    Events Connected With This Lawsuit....................................................4

III.  Summary of the Six Independent Reasons the Lawsuit Should Either Be
      Dismissed Or Judgment In Favor of Defendant Should Be Entered.......................5

IV.   Summary Of Reasons Attorneys Fees Should Be Awarded Against HACS
      And Mr. Osaki.............................................................................................6

V.    Plaintiff HACS Wrongfully And In Bad Faith Obtained An Ex Parte
      Order In This Case.......................................................................................7

VI.   The Suit Should Be Dismissed For Many Legal Reasons....................................9

      A.    AAA's Interpretation Of Rule R1 Of The Commercial Rules
            And Of The Employment Rules Is Controlling And Persuasive ....................9

      B.    This Suit Should Be Dismissed Because Interlocutory Appeals
            Of Arbitration Procedural Decisions Are Not Permitted...........................10

      C.    If Any Judge Should Make Rulings On The Correctness Of AAA's
            Handling Of The Case It Is Judge Ezra - Not This Court...........................11

      D.    The Issue Should Be Presented To The Arbitrator Not This Court................11

      E.    To The Extent This Court Believes It, Not The AAA, Not Judge Ezra,
            Nor Judge McConnell Is The Proper Entity To Decide Whether The
            Employment Rules Or The Commercial Rules Should Be Used, This
            Court Should Rule AAA Acted Correctly When AAA Decided To
            Apply The Employment Dispute Resolution Rules To The Administration
            Of This Case..........................................................................................12

      F.    This Suit Is Not A Proper Use Of The Declaratory Judgment Act..................13

VII.   Judge Kobayashi's Ruling In A Different Case, The *Ventress* Case, That
       Commercial Rules Not Employment Rules Should Be Applied To A HACS
       Arbitration, Should Not Be Considered Controlling Or Persuasive.......................14

       A.   Mr. Ventress Was A Pro Se Defendant Who Did Not Bring To The
            Court's Attention The Relevant Arbitration Rule Or Law Requiring
            Such Decisions Be Left To AAA And The Arbitrator, Not Decided
            By The Court....................................................................................15

       B.   In *Ventress* Judge Kobayashi Was The Proper Judge To Provide Judicial
            Review Because She Ordered The Arbitration.........................................15

       C.   In *Ventress*, Unlike This Case, No Arbitrator Had Yet Been Appointed..........15

       D.   AAA Ruled That The Employment Rules Applied To Mr. Schoggen's
            Case, After HACS Presented Judge Kobayashi's Ruling In The Ventress
            Case And Asked AAA To Reconsider Their Decision...............................16

       E.   Summary Of Reasons Judge Kobayashi's Ruling Is Not Persuasive Or
            Controlling......................................................................................16

VIII.  Attorney Fees Should Be Awarded Against HACS And Mr. Osaki.......................17

       A.   Fees Should Be Awarded Under HRS §607-14.5 Because The Case
            Is Frivolous....................................................................................17

       B.   The Court Should Issue Sanctions Under Rule 11. H.R.C.P. For Filing
            Of A False Affidavit And False Motion.................................................17

       C.   Sanctions Should Be Issued For Abusive Discovery Which Violated
            Rule 26(g) H.R.C.P..........................................................................18

IX.    Conclusion.................................................................................................19



## TABLE OF AUTHORITIES

### Cases

*ANR Coal Co., Inc. v. Cogentrix of North Carolina, Inc.,* 173 F.3d 493, 497 (4th Cir.1999) ......10

*Brandon, Jones, Sandall, Zeide, Kohn, Chalal & Musso,* 203 F.R.D. 6677, D.D. Fla, 2001 ........10

*Cape Elizabeth School Board v. Cape Elizabeth Teachers Association,*
435 A.2d 1381, 1383 (Me.1981) ..................................................................................14

*Coll v. McCarthy,* 72 Haw. 20, 804 P.2d 881 (1991) ..................................................................17

*Cutler Assoc., Inc. v. Merrill Trust Co.,* 395 A.2d 453 (Me.1978) ...............................................14

*Diemaco, a Div. of Devtek Corp. v. Colt's Mfg. Co., Inc.,*
11 F.Supp.2d 228, D.Conn.,1998 ...........................................................................9, 10

*Excelsior Lodge No. One, v. Eyecor Ltd.,*
74 Haw. 210, 226, 847 P.2d 652, 660 (1992)......................................................11, 13

*Folse v. Richard Wolf Med. Instr. Corp.,* 56 F.3d 603, 605 (5th Cir.1995) ................................10

*Green Tree Financial Corp. v. Bazzle,* 539 U.S. 444, 123 S.Ct. 2402, U.S.S.C., 2003...............12

*Howsam supra,* at 83, 123 S.Ct. 588 ..........................................................................................12

*J..M. Huber Corp. v. Main-Erbauer, Inc.,* 493 A.2d 1048, ME (1985) .......................................14

*John Wiley & Sons, Inc. v. Livingston,* 376 U.S. 543, 557,
84 S.Ct. 909, 11 L.Ed.2d 898 (1964)..................................................................................11

*Lagatree v. Luce,* 74 Cal.App. 4th 1105, 88 Cal.Rptr.2d 664, Cal.App. 2 Dist. (1999) ...............13

*Marc Rich & Co. v. Transmarine Seaways Corp.,*
443 F.Supp. 386, 387-88 n. 3 (S.D.N.Y.1978)..........................................................................10

*O'Hare v. Municipal Resource Consultants,*
107 Cal.App. 4th 267, 132 Cal.Rptr.2d 116, Cal.App. 2 Dist. (2003) ...........................13

*Ohuan, Ltd. v. Trustees of the Violet K. Maertens Trust,*
4 Haw.App 295, 666 P.2d 603, Haw.App (1983) ......................................................12

*Roderick v. Mazzetti & Associates, Inc.,* 2004 WL 2554453 N.D.Call (2004).............................13



*Sanko S.S. Co. v. Cook Industries, Inc.,* 495 F.2d 1260, 1264 n. 4 (2d Cir.1973) .........................10

*Volt Information Sciences, Inc. v. Board of Trustees of Leland Standford Junior Univ,*
489 U.S. 468, 474-476, 109 S.Ct. 1248, 103 L.Ed.2d (1989) ..........................................12

*Westbrook School Committee v. Westbrook Teachers Association,*
404 A.2d 204, 207 (Me.1979) ......................................................................................14

*York Hannover A.G. v. American Arbitration Association,* No. 92 Civ. 1643 (CSH),
1993 WL 159961, at *5(S.D.N.Y. May 11, 1993) ..........................................................9

*York Research Corp. v. Landgarten,* 927 F.2d 119, 123 (2d Cir.1991) ..........................9

## Statutes

HRS §607-14.5 ...................................................................................1, 2, 1, 2, 5, 6, 17, 20

HRS §632 <u>et</u> <u>seq.</u> ...........................................................................................................6, 13

HRS §658-A <u>et</u> <u>seq</u> ................................................................................................6, 13, 17, 19

## Rules

Rule 11 H.R.C.P. ..................................................................................................2, 4, 7, 9, 17

Rule 26(g) H.R.C.P. ......................................................................................2, 5, 7, 18, 19, 20

## Regulations

9 U.S.C. §§ 10(a)(1)-(3) ............................................................................................................10



IN CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| HAWAII AVIATION CONTRACT SERVICES<br><br>                              Plaintiff,<br><br>       vs.<br><br>BRUCE G. SCHOGGEN,<br><br>                              Defendants. | CIVIL NO. 05-1-2233-12 (VSM) (DECLARATORY RELIEF)<br><br>MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR FOR SUMMARY JUDGMENT TO DISSOLVE EX PARTE ORDER  FOR STAY OF ARBITRATION PROCEEDINGS AND FOR ISSUANCE OF SANCTIONS AND AWARD OF ATTORNEYS FEES UNDER HRS §607-14.5 AND RULES 11 AND 26(g), H.R.C.P. |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR FOR SUMMARY JUDGMENT TO DISSOLVE EX PARTE ORDER  FOR STAY OF ARBITRATION PROCEEDINGS AND FOR ISSUANCE OF SANCTIONS AND AWARD OF ATTORNEYS FEES UNDER HRS §607-14.5 AND RULES 11 AND 26(g), H.R.C.P.**

I.      Introduction.

This is a frivolous, unnecessary lawsuit.  It asks the court to resolve a sole, legal issue over which this court has no jurisdiction – which set of rules, the Commercial Rules, or the Employment Rules, are to be used in a AAA arbitration currently pending between parties.  That arbitration is pending before Judge E. John McConnell, ret. who was agreed upon by the parties as arbitrator, and then appointed by AAA as the arbitrator, (Ex. 1).

The legal issue raised in this lawsuit is not for this court to decide.  There is much legal authority for the simple proposition that arbitration procedure questions, such as which procedural rules apply, are for the arbitrator or AAA, not the court, to decide.  The law showing



this court has no jurisdiction to rule on this issue was presented to HACS' counsel to Mr. Osaki, who in spite of this information, served this frivolous lawsuit.

The lawsuit never should have been served. Its frivolous and bad faith nature is shown not only by many legal reasons that this issue is not properly before this court, but also is shown by the way the matter has been prosecuted by Plaintiff Hawaii Aviation Contract Services ("HACS"). Three sets of abusive, unnecessary discovery have been served on Defendant, Exs. 2, 3, and 4, in a case in which no discovery at all is needed. Also, a false motion, and affidavit have been filed with the court alleging that Mr. Schoggen's counsel, Mr. Simons, would not accept service of the complaint, when in fact, six days before that false affidavit was filed, Mr. Simons had agreed, in writing, to accept service, (Ex. 5).

The court is asked to dismiss the lawsuit or grant judgment for defendant, find the lawsuit was frivolous and issue sanctions for filing a frivolous lawsuit under HRS §607-14.5, issue sanctions for filing a false motion and affidavit in violation of Rule 11 H.R.C.P., and issue sanctions for filing of abusive, unnecessary discovery in violation of Rule 26(g) H.R.C.P.

II.    Procedural History.

    A.    Procedure Leading Up To This Lawsuit.

        This case arises out of an employment dispute between Plaintiff HACS and its former pilot Defendant Bruce Schoggen. The employment dispute was the subject of a civil suit filed by Mr. Schoggen's former attorney in Federal Court in November 2004, (Ex. 6). In May 2005 Judge Ezra ordered the case be resolved in an arbitration before the American Arbitration Association ("AAA"). Judge Ezra's Order is attached hereto as Ex. 7. [1]

---

[1] For court convenience attached as Appendix A is a procedural timeline of the case. Appendix B is a list of Exhibits.




In his order Judge Ezra ordered the parties to submit this matter to AAA for arbitration as was required by the terms of the employment agreement between the parties (Ex. 8). The key contractual provisions were incorporated in his order. Judge Ezra's order and the contract itself state:

> In the event of any dispute between the parties hereto the dispute shall be submitted to the American Arbitration Association and decided in a neutral binding arbitration before a single arbitrator in accordance with the commercial arbitration rules of the American Arbitration Association.

The contract itself expressly prohibits the filing of this lawsuit. It states:

> This [going to arbitration] is the sole legal remedy SCHOGGEN and HACS shall have with respect to any disputes arising from this agreement, i.e., **each party hereby waives his or its rights to seek redress in any court system** that might otherwise be available to him or it. (Ex. 8, p. 6, ¶ 5d).

After Judge Ezra's order, defendant Schoggen filed a demand for arbitration with the AAA (Ex. 9). The parties then mutually agreed that Judge E. John McConnell, ret., would serve as the neutral arbitrator, and he was appointed by AAA as arbitrator (Ex. 1). AAA determined that "the National Rules of Resolution of Employment Disputes ("Employment Rules") would govern the arbitration, (Ex. 10).

HACS objected to AAA's decision that the Employment Rules would apply. HACS asked AAA to reconsider the decision and instead apply Commercial Rules, rather than Employment Rules. (Ex. 11). The courts have consistently ruled that AAA has the jurisdiction to make decisions concerning interpretation of its own rules. At HACS' request, AAA re-examined the issue, after HACS had obtained a ruling from Federal Magistrate Judge Kobayashi, in a separate arbitration that involved another former HACS pilot, Martin Ventress, that the Commercial Rules not Employment Rules should be applied, (Ex. 15). Despite Judge

3



Kobayashi's ruling in *Ventress* AAA reaffirmed its decision that the Employment Rules not the Commercial Rules applied to the Schoggen arbitration, (Ex.12).

AAA's decision that the Employment Rules applied, can not be appealed to this court as Plaintiff has attempted to do under the guise of "Declaratory Judgment". AAA's decision is not only unreviewable by this Court, AAA's decision was also correct. AAA decided the Employment Rules applied because Rule R1 of the AAA **Commercial Rules** expressly states:

> "a dispute arising out of an employer promulgated plan will be administered under the AAA's national rules for resolution of employment disputes." (Ex. 13).

HACS has not asked the arbitrator, Judge McConnell, to re-examine the issue. Nor did HACS go back to Judge Ezra who ordered the case to arbitration to ask for his ruling on this issue. Instead HACS filed this new, unnecessary lawsuit in state court asking for this Court to issue a "declaratory judgment" overruling the AAA on an interlocutory, arbitration ruling. This Court has no jurisdiction to get involved and instead should dismiss the case or grant summary judgment for Defendant.

B.    Events Connected With This Lawsuit.

On January 31, 2006 HACS' Ex Parte Motion For Stay Of Arbitration, Mr. Osaki's Affidavit In Support of the Motion and an Ex Parte Order signed by Judge Marks was filed with this court, (Ex. 14). The order stayed the arbitration pending resolution of this suit. The order was obtained by HACS under false pretenses. The motion relied on the assertion in Mr. Osaki's affidavit that Mr. Schoggen could not be easily served, and specifically that "Mr. Schoggen had not authorized his counsel, Mr. Simons, to accept service". Sanctions are sought against Mr. Osaki under Rule 11 H.R.C.P. for allowing the filing of this false affidavit on



January 31, 2006. On January 25, 2006, Mr. Simons sent a letter to Mr. Osaki agreeing to accept service on Mr. Schoggen's behalf, (Ex. 5). After Mr. Osaki got that letter, the false motion, the false affidavit and the order obtained by false representation were filed on January 31, 2006. The order should be dissolved and sanctions issued under Rule 11 H.R.C.P. because it was falsely obtained.

On February 10, 2006 HACS served Mr. Simons not only with the complaint, but also interrogatories, Ex. 2, a request for production of documents, Ex. 3, and a request for admissions, Ex. 4. The discovery sought information of no conceivable relevance to the one, legal issue raised by this suit: which rules apply to the arbitration. The court should find this suit is frivolous and award fees under HRS §607-14.5. The court should also find the discovery was unnecessary and abusive and order sanctions under Rule 26(g) H.R.C.P.

III.    Summary of the Six Independent Reasons the Lawsuit Should Either Be Dismissed or Judgment In Favor of Defendant Should Be Entered.

(1)    AAA, not a state court, has exclusive jurisdiction to interpret AAA's rules in a pending arbitration. The issue of determining the proper rules to be used in a AAA arbitration, is a matter for AAA to conclusively determine. It is not a matter state courts should or can address.

(2)    This Court has no authority to entertain an **interlocutory** appeal of an issue in a pending arbitration. Interlocutory appeals of internal arbitration rulings prior to an award being made are not permitted. A party must wait until the final Arbitration Award is issued to appeal interlocutory rulings to the court.

(3)    To the extent HACS has a right to interlocutory review of a procedural arbitration ruling, since the arbitration was ordered by Judge Ezra, Judge Ezra should provide the judicial review, rather than HACS filing a new, duplicative lawsuit in state court to get a new judge involved.

5



(4)  To the extent there are questions raised which are legitimate about which arbitration rules should apply, those matters must be submitted to the arbitrator, Judge McConnell, to decide, and not decided by this Court in a separate lawsuit.

(5)  The decision made by AAA that the Employment Rules applied to this case was correct. The **Commercial Rules** specifically state:

> "A dispute arising out of an employer-promulgated plan that will be administered under the AAA's national rules for resolution of employment disputes." (Ex. 13).

The arbitration agreement in this case that was part of a standard form employment agreement the employer, HACS, wrote and required its pilots to sign. (Affidavit of Bruce Schoggen). AAA correctly determined that under the Commercial Rules this was an "employer-promulgated plan" and therefore should be administered under the Employment Rules.

(6)  This lawsuit is not permitted under Hawaii's Declaratory Judgment Act. The methods by which a party can obtain judicial review of matters in a pending arbitration are spelled out by the Uniform Arbitration Act, HRS §658-A et seq. The Declaratory Judgment Act HRS §632 et seq. can not be used as a way for HACS to get around the limited judicial review of arbitration matter permitted under the Uniform Arbitration Act.

For each of the above six reasons, this Court should dismiss this case or grant judgment to defendant and dissolve the Ex Parte Order.

IV.  Summary Of Reasons Attorneys Fees Should Be Awarded Against HACS And Mr. Osaki.

(1)  It was clear on the date this suit was served that this court had no jurisdiction to resolve a procedural question rules issue in a AAA arbitration ordered by Judge Ezra, and pending before Judge McConnell. For this reason the court should find this lawsuit was frivolous litigation under HRS §607-14.5 and award fees and costs to Defendant.

6



(2)    HACS' motion and affidavit filed on January 31, 2006, were false. Mr. Osaki swore in his affidavit that Mr. Schoggen's counsel, Mr. Simons, would not accept service of the complaint and sought an Ex Parte Order staying the pending arbitration because Mr. Schoggen could not be served. This motion was filed six days after Mr. Simons sent Mr. Osaki a letter agreeing in writing to accept service. It was a false pleading and sanctions should be issued under Rule 11 H.R.C.P.

(3)    This case involves one discreet legal issue - what rules apply to an arbitration ordered by Judge Ezra, pursuant to a contract between HACS and Mr. Schoggen. There was no need for any discovery on this purely legal issue. But HACS filed discovery anyway, three sets of it - interrogatories, admissions and request for production of documents. The HACS discovery sought information which is completely irrelevant to the single legal issue presented in this declaratory judgment action. It sought, for instance, copies of communications between Mr. Schoggen and other former HACS pilots who have complained about HACS' unfair labor practices. Mr. Osaki's signing and serving three sets of discovery seeking irrelevant information in a case which no discovery was needed was a violation of Rule 26(g) H.R.C.P. That rule states that by signing a discovery request the attorney certifies the request is not "unreasonable or unduly burdensome or expensive given the needs of the case". There is no discovery needed in this case at all, and HACS filing and serving three different sets of discovery seeking information of no relevance to this case, clearly violated Rule 26(g) and sanctions should be issued.

V.    Plaintiff HACS Wrongfully And In Bad Faith Obtained An Ex Parte Order In This Case.

On January 31, 2006 HACS' Ex Parte Motion, Order and Affidavit were filed with the court. The sole basis upon which HACS obtained this order was the false representation to the court that Mr. Simons would not accept service of the complaint for Mr. Schoggen.



This motion and order was filed on January 31, 2006 despite the fact that **on January 25, 2006, Mr. Schoggen's counsel, David Simons, sent a letter to Mr. Osaki agreeing to accept service of the lawsuit**. That letter, Ex.5, stated:

> If you still find it necessary to have this suit served in the face of this legal authority, Mr. Schoggen has authorized me to accept service of it and we will be filing the appropriate motion to dismiss and for sanctions.

The filing of the motion and order on January 31, 2006 was in bad faith. The motion, the affidavit, and the order were all premised on Mr. Osaki's assertion that he could not easily serve Mr. Schoggen. Mr. Osaki knew on January 31, 2006 that premise was false. The motion stated "Schoggen has not authorized his arbitration attorney to accept service of process of the Complaint in this action on his behalf", (Ex. 14). By the time the motion was filed, January 31, 2006, Mr. Osaki had received a copy of Mr. Simons' letter of 1/25/06 agreeing to accept service. After that letter was sent, Mr. Osaki prepared an affidavit saying he could not serve Mr. Schoggen, and after he had received the letter, the motion, affidavit and order were filed with the court.

The court should issue sanctions against Mr. Osaki under Rule 11 H.R.C.P. On the date of filing of the motion and affidavit, 1/31/06, Mr. Osaki knew that Mr. Simons was ready, willing and authorized to accept service of the suit. Despite that knowledge Mr. Osaki allowed the filing of the motion and affidavit stating Mr. Simons would not accept service for Mr. Schoggen, in order to wrongfully and falsely obtain from the Court the issuance of an ex parte order staying the arbitration. The only reason HACS presented to the court to justify its request for an Ex Parte Order To Stay The Arbitration was Mr. Osaki's assertion that Mr. Schoggen could not easily be served, specifically stating that Mr. Simons would not accept service. This was an assertion Mr. Osaki knew was false on the date of filing his motion,

8



affidavit and order. The motion and affidavit were a false filing, and a violation of Rule 11 H.R.C.P.

The lawsuit itself was unnecessary. It should be dismissed and sanctions for filing a document in bad faith should be made against Mr. Osaki.

VI.     The Suit Should Be Dismissed For Many Legal Reasons.

    A.      AAA's Interpretation of Rule R1 of the Commercial Rules and of The Employment Rules Is Controlling and Persuasive.

Resolution of disputes involving interpretation of AAA rules is a matter left by the courts to the AAA to resolve. Courts recognize AAA has expertise and the jurisdiction to interpret its own rules and to determine how they are to be applied:

> When parties agree to arbitrate before the AAA and incorporate the Commercial Arbitration Rules into their agreement, they are bound by those rules and by the AAA's interpretation.
> - *York Hannover A.G. v. American Arbitration Association,* No. 92 Civ. 1643 (CSH), 1993 WL 159961, at *5(S.D.N.Y. May 11, 1993)

> "The AAA is responsible for interpreting the AAA Rules and the parties are not free to simply ignore interpretations they do not agree with."
> - *Diemaco, a Div. of Devtek Corp. v. Colt's Mfg. Co., Inc.,* 11 F.Supp.2d 228, D.Conn.,1998.

> The parties agreed that the AAA should administer the arbitration process and apply its Commercial Arbitration Rules. Given the parties' designation of the AAA as the supervisory authority regarding the resolution of disputes under the agreement, the AAA's review of the meaning of its rules is of considerable significance.
> - *York Research Corp. v. Landgarten,* 927 F.2d 119, 123 (2d Cir.1991)

Judge Ezra referred this matter to AAA. AAA is the entity with the jurisdiction to conduct this arbitration. AAA has the authority and the expertise to interpret their own rules, and



decide whether the National Employment Dispute Resolution Rules apply. This Court should not interfere with AAA's decision on this matter.

  B.    This Suit Should Be Dismissed Because Interlocutory Appeals Of Arbitration Procedural Decisions Are Not Permitted.

     The courts have been very clear that interlocutory appeals of arbitration issues are not permitted:

> [Interlocutory] reviews are confined under the statute to judicial decisions to confirm, modify, or vacate an arbitration award *after* a final arbitration decision has been made. 9 U.S.C. §§ 10(a)(1)-(3); *ANR Coal Co., Inc. v. Cogentrix of North Carolina, Inc.,* 173 F.3d 493, 497 (4th Cir.1999); *Folse v. Richard Wolf Med. Instr. Corp.,* 56 F.3d 603, 605 (5th Cir.1995) ( "By its own terms, § 10 [of the FAA] authorizes court action only after a final award is made by the arbitrator."); *Sanko S.S. Co. v. Cook Industries, Inc.,* 495 F.2d 1260, 1264 n. 4 (2d Cir.1973); *Diemaco v. Colt's M'fring Co.,* 11 F.Supp.2d 228, 231-32 (D.Conn.1998)(explaining that "[t]the issue is whether a district court has authority to review an AAA procedural or interlocutory decision…Generally, parties to an going arbitration must await award before seeking judicial review."); *Marc Rich & Co. v. Transmarine Seaways Corp.,* 443 F.Supp. 386, 387-88 n. 3 (S.D.N.Y.1978) (observing that "[n]o section of the [Federal Arbitration] Act ... provides for judicial scrutiny of an arbitrator's qualifications in any proceeding other than an action to confirm or vacate an award").
> - *Brandon, Jones, Sandall, Zeide, Kohn, Chalal & Musso,* · · · 203 F.R.D. 6677, D.D. Fla, 2001.

     This suit is not a suit for declaratory judgment.  It is rather an improper interlocutory appeal, seeking to overturn an interim procedural ruling made in a matter currently in arbitration before Judge McConnell.  The suit should be dismissed.

        The Hawaii Supreme Court has made it clear that it does not want the Circuit Courts getting involved during the middle of an arbitration.  To the contrary, the Hawaii Supreme Court has made it clear that they want the court system to stay out of the middle of an arbitration.  The Hawaii Supreme Court's stated policy is:



to constrain judicial review of arbitration awards under the statute to the
strictest possible limits . . .

... [W]e believe an extensive judicial review of arbitration awards
would frustrate the intent of the parties to avoid litigation and would also
nullify the legislative objective in the enactment of the Arbitration and
Awards statute,

- *Excelsior Lodge No. One, v. Eyecor Ltd.*, 74 Haw. 210, 226, 847 P.2d
652, 660 (1992).

C.  If Any Judge Should Make Rulings On The Correctness Of AAA's Handling of
The Case It Is Judge Ezra - Not This Court.

To the extent HACS has a right to interlocutory judicial review of a procedural
arbitration ruling, that review should be done by Judge Ezra, not this Court. It is not up to the
State Circuit Court to interpret or decide whether AAA correctly implemented Judge Ezra's
order. To the extent HACS has a right to interlocutory judicial review of the way in which Judge
Ezra's order is being implemented by AAA, that review should be done by Judge Ezra, not by
this Court.

D.  The Issue Should Be Presented To The Arbitrator Not This Court.

Procedural questions such as which rules apply or how to interpret the rules or
underlying contract, are issues for AAA and the arbitrator to decide, not the courts. The U.S.
Supreme Court has made it clear that once the Court has determined a dispute is to be arbitrated,
all issues, including contract interpretations or procedural questions, are for the arbitrator, not the
court to decide:

"[P]rocedural" questions which grow out of the dispute and bear on
its final disposition' are presumptively *not* for the judge, but for an
arbitrator, to decide.

- *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 557, 84
S.Ct. 909, 11 L.Ed.2d 898 (1964).]

The relevant question here is what *kind of arbitration proceeding*
the parties agreed to. That question does not concern a state statute
of judicial procedures, cf. *Volt Information Sciences, Inc. v. Board
of Trustees of Leland Standford Junior Univ*, 489 U.S. 468, 474-

11



476, 109 S.Ct. 1248, 103 L.Ed.2d (1989). It concerns contract interpretation and arbitration procedures. Arbitrator are well situated to answer that question. Given these consideration, along with the arbitration contracts' sweeping language concerning the scope of the questions committed to arbitration, this matter of contract interpretation should be for the arbitrator, not the courts, to decide. Cf. *Howsam supra*, at 83, 123 S.Ct. 588 (finding for roughly similar reasons that the arbitrator should determine a certain procedural "gateway matter").

- *Green Tree Financial Corp. v. Bazzle*, 539 U.S. 444, 123 S.Ct. 2402, U.S.S.C., 2003.

Hawaii law follows this same principal, and leaves such issue for the arbitrator not the

Court to decide:

> To discourage litigation, arbitrators are deemed to have wide discretion in the making of their decisions and awards. When an issue is submitted, the entire question, including the legal construction of terms in a contract or lease, is to be determined by the arbitrator.
> - *Ohuan, Ltd. v. Trustees of the Violet K. Maertens Trust*, 4 Haw.App 295, 666 P.2d 603, Haw.App (1983).

E.    To The Extent This Court Believes It, Not The AAA, Not Judge Ezra, Nor Judge McConnell Is The Proper Entity To Decide Whether The Employment Rules or the Commercial Rules Should Be Used, This Court Should Rule AAA Acted Correctly When AAA Decided To Apply The Employment Dispute Resolution Rules To The Administration Of This Case.

The Commercial Rules explicitly provide in employer/employee arbitrations even

though the contract says Commercial Rules apply, and the arbitration should be resolved by the

use of the Employment Rules. Rule R1 of the Commercial Rules states this expressly:

> "a dispute arising out of an employer-promulgated plan will be administered under the AAA's national rules for resolution of employment disputes." (Ex.13).

AAA has consistently determined that employment disputes, although the

arbitration agreement specified Commercial Rules, should be resolved using the

Employment Rules. The courts have agreed, *Lagatree v. Luce*, 74 Cal.App. 4th 1105, 88



Cal.Rptr.2d 664, Cal.App. 2 Dist. (1999); *O'Hare v. Municipal Resource Consultants*, 107 Cal.App. 4th 267, 132 Cal.Rptr.2d 116, Cal.App. 2 Dist. (2003); *Roderick v. Mazzetti & Associates, Inc.*, 2004 WL 2554453 N.D.Cali (2004)).

Here the AAA correctly followed its rules and decided that Employment Rules should apply. The arbitration was the result of an employment agreement HACS drafted and used for all its pilots, (Affidavit of Bruce Schoggen). AAA determined that the HACS employment agreement was an "employer-promulgated plan" which therefore under the Commercial Rules is to be arbitrated under the Employment Rules. AAA wrote the rules. AAA is in the business of interpreting and applying those rules. This Court should defer to AAA's expertise on this issue, and not substitute the court's interpretation of AAA's rules for AAA's interpretation. To the extent this Court finds it has power to review AAA's decision, it should affirm AAA's decision, because it was correct.

F.    This Suit Is Not a Proper Use Of The Declaratory Judgment Act.

The Declaratory Judgment Act is designed to provide a means to judicially resolve disputes that are otherwise not amenable to resolution. The act, HRS §632-1 states "where however a statute provides a special form of remedy, that statutory remedy should be followed". Here HRS §658-A, the Uniform Arbitration Act sets forth the limited means by which judicial review is available of arbitration decisions. The Declaratory Judgment Act can not be used as an end run around the statutory procedure, HRS §658-A, that controls how and when judicial review of arbitration decisions can be obtained. Allowing HACS to use the Declaratory Judgment Act as a way around HRS §658-A would be directly contrary to the Hawaii Supreme Court's instruction to constrain judicial review of arbitration rulings to the strictest possible limits, *Excelsior Lodge supra* 74 Haw. 210, 226.



Other courts have rebuffed similar attempts to use a Declaratory Judgment Act to get review of a ruling made in a pending arbitration:

> The Uniform Arbitration Act, 14 M.R.S.A. §§ 5927-5949, applies where there is "[a] written agreement to submit any existing controversy to arbitration or a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties." *Id.* at § 5927. The Act provides two separate avenues for determining the substantive arbitrability of a particular dispute: on application to compel or stay arbitration under Section 5928(1), (2), or on application to vacate an arbitral award under Section 5938(1)(E). *Cape Elizabeth School Board v. Cape Elizabeth Teachers Association,* 435 A.2d 1381, 1383 (Me.1981). Because those avenues are exclusive, we rejected the Cape Elizabeth School Board's attempt to have the substantive arbitrability of the dispute determined under the Declaratory Judgments Act, 14 M.R.S.A. §§ 5951 *et seq.* (1980). Though *Cape Elizabeth* concerned a collective bargaining contract, "the Maine legislature's strong policy favoring arbitration," *Westbrook School Committee v. Westbrook Teachers Association,* 404 A.2d 204, 207 (Me.1979), is equally applicable to disputes arising out of construction contracts. *See e.g., Cutler Assoc., Inc. v. Merrill Trust Co.,* 395 A.2d 453 (Me.1978). Our concern in *Cape Elizabeth* that,
> [t]he motion for a stay of arbitration in the initial stages of the process could become an instrument of delay if the parties were allowed to seek a stay by means of a declaratory judgment as opposed to the summary and interlocutory proceeding under the Act, 435 A.2d at 1383,
> - *J..M. Huber Corp. v. Main-Erbauer, Inc.,* 493 A.2d 1048, ME (1985).

Also the contract itself, (Ex.8 at p. 6), a document written by HACS, does not allow this lawsuit. The contract states:

> This [arbitration] is the sole legal remedy SCHOGGEN and HACS shall have with respect to any disputes arising from this agreement, i.e., each party hereby waives his or its rights to seek redress in an court system that might otherwise be available to him or it.

VII. Judge Kobayashi's Ruling In A Different Case, The *Ventress* Case, That Commercial Rules Not Employment Rules Should Be Applied To A HACS Arbitration, Should Not Be Considered Controlling Or Persuasive.



A.    Mr. Ventress Was A Pro Se Defendant Who Did Not Bring To The Court's
Attention The Relevant Arbitration Rule Or Law Requiring Such Decisions Be
Left To AAA And The Arbitrator, Not Decided By The Court.

Another former HACS pilot Martin Ventress, filed a federal court lawsuit against

HACS. In that case the parties agreed to arbitration and in November 2004, Judge Kobayashi

ordered the Ventress case to arbitration, (Ex. 19). AAA then determined the Employment Rules

not Commercial Rules should apply. Before an arbitrator was appointed, HACS filed a motion

with Judge Kobayashi asking the court to rule that the Commercial Rules not the Employment

Rules apply. Mr. Ventress was a pro se party, an unemployed, out-of-state airline pilot, who

appeared by phone for the hearing. His brief, Ex. 16, presented the court with none of the case

law or arguments on point. Judge Kobayashi ruled in favor of HACS, (Ex. 15)

It is pretty easy to win a hearing when only one side has a lawyer, and the other

side, a pro se Plaintiff, has no idea of the law or what the arbitration rules say. HACS should not

be permitted to use the ruling obtained against a pro se party, Mr. Ventress, to influence this

court's decision in this case.

B.    In *Ventress* Judge Kobayashi Was The Proper Judge To Provide Judicial Review
Because She Ordered The Arbitration.

In the *Ventress* case it was Judge Kobayashi who ordered the case to arbitration

(Ex. 19). Thus to the extent HACS did have a right to seek judicial review of AAA's decision

that the Employment Rules not the Commercial Rules applied, Judge Kobayashi was the correct

judge to present the issue to. Similarly in this case, judicial review, to the extent it is permitted,

should have been sought from Judge Ezra, not by filing a new state court lawsuit.

C.    In *Ventress,* Unlike This Case, No Arbitrator Had Yet Been Appointed.

In the *Ventress* case no arbitrator had yet been appointed at the time of Judge

Kobayashi's ruling. Thus in *Ventress* HACS did not have a duly appointed arbitrator with the

15

jurisdiction to review AAA's ruling. As noted in the U. S. Supreme Court cases cited above, once there is an appointed arbitrator, the arbitrator has jurisdiction to resolve procedural issues, not the court.   In *Ventress* HACS did not have an arbitrator to go to; they do in the *Schoggen* case.  This court should not be involved.  This suit should be dismissed.

> D.    AAA Ruled That The Employment Rules Applied To Mr. Schoggen's Case, After HACS Presented Judge Kobayashi's Ruling In The Ventress Case And Asked AAA To Reconsider Their Decision.

During administration of the Schoggen arbitration, HACS presented AAA with Judge Kobayashi's Order in the *Ventress* case, and, based on that order asked AAA to reverse its decision that the Employment Rules applied, to the arbitration (Ex. 11).  AAA considered that argument and rejected it.  Despite Judge Kobayashi's order in the Ventress case, AAA still determined the Employment Rules applied to the Schoggen arbitration, (Ex. 12).  That decision was AAA's to make, not this court's.  It was the correct decision.  Like the AAA, this court should not find that Judge Kobayashi's ruling in the *Ventress* case, has any effect on the Schoggen arbitration.

> E.    Summary Of Reasons Judge Kobayashi's Ruling Is Not Persuasive Or Controlling.

Because Mr. Ventress was an out-of-state, pro se party Judge Kobayashi was not properly briefed on the law and rules before making a decision in the *Ventress* case.  Secondly Judge Kobayashi, who ordered the Ventress case to arbitration, was the proper judge to review AAA's decision.  Third,  in *Ventress* no arbitrator had been appointed at the time of her ruling.  In *Schoggen* and arbitrator has been appointed and he, not this court, has jurisdiction to decide this issue.  Fourth, HACS tried this same argument with AAA, and AAA rejected that argument.  For



all four of these reasons Judge Kobayashi's ruling in *Ventress* should not be given persuasive or controlling effect by this court.

VIII.    Attorney Fees Should Be Awarded Against HACS and Mr. Osaki.

     A.    Fees Should Be Awarded Under HRS §607-14.5 Because The Case Is Frivolous.

       This case is without merit. The Hawaii Supreme Court has stated that "a frivolous claim is a claim 'so manifestly and palpably without merit as to indicate bad faith in the pleader's part such that the argument to the court was not required", *Coll v. McCarthy*, 72 Haw. 20, 804 P.2d 881 (1991). This lawsuit meets that test. It brings to this court a matter that is solely and clearly within the control of AAA and the arbitrator under rulings of both the Hawaii Supreme Court and the U.S. Supreme Court. It misuses the Declaratory Judgment Act which by terms is not to be used if another "statutory remedy" (i.e. HRS §658-A) exists. The case should never have been brought. This court should find that it was frivolous.

     B.    The Court Should Issue Sanctions Under Rule 11 H.R.C.P. For Filing Of A False Affidavit And False Motion.

       On January 25, Mr. Simons sent a letter in writing confirming that he would accept service for Mr. Schoggen (Ex. 5). Two days later, Mr. Osaki signed an affidavit and signed a motion asserting that Mr. Simons would not accept service from Mr. Osaki. It was false. That motion was filed with the court on January 31, 2006 and resulted in an ex parte order being granted by the court based on a false assertion. By the date of filing, January 31st, Mr. Osaki, without doubt, knew that Mr. Simons had agreed, in writing, to accept service. He never should have allowed the false document to be filed and sanctions are appropriate under Rule 11 H.R.C.P.

       Rule 11 requires that attorneys sign documents and certify that to the best of the person's knowledge, information and belief, after reasonable inquiry under the circumstances, that the



claims are warranted and that the allegations made are true. Mr. Osaki's filing and prosecution of this case and particularly his filing of the false affidavit, do not meet the test of Rule 11 and sanctions should be issued.

     C.     Sanctions Should Be Issued For Abusive Discovery Which Violated Rule 26(g) H.R.C.P.

This case needed no discovery. It sought a Declaratory Judgment on the single legal issue involving an interpretation of a contract and the Rules of the American Arbitration Association ("AAA"). The legal issue was a matter solely for the arbitrator and the AAA to decide, under relevant Hawaii Supreme Court law and U.S. Supreme Court Law.

Putting aside the unnecessary nature of the lawsuit itself, to file and serve concurrently with the complaint, three sets of discovery is an abuse of discovery rules. The discovery sought information of absolutely no possible relevance to this lawsuit. For instance, the discovery asked Mr. Schoggen to supply HACS with:

> "Any and all documents in writing constituting or pertaining to any communication between you and Michael Moore in 2004 and 2005" (request number 5, page 5, Ex. 3).

Mr. Schoggen's communication with Mr. Moore has nothing to do with what rules apply in the Schoggen arbitration. Mr. Moore is another former HACS pilot who has complained that HACS committed unfair labor practices. He is not a part of Mr. Schoggen's case. There is no conceivable relevance of Mr. Schoggen's communications with Mr. Moore, to the issue the court is asked to resolve in this "Declaratory Judgment" action. This is clear discovery abuse.

Rule 26(g) HRCP states in relevant part that when an attorney signs a discovery request, as he is required to do by the rule, he certifies that the response or objection is:

18

"(2) Not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; and

(3) Not unreasonable or unduly burdensome or expensive given the needs of the case ..."

There is no possible justification for filing three sets of discovery in this case in which no discovery at all was needed nor is there any possible conceivable relevance of some of the matters requested in that discovery. The court should find that it is abusive and violated Rule 26(g) H.R.C.P. and issue sanctions as permitted under that rule.

IX.    Conclusion.

This suit should be dismissed for at least 6 reasons. First, this Court does not have jurisdiction to overrule the AAA on a rules interpretation question. It is up to the AAA, which has the expertise and the authority, to read and interpret its own rules and determine how they shall be applied. Second, this Court does not have jurisdiction to decide this issue because it is interlocutory appeal which is not permitted during the middle of an arbitration under HRS §658-A. Third, this Court should not be involved because, to the extent the HACS is entitled to have judicial review of this procedural issue that review should be done by Judge Ezra who ordered the arbitration. Fourth, if anyone has the power to review AAA's decision on the proper rules or procedures to be applied, it is up to the arbitrator, Judge E. John McConnell, who decides this and other procedural questions that come up during the arbitration. Fifth, the AAA correctly interpreted its own rules which require that if **Commercial Rules** are specified for an employment arbitration arising out of an employer-promulgated arbitration agreement, that the arbitration is administered under the Employment Dispute Resolution Rules. Sixth this Court has no jurisdiction under the Declaratory Judgment Act to make a ruling on matters in pending arbitrations. Judicial review of arbitration issues is permitted only if allowed under the law

19

governing judicial review of arbitrations, HRS §658-A, the Uniform Arbitration Act.  For all six of these reasons this suit should be dismissed.

The Court should award sanctions against HACS and Mr. Osaki.  They filed a frivolous lawsuit in violation of HRS §607-14.5, Mr. Osaki signed and served abusive, unnecessary discovery in violation of Rule 26 (g) H.R.C.P. and on January 31, 2006 HACS and Mr. Osaki allowed the filing of a false motion and false affidavit in breach of Rule 11 H.R.C.P.  Attorney fees should be awarded to Mr. Schoggen under HRS §607-14.5, Rule 26(g) H.R.C.P. and Rule 11 H.R.C.P.

DATED: Honolulu, Hawaii, _____2-17-06_____.

_____
DAVID F. SIMONS

Attorney for Defendant
BRUCE G. SCHOGGEN

20

IN CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

HAWAII AVIATION CONTRACT
SERVICES

                    Plaintiff,

        vs.

BRUCE G. SCHOGGEN,

                    Defendants.

CIVIL NO. 05-1-2233-12 (VSM)
(DECLARATORY RELIEF)

AFFIDAVIT OF DAVID F. SIMONS

---

### AFFIDAVIT OF DAVID F. SIMONS

STATE OF HAWAII          )
                         )    SS:
COUNTY OF HONOLULU       )


DAVID F. SIMONS, being first duly sworn on oath, deposes and says that:

1.      I am an attorney licensed to practice in the State of Hawaii. I make these statements based on personal knowledge.

2.      On January 25, 2006, I signed and directed my secretary to mail the letter attached hereto as Ex.5 to Mr. Osaki, counsel for HACS.

3.      In that letter I agreed to accept service of this case on behalf of Mr. Schoggen.

4.      It is my practice to only sign letters when they are in final form and are to be sent to the addressee. If a letter is prepared but is not to be sent, a signed copy of that letter is not placed in a client's file. A copy of a signed letter is only placed in a client's file with my signature at the time the document is mailed. Because a copy of the signed letter is in the file I

know that my secretary followed my instructions to mail the letter to Mr. Osaki on January 25, 2006.

5.    On January 25, 2006, I discussed with my client, Mr. Schoggen about HACS filing of this lawsuit and told him I had sent a letter to Mr. Osaki agreeing to accept service.

6.    On the following day, January 26, 2006, Mr. Schoggen called my secretary and asked her to send him a copy of the letter that had been mailed to Mr. Osaki on January 25, 2006. She therefore scanned the office copy of letter that had been sent the day before and emailed it to Mr. Schoggen on that date.  The fact she scanned and emailed the letter to Mr. Schoggen also is confirmation of the fact she had mailed the letter on  January 25, 2006.

7.    A copy of her email of January 26, 2006 is attached as Ex. 17.

8.    I contacted Mr. Osaki after I learned that he had filed an Affidavit and Motion on January 31, 2006, telling the court that I had refused to accept service from Mr. Schoggen.  I told him that I had sent him the letter of January 25, 2006.

9.    In response Mr. Osaki sent me his letter dated February 6, 2006, Ex. 18, claiming he was unaware of my letter to him of January 25, 2006 and had never seen it.

10.    Mr. Osaki's statement to me informing me he had never received my January 25, 2006 letter, is false.

11.    Attached hereto as Ex. 1 is a copy of the International Center for Dispute Resolution ("ICDR") appointment of arbitrator Hon. E. John McConnell.

12.    Attached hereto as Ex. 2 is a copy of Plaintiff Hawaii Aviation Contract Services, Inc.'s First Request For Answers To Interrogatories To Defendant Bruce Schoggen.

13.    Attached hereto as Ex. 3 is a copy of Plaintiff Hawaii Aviation Contract Services, Inc.'s First Request For Production of Documents to Defendant Bruce Schoggen.



14.    Attached hereto as Ex. 3 is a copy of Plaintiff Hawaii Aviation Contract Services, Inc.'s First Request For Admissions to Defendant Bruce Schoggen.

15.    Attached hereto as Ex. 6 is a copy of the Complaint; Demand For Jury Trial; Summons filed in the United States District Court on December 2, 2004 by Bruce Schoggen against Hawaii Aviation Contract Services; Japan Airlines and Jalways Co., Ltd., Civil No. CV 04-00707 DAE LEK.

16.    Attached as Ex. 7 is a copy of the Order Granting Plaintiff's Motion to Compel Arbitration signed by Judge D. Ezra, in the *Schoggen v. Hawaii Aviation Contract Services et al.* case.

17.    Attached as Ex. 8 is a copy of the Pilot Contract between Bruce Schoggen and Hawaii Aviation Contract Services, Inc.

18.    Attached as Ex. 9 is a copy of my  June 23, 2005 letter to the American Arbitration Association, Demand for Arbitration.

19.    Attached as Ex. 10 is a July 11, 2005 letter from the International Center for Dispute Resolution stating the use of the Employment Rules for the arbitration between Bruce Schoggen and HACS.

20.    Attached as Ex. 11 is a copy of a letter from Carl Osaki to me and copied to Ms. Shirley Rossman of the ICDR, dated August 25, 2005 stating that the arbitration should be administered under the Commercial Rules because Judge Kobayashi Ordered it in another case, *Ventress*, involving HACS.  The letter included a copy of Judge Kobayashi's Order.

21.    Attached as Ex. 12  is a copy of  a August 30, 2005 letter from the ICDR to me and Mr. Osaki informing us that the Employment Rules will govern the arbitration despite Mr.

3



Osaki's request that the Commercial Rules be used, because he obtained a court order in another case.

22.    Attached as Ex. 13 is a copy of Rule R1 of AAA Commercial Rules

23.    Attached as Ex. 14 is a copy of the Ex Parte Motion, Affidavit and Order filed by HACS on January 31, 2006.

24.    Attached as Ex. 15 is a copy of Judge Kobayashi's Order Granting Defendant HACS' Motion to Compel Arbitration Pursuant To The Terms of The Contract Between Plaintiff Martin Ventress and Defendant HACS, filed July 28, 2005.

24.    Attached as Ex. 16 is a copy of Martin Ventress' Responsive Brief to HACS' Motion to Compel use of the Commercial Rules in that arbitration.

25.    Attached as Ex. 19 is a copy of a November 16, 2004 Stipulation For Stay of Action Pending Arbitration Between Plaintiffs and Defendant Hawaii Aviation Contract Services, Inc. and Order, granted by Judge Kobayashi in the *Ventress* case.

I declare under penalty of the laws of the State of Hawaii that the foregoing is true and correct.

_____
DAVID F. SIMONS

Subscribed and sworn to before me this _17th_ day of _February_, 2006.

_Charese A. Blakeney_
Notary Public, State of Hawaii
_Charese E. Blakeney_
Printed Name

My Commission Expires: 5·1·2009

4

IN CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| HAWAII AVIATION CONTRACT SERVICES | CIVIL NO. 05-1-2233-12 (VSM) (DECLARATORY RELIEF) |
| Plaintiff, | AFFIDAVIT OF BRUCE SCHOGGEN |
| vs. | |
| BRUCE G. SCHOGGEN, | |
| Defendants. | |

## AFFIDAVIT OF BRUCE SCHOGGEN

STATE OF *NEVADA*            )
                           )    SS: *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*
COUNTY OF *WASHOE*          )

BRUCE SCHOGGEN, being first duly sworn on oath, deposes and says that:

1.    I am the Defendant in the above referenced case. I make these statements based on personal knowledge.

2.    When I was employed as a pilot at Hawaii Aviation Contract Services ("HACS") they gave me a contract to sign which incorporated an arbitration provision.

3.    The arbitration provision was not negotiable.

4.    The contract was prepared by HACS and I was told that it had to be

signed in order for me to get a job with them as a pilot.

I declare under penalty of the laws of the State of Hawaii that the foregoing is true and correct.

*Bruce Schoggen*

BRUCE SCHOGGEN

Subscribed and sworn to before me
this _14_ day of _February_, 2006.

*Linda S. Pratt*
Notary Public, State of _Nevada_

_Linda S Pratt_
Printed Name

My Commission Expires: _Oct 21, 2009_



NOTARY PUBLIC
STATE OF NEVADA
County of Washoe
LINDA S. PRATT
No: 05-10-0924-2
My Appointment Expires Oct. 21, 2009

 

IN CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| HAWAII AVIATION CONTRACT SERVICES | CIVIL NO. 05-1-2233-12 (VSM) (DECLARATORY RELIEF) |
| Plaintiff, | AFFIDAVIT OF CHAREESE E. BLAKENEY |
| vs. | |
| BRUCE G. SCHOGGEN, | |
| Defendants. | |

**AFFIDAVIT OF CHAREESE E. BLAKENEY**

| | | |
|---|---|---|
| STATE OF HAWAII | ) | |
| | ) | SS: |
| COUNTY OF HONOLULU | ) | |

CHAREESE E. BLAKENEY, being first duly sworn on oath, deposes and says that:

1.    I am the secretary to David F. Simons, attorney for Defendant in this case.  I make these statements based on personal knowledge.

2.    On January 25, 2006, Mr. Simons signed the original letter to Mr. Osaki, a copy of it was made for our file and the original was mailed to Mr. Osaki.

3.    Our office has a policy of keeping a copy of original letters that have been sent out in our clients' cases.

4.    On January 26, 2006, Mr. Schoggen called our office and requested that I email him a copy of the January 25, 2006 letter to Mr. Osaki.



5.    I took the office copy of the January 25, 2006 letter to Mr. Osaki, scanned it and emailed it to Mr. Schoggen.

6.    A copy of this email is attached hereto as Ex. 17.

I declare under penalty of the laws of the State of Hawaii that the foregoing is true and correct.


_____
CHAREESE E. BLAKENEY


Subscribed and sworn to before me
this 17th day of February, 2006.

_____
Notary Public, State of Hawaii
Andrea  Lee  Rexhill
Printed Name

My Commission Expires:  3.14.07

L S.

2

 

APPENDIX A- TIME LINE

11/04 -       Filing of Complaint in U.S.D.C. by Mr. <u>Schoggen v. HACS,</u> (Ex. 6).

05/05 -       Judge Ezra issues Order compelling the case to go to arbitration before
              AAA, (Ex. 7).

06/05 -       Mr. Schoggen files Demand with AAA. (Ex. 9).

07/11/05 -    AAA determines arbitration rules will be applied under Employment
              Rules, (Ex. 10).

07/28/05-     Judge Kobayashi issues Order in *Ventress* that Commercial Rules
              Apply, (Ex. 15).

08/25/05 -    HACS request AAA review and reverse its decision to apply employment rules
              rather than commercial rules and sends a copy of Judge Kobayashi's Order in the
              Ventress case, (Ex. 12).

08/30/05 -    AAA despite receiving copy of the Ventress Order reaffirms its decision
              that employment arbitration rules will be applied in the Schoggen arbitration, (Ex.
              12).

01/20/03 -    Judge McConnell is appointed by agreement of the parties as Arbitrator
              by AAA, (Ex. 1).

01/25/05 -    Mr. Simons reconsidering an earlier refusal to accept service agrees to accept
              service and sends Mr. Osaki a letter setting forth various legal reasons that this
              pending lawsuit should not be continued by Mr. Osaki but agreeing that if
              Mr. Osaki chooses to go forward with it he will accept service on behalf of
              Mr. Schoggen, (Ex. 5).

01/31/06 -    HACS' Motion for Ex-Parte Order to Stay Arbitration and Affidavit of Mr. Osaki
              claiming Mr. Simons will not accept service from Mr. Schoggen and that HACS
              is unable to serve him his file, (Ex. 14).

02/10/06      Mr. Osaki serves on Mr. Simons:

              1.      Complaint
              2.      Request for Answers to Interrogatories (Ex. 2).
              3.      Request for Production of Documents (Ex. 3).
              4.      Request for Answers to Admissions (Ex. 4).

APPENDIX B - Exhibit List

1.  ICDR Appointment of Arbitrator Hon. E. John McConnell.

2.  Plaintiff Hawaii Aviation Contract Services, Inc.'s First Request For Answers To Interrogatories To Defendant Bruce Schoggen.

3.  Plaintiff Hawaii Aviation Contract Services, Inc.'s First Request For Production of Documents To Defendant Bruce Schoggen.

4.  Plaintiff Hawaii Aviation Contract Services, Inc.'s First Request For Admissions To Defendant Bruce Schoggen.

5.  Letter to Carl Osaki from David Simons dated January 25, 2006.

6.  USDC lawsuit, Civil No. CV 04-00707 DAE LEK.

7.  Order Granting Plaintiff's Motion to Compel Arbitration, Judge D. Ezra.

8.  Employment Contract between Bruce Schoggen and HACS.

9.  June 23, 2005 letter to AAA, Demand for Arbitration.

10. AAA letter of July 11, 2005 selecting use of Employment Rules.

11. August 25, 2005 letter from Carl Osaki to David Simons and Shirley Rossman of AAA enclosing *Ventress* Order and asking Commercial Rules be applied.

12. AAA letter of August 30, 2005 reaffirming use of Employment Rules.

13. Rule R1 of AAA Commercial Rules.

14. Ex Parte Motion, Affidavit and Order filed by HACS on January 31, 2006.

15. July 28, 2005 Order Granting Defendant Hawaii Aviation Contract Services Motion to Compel Arbitration Pursuant to The Terms of The Contract Between Plaintiff Martin Ventress and Defendant HACS signed by Judge Leslie Kobayashi in *Ventress* case.

16. Plaintiff Martin Ventress' Response to Defendant HACS' Motion to Compel use of the Commercial Rules in that arbitration.

17. January 26, 2006 email to Bruce Schoggen from Chareese E. Blakeney.

18. February 6, 2006 from Carl Osaki to David Simons.

19.  November 16, 2004 Stipulation for Stay of Action Pending Arbitration Between Plaintiffs and Defendant Hawaii Aviation Contract Services, Inc., and Order, signed by Judge Kobayashi