CARL H. OSAKI        4008-0
Attorney At Law, A Law Corporation
Pioneer Plaza, Suite 1510
900 Fort Street
Honolulu, Hawaii  96813
Telephone:  (808) 528-4666

Attorney for Plaintiff
HAWAII AVIATION CONTRACT
  SERVICES, INC.

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| HAWAII AVIATION CONTRACT SERVICES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> BRUCE SCHOGGEN, <br><br> Defendant. | CIVIL NO. 05-1-2233-12 (VSM) <br> (Declaratory Relief) <br><br> PLAINTIFF HAWAII AVIATION CONTRACT SERVICES, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT BRUCE SCHOGGEN |

PLAINTIFF HAWAII AVIATION CONTRACT SERVICES, INC.'S FIRST
REQUEST FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT BRUCE SCHOGGEN

TO:  DAVID F. SIMONS, ESQ.
     707 Richards Street, PH-1
     Honolulu, HI 96813

     Attorney for Defendant
     BRUCE SCHOGGEN

PLEASE TAKE NOTICE that pursuant to Rule 34 of the Hawaii Rules of Civil Procedure ("HRCP"), Plaintiff HAWAII AVIATION CONTRACT SERVICES, INC. ("Plaintiff") requests that Defendant BRUCE SCHOGGEN ("Defendant") produce or permit for examination, inspection, and copying all of the following

EXHIBIT 3

documents or items which are in his possession, custody, or control, at the offices of Carl H. Osaki, Pioneer Plaza, Suite 1510, 900 Fort Street, Honolulu, Hawaii 96813, or at some other convenient location mutually agreed upon by the parties, within forty-five (45) days of receipt of this Request.

PLEASE TAKE FURTHER NOTICE that Defendant is required by HRCP Rule 34 to file a written response hereto within forty-five (45) days after service and that failure to respond or produce the items requested will be grounds for a motion by Plaintiff pursuant to HRCP Rule 37 to compel production and impose sanctions.

DATED:   Honolulu, Hawaii   DEC 2 1 2005

CARL H. OSAKI
Attorney for Plaintiff
HAWAII AVIATION CONTRACT
  SERVICES, INC.

2

## DEFINITIONS AND INSTRUCTIONS

1. Each of these definitions and instructions is hereby incorporated into each of the Requests to which it pertains.

2. As used herein, the terms "you," "your," and "Defendant" mean and include Defendant Bruce Schoggen and all other persons or entities acting or purporting to act on your behalf, including, without limitation, your agents, employees, consultants, investigators, attorneys and former attorneys.

3. As used herein, the term "person" means and includes, without limitation, any natural person, firm, company, partnership, association, joint venture, sole proprietorship, organization, business trust, corporation, public entity, governmental entity, or any other group combination acting as a unit or other form of legal business.

4. As used herein, the terms "document" and "writing" mean and include any tangible thing upon which is recorded any form of communication or representation, including letters, words, pictures, sounds, or symbols, or any combination thereof, by means of handwriting, typewriting, printing, photostating, photographing, sound and video recording, or any other method of recording, whether in your possession or under your control or not, relating to or pertaining in any manner to the subject in connection with which it is used, and includes, but is not limited to, all file copies and all drafts prepared in connection with the documents and writings, whether used or not. This definition also includes, but is not limited to:

    a. Letters, correspondence, memoranda, telegrams, telexes, facsimiles, cables, wires, and other communications;

    b. Notes, reports, minutes, interoffice communications, summaries, and outlines;

   c. Notes or summaries of conferences, meetings, discussions, interviews, or telephone conversations or messages;

   d. Agreements, contracts, offers, and proposals;

   e. Files and records;

   f. Other legal instruments or official documents;

   (1) Work papers, ledgers, and journals;

   g. Books of accounts, checks and canceled checks, deposit receipts, statements, bills, airbills, consignment notes, purchase orders, invoices, vouchers, expense accounts, receipts, orders, and billings;

   h. Studies, charts, graphs, maps, drawings, schedules, plans, blueprints, sketches, schematics, models, surveys, printouts, and cards;

   I. Electronic mail;

   j. Investigation and incident reports;

   k. Bulletins, books, periodicals, newsletters, articles, brochures, advertisements, reports, logs, agenda, minutes, pamphlets, and other published material;

   l. Diaries, calendars, desk calendars, and appointment books;

   m. Travel reports and vouchers;

   n. Photographs, slides, films, notes, drafts, worksheets, transcripts, tapes, microtapes, microfilm, movies, records, tape recordings, video tape recordings and other recordings (mechanical, electronic, typed, or written);

   o. Data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable formed as defined in Rule 34 of the Hawaii Rules of Civil Procedure;

2

      p.  Any other instrument or device which contains any information or from which any information can be derived or retrieved.

      q.  Medical records, medical insurance claim forms, pharmacy and medical invoices.

5.  As used herein, the term "conversation" includes, without limitation, any discussion, conversation, conference, meeting, interview, telephone call, and any statement or representation made therein.

6.  As used herein, the term "communication" means any verbal or written exchange of information, whether telephonic, telegraphic, printed, recorded, graphic, photographic, or otherwise, and therefore, includes "documents" and "conversations" as defined above.

7.  As used herein, the term "Complaint" means the complaint in the action filed in December 2005, and entitled <u>Hawaii Aviation Contract Services, Inc. vs. Schoggen</u>, Circuit Court of the First Circuit, State of Hawaii.

8.  As used herein, the term "Defendant" refers to Defendant Bruce Schoggen.

9.  As used herein, the term "Plaintiff" refers to Plaintiff Hawaii Aviation Contract Services, Inc.

10.  The following instructions are to be considered applicable to all demands for production of documents and thing contained herein.

11.  In producing these documents, you are requested to furnish all documents known or available to you regardless of whether these documents are possessed directly by you or your attorneys or their agents, employees, representatives or investigators.

12.  If any of these documents cannot be produced in full, produce to the extent possible, specifying your reasons for

3

your inability to produce the remainder and stating whatever information, knowledge or belief you do have concerning the unproduced portion.

13. If any documents or things requested were at one time in existence, but are no longer in existence, please so state, specifying for each document or things, (a) the type of document or thing, (b) the types of information contained thereon, (c) the date upon which it ceased to exist, (d) the circumstances under which it ceased to exist, (e) the identity of all persons having knowledge of the circumstances under which it ceased to exist, and (f) the identity of all persons having knowledge or who had knowledge of the contents thereof.

14. This Request is a continuing one. If, after producing documents, you obtain or become aware of any further documents responsive to this Request, you are required to produce to "Plaintiff" such additional documents.

15. If any documents covered by this Request is withheld by reason of a claim of privilege, a list shall be furnished, as part of your required response to this Request, identifying each document for which a privilege is claimed together with the following information with respect to each document withheld: date, sender, recipient, the identity of any person to whom copies were furnished, general subject matter, basis on which privilege is claimed and the paragraph of the Request to which such document relates.

4

## DOCUMENTS TO BE PRODUCED

1. Any and all documents and writings constituting or pertaining to any amended of, or modification to, paragraph 5.d. of the Pilot Contract, dated January 27, 1993, between you and HACS.

2. Any and all documents and writings constituting or pertaining to any communications between you and the American Arbitration Association in 2005.

3. Any and all documents and writings constituting or pertaining to any communications between you and the International Centre for Dispute Resolution in 2005.

4. Any and all documents and writings constituting or pertaining to any communications between you and Martin Ventress in 2002 – 2005.

5. Any and all documents and writings constituting or pertaining to any communications between you and Michael Moore in 2004 and 2005.

6. Any and all documents and writings constituting or pertaining to any communications between you and Jack C. Crawford in 2002 – 2005.