CARL H. OSAKI        4008-0
Attorney At Law, A Law Corporation
Pioneer Plaza, Suite 1510
900 Fort Street
Honolulu, Hawaii 96813
Telephone: (808) 528-4666

Attorney for Plaintiff
HAWAII AVIATION CONTRACT
   SERVICES, INC.

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| HAWAII AVIATION CONTRACT SERVICES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> BRUCE SCHOGGEN, <br><br> Defendant. | CIVIL NO. 05-1-2233-12 (VSM) <br> (Declaratory Relief) <br><br> PLAINTIFF HAWAII AVIATION CONTRACT SERVICES, INC.'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT BRUCE SCHOGGEN |

PLAINTIFF HAWAII AVIATION CONTRACT SERVICES, INC.'S
FIRST REQUEST FOR ADMISSIONS TO DEFENDANT BRUCE SCHOGGEN

TO:    DAVID SIMONS, ESQ.
       707 Richards Street, PH-1
       Honolulu, HI 96813

       Attorney for Defendant
       BRUCE SCHOGGEN

Plaintiff HAWAII AVIATION CONTRACT SERVICES, INC. ("HACS"), by and through its attorneys, pursuant to Rule 36(a) of the Hawaii Rules of Civil Procedure and Rule 30 of the Circuit Court Rules of the State of Hawaii, hereby requests that the above-named Defendant BRUCE SCHOGGEN, within forty-five (45) days from receipt thereof, make the following admissions for the

EXHIBIT 4

purpose of this action only and subject to all pertinent objections to admissibility which may be interposed at trial.

IT IS REQUESTED that you serve the undersigned with two (2) copies of the answers to this request for admissions.

DATED: Honolulu, Hawaii     DEC 2 1 2005

CARL H. OSAKI
Attorney for Plaintiff
HAWAII AVIATION CONTRACT
  SERVICES, INC.

2

## ADMISSIONS

1. Plaintiff Hawaii Aviation Contract Services, Inc. ("HACS") is a corporation organized under the laws of Hawaii, and with its principal place of business in Hawaii.

   ADMIT _____     DENY _____

2. Defendant Bruce Schoggen ("Schoggen") is a resident of Nevada.

   ADMIT _____     DENY _____

3. There is a pending arbitration, initiated by Schoggen against HACS before the International Centre for Dispute Resolution, a division of the American Arbitration Association (collectively, "AAA") on or about June 23, 2005 (this arbitration proceeding is referred to as the "Arbitration").

   ADMIT _____     DENY _____

4. The arbitration provision in the contract between HACS and Schoggen ("HACS-Schoggen Contract"), which forms the basis for the Arbitration, explicitly provides that the Commercial Arbitration Rules of the AAA ("Commercial Rules") shall govern the Arbitration ("Arbitration Provision").

   ADMIT _____     DENY _____

5. The Arbitration Provision provides in pertinent part:

   > In the event of any dispute between the parties hereto, the dispute shall be submitted to the American Arbitration Association and be decided by neutral binding arbitration before a single arbitrator in accordance with the Commercial Arbitration Rules of the American Arbitration Association.

   ADMIT _____     DENY _____

6. The AAA intends to apply, and has applied, the National Rules for the Resolution of Employment Disputes ("Employment Rules") to the Arbitration.

   ADMIT _____   DENY _____

7. The Arbitration Provision has never been modified or amended.

   ADMIT _____   DENY _____

8. The AAA promulgated the Employment Rules years after the HACS-Schoggen contract was signed.

   ADMIT _____   DENY _____

9. Neither AAA's Employment Rules nor its internal policy was something that HACS and Schoggen ever agreed upon, or even knew about at the time that the HACS-Schoggen Contract was executed.

   ADMIT _____   DENY _____

10. HACS and Moore agreed to conduct the Arbitration under the Commercial Rules.

    ADMIT _____   DENY _____

11. HACS has never agreed to changing the HACS-Schoggen Contract to provide that the Employment Rules would supercede the Commercial Rules.

    ADMIT _____   DENY _____

12. It was the express, clear and unambiguous intent of HACS and Schoggen to arbitrate under the Commercial Rules, and absolutely nothing as between those two parties has altered the Arbitration Provision.

    ADMIT _____   DENY _____

13. The AAA has agreed to abide by a court ruling on which rules to apply to the Arbitration.

    ADMIT _____     DENY _____

14. The identical issue as to which set of rules to apply has already arisen and has already been decided in favor of HACS' position; to wit, the Commercial Rules should apply to arbitrations under the language contained in the HACS-Schoggen Contract.

    ADMIT _____     DENY _____

15. In <u>Ventress v. Japan Airlines</u>, Civil No. 03-00451, (D. Haw.), United States District Court for the District of Hawaii, Magistrate Kobayashi presiding, issued the Order Granting Defendant Hawaii Aviation Contract Services, Inc.'s Motion To Compel Arbitration Pursuant To The Terms Of The Contract Between Plaintiff Martin Ventress And Defendant Hawaii Aviation Contract Service, Inc., filed July 28, 2005) ("Ventress Order").

    ADMIT _____     DENY _____