

THE LAW OFFICES OF
# David F. Simons

January 25, 2006

Carl H. Osaki, Esq.
Pioneer Plaza, Suite 1510
900 Fort Street
Honolulu, Hawaii 96813

    Re:    *Bruce G. Schoggen v. Hawaii Aviation Contract Services, et al.*
             *Case No. 50 160 T 00266 05*

Dear Mr. Osaki:

    I am writing to ask you to dismiss the state court lawsuit you have filed concerning your contention that AAA should apply the commercial arbitration rules, not employment dispute resolution rules.

    There are, at least, 5 reasons I think that the suit is not valid:

    1.    Interlocutory appeals of procedure decisions in arbitrations are not permitted. You must wait until the final arbitration award is issued in order to move or vacate the award, *Brandon, Jones, Sandall, Zeide, Kohn, Chalal & Musso*, 203 F.R.D. 677, S.D. Fla., (2001).

    2.    AAA's **commercial arbitration rules** specifically provide in rule R(1):

> "a dispute arising out of an employer promulgated plan will be administered under the AAA's national rules for resolution of employment disputes."

    AAA and numerous courts have applied this rule in cases identical to Mr. Schoggen's, in which employer/employee arbitration agreements were written prior to promulgation of the employment dispute resolution rules, and specified use of commercial rules. In such cases AAA has consistently determined that these disputes, although the agreement specified "commercial rules", should be resolved using the employment dispute resolution rules. The courts have agreed, (see e.g. legal, *Lagatree v. Luce*, 74 Cal.App. 4th 1105, 88 Cal.Rptr.2d 664, Cal.App. 2 Dist. (1999); *O'Hare v. Municipal Resource Consultants*, 107 Cal.App. 4th 267, 132 Cal.Rptr.2d 116, Cal.App. 2 Dist. (2003); *Roderick v. Mazzetti & Associates, Inc.*, 2004 WL 2554453 N.D.Call (2004)).

**EXHIBIT 5**

3. Judge Ezra referred the case to AAA. It is up to AAA not the court to determine how to interpret its rules, *Diemaco, a Div. of Devtek Corp. v. Colt's Mfg. Co., Inc.*, 11 F.Supp.2d 228 D.Conn, 1998.

4. To the extent H.A.C.S. is entitled to any judicial review of this matter you should be in federal court. Judge Ezra ordered that this matter be referred to AAA. Any questions or objections about the arbitration that Judge Ezra ordered should be returned to him, not to a new state court judge.

5. To the extent there is a dispute on this point you should first ask to Judge McConnell for decision before initiating a separate state court action.

For all these reasons and pursuant to Rule 11 H.R.C.P. we ask you to dismiss the case. If in the face of these arguments H.A.C.S. chose to go forward we will be asking a judge to issue appropriate sanctions for wrongful initiation of a civil suit and will also, if and when the case is dismissed, consider a malicious prosecution and abuse of process suit against your client.

I would rather avoid unnecessary motion practice, and instead go forward with an arbitration of the merits of the dispute.

If you still find it necessary to have this suit served in the face of this legal authority, Mr. Schoggen has authorized me to accept service of it and we will be filing the appropriate motion to dismiss and for sanctions.

Sincerely,

David F. Simons

DFS:ceb

THE LAW OFFICES OF
David F. Simons