IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 1 7 2005

at __ o'clock and __ min __
WALTER A.Y.H. CHINN, CLE

| | |
|---|---|
| BRUCE G. SCHOGGEN, ) | CV NO. 04-00707 DAE LEK |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| HAWAII AVIATION CONTRACT ) | |
| SERVICES; JAPAN AIRLINES; ) | |
| JALWAYS CO., LTD., a subsidiary ) | |
| of Japan Airlines; and DOES 1-10, ) | |
| ) | |
| Defendants. ) | |

ORDER GRANTING PLAINTIFF'S MOTION TO
COMPEL ARBITRATION; DISMISSING THE CASE WITHOUT
PREJUDICE; AND DENYING ALL PENDING MOTIONS AS MOOT

The Court heard Plaintiff's Motion on March 30, 2005. David Simons, Esq., appeared at the hearing on behalf of Plaintiff; Carl Osaki, Esq., appeared at the hearing on behalf of Defendant Hawaii Aviation Contract Services, Inc.; Joseph Kotowski appeared at the hearing on behalf of Defendants Japan Airlines and Jalways Co., Ltd.. After reviewing the motion and the supporting and opposing memoranda, the Court GRANTS Plaintiff's Motion to Compel Arbitration; DISMISSES WITHOUT PREJUDICE the case; and DENIES all pending motions as moot.

EXHIBIT 7

## BACKGROUND

On January 27, 1993, Plaintiff Bruce Schoggen ("Plaintiff") and Defendant Hawaii Aviation Contract Services ("HACS") signed a "Pilot Contract" employing Plaintiff as a DC-10 pilot. Plaintiff was subsequently discharged from his employment with HACS, which he claims was done wrongfully. For purposes of the present motion, the only relevant issue is whether the arbitration clause contained in the employment contract that Plaintiff entered into with HACS requires compliance.

Plaintiff filed his Complaint on December 2, 2004. In Count V of his Complaint, Plaintiff alleges a claim for breach of contract based on his employment contract with HACS. The employment contract states in relevant part:

> In the event of any dispute between the parties hereto the dispute shall be submitted to the American Arbitration Association and decided by a neutral binding arbitration before a single arbitrator in accordance with the Commercial Arbitration Rules of the American Arbitration Association. The arbitrator shall construe this agreement and the rights of the parties hereunder in accordance with the laws of the State of Hawaii, USA.... This is the sole legal remedy SCHOGGEN and HACS shall have with respect to any disputes arising from this agreement.

Plaintiff's Motion, Exhibit 4.

In addition, the contract's choice of law provision provides that "[u]nless otherwise required by clear definitions of conflicts of law, the choice of law for any dispute arising from this AGREEMENT shall be the law of the State of Hawaii and, if applicable, the law of the United States of America. Id.

On February 17, 2005, HACS filed its Answer which included as its "Tenth Defense" that, "[t]he action should be stayed because there are issues within the action which are referable to arbitration." Plaintiff's Motion, Exhibit 1.

In mid-February Plaintiff obtained new counsel in this matter. Plaintiff's previous counsel disputed the applicability of the arbitration clause and indicated on numerous occasions that Plaintiff would be pursuing the civil action in this case as was his right. However, Plaintiff's present counsel is in agreement with the application of the clause, immediately informed opposing counsel of his position, and requests that the Court enforce it. HACS, which originally supported arbitration as indicated in its Answer, now contends that Plaintiff has waived his right to arbitrate under the employment contract and wishes to proceed with the matter before this Court.

Defendants Japan Airlines ("JAL") and Jalways, Co., Ltd. ("Jalways") (collectively "JAL Defendants") do not take any position on the

Motion to Compel Arbitration, but do oppose the Motion for Stay of Proceedings pending arbitration.

## DISCUSSION

It is undisputed by the parties at this point that a valid and enforceable arbitration agreement was created according to the express terms of the employment contract. The parties do dispute, however, whether Plaintiff waived his right to arbitrate under the employment contract upon declining to arbitrate the matter at the outset of the dispute as requested by HACS and instead pursuing the suit before this Court.

### Waiver of Right to Arbitrate

HACS contends that Plaintiff's refusal to arbitrate at the outset of the case and his decision to pursue the matter in court instead, constituted a valid waiver of his right to arbitrate under the employment contract. Specifically, HACS asserts that the continued refusal to arbitrate by Plaintiff's previous counsel constituted a valid waiver and any subsequent acts by Plaintiff's current counsel is of no effect.

The statutory duty of the court to determine arbitrability of certain issues exists whether or not the party has sought arbitration and continues until the court decides that no issue is referable to arbitration, or, if at least one issue is

4

referable, arbitration is completed, or all relevant parties have waived their rights to arbitration. See Rainbow Chevrolet, Inc. v. Asahi Jyunken (USA), Inc., 78 Haw. 107 (1995). A party may waive its right to arbitration by (1) failing to assert its right, or (2) taking actions that are completely inconsistent with any reliance thereon. See Shimote v. Vincent, 80 Haw. 96 (1995).

The acts of Plaintiff's previous counsel were not sufficiently inconsistent with Plaintiff's right to arbitrate, constituting a valid waiver under Hawaii case law. The court in Shimote held that plaintiffs had waived their right to arbitration by actively litigating the case for over six years. Id. That is a far cry from the case presently before this Court. Discovery has not yet commenced in this case and at the time that the present motion was filed, HCAS had not filed anything more beyond its Answer and an Amended Answer. Moreover, Plaintiff's current counsel indicated that he was interested in arbitration immediately upon being retained as Plaintiff's counsel. Therefore, the Court finds that Plaintiff has not waived his right to arbitrate and GRANTS Plaintiff's Motion to Compel Arbitration.

### Stay of Proceedings

Plaintiff also requests that, in the interest of judicial economy, this Court stay all proceedings before it pending the outcome of the arbitration on the

chance that any issues are left unresolved by those proceedings. The Court refuses to do so. Rather, the Court DISMISSES WITHOUT PREJUDICE the case in light of the arbitration proceedings. Should Plaintiff feel that issues still remain following arbitration, he may file a new lawsuit with this Court at that point. Furthermore, all pending motions in this case are hereby DENIED as moot.

## CONCLUSION

For the reasons stated above, the Court GRANTS Plaintiff's Motion to Compel Arbitration; DISMISSES WITHOUT PREJUDICE the case; and DENIES all pending motions as moot.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, MAY 17 2005

DAVID ALAN EZRA
CHIEF UNITED STATES DISTRICT JUDGE

Bruce G. Schoggen v. Hawaii Aviation Contract Services, et al., CV NO. 04-00707 DAE-LEK; ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL ARBITRATION; DISMISSING THE CASE WITHOUT PREJUDICE; AND DENYING ALL PENDING MOTIONS AS MOOT

6