CARL H. OSAKI    4008-0
Attorney At Law, A Law Corporation
Pioneer Plaza, Suite 1510
900 Fort Street
Honolulu, Hawaii 96813
Telephone: (808) 528-4666

Attorney for Plaintiff
HAWAII AVIATION CONTRACT
  SERVICES, INC.

1ST CIRCUIT COURT
STATE OF HAWAII
FILED
2006 JAN 31 AM 8:32
N. ANAYA
CLERK

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| HAWAII AVIATION CONTRACT SERVICES, INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>BRUCE SCHOGGEN,<br><br>    Defendant. | CIVIL NO. 05-1-2233-12 (VSM)<br>(Declaratory Relief)<br><br>EX PARTE MOTION FOR STAY OF ARBITRATION PROCEEDINGS PENDING SERVICE OF PROCESS AND RESOLUTION OF ISSUES IN THE COMPLAINT; AFFIDAVIT OF CARL H. OSAKI; EXHIBITS A-G; ORDER GRANTING MOTION FOR STAY OF ARBITRATION PROCEEDINGS PENDING SERVICE OF PROCESS AND RESOLUTION OF ISSUES IN THE COMPLAINT |

EX PARTE MOTION FOR STAY OF ARBITRATION PROCEEDINGS
PENDING SERVICE OF PROCESS AND
RESOLUTION OF ISSUES IN THE COMPLAINT

Plaintiff Hawaii Aviation Contract Services, Inc. ("HACS"), by and through its counsel, moves this Court, ex parte, for an order staying a pending arbitration initiated by Defendant Bruce Schoggen ("Schoggen") before the International Centre for Dispute Resolution, a division of the American Arbitration Association ("AAA"), until Schoggen is served with process in this action, and the issues in the Complaint herein are resolved.

EXHIBIT 14

The AAA has stated in other similar instances that it will follow the orders of a Court on the underlying issue in the Complaint; that is, whether the AAA's commercial rules or employment rules apply to the arbitration. Without service of process, that issue cannot be judicially resolved. Meanwhile, the AAA is proceeding with the arbitration under the employment rules, a set of rules that HACS contests. Thus, a stay is warranted pending service of process and resolution of the issues in the Complaint.

Two unsuccessful attempts at personal service upon Schoggen have been at addresses in the State of Nevada. One of these Nevada addresses was one that Schoggen supplied to HACS, his former employer. The other Nevada address was supplied by the attorney currently representing Schoggen in the arbitration. Schoggen has not authorized his arbitration attorney to accept service of process of the Complaint in this action on his behalf. Both Nevada addresses are drop box addresses. HACS currently is pursuing an attempt to serve Schoggen in the State of Texas.

This motion is made pursuant to Rule 7 of the Hawaii Rules of Civil Procedure and Section 634-24 of the Hawaii Revised

Statutes, and is based on the Affidavit of Carl H. Osaki, and supporting exhibits, all of which are attached hereto and incorporated herein by this reference, and the record in Court.

DATED:   Honolulu, Hawaii   JAN 27 2006

CARL H. OSAKI
Attorney for Plaintiff
HAWAII AVIATION CONTRACT
    SERVICES, INC.

3

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | | |
|---|---|---|
| HAWAII AVIATION CONTRACT SERVICES, INC., | ) ) ) | CIVIL NO. 05-1-2233-12 (VSM) (Declaratory Relief) |
| Plaintiff, | ) ) | AFFIDAVIT OF CARL H. OSAKI |
| vs. | ) ) | |
| BRUCE SCHOGGEN, | ) ) | |
| Defendant. | ) ) ) | |

## AFFIDAVIT OF CARL H. OSAKI

STATE OF HAWAII         )
                        ) SS.
CITY AND COUNTY OF HONOLULU )

CARL H. OSAKI, being first duly sworn upon oath, deposes and says that:

1. I am the attorney for Plaintiff in the above-entitled matter and am competent to testify as to the matters set forth herein;

2. Currently, there is pending an arbitration proceeding initiated by Defendant Bruce Schoggen ("Schoggen") before the International Centre for Dispute Resolution, a division of the American Arbitration Association ("AAA").

3. In that arbitration proceeding ("Arbitration"), one of the issues is whether the AAA's commercial rules or employment rules will govern the Arbitration. The arbitration

clause underlying the Arbitration is contained in a contract between HACS and Schoggen that specifies that the AAA's commercial rules would govern any such arbitration. That contract was executed years before the AAA promulgated its employment rules.

4. In the Arbitration, the AAA has taken the position -- over the objection of HACS -- that the employment rules would govern. Because the employment rules are substantively different from the commercial rules, and because the contract containing the arbitration clause explicitly provides that the commercial rules would govern, HACS has steadfastly maintained its position that the commercial rules should apply.

5. The AAA has stated in other similar arbitrations that it will abide by a court-ruling regarding which set of rules will govern the Arbitration.

6. In another arbitration proceeding before the AAA, involving the identical arbitration clause, United States Magistrate Leslie Kobayashi ruled that the commercial rules apply. See Order Granting Defendant Hawaii Aviation Contract Services, Inc.'s Motion To Compel Arbitration Pursuant To The Terms Of The Contract Between Plaintiff Martin Ventress And Defendant Hawaii Aviation Contract Services, Inc., filed July 28, 2005, in Ventress v. Japan Airlines, Civil No. 03-00451 (D. Haw.), a true and correct copy of which is attached as Exhibit A.

2

7. This action was initiated on or about December 16, 2005, to primarily address the issue of which set of rules would govern this Arbitration.

8. On or about December 21, 2005, I asked David F. Simons, Esq., Schoggen's current attorney in the Arbitration, whether he had authorization to accept Rule 4 service of the Complaint on behalf of Schoggen. I provided Mr. Simons with a copy of the Complaint herein, as well as written discovery requests. See Exhibits B & C, which is a true and correct copy of a letter dated December 21, 2005, from myself to Mr. Simons, and a true and correct copy of a letter dated December 22, 2005, from myself to Mr. Simons, respectively. On or about December 27, 2005, Mr. Simons replied that he did not have such authorization. See Exhibit D, which is a true and correct copy of a letter dated December 27, 2005, from Mr. Simons to myself.

9. Schoggen had provided HACS with an address in the State of Nevada: 18124 Wedge Parkway, #536, Reno, NV 89511-8134 ("Wedge Parkway Address"). I unsuccessfully tried to have Schoggen personally served at the Wedge Parkway Address. The Wedge Parkway Address apparently is a UPS drop box. I will submit the affidavit of due diligence from the process server when I receive it.

10. When the attempt at personal service failed at the Wedge Parkway Address, I asked Mr. Simons if he had any other

3

address at which to serve Schoggen. See Exhibit E, which is a true and correct copy of a letter dated January 6, 2006, from myself to Mr. Simons. On or about January 9, 2006, Mr. Simons provided the following address for Schoggen: 59 Damonte Ranch Parkway, Suite B-338, Reno, Nevada 89521 ("Damonte Ranch Address"). See Exhibit F, which is a true and correct copy of a letter dated January 9, 2005, from Mr. Simons to myself.

11. I unsuccessfully tried to have Schoggen personally served at the Damonte Ranch Address. The Damonte Ranch Address apparently also is a mail drop box. I will submit the affidavit of due diligence from the process server when I receive it.

12. On January 20, 2006, I asked Mr. Simons if there was another address for Schoggen because of the fact that Schoggen cannot be served at the Damonte Ranch Address. See Exhibit G, which is a true and correct copy of a letter dated January 20, 2006, from myself to Mr. Simons. I have not received a response from Mr. Simons to that inquiry to date.

13. I am currently in the process of attempting to serve Schoggen in the State of Texas, but am unsure of the probabilities of successful service there.

14. Thus, while Schoggen's attorney in the Arbitration actually possesses the Complaint herein, and its accompanying written discovery requests, Schoggen has not authorized Mr.

4

Simons to accept Rule 4 service on his behalf, thus necessitating the multiple attempts to serve Schoggen outlined above.

15. Concurrently, the Arbitration progressed. On or about January 20, 2006, AAA appointed Retired Judge E. John McConnell as the arbitrator.

16. Therefore, I request a stay of the Arbitration pending resolution of the rule-issue contained in the Complaint, based on the following circumstances:

    a. Schoggen's Arbitration counsel possesses the Complaint and written discovery requests, but Schoggen has not authorized him to accept Rule 4 service on his behalf.

    b. Two Nevada addresses for Schoggen are mail drop boxes. HACS wasted resources in attempting to serve Schoggen at one of the mail drop box addresses, which was provided to my upon request from Schoggen's arbitration attorney.

    c. Schoggen is not cooperating in bringing the rule-issue to resolution, by not cooperating in Rule 4 service of the Complaint herein.

  d. The AAA is proceeding with the selection of an arbitrator, and continues to apply the employment rules.

  e. Allowing the Arbitration to proceed will waste the parties' resources because of the likelihood that the commercial rules will be ruled to apply to the Arbitration. It would conserve the resources of the parties, the AAA, and the courts to stay the Arbitration pending resolution of the rule-issue embodied in the Complaint.

FURTHER AFFIANT SAYETH NAUGHT.

_____
CARL H. OSAKI

Subscribed and sworn to before me this 27th day of January, 2006.

_____
Notary Public, State of Hawaii
Name of Notary: Allison M. K. Osaki
My Commission expires: 12-13-09

6

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| HAWAII AVIATION CONTRACT SERVICES, INC., <br><br> Petitioner, <br><br> vs. <br><br> MICHAEL MOORE, <br><br> Respondent. | CIVIL NO. 05-1-1612-09 (VSM) <br> (Declaratory Judgement) <br><br> ORDER GRANTING EX PARTE MOTION FOR STAY OF ARBITRATION PROCEEDINGS PENDING SERVICE OF PROCESS AND RESOLUTION OF ISSUES IN THE COMPLAINT |

ORDER GRANTING EX PARTE MOTION FOR STAY OF
ARBITRATION PROCEEDINGS PENDING SERVICE OF PROCESS
AND RESOLUTION OF ISSUES IN THE COMPLAINT

Upon review of the Ex Parte Motion For Stay Of Arbitration Proceedings Pending Service Of Process And Resolution Of Issues In The Complaint ("Ex Parte Motion") and the affidavit of counsel attached thereto, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that said Ex Parte Motion is granted. It is ordered that the arbitration proceedings between Plaintiff Hawaii Aviation Contract Services, Inc. and Defendant Bruce Schoggen, presently pending before the International Centre for Dispute Resolution, a division of the American Arbitration Association ("AAA"), as "Schoggen v. Hawaii Aviation Contract Services, Inc., Case Number 50 160 T 00266 05,"

2005, seeking an order compelling arbitration pursuant to the American Arbitration Association's ("AAA") Commercial Arbitration Rules ("Commercial Rules"), as specified in the contract between Plaintiff Ventress and Defendant HACS ("HACS-Ventress Contract"), rather than the National Rules for the Resolution of Employment Disputes ("Employment Rules"), which the AAA intends to apply. Defendant HACS argues that: the HACS-Ventress Contract is not an employment plan under the Employment Rules; AAA's decision to apply the Employment Rules is unilateral and outcome determinative, seeking to relieve Plaintiff Ventress of fees and charges that would otherwise be applicable; and the Commercial Rules and Employment Rules are materially different. [Mem. in Supp. at 1, 4-5.] AAA has stated that it will abide by the Court's ruling. [Motion, Exh. O.] Defendants JAL filed a statement of no position on June 3, 2005.

On July 15, 2005, Plaintiff Ventress filed a memorandum in opposition, arguing that the Employment Rules should apply. He argues that Defendant HACS has already breached the HACS-Ventress Contract by failing to amend the contract to reflect the formation of JALways Company, Ltd. and by initially pursuing arbitration with Dispute Prevention Resolution, Inc. rather than AAA. Plaintiff Ventress contends that the HACS-Ventress Contract is an employment contract and emphasizes that his claims involve labor and employment violations. He also argues that applying

3

the Commercial Rules will increase costs because the Commercial Rules require the use of three arbitrators while the Employment Rules require only one.

In its July 20, 2005 reply memorandum, Defendant HACS emphasized that Plaintiff Ventress did not contest the basic argument that the arbitration should be conducted in accordance with the terms of the HACS-Ventress Contract. Defendant HACS also notes that the contract calls for arbitration before a single arbitrator under the Commercial Rules.

## DISCUSSION

It is well settled that parties may "specify by contract the rules under which . . . arbitration will be conducted." Volt Info. Scis., Inc. v. Bd. of Trs. of the Leland Stanford Junior Univ., 489 U.S. 468, 479 (1989). The HACS-Ventress Contract specifies that the Commercial Rules shall apply to arbitrations of disputes concerning the contract. The HACS-Ventress Contract also contains a choice of law provision stating that Hawai`i State law applies.

Hawai`i law recognizes a strong public policy in favor of arbitration and, where parties have an enforceable agreement to arbitrate, the courts' powers are limited by Hawai`i Revised Statutes Chapter 658A. Cf. Bateman Constr., Inc. v. Haitsuka Bros., Ltd., 77 Hawai`i 481, 484, 889 P.2d 58, 61 (1995) (concerning Chapter 658, predecessor to Chapter 658A). Section

4

658A-7(a) provides, in pertinent part:

> (a) On motion of a person showing an agreement to arbitrate and alleging another person's refusal to arbitrate pursuant to the agreement:
>
> . . . .
>
> (2) If the refusing party opposes the motion, the court shall proceed summarily to decide the issue and order the parties to arbitrate unless it finds that there is no enforceable agreement to arbitrate.

Haw. Rev. Stat. § 658A-7(a). Section 658A-6(a) states: "An agreement contained in a record to submit to arbitration any existing or subsequent controversy arising between the parties to the agreement is valid, enforceable, and irrevocable except upon a ground that exists at law or in equity for the revocation of a contract." Haw. Rev. Stat. § 658A-6(a).

On November 16, 2004, this Court entered a stipulation and order staying the case pending arbitration between Plaintiff Ventress and Defendant HACS. The stipulation and order recognizes that there is an enforceable agreement to arbitrate. This Court is therefore bound to enforce the terms of HACS-Ventress Contract. Although there are valid reasons to apply the Employment Rules to the pending arbitration, the Court may not substitute its own judgment for the terms that the parties bargained for and agreed upon. The HACS-Ventress Contract clearly shows that the parties intended that the Commercial Rules apply. In fact, the Employment Rules, which were promulgated in 1996, did not even exist when they executed the contract in 1992.

5



This Court cannot override the parties' clearly expressed intent.

<u>CONCLUSION</u>

On the basis of the foregoing, Defendant HACS's Motion to Compel Arbitration Pursuant to the Terms of the Contract between Plaintiff Martin Ventress and Defendant Hawai'i Aviation Contract Service, Inc., filed on May 18, 2005, is HEREBY GRANTED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI'I, __7/28/05__

_____
LESLIE E. KOBAYASHI
UNITED STATES MAGISTRATE JUDGE

<u>MARTIN VENTRESS, ET AL. V. JAPAN AIRLINES, ET AL</u>; CIVIL NO. 03-00451 SPK-LEK; ORDER GRANTING DEFENDANT HAWAI'I AVIATION CONTRACT SERVICES, INC.'S MOTION TO COMPEL ARBITRATION PURSUANT TO THE TERMS OF THE CONTRACT BETWEEN PLAINTIFF MARTIN VENTRESS AND DEFENDANT HAWAI'I AVIATION CONTRACT SERVICE, INC.