ORIGINAL

58

cc. let.

CARL H. OSAKI   4008-0
Attorney At Law, A Law Corporation
Pioneer Plaza, Suite 1510
900 Fort Street
Honolulu, Hawaii  96813
Telephone:  (808) 528-4666

Attorney for Defendant
HAWAII AVIATION CONTRACT
SERVICES, INC.

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 0 7 2006

at 3 o'clock and 40 min __M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARTIN VENTRESS and JACK CRAWFORD,<br><br>          Plaintiffs,<br><br>     vs.<br><br>JAPAN AIRLINES; JALWAYS CO., LTD., a subsidiary of Japan Airlines; HAWAII AVIATION CONTRACT SERVICES, INC.; and DOES 1-10,<br><br>          Defendants.<br>_____ | CIVIL NO. CV 03-451  SPK-LEK<br><br>DEFENDANT HAWAII AVIATION CONTRACT SERVICES, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF MARTIN VENTRESS' MOTION TO RECONSIDER THE AMERICAN ARBITRATION ASSOCIATION RULES, FILED FEBRUARY 21, 2006, AND ADDENDUM TO THE MOTION TO RECONSIDER THE AMERICAN ARBITRATION ASSOCIATION RULES, FILED FEBRUARY 21, 2006; AFFIDAVIT OF CARL H. OSAKI; EXHIBITS "A" THROUGH "E;" CERTIFICATE OF SERVICE<br><br>Non-Hearing Motion |

TABLE OF CONTENTS

Page

I.   INTRODUCTION . . . . . . . . . . . . . . . . . . . . . 1

II.  FACTS . . . . . . . . . . . . . . . . . . . . . . . . 1

III. ARGUMENTS . . . . . . . . . . . . . . . . . . . . . . 3

     A.   Ventress Does Not Argue That There Has
          Been A Manifest Error Of Law Or Fact, And
          Even If He Did, The Motion Is Untimely . . . . . . 3

     B.   There Has Been No Intervening Change In
          Law To Support The Motion . . . . . . . . . . . . 3

     C.   There Has Been No Discovery Of New
          Material Facts Not Previously Available
          To Support The Motion . . . . . . . . . . . . . . 5

     D.   Even If The Points Made In The Schoggen
          Case Are Considered, The Order Is Still
          Proper And Not Subject To Reconsideration . . . . . 5

     E.   HACS Requests Its Attorneys' Fees And Costs . . . . 13

IV.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . 16

TABLE OF AUTHORITIES

CASES

Page(s)

Arakaki v. Lingle,
    299 F. Supp. 2d 1114, 2003 U.S. Dist. LEXIS 23979
    (D. Haw. 2003)   . . . . . . . . . . . . . . . . . . . 3

Brandon, Jones, Sandall, Zeide, Kohn,
    Chalal & Musso, P.A. v. MedPartners, Inc.,
    203 F.R.D. 677 (S.D. Fla. 2001)   . . . . . . . . . . . 4

Diemaco, A Division of Devtek Corp., v.
    Colt's Manufacturing Co., 11 F. Supp. 2d 229
    (D. Conn. 1998))   . . . . . . . . . . . . . . . 4, 9, 10

Lagatree v. Luce, Forward, Hamilton & Scripps,
    74 Ca. App. 4th 1105, 88 Cal. Rptr. 2d 664 (1999)   . . 4, 6,
                                                          11, 12

MedPartners, 203 F.R.D. 677 (SD Fla. 2001)   . . . . . . . . 13

O'Hare v. Municipal Resource Consultants,
    107 Cal. App. 4th 267, 132 Cal. Rptr. 2d 116 (2003)   . 4, 5,
                                                            11

Roderick v. Mazzetti & Associates, Inc.,
    2004 WL 2554453 (N.D. Cal. 2004)   . . . . . . . . 4, 5, 11

York Hannover A.G. v. American Arbitration Association,
    No. 92 Civ 1643 (CSH), 1993 WL 159961,
    at *5 (S.D.N.Y. May 11, 1993)   . . . . . . . . . . 4, 10

York Research Corp. v. Landgarten,
    927 F.2d 119, 123 (2d Cir. 1991))
. . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 10

DEFENDANT HAWAII AVIATION CONTRACT SERVICES, INC.'S
MEMORANDUM IN OPPOSITION TO PLAINTIFF
MARTIN VENTRESS' MOTION TO RECONSIDER
THE AMERICAN ARBITRATION ASSOCIATION RULES,
FILED FEBRUARY 21, 2006, AND ADDENDUM TO THE
MOTION TO RECONSIDER THE AMERICAN ARBITRATION ASSOCIATION
<u>RULES, FILED FEBRUARY 21, 2006</u>

I.    <u>INTRODUCTION</u>

Almost seven months after this Court entered the Order Granting Defendant Hawai'i Aviation contract Services, Inc.'s Motion To Compel Arbitration Pursuant To The Terms Of The Contract Between Plaintiff Martin Ventress And Defendant Hawai'i Aviation Contract Service, Inc., filed July 28, 2005 ("Order"), Plaintiff Martin Ventress ("Ventress") has decided that he will ask the Court to reconsider the Order, through his Motion To Reconsider The American Arbitration Association Rules, filed February 21, 2006 ("Motion").  <u>See also</u> Addendum To The Motion To Reconsider The American Arbitration Association Ruled, filed February 21, 2006 ("Addendum").

Reconsideration is not appropriate because none of the factors of Local Rule 60.1 is present here.  Specifically, there has been no discovery of new material facts not previously available, and there has not been an intervening change in law. Otherwise, this motion is also untimely under that rule if it raises the argument of a manifest error of law or fact.

II.    <u>FACTS</u>

The Order was filed last summer.  The American Arbitration Association ("AAA") proceeded in accordance with this

Court's Order; that is, it applied the Commercial Rules to the arbitration pursuant to the parties' intent and agreement, and in accordance with the Order.

Meanwhile, one of Ventress' fellow disgruntled former employees, Bruce Schoggen -- who also happened to be another former client of Ms. Venetia Carpenter-Asui -- managed to retain David Simons, Esq., as his attorney. Mr. Simons, on behalf of Schoggen, initiated a separate arbitration proceeding on or about June 23, 2005, before the AAA. On August 25, 2005, counsel for HACS pointed out the Order, and requested that Mr. Simons reconsider his position to blindly follow the AAA's lead in disregarding the explicit contractual arbitration provision that mandated the use of the Commercial Rules. See Exhibit A.

On December 16, 2005, HACS initiated a state court judicial action to resolve the rule-issue in the Schoggen matter, in the same way that it had to seek judicial relief in the Ventress case. On January 25, 2006, Mr. Simons sent a letter to HACS' counsel setting forth this position supporting the AAA's unilateral modification of the arbitration provision. See Exhibit B. It is this letter to which Ventress now refers, as purportedly supporting his motion to reconsider. See also Ventress' January 31, 2006 letter addressed to this Court (Exhibit B was attached to Ventress' letter).

III. <u>ARGUMENTS</u>

   None of the requirements of Local Rule 60.1 have been met by Ventress, and the Motion should be denied.  That rule provides three grounds for a valid motion for reconsideration:

   (a) Discovery of new material facts not previously available;

   (b) Intervening change in law;

   (c) Manifest error of law or fact.

<u>See</u> Local Rule 60.1.

  A. Ventress Does Not Argue That There Has Been A Manifest Error Of Law Or Fact, And Even If He Did, The Motion Is <u>Untimely</u>

   Ventress does not argue that this Court committed a manifest error of law or fact.  Even if it is assumed for the sake of argument that he did, his Motion is untimely and should be denied.  <u>Arakaki v. Lingle</u>, 299 F. Supp. 2d 1114, 2003 U.S. Dist. LEXIS 23979 (D. Haw. 2003).

  B. There Has Been No Intervening Change In Law To Support <u>The Motion</u>

   Ventress apparently refers to Exhibit B as the letter he received from someone connected to the <u>Schoggen</u> case as the reason for this Motion.  <u>See</u> Motion, at 3 ("Plaintiff has recently been forwarded a letter regarding a virtually similar case against HACS whereby the Plaintiff Bruce Schoggen has an identical contract as Ventress.").

3

That letter was crafted by Mr. Simons on behalf of Mr. Schoggen in relation to the same rule-issue in that case. As purported support for an "intervening change in law," however, it fails completely.

Exhibit B cites to five case authorities, not all of which are reported decisions. See Exhibit B (citing Brandon, Jones, Sandall, Zeide, Kohn, Chalal & Musso, P.A. v. MedPartners, Inc., 203 F.R.D. 677 (S.D. Fla. 2001); Lagatree v. Luce, Forward, Hamilton & Scripps, 74 Ca. App. 4th 1105, 88 Cal. Rptr. 2d 664 (1999); O'Hare v. Municipal Resource Consultants, 107 Cal. App. 4th 267, 132 Cal. Rptr. 2d 116 (2003); Roderick v. Mazzetti & Associates, Inc., 2004 WL 2554453 (N.D. Cal. 2004); and Diemaco, A Division of Devtek Corp., v. Colt's Manufacturing Co., 11 F. Supp. 2d 229 (D. Conn. 1998)). Every one of those authorities came before the issuance of the Order, as well as the motion that spawned the Order. See Order (filed July 28, 2005); Defendant Hawaii Aviation Contract Services, Inc.'s Motion To Compel Arbitration Pursuant To The Terms Of The Contract Between Plaintiff Martin Ventress And Defendant Hawaii Aviation Contract Services, Inc., filed May 18, 2005 ("Motion to Compel").

Likewise, no case authority cited by Ventress in the Motion is an "intervening" case. See Motion, at 3 (Diemaco, 11 F. Supp. 2d 229 (D. Conn. 1998)); at 4 (York Hannover A.G. v. American Arbitration Association, No. 92 Civ. 1643 (CSH), 1993 WL

4

159961, at *5 (S.D.N.Y. May 11, 1993); <u>York Research Corp. v.</u>
<u>Landgarten</u>, 927 F.2d 119, 123 (2d Cir. 1991)); at 5 (<u>Lagatree</u>,
74 Ca. App. 4th 1105, 88 Cal. Rptr. 2d 664 (1999); <u>O'Hare</u>, 107
Cal. App. 4th 267, 132 Cal. Rptr. 2d 116 (2003); <u>Roderick</u>, 2004
WL 2554453 (N.D. Cal. 2004); <u>MedPartners</u>, 203 F.R.D. 677 (S.D.
Fla. 2001)).

Finally, Judge Ezra's order in the <u>Schoggen</u> case is not
an intervening order because it preceded the Motion to Compel and
the Order.

In sum, there has been no intervening change in law to
support the Motion and it should be denied.

C.    There Has Been No Discovery Of New Material Facts Not
      <u>Previously Available To Support The Motion</u>

Ventress introduces no new material facts not
previously available to support the Motion.  Apart from being
frivolous, the Motion is primarily legal in nature, pointing to
Mr. Simons' letter as its fundamental support.  The Motion does
not raise factual issues that would affect the Order.

However, even assuming that Judge Ezra's order in the
Schoggen case is a "fact," for example, it still would not
provide a basis for the Motion since it was available prior to
the Order.  Similarly, the letters Ventress received from the
White House and various legislative offices do not bear on the
Order at all.  No other "facts" that conceivably bear upon the
issues underlying the Order are presented.

D.    Even If The Points Made In The Schoggen Case Are
      Considered, The Order Is Still Proper And Not Subject
      To Reconsideration

Although it is not required in order to deny the

Motion, HACS will address the merits of Ventress' Motion, on the

assumption that it meets some prong of the test for a proper

motion for reconsideration, which, of course, it does not.  Thus,

even if it is assumed for the sake of argument that the Motion

presented a valid basis to conduct a Local Rule 60.1

reconsideration, the Order would still be proper.  Ventress'

points will be addressed in order.

First, Ventress argues that the contract containing the

arbitration clause in this case was "not negotiable."  See

Motion, at 2.  Even assuming he is correct, it does not bear on

the issue of which set of rules would apply to the arbitration.

Besides, the provision is a proper one.  See, e.g., Lagatree, 74

Cal. App. 4th 1105, 88 Cal. Rptr. 2d 664 (1999) (in case cited by

Ventress in the Motion, at page 5, public policy is not violated

by termination of employee who refuses to sign a predispute

arbitration agreement).

Second, Ventress' recounting of the Bicknell incident,

see Motion, at 2, goes to the substantive merits of his claim,

and has nothing to do with which set of rules apply to the

arbitration.

6

Third, Ventress' cite to Rule 1 of the Commercial Rules does not affect the Order. <u>Id</u>., at 2.  Rule 1 of the Commercial Rules' reference to an "employer-promulgated plan" is a term of art that the AAA uses.  <u>Cf</u>. Motion to Compel, at its Exhibit P (Commercial Rules), p.17 (the same provision mandates the use of the Commercial Rules).  There is no employer-promulgated plan here.

The Employment Rules sets forth the requirements for employers who wish to utilize the services of the AAA in resolving employment disputes; that is, creating and submitting an employer-promulgated plan.  It requires such plans to meet the AAA's own due process standards.  <u>See</u> Motion to Compel, at its Exhibit Q (Employment Rules), at 10-11.  The AAA sets forth the requirements for the approval of employer-promulgated plans:

> If an employer intends to utilize the dispute resolution services fo the Association in an employment ADR plan, it shall, at least 30 days prior to the planned effective date of the program: (1) notify the Association of its intention to do so; and (2) provide the Association with a copy of the employment dispute resolution plan.  If an employer does not comply with this requirement, the Association reserves the right to decline its administrative services.  Copies of all plans should be sent to the American Arbitration Association's Office of Program Development, 335 Madison Avenue, New York, NY 10017: FAX: 212.716.5913.

<u>Id</u>.

The AAA goes on to define such employer-promulgated plans. Id., at 12-13.

HACS has never submitted any ADR plan to the AAA. Indeed, it could not have submitted any ADR plan to the AAA because contracts like Ventress' (1992) and Schoggen's (1993) pre-date the promulgation of the Employment Rules themselves (1996)! Such an "employer-promulgated plan" simply does not exist, which Rule 1 could conceivably latch onto. See also Exhibit C, which is a true and correct copy of a letter written by Martin Ventress to Magistrate Kobayashi, dated March 2, 2005, (stating that the AAA has no copy of any employer-promulgated plan by HACS).

Fourth, Judge Ezra did not "[s]ignify[] that it is up to the AAA, not the Court to determine how it interprets its rules." See Motion, at 3. The issue before Judge Ezra in the Schoggen case was whether Schoggen had waived his right to arbitrate by "declining to arbitrate the matter at the outset of the dispute as requested by HACS and instead pursuing this suit before this Court." See Addendum, at its exhibit's attachment denoted "Exhibit 7," which is a copy of Judge Ezra's Order Granting Plaintiff's Motion To Compel Arbitration; Dismissing The Case Without Prejudice; And Denying All Pending Motions As Moot, filed May 17, 2005, in Schoggen v. Hawaii Aviation Contract Services, Inc., Civil No. 04-00707 (D. Haw.) ("Addendum's Exhibit 7"), at 4.

8

Judge Ezra found that Schoggen did not waive his right to arbitrate and granted the motion to compel arbitration. <u>Id</u>., at 5. Judge Ezra did not stay the <u>Schoggen</u> case, but dismissed it without prejudice. <u>Id</u>., at 6. Judge Ezra made no mention of the rule-issue; indeed, Judge Ezra recognized that the "valid and enforceable arbitration agreement was created according to the express terms of the employment contract." <u>Id</u>., at 4. Of course, one of those express terms was the provision to apply the Commercial Rules to an arbitration, as the Order also correctly ruled.

Fifth, the citation to <u>Diemaco</u>, 11 F. Supp. 2d 228 (D. Conn. 1998) does not affect the Order. In <u>Diemaco</u>, the AAA was "charged with the responsibility of overseeing the selection of arbitrators in accordance with the parties' agreement and the Commercial Arbitration Rules, which the parties expressly made applicable to the arbitration." <u>Diemaco</u>, 11 F. Supp. 2d at 232. The dispute in <u>Diemaco</u> centered on *how* the AAA administered the selection of the arbitration panel under the Commercial Rules; thus, the issue was the AAA's interpretation of its own Commercial Rules, and not the AAA's disregard of the parties express arbitration agreement – which was not at issue.

Sixth, Ventress accuses HACS' counsel of an attempt to "[d]eceive the Court," by "circumvent[ing] the Judges [sic] decision when he filed a Motion to Compel." <u>See</u> Motion, at 3.

9

Ventress argues that if this Court had seen Judge Ezra's order in the Schoggen case, the Order would not have issued as it did. Id. Judge Ezra's order did not touch on any issue underlying the Order; instead, it addressed the waiver issue in Schoggen and Schoggen's stay request. The result of Judge Ezra's order was the move in Schoggen from federal court to arbitration.

Seventh, the citation to the two York cases do not affect the Order. See Motion, at 4. The York cases were cited by the Diemaco court, and Ventress copied the quotation from Mr. Simon's brief. See Addendum's Exhibit 7, at 9. York supports the Order. This point is underscored by the Diemaco court when it cited the unreported decision of York Hannover A.G. v. American Arbitration Association, No. 92 Civ. 1643 (CSH), 1993 WL 159961, at *5 (S.D.N.Y. May 11, 1993), which stated "[w]hen parties agree to arbitrate before the AAA and incorporate the Commercial Arbitration Rules into their agreement, they are bound by those rules and by the AAA's interpretation." See also Diemaco, 11 F. Supp. 2d at 232 (citing York Research Corp. v. Landgarten, 927 F.2d 119, 123 (2d Cir. 1991), the Diemaco court noted that the parties agreed that the AAA should administer the arbitration there under the Commercial Rules, and there was not dispute as to the applicability of those rules). Thus, York says that when parties incorporate the Commercial Rules into their

arbitration agreement, they are bound by the Commercial Rules, which is entirely consistent with the Order.

Eighth, Ventress argues that courts allow the AAA to apply the Employment Rules to arbitrations where the Commercial Rules were specified. See Motion, at 5. Ventress cites three cases in purported support: Lagatree, 74 Cal. App. 4th 1105, 88 Cal. Rptr. 2d 664 (1999); O'Hare, 107 Cal. App. 4th 267, 132 Cal. Rptr. 116 (2002); and the unreported Roderick, 2004 WL 2554453 (N.D. Cal. 2004). None of these cases stand for that proposition.

For example, the unreported case of Roderick involved an arbitration that proceeded under the expedited version of the Commercial Rules, which Commercial Rules were provided for by the arbitration provision. One party objected to the expedited Commercial Rules, which are part and parcel of the Commercial Rules. In that case, the employer conceded that the Employment Rules may govern. Roderick, 2004 WL 2554453 ("Subsequently, in their reply to the present motion, defendants conceded that the AAA Employment Rules may govern the parties' dispute at arbitration."). Roderick simply does not involve a court ruling on the substantive rules to apply, as agreed-upon, over a parties' objection.

O'Hare is likewise off-point. The introductory paragraph alone is enough to underscore its inapplicability here:

11

> This appeal involves interpretation of an
> arbitration provision contained in an
> employment contract between appellant
> Municipal Resource Consultants (MRC) and
> respondent Nicholas O'Hare (O'Hare).  After
> MRC fired O'Hare, O'Hare filed a lawsuit.
> MRC moved to compel arbitration.  The trial
> court refused to enforce the arbitration
> provision, finding it did not meet the
> criteria established by case law.  MRC
> appeals.  We find the arbitration provision
> is both substantively and procedurally
> unconscionable and therefore affirm the trial
> court's decision.

Similarly, Lagatree does not address the issue it

purportedly is cited for, and again, its introductory paragraph

again speaks volumes on this point:

> This appeal presents the question of whether
> an employee can state a cause of action for
> wrongful termination in violation of public
> policy where he was discharged in 1997 for
> refusing to sign a predispute arbitration
> agreement requiring that work-related
> disputed be resolved through binding
> arbitration.  We conclude that the
> termination did not violate public policy.

Thus, the AAA's unilateral policy determination in

contravention of the express written agreement between HACS and

Ventress is not supported by judicial precedent.

Ninth, Ventress argues that seeking a stay in Schoggen

was somehow improper and that Judge Ezra should have been the

proper adjudicator of the rule-issue in Schoggen.  See Motion, at

5.  This has nothing to do with any issue underlying the Order.

Moreover, there was a good reason that the Schoggen rule issue

was not brought before the federal court.  In Schoggen, unlike

12

this case, the civil action was dismissed and not simply stayed. Subject matter jurisdictional issues were implicated in <u>Schoggen</u>, and not here.

Tenth, Ventress argues that the AAA's unilateral modification of the arbitration provision in the employment contract is a mere "procedural decision" which is not subject to "interlocutory appeal," and cites to <u>MedPartners</u>, 203 F.R.D. 677 (SD Fla. 2001). <u>See</u> Motion, at 5. Ventress, not surprisingly, ignores the issue that was being appealed in <u>MedPartners</u>, and the plain distinction between that issue and this case. <u>MedPartners</u> involved the attempted interlocutory review of an arbitrator's qualifications or alleged bias. <u>MedPartners</u>, 203 F.R.D. at 687. The <u>MedPartners</u> court ruled that such issues are confined by statute to motions to confirm, modify or vacate awards. <u>Id</u>. <u>MedPartners</u>, therefore, concerned an entirely different issue from this case.

Eleventh, Ventress raises yet again, the false allegation the HACS counsel and his former counsel, Ms. Venetia Carpenter-Asui, conspired to send the arbitration to Dispute Prevention & Resolution ("DPR"). Again, while counsel for HACS invited Ventress' former counsel to use DPR, that offer was not accepted. (To note, Mr. Jack Crawford, Ventress' former co-plaintiff, who currently is represented by another counsel, and who Ventress takes great pains to distance himself, <u>see</u>, <u>e.g.</u>,

Motion at 1; Addendum, at 1) did accept the invitation to arbitrate before DPR.).

    E.    <u>HACS Requests Its Attorneys' Fees And Costs</u>

        HACS requests an award of the attorneys' fees and costs incurred in having to oppose this clearly non-meritorious Motion. Ventress may be pro se, but that does not excuse him from observing the rules of this Court.

        Ventress has been warned of his pro se obligations:

> This court cautions Ventress that pro se plaintiffs are expected to comply with all procedural and substantive rules of the court. <u>See</u> <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.") (citation omitted). Accordingly, Plaintiff is put on notice that, if he fails to comply with the rules of the court, he may face sanctions, including dismissal of his complaint or other appropriate sanctions. <u>See</u> Fed. R. Civ. P. 11; LR 11.1.

<u>See</u> Order Granting Motion To withdraw As Counsel For Plaintiff Martin Ventress, filed February 2, 2005.

        Again, this Court warned Ventress about being familiar with the rules of the Court:

>     Although pro se litigants are held to less stringent standards that those of their legal counterparts, <u>see</u> <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); <u>Fischer v. Cahill</u>, 474 F.2d 991 (3d Cir. 1973), Plaintiff's pro se status cannot excuse him from complying with the procedural or substantive rules of the court. <u>See</u> <u>Engle v. United States</u>, 736 F. Supp. 670, 671-72 (D. Md. 1989). If Plaintiff intends to continue to represent himself in this action, he would be well-served by

familiarizing himself with the Local Rules
for the District of Hawai'i, the Federal
Rules of Evidence, and the Federal Rules of
Civil Procedure.

Accordingly, Plaintiff is put on notice
that future failure to comply with the rules
of the court may result in the imposition of
sanctions, including dismissal of his
complaint or other appropriate sanctions.
See Fed. R. Civ. P. 11; LR 11.1.

See Order, filed February 14, 2005 (addressing Ventress' ex parte
communications).

Yet again, Ventress was warned by this Court:

Although pro se litigants are held to
less stringent standards that those of their
legal counterparts, see Haines v. Kerner, 404
U.S. 519 (1972) (per curiam); Jackson v.
Carey, 353 F.3d 750, 757 (9d Cir. 2003), a
litigant's pro se status cannot excuse him
from complying with the procedural or
substantive rules of the court.  See King v.
Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987)
("Pro se litigants must follow the same rules
of procedure that govern other litigants.");
see also United States v. Bell, 27 F. Supp.
2d 1191, 1197 (E.D. Cal. 1998).  Accordingly,
Plaintiff is specifically instructed to
refrain from any further ex parte
communications, that is, any communication
about this case to the Judge without giving
notice to the opposing parties.

* * *

Plaintiff is warned, in no uncertain
terms, that any continued failure to comply
with the rules of court may result in the
imposition of sanctions, including dismissal
of Plaintiff's lawsuit.  See Fed. R. Civ. P.
11; Local Rule LR11.1.

See Order Re: Ex Parte Communication, filed June 2, 2005.

Ventress has been explicitly warned on at least three separate occasions about knowing the rules of court. Yet, he continues to make unfounded and scandalous allegations. <u>See</u>, <u>e.g.</u>, Addendum, at 2 ("written promise for JALways to pay HACS litigation attorneys' fees and costs"); Motion, at its exhibit constituting letter of January 17, 2006 from Senator Lorrain Inouye (indicating that Ventress is continuing to spread the false allegation that "JAL apparently controls" HACS). He has initiated two complaints with the Office of Disciplinary Counsel against counsel for HACS, both of which were summarily terminated. <u>See</u> Exhibits D and E. Now, he has filed a meritless motion for reconsideration, which even a cursory review of Local Rule 60.1 would have revealed to be unfounded. Further, he has indicated his intention to litigate "all the way to the United States Supreme Court." <u>See</u> Motion, at 7. That intent is fine; however, it has to be tempered with a knowledge and observance of the rules of this Court, which Ventress has ignored. Thus, HACS requests an award of the attorneys' fees and costs incurred in having to oppose this Motion.

IV. <u>CONCLUSION</u>

For all of the foregoing reasons, HACS respectfully requests that this Court deny the Motion, and award it the reasonable attorneys' fees and costs incurred in having to oppose

16

the Motion, with leave to submit affidavits regarding those attorneys' fees and costs.

        DATED:    Honolulu, Hawaii   MAR - 7 2006

_____.

                       CARL H. OSAKI
                       Attorney for Defendant
                       HAWAII AVIATION CONTRACT
                         SERVICES, INC.

17