IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MARTIN VENTRESS and JACK CRAWFORD, | ) ) ) | CIVIL NO. CV 03-451  SPK-LEK |
| Plaintiffs, | ) ) ) | AFFIDAVIT OF CARL H. OSAKI |
| vs. | ) ) | |
| JAPAN AIRLINES; JALWAYS CO., LTD., a subsidiary of Japan Airlines; HAWAII AVIATION CONTRACT SERVICES, INC.; and DOES 1-10, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

AFFIDAVIT OF CARL H. OSAKI

| | | |
|---|---|---|
| STATE OF HAWAII | ) ) | SS. |
| CITY AND COUNTY OF HONOLULU | ) | |

CARL H. OSAKI, being first duly sworn upon oath deposes and says that:

1. I am the attorney for Defendant HAWAII AVIATION CONTRACT SERVICES, INC. ("HACS") in the above-entitled matter and am competent to testify as to the matters set forth herein;

2. Since the Order Granting Defendant Hawai'i Aviation Contract Services, inc.'s Motion To Compel Arbitration

Pursuant To The Terms Of The Contract Between Plaintiff Martin Ventress And Defendant Hawai'i Aviation Contract Service, Inc., filed July 28, 2005 ("Order") was filed last summer, the American Arbitration Association ("AAA") has proceeded in accordance with this Court's Order; that is, it has applied the Commercial Rules to the arbitration pursuant to the parties' intent and agreement, and in accordance with the Order;

      3.   David F. Simons, Esq., on behalf of Mr. Bruce Schoggen, initiated an arbitration proceeding on or about June 23, 2005, before the AAA;

      4.   On August 25, 2005, I pointed out the Order, and requested that Mr. Simons reconsider his position to follow the AAA's lead in disregarding the explicit contractual arbitration provision that mandated the use of the Commercial Rules. Attached as Exhibit A is a true and correct copy of my letter to Mr. Simons, dated August 25, 2005;

      5.   On December 16, 2005, HACS initiated a state court judicial action to resolve the rule-issue in the <u>Schoggen</u> matter;

      6.   On January 25, 2006, Mr. Simons sent a letter to me, setting forth this position supporting the AAA's unilateral modification of the arbitration provision. Attached as Exhibit B is a true and correct copy of Mr. Simons' letter to me, dated January 25, 2006;

2

7.   HACS has never submitted any alternative dispute resolution plan to the AAA. Attached as Exhibit C is a true and correct copy of a letter, dated March 2, 2005, from Ventress to Magistrate Leslie Kobayashi;

8.   In the motion, Ventress raises yet again, the false allegation I and his former counsel, Ms. Venetia Carpenter-Asui, conspired to send the arbitration to Dispute Prevention & Resolution ("DPR"). Again, while I invited Ms. Carpenter-Asui to use DPR, that offer was not accepted;

9.   Mr. Jack Crawford, who is Ventress' former co-plaintiff; who currently is represented by another counsel; and who Ventress takes great pains to distance himself, did accept the invitation to arbitrate before DPR through his counsel;

10.   There is no written promise for JALways to pay HACS its litigation attorneys' fees and costs; and

11.   Ventress has initiated two complaints with the Office of Disciplinary Counsel against me, both of which were summarily terminated as "legal disputes." Attached as Exhibit D is a true and correct copy of a letter, dated December 2, 2005, from Ms. Carole R. Richelieu to Ventress, along with its attachments. Attached as Exhibit E is a true and correct copy of

a letter, dated January 17, 2006, from Ms. Carole R. Richelieu to Ventress, along with its attachments.

FURTHER AFFIANT SAYETH NAUGHT.

_____
CARL H. OSAKI

Subscribed and sworn to before me this 7th day of March 2006.

_____
Notary Public, State of Hawaii
Name of Notary: Allison M. K. Osaki
My Commission expires: 12-13-09