## CARL H. OSAKI
*Attorney At Law, A Law Corporation*
Pioneer Plaza, Suite 1510
900 Fort Street
Honolulu, Hawaii 96813
Telephone: (808) 528-4666
Facsimile: (808) 529-0764

August 25, 2005

David F. Simons, Esq.
Ocean View Center, Suite PH-1
707 Richards Street
Honolulu, HI 96813

    RE:    Bruce G. Schoggen v. Hawaii Aviation Contract
             Services, et al.
             <u>Case No. 50 160 T 00266 05</u>

Dear Mr. Simons:

        During the administrative conference call on August 23, 2005, you stated that you were in agreement with the AAA's unilateral decision to apply the Employment Rules to this arbitration. I assume that you have a copy of the Order Granting Defendant Hawaii Aviation Contract Services, Inc.'s Motion To Compel Arbitration Pursuant To The Terms Of The Contract Between Plaintiff Martin Ventress And Defendant Hawaii Aviation Contract Service, Inc., filed July 28, 2005, which has been entered in the action captioned <u>Ventress v. Japan Airlines</u>, Civil No. 03-00451, (D. Haw.) ("Ventress Order"), because your client and Mr. Ventress have been communicating with each other, but if you do not have a copy, one is enclosed for your easy reference. The AAA in the Ventress arbitration has stated that it will follow the order of the Court; thus, the Commercial Rules will apply in the Ventress arbitration. Likewise, Ms. Barcenes stated on August 23, 2005, that the AAA will also follow a court order regarding which set of rules to apply in Mr. Schoggen's arbitration.

        You said that you would not stipulate to the application of the Commercial Rules, thus potentially necessitating a judicial proceeding on that matter. I would like you to take this opportunity to reconsider your position.

        The contract between HACS and Mr. Schoggen ("HACS-Schoggen Contract") specifically and explicitly provides for the application of the Commercial Rules:

> In the event of any dispute between the parties hereto, the dispute shall be submitted to the American Arbitration Association and be decided by neutral binding arbitration before a single arbitrator in accordance with the Commercial Arbitration Rules of the American Arbitration Association. . . .



EXHIBIT A

David F. Simons, Esq.
August 25, 2005
Page 2

       The "four corners" of the HACS-Schoggen Contract are unambiguously clear in providing that the Commercial Rules apply. Indeed, the Employment Rules were not even in *existence* when the HACS-Schoggen Contract was executed in or about January 1993. There have been no subsequent modifications between HACS and Mr. Schoggen to the arbitration provision in the HACS-Schoggen Contract; thus, the agreement that the Commercial Rules applies has not changed since the HACS-Schoggen Contract was executed.

       The AAA's unilateral decision to use the Employment Rules was un-bargained for, and lacks mutual assent and consideration. The fact that the AAA promulgated the Employment Rules over three years *after* the HACS-Schoggen Contract was signed cannot modify the contract between HACS and Mr. Schoggen. The AAA may have an internal policy of applying the Employment Rules to "employment disputes," but that cannot automatically replace the explicit provisions of the HACS-Schoggen Contract, to which the AAA was not, and is not, a party. Neither AAA's Employment Rules nor its internal policy was something that HACS and Mr. Schoggen ever agreed upon, or even knew about.

       Moreover, the regime set up by the AAA under the Employment Rules was not followed by HACS. There is no "promulgated plan" submitted by HACS to the AAA, as specified in the Employment Rules. In short, applying the Employment Rules when the parties to the HACS-Schoggen Contract specifically provided for the application of the Commercial Rules would subject any award to a motion to vacate pursuant to Section 658A-23 of the Hawaii Revised Statutes.

       This issue already has been addressed through the Ventress Order. The Ventress Order addressed identical language in the arbitration clause. The Ventress Order is a purely legal decision. Once the Court found that the arbitration clause was enforceable, the Court ruled that it was "bound to enforce the terms of HACS-Ventress Contract." See Ventress Order, at 5. The Court noted the intent of the parties to apply the Commercial Rules, and ruled that it could not substitute its own judgment "for the terms that the parties bargained for and agreed upon." Id. The Court concluded its analysis by saying that it "cannot override the parties' clearly expressed intent." Id., at 6.

       In Mr. Schoggen's case, the material facts and the law are the same. First, the language of the arbitration clause is identical to the one involved in the Ventress Order. Second, like the situation in Ventress, the arbitration clause has never been modified or amended. Third, the Employment Rules did not exist at the time fo the execution of the contracts involved here or in the Ventress case. Fourth, there is no dispute that the arbitration clause here is enforceable. The only distinction is that the contract in Ventress was executed in 1992 and the contract here was executed in 1993. However, that distinction is immaterial. Thus, the legal conclusions of the Ventress Order are equally applicable here.

       While principles of res judicata and collateral estoppel are not applicable, principles of comity and consistency are. The *only* reason to litigate this issue here in light of the Ventress Order is to forum shop and somehow hope that a different court may have a different view. When measured against the lack of any meaningful distinction between the

David F. Simons, Esq.
August 25, 2005
Page 3

situation in Ventress and this one, however, it is highly unlikely that a different court would adopt a diametrically opposed view to Judge Kobayashi's decision in the Ventress Order. Indeed, a similar decision here would foster the maxim that "like cases should be treated alike." See Flowers v. United States, 764 F.2d 759, 761 (11th Cir. 1985)("like facts will receive like treatment in a court of law".).

I, therefore, request that you reconsider your position on the applicable rules which govern this arbitration. If HACS has to seek a judicial determination, part of the relief sought will be a finding of frivolousness under Section 607-14.5 of the Hawaii Revised Statutes, and an award of fees and costs, as well as any other relief available. If I do not hear from you by Wednesday, August 31, 2005, I will assume that you will not stipulate to the application of the Commercial Rules to the arbitration, and will proceed to seek judicial relief.

Thank you for your consideration of this matter.

Very truly yours,

CARL H. OSAKI

cho/amk

Enclosure

c:   Mr. Frank Tabata
     Ms. Shirley Rossman

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 28 2005

at 10 o'clock and 51 min. AM
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| MARTIN VENTRESS, ET AL., | CIVIL NO. 03-00451 SPK-LEK |
| Plaintiffs, | |
| vs. | |
| JAPAN AIRLINES, ET AL., | |
| Defendants. | |

**ORDER GRANTING DEFENDANT HAWAI'I AVIATION CONTRACT SERVICES, INC.'S MOTION TO COMPEL ARBITRATION PURSUANT TO THE TERMS OF THE CONTRACT BETWEEN PLAINTIFF MARTIN VENTRESS AND DEFENDANT HAWAI'I AVIATION CONTRACT SERVICE, INC.**

Before the Court is Defendant Hawai'i Aviation Contract Services, Inc.'s ("Defendant HACS") Motion to Compel Arbitration Pursuant to the Terms of the Contract between Plaintiff Martin Ventress and Defendant Hawai'i Aviation Contract Service, Inc. ("Motion"), filed on May 18, 2005. This matter came on for hearing on July 25, 2005. Pro se Plaintiff Martin Ventress ("Plaintiff Ventress") appeared via telephone and Carl Osaki, Esq., appeared on behalf of Defendant HACS. After careful consideration of the Motion, supporting and opposing memoranda, and the arguments of counsel, this Court HEREBY GRANTS Defendant HACS's Motion for the reasons set forth below.

## BACKGROUND

Plaintiff Ventress and Plaintiff Jack Crawford (collectively "Plaintiffs"), former employees of Defendant Japan Airlines and Defendant JALways Company, Ltd., a subsidiary of Defendant Japan Airlines (collectively "Defendants JAL") and Defendant HACS, filed their Complaint on December 23, 2002. Plaintiff Ventress' claims arise out of allegedly retaliatory, harassing conduct by Defendants JAL and its employees, including placing his name on a "Termination List." These actions were allegedly prompted by Mr. Ventress' reporting of two incidents involving an incapacitated captain who was allowed to fly and land his plane.

Plaintiff Ventress contends that Defendants JAL and Defendant HACS violated California Labor Code § 1102.5 by retaliating against him for reporting the incidents. He also claims that they constructively terminated him and that such termination constitutes retaliatory harassment. Plaintiff Ventress further alleges that this constructive termination violates California Government Code § 12940(k), California Labor Code § 1102.5, 49 U.S.C. § 40101(d)(1)-(2), and 49 U.S.C. § 42121. He also makes claims for intentional infliction of emotional distress and negligent infliction of emotional distress.

Plaintiff HACS filed the instant Motion on May 18,

2

2005, seeking an order compelling arbitration pursuant to the American Arbitration Association's ("AAA") Commercial Arbitration Rules ("Commercial Rules"), as specified in the contract between Plaintiff Ventress and Defendant HACS ("HACS-Ventress Contract"), rather than the National Rules for the Resolution of Employment Disputes ("Employment Rules"), which the AAA intends to apply. Defendant HACS argues that: the HACS-Ventress Contract is not an employment plan under the Employment Rules; AAA's decision to apply the Employment Rules is unilateral and outcome determinative, seeking to relieve Plaintiff Ventress of fees and charges that would otherwise be applicable; and the Commercial Rules and Employment Rules are materially different. [Mem. in Supp. at 1, 4-5.] AAA has stated that it will abide by the Court's ruling. [Motion, Exh. O.] Defendants JAL filed a statement of no position on June 3, 2005.

On July 15, 2005, Plaintiff Ventress filed a memorandum in opposition, arguing that the Employment Rules should apply. He argues that Defendant HACS has already breached the HACS-Ventress Contract by failing to amend the contract to reflect the formation of JALways Company, Ltd. and by initially pursuing arbitration with Dispute Prevention Resolution, Inc. rather than AAA. Plaintiff Ventress contends that the HACS-Ventress Contract is an employment contract and emphasizes that his claims involve labor and employment violations. He also argues that applying

the Commercial Rules will increase costs because the Commercial Rules require the use of three arbitrators while the Employment Rules require only one.

In its July 20, 2005 reply memorandum, Defendant HACS emphasized that Plaintiff Ventress did not contest the basic argument that the arbitration should be conducted in accordance with the terms of the HACS-Ventress Contract. Defendant HACS also notes that the contract calls for arbitration before a single arbitrator under the Commercial Rules.

## DISCUSSION

It is well settled that parties may "specify by contract the rules under which . . . arbitration will be conducted." Volt Info. Scis., Inc. v. Bd. of Trs. of the Leland Stanford Junior Univ., 489 U.S. 468, 479 (1989). The HACS-Ventress Contract specifies that the Commercial Rules shall apply to arbitrations of disputes concerning the contract. The HACS-Ventress Contract also contains a choice of law provision stating that Hawai`i State law applies.

Hawai`i law recognizes a strong public policy in favor of arbitration and, where parties have an enforceable agreement to arbitrate, the courts' powers are limited by Hawai`i Revised Statutes Chapter 658A. Cf. Bateman Constr., Inc. v. Haitsuka Bros., Ltd., 77 Hawai`i 481, 484, 889 P.2d 58, 61 (1995) (concerning Chapter 658, predecessor to Chapter 658A). Section

658A-7(a) provides, in pertinent part:

> (a) On motion of a person showing an agreement to arbitrate and alleging another person's refusal to arbitrate pursuant to the agreement:
> . . . .
> (2) If the refusing party opposes the motion, the court shall proceed summarily to decide the issue and order the parties to arbitrate unless it finds that there is no enforceable agreement to arbitrate.

Haw. Rev. Stat. § 658A-7(a). Section 658A-6(a) states: "An agreement contained in a record to submit to arbitration any existing or subsequent controversy arising between the parties to the agreement is valid, enforceable, and irrevocable except upon a ground that exists at law or in equity for the revocation of a contract." Haw. Rev. Stat. § 658A-6(a).

On November 16, 2004, this Court entered a stipulation and order staying the case pending arbitration between Plaintiff Ventress and Defendant HACS. The stipulation and order recognizes that there is an enforceable agreement to arbitrate. This Court is therefore bound to enforce the terms of HACS-Ventress Contract. Although there are valid reasons to apply the Employment Rules to the pending arbitration, the Court may not substitute its own judgment for the terms that the parties bargained for and agreed upon. The HACS-Ventress Contract clearly shows that the parties intended that the Commercial Rules apply. In fact, the Employment Rules, which were promulgated in 1996, did not even exist when they executed the contract in 1992.

This Court cannot override the parties' clearly expressed intent.

### CONCLUSION

On the basis of the foregoing, Defendant HACS's Motion to Compel Arbitration Pursuant to the Terms of the Contract between Plaintiff Martin Ventress and Defendant Hawai'i Aviation Contract Service, Inc., filed on May 18, 2005, is HEREBY GRANTED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI'I, 7/28/05.

_____
LESLIE E. KOBAYASHI
UNITED STATES MAGISTRATE JUDGE

MARTIN VENTRESS, ET AL. V. JAPAN AIRLINES, ET AL; CIVIL NO. 03-00451 SPK-LEK; ORDER GRANTING DEFENDANT HAWAI'I AVIATION CONTRACT SERVICES, INC.'S MOTION TO COMPEL ARBITRATION PURSUANT TO THE TERMS OF THE CONTRACT BETWEEN PLAINTIFF MARTIN VENTRESS AND DEFENDANT HAWAI'I AVIATION CONTRACT SERVICE, INC.