Wednesday, March 2, 2005

<u>Via U.S. Certified Mail</u>

Honorable Magistrate Judge Leslie E. Kobayashi
United States District Court
District of Hawaii
300 Ala Moana Blvd., Room C-353
Honolulu, Hawaii 96850

Martin Ventress
5042 Wilshire Blvd., #310
Los Angeles, California 90036
Tel. # (323) 842-8629

Re: <u>Ventress v. Japan Airlines et al: Civ. No. 03-00451 SPK-LEK</u>

Dear Magistrate Judge Kobayashi:

I am in receipt of your order dated, February 14, 2005. I will comply with your order as It is so ordered.

With ex parte communication clearly on my mind, I attempted to serve the other party (Carl Osaki) by sending a U.S. Certified Mail Postage letter; however, after the second notification by the U.S. Postal Service, the letter was returned to me as "unclaimed". I inquired of the Post Office, who verified the correct address; the Postal Representative explained, it appears the receiving party did not want to claim, or accept the letter, therefore, it returned to me "unclaimed". (See attachment)

Mr. Osaki finally replied to the Demand for Arbitration by the American Arbitration Association (AAA). However, in violation of the ex parte communication, Mr. Osaki, an attorney at law in the State of Hawaii, inadvertently, did not copy me the letter he sent to Mr. William Chang, the AAA Case Manager. (See attachment)

The case now appears to be with the International Centre for Dispute Resolutions (ICDR) Division of the AAA. With the arbitration in process with the ICDR, I do not understand the jurisdiction of the U.S. District Court of Hawaii, pursuant to the arbitration clause in the employment contract:

<u>*This is the sole legal remedy VENTRESS and HACS shall have with respect to any disputes arising from this agreement, i.e.,* **each party hereby waives his or its rights to seek redress in any court system** *that might otherwise be available to him or it.*</u>


EXHIBIT C

Judge Kobayashi
March 2, 2005
Page 2


In 1926, the AAA was created primarily to relieve the burden from the court system. This case has consumed too much of the court's time. With an express written arbitration clause in my contract, the ICDR explained this matter is officially in accordance with the law, and under the Rules of the AAA. Therefore, it is unclear to me, whether this matter remains under your jurisdiction. Respectfully, if it remains in your jurisdiction, pursuant to what rule or motion?

My former attorney Ms. Carpenter-Asui with Mr. Osaki "stipulated" this arbitration, to use the Dispute Prevention Resolution (DPR) Inc. of Honolulu, Hawaii, instead of the American Arbitration Association. I did not sign or agree to this unauthorized arbitration. Nonetheless, the arbitration would be under your jurisdiction. I raise this issue in regards to a Scheduled Hearing on May 9, 2005, before you, in the U.S. District Court in Hawaii. I do not understand how I am in this predicament. Does the U.S. District Court require me to attend this Hearing?

I wrote a letter to Mr. Osaki dated, February 18, 2005. I sent, via U.S. Certified Mail and facsimile, a request for the Production of Documents.

According to the AAA Western Case Management Center in California, and more importantly, the AAA Corporate Headquarters in New York, **neither office were able to verify an approved Arbitration Dispute Resolution (ADR) Plan for Hawaii Aviation Contract Services.** This could be an oversight by the AAA; therefore, I requested HACS produce the ADR Plan required by the lawful employment contract. The AAA explains:


\*\*\* **If an employer (in this case HACS) intends to utilize the dispute resolution services of the AAA in an employment ADR plan, it shall, at least 30 days prior to the planned effective date of the program:**

**(1) Notify the AAA of its intention to do so; and**

**(2) Provide the AAA with a copy of the employment dispute resolution plan.**
**If an employer does not comply with this requirement, the AAA reserves the right to decline its administrative services.**


**Furthermore, in an attempt to gain employment, it is imperative that I have in my possession, verification of previous employment records; in addition, any attempt of employment in my chosen profession in aviation, require medical records.**

Judge Kobayashi
March 2, 2005
Page 3

Since HACS is my former employer, they would have these documents readily available. Therefore, at my expense, I have requested Mr. Osaki provide copies of the following:

(1) **The original copy of the entire employment dispute resolution plan**; also known as the **employment alternative dispute resolution (ADR) plan.**

(2) Any and all copies of **employment records** with HACS, including any records relating to Japan Airlines, JALways Co., and Japan Air Charter.

(3) Any and all copies of **medical records** from HACS including, but not limited to, Japan Airlines, and its' subsidiary companies, to include Japan Airlines Medical Department.

**This request is of utmost importance to my family, as we are currently on welfare in California, and we have no health insurance. I am without any means of income.**

I requested Mr. Osaki respond to the request for Production of Documents, no later than **Monday, February 28, 2005,** to avoid a motion to compel.

Your Honor, I am currently in discussions with the Johnnie Cochran Law firm in Los Angeles, CA. I am arranging to have my documents released from Ms. Carpenter-Asui, and sent to Los Angeles for the Cochran Firm to review. As required, I will keep the court informed as soon as I retain counsel.

Very truly yours,

*Martin Ventress*

Martin Ventress

cc: Hawaii State Bar Association
    CARL H. OSAKI, Esq.