Office of Disciplinary Counsel
1132 Bishop Street, Suite 300
Honolulu, Hawai'i 96813
Telephone (808) 521-4591

Chief Disciplinary Counsel
 Carole R. Richelieu
Assistant Disciplinary Counsel
 Charles H. Hite
 Michael T. Lee
 Geoffrey M. Kam
 Yvonne R. Shinmura
Of Counsel
 Alvin T. Ito
 Magali V. Sunderland*
  *A Law Corporation
Investigator
 Fred Oishi
Research Paralegals
 Darryn J. Manuel
 Lisa Lemon-Monville



Disciplinary Board
Chairperson
Charles T. Kleintop
Vice Chairperson
Diane D. Hastert
Secretary
Lynn H. Higashi
Treasurer
Richard A. Coons, CPA

Rustam A. Barbee
Richard A. Chamberlin, Ph.D.
Corlis J. Chang
Chief Lee D. Donohue (Ret.)
Gary M. Farkas, Ph.D., MBA
Hon. Leslie A. Hayashi
Joyce Ingram-Chinn, Ph.D.
Hon. Evelyn B. Lance (Ret.)
Hon. Clifford L. Nakea (Ret.)
Dean E. Ochiai
Blake T. Okimoto
Jean E. Rolles, CPM
Carroll S. Taylor
Thomas D. Welch, Jr.

January 17, 2006        CONFIDENTIAL

Mr. Martin Ventress
5042 Wilshire Blvd., #310
Los Angeles, California  90036

Re:  Carl H. Osaki

Dear Mr. Ventress:

This will acknowledge receipt on January 9, 2006, of your renewed
ethics grievance (and attachments) regarding attorney Carl H. Osaki.

Your January 3, 2006 grievance is very similar, however, to your
November 2005 grievance.  As we explained in our letter of December
2, 2005, this office cannot handle legal disputes.

By copy of this letter, we are routinely apprising Mr. Osaki of your
contact with this office.

Very truly yours,

CAROLE R. RICHELIEU
Chief Disciplinary Counsel

CRR:dlh

cc:  Carl H. Osaki, Esq.

EXHIBIT _E_

COMPLAINT REGARDING ATTORNEY CARL H. OSAKI, ESQ.

January 3, 2006

Supreme Court of Hawaii
Office of Disciplinary Counsel
1132 Bishop Street, Suite 300
Honolulu, Hawaii 96813

OFFICE OF DISCIPLINARY COUNSEL

R E C E I V E D

9        Jan        2006
DAY      MONTH      YEAR

TIME  10:45am  BY  uu

RE: **Ethics Violations by Carl H. Osaki**

I hereby lodge an official complaint against Carl H. Osaki, Esq.,
who is licensed in the State of Hawaii, and therefore subject to the
Hawaii Office of Disciplinary Counsel.

**Nature of the complaint:**

This complaint serves as a "Revised Complaint" against Carl H. Osaki, Esq.,
from the 'original complaint' made on November 28, 2005. In the complaint
of November 28, 2005, I reported both Mr. Osaki, and his clients, Hawaii
Aviation Contract Services, Inc., (**"HACS"**). In this "Revised Complaint",
I hereby lodge grievances against Carl H. Osaki, Esq. (see attached exhibits)
        I was encouraged by the letter I received from Governor Linda Lingle,
to contact Congress about this matter. Therefore, a full report regarding
Mr. Osaki and his clients HACS, et al., was sent to the following:

    U.S. State Department
    U.S. Department of Justice
    Bureau of International Labor Affairs
    U.S. Senate Committee on Foreign Affairs
    U.S. Senate Sub-Committee on Aviation
    U.S. Senate Subcommittee on Employment and Workplace Safety
    U.S. House Committee on International Relations (Asia and Pacific)
    American Bar Association, Hawaii State Bar Association
    California State Senators: Barbara Boxer and Dianne Feinstein
    Hawaii State Senators: Daniel Inouye and Daniel Akaka
    Japan Bar Association; Japan Institute of Int'l. Affairs (JIIA); Japans
    Ministry of Justice; Ministry of Foreign Affairs; Ministry of Labor;
    JCAB (analogous to FAA); International Air Transport Association,
    (IATA); International Civil Aviation Organization (ICAO)

## MR. OSAKI REFUSES TO RELEASE PILOT RECORDS

I am compelled to reiterate my frustration by the blatant refusal of Carl Osaki to release my Pilot Records. Under U.S. Federal Statute:

§ 44936. Employment investigations (The Pilot Records Improvement Act – ("PRIA") and § 44703. Records of Employment of Pilot Applicants

In **Mr. Osaki's** letter of March 2, 2005, he claims HACS intends to comply with the requirements of the PRIA; however, he goes on to state, "**HACS will not simply hand over such records to you [me]**", **especially because HACS does not know how you will use them**. The PRIA assures the right to access such records, to ensure they have not been tampered with. By refusing to "hand over" my Pilot Records, **Mr. Osaki** has intentionally hindered my ability to gain employment that is the cause of the financial hardship on my family, and my financial ability to afford legal counsel to seek redress against his clients. For this cause I represent myself Pro Se.

## MR. OSAKI'S ATTEMPT TO BREACH CONTRACT

My employment contract with HACS contains an arbitration clause that states:

*d. In the event of any dispute between the parties hereto, the dispute shall be submitted to the American Arbitration Association ("AAA") and be decided by neutral binding arbitration before a single arbitrator in accordance with the Commercial Arbitration Rules of the AAA.*

Instead of honoring this legal document pursuant to the terms of the contract and submit disputes with the **AAA**, my former counselor Venetia Carpenter-Asui and **Mr. Osaki**, sought to arbitrate my disputes with the "local" Hawaii Dispute Prevention and Resolution (**"DPR"**).

In the Declaration of Venetia K. Carpenter-Asui, dated January 24, 2005:

> *"The Counsels in this matter have been actively engaged in the selection of a mutually agreed upon arbitrator for the arbitration of this case. Names of potential arbitrators have been exchanged and discussed as well as ongoing discussion regarding use of the Dispute Prevention Resolution, Inc. in Honolulu, Hawaii, instead of the American Arbitration Association ("AAA") in the State of California to save expenses".*

The Counsels Ms. Carpenter-Asui refers to are her and **Mr. Osaki**. Nonetheless, on May 18, 2005, just one (1) day after the Judge Ezra decision, **Mr. Osaki** filed a Motion to Compel Arbitration pursuant to the terms of the HACS-Ventress contract. The same contract Mr. Osaki ignored when he sought to use the DPR. In **Mr. Osaki's** letter of May 24, 2005 to the AAA, **Mr. Osaki** claims he and Ms. Carpenter-Asui, "never discussed potential arbitrators". Apparently, **one of the two counselors is being untruthful**.

**Mr. Osaki** now seeks to recover all the attorneys' fees/cost it has incurred in defending against the civil action and in enforcing the arbitration provision of my contract. None of the unnecessary fees/costs would have incurred in relation to **Mr. Osaki's** deliberate attempt to use the DPR, instead of AAA. Fact is certain costly attorney fees are determined by the rules of the AAA. I never agreed to use the DPR. This attempt to breach the HACS- Ventress contract by **Mr. Osaki** further delayed the arbitration process; in addition, it burdened an already "backlogged" Hawaii State court docket.

### MR. OSAKI AND THE U.S. DISTRICT COURT OF HAWAII

In a similar case involving **Mr. Osaki (CV NO. 04-00707 DAE-LEK)**, **Chief Justice Judge David A. Ezra**, Granted Plaintiff's Motion to Compel Arbitration (May 17, 2005). In that case, **Mr. Osaki** argued the same points as in my case, regarding filing the initial complaints in the federal court. Judge Ezra disagreed with **Mr. Osaki** then (eight months ago).

Hawaii attorney David Simmons on behalf of his client Bruce Schoggen (identical contract as Ventress), filed a **Demand for Arbitration** against HACS. The AAA granted Mr. Simmons the similar internal policy use of the National Employment Rules, because this is an **employment** dispute, in an **employment** contract, thus **employment** rules apply. It is unethical that **Mr. Osaki** filed a motion to compel arbitration pursuant to the terms of the HACS-Ventress contract before **Judge Kobayashi**; conversely, **Mr. Osaki** **has not filed the same motion** to compel arbitration pursuant to the terms of the HACS-Schoggen contract before **Judge Ezra**:

Whereas, **Judge Kobayashi** GRANTED Defendants HACS motion to compel arbitration pursuant to the terms of the **HACS-Ventress** contract.
Whereas, **Chief Justice Judge Ezra** GRANTED Plaintiff's motion to compel arbitration pursuant to the terms of the **HACS-Schoggen** contract. Appears Mr. Osaki's attempts to use the Hawaii court system is in question.

Furthermore, Judge Kobayashi admonished me early last year for ex-parte communication. However, in my attempt to contact **Mr. Osaki** by U.S. Certified Mail, the mail returned to me by reason checked "Unclaimed", after three (3) attempts in January 2005. On February 16, 2005, **Mr. Osaki** inadvertently did not copy me on a letter to the ICDR. The next day he sent me a copy of the letter. Whether or not he was admonished, I do not know.

## CONSPIRACY AGAINST RIGHTS

### (PURSUANT TO U.S.C. TITLE 18; SECTION 241 and 242)
### (Department of Justice; Investigated by the FBI)

**It is unlawful for two or more persons to conspire to... (Mr. Osaki, HACS, et al.)**

As an Officer of the Court, Mr. Osaki's involvement, in concert with his client HACS, et al., have conspired to oppress, threaten, and intimidate, in my free exercise and enjoyment of right and privilege secured to me by the Constitution and laws of the United States of America.

When I warned management of Jeff Bicknell illness (brain cancer) and later wrote Safety Reports describing the near fatal airplane accident it caused, I became the victim of revenge by my former employer. As a U. S. Citizen, it is my duty to warn the government against any foreign activity that proves to be fraudulent even at the risk of retaliation in doing so. **This is why I was DENIED Unemployment Benefits by the Hawaii Unemployment Office.**

By virtue of retaliation through harassment, mental anguish caused by the financial hardship, make it near impossible to free exercise and enjoyment of right and privilege secured to me by the Constitution. Mr. Osaki's countless efforts to prevent the relevant facts surrounding my disputes from ever being reviewed by an unbiased, impartial, dispassionate and neutral arbitrator indicates doubt in the ability for Mr. Osaki to prevail.

Mr. Osaki, his client HACS, et al., through fraudulent, deception, calculated means, has set up a veil to shield itself from American liability. By use of Contracts & Indemnification Agreements between HACS and JALways, it is clear that JALways controls the "manner and means" of the pilots every action at work. By the written promise to cooperate with each other in the event of any investigations, lawsuit, administrative complaints, grievances, and any other foes; by the written agreement not to sue each other.

This allows Mr. Osaki, to point the finger at JALways, asserting its immunity as a sovereign nation, in assigning blame for my disputes. This constitutes fraud against the American legal system that is supposed to give parties an opportunity to bring claims to the U. S. Court System.

In this scheme, Mr. Osaki protects his client HACS, who in turn protects JALways. In doing so, JALways compensates HACS, and pays its legal fees; moreover, HACS and JALways escape ALL liability from my attempt to seek redress of grievances guaranteed by the Constitution. This (fraud) appears to work well in the State of Hawaii, because of local "favoritism".

For the reasons of my disputes against their clients, methods of intimidation, by a demand for me to withdraw all charges against their clients, or face a countersuit for malicious prosecution, which they assured me they would prevail; threatening me with an attorney's lien; subjecting me to frivolous counterclaims based on false allegations that violate Constitutional rights to seek redress of grievances; moreover, Mr. Osaki's and clients are guilty of obstruction of justice…To deprive any person of life, liberty, or property, without due process of law; or deny to any person within its jurisdiction the equal protection of the laws… IS UNCONSTITUTIONAL!

**Conspiracy against my Rights** began during the cover-up surrounding the illness of Jeff Bicknell that included Gross Negligence of Air Safety, Whistleblowing, Retaliation, Harassment, Libel, Wrongful Termination, Prejudice, Discrimination, Perjury, Breach of Contract, Fraud upon the American Legal System, and misuse of an International Treaty. Sufficient documentation is available, supported by a Witness List committed to justice.

JALways, as joint or actual employer, seeks immunity under an International Treaty to justify **wrongful termination** of American pilots, **who they did not hire in the first place,** constitutes manifest error in law and fact. Therefore, the case is validated against JALways, and currently in the jurisdiction of the Ninth Circuit Court of Appeals. Regarding HACS, the matter is finally under the authority of the American Arbitration Association in New York.

Perhaps Governor Lingle is right in suggesting this matter goes beyond Hawaii State jurisdiction, and should be measured from the federal level. So much political favoritism makes it difficult for a "mainlander" (or haole) to receive equal justice under the law, as evidenced by over 4-years of the waiting game. Nonetheless, I make this complaint a matter of Public Record.

I find **Mr. Osaki's** behavior unprofessional by accusing me of fabricating the Jeff Bicknell tragedy. Mr. Bicknell did not fake brain cancer and die from it; he later accused me of being vexatious and frivolous; he now questions my mental condition; his latest claim is that I am a Conspirator.

I find **Mr. Osaki's** unethical demands from the AAA a stall tactic that has "tied up" the United States District Court of Hawaii an additional one year. This coming June (2006) will mark five (5) years since I reported the Jeff Bicknell tragedy. **Mr. Osaki** certainly proves to be the master of the stall.

Initially in Hawaii, **Mr. Osaki objected** the use of the AAA; when he instead, sought an unauthorized attempt to use the DPR. For this deception, I was compelled to file the Demand for Arbitration with the AAA pursuant to the clause in my contract with his client HACS.

The AAA finally began the arbitration process, proceeded to administer an Internal Policy use of its Employment Rules, because this is an **Employment** dispute, in an **Employment** contract, thus **Employment** rules apply. **Mr. Osaki objected**, because the contract stipulates Commercial Rules apply, as Employment rules were not in affect at the time of the contract signing.

**Mr. Osaki objected** to the AAA policy to use its International Centre for Dispute Resolutions ("ICDR"). **Mr. Osaki** claimed there was **"no foreign parties"** to this arbitration. Certainly, the simple reading of the HACS Pilot contract with JALways concludes the obvious foreign relationship.

**Mr. Osaki objected** to an AAA's list of (6) potential arbitrators. Mr. Osaki instead, wanted a list of ten (10) names of potential arbitrators that had to reside in Hawaii; at his own admission he knew of only (3) AAA names.

On December 17, 2004, in accordance with the AAA Fee Waiver / Pro Bono Services, I requested the **Hardship Provision,** where the inability of one party to pay the arbitrator may prevent the case from going forward. After careful review of the required financial statements, the AAA granted my hardship request. **Mr. Osaki objected,** and required a written explanation from the AAA, the terms in which that hardship was granted.

**Mr. Osaki objected** to any other location outside of the State of Hawaii to conduct this arbitration, **before** the opposing party [me] had an opportunity to express my preference, in which the guidelines of the AAA provides.

## DECLARATION OF MARTIN VENTRESS

I, MARTIN VENTRESS, state that:

The chain of events that gave rise to my disputes against Mr. Osaki's client HACS, et al., which is the Jeff Bicknell tragedy, is the direct result for my oppressive condition. <u>I have suffered the following mental anguish and financial hardships</u> that includes, but is not limited to:

(1) Filing Bankruptcy
(2) Eviction (lack of funds) when placed leave-of absence (LOA) Without pay (LOA was for one year before termination)
(3) Hawaii Unemployment Benefit Denied
   (HACS claimed termination was for <u>misconduct related work</u>)
(4) Unable to repay Internal Revenue Service
(5) Unable to repay California State Tax Franchise Board
(6) Unable to pay California Child Support
(7) <u>Children on welfare, food stamps, California Section 8 Housing</u>
(8) No Health Insurance, No Dental Insurance, No Life Insurance
(9) <u>No Job, No Car, No Home, and No Money</u>
(10)  Depend on borrowed money and have No Credit
(11)  Unpaid medical bills associated with JALways requests
(12)  Intimidation letters from JALways threatening countersuit claims against me for malicious prosecution.
(13)  <u>HACS refuses to release my pilot records</u>, thereby violate, U.S.C. Title 49 Section 44936 (Pilot Records Improvement Act)
(14)  Defamation of character (libelous)
(15)  Most importantly, I am unable to provide for my family.

Therefore, I respectfully request that the Office of Disciplinary Counsel examine the aforementioned complaints against Carl H. Osaki, Esq. Thank you for your consideration in this matter.

I, MARTIN VENTRESS, declare the foregoing is true and correct.

DATED:    <u>January 3, 2006</u>

*Martin Ventress*
MARTIN VENTRESS



EXECUTIVE CHAMBERS

HONOLULU

LINDA LINGLE
GOVERNOR

November 28, 2005

Mr. Martin Ventress
5042 Wilshire Boulevard, #310
Los Angeles, CA 90036

Dear Mr. Ventress:

Thank you for your letter of October 31, 2005 regarding Japan Airlines and the FCN Treaty. While I remain committed to restoring trust and integrity in State government, the matter you raise appears to be one that should be addressed at the federal level. I therefore encourage you to contact your representative(s) in Congress about the treaty and its effect on employees.

You may also wish to consider contacting a private attorney about a potential recourse through the courts.

I appreciate your bringing this situation to my attention.

Sincerely,

LINDA LINGLE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 1 7 2005

at __ o'clock and __ min. __
WALTER A.Y.H. CHINN, CLERK

BRUCE G. SCHOGGEN,          )          CV NO. 04-00707 DAE LEK
                           )
          Plaintiff,        )
                           )
     vs.                    )
                           )
HAWAII AVIATION CONTRACT    )
SERVICES; JAPAN AIRLINES;   )
JALWAYS CO., LTD., a subsidiary )
of Japan Airlines; and DOES 1-10, )
                           )
          Defendants.       )
_____ )

ORDER GRANTING PLAINTIFF'S MOTION TO
COMPEL ARBITRATION; DISMISSING THE CASE WITHOUT
PREJUDICE; AND DENYING ALL PENDING MOTIONS AS MOOT

The Court heard Plaintiff's Motion on March 30, 2005. David

Simons, Esq., appeared at the hearing on behalf of Plaintiff; Carl Osaki, Esq.,

appeared at the hearing on behalf of Defendant Hawaii Aviation Contract

Services, Inc.; Joseph Kotowski appeared at the hearing on behalf of Defendants

Japan Airlines and Jalways Co., Ltd.. After reviewing the motion and the

supporting and opposing memoranda, the Court GRANTS Plaintiff's Motion to

Compel Arbitration; DISMISSES WITHOUT PREJUDICE the case; and DENIES

all pending motions as moot.

chance that any issues are left unresolved by those proceedings. The Court refuses to do so. Rather, the Court DISMISSES WITHOUT PREJUDICE the case in light of the arbitration proceedings. Should Plaintiff feel that issues still remain following arbitration, he may file a new lawsuit with this Court at that point. Furthermore, all pending motions in this case are hereby DENIED as moot.

<u>CONCLUSION</u>

For the reasons stated above, the Court GRANTS Plaintiff's Motion to Compel Arbitration; DISMISSES WITHOUT PREJUDICE the case; and DENIES all pending motions as moot.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii,    MAY   7 2005        .

_____
DAVID ALAN EZRA
CHIEF UNITED STATES DISTRICT JUDGE

<u>Bruce G. Schoggen v. Hawaii Aviation Contract Services, et al.</u>, CV NO. 04-00707 DAE-LEK; ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL ARBITRATION; DISMISSING THE CASE WITHOUT PREJUDICE; AND DENYING ALL PENDING MOTIONS AS MOOT

CARL H. OSAKI        4008-0
Attorney At Law, A Law Corporation
Pioneer Plaza, Suite 1510
900 Fort Street
Honolulu, Hawaii  96813
Telephone:  (808) 528-4666

Attorney for Defendant
HAWAII AVIATION CONTRACT
SERVICES, INC.

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 1 6 2005

at ___ o'clock and ___ min. ___ M
WALTER A.Y.H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARTIN VENTRESS and<br>JACK CRAWFORD,<br><br>        Plaintiffs,<br><br>    vs.<br><br>JAPAN AIRLINES; JALWAYS CO.,<br>LTD., a subsidiary of Japan<br>Airlines; HAWAII AVIATION<br>CONTRACT SERVICES, INC.;<br>and DOES 1-10,<br><br>        Defendants. | CIVIL NO. CV 03-451  SPK-LEK<br><br>NOTICE OF HEARING MOTION;<br>DEFENDANT HAWAII AVIATION<br>CONTRACT SERVICES, INC.'S<br>MOTION TO COMPEL ARBITRATION<br>PURSUANT TO THE TERMS OF THE<br>CONTRACT BETWEEN PLAINTIFF<br>MARTIN VENTRESS AND DEFENDANT<br>HAWAII AVIATION CONTRACT<br>SERVICES, INC.; MEMORANDUM IN<br>SUPPORT OF MOTION; AFFIDAVIT<br>OF CARL H. OSAKI; EXHIBITS<br>A-Q; EXHIBIT 1; CERTIFICATE<br>OF SERVICE<br><br>DATE:    July 11, 2005<br><br>TIME:    10:30 a.m.<br><br>JUDGE:   Leslie E. Kobayashi |

NOTICE OF HEARING MOTION

TO:  MR. MARTIN VENTRESS
     5042 Wilshire Boulevard, #310
     Los Angeles, CA 90036

     Pro Se

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MARTIN VENTRESS, | ) | Civil No. 03-00451 SPK LEK |
| | ) | |
| Plaintiff, | ) | DECLARATION OF VENETIA K. |
| | ) | CARPENTER-ASUI |
| vs. | ) | |
| | ) | |
| JAPAN AIRLINES, JALWAYS, | ) | |
| HAWAII AVIATION CONTRACT | ) | |
| SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DECLARATION OF VENETIA K. CARPENTER-ASUI

I, Venetia K. Carpenter-Asui, state that:

1.     I am the attorney for Plaintiff Martin Ventress in the above described action, and am duly licensed to practice before all Courts in the State of Hawaii.

2.     On May 28, 2004, I was retained and agreed to represent Plaintiff Martin Ventress in the above entitled matter.

3.     The Counsels in this matter have been actively engaged in the selection of a mutually agreed upon arbitrator for the arbitration of this case. Names of potential arbitrators have been exchanged and discussed, as well as ongoing discussion regarding use of the Dispute Prevention Resolution, Inc. in Honolulu, Hawaii, instead of the American Arbitration Association ("AAA") in the State of California to save expenses.

## CARL H. OSAKI

*Attorney At Law, A Law Corporation*
Pioneer Plaza, Suite 1510
900 Fort Street
Honolulu, Hawaii 96813
Telephone: (808) 528-4666
Facsimile: (808) 529-0764

May 24, 2005

VIA Facsimile - (212) 246-7274

Mr. William Chang
International Case Manager
International Centre for Dispute Resolution
1633 Broadway, 10th Floor
New York, NY 10019

    RE: Ventress v. Hawaii Aviation Contract Services, Inc.
       Case Number:  50 116 T 00587 04

Dear Mr. Chang:

   I have in hand Mr. Ventress' letter of May 23, 2005.

   First, he refers to his former attorney's motion to withdraw, which correctly characterizes the May 9, 2005 conference that Mr. Ventress failed to attend as a status conference.

   Second, I am attaching the correspondence I had with Ms. Carpenter-Asui regarding the arbitration and the potential arbitrator. She notified me that Mr. Ventress had agreed to arbitrate on September 15, 2004. See Exhibit A. It took until November 16, 2004, for the stipulation to be filed in court. See Exhibit B. On December 3, 2004, she sent me three names of potential American Arbitration Association ("AAA") arbitrators, all from the same firm. See Exhibit C (Gerald S. Clay, Charles Crumpton and Robert Chapman). I deferred on making a decision, pending receipt of a complete list of AAA neutrals. See Exhibit D (also noting procedures under the Commercial Rules). On December 20, 2004, Ms. Carpenter-Asui responded that she, too, was not able to obtain a complete list of AAA neutrals. See Exhibit E. That same day, I replied that my own effort to obtain such a list was also not successful, and that I had been informed that such a list would not be available until after an arbitration was initiated. See Exhibit F. I then deferred on any decision on an arbitrator, pending initiation of an arbitration and receipt of a list of neutrals from the AAA. Id. One week later, I received notice that Mr. Ventress had initiated this arbitration. See Exhibit G.

   Thus, Ms. Carpenter-Asui and I never discussed potential arbitrators because of our inability to access the AAA's complete list of potential arbitrators. Only Mr. Clay's name was identified by Ms. Carpenter-Asui, which is on the list you sent out on May 16, 2005. More to the point, Ms. Carpenter-Asui proposed the three names in her letter of December 3, 2004,

b.    Unless otherwise required by clear definition of conflicts of law, the choice of law for any dispute arising from this AGREEMENT shall be the law of the State of Hawaii and, if applicable, the law of the United States of America.

c.    HACS will insure that VENTRESS will be covered by both Workman's Compensation and Temporary Disability insurance and any other coverage required by the Hawaii Revised Statutes.

d.    In the event of any dispute between the parties hereto, the dispute shall be submitted to the American Arbitration Association and be decided by neutral binding arbitration before a single arbitrator in accordance with the Commercial Arbitration Rules of the American Arbitration Association.  The arbitrator shall construe this Agreement and the rights of the parties hereunder in accordance with the laws of the State of Hawaii , U.S.A. Any decisions made by the arbitrator shall be deemed binding for the purposes of this Agreement and are not appealable.    Costs and expenses incurred shall be borne in accordance with the decisions made by the arbitrator.  This is the sole legal remedy VENTRESS and HACS shall have with respect to any disputes arising from this agreement, i.e., each party hereby waives his or its rights to seek redress in any court system that might otherwise be available to him or it.  The decision of the arbitrator shall be non-appealable.  Judgement upon the award rendered by the arbitrator may be entered in any court having jurisdiction thereof.

6.    Future Hiring

a.    VENTRESS, subsequent to the execution of this AGREEMENT, shall not be hired by JAZ directly or indirectly through any subsidiary of Japan Airlines or JAZ during the term of this AGREEMENT.

7.    Termination of CREWMEMBERS

a.    Assignment of VENTRESS to JAZ shall be terminated on the date VENTRESS refuses or fails to maintain required qualification. (See Paragraph 2 (l))

6

understands that HACS has the right to recover special damages in addition to the liquidated damages provided for in paragraph 9 b,c. VENTRESS further understands that he may be liable for punitive damages if he fails to give notice as set forth in paragraph 9.a.

10. VENTRESS understands that the Appendices A,B,C & D attached hereto are incorporated by reference and made a part hereof.

IN WITNESS WHEREOF, the parties hereto have executed this contract this 19th day of OCT ,1992.

HAWAII AVIATION CONTRACT SERVICES, INC.

By: _John S. Carroll_
JOHN S. CARROLL
President

By: _Martin Michael Ventress_
MARTIN MICHAEL VENTRESS

8

INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION

STATE OF NEW YORK

| | | |
|---|---|---|
| MARTIN VENTRESS, | ) | CASE NO. 50-116-T-00587-04 |
| | ) | |
| Claimant, | ) | RESPONDENT HAWAII AVIATION |
| | ) | CONTRACT SERVICES, INC.'S |
| vs. | ) | COUNTERCLAIM AGAINST CLAIMANT |
| | ) | MARTIN VENTRESS |
| HAWAII AVIATION CONTRACT | ) | |
| SERVICES, INC., | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

RESPONDENT HAWAII AVIATION CONTRACT SERVICES, INC.'S
COUNTERCLAIM AGAINST CLAIMANT MARTIN VENTRESS

Ventress has now admitted that the claims he asserted against HACS in the federal courts should have been arbitrated. See Exhibit K (at its Exhibit A, where Ventress states: "This case should have been submitted under the [arbitration] clause of my employment contract.").

HACS, therefore, seeks to recover all of the attorneys' fees and costs it has incurred in defending against the improperly filed civil action and in enforcing the arbitration provision of his contract. None of the fees and costs incurred in relation to the federal court litigation should have been necessitated in the first instance. The civil litigation fomented by Ventress was vexatious and frivolous. HACS will prove the amount of the fees and costs it has incurred -- and which it will incur because the civil action is proceeding through an appeal in which HACS is identified as an appellee even

**CARL H. OSAKI**

*Attorney At Law, A Law Corporation*
Pioneer Plaza, Suite 1510
900 Fort Street
Honolulu, Hawaii 96813
Telephone: (808) 528-4666
Facsimile: (808) 529-0764

March 2, 2005

Mr. Martin Ventress
5042 Wilshire Boulevard, #310
Los Angeles, CA 90036

RE:    Ventress v. Hawaii Aviation Contract Services, Inc.
       Case Number:        50 116 T 00587 04

Dear Mr. Ventress:

I am in receipt of your letter of February 18, 2005. Although it states that it was sent via facsimile transmission, as well as mailed via certified mail, I never received a facsimile transmitted copy. I obtained the mailing via certified mail on March 2, 2005.

In the future, please serve documents pursuant to Rule 39 of the Commercial Rules. In addition, if you represent that you have sent documents via facsimile, please be sure that you do so.

I do not know the source for the quoted portion of your letter. However, and even assuming that the quoted language exists somewhere in the literature of the American Arbitration Association ("AAA"), I do not believe that the language means what you say.

As I interpret the language that you quote, the AAA desires employers who promulgate and implement alternative dispute resolution ("ADR") plans, which utilize the AAA, to notify the AAA of such a plan. It appears that the AAA desires to know, prior to the implementation of such a plan, that it will be designated as the ADR service provider.

That language is not a basis upon which you can obtain documents. In addition, you should review my letter of August 12, 2004, directed to your former attorney, Ms. Venetia Carpenter-Asui, which addressed the production of documents issue.

In your search for future employment in the aviation industry, HACS intends to comply with the requirements of the Pilot Records Improvement Act. HACS will not simply hand over such records to you, especially because HACS does not know how you will use them.

Thus, in specific response to your requests set forth on page 2 of your letter, HACS responds as follows:

First, the request is improper under the Commercial Rules and HACS declines to substantively respond.

Second, this matter is held in abeyance in any case.

EXHIBIT F