MARTIN M. VENTRESS
5042 Wilshire Blvd. #310
Los Angeles, California 90036
Telephone: (323) 842-8629
E-mail: imventress@aol.com

Plaintiff, PRO SE

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 20 2006

at 11 o'clock and 56 min. A M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| MARTIN VENTRESS and JACK CRAWFORD,<br><br>Plaintiff<br><br>Vs.<br><br>HAWAII AVIATION CONTRACT SERVICES, INC.<br><br>Defendants | CIVIL NO. CV 03-451    SPK-LEK<br><br>PLAINTIFF'S **REPLY BRIEF** TO DEFENDANT'S MEMORANDUM IN OPPOSITION OF PLAINTIFF'S MOTION TO RECONSIDER THE AMERICAN ASSOCIATION RULES<br><br>NON-HEARING MOTION:<br><br>**Judge: Leslie E. Kobayashi** |

I.   INTRODUCTION

Almost 20 months ago this case was stipulated into arbitration. Motion to Reconsider American Arbitration Association ("AAA") Rules was specifically because there is discovery of new material facts. Defendants cite no other reason Commercial Rules should apply, except conjecture to place financial burdens upon Plaintiff, while Defendants rely upon Indemnification Agreements and by the written promise of a very well-financed company JALways pays HACS litigation attorneys' fees/costs; HACS compromised in bad faith for compensation to protect JALways' from U.S. legal statutes. For this cause JALways was compelled to request USDC of Hawaii place JALways/HACS Contract "**Under Seal**".

II.    DISCOVERY OF NEW MATERIAL FACTS

On Monday, March 13, 2006, Honorable Judge Karen S.S. Ahn **DISMISSED HACS'** frivolous efforts to (have the Court - not the AAA) apply in an Ex Parte Motion for Stay of Arbitration Proceedings in **State Court of Hawaii's 1st Circuit** in **Schoggen vs. HACS**. More Importantly, **Sanctions were levied by Judge Ahn against Mr. Osaki for bad faith, false pleadings, false affidavits, and abusive discovery**; Transcripts from Judge Ahn's Order are not yet available to Plaintiff, however, if available before this Reply Brief due date March 21, 2006, Plaintiff will forward a copy to the court. (See Schoggen Reply Brief - Civil No. 05-1- 2233-12; Affidavit in Support of Sanctions Under Rule 26(g) HRCP (Exhibit A).

III.   HACS CLAIMS PLAINTIFF ACTIONS UNFOUNDED AND SCANDALOUS

Defendants claim Plaintiff's actions are unfounded and scandalous; yet his actions are **supported by** such Honorable Members of our Government as U. S. Senator Barbara Boxer, a Member of the Subcommittee on Aviation, and the Committee on Foreign Relations, who thanked and assured Plaintiff should she have the opportunity to consider legislation on this or similar (FCN Treaty) issues, she will keep Plaintiff's views in mind. Plaintiff was advised to apprise her with regards to the disposition of the Ninth Circuit decision and outcome of this arbitration. U.S. Senator Daniel Inouye from Hawaii, Co-Chairman on the Committee for Transportation, and Member of the Subcommittee on Aviation has also requested further information in order to investigate Plaintiff's claims. Plaintiff has received letters from Members of Congress, which include, but not limited to, Hawaii's Congressman Ed Case, Senator Colleen Hanabusa, and J. Kalani English, requesting information that Plaintiff has readily available. In a recent visit to Los Angeles Office of U.S. Senator Dianne Feinstein, Plaintiff was assured support and material facts sent to San Francisco Office (Exhibit C).

JALways **controls** HACS and its employees evidenced by the **HACS/Pilot** Contract and the **HACS/JALways** Contract (Exhibit E); nor does **Ninth Circuit Court of Appeals** find Plaintiff's actions unfounded and scandalous as JALways' actions are under appeal.

### IV.   HACS REQUESTS ITS ATTORNEYS' FEES AND COSTS

In August 2004, Plaintiff's previous attorney Venetia Carpenter-Asui stated that this case was stipulated to arbitration, because of the clause in the HACS contract states:

*d. In the event of any dispute between the parties hereto, **the dispute shall be submitted to the American Arbitration Association** ("AAA") and be decided by neutral binding arbitration before a single arbitrator in accordance with the Commercial Arbitration Rules of the American Arbitration Association.*

Nonetheless, Mr. Osaki urged Ms. Asui to **ignore his own client HACS' contract**, and instead use the Dispute Prevention and Resolution ("DPR"). Mr. Osaki and Ms. Asui scam was a foiled attempt to **breach the HACS contract**, because Plaintiff **never agreed** to use the DPR. Mr. Osaki sought judicial relief rather than submit to the contractual agreed use of the AAA. **The Declaration of Venetia K. Carpenter-Asui, January 24, 2005:**

*"The **Counsels** [referring to Mr. Osaki] in this matter **have been actively engaged in the selection** of a mutually agreed upon arbitrator for the arbitration of this case. Names of potential arbitrators have been exchanged and discussed as well as ongoing discussion regarding use of the Dispute Prevention Resolution, Inc. in Honolulu, Hawaii, **instead of the** American Arbitration Association ("AAA") in the State of California to save expenses".*

Plaintiff filed **Demand for Arbitration** with the **AAA** on his own behalf, because of the mistrust of both attorneys' actions was unfounded and scandalous. Ms. Asui withdrew as counselor, and threatened Plaintiff with an attorney's lien. Mr. Osaki and Ms. Asui want to recover attorneys' fees and costs, even though both attorneys ran up unnecessary fees/costs. Fees/costs are determined by the AAA had counselors used the AAA in the first place. Then, Mr. Osaki had the nerve to misuse the Court system after his failed attempt to use the DPR.

It has become obvious that HACS' intentions are designed to obstruct Plaintiff's disputes from ever being reviewed by an impartial, dispassionate and fair arbitrator(s) regarding the circumstances surrounding the death of Jeff Bicknell, and the fact that Linda Bicknell has not been told the truth about her late husband's death; to burn up Plaintiff's time limited financial resources as a Pro Se, Out-of-state and Unemployed Party whose financial hardship does not allow him the privilege of affording an attorney due to his untimely and wrongful termination by Defendants, despite Plaintiff's willingness and ability to prove his claims. For this cause, HACS continues to clog the Court system and delay the arbitration:

*HACS **Objected** to the authority of the AAA by the attempted use the DPR;*
*HACS **Objected** to AAA's Internal Policy regarding the use of Employment Rules;*
*HACS **Objected** to the International Centre for Dispute Resolution Division of the AAA, because Mr. Osaki claimed, "there are no foreign parties involved in this matter";*
*HACS **Objected** to release Plaintiff's lawful right to obtain a copy of his Pilot Records;*
*HACS **Objected** AAA initial arbitrator list dictating the arbitrator must reside in Hawaii*
*HACS **Objects to** Plaintiff's Hardship Exemption status already granted by the AAA.*

Mr. Osaki reminds the court Plaintiff was admonished last year (2005) for ex-parte communication. However, when Plaintiff attempted to contact Mr. Osaki via U.S. Postal Service in January 2005, Mr. Osaki, an Officer of the Court and who does practice law, Plaintiff's U.S. Certified Mail returned by reason checked "Unclaimed", after three (3) delivery attempts were made (Exhibit D). On February 16, 2005, Mr. Osaki "inadvertently" did not copy Plaintiff a letter to the ICDR. Mr. Osaki did send a copy of the letter; however, whether Mr. Osaki was admonished is not known by Plaintiff.

Mr. Osaki's reputation remained in tact for the same shenanigans he pulled regarding the U.S. Postal Service and false affidavit that landed him sanctions by Judge Karen Ahn. This Court should find Mr. Osaki's conduct a disgrace to the Hawaii Legal Community, and Therefore, HACS request for attorneys' fees and costs should be DENIED.

4

V.   CONCLUSION

Neither of the parties has a right to waste the other side's time and money, and clog up the court system, especially in this case where the contract itself specifically prohibited either side from invoking the judicial system to resolve disputes, and instead requires both parties use the arbitration system. It is ironic that HACS is arguing vehemently to this Court that the Court must "enforce the contract" but selectively ignores the fact that the express terms of the contract state all issues must be resolved in arbitration – not the Court! The contract specifically states:

*This [**going to arbitration**] is the sole legal remedy VENTRESS and HACS shall have with respect to any disputes arising from this agreement, i.e., **each party hereby waives his or its rights to seek redress in any court system** that might otherwise be available to him or it.*

HACS' assertion that this Court, not the AAA, should make interim procedural arbitration determinations make no common sense. HACS wants this Court to enforce the terms of the contract that they refuse to follow, the contract which, by its terms, prohibits judicial involvement. HACS is asking this Court to ignore the contract, and controlling Hawai'i and United States Supreme Court cases, that make it abundantly clear that once a case is in arbitration it is up to the AAA to interpret the rules and the underlying contract.

For the above reasons, Plaintiff respectfully requests this Court Grant Plaintiff's Motion to Reconsider; Order this arbitration **to the authority of** the American Arbitration Association; DENY HACS' request for attorneys' fees and costs; and to Grant Plaintiff the same consideration (all issues must be resolved in arbitration – not the Court) accorded the Schoggen Case by the **Honorable Judge Karen S.S. Ahn.**

DATED:   Friday, March 17, 2006

*/s/ Martin M. Ventress*
MARTIN M. VENTRESS, Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was or will be duly served upon the following by:

<u>Via U.S. Certified Mail Postage and Email</u>

TO:   Carl H. Osaki, Esq.
      Pioneer Plaza, Suite 1510
      900 Fort Street
      Honolulu, Hawaii 96813

      Attorney for Defendant
      Hawaii Aviation Contract Services, Inc.

<u>Via U.S. Certified Mail Postage and Email</u>

TO:   Vikki Rogers, Esq. / Case Manager
      International Centre for Dispute Resolution
      International Division for the American Arbitration Association
      1633 Broadway, 10th Floor
      New York, NY 10019

DATED:   Friday, March 17, 2006

*/s/ Martin M. Ventress*
MARTIN M. VENTRESS, Pro Se