SCHOGGEN'S REPLY BRIEF

EXHIBIT A

THE LAW OFFICES OF
DAVID F. SIMONS

DAVID F. SIMONS 2179-0
Ocean View Center
707 Richards Street, PH 1
Honolulu, HI 96813
Telephone: (808) 536-3255
e-mail: dsimons@hawaii.rr.com

1ST CIRCUIT COURT
STATE OF HAWAII
FILED
2006 MAR -8 PM 3: 56

M.N. TANAKA
CLERK

IN CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| HAWAII AVIATION CONTRACT SERVICES,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>BRUCE G. SCHOGGEN,<br><br>　　　　　Defendants. | CIVIL NO. 05-1-2233-12 (KSSA)<br>(DECLARATORY RELIEF)<br><br>DEFENDANT'S REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT, TO DISSOLVE EX PARTE ORDER FOR STAY OF ARBITRATION PROCEEDINGS, AND FOR ISSUANCE OF SANCTIONS AND AWARD OF ATTORNEYS FEES UNDER HRS §607-14.5, AND RULES 11 AND 26(g), H.R.C.P., FILED FEBRUARY 17, 2006; AFFIDAVIT OF DAVID F. SIMONS; EXHIBITS 1-5; CERTIFICATE OF SERVICE<br><br>HEARING:<br><br>Date:　March 13, 2006<br>Time:　9:30 a.m.<br>Judge:　Karen S.S. Ahn |

I.  INTRODUCTION

The motion to dismiss should be granted. HACS has presented no legal authority supporting its position. The one ruling by Judge Kobayashi in the Ventress case HACS relied on is now being reconsidered by Judge Kobayashi.

Sanctions should also be issued. There is undeniable proof that as of 1/30/06 Mr. Osaki had received a copy of Mr. Simons' letter agreeing to accept service of the Schoggen case. The following day Mr. Osaki's motion and affidavit asserting that Mr. Simons would not accept service were filed. It is not just a matter of whether the U. S. Mail was reliable and delivered the 1/25/06 letter sent to Mr. Osaki that day. There is now proof before the Court that Mr. Osaki was sent and received the 1/25/06 letter via email on 1/30/06, and therefore that the 1/31/06 filing was in bad faith and a misrepresentation to the Court.

Sanctions should also be granted for the abusive, signing and service of three unnecessary sets of discovery filed in this case by HACS. This case presented a purely legal issue to the Court. No discovery was needed. In response to Mr. Schoggen's motion for sanctions for abusive discovery, Mr. Osaki has presented in his opposing papers no good faith basis for his signing and service of discovery in this case. Sanctions Rule 26(a) are mandatory and should be granted.

This entire suit was not legally well founded. It was an attempt by a very well-financed large organization, plaintiff HACS, to overwhelm an unemployed former pilot, who is pursing an arbitration proceeding against it. HACS is using its money to file this frivolous and unnecessary lawsuit in order to make Mr. Scoggin use his much more limited resources to oppose this foolish lawsuit and delay an arbitration that was ordered almost a year ago by Judge Ezra. The case needs to be dismissed, and sanctions must be awarded. This lawsuit was frivolous to start with,

and that problem has been compounded by false pleadings, false affidavits, and abusive discovery.

II.   HACS HAS CITED NO CASE LAW SUPPORTING ITS ARGUMENT THAT THIS COURT, NOT THE AAA OR THE ARBITRATOR, HAVE JURISDICTION TO DECIDE WHAT RULES APPLY IN AN ARBITRATION ORDERED BY JUDGE EZRA. THE REASON NO CASE LAW IS CITED IS BECAUSE THERE IS NO CASE LAW THAT SUPPORTS HACS' POSITION

HACS has cited no case law supporting their position that this Court has jurisdiction to make procedural rulings in a case which a different court has already determined must be arbitrated. HACS' memo does not even address the controlling Hawai'i case law cited by Mr. Schoggen which "strictly limits" judicial review of arbitration decisions. HACS' 20-page brief never even mentions, much less distinguishes, the Hawai'i case law on point.

Mr. Schoggen cited numerous decisions on point by the U. S. Supreme Court, the Hawai'i Supreme Court and the Intermediate Court of Appeals. They all stand for the very simple, common sense proposition that once a matter is referred by the Court to arbitration, it is then up to the AAA and the arbitrator to interpret the underlying contract, interpret the rules, make procedural rulings and handle all aspects of the case, until an award is issued. Only after the award is issued may the parties return to court.

Once a case is ordered to arbitration by the Court the dispute stays in arbitration until the award is issued. Neither of the parties to a Court-ordered arbitration has the right to waste the other side's time and money, and clog up the court system, by filing new lawsuits that seek to overturn interlocutory rulings by the AAA or the arbitrator. That is especially true in this case where the contract itself specifically prohibited either side from invoking the judicial system to resolve disputes, and instead requires both parties to use the arbitration system. It is ironic that HACS is arguing so strongly to this Court that the Court must "enforce the contract" but ignores

3

the fact that the express terms of the contract state all issues must be resolved in arbitration – not in court. The contract specifically states:

> This [going to arbitration] is the sole legal remedy Schoggen and HACS shall have with respect to any disputes arising from this agreement, i.e., **each party hereby waives his or its rights to seek redress in any court system** that might otherwise be available to him or to it.

HACS' assertion that this Court, not AAA or the arbitrator, should make interim procedural arbitration determinations makes no sense, and is supported by no case law. HACS wants the Court to enforce the terms of the contract they refuse to follow, the contract which, by its terms, prohibits judicial involvement. HACS is asking this court to ignore the contract and controlling the Hawai'i and United States Supreme Court cases that make it clear that once a case is in arbitration it is up to the arbitrator and the AAA to interpret the rules and interpret the underlying contract. The lawsuit must be dismissed. The Court should issue sanctions under Rule 11 and HRS § 607-14.5, a finding that this lawsuit was frivolous.

III.    THE *VENTRESS* CASE IS BEING RECONSIDERED BY JUDGE KOBAYASHI

The one case HACS relies on, the Ventress case, in which they got a favorable ruling against Mr. Ventress, a pro se, out-of-state party, is now being reconsidered by Judge Kobayashi. Attached hereto as Exhibit 1 is Judge Kobayashi's recent order asking for briefing on Mr. Ventress's motion for reconsideration. Mr. Ventress submitted a copy of Mr. Schoggen's Motion to Dismiss in this case to Judge Kobayashi and moved her to reconsider her prior ruling on the issue. She is now reconsidering it. With Judge Kobayashi's order in Ventress now under reconsideration, HACS is left with no legal authority at all supporting their position, while Mr. Schoggen's position is supported by cases from around the country including cases from the U. S. Supreme Court, the Hawai'i Supreme Court and the Hawai'i Intermediate Court of Appeal.

### IV. HACS' ARGUMENT THAT THIS COURT HAS JURISDICTION TO HEAR THIS CASE UNDER HRS § 658A-7 IS RIDICULOUS

There has never been a good faith basis for HACS to pursue this expensive, time-consuming lawsuit. The lawsuit's objective is to waste Mr. Scoggin's money and his counsel's time and to delay the pending arbitration. This lawsuit is nothing more than a thinly-disguised, impermissible interlocutory appeal of an interim, procedural arbitration ruling. In his Motion to dismiss, Mr. Schoggen pointed out that this lawsuit was an impermissible use of the Declaratory Judgment Act, HRS § 632, *et seq*. It was impermissible because there is a separate statutory scheme, the Uniform Arbitration Act, HRS § 658A, *et seq*., governing review of arbitration rulings, therefore the Declaratory Judgment Act cannot be used. HACS' very weak response to that argument was to tacitly admit that the Declaratory Judgment Act is not a proper vehicle to question interim arbitration rulings, but to argue instead that this, brand-new lawsuit is proper under HRS § 658-7. That is an absurd argument. HRS § 65A-7 by its express terms allows a "motion," not a new lawsuit to be filed. All HRS § 65A-7 allows a party to do is to file a motion in a **pending** lawsuit to compel that the lawsuit be sent to arbitration. The motion permitted under HRS § 65A-7 has already happened in this case, almost a year ago, when Judge Ezra ordered the parties to arbitration. HACS' argument that this lawsuit is permitted under HRS § 658A-7 is absurd.

### V. SANCTIONS SHOULD BE IMPOSED AGAINST MR. OSAKI FOR FILING TWO FALSE AFFIDAVITS AND ONE FALSE MOTION

Despite his swearing to the contrary, Mr. Osaki did receive Mr. Simons' letter of 1/25/06 in which Mr. Simons agreed to accept service on behalf of Mr. Scoggin and also presented Mr. Osaki with numerous legal reasons and authorities showing that this lawsuit was frivolous. Mr. Osaki's assertions that he did not get the 1/25/06 letter until 2/08/06 are demonstrably false.

5

Defendant's counsel not only filed a bad faith unnecessary lawsuit and abusive discovery, but, worse, is misrepresenting the facts to the Court on this issue.

Not only was the letter mailed on 1/25/06 and almost undoubtedly delivered by the U. S. Postal Service. Indeed Mr. Osaki (in the <u>Ventress</u> case) spoke of just how reliable the U.S. mail in Honolulu is. Mr. Ozaki did not like Mr. Ventress' practice of sending things to him via certified mail. Mr. Osaki protested to AAA that using certified mail was too inconvenient, and assured AAA that sending things by mail in Hawai'i was reliable. According to Mr. Osaki:

> I believe Mr. Ventress sent me a copy by certified mail (although I have repeatedly requested he not do that; **the Postal Service is quite adept at delivering mail in Hawai'i**). (Exhibit 5).

In this case we do not have to rely solely on the presumption the U. S. Postal Service delivered the 1/25/06 letter to prove that Mr. Osaki is falsely representing to the Court that he did not get the 1/25/06 letter until 2/08/06. The letter was sent not only via the U. S. Mail but also sent to Mr. Osaki **via email – an email Mr. Osaki not only received but also responded to**. A copy of the 1/30/06 email to Mr. Osaki with the attached 1/25/06 letter, the attachment, and Mr. Osaki's response to that email, all dated **01/30/06** are attached hereto as Exhibits 2, 3 and 4. These emails were exchanged on 1/30/06 and, a day later, on 1/31/06 HACS' false motion and false affidavit stating that Mr. Simons would not accept service of this lawsuit were then filed. The letter was mailed to him on 1/25/06; another copy was sent to him via email on 1/30/06; and, responded to on 1/30/06 by Mr. Osaki. Mr. Osaki's statement that he did not receive the 1/25/06 letter from Mr. Simons until 2/08 simply is false. The motion filed on 1/30/06, the affidavit filed with it and the affidavit filed with his current brief asserting he did not see the letter until 2/08/06 are all demonstrably false.

6

Given proof that the letter not only was mailed, but also sent and received via email, this Court must find that Mr. Osaki has not been honest with the Court and should issue an order under Rule 11 of the H.R.C.P. to show cause why sanctions should not be entered against him.

## VI. SANCTIONS SHOULD BE IMPOSED FOR ABUSIVE DISCOVERY UNDER RULE 26(g)

In HACS' response they do not even address Mr. Scoggin's motion for sanctions under Rule 26(g) because Mr. Osaki served three sets of abusive, unnecessary discovery in this case. Given Mr. Osaki's failure to even attempt to justify the abusive discovery, sanctions under Rule 26(g) must be issued. Sanctions under Rule 26(g) are mandatory ("the Court shall"). Here there is no possible good faith justification for sending out three separate sets of discovery in a case filed as a "declaratory judgment action" presenting a purely legal issue for resolution. The discovery and the lawsuit were designed to burn up Mr. Simons' time, Mr. Schoggen's money, and delay the arbitration that had been ordered by Judge Ezra – an objective in which HACS so far has been completely successful. This lawsuit has unnecessarily used up time of Mr. Schoggen, his counsel **and the Court**. It has delayed the arbitration. HACS and Mr. Osaki must be sanctioned for this conduct -- filing a frivolous lawsuit, filing a false motion and filing a false affidavit, as well as filing of abusive discovery. There is no possible relevance that the discovery filed in this case by Mr. Osaki could have to the issues before the court. Discovery seeking Mr. Schoggen's communications with other former HACS' pilots could not possibly result in the discovery of any evidence relevant to this lawsuit, which solely involved determination of what rules should apply to the HACS/Schoggen arbitration. Under these circumstances, sanctions must be issued under Rule 26(g), *Zimmerman v. Bishop Estate*, 25 F.3d 784, 9th Cir. (Hawai'i), 1994 (awarding sanctions because questions asked in discovery "could not possibly be designed to lead to discovery of admissible evidence".)

VII. CONCLUSION

This lawsuit never should have been filed. There was never a good faith basis for going forward with it. The issues presented by it are, under both U. S. Supreme Court and Hawai'i Supreme Court law, issues to be resolved by AAA and the arbitrator – not this Court. The contract itself which HACS insists this Court must enforce, specifically restricts the parties from going to court. Judge Ezra had already ordered the matter to arbitration.

The misconduct of HACS in filing a frivolous lawsuit has been greatly compounded by the fact that Mr. Osaki has falsely denied having received the 1/25/06 letter agreeing to accept service. He probably received that letter in the U. S. Mail in Honolulu on 1/26/07. He certainly received it via email on 1/30/06. His filing of a false motion and affidavit on 1/31/06 and another false affidavit again with this Court in response to plaintiff's motion must be sanctioned under Rule 11.

HACS has not even tried to justify Mr. Osaki's conduct in sending out three sets of unnecessary discovery in this irrelevant case. This court must issue mandatory sanctions under Rule 26(g) for signing and service of abusive discovery.

DATED: Honolulu, Hawai'i, March 8, 2006.

_____
DAVID F. SIMONS
Attorney for Defendant
BRUCE G. SCHOGGEN

8

IN CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| HAWAII AVIATION CONTRACT SERVICES<br><br>Plaintiff,<br><br>vs.<br><br>BRUCE G. SCHOGGEN,<br><br>Defendants. | CIVIL NO. 05-1-2233-12 (VSM)<br>(DECLARATORY RELIEF)<br><br>AFFIDAVIT OF DAVID F. SIMONS |

### AFFIDAVIT OF DAVID F. SIMONS

| | |
|---|---|
| STATE OF HAWAII ) | |
| ) SS: | |
| COUNTY OF HONOLULU ) | |

DAVID F. SIMONS, being first duly sworn on oath, deposes and says that:

1. I am an attorney licensed to practice in the State of Hawaii. I make these statements based on personal knowledge.

2. On January 30, 2006 at 12:51 p.m., I sent the email attached hereto as Exhibit 2 to the American Arbitration Association with a copy to Mr. Osaki.

3. As an attachment to that email to AAA and Mr. Osaki, I included my letter of January 25, 2006 informing Mr. Osaki that I was willing to accept service of the lawsuit filed by HACS against my client and also advising him of the numerous legal authorities which made it clear that the lawsuit should not be pursued and there was no good faith basis for doing so. A

4. In the body of the 1/30/06 email Exhibit 2, I specifically refer to the attachment Exhibit 3.

5. My email system confirmed that the 1/30/06 was electronically transmitted to Mr. Osaki and to AAA.

6. Twenty-six minutes later I received a response to my 1/30/06 email from Mr. Osaki. A copy of Mr. Osaki's response to the email to which was attached the 1/25/06 letter is attached hereto as Exhibit 4.

7. On the basis of the foregoing I did not believe that there is any credibility to Mr. Osaki's representations to the court that he did not receive my letter of 1/25/06 until February 8, 2006. The letter was mailed to him on January 25, 2006 and it was then again sent to him via email -- and email which he no doubt received because he responded to it -- on 1/30/06.

8. On the basis of the foregoing we have asserted that Mr. Osaki's filing of a false motion and affidavit on 1/31 was a violation of 11 HRCP.

9. Attached hereto as Exhibit 1 is a true and correct copy of Judge Kobayashi's Order in the Ventress case ordering brief on Mr. Ventress motion that she reconsider her prior ruling on which rules apply to Ventress/HACS arbitration.

10. Hereto as Exhibit 5 is a true and correct copy of a letter sent to AAA by Mr. Osaki extolling the reliability of the U.S. Postal Service in Honolulu.

I declare under penalty of the laws of the State of Hawaii that the foregoing is true and correct.

2

I declare under penalty of the laws of the State of Hawaii that the foregoing is true and correct.

L.S.

_____
DAVID F. SIMONS

Subscribed and sworn to before me
this 9th day of March, 2006.

_____
Notary Public, State of Hawaii

GLORIA J. ADAMS
Printed Name

My Commission Expires: 7/8/09

3

THE LAW OFFICES OF
DAVID F. SIMONS

DAVID F. SIMONS 2179-0
Ocean View Center
707 Richards Street, PH 1
Honolulu, HI 96813
Telephone: (808) 536-3255
e-mail: dsimons@hawaii.rr.com

1ST CIRCUIT COURT
STATE OF HAWAII
FILED

2006 MAR 15 PM 1:54

N. ANAYA
CLERK

IN CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| HAWAII AVIATION CONTRACT SERVICES<br><br>Plaintiff,<br><br>vs.<br><br>BRUCE G. SCHOGGEN,<br><br>Defendants. | CIVIL NO. 05-1-2233-12 (KSSA) (DECLARATORY RELIEF)<br><br>AFFIDAVIT OF DAVID F. SIMONS IN SUPPORT OF REQUEST FOR SANCTIONS UNDER RULE 26(g) HRCP; CERTIFICATE OF SERVICE |

**AFFIDAVIT OF DAVID F. SIMONS IN SUPPORT OF REQUEST
FOR SANCTIONS UNDER RULE 26(g) HRCP**

STATE OF HAWAII       )
                      ) SS:
COUNTY OF HONOLULU    )

DAVID F. SIMON[S] [sa]ys that:

1. I am an attorney lic[ensed ...] these statements based on personal kno[wledge ...]

2. I spent the followi[ng ...] erved by

SANCTIONS

THE LAW OFFICES OF
DAVID F. SIMONS

DAVID F. SIMONS 2179-0
Ocean View Center
707 Richards Street, PH 1
Honolulu, HI 96813
Telephone: (808) 536-3255
e-mail: dsimons@hawaii.rr.com

1ST CIRCUIT COURT
STATE OF HAWAII
FILED

2006 MAR 15 PM 1: 54

N. ANAYA
CLERK

IN CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| HAWAII AVIATION CONTRACT SERVICES<br><br>Plaintiff,<br><br>vs.<br><br>BRUCE G. SCHOGGEN,<br><br>Defendants. | CIVIL NO. 05-1-2233-12 (KSSA)<br>(DECLARATORY RELIEF)<br><br>AFFIDAVIT OF DAVID F. SIMONS IN SUPPORT OF REQUEST FOR SANCTIONS UNDER RULE 26(g) HRCP; CERTIFICATE OF SERVICE |

**AFFIDAVIT OF DAVID F. SIMONS IN SUPPORT OF REQUEST FOR SANCTIONS UNDER RULE 26(g) HRCP**

STATE OF HAWAII     )
                    ) SS:
COUNTY OF HONOLULU  )

DAVID F. SIMONS, being first duly sworn on oath, deposes and says that:

1. I am an attorney licensed to practice in the State of Hawaii. I make these statements based on personal knowledge.

2. I spent the following time reviewing and responding to discovery served by

Plaintiff in this above-captioned case:

|   |   |   |
|---|---|---|
| a. | Review discovery and discuss with client. | 0.7 |
| b. | Review discovery in connection with preparation of Motion for Sanctions | 0.5 |
| c. | Research and review rule 26(g), run Westlaw search, review Advisory Committee notes | 2.0 |
| d. | Draft, redraft and finalize section of motion and memorandum relating to abuse of discovery | 2.2 |
| e. | Research, draft, revise and finalize, reply memorandum on discovery issue | 1.5 |
| f. | 15 % of time spent preparing and attending motion on discovery issue - 85% to other issues (2.0 total time) | 0.3 |
|   | TOTAL TIME | 7.2 |

3. The reasonable hourly rate for my time, and the hourly rate I charge to my hourly clients is $375.00/hour.

4. Total time requested for payment is 7.2 hours x $375.00 = $2,700.00 (fees).

5. Hawaii General Excise Tax of 4.16% of $2,700.00 (fee) = $112.48

6. Total amount requested is $2,700.00 + $112.48 = $2,812.48

I declare under penalty of the laws of the State of Hawaii that the foregoing is true and correct.

DAVID F. SIMONS

Subscribed and sworn to before me this 14th day of March, 2006.

Notary Public, State of Hawaii
Charese E. Blakeney
Printed Name

My Commission Expires: 5·1·2009

