IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

MARTIN VENTRESS, ET AL.,          )     CIVIL NO. 03-00451 SPK-LEK
                                  )
          Plaintiffs,             )
                                  )
     vs.                          )
                                  )
JAPAN AIRLINES, ET AL.,           )
                                  )
          Defendants.             )
_____    )

**ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER**
**THE AMERICAN ARBITRATION ASSOCIATION RULES**

Before the Court is Plaintiff Martin Ventress' ("Plaintiff Ventress") Motion to Reconsider the American Arbitration Association Rules ("Motion"), filed February 21, 2006.[1] Defendant Hawai`i Aviation Contract Services, Inc. ("Defendant HACS") filed its memorandum in opposition on March 7, 2006. Plaintiff Ventress filed a reply on March 20, 2006 and an exhibit to the reply on March 28, 2006. The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, Plaintiff Ventress' Motion is HEREBY DENIED for the reasons set forth below.

---

[1] Plaintiff Ventress also filed an Addendum to the Motion on February 21, 2006.

**BACKGROUND**

Plaintiff Ventress and Plaintiff Jack Crawford (collectively "Plaintiffs") filed the complaint in the instant case on December 23, 2002. Plaintiff Ventress alleged employment discrimination claims and related state law claims. In November 2004, Plaintiffs and Defendant HACS stipulated to stay the action pending arbitration.

On May 18, 2005, Defendant HACS filed a motion seeking an order compelling arbitration pursuant to the American Arbitration Association's ("AAA") Commercial Arbitration Rules ("Commercial Rules"), as specified in the contract between Plaintiff Ventress and Defendant HACS ("HACS–Ventress Contract"), rather than the National Rules for the Resolution of Employment Disputes ("Employment Rules"), which the AAA intended to apply ("Motion to Compel"). The AAA had stated that it would abide by the Court's ruling as to which rules applied. On July 28, 2005, this Court issued its order granting the Motion to Compel ("Order"). This Court granted the Motion to Compel because the HACS–Ventress Contract clearly expressed the parties' intent that the Commercial Rules would apply to the arbitration of any contract disputes. This Court also noted that the Employment Rules were not in existence when Plaintiff Ventress and Defendant HACS executed the contract. This Court found that, although there were valid reasons to apply the Employment Rules, the Court

2

could not override the clear terms of the HACS–Ventress Contract.
[Order at 5.]

Plaintiff Ventress now seeks reconsideration of the
Order.  First, he argues that the Court should reconsider its
ruling that the Commercial Rules apply because Rule R1 of the
Commercial Rules states that the Employment Rules apply to
disputes arising out of an employer promulgated plan.  Plaintiff
Ventress also states he recently received a letter informing him
of the May 17, 2005 order that United States District Judge
David Alan Ezra entered in <u>Schoggen v. Hawai`i Aviation Contract
Services, et al.</u>, CV 04-00707 DAE-LEK ("<u>Schoggen</u> Order").
Plaintiff Ventress claims that the <u>Schoggen</u> Order establishes
that the AAA must interpret its own rules and determine which to
apply.  Plaintiff Ventress also cites other case law in support
of this proposition.

Defendant HACS argues that the Motion is untimely
because Plaintiff Ventress alleges manifest errors of law or
fact.  Defendant HACS argues that the Motion does not present any
newly discovered material facts or intervening changes in the
law.  If the Court is inclined to consider Plaintiff Ventress'
arguments, Defendant HACS argues that they are without merit.
Defendant HACS argues that Rule R1 of the Commercial Rules does
not apply because there is no employer promulgated plan in the
present case.  Further, the <u>Schoggen</u> Order did not address

whether the Commercial Rules or the Employment Rules applied to Mr. Schoggen's arbitration.

## **DISCUSSION**

Local Rule 60.1 provides that:

> Motions for reconsideration of interlocutory orders may be brought only upon the following grounds:
> (a) Discovery of new material facts not previously available;
> (b) Intervening change in law;
> (c) Manifest error of law or fact.

Local Rule LR60.1.  A party must bring a motion for reconsideration pursuant to subsection (c) within ten business days of the court's order.  See id.

Plaintiff Ventress' claim that Rule R1 of the Commercial Rules requires application of the Employment Rules, as well as his argument that the AAA must interpret its own rules to determine which rules apply, are requests for reconsideration based on allegedly manifest errors of law.  Plaintiff Ventress was therefore required to raise these issues within ten business days of this Court's Order.

Plaintiff Ventress apparently attempts to couch his argument based on the Schoggen Order as a request for reconsideration based on newly discovered material evidence. [Motion at 3 ("Plaintiff has recently been forwarded a letter regarding a virtually similar case against HACS . . .").] Plaintiff Ventress' discovery of the Schoggen Order, however,

4

does not relate to the facts of the instant case.[2]  Further,
Plaintiff Ventress was aware of the <u>Schoggen</u> case when he filed
his memorandum in opposition to the Motion to Compel, [Mem. in
Opp. to Motion to Compel at 11-12 (discussing <u>Schoggen</u>),] and
could have cited the <u>Schoggen</u> Order at that time.  This argument
is therefore a request for reconsideration based on manifest
error of law, which he was required to raise within ten business
days of the Order.

  Insofar as Plaintiff Ventress' arguments in support of
reconsideration are untimely, this Court need not address them.
This Court filed the Order on July 28, 2005.  Plaintiff Ventress
filed the instant Motion until February 21, 2006, well beyond the
ten-business-days requirement of Local Rule 60.1.  Even though
Plaintiff Ventress is proceeding pro se, that fact alone does not
excuse the delay.  Although pro se litigants are held to less
stringent standards than those of their legal counterparts, <u>see</u>
<u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972) (per curiam); <u>Jackson</u>
<u>v. Carey</u>, 353 F.3d 750, 757 (9th Cir. 2003), a litigant's pro se
status cannot excuse him from complying with the procedural or

---

  [2] Plaintiff Ventress makes much of the fact that Defendant
HACS filed a complaint in state court in an attempt to obtain a
ruling that, in light of this Court's Order, the AAA should apply
the Commercial Rules to the arbitration between Schoggen and
HACS.  Plaintiff Ventress alleges that the filing of that action
was improper and that HACS's counsel engaged in various improper
acts in the course of that case.  Whatever transpired in that
case, however, does not constitute newly discovered facts that
are material to the instant case.

substantive rules of the court.  <u>See</u> <u>King v. Atiyeh</u>, 814 F.2d
565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same
rules of procedure that govern other litigants."); <u>see also</u>
<u>United States v. Bell</u>, 27 F. Supp. 2d 1191, 1197 (E.D. Cal.
1998).

        The Court will, however, address Plaintiff Ventress'
reliance on the <u>Schoggen</u> Order because Plaintiff Ventress alleges
that counsel for Defendant HACS attempted to deceive this Court
by filing the Motion to Compel despite being aware of the
<u>Schoggen</u> Order.  The <u>Schoggen</u> Order addressed the issue whether
Mr. Schoggen waived his right to arbitrate his dispute by
initially declining arbitration; it did not address what rules
should apply in that arbitration.  Further, while the district
court in the instant case stayed the action pending arbitration,
Judge Ezra declined to stay <u>Schoggen</u> pending the arbitration.
Judge Ezra's <u>Schoggen</u> Order therefore was not controlling on the
issue raised in the Motion to Compel.  This Court cannot conclude
that Defendant HACS attempted to deceive it by filing the Motion
to Compel after the <u>Schoggen</u> Order.

**<u>CONCLUSION</u>**

        On the basis of the foregoing, Plaintiff Ventress'
Motion to Reconsider the American Arbitration Association Rules,
filed February 21, 2006, is HEREBY DENIED.

        IT IS SO ORDERED.

6

DATED AT HONOLULU, HAWAI`I, April 19, 2006.



Leslie E. Kobayashi
United States Magistrate Judge

**MARTIN VENTRESS, ET AL. V. JAPAN AIRLINES, ET AL; CIVIL NO. 03-00451 SPK-LEK; ORDER DENYING PLAINTIFFS MOTION TO RECONSIDER THE AMERICAN ARBITRATION ASSOCIATION RULES**