CARL H. OSAKI        4008-0
Attorney At Law, A Law Corporation
Pioneer Plaza, Suite 1510
900 Fort Street
Honolulu, Hawaii 96813
Telephone: (808) 528-4666

Attorney for Respondent
HAWAII AVIATION CONTRACT
    SERVICES, INC.



DISPUTE PREVENTION & RESOLUTION

HONOLULU, HAWAII

| | | |
|---|---|---|
| JACK CRAWFORD, | ) | CASE NO. 06-0025-A |
| | ) | |
| Claimant, | ) | RESPONDENT HAWAII AVIATION |
| | ) | CONTRACT SERVICES, INC.'S |
| vs. | ) | COUNTERCLAIM AGAINST CLAIMANT |
| | ) | JACK CRAWFORD; CERTIFICATE OF |
| HAWAII AVIATION CONTRACT | ) | SERVICE |
| SERVICES, INC., | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

RESPONDENT HAWAII AVIATION CONTRACT SERVICES, INC.'S
<u>COUNTERCLAIM AGAINST CLAIMANT JACK CRAWFORD</u>

Respondent Hawaii Aviation Contract Services, Inc. ("HACS"), by and through its counsel, asserts the following counterclaim against Claimant Jack Crawford ("Crawford"):

COUNT I

(Attorneys' Fees)

1. HACS is a Hawaii corporation.

2. Upon information and belief, Crawford is an American citizen residing in the sovereign country of Thailand.

EXHIBIT 4

3. Crawford has initiated an arbitration against HACS, based on unfounded allegations of retaliation.

4. Previously, on or about December 23, 2003, and despite a clear arbitration clause in his contract with HACS, Crawford initiated a civil action in the United States District Court for the Central District of California ("CDCA") against HACS and others.

5. HACS incurred substantial and unnecessary attorneys' fees and costs in motions' practice that resulted in the transferring of the CDCA action to the United States District Court for the District of Hawaii ("DHAW").

6. Crawford then terminated the California attorney that represented him in the CDCA action, and retained Eric A. Seitz, Esq. Previously, Crawford had represented that G. Todd Withy, Esq. represented him.

7. After a few months, Mr. Seitz withdrew from representing Crawford. Crawford then retained Charles Brower, Esq.

8. On or about November 16, 2004, the DHAW filed the Stipulation for Stay of Action Pending Arbitration Between Plaintiffs And Defendant Hawaii Aviation Contract Services, Inc. And Order, filed November 16, 2004 ("Stipulation").

9. Through the Stipulation, Crawford essentially admitted that the claims he asserted against HACS in the action initiated in the CDCA should always have been arbitrated.

10. Even after the Stipulation was entered, Crawford waited for over a year before initiating this arbitration.

11. Under these circumstances, HACS is entitled to recover all of the attorneys' fees and costs it incurred in defending against the improperly filed civil action and in enforcing the arbitration provision.

12. None of the fees and costs incurred in relation to the federal court litigation should have been necessitated in the first instance.

13. The civil litigation fomented by Crawford was vexatious and frivolous.

14. HACS will prove the amount of the fees and costs it has incurred -- and which it will incur because the civil action is proceeding through an appeal in which HACS is identified as an appellee even though the DHAW has stayed Crawford's claims against HACS pending this arbitration -- at the time of the hearing of this matter.

COUNT II

(Frivolous Lawsuit)

15. HACS realleges the allegations of paragraphs 1 through 14 of this counterclaim.

16. All claims made by Crawford in this arbitration are frivolous and are not reasonably supported by the facts and the law, within the meaning of Section 607-14.5 of the Hawaii Revised Statutes.

17. HACS is entitled to a written finding of frivolousness, and is entitled to an award of its reasonable attorneys' fees and costs in having to defend against frivolous claims, in an amount to be proven.

## COUNT III
(Interference with Prospective Economic Advantage)

18. HACS realleges the allegations of paragraphs 1 through 17 of this counterclaim.

19. Crawford knows about HACS' contract with JALways Co., Ltd. ("JALways"), and knows that HACS benefitted from this contract and reasonably expected to continue benefitting from its economic relationship with JALways and its foreign parent, Japan Airlines ("JAL").

20. In asserting his frivolous claims, Crawford intended to disrupt HACS' economic relationship with JAL and JALways, and to deprive HACS of its prospective economic advantageous relationship with JAL and JALways.

21. Crawford has, in fact, disrupted HACS' economic relationship with JAL and JALways, and HACS has been damaged by Crawford's interference in an amount to be proven.

22. In addition, Crawford's frivolous claims have prevented or unreasonably hindered HACS from meeting other requirements or preferences to suit its customers, including JAL and JALways, including but not limited to obtaining employment practices liability insurance.

23. Crawford's interference was done intentionally and with the specific aim of economically harming HACS' continuing and on-going relationship with JAL and JALways, entitling HACS to an award of punitive damages and injunctive relief against Crawford, prohibiting Crawford from continuing in his campaign of prosecuting frivolous claims.

## COUNT IV
### (Disparagement)

24. HACS realleges the allegations of paragraphs 1 through 23 of this counterclaim.

25. Without factual support, Crawford has disparaged HACS and its agents to various third-parties

26. As a result, HACS has been damaged in an amount to be proven.

WHEREFOR, HACS requests an award in its favor and against Crawford as follows:

    a. For damages in an amount to be proven;

    b. For its costs and reasonable attorneys' fees;

  c. For a specific written finding that Crawford's claims, or any part of them, are frivolous within the meaning of Section 607-14.5 of the Hawaii Revised Statutes;

  d. For injunctive relief prohibiting Crawford from further prosecuting these frivolous claims;

  e. For such other and further relief as is just and proper.

  DATED: Honolulu, Hawaii _____.

_____
CARL H. OSAKI
Attorney for Respondent
HAWAII AVIATION CONTRACT
 SERVICES, INC.

DISPUTE PREVENTION & RESOLUTION

HONOLULU, HAWAII

| | | |
|---|---|---|
| JACK CRAWFORD, | ) | CASE NO. 06-0025-A |
| Claimant, | ) | CERTIFICATE OF SERVICE |
| vs. | ) | |
| HAWAII AVIATION CONTRACT SERVICES, INC., | ) | |
| Respondent. | ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was duly served upon the following party by means of hand delivery on _____.

    CHARLES H. BROWER, ESQ.
    Pioneer Plaza, Suite 1210
    900 Fort Street
    Honolulu, HI  96813

    Attorney for Claimant
    JACK CRAWFORD

DATED:   Honolulu, Hawaii  _____.

_____
CARL H. OSAKI
Attorney for Respondent
HAWAII AVIATION CONTRACT
  SERVICES, INC.