JACK L. CRAWFORD, III

6/179 The Regent Royal Place 2,
Lumpini
Pathumwan, Ratchadamri Road,
Bangkok 10330 Thailand

30th November 2006

Dispute Prevention and Resolution, Inc.
1001 Bishop Street
Suite 1155 Pauahi Tower
Honolulu, Hawaii 96813
United States of America

Attention:   Mr. Keith W. Hunter
             Arbitrator

Dear Mr. Hunter:

Re:   **06-0025-A: Arbitration of Jack Crawford and Hawaii Aviation Contract Services, Inc. ("*HACS*")/ Pre-arbitration Orders Numbers Three and Four**

I want to thank you for your thoughtfulness in granting the extension requested by Mr. Shuler on my behalf for providing the specific terms and conditions on which I seek to withdraw my claim against HACS from arbitration under DPR Rules.

I want to clarify that Mr. Shuler wrote on my behalf as a personal friend and not in his professional capacity as an attorney-at-law in this matter. Mr. Shuler from time to time has been a sounding board for me about issues arising from my dispute with HACS. However, Mr. Charles Brower is my legal counsel and attorney representing me in the arbitration.

You directed me in your Pre-Arbitration Order Number Three dated October 26, 2006 to set forth in writing the specific terms and conditions on which I seek to withdraw my claim from arbitration in this matter. You also stipulated that I should include a specific representation as to whether the withdrawal of the claim is with or without prejudice.

I am not entirely clear about the response you are seeking concerning specific terms and conditions on which I seek to withdraw my claim from arbitration. My only specific term and condition is that I am withdrawing my claim without prejudice.

I want to withdraw my claim from DPR arbitration because I want to initiate arbitration proceedings with the American Arbitration Association ("AAA") as required by the Pilot Contract dated 1st November 1992 between me and Hawaii Aviation Contract Services, Inc. (the "Contract") and the Stipulation for Stay of Action Pending Arbitration filed on November 16, 2004 (the "Stay") in the action pending in the United States District Court for the District of Haiwaii (Civ No. 03-451 SPK-LEK) with me and Mr. Martin Ventress as Plaintiffs and Japan Airlines; Jalways Co., Ltd. and HACS as the Defendants.

The Contract stipulates that any dispute between me and HACS shall be submitted to the American Arbitration Association ("AAA") and shall be decided by a single arbitrator in accordance with the AAA's Commercial Arbitration Rules. The Contract further stipulates that arbitration by the AAA is the sole legal remedy of the parties to the Contract. These agreements were re-affirmed in the Stay, which was approved and ordered by Judge Kobayashi.

The arbitration clause of the Contract has not been modified as alleged by Mr. Carl H. Osaki in his letter to DPR dated October 10, 2006, notwithstanding the submission of the dispute to Dispute Prevention and Resolution, Inc. ("DPR") earlier this year. At no time

EXHIBIT K

did I receive a proposal to modify the arbitration provision of the Contract by substituting DPR in place of the AAA as alleged by Mr. Osaki. At no time have I agreed that my submission was a "modification" of the Contract.

The fact that Mr. Osaki, the lawyer representing HACS in defense of my claims against it, subsequently agreed verbally to arbitration is not tantamount to a "modification" of the Contract. The Contract is a written instrument that can only be modified by an express amendment by the parties to it. My lawyer, Mr. Brower, has never been authorized to amend the Contract for me. Mr. Osaki has never provided any proof that HACS authorized him to amend the Contract, and in any case an amendment can only be made by mutual agreement. HACS and I have not agreed to amend the Contract.

I initiated the proceedings with DPR when I filed DPR's Submission to Arbitration Form on the advice of my legal counsel, Mr. Brower. I did so because I had been advised that, under the AAA's Commercial Arbitration Rules, I as the claimant would have to deposit the arbitration costs in advance and I do not have the means to do so. Arbitration at DPR was suggested as an alternative by my legal counsel because the parties share costs until the dispute is resolved.

Subsequent to filing the submission with DPR I learned from other former HACS employees who are also claimants against HACS and who are similarly situated to me with identical arbitration clauses in their contracts with HACS, that the AAA applies its Employment Arbitration Rules to employment disputes under employer promulgated employment contracts, even when the contract provides for application of the Commercial Arbitration Rules. The AAA's Employment Arbitration Rules require the employer to pay the arbitration fees in disputes regarding employer promulgated employment contracts.

Clearly I would have submitted the dispute to the AAA had I known this information before submitting the dispute to DPR. It was for this reason that I asked DPR whether it could apply the AAA's Rules to the arbitration of my claim. I was advised by DPR on July 11, 2006 DPR does administer cases using AAA Rules.

However, you determined in Pre-Arbitration Order Number Two dated July 17, 2006 that you would not apply AAA Rules to the arbitration, which in my view leaves withdrawal as my only alternative.

I saw nothing in DPR's Rules that preclude me from withdrawing my claim and I hope that you understand my reasons for doing so. I believe that withdrawal will not prejudice HACS in either its defense of my claims or its pursuit of its counterclaims. These counterclaims can be raised in AAA arbitration. Also, it is HACS who included the requirement in the Contract for the application of AAA's Commercial Arbitration Rules to disputes. Moreover, we are only at the pre-arbitration phase of the proceedings.

Sincerely yours,

Jack L. Crawford, III

cc.:  Charles H. Brower, Esq.
      Carl H. Osaki, Esq.