**CARL H. OSAKI**
*Attorney At Law, A Law Corporation*
Pioneer Plaza, Suite 1510
900 Fort Street
Honolulu, Hawaii 96813
Telephone: (808) 528-4666
Facsimile: (808) 529-0764

December 7, 2006

Mr. Keith Hunter
Case Manager
Dispute Prevention & Resolution
Pauahi Tower, Suite 1155
1001 Bishop Street
Honolulu, HI 96813

      RE: <u>Crawford v. HACS, No. 06-0025-A</u>

Dear Mr. Hunter:

      This responds to Mr. Crawford's letter of November 30, 2006.

      As I read his letter, his essential argument is that he purportedly did not agree to arbitrate before Dispute Prevention & Resolution ("DPR") and, therefore, is free to unilaterally withdraw his arbitration demand because he now desires to arbitrate before the American Arbitration Association ("AAA"). I disagree with both legs of his argument.

I.    <u>Mr. Crawford Agreed To Arbitrate Before DPR</u>

      Mr. Crawford alleges that he did not agree to amend the contractual arbitration provision to substitute DPR for the AAA. This is a false assertion.

      Mr. Crawford's matter began as a civil action in the Central District of California in 2003, when he was represented by Martin Cervantes, Esq., of the California bar. In that action, Mr. Crawford was a co-plaintiff with Mr. Martin Ventress. Respondent Hawaii Aviation Contract Services, Inc. ("HACS") took the position that Messrs. Crawford and Ventress had agreed to arbitrate their disputes, and that the civil action was improper. Defendants Japan Airlines and JALways Co., Ltd. (collectively "JAL") also moved to dismiss the complaints based on treaty provisions between the United States and Japan. After the case was transferred to the District of Hawaii, the dispositive motions were renewed. JAL prevailed on its motion, and before HACS' motion was decided on the merits, both Mr. Crawford and Mr. Ventress agreed to stay the civil action in favor of arbitration.

      Both Mr. Crawford and Mr. Ventress, through their respective counsel were invited to use the services of DPR, as opposed to the AAA. When Mr. Ventress elected to use the AAA, and filed an arbitration demand in that forum, his attorney withdrew her representation.

      Mr. Crawford, on the other hand, accepted the offer to substitute DPR for the AAA. On or before January 20, 2005, Mr. Crawford authorized his counsel, Charles H. Brower, Esq., to use DPR:

Mr. Keith Hunter
December 7, 2006
Page 2

> I have also received confirmation that Mr. Crawford has agreed to use Dispute Prevention and Resolution rather than AAA.

See Exhibit A (Mr. Crawford was copied by Mr. Brower on this letter).

By February 16, 2005, Mr. Brower had begun the process of discussing the selection of a DPR arbitrator. See Exhibit B (Mr. Crawford was copied by Mr. Brower on this letter).

By the time that Mr. Crawford submitted the Submission to ADR Form to DPR on or about January 23, 2006, the parties had already notified DPR that they had selected Mr. Keith Hunter as the arbitrator. See Exhibit C (Mr. Crawford himself signed the submission form).

On or about January 31, 2006, DPR requested the parties to execute the Agreement to Participate in Binding Arbitration form ("Arbitration Agreement") by February 24, 2006. See Exhibit D. HACS, through its counsel, submitted the executed Arbitration Agreement on or about January 31, 2006. See Exhibit E. On or about February 2, 2006, Mr. Crawford's attorney submitted the Arbitration Agreement, signed by Mr. Crawford. See Exhibit F.

Thus, by early February 2006, there was an agreement between HACS and Mr. Crawford to arbitrate before DPR.

In observance of the Arbitration Agreement, the parties embarked on observing the procedures and protocols of DPR. For example, on March 1, 2006, the parties submitted Mr. Crawford's claims and HACS' counterclaims. See Exhibits G & H. HACS made the initial deposit and commenced discovery.

It is undisputed that there was an agreement to arbitrate before DPR. Mr. Crawford's letter of November 29, 2006, of course, does not even mention the Arbitration Agreement, which he himself signed.

Mr. Crawford's two points, that is, that there is no proof that HACS authorized me to agree to arbitrate before DPR, and that Mr. Brower was not authorized to agree to arbitrate before DPR – are without merit. First, I can assure you that I was authorized to sign the Arbitration Agreement. Second, there is a writing in which Mr. Brower states that Mr. Crawford authorized arbitration before DPR. See Exhibit A. Moreover, even if it were to be assumed, for the sake of argument, that Mr. Brower was not so authorized, Mr. Crawford himself executed the Arbitration Agreement.

Thus, it should be undisputed that the Arbitration Agreement is valid.

II.    Mr. Crawford Cannot Now Unilaterally Change His Mind

At bottom, Mr. Crawford simply wants to change his mind about arbitrating before DPR. HACS, on the other hand, does not so agree. As a matter of contract law, Mr. Crawford cannot unilaterally change the Arbitration Agreement.

In his letter of November 29, 2006, Mr. Crawford states that the reason for his changed view is that events *subsequent* to the Arbitration Agreement has caused him to now desire to arbitrate in another forum. There is no showing that there is any reason to question the validity of the Arbitration Agreement itself. See Haw. Rev. Stat. § 658A-6(a) ("An

Mr. Keith Hunter
December 7, 2006
Page 3

agreement contained in a record to submit to arbitration any existing or subsequent controversy arising between the parties to the agreement is valid, enforceable, and irrevocable except upon a ground that exists at law or in equity for the revocation of a contract."). Indeed, Mr. Crawford admits that he received legal advice regarding the arbitration forum under which he should submit his claims.

If any party can willy-nilly change their minds based on events subsequent to contract formation, then no one can ever depend on any agreement at all. For example, my mortgage lender would certainly be surprised if I could unilaterally modify or cancel my mortgage loan agreement. In Mr. Crawford's case, let us suppose he could unilaterally make a modification without HACS' consent and go to the AAA. If he becomes subject to the same order that controls his former co-plaintiff's matter before the AAA, then the Commercial Rules of the AAA will apply. I would suppose that Mr. Crawford would then object again. What then? Another unilateral change?

Arbitration is a matter of contract. Here, there is an undisputed Arbitration Agreement. There is no showing that it is invalid. HACS does _not_ consent to Mr. Crawford's proposed withdrawal of his claims, without prejudice, so he can re-file them with the AAA.

III.    Summary

There is a valid Arbitration Agreement between Mr. Crawford and HACS that calls for arbitration before DPR. There is no dispute that it is valid. Indeed, the Arbitration Agreement is almost a year old. HACS does _not_ agree to modify the Arbitration Agreement, and specifically, does _not_ agree to modify it so that Mr. Crawford can withdraw his claims without prejudice and re-file them before the AAA. (HACS would only agree to the withdrawal of Mr. Crawford's claims *with prejudice*, but understands that Mr. Crawford is not offering this proposal.)

Very truly yours,

CARL H. OSAKI

cho/amk

Enclosures:

c w/enclosure:    Hawaii Aviation Contract Services, Inc.
                  Charles H. Brower, Esq.