ORIGINAL

JACK L. CRAWFORD. III
The Regent Royal Place II, 6/179
Soi. Mahadlex Laung II
Lumpini, Pratumwan
Bangkok, Thailand 10330
Tel/Fax: 011-66-2-650-2307
Cell Phone: 011-66-81-907-9236
(Plaintiff)

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 24 2007

at __ o'clock and __ min __ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARTIN VENTRESS AND<br>JACK L. CRAWFORD,<br>    Plaintiffs,<br><br>vs<br><br>JAPAN AIRLINES, JALWAYS CO.,<br>LTD., a subsidiary of Japan<br>Airlines; HAWAII AVIATION<br>CONTRACT SERVICES, INC.,<br><br>    Defendants | CIVIL NO. CV 03-451<br>SPK-LEK; C.A. NO. 05-15044<br>PLAINTIFFS MOTION FOR THE<br>CONTINUANCE OF EXISTING<br>MOTIONS FILED, UNTIL<br>NEW COUNSEL OF RECORD<br>IS APPOINTED.<br><br>DATE:<br><br>TIME:<br><br>JUDGE: Leslie E. Kobayashi |

January 19, 2007

Honorable Judge Leslie E. Kobayashi,

### RE: CIVIL NO. 03-00451 SPK-LEX IS A FORMAL

This letter is a formal request of the court to withdraw, attorney Charles Brower, as the attorney of record, in both the civil action and a stipulation for stay of action pending arbitration.

Kindly be advised I request that as of this date Charles Brower, will no longer be representing me.

Presently, I am in the process of appointing another attorney to represent me and I will advise the court of this appointment.

I would hope to complete this appointment within the next couple of weeks. In the meantime, I request a "continuance" of any legal action pending until, such time, I can retain new counsel. Atleast thirty days.

This change of attorney is being made for a variety reasons, which I will enumerate. All are reflective, of a break down, in Mr. Brower providing me with what I consider to be appropriate representation.

The most serious has been a breakdown in receipt of communications related to myself and my attorney.

Mr. Brower has been less than forthright with me and I have lost any confidence, respect and trust that I once had for him.

For this reason, I sight irreconcilable differences, after I have send him countless emails and discussed in conference calls, requesting Mr. Brower to move arbitration forward, after the Federal Stay was issued in November of 2004.

Mr. Brower did not produce a single document of discovery, before DPR's August 14, 2006 deadline, nor has he produced a single document of discovery, since or before, as was required by DPR's pre-discovery order No. 2.

As a result, of Mr. Brower's lack of discovery work. This caused the August. 28, arbitration hearing to be postponed for an additional six months, delaying it a full year. Hawaii state law 658A-17 called for arbitration to be brought to a conclusion expeditiously. Mr. Brower, for no apparent reason, also previously delayed for one year, after he faxed me a submission ADR agreement to sign and return to him. This was in January of 2005 and he continued the delay, without filing, until January of 2006. When he again faxed me the same submission agreement to sign and return to him and DPR.

1

In October, November and December of 2004, Mr.. Brower indicated in his emails that the court wanted arbitration moved forward immediately; and we needed to start arbitration soon. After I faxed the submission agreement back to Mr. Brower in January of 2005, he indicated by, we were registered in arbitration and finally moving arbitration forward. He and opposing counsel had selected the arbitrator, his name was Mr. Hunter from list of five and a short list of three.

After, I received no notice of the case number or arbitration date, Dr. Matthew's advised me to check with DPR in Nov. 2005. It turned-out, DPR had never heard of me or my case. Mr. Brower had never contacted DPR or sent them the submission agreement, I signed, almost one year earlier.

This both showed and proved to me that Mr. Brower had a lack of interest for some reason in my arbitration. Altogether, he delayed and postponement arbitration in excess of two years, by again not meeting the discovery deadline set by DPR.

The Court Stay signed by Mr. Brower, mandated the HACS pilot contract and triple "A" administrative arbitration. I would have presumed, Mr. Brower and Mr. Osaki should have return to the court to amend the Stay with a signed addendum to the HACS PILOT contract. Also, without both parties signature on the DPR submission, DPR has been a waste of time, illegal and unauthorized forum. Also DPR's policies and procedures, for filing the submission agreement were ignored by both counsels. DPR procedures and policy required a written and signed request by **both parties** before requesting DPR rules to be included with their ADR submission. This was in keeping with the Court Stay as well. AAA rules could have also been specified in the written ADR submission before submitted to DPR.

Both Mr. Brower and Osaki ignored the Stay and substituted DPR, as a another forum, other than AAA specified in the court order and did not adhere to the HACS Pilot contract, using AAA administrative rules. I find it hard to believe that two officers of a court disregarded a Federal Court order, they signed.

I would also like to mention that in my last two letters I wrote to Mr. Brower, I explain his withdrawal after givening him an opportunity to redeem himself by answering my questions and communication. There are also two emails copied to me, sent to Mr.. Brower, I received from my friend, Asa Voak, who first met and interviewed Mr. Brower and suggested him to me, as my counsel; and there were letters as well written by Dr. Matthew's, who is a professional, requested by Mr. Brower to assist in litigation and who has been helping me professionally. He has also been ignored atleast in half dozen emails by Dr. Dr. Matthew's written to Mr. Brower that deserved an answer, as a professional courtesy.

Mr. Brower continuously refused to respond to my most basic correspondence with simple Yes and No answers. Also, I was never advised of Mr. Brower's strategies despite repeated request, other than he said my arbitration was a contract issue. When infact, the termination was not a contract issue. It is a perjury issue, whereby, HACS and JAZ perjured themselves

with their termination, concerning my JCAB pilots license cancellation and wrongfully terminated me. In one of the most recent emails to Mr. Brower, stated

> *"Dear Mr. Brower, Thank you very much for your representational efforts on my behalf to this point. However, I do not wish for you to continue in any capacity or relationship with or for me any longer. Please accept this as formal withdrawal from any requirement and/or request that you set yourself forth to anyone as my representative, legal or otherwise. This arbitration is proceeding under the legal authority of the AAA, pursuant to the express written arbitration clause in the HACS Pilot Contract. I suggest that Mr. Osaki address any concerns regarding this arbitration, with the AAA".*
>
> *Regarding the requests set forth in Mr. Hunter's email, I simply see no rational reason for you to respond, nor violate the contract which stipulates solely and specifically that the only forum for the resolution for any dispute between myself and HACS is the American Arbitration Association.*
>
> *Legal precedence has been established in Bruce Schoggen's case. Judge Ezra and Judge Kobayashi, respectively, have rendered decisions solely based on the express written arbitration clause in the HACS Pilot Contract. The DPR cannot dispute/argue against such legal precedence. If so, they'll lose!*
>
> *There is nothing more to be said, that has not already been established and said. Hawaii's legal community already knows that I am in the AAA.*

Mr. Brower has never kept me properly informed of the progress of my case. I.E. I finally received a copy of Mr. Osaki's latest motion dated Dec. 29, 2006. This was two weeks after it was dated. I should have received this motion within two to three days. Nothing ever came from Mr. Brower timely. Another example, I wrote and send a letter responding to DPR's order No. 3. Mr. Brower received Mr. Osaki response **to my letter** dated Dec. 7, 2006 and did not copy me, until three weeks ago. Again, he should have copied me immediately. Instead, I had to make several request to Mr. Brower's office and DPR for a response to my letter. I should never have had to wait for his response.

Mr. Brower failed to keep me informed before or after important meetings, unless I asked. I.E., I was unaware, when Mr. Brower first entered into negotiations in mediation with JAL, after the Federal Court appeal was filed in March of 2005. This caused both the cancellation and postponement of the appeal courts time table (schedule), just before the briefs were to be filed in April.

Once again, delaying arbitration and prolonging the Federal appeal process for several months, until the last day of August 2005.

Mr. Brower, still ignored my request in my emails to bridge the communication gap and give me a simple, Yes or No answer to one questions. He could not take the time or be bothered.

As mentioned, Mr. Brower to date has never received or obtained any discovery materials, taken written testimonies or depositions from witnesses. It has now been more than two

3

years that he has gone without discovery, while making excuses, as recently as Dec. 28 2006, saying he had no authority or venue to receive discovery.

I have also had to do my own legal work, like answering DPR's pre-order No. 3, filing my own demand for AAA arbitration and filing the withdraw notice for DPR.

Mr. Brower has never provided me with sound legal advice. I.E., I was improperly advised to sign and execute DPR's unauthorized ADR submission agreement. Mr. Brower did not follow DPR's own policies and procedures before faxing a submission agreement for me to sign and return to him.

Mr. Brower as a signer of the court order, regarding the Stay, with Mr. Osaki should have returned to the Federal Court and amended the Federal Stay, after he had sought an addendum to the HACS Pilot contract, signed by both parties, before submitting to DPR arbitration; and Mr. Brower initiated the DPR submission ADR, which was in violation of the Court Stay and tried to incriminate me by signing a statement, he prepare that I initiated DPR. Mr. Brower did not follow Hawaii stat, law 658A-17 (a) (b) (c) requiring a discovery conference hearing, before determining discovery issues, approved by the arbitrator. Instead, both counsels unilaterally agreed to discovery themselves without the arbitrator's approval and Mr. Brower excepted Mr. Carl Osaki's interrogatories and requested my deposition in violation of the state statues.

I also noted no specific provision in DPR's arbitration rules for interrogatories. However, I believe that section 17 (a) of the revised uniform arbitration act (658A), as adopted in Hawaii in 2002 and applicable to arbitrations conducted by DPR,, as per DPR's arbitration rules, allows the arbitrator to permit interrogatories, if the ARBITATOR decides they are appropriate for the case.

The question, I have your honor, did the arbitrator permit me to be sent interrogatories. If so, were there any conditions, and why was a protective order not filed by Mr. Brower? I believe this was illegal without a pre-order for discovery sanctioned by the arbitrator.

What, if any did Osaki have, as a valid bases for sending interrogatories before the arbitrator's discovery pre-order was initiated and signed?

My understanding is that the arbitrator can, if asked by a party or a witness, permit a deposition to be taken from a witness and submitted in evidence at the hearing, if the witness is unable to attend the hearing, or cannot be subpoenaed. I would have thought it was entirely unnecessary that I be deposed and provided interrogatories to answer, since I was appearing, as a witness to be examined and cross-examined. Was this allowed and really necessary?

Again, assuming this were allowed, Mr. Brower did not attempt to protect my interest by filing a protective order. He only acted, as a conduit for Mr. Osaki in his interest, not mine.

The list of mis-representations, and no responses could continue, concerning Mr. Brower's refusal to communicate and do little or nothing to represent me. Also, by doing nothing, Mr. Brower was destructive and prejudiced my litigation; and by not being responsive, he did not protect my legal interest to the fullest extent of the law.

Now that there is a motion before your honor, by Mr. Osaki, this is the result of Mr. Brower doing nothing in the interest of my arbitration. His lack of actions has also resulted in my request to withdraw from DPR's unauthorized arbitration. Which as stated, Mr. Brower and DPR initiated, by requesting I execute with my signature, DPR's submission agreement and sign an acceptance form, before the Federal Stay was amended and an addendum to the contract, signed by both parties, which was HACS and I.

**Ref. Note: How to submit current and future cases to DPR.**

**Parties** to a **contract** which presently contains dispute prevention, or resolution provisions, which do not name a specific administering agency (or **which name** and agency other than DPR), may either 1) agree to submit specific disputes to DPR (In such instances **the parties must** specify in **their written** APR submission **their** agreement to utilize DPR administrative rules and procedures) or (2) amend **their** contract to select in advance DPR as the administering agency. (1) this construes both parties have to sign and stipulate DPR rules or other agencies rules, i.e., AAA rule or (2) amend **their** contract selecting DPR, as the administering agency, instead of the agency specified in their contract. In this case HACS and I, signed and agreed to AAA in our HACS Pilot contract.

Since these two conditions are required, as part of the submission test, without these two conditions agreed upon and signed by both parties, according to DPR procedures and policy the submission agreement is not complete or valid, especially if only one party signs. It is invalid, inappropriate and unenforceable; and since there is already a bidding contract agreement with an arbitration company stipulated, signed by the recipicants, which states, the arbitrator shall construe this agreement and the rights of the parties in accordance with the laws of the state of Hawaii are binding and not appeasable. This is the **Sole Legal Remedy Crawford and HACS** shall have with respect to **any disputes** arising from this agreement.

**Once again, I will enumerate and reiterate on Mr. Brower's, lack of responses, communication and representation briefly, he**

1) Refused to respond to basic correspondence with simple yes/ no questions. I.E., most recent email outlining (26) Yes/No questions which he totally ignored.

2) Never advised me of his strategies except for a contract issue, when infact the wrongful termination is a perjury issue.

3) Never kept me informed of the progress of the case.

5

4) Failed to inform me of his actions, including important meetings. I.E., mediation after the filing of the appeal in the 9th circuit.

5) Did not obtain discovery information i.e., production of documents, depositions, written testimonies, statement of facts, requested of him for over two years. Most importantly, he has allowed the HACS/JAZ contracts to remain under seal for two years; and he has since not seen the contracts, when there is an important indemitification clause between HACS and JAZ.

6) Repeatedly, I was asked to respond to legal matters without advice, while requesting, I do my own legal work, Which should have been done by him and he advised me to write the letter I wrote to the arbitrator for pre-order #3, I filed the demand for AAA arbitration, he failed to advise me, how to answer Osaki's interrogatories, he conceded to my deposition without following Haw. Stat. Law 658A-17 and procedures and he did not consider filing a protective order, preventing the deposition, nor did he file one.

7) Has not provided me with sound legal advice, leaving me open to legal problems. I.E., Osaki's new motion filed Dec. 29, 2006, where Osaki argues DPR is a valid contract by ignoring the Stay; and the HACS pilot contract was modified, after I signed an unauthorized ADR submission that both he and Mr. Brower excepted, using unauthorized DPR rules. When infact. Mr. Osaki and Mr. Brower completely ignored DPR's policy and procedures.

8) Has never followed my directions and taken action, as I've requested. Most recently, I requested he ask for a status conference to discuss the Federal Court Stay and binding arbitration with Judge Kobayashi, according to the contract and AAA administrative rules already established.

9) Has not kept his promises, which he made to me and others, who were helping me. He ignored specify action requested by me and/or my advisors. I.E., other professionals, like my psychologist, Dr. Matthew's.

10) Has wrongfully and illegally taken specific actions detrimental to my arbitration and me personally, I.E., allowing me to be deposed without taking legal protective action with the defendants. He did not adhere to AAA's administrative rules, and violated to the Federal Stay and the HACS pilot contract by sending me DPR's unauthorized submission agreement to sign, without written specification for AAA rules, according to the court order.

11) Has continuously keep me in the dark, related to the status of my case and failed to keep his promise that he would keep me advised and informed bi-monthly. Sometimes he and his office went a couple of months without responding. He may have gone longer without my emails.

6

12) Requested an additional retainer, after we agreed to a contingency contract agreement, where the contingency fee was payment for his legal work representing me in the arbitration and related JAL/JAZ civil cases per the contract.

13) Upon your honor's request, I will provide documentation to support all statements made regarding Mr. Brower's disregard and lack of performance for my present arbitration hearing. This arbitration has been anything, but been expeditious and now could exceed three years after the Stay was issued, before there is another hearing scheduled in the proper forum with AAA rules.

Your honor, respectfully, at my initial meeting with Mr. Brower in July of 2004. I made it clear, along with my friend in attendance, Mr. Asa Voak, who actually first contacted Mr. Brower. That good communications was not only important, but essential. Mr. Brower failed to do this and to keep me informed. Communitions was particularly stressed, because of past issues with my previous attorney, Mr. E. Sietz, who himself withdrew, alleging communication problems of a different sort. But infact, Mr. Sietz's realized there was a great deal of work involved with a contingency arrangement, which he signed, after he received a threatening letter from Mr. Pepper, asking him to consider early and voluntary discontinuation of the lawsuit, basically abandoning us as his clients, by voluntary withdrawal. Mr. Pepper's additional statement was, "how would you like to proceed to dispose of this matter". Mr. Seitz sighted Capt. Bruce Schoggen's, as his excuse, saying, "he had never heard of him." This was the bases for his dismissal given the court and his reason for withdrawal. When infact, Mr. Sietz was completely aware of Capt. Schoggen's and had been told about him from day one, in persons an email and again, practically the following day, not to mention, several other emails that followed, that Capt. Scheggen's would contact him and even invite him out to dinner.

This deliberate breakdown by Mr. Brower in responses to me, described, involve serious communication issues, incapadiability and representational problems, which no longer allows me to work with Mr. Brower, as my counsel of record. I hereby request that Mr. Brower withdraw from any further legal matters or court actions on my behalf at this time and I respectfully, request a "continuance".

Respectfully,

*Jack L. Crawford, III*

Jack L. Crawford, III
(Plaintiff)


CC: Mr. Tom Simotas, Supervisor, ICDR (AAA)
    Mr. Keith Hunter, Arbitration, DPR
    Mr. Charles Brower, Attorney.
    Mr. Carl Osaki, Attorney
    Mr. Andrew Pepper, Attorney