IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARTIN VENTRESS<br>AND JACK CRAWFORD,<br><br>              Plaintiffs,<br><br>vs.<br><br>JAPAN AIRLINES; JALWAYS CO.,<br>LTD., A SUBSIDIARY OF JAPAN<br>AIRLINES; HAWAII AVIATION<br>CONTRACT SERVICES, INC.; AND<br>DOES 1-10,<br><br>              Defendants. | ) CIVIL NO. 03-451 SPK-LEK<br>)<br>) DECLARATION OF SHAWN A. LUIZ<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

DECLARATION OF SHAWN A. LUIZ

I, SHAWN A. LUIZ, pursuant to 28 U.S.C. Section 1746, hereby declare as
follows:

    1.    I am counsel for Plaintiff JACK CRAWFORD in the above

captioned matter. I hereby incorporate the facts set forth in  the

Opposition to Defendant Hawaii Aviation Contract Services,

Inc.'s motion to compel arbitration pursuant to the terms of an

agreement between Plaintiff Jack Crawford and Defendant

Hawaii Aviation Contract Services, Inc. as true and correct to

the best of my knowledge.  In addition, I aver as follows:

2.    I have been licensed to practice law in the State of Hawaii since
      1997. I am also licensed to practice law in Florida, the 9th
      Circuit Court of Appeals, and the United States Supreme Court.

3.    Attached as Exhibit "1" is a true and correct copy of the May
      14, 2004 filing of JAPAN AIRLINES and JALWAYS CO.,
      LTD., A SUBSIDIARY OF JAPAN AIRLINES. The May 14,
      2004 filing is attached to show that the two co-defendant
      Japanese Corporations intended to use the FAA to enjoin the
      federal action should co-defendant HAWAII AVIATION
      CONTRACT SERVICES, INC. (HACS) be dismissed from the
      action and the two be left alone to litigate without HACS as a
      co-defendant.

4.    Attached as Exhibit "2" is a true and correct copy of the Stay
      Order filed November 16, 2004 to show that the federal action
      was stayed in order to allow the parties the opportunity to
      arbitrate before AAA not DPR. HACS failed to seek court
      approval prior to filing the instant motion which is in direct
      violation of the Stay Order filed November 16, 2004 in order to
      obtain an illegal financial advantage, i.e. make the arbitration
      cost prohibitive for Plaintiffs by using DPR with upfront costs

2

of $8,000.00 to Crawford just for starters rather than the mere
$125.00 capped fee with AAA under AAA Arbitration Rules.

5.      Attached as Exhibit "3" is a true and correct copy of the May
17, 2005 case involving a co-worker, Bruce G. Schoggen, with
the same contractual AAA arbitration clause as Crawford,
Ventress and Moore which AAA construes as being subject to
AAA Employment Rules rather than Commercial Rules as this
arbitration arises from the dispute of an employment contract
and not a commercial transaction, i.e., the sale of goods (UCC
Article 2), lease of goods (UCC Article 2A),  lease of
commercial real estate, etc. Osaki was and remains HACS
attorney in all three former HACS employees, namely
Schoggen, Crawford, Ventress and Moore. Attached as Exhibit
"3A" is a true and correct copy of the notice of hearing dated
April 2, 2004  (with copies of the Crawford and Ventress AAA
arbitration provisions which were attached as exhibits to
HACS' motion to dismiss dated April 2, 2004).  **Judge Ezra
pointed out on page 3 of his order that the choice of law is
not only Hawaii but laws of the United States as well**, the
choice of law for any dispute "shall be the law of the State of

3

Hawaii and, if applicable, the law of the United States of America. Id." Crawford has attached this to present evidence that HACS/Osaki is presenting Hawaii as the only choice of law in bad faith as he was counsel for HACS in all four cases.

6. Attached as Exhibit "4" is a true and correct copy of the Schoggen demand for arbitration to AAA dated June 23, 2005.

7. Attached as Exhibit "5" is a true and correct copy of the order dated July 28, 2005. Instead of being forthcoming with the court HACS/Osaki failed to disclose the Ezra May 17, 2005 order which mislead the court and prevented the court from applying offensive collateral estoppel based on the failure to disclose the order in an identical arbitration provision where HACS already litigated and lost in an attempt to judge shop.

8. Attached as Exhibits "6" ,"7" "8" and "9" are a true and correct copy of the Motion HACS again litigated without failing to disclose the Ezra May 17, 2005 order.

9. Attached as Exhibit "10" is a true and correct copy of the $8,000.00 DPR deposit required for Crawford to proceed.

10. Attached as Exhibit "11" is a true and correct copy of the transcript from hearing before Judge Ahn in state court where

4

she rules "The question of what specific rules shall be applied during the arbitration is for the arbitration process, not this court to resolve."

11. Attached as Exhibit "12" is a true and correct copy of the order by Honorable E. John McConnell denying Arbitration pursuant to commercial rules despite the express provision of the contract the parties signed. Again, AAA Employment rules held to apply.

12. Attached as Exhibit "13" is a true and correct copy of the order dismissing HACS appeal from Judge Ahn's ruling.

13. Attached as Exhibit "14" is a true and correct copy of the November 7, 2006 Osaki letter regarding arbitration and staying discovery.

14. Attached as Exhibit "15" is a true and correct copy of the November 8, 2006 Osaki email regarding arbitration and staying discovery.

15. Attached as Exhibit "16" is a true and correct copy of the November 30, 2006 letter from Crawford to DPR objecting to DPR due to exorbitant costs to employee when compared to minimal costs to AAA arbitration.

16.  Attached as Exhibit "17" is a true and correct copy of the December 12, 2006 AAA letter specifying AAA employment rules rather than AAA commercial rules in any employer promulgated plan.

17.  Attached as Exhibit "18" is a true and correct copy of the December 15, 2006 DPR letter relinquishing jurisdiction of the matter

18.  Attached as Exhibit "19" is a true and correct copy of the December 30, 2006 Osaki letter to AAA again objecting to AAA without disclosing either the Judge Ezra or Ahn opinions.

19.  Attached as Exhibit "20" is a true and correct copy of the January 10, 2007 Osaki letter to AAA again objecting without disclosing either the Judge Ezra or Ahn opinions.

20.  Attached as Exhibit "21" is a true and correct copy of the AAA letter regarding closing the file if HACS does not make the required deposit to AAA by March 30, 2007. Crawford's counsel sent AAA a request for extension of time, at least till this Honorable Court hears and rules regarding the present motion.

6

21.    Attached as Exhibit "22" is a true and correct copy of the

Schoggen Action filed March 20, 2007 to confirm AAA

arbitration award which involved a two day hearing using AAA

employment rules.

22.    Attached as Exhibit "23" is a true and correct copy of the

discovery responses that HACS/Osaki initiated in violation of

the stay order.

23.    Attached as Exhibit "24" is a true and correct copy of the

discovery responses that HACS.  Attached as Exhibit "25" is a

true and correct copy of the AAA Commercial rules. Both are

attached in the event the court wishes to contrast the cost

differential provisions between the employment and

commercial rules.

24.    Cavalier disregard of the Court's orders and lack of candor

towards the various tribunals involving the same defendant, by

not disclosing to each tribunal the other court orders which are

entitled to comity in applying principles of judicial estoppel and

collateral estoppel by a party defendant should not be tolerated.

25.    I hereby certify that I have conferred in good faith with Mr.

Osaki, attorney for Defendant in an effort to secure AAA

7

arbitration rather than DPR arbitration without court action. When I was in Pasedena attending oral argument in the matter of the dismissal of the co-defendants, Osaki remarked that one pilot already cost them over $13,000.00 to date so they would not agree to any further proceedings with AAA .

26.    I submit this declaration in support of Plaintiff Jack Crawford's Opposition to Defendant Hawaii Aviation Contract Services, Inc.'s motion to compel arbitration pursuant to the terms of an agreement between Plaintiff Jack Crawford and Defendant Hawaii Aviation Contract Services, Inc. and Plaintiff Jack Crawford's CROSS-MOTION for an order compelling arbitration before AAA, using AAA Employment Rules rather than AAA Commercial Rules.

27.    Attached as Exhibit "26" is a true and correct copy of the hours incurred by me to attempt to resolve this matter through letters, research, draft, and file and serve the opposition to HACS' Motion.

28.    I respectfully request an hourly rate of $200.00, which is commensurate with my litigation experience. I have obtained Plaintiff Jury Trial Verdicts in three out of four trials in federal

court; *Tolutau v. Gateway*; Truth in Lending; $400,000.00 verdict; *Burke v. County of Maui*; Race and Sex Discrimination; $80, 000.00 verdict; *Casumpang v. ILWU*; Union Free Speech case; 1.24 million verdict;

29.     From 1997 until 2004, this Honorable Court routinely awarded me $150.00 per hour in any request for attorney's fees.

30.     After my federal trial in 2005, Honorable Magistrate Kevin Chang's inclination would be to award $175.00 per hour in any request for attorney's fees, which was ultimately agreed upon as a reasonable hourly rate for attorney's fees by the parties.

31.     Attached as Exhibit "27" is a true and correct copy of two declarations supporting my hourly request of $200.00 per hour, as I have been practicing an additional one year and ten months since the 2005 fee request.

32.     A clear message is needed to show that judge shopping and hide the ball from the courts is disfavored in this jurisdiction.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

9

DATED: Honolulu, Hawaii, April 2, 2007.

SHAWN A. LUIZ