3A

CARL H. OSAKI          4008-0
Attorney At Law, A Law Corporation
Pioneer Plaza, Suite 1510
900 Fort Street
Honolulu, Hawaii  96813
Telephone:  (808) 528-4666

Attorney for Defendant
HAWAII AVIATION CONTRACT
SERVICES, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARTIN VENTRESS and JACK CRAWFORD,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>JAPAN AIRLINES; JALWAYS CO., LTD., a subsidiary of Japan Airlines; HAWAII AVIATION CONTRACT SERVICES, INC.; and DOES 1-10,<br><br>　　　　　Defendants. | CIVIL NO. CV 03-451  SPK-LEK<br><br>NOTICE OF HEARING MOTION; DEFENDANT HAWAII AVIATION CONTRACT SERVICES, INC.'S MOTION TO DISMISS ACTION; MEMORANDUM IN SUPPORT OF MOTION; AFFIDAVIT OF CARL H. OSAKI; EXHIBITS A & B; CERTIFICATE OF SERVICE<br><br>DATE:    June 18, 2004<br><br>TIME:    10:00 a.m.<br><br>JUDGE:   Samuel P. King |

NOTICE OF HEARING MOTION

TO: ERIC A. SEITZ, ESQ.
　　Suite 714
　　820 Mililani Street
　　Honolulu, HI 96813

　　Attorney for Plaintiffs

RECEIVED APR   2004

ANDREW L. PEPPER, ESQ.
Pacific Tower, Suite 2200
1001 Bishop Street
Honolulu, HI 96813

Attorney for Defendants
JAPAN AIRLINES and
JALWAYS CO., LTD.

NOTICE IS HEREBY GIVEN that the above-entitled Motion To Dismiss shall come on for hearing before the Honorable Samuel P. King, Judge of the above-entitled Court, in his courtroom, PJKK Federal Building, 300 Ala Moana Boulevard, Honolulu, Hawaii 96813, on Friday, June 18, 2004, at 10:00 a.m., or as soon thereafter as counsel may be heard.

DATED: Honolulu, Hawaii    APR. - 2 2004

CARL H. OSAKI
Attorney for Defendant
HAWAII AVIATION CONTRACT
SERVICES, INC.

2

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN VENTRESS and JACK CRAWFORD,<br><br>   Plaintiffs,<br><br>vs.<br><br>JAPAN AIRLINES; JALWAYS CO., LTD.; HAWAII AVIATION CONTRACT SERVICES, INC.; and DOES 1 to 10, inclusive,<br><br>   Defendants. | Case No: CV 02-9762-NM (SHx)<br><br>**AFFIDAVIT OF FRANCIS T. TABATA** |

**AFFIDAVIT OF FRANCIS T. TABATA**

STATE OF HAWAII              )
                             ) SS.
CITY AND COUNTY OF HONOLULU  )

FRANCIS T. TABATA, being first duly sworn upon oath, deposes and says that:

1. I am the president of Hawaii Aviation Contract Services, Inc. ("HACS").

2. All of the crewmembers listed as potential witnesses by Mr. Crawford and Mr. Ventress (i.e.: Freiberg; Muir; Trotter; Thiele; Pauwels; Grassia; Moore; Schoggen; Urso; Rees; Bertiaux; Gauthier; Varley; Vanvoorhis; Bonasera; Holck; Lucas; Lewis; Basham; Esmurdoc; Condit; Patrick; Richards; Carter; Morton; Williams; Krieger; Mason; Walsingham; Mahan) must come through Honolulu, Hawaii at least once a month to engage in their employment duties. No part of these crewmembers' [contracts] *employment duties* requires their presence in Los Angeles, California.

EXHIBIT 6

- 1 -

1   3.   Attached as Exhibits A and B, respectively, are
2 true and correct copies of portions of the employment contracts
3 between HACS and Mr. Crawford and Mr. Ventress. Apart from
4 Hawaii law, no other individual state's law is referenced as
5 applicable in the pilot contract.
6   4.   Regarding Plaintiffs' statements in their
7 declarations that HACS "hold seminars in California", HACS does
8 not "hold" seminars in California. HACS does attend seminars in
9 the continental United States that are organized by AIR, Inc.,
10 that brings applicants and airlines together.
11   FURTHER AFFIANT SAYETH NAUGHT.

13   _____
14   FRANCIS T. TABATA

15 Subscribed and sworn to before me
   this 22nd day of May 2003.
16
17 _____
   Notary Public, State of Hawaii
18 Name of Notary: ALLISON M. K. OSAKI
19 My Commission expires: 12-13-2005

- 2 -

    a.    Crew training commences on/or about November 29, 1992.

    b.    Training shall encompass in excess of six (6) to seven (7) months.

    c.    When CRAWFORD has been qualified to fly for JAZ, i.e, all training, testing, line checking, are completed, he shall be obligated to fly for five (5) years, i.e., sixty (60) consecutive months subsequent to the completion of flight training and JAZ certification.

    d.    The term of this AGREEMENT shall run from the date of the signing (execution) of the AGREEMENT until approximately June, 1998 and shall be automatically renewed unless CRAWFORD notifies HACS in writing at least one year prior to the termination date of this contract that he does not wish to have this contract renewed. The termination date shall be determined upon certification of CRAWFORD for line flying and shall be inserted hereinafter upon completion.

    e.    Termination Date _Sep. 20th, 98_

2.    **CREWMEMBER Qualification; Assignment:**

    a.    HACS shall assign CRAWFORD to JAZ for the periods and purposes noted in paragraph 1, above.

    b.    CRAWFORD shall be certified to be qualified in accordance with specifications set forth in JAZ Operations Manual.

    c.    CRAWFORD understands that in the event the needs of JAZ and HACS diminish, the laws of the State of Hawaii shall apply should there be a requirement to lay off personnel.

    d.    Compensation:    Benefits for CREWMEMBERS shall be in accordance with Appendix B hereto.

    e.    CRAWFORD understands that JAZ and HACS shall screen and agree to his assignment to JAZ.

    f.    CRAWFORD understands that he is not eligible for promotion during

2

EXHIBIT A

n.  The JCAB (Japan Civil Aviation Bureau) Medical Certificate, as well as FAA medical certificates shall be obtained and paid for by CRAWFORD. Initial JCAB Medical Certificate will be paid by JAZ.

o.  CRAWFORD understands that he shall not communicate directly or indirectly with JAZ supervisory personnel unless it is necessary in the performance of his assigned duties.

p.  In the event CRAWFORD fails the required proficiency or type rating checks after receiving applicable training as specified in JAZ Qualification Manual, CRAWFORD understands that JAZ and HACS supervisory personnel shall confer and HACS supervisors shall present their opinion with respect to his case. JAZ shall determine after said conference, the final disposition of CRAWFORD'S case.

q.  Initial training and checks as well as certification for line flying will be performed at a location or locations chosen by JAZ. In the event initial training or subsequent training is failed by CRAWFORD, he will be given transportation back to his domicile at the origin of this AGREEMENT. Cost of transportation shall be borne by JAZ.

r.  CRAWFORD understands that JAZ shall provide and pay for periodic training and checks for CREWMEMBERS in accordance with the details described in JAZ Qualification Manual. Such training and checks shall be specified by JAZ.

s.  In the event CRAWFORD is involved in or causes an accident, he shall be deemed an employee of JAZ. He will be held harmless by JAZ and will be furnished legal counsel at no expense to himself. In the event fellow employees are injured, regardless of the location of the accident, the laws of Hawaii with respect to the Workman's Compensation remedies shall apply, i.e., no cause of action shall exist for JAZ against CRAWFORD nor shall CRAWFORD have any cause of action against JAZ or HACS.

3.  <u>CREWMEMBER Benefits</u>

4

      b.    Unless otherwise required by clear definition of conflicts of law, the choice of law for any dispute arising from this AGREEMENT shall be the law of the State of Hawaii and, if applicable, the law of the United States of America.

      c.    HACS will insure that CRAWFORD will be covered by both Workman's Compensation and Temporary Disability insurance and any other coverage required by the Hawaii Revised Statatus, the law of the United States of America.

      d.    In the event of any dispute between the parties hereto, the dispute shall be submitted to the American Arbitration Association and be decided by neutral binding arbitration before a single arbitrator in accordance with the Commercial Arbitration Rules of the American Arbitration Association. The arbitrator shall construe this Agreement and the rights of the parties hereunder in accordance with the laws of the State of Hawaii, U.S.A. Any decisions made by the arbitrator shall be deemed binding for the purposes of this Agreement and are not appealable. Costs and expenses incurred shall be borne in accordance with the decisions made by the arbitrator. This is the sole legal remedy CRAWFORD and HACS shall have with respect to any disputes arising from this agreement, i.e., each party hereby waives his or its rights to seek redress in any court system that might otherwise be available to him or it. The decision of the arbitrator shall be non-appealable. Judgement upon the award rendered by the arbitrator may be entered in any court having jurisdiction thereof.

6.    <u>Future Hiring</u>

      a.    CRAWFORD, subsequent to the execution of this AGREEMENT, shall not be hired by JAZ directly or indirectly through any subsidiary of Japan Airlines or JAZ during the term of this AGREEMENT.

7.    <u>Termination of CREWMEMBERS</u>

      a.    Assignment of CRAWFORD to JAZ shall be terminated on the date CRAWFORD refuses or fails to maintain required qualification. (See Paragraph 2 (l))

a. Crew training commences on/or about November 29, 1992.

b. Training shall encompass in excess of six (6) to seven (7) months.

c. When VENTRESS has been qualified to fly for JAZ, i.e, all training, testing, line checking, are completed he shall be obligated to fly for five (5) years, i.e., sixty (60) consecutive months subsequent to the completion of flight training and JAZ certification.

d. The term of this AGREEMENT shall run from the date of the signing (execution) of the AGREEMENT until approximately June, 1998 and shall be automatically renewed unless VENTRESS notifies HACS in writing at least one year prior to the termination date of this contract that he does not wish to have this contract renewed. The termination date shall be determined upon certification of VENTRESS for line flying and shall be inserted hereinafter upon completion.

e. Termination Date July 20th, 1998

2. **CREWMEMBER Qualification; Assignment:**

a. HACS shall assign VENTRESS to JAZ for the periods and purposes noted in paragraph 1, above.

b. VENTRESS shall be certified to be qualified in accordance with specifications set forth in JAZ Operations Manual.

c. VENTRESS understands that in the event the needs of JAZ and HACS diminish, the laws of the State of Hawaii shall apply should there be a requirement to lay off personnel.

d. Compensation: Benefits for CREWMEMBERS shall be in accordance with Appendix B hereto.

e. VENTRESS understands that JAZ and HACS shall screen and agree to his assignment to JAZ.

f. VENTRESS understands that he is not eligible for promotion during

EXHIBIT B

n. The JCAB (Japan Civil Aviation Bureau) Medical Certificate, as well as FAA medical certificates shall be obtained and paid for by VENTRESS. Initial JCAB Medical Certificate will be paid by JAZ.

o. VENTRESS understands that he shall not communicate directly or indirectly with JAZ supervisory personnel unless it is necessary in the performance of his assigned duties.

p. In the event VENTRESS fails the required proficiency or type rating checks after receiving applicable training as specified in JAZ Qualification Manual, VENTRESS understands that JAZ and HACS supervisory personnel shall confer and HACS supervisors shall present their opinion with respect to his case. JAZ shall determine after said conference, the final disposition of VENTRESS'S case.

q. Initial training and checks as well as certification for line flying will be performed at a location or locations chosen by JAZ. In the event initial training or subsequent training is failed by VENTRESS, he will be given transportation back to his domicile at the origin of this AGREEMENT. Cost of transportation shall be borne by JAZ.

r. VENTRESS understands that JAZ shall provide and pay for periodic training and checks for CREWMEMBERS in accordance with the details described in JAZ Qualification Manual. Such training and checks shall be specified by JAZ.

s. In the event VENTRESS is involved in or causes an accident, he shall be deemed an employee of JAZ. He will be held harmless by JAZ and will be furnished legal counsel at no expense to himself. In the event fellow employees are injured, regardless of the location of the accident, the laws of Hawaii with respect to the Workman's Compensation remedies shall apply, i.e., no cause of action shall exist for JAZ against VENTRESS nor shall VENTRESS have any cause of action against JAZ or HACS.

3. <u>CREWMEMBER Benefits</u>

a. Pay and allowances shall be in accordance with the scales set forth

4

b. Unless otherwise required by clear definition of conflicts of law, the choice of law for any dispute arising from this AGREEMENT shall be the law of the State of Hawaii and, if applicable, the law of the United States of America.

c. HACS will insure that VENTRESS will be covered by both Workman's Compensation and Temporary Disability insurance and any other coverage required by the Hawaii Revised Statutes.

d. In the event of any dispute between the parties hereto, the dispute shall be submitted to the American Arbitration Association and be decided by neutral binding arbitration before a single arbitrator in accordance with the Commercial Arbitration Rules of the American Arbitration Association. The arbitrator shall construe this Agreement and the rights of the parties hereunder in accordance with the laws of the State of Hawaii, U.S.A. Any decisions made by the arbitrator shall be deemed binding for the purposes of this Agreement and are not appealable. Costs and expenses incurred shall be borne in accordance with the decisions made by the arbitrator. This is the sole legal remedy VENTRESS and HACS shall have with respect to any disputes arising from this agreement, i.e., each party hereby waives his or its rights to seek redress in any court system that might otherwise be available to him or it. The decision of the arbitrator shall be non-appealable. Judgement upon the award rendered by the arbitrator may be entered in any court having jurisdiction thereof.

6. <u>Future Hiring</u>

a. VENTRESS, subsequent to the execution of this AGREEMENT, shall not be hired by JAZ directly or indirectly through any subsidiary of Japan Airlines or JAZ during the term of this AGREEMENT.

7. <u>Termination of CREWMEMBERS</u>

a. Assignment of VENTRESS to JAZ shall be terminated on the date VENTRESS refuses or fails to maintain required qualification. (See Paragraph 2 (l))