4

THE LAW OFFICES OF
# David F. Simons

June 23, 2005

American Arbitration Association
Michael R. Powell
Vice President
725 South Figueroa Street, Suite 2400
Los Angeles, CA 90017

Re:   Bruce Schoggen v. Hawaii Aviation Contract Services ("HACS")
      Demand for Arbitration

Dear Mr. Powell:

We are hereby requesting that the American Arbitration Association initiate arbitration proceedings between my client Bruce Schoggen and his former employer Hawaii Aviation Contract Services, "HACS".

The facts and claims made by Mr. Schoggen against HACS are fully set forth in the attached Complaint which is incorporated by reference, Exhibit 1.

The claims were the subject of a lawsuit that had been filed in the United States District Court. That case has now been stayed pending arbitration of the claims pursuant to the Court order attached as Exhibit 2.

Exhibit 3 is a copy of the contract under which this arbitration is being sought. The arbitration clause which specifies arbitration with the American Arbitration Association. It states:

> In the event of any dispute between the parties
> hereto the dispute shall be submitted to the
> American Arbitration Association and decided by
> a neutral binding arbitration before a single

Association. The arbitrator shall construe this agreement and the rights of the parties hereunder in accordance with the laws of the State of Hawaii, USA. . .

There is a virtually identical case pending before the International Center for Dispute Resolution, a division of the American Arbitration Association, filed by Martin Ventress, Arb. No. 50 160 T 00587 04. Like the instant case, Schoggen v. HACS, Mr. Ventress initially filed his dispute in the form of a lawsuit against HACS in the U.S. District Court of the District of Hawaii. An order was later entered compelling arbitration.

Once Mr. Ventress filed for arbitration, the American Arbitration Association determined that because Mr. Ventress contract was signed in the early 90's, before the American Arbitration Association had established separate rules for resolution of employment disputes, that, even though the contractual provision specified "commercial rules" would apply, that the case would be arbitrated under AAA's rules for resolution of employment disputes. We would request that this same treatment be accorded Mr. Schoggen's case. His agreement was signed in 1993, before employment dispute resolution rules came into existence. I am attaching as Exhibit 4, correspondence confirming the decision of the AAA that employment rules rather than commercial rules should apply to the Ventress case.

By copy of this letter I am notifying Mr. Osaki who is counsel for the employer HACS in both the Ventress and Schoggen cases that we have now initiated this claim.

Please let me know what steps need to be taken next in order to proceed forward with the assignment of an arbitrator and scheduling of arbitration hearings.

Sincerely,

David F. Simons

DFS:ceb
Enclosures

cc:   Bruce Schoggen
      Carl Osaki, Esq.

THE LAW OFFICES OF