5

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 28 2005

at 10 o'clock and 51 min a M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| MARTIN VENTRESS, ET AL., )<br>   )<br>   Plaintiffs, )<br>   )<br>vs. )<br>   )<br>JAPAN AIRLINES, ET AL., )<br>   )<br>   Defendants. )<br>_____ ) | CIVIL NO. 03-00451 SPK-LEK |

**ORDER GRANTING DEFENDANT HAWAI'I AVIATION CONTRACT
SERVICES, INC.'S MOTION TO COMPEL ARBITRATION PURSUANT
TO THE TERMS OF THE CONTRACT BETWEEN PLAINTIFF MARTIN
VENTRESS AND DEFENDANT HAWAI'I AVIATION CONTRACT SERVICE, INC.**

Before the Court is Defendant Hawai'i Aviation Contract Services, Inc.'s ("Defendant HACS") Motion to Compel Arbitration Pursuant to the Terms of the Contract between Plaintiff Martin Ventress and Defendant Hawai'i Aviation Contract Service, Inc. ("Motion"), filed on May 18, 2005. This matter came on for hearing on July 25, 2005. Pro se Plaintiff Martin Ventress ("Plaintiff Ventress") appeared via telephone and Carl Osaki, Esq., appeared on behalf of Defendant HACS. After careful consideration of the Motion, supporting and opposing memoranda, and the arguments of counsel, this Court HEREBY GRANTS Defendant HACS's Motion for the reasons set forth below.

Exhibit I

## BACKGROUND

Plaintiff Ventress and Plaintiff Jack Crawford (collectively "Plaintiffs"), former employees of Defendant Japan Airlines and Defendant JALways Company, Ltd., a subsidiary of Defendant Japan Airlines (collectively "Defendants JAL") and Defendant HACS, filed their Complaint on December 23, 2002. Plaintiff Ventress' claims arise out of allegedly retaliatory, harassing conduct by Defendants JAL and its employees, including placing his name on a "Termination List." These actions were allegedly prompted by Mr. Ventress' reporting of two incidents involving an incapacitated captain who was allowed to fly and land his plane.

Plaintiff Ventress contends that Defendants JAL and Defendant HACS violated California Labor Code § 1102.5 by retaliating against him for reporting the incidents. He also claims that they constructively terminated him and that such termination constitutes retaliatory harassment. Plaintiff Ventress further alleges that this constructive termination violates California Government Code § 12940(k), California Labor Code § 1102.5, 49 U.S.C. § 40101(d)(1)-(2), and 49 U.S.C. § 42121. He also makes claims for intentional infliction of emotional distress and negligent infliction of emotional distress.

Plaintiff HACS filed the instant Motion on May 18,

2

2005, seeking an order compelling arbitration pursuant to the American Arbitration Association's ("AAA") Commercial Arbitration Rules ("Commercial Rules"), as specified in the contract between Plaintiff Ventress and Defendant HACS ("HACS-Ventress Contract"), rather than the National Rules for the Resolution of Employment Disputes ("Employment Rules"), which the AAA intends to apply. Defendant HACS argues that: the HACS-Ventress Contract is not an employment plan under the Employment Rules; AAA's decision to apply the Employment Rules is unilateral and outcome determinative, seeking to relieve Plaintiff Ventress of fees and charges that would otherwise be applicable; and the Commercial Rules and Employment Rules are materially different. [Mem. in Supp. at 1, 4-5.] AAA has stated that it will abide by the Court's ruling. [Motion, Exh. O.] Defendants JAL filed a statement of no position on June 3, 2005.

On July 15, 2005, Plaintiff Ventress filed a memorandum in opposition, arguing that the Employment Rules should apply. He argues that Defendant HACS has already breached the HACS-Ventress Contract by failing to amend the contract to reflect the formation of JALways Company, Ltd. and by initially pursuing arbitration with Dispute Prevention Resolution, Inc. rather than AAA. Plaintiff Ventress contends that the HACS-Ventress Contract is an employment contract and emphasizes that his claims involve labor and employment violations. He also argues that applying

3

the Commercial Rules will increase costs because the Commercial Rules require the use of three arbitrators while the Employment Rules require only one.

In its July 20, 2005 reply memorandum, Defendant HACS emphasized that Plaintiff Ventress did not contest the basic argument that the arbitration should be conducted in accordance with the terms of the HACS-Ventress Contract. Defendant HACS also notes that the contract calls for arbitration before a single arbitrator under the Commercial Rules.

## DISCUSSION

It is well settled that parties may "specify by contract the rules under which . . . arbitration will be conducted." Volt Info. Scis., Inc. v. Bd. of Trs. of the Leland Stanford Junior Univ., 489 U.S. 468, 479 (1989). The HACS-Ventress Contract specifies that the Commercial Rules shall apply to arbitrations of disputes concerning the contract. The HACS-Ventress Contract also contains a choice of law provision stating that Hawai`i State law applies.

Hawai`i law recognizes a strong public policy in favor of arbitration and, where parties have an enforceable agreement to arbitrate, the courts' powers are limited by Hawai`i Revised Statutes Chapter 658A. Cf. Bateman Constr., Inc. v. Haitsuka Bros., Ltd., 77 Hawai`i 481, 484, 889 P.2d 58, 61 (1995) (concerning Chapter 658, predecessor to Chapter 658A). Section

4

658A-7(a) provides, in pertinent part:

> (a) On motion of a person showing an agreement to arbitrate and alleging another person's refusal to arbitrate pursuant to the agreement:
>
> . . . .
>
> (2) If the refusing party opposes the motion, the court shall proceed summarily to decide the issue and order the parties to arbitrate unless it finds that there is no enforceable agreement to arbitrate.

Haw. Rev. Stat. § 658A-7(a). Section 658A-6(a) states: "An agreement contained in a record to submit to arbitration any existing or subsequent controversy arising between the parties to the agreement is valid, enforceable, and irrevocable except upon a ground that exists at law or in equity for the revocation of a contract." Haw. Rev. Stat. § 658A-6(a).

On November 16, 2004, this Court entered a stipulation and order staying the case pending arbitration between Plaintiff Ventress and Defendant HACS. The stipulation and order recognizes that there is an enforceable agreement to arbitrate. This Court is therefore bound to enforce the terms of HACS-Ventress Contract. Although there are valid reasons to apply the Employment Rules to the pending arbitration, the Court may not substitute its own judgment for the terms that the parties bargained for and agreed upon. The HACS-Ventress Contract clearly shows that the parties intended that the Commercial Rules apply. In fact, the Employment Rules, which were promulgated in 1996, did not even exist when they executed the contract in 1992.

5

This Court cannot override the parties' clearly expressed intent.

CONCLUSION

On the basis of the foregoing, Defendant HACS's Motion to Compel Arbitration Pursuant to the Terms of the Contract between Plaintiff Martin Ventress and Defendant Hawai'i Aviation Contract Service, Inc., filed on May 18, 2005, is HEREBY GRANTED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI'I, 7/28/05.

_____
LESLIE E. KOBAYASHI
UNITED STATES MAGISTRATE JUDGE

MARTIN VENTRESS, ET AL. V. JAPAN AIRLINES, ET AL; CIVIL NO. 03-00451 SPK-LEK; ORDER GRANTING DEFENDANT HAWAI'I AVIATION CONTRACT SERVICES, INC.'S MOTION TO COMPEL ARBITRATION PURSUANT TO THE TERMS OF THE CONTRACT BETWEEN PLAINTIFF MARTIN VENTRESS AND DEFENDANT HAWAI'I AVIATION CONTRACT SERVICE, INC.