6

CARL H. OSAKI        4008-0
Attorney At Law, A Law Corporation
Pioneer Plaza, Suite 1510
900 Fort Street
Honolulu, Hawaii  96813
Telephone:  (808) 528-4666

Attorney for Petitioner
HAWAII AVIATION CONTRACT
   SERVICES, INC.

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 2 5 2005

at ___ o'clock and ___ min ___
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII AVIATION CONTRACT SERVICES, INC., <br><br> Petitioner, <br><br> vs. <br><br> MICHAEL MOORE, <br><br> Respondent. | CIVIL NO. CV05 00556 HG BMK <br> (Other Contract) <br><br> NOTICE OF HEARING PETITION; PETITIONER HAWAII AVIATION CONTRACT SERVICES, INC.'S PETITION TO COMPEL ARBITRATION PURSUANT TO THE TERMS OF THE CONTRACT BETWEEN RESPONDENT MICHAEL MOORE AND PETITIONER HAWAII AVIATION CONTRACT SERVICES, INC.; MEMORANDUM IN SUPPORT OF PETITION; AFFIDAVIT OF CARL H. OSAKI; EXHIBITS A-I; DECLARATION OF FRANCIS TABATA; CERTIFICATE OF SERVICE <br><br> DATE: January 9, 2006 <br> TIME: 9:00 AM <br> JUDGE: Helen Gillmor |

NOTICE OF HEARING PETITION

TO:   MR. MICHAEL MOORE
      2307B Central Drive, Suite 2169
      Bedford, TX 76021-4866

      Pro Se

NOTICE IS HEREBY GIVEN that the above-entitled Petition To Compel Arbitration Pursuant To The Terms Of The Contract Between Respondent Michael Moore And Petitioner Hawaii Aviation Contract Services, Inc., shall come on for hearing before the Honorable __Helen Gillmor__, Judge of the above-entitled Court, in his/her courtroom, PJKK Federal Building, 300 Ala Moana Boulevard, Honolulu, Hawaii 96813, on __Monday__, __January 9__, 200__6__, at __9:00 A__.m., or as soon thereafter as counsel may be heard.

DATED: Honolulu, Hawaii _____

_____
CARL H. OSAKI
Attorney for Petitioner
HAWAII AVIATION CONTRACT
SERVICES, INC.

2

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HAWAII AVIATION CONTRACT SERVICES, INC., | ) ) ) | CIVIL NO. (Other Contract) |
| Petitioner, | ) ) ) | PETITIONER HAWAII AVIATION CONTRACT SERVICES, INC.'S PETITION TO COMPEL ARBITRATION PURSUANT TO THE TERMS OF THE CONTRACT BETWEEN RESPONDENT MICHAEL MOORE AND PETITIONER HAWAII AVIATION CONTRACT SERVICES, INC. |
| vs. | ) ) | |
| MICHAEL MOORE, | ) ) | |
| Respondent. | ) ) ) ) | |

PETITIONER HAWAII AVIATION CONTRACT SERVICES, INC.'S PETITION TO COMPEL ARBITRATION PURSUANT TO THE TERMS OF THE CONTRACT BETWEEN RESPONDENT MICHAEL MOORE AND PETITIONER HAWAII AVIATION CONTRACT SERVICES, INC.

Petitioner Hawaii Aviation Contract Services, Inc. ("HACS"), by and through its counsel, respectfully petitions this Court for an order compelling the arbitration initiated by Respondent Michael Moore ("Moore") to be conducted in accordance with the terms of the contract that contained the arbitration provision, and specifically with reference to application of the Commerical Arbitration Rules of the American Arbitration Association ("AAA").

Presently, the AAA has stated an intent to apply its National Rules for the Resolution of Employment Disputes ("Employment Rules"). HACS has objected to this unilateral and unbargained-for change in the contract between HACS and Moore.

Relief is proper because any arbitration proceeding in contravention of the express terms of the HACS-Moore contract will be invalid and any award will be subject to vacatur. In addition, the AAA has previously stated its intent to comply with an order of this Court regarding the rules to be applied to an arbitration involving the same essential arbitration provision. See Ventress v. Japan Airlines, Civil No. 03-00451, (D. Haw.) (Order Granting Defendant Hawaii Aviation Contract Services, Inc.'s Motion To Compel Arbitration Pursuant To The Terms Of The Contract Between Plaintiff Martin Ventress And Defendant Hawaii Aviation Contract Service, Inc., filed July 28, 2005).

This petition is made pursuant to Sections 658A-5, 658A-7 and 658A-8 of the Hawaii Revised Statutes, and is based on the Memorandum in Support along with its supporting affidavits and exhibits, all of which are attached hereto and incorporated herein by this reference, and the record in this action.

DATED:   Honolulu, Hawaii   AUG 25 ___

_____
CARL H. OSAKI
Attorney for Petitioner
HAWAII AVIATION CONTRACT
SERVICES, INC.

2

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII AVIATION CONTRACT SERVICES, INC., | CIVIL NO. (Other Contract) |
| Petitioner, | |
| vs. | AFFIDAVIT OF CARL H. OSAKI |
| MICHAEL MOORE, | |
| Respondent. | |

## AFFIDAVIT OF CARL H. OSAKI

| | |
|---|---|
| STATE OF HAWAII | ) |
| | ) SS. |
| CITY AND COUNTY OF HONOLULU | ) |

CARL H. OSAKI, being first duly sworn upon oath, deposes and says that:

1. I am the attorney for Petitioner Hawaii Aviation Contract Services, Inc. ("HACS") in the above-entitled matter and am competent to testify as to the matters set forth herein;

2. Attached as Exhibit A is a true and correct copy of the relevant portion of the contract between HACS and Respondent Michael Moore ("Moore").

3. Attached as Exhibit B is a true and correct copy of correspondence dated August 2, 2005, from Steven S. Kim to Moore and Mr. Frank Tabata at HACS.

4. Attached as Exhibit C is a true and correct copy of the Demand For Arbitration, dated July 28, 2005, signed by Moore.

5. Attached as Exhibit D is a true and correct copy of correspondence dated August 4, 2005, from myself to Steven S. Kim.

6. Attached as Exhibit E is a true and correct copy of correspondence dated April 29, 2005, from William Chang to myself and Martin Ventress.

7. Attached as Exhibit F is a true and correct copy of correspondence dated May 13, 2005, from William Chang to myself and Martin Ventress.

8. Attached as Exhibit G is a true and correct copy of the National Rules for the Resolution of Employment Disputes of the American Arbitration Association.

9. Attached as Exhibit H is a true and correct copy of the Commercial Arbitration Rules and Mediation procedures of the American Arbitration Association.

10. Attached as Exhibit I is a true and correct copy of the Order Granting Defendant Hawaii Aviation Contract Services, Inc.'s Motion To Compel Arbitration Pursuant To The Terms Of The Contract Between Plaintiff Martin Ventress And Defendant Hawaii Aviation Contract Service, Inc., filed July 28,

2

2005, in <u>Ventress v. Japan Airlines</u>, Civil No. 03-00451, United States District Court for the District of Hawaii.

      FURTHER AFFIANT SAYETH NAUGHT.

                                  _____
                                  CARL H. OSAKI

Subscribed and sworn to before me
this 25th day of August 2005.

_____
Notary Public, State of Hawaii
Name of Notary: ALLISON M. K. OSAKI
My commission expires: 12-13-05

3

# PILOT CONTRACT

This contract (hereinafter referred to as "AGREEMENT" by and between HAWAII AVIATION CONTRACT SERVICES, INC., a Hawaii corporation doing business as H-A-C-S, whose address is 3660 Waialae Avenue, Suite 310, Honolulu, Hawaii, hereinafter referred to as "HACS" and MR. MICHAEL DEAN MOORE hereinafter referred to as MOORE whose address is _4 Mowafew Irvine CA._, is entered into this _3rd_ day of _FEB_, 1993.

WITNESSETH:

WHEREAS, JAPAN AIR CHARTER CO. LTD., is a foreign corporation established in accordance with the laws of Japan, whose address is Sumitomo Hamamatsu Cho Building, Tokyo, Japan, and is hereinafter referred to as "JAZ"; and

WHEREAS, JAZ conducts flight operations as an air carrier and needs personnel rated and able to be trained to fly as captain, first officer, flight engineer, who are in possession of the qualifications specifically provided hereunder, hereinafter, collectively, CREWMEMBERS; and

WHEREAS, HACS has the ability to supply such CREWMEMBERS; and

WHEREAS, JAZ desires to use such CREWMEMBERS for their charter operations; and

WHEREAS, HACS is a business designed to supply crews for special types of flight operations, including charter and ferry operations;

WHEREAS, MOORE, desires to be employed as a crewmember for HACS under its current agreement with JAZ, NOW, THEREFORE, in consideration of mutual covenants and conditions contained hereinafter, the parties hereto, MOORE and HACS, respectively, agree as follows:

1. <u>Term of Agreement</u>. This AGREEMENT contemplates a period of approximately five (5) years and seven (7) months, as follows:

1

A

      b.    Unless otherwise required by clear definition of conflicts of law, the choice of law for any dispute arising from this AGREEMENT shall be the law of the State of Hawaii and, if applicable, the law of the United States of America.

      c.    HACS will insure that MOORE will be covered by both Workman's Compensation and Temporary Disability insurance and any other coverage required by the Hawaii Revised Statutes.

      d.    In the event of any dispute between the parties hereto, the dispute shall be submitted to the American Arbitration Association and be decided by neutral binding arbitration before a single arbitrator in accordance with the Commercial Arbitration Rules of the American Arbitration Association. The arbitrator shall construe this Agreement and the rights of the parties hereunder in accordance with the laws of the State of Hawaii, U.S.A. Any decisions made by the arbitrator shall be deemed binding for the purposes of this Agreement and are not appealable. Costs and expenses incurred shall be borne in accordance with the decisions made by the arbitrator. This is the sole legal remedy MOORE and HACS shall have with respect to any disputes arising from this agreement, i.e., each party hereby waives his or its rights to seek redress in any court system that might otherwise be available to him or it. The decision of the arbitrator shall be non-appealable. Judgement upon the award rendered by the arbitrator may be entered in any court having jurisdiction thereof.

6.    <u>Future Hiring</u>

      a.    MOORE, subsequent to the execution of this AGREEMENT, shall not be hired by JAZ directly or indirectly through any subsidiary of Japan Airlines or JAZ during the term of this AGREEMENT.

7.    <u>Termination of CREWMEMBERS</u>

      a.    Assignment of MOORE to JAZ shall be terminated on the date MOORE refuses or fails to maintain required qualification. (See Paragraph 2 (I))