PERMISSION TO COPY DENIED, HRS 606.13, etc.

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| HAWAII AVIATION CONTRACT SERVICES, INC., Plaintiff, vs. BRUCE SCHOGGEN, Defendant. | Civil No. 05-1-2233-12 |

TRANSCRIPT OF PROCEEDINGS

had before the HONORABLE KAREN AHN, Judge, of the Eleventh Division presiding on March 13th, 2006.

COURT'S RULING

APPEARANCES:

| | |
|---|---|
| DAVID F. SIMONS, Esq. | For Bruce Schoggen |
| CARL H. OSAKI, Esq. | For Hawaii Aviation Contract Services |

REPORTED BY:

MARI-JO DAVIDSON, CSR-339
Official Court Reporter
State of Hawaii

MONDAY, MARCH 13, 2006 HONOLULU, HAWAI'I

--ooOoo--

(Arguments had and Court ruled as follows:)

THE COURT: All right, the Court has reviewed all submissions. Another judge already has determined that the contracts at issue contains a valid and enforceable binding arbitration clause and that the underlying dispute is subject to that agreement to arbitrate. That clause requires that any dispute between the parties to be submitted to the American Arbitration Association for arbitration before a single arbitrator.

Here, the arbitrator was appointed by the American Arbitrator Association. The contract provides that the choice of law for any dispute arising therefrom is that of the State of Hawai'i.

Under Chapter 658A, Hawai'i Revised Statutes, a court shall decide whether an agreement to arbitrate exists or a controversy is subject to agreement to arbitrate. The court also has powers to confirm, vacate, modify or correct an award.

Now, citing the public policy to encourage the use of arbitration, Hawaii's appellate court has said, "When an issue is submitted, the entire question, including the legal construction of terms in a contract or lease, is to be determined by the arbitrator." This is

from In the Matter of the Arbitration Between the Oahuan, Limited, 4 Haw. App. 295, 298.

The question of what specific rules shall be applied during the arbitration is for the arbitration process, not this court to resolve. Therefore, the motion to dismiss the complaint or for summary judgment is granted. That being so, the Court also grants the motion to dissolve the stay imposed by Judge Marks.

As for the three requests for sanctions:

Mr. Osaki declares under penalty or perjury that he never received the January 25 letter regarding Mr. Simons' ability to accept service. And later he declares that he did not see the paragraph at issue. Under Rule 11, Hawai'i Rules of Civil Procedure, the Court does not find that sanction is appropriate, or would promote deterrence under these circumstances. See Gap v. Puna Geothermal Venture, 106 Haw. 325 and 341.

As to the suggestion that the lawsuit is frivolous under Section 607-14.5, Hawai'i Revised Statutes, the Supreme Court is required that, for a claim to be frivolous, the Court must find that the claim is so manifestly and palpably without merit as to indicate bad faith on the pleader's part such that the arguments to the court was not required. This is from Rhoads, R-H-O-A-D-S, v. Okamura, 98 Haw. 407, at 414, quoting Coll, C-O-L-L, v.

McCarthy, 72 Haw. 20 at 29.

Now, the Court declines to make that finding because, whether one may agree or disagree with the federal magistrate in the Ventress case, Mr. Osaki had that ruling and the AAA's assurance that it would follow a court's order interpreting the arbitration clause provisions as to what law should apply.

As to the discovery requests, the Court finds that the requests for admissions is at least arguably justified, but otherwise they were not called for -- not admissions, interrogatories, but they were not called for otherwise in the context of the complaint herein.

Rule 26(g), Hawai'i Rules of Civil Procedure, require sanctions under these circumstances but suggest also that an appropriate sanction may include an order to pay the amount of the reasonable expenses incurred because of the violation.

Mr. Simons has represented that he did incur some expenses and so I will ask for an affidavit for his expenses related to the discovery requests.

In addition, I will sanction Mr. Osaki for the two that I believe were totally and clearly inappropriate $200 a piece, okay. Payable within 48 hours. All right, and we'll minute order the remainder of that last sanction, all right.

Thank you, counsel.

Mr. Osaki.

MR. OSAKI: May I point out something, Your Honor.

THE COURT: Of course.

MR. OSAKI: In reading your order and referring to the arbitration clause at issue in this case, I noted that the Court did not refer to the explicit provision in the arbitration clause that provides for the application of the commercial rules.

THE COURT: It is not for me to interpret that contract.

MR. OSAKI: No, no, it's not interpretation.

THE COURT: In that respect.

MR. OSAKI: It's not interpretation of the contract, it's what the contract says. And while the Court accurately provided for, you know, said that the arbitration called for AAA arbitration and called for Hawai'i law to be applied, the Court did not say that that arbitration provision explicitly also provides for the application of the commercial rules in such an arbitration before the AAA.

THE COURT: The Court has ruled. Thank you. Thank you, counsel.

MR. SIMON: Your Honor, did you want me to

PERMISSION TO COPY DENIED, HRS 606.13, etc. 6

prepare a written order?

THE COURT: Yes, please.

MR. SIMONS: Did you want me -- I'm going to ask the court reporter then to provide me with the transcripts so I can accurately reflect that the --

THE COURT: Very well, thank you.

MR. SIMONS: Thank you.

(Hearing concluded.)

--ooOoo--

OFFICIAL COURT REPORTER
FIRST CIRCUIT COURT
STATE OF HAWAI'I

STATE OF HAWAII )
CITY AND COUNTY OF HONOLULU )
______________________________)

I, MARI-JO DAVIDSON, RPR, CSR 339, an Official Court Reporter in the First Circuit Court, State of Hawai'i, do hereby certify that the foregoing comprise a full, true and correct transcription of the proceedings had in the above-entitled cause, so taken and transcribed by me to the best of my ability.

Dated this 20th day of March, 2006.

OFFICIAL COURT REPORTER

MARI-JO DAVIDSON, RPR, CSR 339