13

Source: My Sources > Hawaii > Cases > **HI Federal & State Cases, Combined**
Terms: **hawaii aviation** (Edit Search | Suggest Terms for My Search)

↵Select for FOCUS™ or Delivery
☐

*2006 Haw. App. LEXIS 399, \**

**HAWAII AVIATION** CONTRACT SERVICES, INC., Plaintiff-Appellant, v. BRUCE SCHOGGEN, Defendant-Appellee

NO. 27943

INTERMEDIATE COURT OF APPEALS OF **HAWAI'I**

2006 Haw. App. LEXIS 399

August 7, 2006, Decided

**NOTICE:** **[\*1]** NOT FOR PUBLICATION

**PRIOR HISTORY:** APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT. CV. NO. 05-1-2233.

**JUDGES:** By: Burns, C.J., Lim and Foley, JJ.

**OPINION:** ORDER DISMISSING APPEAL

Upon review of the record, it appears that we lack jurisdiction over Plaintiff-Appellant **Hawaii Aviation** Contract Services, Inc.'s, appeal from the April 18, 2006 "Order Granting in Part and Denying in Part Defendant's Motion to Dismiss or for Summary Judgment, to Dissolve Ex Parte Order for S[t]ay of Arbitration Proceedings, and for Issuance of Sanctions and Award of Attorney's Fees under HRS § 607-14.5, and Rules 11 and 26(g), H.R.C.P. Filed February 17, 2006," because the Honorable Karen S. S. Ahn's April 18, 2006 order is not an appealable final judgment under HRS § 641-1(a) (Supp. 2005), Rule 58 of the **Hawai'i** Rules of Civil Procedure (HRCP), and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 **Hawai'i** 115, 119, 869 P.2d 1334, 1338 (1994).

Under the HRCP Rule 58 separate document rule, "[a]n appeal may be taken from circuit court orders resolving claims against parties only after the orders have been reduced to a judgment **[\*2]** and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 **Hawai'i** at 119, 869 P.2d at 1338. "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Id. at 120, 869 P.2d at 1339 (footnote omitted). For example, "an order disposing of a circuit court case is appealable when the order is reduced to a separate judgment." Alford v. City and County of Honolulu, 109 **Hawai'i** 14, 21, 122 P.3d 809, 816 (2005) (citation omitted); see, e.g., Price v. Obayashi **Hawaii** Corporation, 81 **Hawai'i** 171, 176, 914 P.2d 1364, 1369 (1996) ("Although RCCH 12(q) [(regarding dismissal for want of prosecution)] does not mention the necessity of filing a separate document, HRCP [Rule] 58, as amended in 1990, expressly requires that 'every judgment be set forth on a separate document.'"). Therefore, "where all claims are dismissed and there is no relevant HRCP Rule 54(b) certification as to one or more but not all of the dismissals, there **[\*3]** must be one final order (judgment) dismissing all claims against all parties." CRSC, Inc. v. Sage Diamond Co., Inc., 95 **Hawai'i** 301, 306, 22 P.3d 97, 102 (App. 2001) (footnote omitted).

The April 18, 2006 order dismisses all claims, but the circuit court has not reduced the April 18, 2006 order to a separate judgment that satisfies the requirements for an appealable final judgment under HRCP Rule 58 and the holding in Jenkins v. Cades Schutte Fleming & Wright. Absent an appealable final judgment, this appeal is premature. Therefore,

IT IS HEREBY ORDERED that the appeal is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, **Hawai'i,** August 7, 2006.

Source: My Sources > Hawaii > Cases > **HI Federal & State Cases, Combined** 
Terms: **hawaii aviation** (Edit Search | Suggest Terms for My Search)
View: Full
Date/Time: Monday, April 2, 2007 - 2:47 AM EDT

LexisNexis    About LexisNexis | Terms & Conditions
Copyright © 2007 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.