20



# CARL H. OSAKI
*Attorney At Law, A Law Corporation*
Pioneer Plaza, Suite 1510
900 Fort Street
Honolulu, Hawaii 96813
Telephone: (808) 528-4666
Facsimile: (808) 529-0764

January 10, 2007

RECEIVED
JAN 11 2007
INTERNATIONAL CENTER

<u>VIA Facsimile (212) 246-7274</u>

Mr. Tom Simotas
International Center for Dispute Resolution
1633 Broadway, 10th Floor
New York, NY 10019

      RE:    <u>Jack Crawford v. Hawaii Aviation Contract Services, Inc.</u>

Dear Mr. Simotas:

      I received your letter of January 10, 2007. I respectfully disagree that a AAA arbitrator can decide on his jurisdiction under the Employment Rules in this instance. The contract that contains the arbitration provision provides that the laws of the State of Hawaii are the rules of decision. Section 658A-6(b) of the Hawaii Revised Statutes provides:

> The court shall decide whether an agreement to arbitrate exists or a controversy is subject to an agreement to arbitrate.

Haw. Rev. Stat. § 658A-6(b).

      In addition, Section 658A-1 of the Hawaii Revised Statutes provides that an agreement to arbitrate "is valid, enforceable, and irrevocable except upon a ground that exists at law or in equity for the revocation of a contract." Haw. Rev. Stat. § 658A-6(a).

      Here, Mr. Crawford's position, which is contained in his November 26, 2006 letter to Mr. Keith Hunter of Dispute Prevention & Resolution ("DPR"), is that (1) there was no proof that HACS authorized its counsel to agree to arbitrate before DPR and that (2) Mr. Brower was not authorized to agree to arbitrate before DPR. Neither point has any merit. First, I did have the authorization to agree to arbitrate before DPR. Second, Mr. Brower did have authorization to arbitrate before DPR. Regardless of Mr. Brower's authorization, Mr. Crawford himself signed all of the arbitration agreements before DPR.

      Thus, Mr. Crawford has done nothing on the merits to challenge the validity, enforceability and irrevocability of the agreement to arbitrate before DPR. But even if his position is taken as a challenge to the validity of the DPR arbitration agreement, that question is a question of law to be decided by a Court. <u>Luke v. Gentry Realty, Ltd.</u>, 105 Haw. 241, 246, 96 P.3d 261, 266 (2004) (". . . the existence of a valid and enforceable agreement to arbitrate is a question of law. HRS § 658A-6(b) (Supp. 2003)"); <u>Koolau Radiology, Inc. v. Queen's Med. Ctr.</u>, 73 Haw. 433, 447, 834 P.2d 1294, 1301 (1992) (quoting 6A Corbin on Contracts § 1444A (1962), court notes that "'[t]he existence of a valid agreement to arbitrate and the scope of that arbitration are issues that a court must decide.'"). As you know, a motion regarding this

Mr. Tom Simotas
December 30, 2006
Page 2 of 2



question is pending before Magistrate Judge Kobayashi in the United States District Court for the District of Hawaii.

    A AAA arbitrator's ability to rule presupposes that a valid arbitration agreement places the arbitration proceeding before the AAA, and not DPR. I believe that under the law – and indeed, as a matter of logic – the DPR arbitrator did the correct thing be determining that it was up to a Court to decide the issue of "what" the arbitration agreement "is."

    The motion before the federal court is pending, and I take your letter to say that the AAA will not stay the arbitration and dismiss it should the federal court grant the motion. I will therefore advise the Court of the AAA's position and request injunctive relief as part of the motion.

    You also have not responded regarding the documents that Mr. Crawford provided to you, and upon which the AAA made its decisions. Again, I suspect that Mr. Crawford did not provide you with complete documentation in this matter, but your letter of January 10, 2007, is silent on this issue.

    In the meantime, I decline, on behalf of my client, to do anything that could be interpreted as an agreement that this arbitration should be before the AAA. In other words, I decline to submit administrative expenses to the AAA. My client already has made the requisite deposit with DPR months ago.

    Very truly yours,

    CARL H. OSAKI

c:    Hawaii Aviation Contract Services, Inc.
    Charles H. Brower, Esq.