24



# National Rules
## for the Resolution of
# Employment Disputes

Including Mediation and Arbitration Rules

Amended and Effective January 1, 2004

American Arbitration Association
*Dispute Resolution Services Worldwide*

Table of Contents

Introduction                                                          5

Role of the American Arbitration Association                          6

Legal Basis of Employment ADR                                         7

The Fairness Issue: The Due Process Protocol                          8

AAA's Employment ADR Rules                                            9

AAA's Policy on Employment ADR                                       10

Notification                                                         10

Designing an ADR Program                                             11

Alternative Dispute Resolution Options                               12

Types of Disputes Covered                                            14

**National Rules for the Resolution
of Employment Disputes                                              15**

1.   Applicable Rules of Arbitration                                15

2.   Notification                                                   16

3.   AAA as Administrator of the Arbitration                        16

4.   Initiation of Arbitration                                      16

5.   Changes of Claim                                               19

6.   Administrative and
     Mediation Conferences                                          19

7.   Discovery                                                      20

8.   Arbitration Management Conference                              20

9.   Location of the Arbitration                                    21

10.  Date and Time of Hearing                                       22

11.  Qualifications to Serve as Arbitrator and
     Rights of Parties to Disqualify Arbitrator                     22

12. Number and Appointment of
    Neutral Arbitrators                                24

13. Vacancies                                          25

14. Representation                                     26

15. Stenographic Record                                26

16. Interpreters                                       26

17. Attendance at Hearings                             27

18. Confidentiality                                    27

19. Postponements                                      27

20. Oaths                                              27

21. Majority Decision                                  28

22. Order of Proceedings and
    Communication with Arbitrators                     28

23. Arbitration in the Absence of a
    Party or Representative                             29

24. Evidence                                           29

25. Evidence by Affidavit or Declaration
    and Post-Hearing Filing of Documents
    or Other Evidence                                   30

26. Inspection or Investigation                        30

27. Interim Measures                                   31

28. Closing of Hearing                                 31

29. Reopening of Hearing                               32

30. Waiver of Oral Hearing                             32

31. Waiver of Objection/Lack of
    Compliance with These Rules                         32

32. Extensions of Time                                 33

33. Serving of Notice                                  33

34. The Award                                          34

35. Modification of Award                              35

36. Release of Documents for
    Judicial Proceedings                               36

37. Judicial Proceedings and
    Exclusion of Liability                             36

38. Administrative Fees                                36

39. Expenses                                           37

40. Neutral Arbitrator's Compensation                  38

41. Deposits                                           38

42. Interpretation and
    Application of Rules                               38

Administrative Fee Schedule                            39

For Disputes Arising Out of
Employer-Promulgated Plans                             39

Administrative Fee                                     39

Filing Fees                                            39

Hearing Fees                                           40

Postponement/Cancellation Fees                         40

Hearing Room Rental                                    40

Suspension for Nonpayment                              41

For Disputes Arising Out of
Individually-Negotiated Employment
Agreements and Contracts                               41

Administrative Fee                                     41

Fees                                                   42

Hearing Room Rental                                    44

# Rules for the Resolution of Employment Disputes

For Disputes Proceeding Under the
Supplementary Rules for Class Action
Arbitration ("Supplementary Rules")          45

**Employment Mediation Rules**               **46**

1.   Agreement of Parties                     46

2.   Initiation of Mediation                  46

3.   Request for Mediation                     46

4.   Appointment of Mediator                   47

5.   Qualifications of Mediator                47

6.   Vacancies                                 47

7.   Representation                            48

8.   Date, Time, and Place of Mediation        48

9.   Identification of Matters in Dispute      48

10.  Authority of Mediator                     49

11.  Privacy                                   49

12.  Confidentiality                           49

13.  No Stenographic Record                    50

14.  Termination of Mediation                  50

15.  Exclusion of Liability                    51

16.  Interpretation and Application of Rules   51

17.  Expenses                                  51

**Mediation Fee Schedule**                    **52**

## Introduction

Federal and state laws reflecting societal intolerance for certain workplace conduct, as well as court decisions interpreting and applying those statutes, have redefined responsible corporate practice and employee relations. Increasingly, employers and employees face workplace disputes involving alleged wrongful termination, sexual harassment, or discrimination based on race, color, religion, sex, national origin, age and disability.

As courts and administrative agencies become less accessible to civil litigants, employers and their employees now see alternative dispute resolution ("ADR") as a way to promptly and effectively resolve workplace disputes. ADR procedures are becoming more common in contracts of employment, personnel manuals and employee handbooks. Increasingly, corporations and their employees look to the American Arbitration Association as a resource in developing prompt and effective employment procedures for employment-related disputes.

These rules have been developed for employers and employees who wish to use a private alternative to resolve their disputes, enabling them to have complaints heard by an impartial person with expertise in the employment field. These procedures benefit both the employer and the individual employee by making it possible to resolve disputes without extensive litigation.

## Role of the American Arbitration Association

The American Arbitration Association, founded in 1926, is a not-for-profit, public service organization dedicated to the resolution of disputes through mediation, arbitration, elections, and other voluntary dispute resolution procedures. Over 4,000,000 workers are now covered by employment ADR plans administered by the AAA.

In addition, the AAA provides education and training, specialized publications, and research on all forms of dispute settlement. With 36 offices worldwide and cooperative agreements with arbitral institutions in 41 other nations, the American Arbitration Association is the nation's largest private provider of ADR services.

For over 75 years, the American Arbitration Association has set the standards for the development of fair and equitable dispute resolution procedures. The development of the *National Rules for the Resolution of Employment Disputes*, and the reconstitution of a select and diverse roster of expert neutrals to hear and resolve disputes, are the most recent initiatives of the Association to provide private, efficient and cost-effective procedures for out-of-court settlement of workplace disputes.

## Legal Basis of Employment ADR

Since the beginning of this decade, Congress has twice reaffirmed the important role of ADR in the area of employment discrimination – in the Americans with Disabilities Act in 1990, and a year later in Section 118 of the Civil Rights Act in 1991. While technically not dealing with a contract of employment, the seminal court case dealing with the arbitration of disputes relating to the non-union workplace is *Gilmer v. Interstate/Johnson Lane, 500 U.S. 20, 111 S.Ct. 1647 (1991)*. The Supreme Court refused to invalidate Gilmer's agreement with the New York Stock Exchange that he would arbitrate disputes with his employer (Interstate/Johnson Lane) simply because he was obliged to sign it in order to work as a securities dealer whose trades were executed on the Exchange. Although the Gilmer Court found that the Age Discrimination in Employment Act did not preclude arbitration of age discrimination claims, it specifically declined to decide whether employment arbitration agreements were the type of "contracts of employment" which are not made enforceable by the Federal Arbitration Act.

Since *Gilmer*, lower federal courts have generally enforced employer-imposed ADR programs, as long as the programs are fair. Some courts have held that the employee must have received adequate notice of the program. However, the issue of binding arbitration programs that are a condition of employment is still giving rise to litigation.

The Fairness Issue: The Due Process Protocol

*The Due Process Protocol for Mediation and Arbitration of Statutory Disputes Arising Out of the Employment Relationship* was developed in 1995 by a special task force composed of individuals representing management, labor, employment, civil rights organizations, private administrative agencies, government, and the American Arbitration Association. The *Due Process Protocol*, which was endorsed by the Association in 1995, seeks to ensure fairness and equity in resolving workplace disputes. The *Due Process Protocol* encourages mediation and arbitration of statutory disputes, provided there are due process safeguards. It conveys the hope that ADR will reduce delays caused by the huge backlog of cases pending before administrative agencies and the courts. The *Due Process Protocol* "recognizes the dilemma inherent in the timing of an agreement to mediate and/or arbitrate statutory disputes" but does not take a position on whether an employer can require a pre-dispute, binding arbitration program as a condition of employment.

The *Due Process Protocol* has been endorsed by organizations representing a broad range of constituencies. They include the American Arbitration Association, the American Bar Association Labor and Employment Section, the American Civil Liberties Union, the Federal Mediation and Conciliation Service, the National Academy of Arbitrators, and the National Society of Professionals in Dispute Resolution. The National Employment Lawyers Association has endorsed the substantive provisions of the *Due Process Protocol*.

It has been incorporated into the ADR procedures of the Massachusetts Commission Against Discrimination (MCAD) and into the *Report of the United States Secretary of Labor's Task Force in Excellence in State and Local Government.*

AAA's Employment ADR Rules

On June 1, 1996, the Association issued *National Rules for the Resolution of Employment Disputes.* The rules reflected the guidelines outlined in the *Due Process Protocol* and were based upon the AAA's *California Employment Dispute Resolution Rules*, which were developed by a committee of employment management and plaintiff attorneys, retired judges and arbitrators, in addition to Association executives. The revised rules were developed for employers and employees who wish to use a private alternative to resolve their disputes. The rules enabled parties to have complaints heard by an impartial person of their joint selection, with expertise in the employment field. Both employers and individual employees benefit by having experts resolve their disputes without the costs and delay of litigation. The rules included procedures which ensure due process in both the mediation and arbitration of employment disputes. After a year of use, the rules have been amended to address technical issues.

## AAA's Policy on Employment ADR

The AAA's policy on employment ADR is guided by the state of existing law, as well as its obligation to act in an impartial manner. In following the law, and in the interest of providing an appropriate forum for the resolution of employment disputes, the Association administers dispute resolution programs which meet the due process standards as outlined in its *National Rules for the Resolution of Employment Disputes* and the *Due Process Protocol*. If the Association determines that a dispute resolution program on its face substantially and materially deviates from the minimum due process standards of the *National Rules for the Resolution of Employment Disputes* and the *Due Process Protocol*, the Association may decline to administer cases under that program. Other issues will be presented to the arbitrator for determination.

## Notification

If an employer intends to utilize the dispute resolution services of the Association in an employment ADR plan, it shall, at least 30 days prior to the planned effective date of the program: (1) notify the Association of its intention to do so; and (2) provide the Association with a copy of the employment dispute resolution plan. If an employer does not comply with this requirement, the Association reserves the right to decline its administrative services. Copies of all plans should be sent to the American Arbitration Association's Office of Program Development, 335 Madison Avenue, New York, NY 10017; FAX: 212.716.5913.

## Designing an ADR Program

The guiding principle in designing a successful employment ADR system is that it must be fair in fact and perception. The American Arbitration Association has considerable experience in administering and assisting in the design of employment ADR plans, which gives it an informed perspective on how to effectively design ADR systems, as well as the problems to avoid. Its guidance to those designing employment ADR systems is summarized as follows:

> The American Arbitration Association encourages employers to consider the wide range of legally-available options to resolve workplace disputes outside the courtroom.

> A special emphasis is placed by the Association on encouraging the development of in-house dispute resolution procedures, such as open door policies, ombuds, peer review, and internal mediation.

> The Association recommends an external mediation component to resolve disputes not settled by the internal dispute resolution process.

> Programs which use arbitration as a final step may employ:

   - pre-dispute, voluntary final and binding arbitration;

   - pre-dispute, mandatory nonbinding arbitration;

   - pre-dispute, mandatory final and binding arbitration; or

   - post-dispute, voluntary final and binding arbitration.

> Although the AAA administers binding arbitration systems that have been required as a condition of initial or continued employment, such programs must be consistent with the Association's *National Rules for the Resolution of Employment Disputes* and the *Due Process Protocol.*

Specific guidance on the responsible development and design of employment ADR systems is contained in the Association's publication, *Resolving Employment Disputes: A Practical Guide,* which is available from any AAA office.

## Alternative Dispute Resolution Options

### Open Door Policy
Employees are encouraged to meet with their immediate manager or supervisor to discuss problems arising out of the workplace environment. In some systems, the employee is free to approach anyone in the chain of command.

### Ombuds
A neutral third party (either from within or outside the company) is designated to confidentially investigate and propose settlement of employment complaints brought by employees.

### Peer Review
A panel of employees (or employees and managers) works together to resolve employment complaints. Peer review panel members are trained in the handling of sensitive issues.

### Internal Mediation
A process for resolving disputes in which a neutral third person from within the company, trained in mediation techniques, helps the disputing parties negotiate a mutually acceptable settlement. Mediation is a nonbinding process in which the parties discuss their disputes with an impartial person who assists them in reaching a settlement. The mediator may suggest ways of resolving the dispute but may not impose a settlement on the parties.

### Fact-Finding
The investigation of a complaint by an impartial third person (or team) who examines the complaint and the facts and issues a nonbinding report. Fact-finding is particularly helpful for allegations of sexual harassment, where a fact-finding team, composed of one male and one female neutral, investigates the allegations and presents its findings to the employer and the employee.

### Arbitration
Arbitration is generally defined as the submission of disputes to one or more impartial persons for final and binding determination. It can be the final step in a workplace program that includes other dispute resolution methods. There are many possibilities for designing this final step. They include:

#### Pre-Dispute, Voluntary Final and Binding Arbitration
The parties agree in advance, on a voluntary basis, to use arbitration to resolve disputes and they are bound by the outcome.

Pre-Dispute, Mandatory
Nonbinding Arbitration
The parties must use the arbitration process to
resolve disputes, but they are not bound by
the outcome.

Pre-Dispute, Mandatory Final and
Binding Arbitration
The parties must arbitrate unresolved disputes
and they are bound by the outcome.

Post-Dispute, Voluntary Final and
Binding Arbitration
The parties have the option of deciding
whether to use final and binding arbitration
after a dispute arises.

## Types of Disputes Covered

The dispute resolution procedures contained in this
booklet can be inserted into an employee personnel
manual, an employment application of an individual
employment agreement, or can be used for a
specific dispute. They do not apply to disputes
arising out of collective bargaining agreements.

## National Rules for the Resolution of Employment Disputes

### 1. Applicable Rules of Arbitration

The parties shall be deemed to have made these
rules a part of their arbitration agreement whenever
they have provided for arbitration by the American
Arbitration Association (hereinafter "AAA") or under
its *National Rules for the Resolution of Employment
Disputes*. If a party establishes that an adverse
material inconsistency exists between the arbitration
agreement and these rules, the arbitrator shall
apply these rules.

If, within 30 days after the Association's
commencement of administration, a party seeks
judicial intervention with respect to a pending
arbitration, the Association will suspend
administration for 60 days to permit the party
to obtain a stay of arbitration from the court.

These rules, and any amendment of them, shall
apply in the form obtaining at the time the
demand for arbitration or submission is received
by the AAA.

### 2. Notification

An employer intending to incorporate these rules or to refer to the dispute resolution services of the AAA in an employment ADR plan, shall, at least 30 days prior to the planned effective date of the program:

(i)  notify the Association of its intention to do so and.

(ii)  provide the Association with a copy of the employment dispute resolution plan.

Compliance with this requirement shall not preclude an arbitrator from entertaining challenges as provided in Section 1. If an employer does not comply with this requirement, the Association reserves the right to decline its administrative services.

### 3. AAA as Administrator of the Arbitration

When parties agree to arbitrate under these rules, or when they provide for arbitration by the AAA and an arbitration is initiated under these rules, they thereby authorize the AAA to administer the arbitration. The authority and duties of the AAA are prescribed in these rules, and may be carried out through such of the AAA's representatives as it may direct.

### 4. Initiation of Arbitration

Arbitration shall be initiated in the following manner:

a.  The parties may submit a joint request for arbitration.

b.  In the absence of a joint request for arbitration:

(i)  The initiating party (hereinafter "Claimant[s]") shall:

(1)  File a written notice (hereinafter "Demand") of its intention to arbitrate at any regional office of the AAA, within the time limit established by the applicable statute of limitations if the dispute involves statutory rights. If no statutory rights are involved, the time limit established by the applicable arbitration agreement shall be followed. Any dispute over such issues shall be referred to the arbitrator. The filing shall be made in duplicate, and each copy shall include the applicable arbitration agreement. The Demand shall set forth the names, addresses, and telephone numbers of the parties; a brief statement of the nature of the dispute; the amount in controversy, if any; the remedy sought; and requested hearing location.

(2)  Simultaneously mail a copy of the Demand to the party (hereinafter "Respondent[s]").

(3)  Include with its Demand the applicable filing fee, unless the parties agree to some other method of fee advancement.

(ii)  The Respondent(s) shall file an Answer with the AAA within 10 days after the date of the letter from the AAA acknowledging receipt of the Demand. The Answer shall provide the Respondent's brief response to the claim and the issues presented. The Respondent(s) shall make its filing in duplicate with the AAA, and simultaneously shall mail a copy of the Answer to the Claimant.

(iii) The Respondent(s):

    (1)  May file a counterclaim with the AAA within 10 days after the letter from the AAA acknowledging receipt of the Demand. The filing shall be made in duplicate. The counterclaim shall set forth the nature of the claim, the amount in controversy, if any, and the remedy sought.

    (2)  Simultaneously shall mail a copy of any counterclaim to the Claimant.

    (3)  Shall include with its filing the applicable filing fee provided for by these rules.

(iv) The Claimant may file an Answer to the counterclaim with the AAA within 10 days after the date of the letter from the AAA acknowledging receipt of the counterclaim. The Answer shall provide Claimant's brief response to the counterclaim and the issues presented. The Claimant shall make its filing in duplicate with the AAA, and simultaneously shall mail a copy of the Answer to the Respondent(s).

c.   The form of any filing in these rules shall not be subject to technical pleading requirements.

## 5. Charges of Claim

Before the appointment of the arbitrator, if either party desires to offer a new or different claim or counterclaim, such party must do so in writing by filing a written statement with the AAA and simultaneously mailing a copy to the other party(s), who shall have 10 days from the date of such mailing within which to file an answer with the AAA. After the appointment of the arbitrator, a party may offer a new or different claim or counterclaim only at the discretion of the arbitrator.

## 6. Administrative and Mediation Conferences

Before the appointment of the arbitrator, any party may request, or the AAA, in its discretion, may schedule an administrative conference with a representative of the AAA and the parties and/or their representatives. The purpose of the administrative conference is to organize and expedite the arbitration, explore its administrative aspects, establish the most efficient means of selecting an arbitrator, and to consider mediation as a dispute resolution option. There is no administrative fee for this service.

At any time after the filing of the Demand, with the consent of the parties, the AAA will arrange a mediation conference under its Mediation Rules to facilitate settlement. The mediator shall not be any arbitrator appointed to the case, except by mutual agreement of the parties. There is no administrative fee for initiating a mediation under AAA Mediation Rules for parties to a pending arbitration.

### 7. Discovery

The arbitrator shall have the authority to order such discovery, by way of deposition, interrogatory, document production, or otherwise, as the arbitrator considers necessary to a full and fair exploration of the issues in dispute, consistent with the expedited nature of arbitration.

### 8. Arbitration Management Conference

As soon as possible after the appointment of the arbitrator but not later than 60 days thereafter, the arbitrator shall conduct an Arbitration Management Conference with the parties and/or their representatives, in person or by telephone, to explore and resolve matters that will expedite the arbitration proceedings. The specific matters to be addressed include:

(i)   the issues to be arbitrated;

(ii)  the date, time, place and estimated duration of the hearing;

(iii) the resolution of outstanding discovery issues and establishment of discovery parameters;

(iv)  the law, standards, rules of evidence and burdens of proof that are to apply to the proceeding;

(v)   the exchange of stipulations and declarations regarding facts, exhibits, witnesses and other issues;

(vi)  the names of witnesses (including expert witnesses), the scope of witness testimony, and witness exclusion;

(vii)  the value of bifurcating the arbitration into a liability phase and damages phase;

(viii) the need for a stenographic record;

(ix)  whether the parties will summarize their arguments orally or in writing;

(x)   the form of the award;

(xi)  any other issues relating to the subject or conduct of the arbitration;

(xii) the allocation of attorney's fees and costs.

The arbitrator shall issue oral or written orders reflecting his or her decisions on the above matters and may conduct additional conferences when the need arises.

There is no AAA administrative fee for an Arbitration Management Conference.

### 9. Location of the Arbitration

The parties may designate the location of the arbitration by mutual agreement. In the absence of such agreement before the appointment of the arbitrator, any party may request a specific hearing location by notifying the AAA in writing and simultaneously mailing a copy of the request to the other party(s). If the AAA receives no objection within 10 days of the date of the request, the hearing shall be held at the requested location. If a timely objection is filed with the AAA, the AAA shall have the power to determine the location and its decision shall be final and binding. After the appointment of the arbitrator, the arbitrator shall resolve all disputes regarding the location of the hearing.

10. Date and Time of Hearing

The arbitrator shall have the authority to set the date and time of the hearing in consultation with the parties.

11. Qualifications to Serve as Arbitrator and Rights of Parties to Disqualify Arbitrator

a.  Standards of Experience and Neutrality

(i)   Arbitrators serving under these rules shall be experienced in the field of employment law.

(ii)  Arbitrators serving under these rules shall have no personal or financial interest in the results of the proceedings in which they are appointed and shall have no relation to the underlying dispute or to the parties or their counsel that may create an appearance of bias.

(iii) The roster of available arbitrators will be established on a non-discriminatory basis, diverse by gender, ethnicity, background and qualifications.

(iv)  The Association may, upon request of a party or upon its own initiative, supplement the list of proposed arbitrators in disputes arising out of individually negotiated employment contracts with persons from the regular Commercial Roster, to allow the Association to respond to the particular needs of the dispute.  In multi-arbitrator disputes, at least one of the arbitrators shall be experienced in the field of employment law.

b.  Standards of Disclosure by Arbitrator

Prior to accepting appointment, the prospective arbitrator shall disclose all information that might be relevant to the standards of neutrality set forth in this Section, including but not limited to service as a neutral in any past or pending case involving any of the parties and/or their representatives or that may prevent a prompt hearing.

c.  Disqualification for Failure to Meet Standards of Experience and Neutrality

An arbitrator may be disqualified in two ways:

(i)   No later than 10 days after the appointment of the arbitrator, all parties jointly may challenge the qualifications of an arbitrator by communicating their objection to the AAA in writing. Upon receipt of a joint objection, the arbitrator shall be replaced.

(ii)  Any party may challenge the qualifications of an arbitrator by communicating its objection to the AAA in writing. Upon receipt of the objection, the AAA either shall replace the arbitrator or communicate the objection to the other parties. If any party believes that the objection does not merit disqualification of the arbitrator, the party shall so communicate to the AAA and to the other parties within 10 days of the receipt of the objection from the AAA. Upon objection of a party to the service of an arbitrator, the AAA shall determine whether the arbitrator should be disqualified and shall inform the parties of its decision, which shall be conclusive.

12. Number and Appointment of
Neutral Arbitrators

a. If the parties do not specify the number of
arbitrators, the dispute shall be heard and
determined by one arbitrator. If the parties
cannot agree upon the number of arbitrators,
the AAA shall have the authority to determine
the number of arbitrators.

b. If the parties have not appointed an arbitrator
and have not provided any method of
appointment, the arbitrator shall be
appointed in the following manner:

   (i)  Immediately after it receives the Demand,
        the AAA shall mail simultaneously to each
        party a letter containing an identical list of
        the names of all arbitrators who are members
        of the regional Employment Dispute
        Resolution Roster.

   (ii) Each party shall have 10 days from the date
        of the letter in which to select the name of
        a mutually acceptable arbitrator to hear
        and determine their dispute. If the parties
        cannot agree upon a mutually acceptable
        arbitrator, they shall so notify the AAA.
        Within 10 days of the receipt of that notice,
        the AAA shall send the parties a shorter list
        of arbitrators who are members of the
        regional Employment Dispute Resolution
        Roster. Each party shall have 10 days from
        the date of the letter containing the revised
        list to strike any names objected to, number
        the remaining names in order of preference,
        and return the list to the AAA. If a party
        does not return the list within the time
        specified, all of the listed persons shall be
        deemed acceptable to that party.

   (iii) The AAA shall invite the acceptance of the
         arbitrator whom both parties have selected
         as mutually acceptable or, in the case of
         resort to the ranking procedure, the
         arbitrator who has received the highest
         rating in the order of preference that the
         parties have specified.

   (iv) If the parties fail to agree on any of the
        persons whom the AAA submits for
        consideration, or if mutually acceptable
        arbitrators are unable to act, or if for any
        other reason the appointment cannot be
        made from the list of persons whom the
        AAA submits for consideration, the
        AAA shall have the power to make the
        appointment from among other members
        of the Roster without the submission of
        additional lists.

13. Vacancies

If for any reason an arbitrator is unable to perform
the duties of the office, the AAA may, on proof
satisfactory to it, declare the office vacant. The
vacancy shall be filled in accordance with
applicable provisions of these Rules.

In the event of a vacancy in a panel of neutral
arbitrators after the hearings have commenced,
the remaining arbitrator or arbitrators may
continue with the hearing and determination of
the controversy, unless the parties agree otherwise.

National Rules for the Resolution of Employment Disputes

### 14. Representation

Any party may be represented by counsel or other authorized representative. For parties without representation the AAA will, upon request, provide reference to institutions which might offer assistance. A party who intends to be represented shall notify the other party and the AAA of the name and address of the representative at least 10 days prior to the date set for the hearing or conference at which that person is first to appear. If a representative files a Demand or an Answer, the obligation to give notice of representative status is deemed satisfied.

### 15. Stenographic Record

Any party desiring a stenographic record shall make arrangements directly with a stenographer and shall notify the other parties of these arrangements at least three days in advance of the hearing. The requesting party or parties shall pay the cost of the record. If the transcript is agreed by the parties, or determined by the arbitrator to be the official record of the proceeding, it must be provided to the arbitrator and made available to the other parties for inspection, at a date, time, and place determined by the arbitrator.

### 16. Interpreters

Any party wishing an interpreter shall make all arrangements directly with the interpreter and shall assume the costs of the service.

### 17. Attendance at Hearings

The arbitrator shall have the authority to exclude witnesses, other than a party, from the hearing during the testimony of any other witness. The arbitrator also shall have the authority to decide whether any person who is not a witness may attend the hearing.

### 18. Confidentiality

The arbitrator shall maintain the confidentiality of the arbitration and shall have the authority to make appropriate rulings to safeguard that confidentiality, unless the parties agree otherwise or the law provides to the contrary.

### 19. Postponements

The arbitrator: (1) may postpone any hearing upon the request of a party for good cause shown; (2) must postpone any hearing upon the mutual agreement of the parties; and (3) may postpone any hearing on his or her own initiative.

### 20. Oaths

Before proceeding with the first hearing, each arbitrator may take an oath of office and, if required by law, shall do so. The arbitrator may require witnesses to testify under oath administered by any duly qualified person and, if it is required by law or requested by any party, shall do so.

## 21. Majority Decision

All decisions and awards of the arbitrators must be by a majority, unless the unanimous decision of all arbitrators is expressly required by the arbitration agreement or by law.

## 22. Order of Proceedings and Communication with Arbitrators

A hearing shall be opened by: (1) filing the oath of the arbitrator, where required; (2) recording the date, time, and place of the hearing; (3) recording the presence of the arbitrator, the parties, and their representatives, if any; and (4) receiving into the record the Demand and the Answer, if any. The arbitrator may, at the beginning of the hearing, ask for statements clarifying the issues involved.

The parties shall bear the same burdens of proof and burdens of producing evidence as would apply if their claims and counterclaims had been brought in court.

Witnesses for each party shall submit to direct and cross examination as approved by the arbitrator.

With the exception of the rules regarding the allocation of the burdens of proof and going forward with the evidence, the arbitrator has the authority to set the rules for the conduct of the proceedings and shall exercise that authority to afford a full and equal opportunity to all parties to present any evidence that the arbitrator deems material and relevant to the resolution of the dispute.

Documentary and other forms of physical evidence, when offered by either party, may be received in evidence by the arbitrator.

The names and addresses of all witnesses and a description of the exhibits in the order received shall be made a part of the record.

There shall be no ex parte communication with the arbitrator, unless the parties and the arbitrator agree to the contrary in advance of the communication.

## 23. Arbitration in the Absence of a Party or Representative

Unless the law provides to the contrary, the arbitration may proceed in the absence of any party or representative who, after due notice, fails to be present or fails to obtain a postponement. An award shall not be based solely on the default of a party. The arbitrator shall require the party who is in attendance to present such evidence as the arbitrator may require for the making of the award.

## 24. Evidence

The parties may offer such evidence as is relevant and material to the dispute and shall produce such evidence as the arbitrator deems necessary to an understanding and determination of the dispute. An arbitrator or other person authorized by law to subpoena witnesses or documents may do so upon the request of any party or independently.

The arbitrator shall be the judge of the relevance and materiality of the evidence offered, and conformity to legal rules of evidence shall not be necessary. The arbitrator may in his or her discretion direct the order of proof, bifurcate proceedings, exclude cumulative or irrelevant testimony or other evidence, and direct the parties to focus their

presentations on issues the decision of which could dispose of all or part of the case. All evidence shall be taken in the presence of all of the arbitrators and all of the parties, except where any party is absent, in default, or has waived the right to be present.

### 25. Evidence by Affidavit or Declaration and Post-Hearing Filing of Documents or Other Evidence

The arbitrator may receive and consider the evidence of witnesses by affidavit, but shall give it only such weight as the arbitrator deems it entitled to after consideration of any objection made to its admission.

If the parties agree or the arbitrator directs that documents or other evidence may be submitted to the arbitrator after the hearing, the documents or other evidence shall be filed with the AAA for transmission to the arbitrator, unless the parties agree to a different method of distribution. All parties shall be afforded an opportunity to examine such documents or other evidence and to lodge appropriate objections, if any.

### 26. Inspection or Investigation

An arbitrator finding it necessary to make an inspection or investigation in connection with the arbitration shall direct the AAA to so advise the parties. The arbitrator shall set the date and time, and the AAA shall notify the parties. Any party who so desires may be present during the inspection or investigation. In the event that one or all parties are not present during the inspection or investigation, the arbitrator shall make an oral or written report to the parties and afford them an opportunity to comment.

### 27. Interim Measures

At the request of any party, the arbitrator may take whatever interim measures he or she deems necessary with respect to the dispute, including measures for the conservation of property.

Such interim measures may be taken in the form of an interim award and the arbitrator may require security for the costs of such measures.

### 28. Closing of Hearing

The arbitrator shall specifically inquire of all parties whether they have any further proofs to offer or witnesses to be heard. Upon receiving negative replies or if satisfied that the record is complete, the arbitrator shall declare the hearing closed.

If briefs are to be filed, the hearing shall be declared closed as of the final date set by the arbitrator for the receipt of briefs. If documents are to be filed as provided in Section 25 and the date set for their receipt is later than that set for the receipt of briefs, the later date shall be the date of closing the hearing. The time limit within which the arbitrator is required to make the award shall commence to run, in the absence of other agreements by the parties, upon closing of the hearing.

National Rules for the Resolution of Employment Disputes

### 29. Reopening of Hearing

The hearing may be reopened by the arbitrator upon the arbitrator's initiative, or upon application of a party for cause shown, at any time before the award is made. If reopening the hearing would prevent the making of the award within the specific time agreed on by the parties in the contract(s) out of which the controversy has arisen, the matter may not be reopened unless the parties agree on an extension of time. When no specific date is fixed in the contract, the arbitrator may reopen the hearing and shall have 30 days from the closing of the reopened hearing within which to make an award.

### 30. Waiver of Oral Hearing

The parties may provide, by written agreement, for the waiver of oral hearings in any case. If the parties are unable to agree as to the procedure, the AAA shall specify a fair and equitable procedure.

### 31. Waiver of Objection/Lack of Compliance with These Rules

Any party who proceeds with the arbitration after knowledge that any provision or requirement of these rules has not been complied with, and who fails to state objections thereto in writing, shall be deemed to have waived the right to object.

### 32. Extensions of Time

The parties may modify any period of time by mutual agreement. The AAA or the arbitrator may for good cause extend any period of time established by these Rules, except the time for making the award. The AAA shall notify the parties of any extension.

### 33. Serving of Notice

Each party shall be deemed to have consented that any papers, notices, or process necessary or proper for the initiation or continuation of an arbitration under these Rules; for any court actions in connection therewith; or for the entry of judgment on an award made under these procedures may be served on a party by mail addressed to the party or its representative at the last known address or by personal service, in or outside the state where the arbitration is to be held.

The AAA and the parties may also use facsimile transmission, telex, telegram, or other written forms of electronic communication to give the notices required by these Rules.

National Rules for the Resolution of Employment Disputes

34. The Award

a. The award shall be made promptly by the arbitrator and, unless otherwise agreed by the parties or specified by law, no later than 30 days from the date of closing of the hearing or, if oral hearings have been waived, from the date of the AAA's transmittal of the final statements and proofs to the arbitrator.

b. An award issued under these rules shall be publicly available, on a cost basis. The names of the parties and witnesses will not be publicly available, unless a party expressly agrees to have its name made public in the award.

c. The award shall be in writing and shall be signed by a majority of the arbitrators and shall provide the written reasons for the award unless the parties agree otherwise. It shall be executed in the manner required by law.

d. The arbitrator may grant any remedy or relief that the arbitrator deems just and equitable, including any remedy or relief that would have been available to the parties had the matter been heard in court. The arbitrator shall, in the award, assess arbitration fees, expenses, and compensation as provided in Sections 38, 39, and 40 in favor of any party and, in the event any administrative fees or expenses are due the AAA, in favor of the AAA.

e. The arbitrator shall have the authority to provide for the reimbursement of representative's fees, in whole or in part, as part of the remedy, in accordance with applicable law.

f. If the parties settle their dispute during the course of the arbitration, the arbitrator may set forth the terms of the settlement in a consent award.

g. The parties shall accept as legal delivery of the award the placing of the award or a true copy thereof in the mail, addressed to a party or its representative at the last known address, personal service of the award, or the filing of the award in any manner that may be required by law.

h. The arbitrator's award shall be final and binding. Judicial review shall be limited, as provided by law.

35. Modification of Award

Within 20 days after the transmittal of an award, any party, upon notice to the other parties, may request the arbitrator to correct any clerical, typographical, technical or computational errors in the award. The arbitrator is not empowered to redetermine the merits of any claim already decided.

The other parties shall be given 10 days to respond to the request. The arbitrator shall dispose of the request within 20 days after transmittal by the AAA to the arbitrator of the request and any response thereto.

If applicable law requires a different procedural time frame, that procedure shall be followed.

36. Release of Documents for Judicial Proceedings

The AAA shall, upon the written request of a party, furnish to the party, at that party's expense, certified copies of any papers in the AAA's case file that may be required in judicial proceedings relating to the arbitration.

37. Judicial Proceedings and Exclusion of Liability

a.  No judicial proceeding by a party relating to the subject matter of the arbitration shall be deemed a waiver of the party's right to arbitrate.

b.  Neither the AAA nor any arbitrator in a proceeding under these rules is or shall be considered a necessary or proper party in judicial proceedings relating to the arbitration.

c.  Parties to these procedures shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction.

d.  Neither the AAA nor any arbitrator shall be liable to any party for any act or omission in connection with any arbitration conducted under these procedures.

38. Administrative Fees*

As a not-for-profit organization, the AAA shall prescribe filing and other administrative fees to compensate it for the cost of providing administrative services. The AAA administrative fee schedule in effect at the time the demand for arbitration or submission agreement is received shall be applicable.

AAA fees shall be paid in accordance with the Administrative Fee Schedule (see pages 39–45).

The AAA may, in the event of extreme hardship on any party, defer or reduce the administrative fees. (To ensure that you have the most current information, see our website at www.adr.org).

*Pursuant to Section 1284.3 of the California Code of Civil Procedure, consumers with a gross monthly income of less than 300% of the federal poverty guidelines are entitled to a waiver of arbitration fees and costs, exclusive of arbitrator fees. This law applies to all consumer agreements subject to the California Arbitration Act, and to all consumer arbitrations conducted in California. Only those disputes arising out of employer-promulgated plans are included in the consumer definition. If you believe that you meet these requirements, you must submit to the AAA a declaration under oath regarding your monthly income and the number of persons in your household. Please contact the AAA's Western Case Management Center at 1.877.528.0879 if you have any questions regarding the waiver of administrative fees. (Effective January 1, 2003)

39. Expenses

Unless otherwise agreed by the parties, the expenses of witnesses for either side shall be borne by the party producing such witnesses. All expenses of the arbitration, including required travel and other expenses of the arbitrator, AAA representatives, and any witness and the costs relating to any proof produced at the direction of the arbitrator, shall be borne by the employer, unless the parties agree otherwise or unless the arbitrator directs otherwise in the award as provided for in the Administrative Fee Schedule.

National Rules for the Resolution of Employment Disputes

40. Neutral Arbitrator's Compensation

Arbitrators shall charge a rate consistent with the arbitrator's stated rate of compensation. If there is disagreement concerning the terms of compensation, an appropriate rate shall be established with the arbitrator by the AAA and confirmed to the parties.

Any arrangement for the compensation of a neutral arbitrator shall be made through the AAA and not directly between the parties and the arbitrator. Payment of the arbitrator's fees and expenses shall be made by the AAA from the fees and moneys collected by the AAA for this purpose.

41. Deposits

The AAA may require deposits in advance of any hearings such sums of money as it deems necessary to cover the expenses of the arbitration, including the arbitrator's fee, if any, and shall render an accounting and return any unexpended balance at the conclusion of the case.

42. Interpretation and Application of Rules

The arbitrator shall interpret and apply these rules as they relate to the arbitrator's powers and duties. When there is more than one arbitrator and a difference arises among them concerning the meaning or application of these Rules, it shall be resolved by a majority vote. If that is not possible, either an arbitrator or a party may refer the question to the AAA for final decision. All other procedures shall be interpreted and applied by the AAA.

Administrative Fee Schedule

For Disputes Arising Out of Employer-Promulgated Plans:

Administrative Fee

The AAA's administrative fees are based on filing and service charges. Arbitrator compensation is not included in this schedule. Unless the employee chooses to pay a portion of the arbitrator's compensation, such compensation shall be paid in total by the employer. Arbitrator compensation and administrative fees are not subject to reallocation by the arbitrator(s) except upon the arbitrator's determination that a claim or counterclaim was filed for purposes of harassment or is patently frivolous.

Filing Fees

In cases before a single arbitrator, a nonrefundable filing fee capped in the amount of $125, is payable in full by the employee when a claim is filed, unless the plan provides that the employee pay less. A nonrefundable fee in the amount of $625 is payable in full by the employer, unless the plan provides that the employer pay more.

In cases before three or more arbitrators, a nonrefundable filing fee capped in the amount of $125, is payable in full by the employee when a claim is filed, unless the plan provides that the employee pay less. A nonrefundable fee in the amount of $1,375 is payable in full by the employer, unless the plan provides that the employer pay more.

National Rules for the Resolution of Employment Disputes

## Hearing Fees

For each day of hearing held before a single arbitrator, an administrative fee of $300 is payable by the employer.

For each day of hearing held before a multi-arbitrator panel, an administrative fee of $500 is payable by the employer.

There is no AAA hearing fee for the initial Arbitration Management Conference.

## Postponement/Cancellation Fees

A fee of $150 is payable by a party causing a postponement of any hearing scheduled before a single arbitrator.

A fee of $250 is payable by a party causing a postponement of any hearing scheduled before a multi-arbitrator panel.

## Hearing Room Rental

The hearing fees described above do not cover the rental of hearing rooms, which are available on a rental basis. Check with the administrator for availability and rates. Hearing room rental fees will be borne by the employer.

## Suspension for Nonpayment

If arbitrator compensation or administrative charges have not been paid in full, the administrator may so inform the parties in order that one of them may advance the required payment. If such payments are not made, the arbitrator may order the suspension or termination of the proceedings. If no arbitrator has yet been appointed, the administrator may suspend the proceedings.

## For Disputes Arising Out of Individually-Negotiated Employment Agreements and Contracts:

The AAA's Commercial Fee Schedule, following, will apply to disputes arising out of individually-negotiated employment agreements and contracts, even if such agreements and contracts reference or incorporate an employer-promulgated plan. Any questions or disagreements about whether a matter arises out of an employer-promulgated plan or an individually-negotiated agreement or contract shall be determined by the AAA and its determination shall be final.

## Administrative Fee

The administrative fees of the AAA are based on the amount of the claim or counterclaim. Arbitrator compensation is not included in this schedule. Unless the parties agree otherwise, arbitrator compensation and administrative fees are subject to allocation by the arbitrator in the award.

National Rules for the resolution of Employment Disputes

## Fees

An initial filing fee is payable in full by the filing party when a claim, counterclaim or additional claim is filed. A case service fee will be incurred for all cases that proceed to their first hearing. This fee will be payable in advance at the time that the first hearing is scheduled. This fee will be refunded at the conclusion of the case if no hearings have occurred. However, if the Association is not notified at least 24 hours before the time of the scheduled hearing, the case service fee will remain due and will not be refunded.

These fees will be billed in accordance with the following schedule:

| Amount of Claim | Initial Filing Fee | Case Service Fee |
|---|---|---|
| Above $0 to $10,000 | $500 | $200 |
| Above $10,000 to $75,000 | $750 | $300 |
| Above $75,000 to $150,000 | $1,500 | $750 |
| Above $150,000 to $300,000 | $2,750 | $1,250 |
| Above $300,000 to $500,000 | $4,250 | $1,750 |
| Above $500,000 to $1,000,000 | $6,000 | $2,500 |
| Above $1,000,000 to $7,000,000 | $8,000 | $3,250 |
| Above $7,000,000 to $10,000,000 | $10,000 | $4,000 |
| No Amount Stated** | $3,250 | $1,250 |

*This fee is applicable only when a claim or counterclaim is not for a monetary amount. Where a monetary claim amount is not known, parties will be required to state a range of claims or be subject to the highest possible filing fee.*

## Fee Schedule for Claims in Excess of $10 Million

The following is the fee schedule for use in disputes involving claims in excess of $10 million. If you have any questions, please consult your local AAA office or case management center.

| Claim Size | Fee | Case Service Fee |
|---|---|---|
| $10 million and above | Base fee of $12,500 plus .01% of the amount of claim above $10 million. | $6,000 |
| | Filing fees capped at $65,000 | |

Fees are subject to increase if the amount of a claim or counterclaim is modified after the initial filing date. Fees are subject to decrease if the amount of a claim or counterclaim is modified before the first hearing.

The minimum fees for any case having three or more arbitrators are $2,750 for the filing fee, plus a $1,250 case service fee. Expedited Procedures are applied in any case where no disclosed claim or counterclaim exceeds $75,000, exclusive of interest and arbitration cost.

Parties on cases held in abeyance for one year by agreement will be assessed an annual abeyance fee of $300. If a party refuses to pay the assessed fee, the other party or parties may pay the entire fee on behalf of all parties, otherwise the matter will be closed.

## Refund Schedule

The AAA offers a refund schedule on filing fees. For cases with claims up to $75,000, a minimum filing fee of $300 will not be refunded. For all cases, a minimum fee of $500 will not be refunded. Subject to the minimum fee requirements, refunds will be calculated as follows:

> 100% of the filing fee, above the minimum fee, will be refunded if the case is settled or withdrawn within five calendar days of filing.

> 50% of the filing fee, in any case with filing fees in excess of $500, will be refunded if the case is settled or withdrawn between six and 30 calendar days of filing. Where the filing fee is $500, the refund will be $200.

> 25% of the filing fee will be refunded if the case is settled or withdrawn between 31 and 60 calendar days of filing.

No refund will be made once an arbitrator has been appointed (this includes one arbitrator on a three-arbitrator panel). No refunds will be granted on awarded cases.

Note: The date of receipt of the demand for arbitration with the AAA will be used to calculate refunds of filing fees for both claims and counterclaims.

## Hearing Room Rental

The fees described above do not cover the rental of hearing rooms, which are available on a rental basis. Check with the AAA for availability and rates.

## For Disputes Proceeding Under the Supplementary Rules for Class Action Arbitration ("Supplementary Rules"):

The AAA's Administered Fee Schedule, as listed in Section 11 of the Supplementary Rules for Class Action Arbitration, shall apply to disputes proceeding under the Supplementary Rules.

## Employment Mediation Rules

### 1. Agreement of Parties

Whenever, by provision in an employment dispute resolution program, or by separate submission, the parties have provided for mediation or conciliation of existing or future disputes under the auspices of the American Arbitration Association (hereinafter "AAA") or under these rules, they shall be deemed to have made these rules, as amended and in effect as of the date of the submission of the dispute, a part of their agreement.

### 2. Initiation of Mediation

Any party to an employment dispute may initiate mediation by filing with the AAA a submission to mediation or a written request for mediation pursuant to these rules, together with the applicable administrative fee.

### 3. Request for Mediation

A request for mediation shall contain a brief statement of the nature of the dispute and the names, addresses, and telephone numbers of all parties to the dispute and those who will represent them, if any, in the mediation. The initiating party shall simultaneously file two copies of the request with the AAA and one copy with every other party to the dispute.

### 4. Appointment of Mediator

Upon receipt of a request for mediation, the AAA will appoint a qualified mediator to serve. Normally, a single mediator will be appointed unless the parties agree otherwise or the AAA determines otherwise. If the agreement of the parties names a mediator or specifies a method of appointing a mediator, that designation or method shall be followed.

### 5. Qualifications of Mediator

No person shall serve as a mediator in any dispute in which that person has any financial or personal interest in the result of the mediation, except by the written consent of all parties. Prior to accepting an appointment, the prospective mediator shall disclose any circumstance likely to create a presumption of bias or prevent a prompt meeting with the parties. Upon receipt of such information, the AAA shall either replace the mediator or immediately communicate the information to the parties for their comments. In the event that the parties disagree as to whether the mediator shall serve, the AAA will appoint another mediator. The AAA is authorized to appoint another mediator if the appointed mediator is unable to serve promptly.

### 6. Vacancies

If any mediator shall become unwilling or unable to serve, the AAA will appoint another mediator, unless the parties agree otherwise.

### 7. Representation

Any party may be represented by a person of the party's choice. The names and addresses of such persons shall be communicated in writing to all parties and to the AAA.

### 8. Date, Time, and Place of Mediation

The mediator shall fix the date and the time of each mediation session. The mediation shall be held at the appropriate regional office of the AAA, or at any other convenient location agreeable to the mediator and the parties, as the mediator shall determine.

### 9. Identification of Matters in Dispute

At least 10 days prior to the first scheduled mediation session, each party shall provide the mediator with a brief memorandum setting forth its position with regard to the issues that need to be resolved. At the discretion of the mediator, such memoranda may be mutually exchanged by the parties.

At the first session, the parties will be expected to produce all information reasonably required for the mediator to understand the issues presented. The mediator may require any party to supplement such information.

### 10. Authority of Mediator

The mediator does not have the authority to impose a settlement on the parties but will attempt to help them reach a satisfactory resolution of their dispute. The mediator is authorized to conduct joint and separate meetings with the parties and to make oral and written recommendations for settlement. Whenever necessary, the mediator may also obtain expert advice concerning technical aspects of the dispute, provided that the parties agree and assume the expenses of obtaining such advice. Arrangements for obtaining such advice shall be made by the mediator or the parties, as the mediator shall determine.

The mediator is authorized to end the mediation whenever, in the judgment of the mediator, further efforts at mediation would not contribute to a resolution of the dispute between the parties.

### 11. Privacy

Mediation sessions are private. The parties and their representatives may attend mediation sessions. Other persons may attend only with the permission of the parties and with the consent of the mediator.

### 12. Confidentiality

Confidential information disclosed to a mediator by the parties or by witnesses in the course of the mediation shall not be divulged by the mediator. All records, reports, or other documents received by a mediator while serving in that capacity shall be confidential. The mediator shall not be compelled to divulge such records or to testify in regard to the mediation in any adversary proceeding or judicial forum.

National Rules for the Resolution of Employment Disputes

The parties shall maintain the confidentiality of the mediation and shall not rely on, or introduce as evidence in any arbitral, judicial, or other proceeding:

a. views expressed or suggestions made by another party with respect to a possible settlement of the dispute;

b. admissions made by another party in the course of the mediation proceedings;

c. proposals made or views expressed by the mediator; or

d. the fact that another party had or had not indicated willingness to accept a proposal for settlement made by the mediator.

13. No Stenographic Record

There shall be no stenographic record of the mediation process.

14. Termination of Mediation

The mediation shall be terminated:

a. by the execution of a settlement agreement by the parties;

b. by a written declaration of the mediator to the effect that further efforts at mediation are no longer worthwhile; or

c. by a written declaration of a party or parties to the effect that the mediation proceedings are terminated.

15. Exclusion of Liability

Neither the AAA nor any mediator is a necessary party in judicial proceedings relating to the mediation.

Neither the AAA nor any mediator shall be liable to any party for any act or omission in connection with any mediation conducted under these rules.

16. Interpretation and Application of Rules

The mediator shall interpret and apply these rules insofar as they relate to the mediator's duties and responsibilities. All other rules shall be interpreted and applied by the AAA.

17. Expenses

The expenses of witnesses for either side shall be paid by the party producing such witnesses. All other expenses of the mediation, including required traveling and other expenses of the mediator and representatives of the AAA, and the expenses of any witness and the cost of any proofs or expert advice produced at the direct request of the mediator, shall be borne equally by the parties unless they agree otherwise.

## Mediation Fee Schedule

The nonrefundable case set-up fee is $325 per party. In addition, the parties are responsible for compensating the mediator at his or her published rate, for conference and study time (hourly or per diem).

All expenses are generally borne equally by the parties. The parties may adjust this arrangement by agreement.

Before the commencement of the mediation, the AAA shall estimate anticipated total expenses. Each party shall pay its portion of that amount as per the agreed upon arrangement. When the mediation has terminated, the AAA shall render an accounting and return any unexpendable balance to the parties.

Rules, forms, procedures and guides, as well as information about applying for a fee reduction or deferral, are subject to periodic change and updating. To ensure that you have the most current information, see our website at www.adr.org.

©2004, all rights are reserved by the American Arbitration Association.