IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARTIN VENTRESS AND JACK CRAWFORD,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>JAPAN AIRLINES; JALWAYS CO., LTD., A SUBSIDIARY OF JAPAN AIRLINES; HAWAII AVIATION CONTRACT SERVICES, INC.; AND DOES 1-10,<br><br>　　　　　　Defendants. | ) CIVIL NO. 03-451 SPK-LEK<br>)<br>) PLAINTIFF JACK CRAWFORD'S<br>) CROSS-MOTION FOR AN ORDER<br>) COMPELLING ARBITRATION<br>) BEFORE AAA, USING AAA<br>) EMPLOYMENT RULES RATHER<br>) THAN AAA COMMERCIAL RULES<br>) AND FOR THE IMPOSITION OF<br>) SANCTIONS FOR VIOLATION OF<br>) FEDERAL STAY PENDING AAA<br>) ARBITRATION<br>)<br>)<br>) |

PLAINTIFF JACK CRAWFORD'S CROSS-MOTION FOR AN ORDER
COMPELLING ARBITRATION BEFORE AAA, USING AAA
EMPLOYMENT RULES RATHER THAN AAA COMMERCIAL RULES
AND FOR THE IMPOSITION OF SANCTIONS FOR VIOLATION OF
FEDERAL STAY PENDING AAA ARBITRATION

Plaintiff Jack Crawford's hereby incorporates his Opposition to Defendant Hawaii Aviation Contract Services, Inc.'s motion to compel arbitration pursuant to the terms of an agreement between Plaintiff Jack Crawford and Defendant Hawaii Aviation Contract Services, Inc.

**I.   CROSS-MOTION FOR AN ORDER COMPELLING ARBITRATION BEFORE AAA, USING AAA EMPLOYMENT RULES RATHER THAN AAA COMMERCIAL RULES**

Plaintiff Jack Crawford hereby CROSS-MOTIONS for an order compelling arbitration before AAA, using AAA Employment Rules rather than AAA Commercial Rules based upon the substantial prejudice to Plaintiffs to experience any further delay to AAA Arbitration using employment rules for the cost of $125.00 rather than the cost of DPR of a minimum of over $8,000.00. Based upon the above, Plaintiffs have brought substantially justification to move the court based upon the substantial prejudice to Plaintiffs.

## II.    REQUEST FOR THE IMPOSITION OF SANCTIONS FOR VIOLATION OF FEDERAL STAY PENDING AAA ARBITRATION

Comes now Plaintiff Jack Crawford, through undersigned counsel, and moves this Court for an order finding HACS and/or their agent and counsel of record in contempt of court for violations of the Stipulated Order staying litigation filed November 16, 2004, and appropriately sanctioned for violating the very order that HACS and its counsel agreed to follow.

## III. STANDARD FOR RELIEF FOR SANCTIONS

This Court has the inherent power to enforce its orders by way of civil contempt. Spallone v. U.S., 493 U.S. 265, 276 (1990). Evidence of intent or willfulness on the part of the defendant is not required for a finding of civil contempt. McComb v. Jacksonville Paper Co., 336 U.S. 187, 191 (1949).

2

The Ninth Circuit's test with regard to contempt has long been whether the defendants have taken "all reasonable steps within their power to insure compliance" with the court's orders. Sekaquaptewa v. MacDonald, 544 F.2d 396, 404 (9th Cir. 1976), cert. Denied, 430 U.S. 931 (1977); see also General Signal Corp. v. Donallco, Inc., 787 F.2d 1376, 1379 (9th Cir. 1986).

The party moving for the contempt order has the burden of showing by clear and convincing evidence that the defendants violated a specific and definite order of the court. Balla v. Idaho St. Bd. Of Corrections, 869 F.2d 461 (9th Cir. 1989). The undisputed evidence attached hereto meets that burden.

The burden then shifts to Defendants to demonstrate why they were unable to comply after taking every reasonable step. Donovan v. Mazzola, 716 F.2d 1226, 1240 (9th Cir. 1983), cert. denied, 464 U.S. 1040 (1984). Defendant will be unable to meet that burden. See attached evidence.

A court may impose sanctions for civil contempt in order to coerce compliance or to compensate plaintiffs for damages resulting from the lack of compliance. See U.S. v. United Mine Workers of America, 330 U.S. 258, 303-04 (1947). When the relief is intended to make a defendant comply, the court must consider the "character and magnitude of the harm threatened by

continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired." Id. at 304.

## IV. CONCLUSION

The Plaintiff respectfully requests that this Court enter an order finding Defendant HACS and or agent counsel in contempt of court for violations of the stipulated Order staying litigation pending arbitration and judge shopping, and awarding fees and costs and appropriate further sanctions in this matter by letting the punishment fit the crime to deter future violations as this case is still being litigated.

DATED: Honolulu, Hawaii, April 2, 2007.

                              SHAWN A. LUIZ
                              Attorney for Plaintiff
                              Jack L. Crawford III.