CARL H. OSAKI  4008-0
Attorney At Law, A Law Corporation
Pioneer Plaza, Suite 1510
900 Fort Street
Honolulu, Hawaii  96813
Telephone:  (808) 528-4666

Attorney for Defendant
HAWAII AVIATION CONTRACT
SERVICES, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARTIN VENTRESS and JACK CRAWFORD,<br><br>            Plaintiffs,<br><br>   vs.<br><br>JAPAN AIRLINES; JALWAYS CO., LTD., a subsidiary of Japan Airlines; HAWAII AVIATION CONTRACT SERVICES, INC.; and DOES 1-10,<br><br>            Defendants. | CIVIL NO. CV 03-451  SPK-LEK<br><br>DEFENDANT HAWAII AVIATION CONTRACT SERVICES, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF JACK CRAWFORD'S CROSS-MOTION FOR AN ORDER COMPELLING ARBITRATION BEFORE AAA, USING AAA EMPLOYMENT RULES RATHER THAN AAA COMMERCIAL RULES AND FOR THE IMPOSITION OF SANCTIONS FOR VIOLATION OF FEDERAL STAY PENDING AAA ARBITRATION (FILED APRIL 2, 2007); CERTIFICATE OF SERVICE<br><br>DATE:    May 8, 2007<br>TIME:    9:00 a.m.<br>JUDGE:   Leslie E. Kobayashi |

DEFENDANT HAWAII AVIATION CONTRACT SERVICES, INC.'S
MEMORANDUM IN OPPOSITION TO PLAINTIFF JACK CRAWFORD'S
CROSS-MOTION FOR AN ORDER COMPELLING ARBITRATION
BEFORE AAA, USING AAA EMPLOYMENT RULES RATHER THAN
AAA COMMERCIAL RULES AND FOR THE IMPOSITION OF SANCTIONS
FOR VIOLATION OF FEDERAL STAY
<u>PENDING AAA ARBITRATION (FILED APRIL 2, 2007)</u>

I.   <u>INTRODUCTION</u>

Defendant Hawaii Aviation Contract Services, Inc. ("HACS") opposes Plaintiff Jack Crawford's Cross-Motion For An Order Compelling Arbitration Before AAA, Using AAA Employment Rules Rather Than AAA Commercial Rules And For The Imposition Of Sanctions For Violation Of Federal Stay Pending AAA Arbitration (filed April 2, 2007) ("Cross-Motion").  The Cross-Motion is totally without merit and frivolous.

II.  <u>ARGUMENT</u>

HACS incorporates by reference the points and authorities contained in Defendant Hawaii Aviation Contract Services, Inc.'S Reply To Plaintiff Jack Crawford's Opposition To Defendant Hawaii Aviation Contract Services, Inc.'s Motion To Compel Arbitration Pursuant To The Terms Of An Agreement Between Plaintiff Jack Crawford And Defendant Hawaii Aviation Contract Services, Inc., Filed December 29, 2006 (filed April 2, 2007).

In addition, the only ground raised by Plaintiff Jack Crawford ("Plaintiff") to apply the AAA employment rules rather than the AAA commercial rules is the amount of the costs under each of these rules.  However, that is jumping two issues farther down the road than what is before the Court.  The issue here is the <u>forum</u> for the arbitration.  The forum issue turns on whether Plaintiff can unilaterally renege on a voluntary agreement he

made, with the advice of counsel, to arbitrate before Dispute Prevention & Resolution ("DPR"). The amount Plaintiff may have to pay simply is not before the Court.

The remainder of the Cross-Motion concerns purported sanctions for an alleged violation of a court order. The order at issue is the Stipulation For Stay Of Action Pending Arbitration Between Plaintiffs And Defendant Hawaii Aviation Contract Services, Inc., filed November 17, 2004 ("Stipulation"). See Cross-Motion, at its Exhibit 2.

The argument for sanctions is incorrect because Plaintiff himself agreed to arbitrate before DPR. Plaintiff agreed to arbitrate before DPR when he had the benefit of his own legal counsel, and the legal advice of that counsel. Thus, fundamentally, if HACS is in violation of the Stipulation, then so is Plaintiff. It is *Plaintiff* who has reneged on his own agreement to arbitrate before DPR, and who unilaterally initiated an arbitration before AAA. Under these circumstances, sanctions against HACS would be wholly inappropriate and improper.

DATED: Honolulu, Hawaii  APR. 1 9 2007 _____.

_____
CARL H. OSAKI
Attorney for Defendant
HAWAII AVIATION CONTRACT
SERVICES, INC.

2