ORIGINAL

SHAWN A. LUIZ 6855
Attorney at Law
City Center, Suite 800
810 Richards Street
Honolulu, Hawaii 96813
Tel. (808) 538-0500
Fax (808) 538-0600
E-mail: attorneyluiz@MSN.com

Attorney for Plaintiff
JACK CRAWFORD

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 25 2007

at 6 o'clock and 37 min. P M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARTIN VENTRESS AND JACK CRAWFORD,<br><br>    Plaintiffs,<br><br>vs.<br><br>JAPAN AIRLINES; JALWAYS CO., LTD., A SUBSIDIARY OF JAPAN AIRLINES; HAWAII AVIATION CONTRACT SERVICES, INC.; AND DOES 1-10,<br><br>    Defendants. | CIVIL NO. 03-451 SPK-LEK<br><br>PLAINTIFF JACK CRAWFORD'S REPLY IN SUPPORT OF PLAINTIFF JACK CRAWFORD'S CROSS-MOTION FOR AN ORDER COMPELLING ARBITRATION BEFORE AAA, USING AAA EMPLOYMENT RULES RATHER THAN AAA COMMERCIAL RULES AND FOR THE IMPOSITION OF SANCTIONS FOR VIOLATION OF FEDERAL STAY PENDING AAA ARBITRATION; SUPPLEMENTAL DECLARATION OF SHAWN A. LUIZ; CERTIFICATE OF SERVICE<br><br>**Hearing:**<br>Date: May 8, 2007<br>Time: 9:00 a.m.<br>Honorable Leslie E. Kobayashi |

PLAINTIFF JACK CRAWFORD'S REPLY IN SUPPORT OF PLAINTIFF
JACK CRAWFORD'S CROSS-MOTION FOR AN ORDER
COMPELLING ARBITRATION BEFORE AAA, USING AAA
EMPLOYMENT RULES RATHER THAN AAA COMMERCIAL RULES
AND FOR THE IMPOSITION OF SANCTIONS FOR VIOLATION OF
FEDERAL STAY PENDING AAA ARBITRATION

A.  Preliminary Matters

OSAKI's Opposition to PLAINTIFF JACK CRAWFORD'S CROSS-MOTION FOR AN ORDER COMPELLING ARBITRATION BEFORE AAA, USING AAA EMPLOYMENT RULES RATHER THAN AAA COMMERCIAL RULES AND FOR THE IMPOSITION OF SANCTIONS FOR VIOLATION OF FEDERAL STAY PENDING AAA ARBITRATION is devoid of a single cite to even one U.S. Supreme Court or Ninth Circuit authority in support of OSAKI's two page opposition to Crawford's cross motion.

To waste the Court's time on this type of document, just affirms and enforces the call for sanctions. Every document submitted by Osaki intentionally repeats how many attorneys Jack has used to date. Such information is a misguided effort of character assassination that has nothing to do with the principle facts of the case, something which appears beyond the grasp of Osaki. Further, Ms. Venetia Carpenter-Asui never represented CRAWFORD. She only represented Ventress.

Osaki states, "The DPR arbitration had been proceeding for almost two years under DPR's protocols. For all that time, Plaintiff never complained about those rules of administration and procedures", is a misleading statement. Despite Osaki referring to this matter being arbitrated

for almost 2 years on 6 different occasions, DPR proceedings started in February of 2006 and not 2005. As to Osaki's claim that in February, 2005 (should read February, 2006), there were no arbitrations involving anyone known to HACS or the Plaintiff, anywhere, HACS and Plaintiff knew about Bruce Schoggens' AAA Arbitration during that time period. CRAWFORD's case never moved past the pre-arbitration phase, because CRAWFORD never paid the $8,000.00 deposit and no discovery or briefing was completed.

For Osaki to say that CRAWFORD exercised his free choice between DPR and AAA, made after the benefit of legal guidance and advice, is only half the story. It overlooks the fact that even if CRAWFORD agreed to DPR, DPR is now preempted by the FAA; voidable as an adhesion contract and/or the modification to which CRAWFORD agreed to use DPR in lieu of AAA fails for lack of consideration as CRAWFORD would be forced to pay $8,000.00 to DPR just for starters rather than a total of $125.00 total payment to AAA.

OSAKI's analogy to a mortgage example actually supports CRAWFORD's position not HACS. A mortgage may be set aside even if agreed to if it violates the federal Truth in Lending Act. One can agree to anything but that does not preclude the unwise choice being challenged and voided later on grounds such as federal preemption or adhesion contract or lack of consideration to modify a contractual provision.

Every page of Osaki's opposition is nothing but the total disregard for the applicable law. Osaki completely ignores the fact that the FAA embraces all arbitrations that involve interstate commerce. Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior University, 489 U.S. 468 (1989).

Osaki completely ignores the fact that the FAA preempts any state law when an arbitral is covered by the FAA. The FAA uses an expanded definition of the term "commerce", which includes and extends beyond the traditional definition of "interstate commerce" to include foreign and some domestic transactions. When applying the FAA, commerce includes commerce with foreign nations. See 9 USCA Section 1.

Whether a given fact scenario evidences a transaction involving interstate commerce is a legal determination for the court. State v Farm Mut. Auto. Ins. Co. v. Coviello, 233 F.3d 710 (3d Cir. 2000). It cannot be seriously disputed that transporting passengers back and forth between two points of travel and countries on an airplane does not involve commerce within the meaning of the FAA.

The FAA Section 2 (9 USCA Section 2) makes *it is irrelevant whether or not the parties actually contemplated a commerce connection or not*. Allied-Bruce Terminix Companies, Inc. v. Dobson, 513 US 265 (1995).

As HACS and Crawford submitted themselves to the FAA in 1992, any state law such as DPR that interferes with the broad remedial purposes of the FAA is preempted by the FAA because of the Supremacy Clause of the United States Constitution.

Accordingly, as the FAA applies, this Honorable Court has federal jurisdiction pursuant to the FAA to compel HACS to Arbitration pursuant to AAA Employment Rules (9 USCA Section 4)

Defects going to the court's subject matter jurisdiction are not waivable and may by raised at any time See California v. United States, 215 F.3d 1005, 1010 (9th Cir. 2000).

OSAKI ignores Exhibit "12" attached to CRAWFORD's cross-motion which is the order by Honorable E. John McConnell denying

4

Arbitration pursuant to commercial rules despite the express provision of the contract the parties signed. Again, AAA Employment rules held to apply. This is precisely the justification for offensive collateral estoppel in this case.

OSAKI ignores Exhibit "16" attached to CRAWFORD's cross-motion, the November 30, 2006 letter from Crawford to DPR objecting to DPR due to exorbitant costs to employee when compared to minimal costs to AAA arbitration.

Osaki completely ignores the fact that Crawford's counsel objects to Keith Hunter being the arbitrator in this matter, or in light of Hunter being the CEO of DPR, also objects to any DPR proceeding with any DPR Arbitrator.

Osaki completely ignores the fact that the Crawford's purported modification to use DPR in lieu of AAA, would cost Crawford thousands more ($8,000.00 just for starters with initial deposit) rather than a mere $125.00 AAA administrative fee, is voidable at his option as the contract modification is both substantively and procedurally oppressive and unconscionable.

Osaki completely ignores the fact that there is unequal bargaining power as between the parties; an unfair advantage is obtained; the agreement or subsequent modification is not within the reasonable expectations of the weaker party. Ticknor v. Choice Hotels Intern. Inc., 265 F.3d 931 (9th Cir 2001); Circuit City Stores, Inc. v. Adams, 279 F 3d 889, 892 (9th Cir. 2002), cert. denied 535 U.S. 1112 (2002); Harris v. Green Tree Financial Corp., 183 F.3d 173 (3d Cir. 1999); We Care Hair Development, Inc. v. Engen, 180 F.3d 838 (7th Cir. 1999).

Osaki completely ignores the fact that federal law preempts state law when the result would otherwise be an unconscionable adhesion contract to the detriment of an employee amid allegations of a wrongful termination. Ingle v. Circuit City Stores, Inc., 328 F. 3d 1165, 1169 (9th Cir. 2003), cert. denied, 124 S. Ct. 1169 (2004); Ticknor, supra; and Doctor's Associates, Inc. v. Casarotto, 517 U.S. 681, 686-687 (1996).

Osaki completely ignores the fact that if the offending provision in the contract can be severed or restricted in its application, then such severance and restriction are appropriate. See 83 Am Jur POF 3d 71.

In this case, the contractual provision that offends is unreasonably favorable to the drafter (HACS) by forcing Crawford to deposit $8,000.00 (just for starters) with DPR rather than $125.00 with AAA (the total portion Crawford would be responsible for with the remaining balance of the AAA proceedings being charged to HACS) (procedural unconscionability) and the terms are unreasonably favorable to the other party (HACS) (Substantive unconscionability). Circuit City Stores, Inc. v. Mantor, 335 F. 3d 1101 (9th Cir. 2003), cert. denied, 124 S. Ct. 1169 (2004).

A mandate that an employee split the arbitrator's fees with the employer is substantively unconscionable. Circuit City Stores, Inc. v. Adams, 279 F 3d 889 (9th Cir. 2002), cert. denied 535 U.S. 1112 (2002). A fee sharing provision that could costs employees thousands of dollars is substantively unconscionable. Ferguson v. Countrywide Credit Industries, Inc., 298 F. 3d 778 (9th Cir. 2002); Ingle v. Circuit City Stores, Inc., 328 F. 3d 1165, 1169 (9th Cir. 2003), cert. denied, 124 S. Ct. 1169 (2004).

The AAA Website shows that one using AAA to arbitrate according to the clause in the employment contract requires an employee to deposit a mere "administrative cost" of $125.00. After the initial administrative cost"

of $125.00, under the AAA National Employment Rules, the Employer is then responsible for all additional costs from that point forward. In CRAWFORD'S case it is therefore the employer (HACS) under the Employment Rules that is responsible for the "arbitration cost" of $8,000.00.

The Commercial Rules are irrelevant as the 1992 contract clause is void as against public policy. Additionally, *the very contract at issue before the court arises under an employment contract and not a commercial contract* such as a contract for the sale of goods under the Uniform Commercial Code.

"AAA" provides a pay schedule, so upfront costs are ascertainable. The DPR does not provide this useful pay schedule; rather DPR charges based on an hourly rate, with no way of telling how much money CRAWFORD'S arbitration could cost him rather than the AAA $125.00 administrative fee.

Offensive, non-mutual collateral estoppel prevents HACS from relitigating this same issue with CRAWFORD as HACS already fully and fairly litigated this issue before the AAA Arbitrator and lost; before Judge Ezra with SCHOGGENS and lost, and before Judge Ahn and lost in state court as well with SCHOGGENS. Most importantly, HACS already fully and fairly litigated this issue before the AAA Arbitrator, a retired Second Circuit Court of Appeals Judge, who ruled that AAA Employment rules apply, not commercial rules apply to SCHOGGENS' identical contract clause to that of CRAWFORD. This is a text book example of the proper use of offensive, non-mutual collateral estoppel. See Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322 (1979).

In CRAWFORD'S case, Crawford is currently only requesting the estoppel issue as to whether AAA Employment rules must be followed

rather than DPR rules. Crawford, in similar manner to Schoggens, would still have to prove that he [Crawford] was in fact injured and prove damages [lost wages, emotional distress, etc.) as elements of his prima facie case in his own action against HACS.

HACS had every opportunity to litigate which rules apply in the SCHOGGENS v. HACS matter, and the AAA arbitrator held in favor of SCHOGGENS for AAA Employment Rules and awarded damages.

HACS' motion is therefore not brought in the same procedural posture as CRAWFORD's cross motion. Former co-worker Schoggens already went forward using AAA Employment Rules. Thus principles of collateral estoppel require HACS to use AAA Employment with Schoggen's co-workers, namely Crawford, Moore and Ventress who all demanded AAA arbitration pursuant to the FAA and AAA employment rules.

Osaki completely ignores the fact that to be effective as a modification, a contract must possess all the elements necessary to form a contract. Here the missing element is consideration. There is no consideration for CRAWFORD to be bound as he goes from $125.00 with AAA to $8,000.00 min. with DPR.

Modifications that are not supported by valid consideration are unenforceable. See 83 Am Jur POF 3d 80; Premier Technical Sales, Inc. v. Digital Equipment Corp., 1 F.Supp. 2d 1156 (N.D. Cal. 1998), aff'd in part, rev'd in part on other grounds, 202 F.3d 279 (9th Cir. 1999).

Osaki completely ignores the fact that the contract CRAWFORD signed in 1992 is an employer promulgated contract and not a commercial contract. These were not parties to a commercial contract. These were parties to an employment contract and HACS drafted the contract not Crawford. Decidedly, as a rose by any other name remains a rose; so too

8

when an employer drafts an employment contract it remains employer promulgated contract and does not mutate into a commercial contract. HACS chose AAA in 1992 as the forum for its employer promulgated contract. AAA found a major defect and injustice in having an employee pay thousands of dollars (what DPR offers) in exchange for a Plaintiff giving up "his day in court for a day in ADR". The AAA Rules and procedures unambiguously states:

IMPORTANT NOTICE
<u>These rules and any amendment of them shall apply in the form in effect at the time the administrative filing requirements are met for a demand for arbitration or submission agreement received by AAA.</u>  To ensure that you have the most current information, see our web site at www.adr.org.

## CONCLUSION

The Plaintiff respectfully requests that this Court enter an order finding Defendant HACS and or agent counsel in contempt of court for violations of the stipulated Order staying litigation pending arbitration and judge shopping, and awarding fees and costs and appropriate further sanctions in this matter by letting the punishment fit the crime to deter future violations as this case is still being litigated.

DATED: Honolulu, Hawaii, April 25, 2007.

_____
SHAWN A. LUIZ
Attorney for Plaintiff
Jack L. Crawford III.