*not enough copies cc:lek*

Martin Ventress
6124 HWY 6 North #101
Houston, TX 77084
E-mail: momdadventress@hotmail.com
Plaintiff PRO SE

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 25 2007

at \_\_1\_\_ o'clock and \_\_10\_\_ min. P M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| MARTIN VENTRESS,<br><br>Plaintiff,<br><br>vs.<br><br>HAWAII AVIATION CONTRACT SERVICES, INC.,<br><br>Defendant. | CIVIL NO. CV 03-451   SPK-LEK<br><br>PLAINTIFF MARTIN VENTRESS' MOTION TO QUASH DEFENDANT HAWAII AVIATION CONTRACT SERVICES, INC'S SUBPOENAS *DUCES TECUM*; EXHIBITS; CERTIFICATE OF SERVICE |

**PLAINTIFF MARTIN VENTRESS' MOTION TO QUASH DEFENDANT
HAWAII AVIATION CONTRACT SERVICES' SUBPOENAS *DUCES TECUM***

NOW COMES Plaintiff Martin Ventress' request for this Court to Quash the Subpoenas *Duces Tecum* ("SDT") purportedly and falsely served, by and through the Defendant Hawaii Aviation Contract Services, Inc. ("HACS") counsel Carl Osaki.

In the midst of an arbitration, administered under the jurisdiction and authority of The American Arbitration Association ("AAA"), Mr. Osaki falsely served SDT pursuant to Federal Rules of Civil Procedure ("FRCP"); in addition, fraudulently used the authority of The United States District Courts ("USDC"). In doing so, Mr. Osaki not only violated the Arbitrator's Order, but now brings an action that warrants this court to intercede to settle the dispute and that justifies good cause to seek sanctions against Mr. Osaki.

## I. INTRODUCTION

**On November 16, 2004**, USDC of Hawaii entered STIPULATION for stay of action between Plaintiff Martin Ventress and Defendant HACS. Since **November 2004**, Mr. Osaki has instigated one controversy after another; maintaining a long and illustrious history of stall tactics and creating bogus controversies that has included the Ninth Circuit Court of Appeals, being unfamiliar with his occupational schedule, unfamiliar with federal and state laws and procedures; unfamiliar with the policies and procedures of the AAA; instead seeks other legal resources as Hawaii State Law, Hawaii Bar Association, the Attorney General, ALL under the watchful eye of the Arbitrator, who has been assigned to the case since February 2006.

## II. MOTION FOR DISQUALIFICATION OF ARBITRATOR

On **May 1, 2007**, Plaintiff filed a **Motion for Disqualification of the Arbitrator,** who lacked the ability to be impartial and independent, to perform his duties with diligence and in good faith. The Arbitrator demonstrated a biased and preferential interest in favor of the Local Hawaii Employer HACS, with its counsel Carl Osaki. Plaintiff moved to have the Arbitrator in the instant case, DISQUALIFIED, pursuant to AAA Employment Rule R-16 "Disqualification of Arbitrator" for various reasons that were supported by (20) pages of documented facts. **Two Primary Reasons** to seek to have the Arbitrator recuse himself: **1)** The Arbitrator's total support of Mr. Osaki's objections to Plaintiff's legal right, according to AAA Rules and Protocol, to have "Representation" of his choice. **2)** The Arbitrator's endorsement of Mr. Osaki's fraudulent SDT. Mr. Osaki instigated the SDT controversy at a time when the all important Discovery was finally ready to unveil the true merits of the case. As in the Commercial v. Employment Rules, and other issues, Mr. Osaki relied upon the security blanket of the local Hawaii Legal System.

1

## III. ARGUMENTS

**On February 8, 2007**, in the **Arbitrator's Pre-Hearing Order #2**, item #9: "*instructed **Parties to submit subpoenas for the Arbitrator's signature** within a reasonable time with a copy to the opposing party.*"

**On February 27, 2007,** in the **Arbitrator's Pre-Hearing Order #3**, item #9: "*instructed **Parties to submit subpoenas for the Arbitrator's signature** within a reasonable time with a copy to the opposing party.*"

Mr. Osaki twice violated the Arbitrator's Orders **and** AAA Rules and Protocol; in addition, deliberately and fraudulently **Served False Subpoenas Duces Tecum** to Medical Doctors on the Plaintiff's Witness List, and **without the Arbitrator's Signature**.

**Mr. Osaki Commanded** Medical Doctors to release Plaintiff's Medical Records, and fraudulently used USDC's of Hawaii and Central California as the sole authority to support his illegal demand. When Mr. Osaki served SDT to the Doctors, **there was NO pending action in USDC court**. Mr. Osaki fabricated false subpoenas, served with the intent to deceive and intimidate Claimant's witnesses, by using a Civil Case Number, this at the time had been DISMISSED by the USDC of Hawaii in November 2004.

One may conclude that this fraudulent action would certainly merit scrutiny by the Arbitrator; instead, the Arbitrator not only condoned the violation, **but endorsed it!** When Plaintiff notified the Arbitrator of Mr. Osaki's fraudulent SDT, he advised that he would file a **Motion to Quash** with AAA. Before Plaintiff could file Motion to Quash, the Arbitrator ignored evidence provided by Plaintiff, and ruled **Pre-Hearing Order #4, GRANTING Mr. Osaki's request for Claimant's Medical Records,** to the extent that the Arbitrator **Ordered Plaintiff** to no later than March 27, 2007, advise and insure that those who had been noticed by Mr. Osaki's fraudulent subpoenas are to be authorized by Plaintiff to provide medical and other records as designated in the subpoenas to Mr. Osaki.

2

Mr. Osaki claimed that the SDT were proper under the FRCP. However, Plaintiff disagreed. **Pursuant to FRCP Rule 45 – Subpoenas (a)**

(1) <u>Every subpoena shall</u>:

(B) state the title of the action, **the name of the court in which it is pending, and its civil action number**; and

(2) <u>A subpoena must issue as follows:</u>

(A) for attendance at a trial or hearing, **in the name of the court for the district where the trial or hearing is to be held**;

(B) for attendance at a deposition, **in the name of the court for the district where the deposition is to be taken**, stating the method for recording the testimony; and

(C) for production, inspection, copying, testing, or sampling, if separate from a subpoena commanding a person's attendance, **from the court for the district where the production or inspection is to be made**.

(3) The clerk shall issue a subpoena, signed but otherwise in blank, to a party requesting it, who shall complete it before service. **An attorney as officer of the court may also issue and sign a subpoena on behalf of**

(A) **a court in which the attorney is authorized to practice**; or

(B) **a court for a district in which a deposition or production is compelled by the subpoena, if the deposition or production pertains to an action pending in a court in which the attorney is authorized to practice.**

**<u>Plaintiff makes these further observations regarding Mr. Osaki's SDT:</u>**

1) Mr. Osaki's <u>Notice of Taking Deposition Upon Written Interrogatories</u> were not served <u>pursuant to AAA arbitration procedures</u>, but rather, "SUBPOENA IN A CIVIL CASE" that had been DISMISSED, while using the U.S. District Court's of Hawaii and Central California.

2) Mr. Osaki's subpoenas were served pursuant to **Rule 45 of the Federal Rules of Civil Procedures**, <u>not pursuant to AAA protocol, nor Arbitrator's Pre-Hearing Orders.</u>

3) Mr. Osaki served SDT referencing a **Civil Case** (CV 02-9762-NM (SHx) issued by USDC of Central California that had already been transferred to the USDC of Hawaii.

4) Mr. Osaki served SDT referencing a **Civil Case** (CV 03-451) that had been DISMISSED in USDC of Hawaii and recently concluded in the Ninth Circuit Court of Appeals.

3

5) Mr. Osaki **did not** provide either a signed copy of the **Declaration of Server,** to the Arbitrator, AAA Case Manager, nor Plaintiff.

6) **On March 15, 2007, Mr. Osaki emailed Plaintiff** (same date he signed Subpoenas) that required said deponents for production of medical records, admitted, "*Without the signed authorizations, the witnesses will not release your records to me. I have attached the authorization both as a Word document and as a PDF file for your convenience.*"

7) **On March 15, 2007**, Mr. Osaki signed the false subpoenas, and went to great lengths, albeit by fraudulent means, to obtain Claimant's Medical Records, which his client HACS et al, already maintained.

8) In addition, **On March 2, 2005**, Mr. Osaki provided former ICDR Case Manager William Chang, authorization to obtain and use Claimant's medical information and records in this arbitration **without Claimant's written consent**.

9) Furthermore, all relevant information from the referenced physicians was previously forwarded to HACS and Japan Airlines Medical Department at their request. The Arbitrator required, and the Plaintiff submitted to, providing copies of medical records as exhibits.

Mr. Osaki's then attempted to justify serving bogus SDT and the fraudulent use of the USDC of Central California, was *because witnesses were located in California – and would not honor a subpoena issued by the AAA* is speculation and pure nonsense!

IF that was true, which it is not, **How can Mr. Osaki justify serving virtually the same bogus SDT, this time using USDC of Hawaii to a witness from Hawaii Dr. Jack Scaff?**

The SDT Mr. Osaki served to trick Claimant's witnesses by intimidation, clearly show they were: **Issued by the United States District Court, 1)** District of Hawaii;

**2)** Central District of California. SDT show Martin Ventress and Jack Crawford v. HACS is also FALSE! **FRCP – Rule 45 (c) Protection of Persons Subject to Subpoenas:**

*A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.* ***The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction****, which may include, but not limited to, lost earnings and a reasonable attorney's fee.*

One could reasonable question, since Mr. Osaki violated FRCP, where would Claimant seek jurisdiction, to enforce this duty and impose sanctions for the violation?

4

That question was raised by Claimant on his recent visit to the Hawaii Courthouse, where he learned that **any subpoenas violation under FRCP had to be enforced by the court that issued the subpoena**, as it originated from that jurisdiction. Therefore, the USDC of Hawaii is proper jurisdiction to enforce such violations as fraud committed by Mr. Osaki. Had Mr. Osaki simply followed the directive of the Arbitrator there would have been no need for this motion, and yet another complete waste of time. Mr. Osaki continues to reject the authority of AAA, its rules, jurisdiction and authority; which ALL could have been avoided simply, had the Arbitrator enforced AAA RULES!

Plaintiff spoke with 4 of the 5 Health Providers and/or their Offices, in which each expressed doubt regarding Osaki's SDT, as to the authority and verification of a signature from a Judge. Even more confusing to the Health Providers was when Plaintiff explained that the SDT were **not from a Civil Case**, but rather arbitration.

Mr. Osaki initiated another fiasco, this time in a mind-boggling attempt to serve a bogus SDT to a Practicing Attorney in the State of California. Who better to know and understand California Law, than Martin Cervantes, an attorney at law for more than (20) years? Though Mr. Osaki finally tried to follow the AAA subpoena procedures, and to have the Arbitrator sign the SDT in order to serve Mr. Cervantes, Mr. Cervantes expressed that he was burdened by the SDT and may seek action against Mr. Osaki.

**Mr. Osaki cannot explain the Arbitrator's failure to include Plaintiff in this email:**

-----Original Message-----
**From:** Boyd Mossman [mailto:boydpm@earthlink.net]
**Sent:** Wednesday, March 21, 2007 10:30 PM
**To:** cho@hawaii.rr.com
**Cc:** omaneb@adr.org
**Subject:** FW: Ventress v. HACS - Respondent depos

Mr. Osaki,
Please advise as to the attached. Mahalo.
Judge Mossman

5

Plaintiff is not sure if "the attached" the Arbitrator refers to, is subpoena related, nor the content of the email that preceded this ex-parte communication. Maybe Mr. Osaki could provide Plaintiff a copy of "the attached" and any other communications?

## IV. THE COURT SHOULD AWARD SANCTIONS AGAINST MR. OSAKI

**A.    The Court Should Issue Sanctions Under Rule 11 H.R.C.P. For Filing Of A False Document** (Subpoenas Duces Tecum).

Mr. Osaki never should be allowed to serve fraudulent documents, and sanctions are appropriate under Rule 11 H.R.C.P. Rule 11 requires that attorneys sign documents and certify that to the best of the person's knowledge, information and belief, after reasonable inquiry under the circumstances, that the claims are warranted and that the allegations made are true. Mr. Osaki's filing and serving documents in this case and particularly his serving of the fraudulent subpoenas, do not meet the test of Rule 11 and sanctions should be issued.

**B.    Sanctions Should Be Issued For Abusive Discovery Which Violated Rule 26(g) H.R.C.P.**

This case was stipulated to arbitration by USDC of Hawaii. It was to remain in arbitration. However, Mr. Osaki determined he would take fraudulent actions, not pursuant to the authority of the AAA, but rather, under the jurisdiction of the FRCP. The legal issue was a matter solely for the arbitrator and the AAA to decide, under relevant Hawaii Supreme Court law and U.S. Supreme Court Law.

Rule 26(g) HRCP states in relevant part that when an attorney signs a discovery request, as he is required to do by the rule, he certifies that the response or objection is:

"(1) Not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; and

(2) Not unreasonable or unduly burdensome or expensive given the needs of the case ..."

There is no justification for serving SDT under false pretence for discovery in this case. **The AAA does not have jurisdiction to overrule FRCP that Mr. Osaki violated.**

Plaintiff is Pro Se, and understands that attorney fees do not apply to him; however, Plaintiff desires that justice be served on Mr. Osaki's abusive behavior, and the waste of this court's time. Mr. Osaki signed and served, abusive and fraudulent discovery in violation of Rule 26 (g) H.R.C.P. Therefore, the Court should award sanctions against Mr. Osaki, <u>made payable to the USDC of Hawaii</u>.

## V. CONCLUSION

Mr. Osaki is attempting to gain access to Plaintiff's Medical Records that; 1) HACS had already requested and received; 2) Plaintiff made it clear he would provide copies in his exhibit list by the due date prescribed by the Arbitrator; 3) **March 2, 2005**, Mr. Osaki provided AAA's William Chang, authorization to obtain and use Claimant's medical information and records in this arbitration **without Claimant's written consent**.

Mr. Osaki, who has been whining and complaining to the Arbitrator in a pathetic attempt to substantiate the legitimacy of his assertions that the FRCP were proper, at no time sought the AAA rules, regulations, authority or jurisdiction as the controlling body.

Mr. Osaki, with the Arbitrator's support, has turned this arbitration dispute over A Wrongful Termination, in to a pathetic display of deception and legal corruption. The Motion to Quash fraudulent SDT in order to obtain Plaintiff's Medical Records should be GRANTED, as it is in violation of the Law and sanctions awarded against Mr. Osaki.

DATED: May 23, 2007

                                                          MARTIN VENTRESS, Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was or will be duly served upon the following by:

<u>U.S. Certified Mail Postage</u>

TO:   Carl H. Osaki, Esq.
         Pioneer Plaza, Suite 1510
         900 Fort Street
         Honolulu, Hawaii 96813

         Attorney for Defendant
         Hawaii Aviation Contract Services, Inc.

TO:   Brigitte Omane / Case Manager
         International Centre for Dispute Resolution
         International Division for the American Arbitration Association
         1633 Broadway, 10th Floor
         New York, NY 10019

<u>DATED:  May 23, 2007</u>

*Martin Ventress*
MARTIN VENTRESS, Pro Se