CARL H. OSAKI  4008-0
Attorney At Law, A Law Corporation
Pioneer Plaza, Suite 1510
900 Fort Street
Honolulu, Hawaii  96813
Telephone:  (808) 528-4666

Attorney for Defendant
HAWAII AVIATION CONTRACT
SERVICES, INC.

INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION

STATE OF NEW YORK

| | | |
|---|---|---|
| MARTIN VENTRESS, | ) | CASE NO. 50-116-T-00587-04 |
| | ) | |
| Claimant, | ) | RESPONDENT HAWAII AVIATION |
| | ) | CONTRACT SERVICES, INC.'S |
| vs. | ) | MEMORANDUM IN OPPOSITION TO |
| | ) | CLAIMANT MARTIN VENTRESS' |
| HAWAII AVIATION CONTRACT | ) | MOTION FOR DISQUALIFICATION |
| SERVICES, INC., | ) | OF THE ARBITRATOR IN THIS |
| | ) | INSTANT ARBITRATION; |
| Respondent. | ) | CERTIFICATE OF SERVICE |
| | ) | |
| | ) | |
| | ) | Arbitration:  Week of |
| | ) | July 2, 2007 |

RESPONDENT HAWAII AVIATION CONTRACT SERVICES, INC.'S
MEMORANDUM IN OPPOSITION TO CLAIMANT MARTIN VENTRESS'
MOTION FOR DISQUALIFICATION OF THE
<u>ARBITRATOR IN THIS INSTANT ARBITRATION</u>

I.  <u>INTRODUCTION</u>

Respondent Hawaii Aviation Contract Services, Inc. ("HACS") opposes Claimant Martin Ventress' Motion For Disqualification Of The Arbitrator In This Instant Arbitration ("DQ Motion").  The DQ Motion is not meritorious, and constitutes blatant judge-shopping.  The DQ Motion should, therefore, be denied.

Charles Brower, Esq., both of whom are admitted to the Hawaii bar.

Claimant's "point" about the Federal Arbitration Act ("FAA") is misplaced. Regardless of whether the FAA pre-empts state substantive law, there is nothing in the FAA that says that an unlicensed person can practice law in contravention of state law, such as to purported pre-empt state law on the matter.

C. The Matter Of Subpoenas Is Misplaced And Does Not Provide A Basis For Disqualification.

Claimant complains that subpoenas duces tecum issued from HACS' attorney's offices to Claimant's health care providers were "fraudulent."

✳ HACS used the vehicle of the pending civil action to issue subpoenas duces tecum directed to witnesses located in the state of California. The issuance of those subpoenas duces tecum were proper under the federal civil rules of procedure. The vehicle of the pending civil action was employed to avoid the potential that the witnesses -- (all) of whom are health care providers identified by Claimant as potential witnesses on his behalf -- would not honor a subpoena issued by AAA. Indeed, this very concern has been realized with a subpoena duces tecum served upon Claimant's former California attorney, Martin Cervantes, Esq. Mr. Cervantes has called the AAA subpoena "bogus" and refuses to honor it.

4

In contrast, the health care provider witnesses were all contacted by HACS' attorney's offices and forewarned that a separate authorization to release medical records should be forthcoming from Claimant. I had, years ago, asked Claimant to execute authorizations to release medical records, through AAA. Claimant has not signed those authorizations. I, therefore, raised the issue of authorizations again with the Arbitrator, and the Arbitrator ordered Claimant to execute such authorizations for the health care professionals that he identified as witnesses on his behalf.

The Arbitrator did nothing wrong or improper. Claimant had identified five health care providers as witnesses. HACS then sought document discovery upon those witnesses, which discovery needed Claimant's authorization to release medical records. The Arbitrator ordered Claimant to authorize those health care providers to release his medical records to HACS' attorney.

In sum, it does not matter whether HACS' attorney used the pending federal action or this proceeding as the vehicle to issue subpoenas duces tecum. Either way, HACS was and is entitled to obtain discovery from witnesses identified by Claimant. Since these witnesses require the authorizations of Claimant in order to release his records, the Arbitrator quite sensibly ordered Claimant to do so. This is especially true

5

Claimant cannot be allowed to decide in mid-stream that he does not like the way certain rulings go, and boot-strap that into a disqualification motion. Otherwise, we will probably see a series of similar motions and other arbitrators address the unauthorized practice of law issue, and who knows what else Claimant may have a problem with.

For all of the foregoing reasons, as well as the plain fact that Claimant fails to present any evidence of partiality, the DQ Motion should be denied.[1]

MAY 1 6 2006

DATED: Phoenix, Arizona

CARL H. OSAKI
Attorney for Respondent
HAWAII AVIATION CONTRACT
SERVICES, INC.

---

[1] Indeed, if Claimant still feels that the Arbitrator is partial at the end of the arbitration, he can always move a court to vacate the Arbitrator's award. The judiciary can then test his complaints against the legal standards.

Furthermore, while not conceding the issue in any respect, Claimant's posture of changing arbitrators in mid-stream must be conditioned upon Claimant's reimbursement of all of the Arbitrator's fees and costs, as well as AAA's fees in administering this arbitration to date.

10