CARL H. OSAKI   4008-0
Attorney At Law, A Law Corporation
Pioneer Plaza, Suite 1510
900 Fort Street
Honolulu, Hawaii  96813
Telephone:  (808) 528-4666

Attorney for Defendant
HAWAII AVIATION CONTRACT
SERVICES, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MARTIN VENTRESS and<br>JACK CRAWFORD,<br><br>          Plaintiffs,<br><br>          vs.<br><br>JAPAN AIRLINES; JALWAYS CO.,<br>LTD., a subsidiary of Japan<br>Airlines; HAWAII AVIATION<br>CONTRACT SERVICES, INC.;<br>and DOES 1-10,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL NO. CV 03-451  SPK-LEK<br><br>NOTICE OF TAKING DEPOSITION<br>UPON WRITTEN INTERROGATORIES;<br>EXHIBIT A; INTERROGATORIES<br><br><br>(Custodian of Records of<br>Jack H. Scaff, Jr., M.D. |

NOTICE OF TAKING DEPOSITION UPON WRITTEN INTERROGATORIES

TO:  MARTIN VENTRESS
     6124 HWY 6 North #101
     Houston, TX  77084

     Plaintiff Pro Se

SHAWN A. LUIZ, ESQ.
City Center, Suite 800
810 Richards Street
Honolulu, HI  96813

Attorney for Plaintiff
JACK CRAWFORD

          PLEASE TAKE NOTICE that Defendant Hawaii Aviation

Contract Services, Inc. ("HACS") will take the deposition of the

following party on the date and time indicated at the offices of

Ralph Rosenberg Court Reporters, ASB Tower, Suite 2460, 1001
Bishop Street, Honolulu, Hawaii 96813, before a notary public
duly authorized to administer oaths:

<u>Name and Address</u>                                    <u>Date and Time</u>

Custodian of Records of:
JACK H. SCAFF, JR., M.D.                          March 28, 2007
Suite C211A                                         10:30 a.m.
50 South Beretania Street
Honolulu, HI  96813

        Said deposition will be upon written interrogatories, a
copy of which is herewith served upon you, and such cross, re-
direct, and re-cross questions as may be duly served herein.

        Said deponent will be required by Subpoena Duces Tecum
to bring with him/her and have available for production the
original and/or true and correct legible copies of any and all
records, including but not limited to copies of correspondence,
notes, reports, memoranda, and writings of any sort as referenced
in the attached Exhibit A.

        Said deposition upon written interrogatories shall be
taken pursuant to Rule 31 of the Federal Rules of Civil
Procedure.

                                           MAR 1 5 2007
        DATED:     Honolulu, Hawaii _____.


                                 _____
                                 CARL H. OSAKI
                                 Attorney for Defendant
                                 HAWAII AVIATION CONTRACT
                                     SERVICES, INC.


                                 2

AO88 (Rev. 12/06) Subpoena in a Civil Case

### Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF HAWAII

MARTIN VENTRESS and JACK CRAWFORD,

V.

HAWAII AVIATION CONTRACT SERVICES, INC.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] CV 03-451 SPK-LEK

TO: JACK H. SCAFF, JR., M.D.
    Suite C211A
    50 South Beretania Street
    Honolulu, HI 96813

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| ASB Tower, Suite 2460, 1001 Bishop Street, Honolulu, HI 96813 | 3/28/07; 10:00 a.m. |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Any and all documents including, but not limited to, medical records, notes, memos, phone messages, intra-office memos, x-rays, correspondence, and billing records relating to Martin Ventress (DOB: 3/28/53; SSN: 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).

| PLACE | DATE AND TIME |
|---|---|
| ASB Tower, Suite 2460, 1001 Bishop Street, Honolulu, HI 96813 | 3/28/07; 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| CARL H. OSAKI, Attorney for Defendant | 3/15/07 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
CARL H. OSAKI 4008
900 FORT STREET, SUITE 1510, HONOLULU, HAWAII 96813

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.



AO88 (Rev. 12/06) Subpoena in a Civil Case

## ↘ PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## ↘ DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## INTERROGATORIES

1.    Please state your name.

2.    What is your residence address?

3.    Are you employed?

4.    What is your employer's name?

5.    What is your employer's address?

6.    What is your job or position with you employer?

7.    In that position do you have under your care, custody, and/or control any and all records kept by your employer?

8.    If not, please give the name or names of the person or persons having care, custody, and/or control of such records or the name or names of the person or persons having information relative to the keeping of such records.

9.    Among your employer's records under your care, custody, and/or control are there any records of any kind and nature whatsoever, pertaining to MARTIN VENTRESS (DOB: 3/28/53; SSN: 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).

10.    Were you or your employer served with a Subpoena Duces Tecum requiring your appearance before a Notary Public for the purposes of answering these questions and requiring you to bring with you any and all of your employer's records pertaining to the matter referred to in Questions No. 9?

11.    Do you have all of those records with you?

12.    Are those records complete?

13. If your answer is no, please describe in detail those records that are incomplete, and to the best of your knowledge explain why the records are incomplete?

14. Has any portion of those records ever been removed from your care, custody, and/or control prior to this time?

15. If so, when and by whom?

16. Has any portion of those records ever been altered prior to this time?

17. If so, when and by whom?

18. Do you have any information relative to the loss or destruction of any of the records of the matters referred to in Question No. 9 prior to this time?

19. If so, please describe the details of such loss or destruction and what records were involved.

20. How do you identify the records which you have brought with you as being records pertaining to the matters referred to in Question No. 9?

21. Please describe briefly, but completely, so that they may be readily identified, the records which you have turned over to the Notary Public?

22. Have these records been prepared by your employer in the ordinary course of your employer's business at or near the time of the acts, events, conditions, opinions, or diagnoses reported therein?

2

23. Will you please turn over the Notary Public at this time the originals or complete and legible copies of all of your employer's records pertaining to the matters referred to in Question No. 9 which you have brought with you?

24. Have you turned over original records or copies?

25. Are you willing to waive the reading and signing of this deposition?

3