IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MARTIN VENTRESS and<br>JACK CRAWFORD,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>JAPAN AIRLINES; JALWAYS CO.,<br>LTD., a subsidiary of Japan<br>Airlines; HAWAII AVIATION<br>CONTRACT SERVICES, INC.;<br>and DOES 1-10,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL NO. CV 03-451　SPK-LEK<br><br>AFFIDAVIT OF CARL H. OSAKI |

AFFIDAVIT OF CARL H. OSAKI

| | | |
|---|---|---|
| STATE OF HAWAII | ) | |
| | ) | SS. |
| CITY AND COUNTY OF HONOLULU | ) | |

　　　　CARL H. OSAKI, being first duly sworn upon oath deposes and says that:

　　　　1.　I am the attorney for Defendant HAWAII AVIATION CONTRACT SERVICES, INC. ("HACS") in the above-entitled matter and am competent to testify as to the matters set forth herein;

　　　　2.　Because all but one of Plaintiff's health care provider expert witnesses are in California, I had serious reservations about whether a AAA subpoena would be complied with in California. I, therefore, had questions about the out-of-state service of a AAA subpoena signed by a Hawaii arbitrator;

　　　　3.　In analyzing how to go about serving the California health care professionals with enforceable subpoenas, the determination was made by me to utilize the vehicle of the

pending federal court action as the judicial foundation for the subpoenas;

4. In preparing the subpoenas from the forms provided on the web-site of the United States District Court, I had my staff follow the form's footnote to the blank-entry for the case number, which states:

> If action is pending in district other than district of issuance, state district under case number.

I believe that I followed the requirements of Rule 45 of the Federal Rules of Civil Procedure to insure that the subpoenas to be served would be enforceable;

5. Plaintiff has never provided copies of his letters purporting to comply with Arbitrator Order No. 4 and Arbitrator Order No. 5;

6. Attached as Exhibit A is a true and correct copy of a letter dated February 18, 2005, from myself to Mr. William Chang;

7. Attached as Exhibit B is a true and correct copy of a letter dated March 2, 2005, from myself to Mr. Martin Ventress;

8. Attached as Exhibit C is a true and correct copy of Plaintiff's Witness List, "Update: January 24, 2007;"

9. Attached as Exhibit D is a true and correct copy of the Subpoena Duces Tecum directed to Martin Cervantes, Esq., issued out of the International Centre For Dispute Resolution, which is a division of the American Arbitration Association;

10. Attached as Exhibit E is a true and correct copy of a letter dated May 1, 2007, from Martin A. Cervantes to myself;

11. Attached as Exhibit F is a true and correct copy of an e-mail dated May 25, 2007, from Brigitte Omane to myself, along with its PDF attachment;

12. Attached as Exhibit G is a true and correct copy of an e-mail dated March 15, 2007, from myself to Martin Ventress, along with its PDF attachment;

13. Attached as Exhibit H is a true and correct copy of an e-mail dated March 20, 2007, from Martin Ventress to Brigitte Omane and Judge Mossman, along with its attachment;

14. Attached as Exhibit I is a true and correct copy of an e-mail dated March 23, 2007, from myself to Judge Mossman;

15. Attached as Exhibit J is a true and correct copy of Respondent Hawaii Aviation Contract Services, Inc.'s Motion To Compel Oral Deposition of Claimant Martin Ventress, And For Order Compelling Claimant Martin Ventress To Execute Authorizations To Release Medical Records, dated March 23, 2007, less its exhibits, submitted in the arbitration;

16. Attached as Exhibit K is a true and correct copy of Arbitrator's Prehearing Order No. 4 On Respondent's Motion To Compel;

17. Attached as Exhibit L is a true and correct copy of an e-mail dated March 27, 2007, from Martin Ventress to myself;

18. Attached as Exhibit M is a true and correct copy of an e-mail dated March 27, 2007, from myself to Martin Ventress;

19. Attached as Exhibit N is a true and correct copy of Arbitrator's Prehearing Order No. 5 On Respondent's Motion To Continue;

20. Attached as Exhibit O is a true and correct copy of an e-mail dated May 24, 2007, from myself to Brigitte Omane; and

21. Attached as Exhibit P is a true and correct copy of Respondent Hawaii Aviation Contract Services, Inc.'s Motion: (1) to Compel Claimant to Comply with Arbitrator's Prehearing Order No. 4 on Respondent's Motion to Compel, and Arbitrator's Prehearing Order No. 5 on Respondent's Motion to Continue, and Alternatively, For an Order Prohibiting Claimant from Introducing or Relying on Any Medical Information Related to the Required Disclosure of Information Contained in Arbitrator's Prehearing Order No. 4 on Respondent's Motion to Compel, and Arbitrator's Prehearing Order No. 5 on Respondent's Motion to Continue; (2) in Addition, for Leave to Issue California Subpoenas Duces Tecum for Martin Cervantes, Esq., Centinela Hospital and Garrett O'Connor, M.D., and for Other Relief; (3) to Preclude Claimant from Calling an Economist in Support of His Alleged Damages; (4) to Compel Claimant to Disclose All Air Carriers with Whom He Has Sought Employment since Being Terminated, with the Exception of Omni Air; (5) to Compel Claimant to Disclose All Entities Against Whom

He Has Made Prior Claims; and (6) to Compel Claimant to Submit to an Oral Deposition, dated June 13, 2007.

FURTHER AFFIANT SAYETH NAUGHT.

_____
CARL H. OSAKI

Subscribed and sworn to before me this 15th day of June 2006.

_____
Notary Public, State of Hawaii
Name of Notary: Allison M. K. Osaki
My Commission expires: 12-13-09