# CARL H. OSAKI
*Attorney At Law, A Law Corporation*
Pioneer Plaza, Suite 1510
900 Fort Street
Honolulu, Hawaii 96813
Telephone: (808) 528-4666
Facsimile: (808) 529-0764

March 2, 2005

Mr. Martin Ventress
5042 Wilshire Boulevard, #310
Los Angeles, CA 90036

RE:  Ventress v. Hawaii Aviation Contract Services, Inc.
     Case Number:    50 116 T 00587 04

Dear Mr. Ventress:

I am in receipt of your letter of February 18, 2005. Although it states that it was sent via facsimile transmission, as well as mailed via certified mail, I never received a facsimile transmitted copy. I obtained the mailing via certified mail on March 2, 2005.

In the future, please serve documents pursuant to Rule 39 of the Commercial Rules. In addition, if you represent that you have sent documents via facsimile, please be sure that you do so.

I do not know the source for the quoted portion of your letter. However, and even assuming that the quoted language exists somewhere in the literature of the American Arbitration Association ("AAA"), I do not believe that the language means what you say.

As I interpret the language that you quote, the AAA desires employers who promulgate and implement alternative dispute resolution ("ADR") plans, which utilize the AAA, to notify the AAA of such a plan. It appears that the AAA desires to know, prior to the implementation of such a plan, that it will be designated as the ADR service provider.

That language is not a basis upon which you can obtain documents. In addition, you should review my letter of August 12, 2004, directed to your former attorney, Ms. Venetia Carpenter-Asui, which addressed the production of documents issue.

In your search for future employment in the aviation industry, HACS intends to comply with the requirements of the Pilot Records Improvement Act. HACS will not simply hand over such records to you, especially because HACS does not know how you will use them.

Thus, in specific response to your requests set forth on page 2 of your letter, HACS responds as follows:

First, the request is improper under the Commercial Rules and HACS declines to substantively respond.

Second, this matter is held in abeyance in any case.

Mr. Martin Ventress
March 2, 2005
Page 2

Third, your contract includes the arbitration provision, which provides for AAA administration under its Commercial Rules. There is nothing broader than that. Indeed, HACS did not comply with the protocol imbedded in the language you quote in your letter.

Fourth, HACS declines to respond to your request for employment records, including medical records, for the reasons stated above.

I have provided Mr. Chang with an authorization to obtain and use your medical information and records in this arbitration. Such information is material to the claims and defenses in this arbitration, and you have put your mental state at issue as well. Please execute it and return it to Mr. Chang when he provides it to you.

I am not sure of the authority upon which you intend to move to compel. Please enlighten me on the source of that authority, as well as the substance of the points that would justify such a motion and prevent it from being frivolous.

Thank you for your attention to this matter.

Very truly yours,

CARL H. OSAKI

c:   Hawaii Aviation Contract Services, Inc.