## Carl Osaki

**From:** Carl Osaki [cho@hawaii.rr.com]
**Sent:** Friday, March 23, 2007 1:06 AM
**To:** 'Boyd Mossman'
**Cc:** Allison Kubo (E-mail); Brigitte Omane (E-mail); Martin Ventress (E-mail)
**Subject:** 3/23 -- RE: Ventress v. HACS - Respondent depos

Judge Mossman:

I understand that Mr. Ventress' questions surround the discovery into the health care providers he identified as expert witnesses on his behalf. Long ago -- I do not have the exact date off-hand -- my recollection is that I requested that Mr. Ventress execute authorizations to release his medical records. Mr. Ventress had not done that. Right after we had the status conference in early February, I asked Mr. Ventress for various information to facilitate discovery. He did not respond. Included in my request was a request for his availability for oral deposition. I had wanted to conduct such a deposition so that I could focus my discovery; for example, Mr. Ventress may have had prior claims of discrimination and I wanted to obtain information about those claims because they are not generally available. I informed Mr. Ventress that time was of the essence. He did not respond. On March 1, 2007, I again inquired of him for the same information. Again, he did not respond. I then considered how I was supposed to conduct discovery upon his experts, especially since he did not supply addresses for many of these out-of-state witnesses. I also had a problem because some of the experts were in California, and that state has its own time constraints on notice requirements for records' depositions. I also wanted to be sure that the deponent would be in a position to respond. Because Mr. Ventress' federal action is still pending, and stayed, it supplied a convenient route to out-of-state records depositions. I could sign the subpoenas and the process servers would have a much easier time processing the subpoenas in California; rather than to open a separate proceeding, which would have eaten up more time. Frankly, I figured that none of the deponents would produce absent a signed authorization, and I figured that I would have problems obtaining Mr. Ventress' cooperation in executing such authorizations. My concerns were realized. I sent Mr. Ventress authorizations in both PDF and Word Perfect formats, and also served him with the deponent notices. He, predictably, has not responded. Instead, he has complained about procedures that have largely been brought about and necessitated by his own non-cooperation in discovery. Because using the federal action does indeed supply a swift route to service of out-of-state records' deposition subpoenas, I instructed my staff to contact all such deponents to request that they NOT respond to the subpoenas, absent an executed authorization from Mr. Ventress (One such witness has informed my office that there are no such records). I will concurrently file a motion to compel, both Mr. Ventress' oral deposition, and his execution of the authorizations to release medical records.

I did not intend to overstep the Arbitrator's authority, or to side-step it. I was trying to deal with discovery upon Mr. Ventress' expert witnesses when he would not cooperate in facilitating that discovery. Had I not done that, I felt that I would have been put in a position where I could not obtain such records because of California notice requirements.

If you require further information, please let me know, and I will be happy to supply you with all of the information I have in my possession.

Carl H. Osaki, Esq.
900 Fort Street, Ste. 1510
Honolulu, HI 96813

-----Original Message-----
**From:** Boyd Mossman [mailto:boydpm@earthlink.net]
**Sent:** Wednesday, March 21, 2007 10:30 PM
**To:** cho@hawaii.rr.com
**Cc:** omaneb@adr.org
**Subject:** FW: Ventress v. HACS - Respondent depos



6/15/2007

Mr. Osaki,

Please advise as to the attached. Mahalo.

Judge Mossman

**From:** J Ventress [mailto:momdadventress@hotmail.com]
**Sent:** Wednesday, March 21, 2007 10:07 AM
**To:** Boyd Mossman
**Cc:** omaneb@adr.org; cho@hawaii.rr.com
**Subject:** RE: Ventress v. HACS - Respondent depos

Dear Honorable Boyd Mossman:

Thank you for your attention to this matter.
I respectfully ask you to consider the attached letter... Thank you!

Regards,

Martin Ventress

> Date: Tue, 20 Mar 2007 20:03:05 -0400
> From: boydpm@earthlink.net
> To: Momdadventress@hotmail.com; cho@hawaii.rr.com
> Subject: Respondent depos
> CC: omaneb@adr.org
>
> Gentlemen:
>
> Per Mr. Ventress email objection to the subpoenas issued by Mr. Osaki, as Arbitrator I need to approve subpoenas for discovery and trial; however, if there is a current civil case pending, I do not have authority over that case and Mr. Osaki can use that proceeding to conduct discovery relating to that case. If it is the same information being requested, it is not a fraud or false representation so long as the court case is legitimately continuing.
>
> Mr. Ventress' notice to the witnesses to the contrary can only lead to making the conduct of this case more difficult. If Mr. Osaki is proceeding in this case by utilizing a court case no longer pending then that cannot be permitted.
>
> Mr. Ventress has submitted subpoenas for his witnesses for trial which I signed.
> I expect that Brigette will forward same to Mr. Osaki.
>
> As for any discovery depos, I have not signed any.
>
> I would ask Mr. Osaki to confirm to me that the court case is still pending and if so then Mr. Ventress is instructed to advise the witnesses that this is legitimate and that they should cooperate. If not, then Mr. Osaki must seek subpoenas through myself.
>
> Judge Mossman

It's tax season, make sure to follow these few simple tips Check it out!