# Carl Osaki

| | |
|---|---|
| From: | Carl Osaki [cho@hawaii.rr.com] |
| Sent: | Thursday, May 24, 2007 11:37 AM |
| To: | Brigitte Omane (E-mail) |
| Cc: | Allison Kubo (E-mail); Martin Ventress (E-mail) |
| Subject: | 5/24 Ventress v. HACS - status of document discovery effort by HACS and request for resolution of pending issues related thereto |

Ms. Omane:

I am following up on my letter to you of May 16, 2007, regarding my effort to obtain non-privileged document discovery from claimant's former attorney, Martin Cervantes, Esq. Mr. Cervantes' intent appears to be non-compliance.

My question is: What does AAA do in the instance of a non-compliant deponent? I know that I can either open a special proceeding in court in order to obtain documentary discovery, or I can use the pending federal action to do the same. That way, I would have a judicial forum available to enforce a subpoena. I do not know how the AAA intends to enforce its subpoena. If you can enlighten me on that, I would appreciate it.

Presently, my discovery effort as to Mr. Cervantes is lodged between a rock and a hard place. Mr. Cervantes calls the AAA subpoena "bogus." Claimant, on the other hand, terms subpoenas issuing from the pending federal court action "fraudulent." I, therefore, am in need of your directions.

I am also following up on the discovery from the health care providers identified by claimant. As you will recall, the Arbitrator ordered claimant to have the health care provider witnesses produce documents. See Arbitrator's Prehearing Order No. 4 On Respondent's Motion To Compel ("Order No. 4"); Arbitrator's Prehearing Order No. 5 On Respondent's Motion To Continue ("Order no. 5"). These witnesses are as follows: William Frank Brath; Garrett O'Connor; Bryan K. Nichols, Ikichukwu Ohiaeri and Jack H. Scaff. See Order, No. 4. Claimant was to have sent these witnesses authorizations to release his medical records. See Order No. 5. Claimant says that he has provided these authorizations, although he has not provided copies of these authorizations to me.

The status of discovery upon these witnesses is as follows:

      Dr. Scaff:      Dr. Scaff informs that he is ready to produce claimant's medical records. I will pick them up and make copies.

      Dr. Nichols:      Dr. Nichols received a letter from claimant, and while he initially informed my office that he would produce claimant's medical records, he subsenquently informed me that he re-interpreted claimant's letter as not authorizing him to release claimant's medical records. I have not seen claimant's letter to Dr. Nichols, so I cannot comment on Dr. Nichols' position. All I know is that Dr. Nichols feels that he does not have claimant's authorization to release his medical records. Claimant should be made to clarify to Dr. Nichols that Dr. Nichols does, in fact, have claimant's authorization to release his medical records. Otherwise, claimant will remain in violation of Order No. 5.

      Dr. Ohiaeri:      Through a deposition upon written questions of Jason Hazelitt, the custodian of records at Foothill Behavioral Health Consultants, 16519 Victor Street, Victorville, California, Dr. Ohiaeri produced no records pertaining to claimant because they do not have any such records.

      Dr. Brath:      Dr. Brath's office informs that claimant's records would most likely be at Centinela Hospital, Airport Medical Clinic, 9601 S. Sepulveda Blvd., Los Angeles, California 90045 ("Centinela"). Dr. Brath's staff states that he has no control over claimant's records at Centinela. I am, therefore, sending you via courier a AAA subpoena duces tecum directed to Centinela seeking production of cliamant's medical records, along with courier pouches to the Arbitrator; back to you; and back to me to facilitate the processing of the subpoena. Because I do not have possession of any executed authorizations to release medical records from claimant, I also request that you direct claimant to authorize the release of his medical records at Centinela.

      Dr. O'Connor:      Dr. O'Connor's office claims that he was not served with the subpoena. Rather than have a dispute about that, I am also sending you via courier a AAA subpoena duces tecum directed to Dr. O'Connor seeking production of claimant's medical records, along with courier pouches to the Arbitrator; back to you; and back to me to facilitate the processing of the subpoena. Because I do not have possession of any executed authorizations to release medical records from claimant, I also request that you direct claimant to authorize the release of his medical records in Dr. O'Connor's possession.

EXHIBIT O

Thank you for your attention to these pending matters. I appreciate your assistance.

Carl H. Osaki, Esq.