CARL H. OSAKI  4008-0
Attorney At Law, A Law Corporation
Pioneer Plaza, Suite 1510
900 Fort Street
Honolulu, Hawaii  96813
Telephone:  (808) 528-4666

Attorney for Defendant
HAWAII AVIATION CONTRACT
SERVICES, INC.

INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION

STATE OF NEW YORK

| | |
|---|---|
| MARTIN VENTRESS,<br><br>          Claimant,<br><br>      vs.<br><br>HAWAII AVIATION CONTRACT<br>SERVICES, INC.,<br><br>        Respondent. | CASE NO. 50-116-T-00587-04<br><br>RESPONDENT HAWAII AVIATION<br>CONTRACT SERVICES, INC.'S<br>MOTION:  (1) TO COMPEL<br>CLAIMANT TO COMPLY WITH<br>ARBITRATOR'S PREHEARING ORDER<br>NO. 4 ON RESPONDENT'S MOTION<br>TO COMPEL, AND ARBITRATOR'S<br>PREHEARING ORDER NO. 5 ON<br>RESPONDENT'S MOTION TO<br>CONTINUE, AND ALTERNATIVELY,<br>FOR AN ORDER PROHIBITING<br>CLAIMANT FROM INTRODUCING OR<br>RELYING ON ANY MEDICAL<br>INFORMATION RELATED TO THE<br>REQUIRED DISCLOSURE OF<br>INFORMATION CONTAINED IN<br>ARBITRATOR'S PREHEARING ORDER<br>NO. 4 ON RESPONDENT'S MOTION<br>TO COMPEL, AND ARBITRATOR'S<br>PREHEARING ORDER NO. 5 ON<br>RESPONDENT'S MOTION TO<br>CONTINUE; (2) IN ADDITION,<br>FOR LEAVE TO ISSUE CALIFORNIA<br>SUBPOENAS DUCES TECUM FOR<br>MARTIN CERVANTES, ESQ.,<br>CENTINELA HOSPITAL AND<br>GARRETT O'CONNOR, M.D., AND<br>FOR OTHER RELIEF; (3) TO<br>PRECLUDE CLAIMANT FROM<br>CALLING AN ECONOMIST IN<br>SUPPORT OF HIS ALLEGED<br>DAMAGES; (4) TO COMPEL<br>CLAIMANT TO DISCLOSE ALL AIR<br>CARRIERS WITH WHOM HE HAS<br>SOUGHT EMPLOYMENT SINCE BEING<br>TERMINATED, WITH THE<br>EXCEPTION OF OMNI AIR; (5) TO |

EXHIBIT P

|   | |
|---|---|
| ) | COMPEL CLAIMANT TO DISCLOSE |
| ) | ALL ENTITIES AGAINST WHOM HE |
| ) | HAS MADE PRIOR CLAIMS; AND |
| ) | (6) TO COMPEL CLAIMANT TO |
| ) | SUBMIT TO AN ORAL DEPOSITION; |
| ) | MEMORANDUM IN SUPPORT; |
| ) | AFFIDAVIT OF CARL H. OSAKI; |
| ) | EXHIBITS "A" THROUGH "G;" |
| ) | CERTIFICATE OF SERVICE |
| ) | |
| ) | |
| ) | Arbitration: |
| ) | Week of July 2, 2007 |
| ) | |

RESPONDENT HAWAII AVIATION CONTRACT SERVICES, INC.'S
MOTION (1) TO COMPEL CLAIMANT TO COMPLY WITH
ARBITRATOR'S PREHEARING ORDER NO. 4 ON RESPONDENT'S
MOTION TO COMPEL, AND ARBITRATOR'S PREHEARING ORDER NO. 5
ON RESPONDENT'S MOTION TO CONTINUE, AND ALTERNATIVELY,
FOR AN ORDER PROHIBITING CLAIMANT FROM INTRODUCING OR
RELYING ON ANY MEDICAL INFORMATION RELATED TO THE
REQUIRED DISCLOSURE OF INFORMATION CONTAINED IN
ARBITRATOR'S PREHEARING ORDER NO. 4 ON RESPONDENT'S
MOTION TO COMPEL, AND ARBITRATOR'S PREHEARING ORDER NO. 5
ON RESPONDENT'S MOTION TO CONTINUE; (2) IN ADDITION,
FOR LEAVE TO ISSUE CALIFORNIA SUBPOENAS DUCES TECUM FOR
MARTIN CERVANTES, ESQ., CENTINELA HOSPITAL AND
GARRETT O'CONNOR, M.D., AND FOR OTHER RELIEF;
(3) TO PRECLUDE CLAIMANT FROM CALLING AN ECONOMIST IN
SUPPORT OF HIS ALLEGED DAMAGES; (4) TO COMPEL CLAIMANT
TO DISCLOSE ALL AIR CARRIERS WITH WHOM HE HAS SOUGHT
EMPLOYMENT SINCE BEING TERMINATED, WITH THE EXCEPTION
OF OMNI AIR; (5) TO COMPEL CLAIMANT TO DISCLOSE ALL
ENTITIES AGAINST WHOM HE HAS MADE PRIOR CLAIMS; AND
<u>(6) TO COMPEL CLAIMANT TO SUBMIT TO AN ORAL DEPOSITION</u>

Respondent Hawaii Aviation Contract Services, Inc.

("HACS"), by and through its counsel, requests various relief

related to several outstanding discovery issues, as follows:

1.    Claimant Martin Ventress' ("Claimant") failure to

have his health care provider witnesses produce documents related

to Claimant.  HACS seeks compel orders, and a reopening of the

arbitration hearing to allow HACS to introduce such evidence if

Claimant does not afford their production prior to the start of

the hearing. Reopening should not be necessary because the health care provider witnesses should be able to produce the documents once they receive Claimant's authorization, and no records' deposition should be necessitated.

2.    Claimant's former attorney, Martin Cervantes, Esq.'s disregard of the American Arbitration Association subpoena duces tecum. In lieu of re-inventing the wheel and serving him with a judicial subpoena duces tecum, HACS seeks an order establishing that Mr. Cervantes did, in fact, receive certain correspondence based on his responses or facsimile transmission confirmation sheets.

3.    Claimant's economic "expert." Claimant indicated that he would identify such an expert, but despite request for that identification, has not so identified such an expert. HACS seeks a preclusion order because it has not been afforded adequate notice of any such expert, nor has it been afforded the opportunity to contest the opinion of any such expert.

4.    Claimant's mitigation efforts. Claimant is under the legal duty to mitigate any alleged damages, and was asked to identify air carriers with whom he applied for employment. HACS has knowledge of one such carrier, OMNI, but Claimant has not disclosed any other. HACS seeks a compel order, and a reopening of the arbitration hearing to allow HACS to introduce such evidence if Claimant does not afford their production prior to the start of the hearing. Alternatively, HACS seeks a preclusion order, and a finding of a failure to mitigate.

5.    Claimant's claim history.  HACS is aware the Claimant may have asserted previous discrimination claims, possibly against a fire department in Southern California and an Air National Guard unit in Southern California.  Although asked about the specifics, Claimant has refused to disclose any information about these past claims.  HACS seeks a compel order, and a reopening of the arbitration hearing to allow HACS to introduce such evidence if Claimant does not afford their production prior to the start of the hearing.

6.    The oral deposition of Claimant.  Despite a request for clarification, it is not known whether Claimant intends to take the oral depositions of Linda Bicknell, Jack Scaff, Frank Tabata and Janice Murray.  That being the case, HACS seeks leave to take Claimant's deposition prior to the arbitration hearing.

This motion is made pursuant to the various prehearing orders issued by the Arbitrator, and Rule 34 of the Employment Rules, and is based on the memorandum in support and supporting affidavits and exhibits, and the records before the Arbitrator.

DATED:    Honolulu, Hawaii    JUN 13 2007    .


CARL H. OSAKI
Attorney for Respondent
HAWAII AVIATION CONTRACT
    SERVICES, INC.

3

INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION

STATE OF NEW YORK

MARTIN VENTRESS,                  )      CASE NO. 50-116-T-00587-04
                                  )
          Claimant,               )      MEMORANDUM IN SUPPORT OF
                                  )      MOTION
     vs.                          )
                                  )
HAWAII AVIATION CONTRACT          )
SERVICES, INC.,                   )
                                  )
          Respondent.             )
_____ )

MEMORANDUM IN SUPPORT OF MOTION

I.   INTRODUCTION

       With the arbitration hearing pending shortly, this
motion seeks to consolidate various outstanding discovery issues
for final resolution.

       First, Claimant Martin Ventress ("Claimant") remains in
violation of various prehearing orders that require him to insure
that the records of his health care professional witnesses are
turned over to Respondent Hawaii Aviation Contract Services, Inc.
("HACS").

       Second, Claimant's former attorney, Martin Cervantes,
Esq., has taken the position that an American Arbitration
Association subpoena duces tecum served upon him is "bogus."
HACS seeks leave to take this deposition upon written questions
by alternate means.

       Third, since the last round of aborted discovery by
Claimant Martin Ventress ("Claimant") with regard to the oral
depositions of Linda Bicknell and Dr. Jack Scaff (neither of

which occurred), there has been no effort on Claimant's part to conduct any oral deposition discovery. Claimant has not responded to an inquiry on whether he intends to take these depositions, as well as the depositions of Frank Tabata and Janice Murray. Thus, HACS seeks leave to conduct the oral deposition of Claimant, without regard to Claimant's intent to take any discovery.

Fourth, HACS seeks to preclude Claimant from introducing any testimony from an economics expert.

Fifth, HACS seeks disclosure of Claimant's mitigation efforts, if any, and Claimant's former claim history.

II.  ARGUMENTS

A.  Document Discovery From Claimant's Health Care Provider Witnesses

Claimant identified five health care professionals as witnesses on his behalf: William Frank Brath, Garrett O'Connor, Bryan K. Nichols, Ikechukwu Ohiaeri and Jack H. Scaff. HACS sought document production from these witnesses, utilizing the vehicle of the pending stayed federal court action, in order to facilitate this discovery.

In Arbitrator's Prehearing Order No. 4 On Respondent's Motion To Compel ("Order NO. 4"), the Arbitrator ordered:

> Motion is granted to the extent that Claimant is ordered to no later than March 27, 2007, advise and insure that all those who have been noticed by Respondent be authorized by Claimant to provide medical and other records as designated in the subpoenas. These persons would be Doctors William Frank Brath, Garrett O'Connor, Bryan K. Nichols, Ikechukwu

2

Ohiaeri and Jack H. Scaff and their
Custodians of Records.

In Arbitrator's Prehearing Order NO. 5 On Respondent's

Motion To Continue ("Order No. 5"), the Arbitrator ordered:

Claimant is to insure that the previously
ordered releases for medical records be
properly provided the identified doctors and
their custodians of record and that
Respondent have access to same.

In Arbitrator's Prehearing Order No. 6 Continuing

Hearing ("Order No. 6"), the Arbitrator ordered:

As previously ordered, Clamant is to insure
that documents sought by Respondent have been
released and are available to Respondent for
records depositions.

To date, HACS has been able to obtain only documents

from Jack H. Scaff.

Ikechukwu Ohiaeri, through a deposition upon written

questions of Jason Hazelitt, the custodian or records at Foothill

Behavioral Health Consultants, 16519 Victor Street, Victorville,

California, produced no records pertaining to Claimant because

they do not have any such records.

William Frank Brath informs HACS that Claimant's

records would most likely be at Centinela Hospital, Airport

Medical Clinic, 9601 S. Sepulveda Blvd., Los Angeles California

90045. Dr. Brath's staff informs that Dr. Brath has no control

over these records. It is not known whether Claimant has

provided the required release to Dr. Brath.

3

Garrett O'Connor claims that he was not served with a subpoena duces tecum. It is not known whether Claimant has provided the required release to Dr. O'Connor.

Bryan K. Nichols initially stated that he would produce Claimant's documents, but subsequently informed HACS' counsel's office that he re-interpreted a letter he received from Claimant to not authorize him to release such records. See Exhibit A.

Thus, at issue are the records from Centinela Hospital, Dr. O'Connor and Dr. Nichols. Despite request, Claimant has not provided copies of the authorizations to release his medical records to HACS. See Exhibit B. However, it is absolutely known that Claimant's letter to Dr. Nichols has been interpreted by Dr. Nichols as to NOT authorize him to release medical records.

In light of the mystery of what Claimant has told these health care provider witnesses, HACS requests the following relief:

1.    An order that Claimant immediately turn over any and all medical records he has in his possession from Centinela Hospital and Drs. O'Connor and Nichols.

2.    An order requiring Claimant to produce the letters he sent to Drs. O'Connor and Nichols regarding his purported authorization to release medical records, and to require Claimant to produce adequate authorizations to release medical records from Centinela Hospital, Dr. O'Connor and Dr. Nichols, all under the supervision of the Arbitrator.

4

3.    Leave to HACS to obtain the medical records of Claimant from Centinela Hospital, and Drs. Nichols and O'Connor, with adequate authorizations to release from Claimant, and leave to reopen the arbitration hearing to introduce such documentation in evidence should HACS not be able to obtain such records in a timely manner.  In fact, the last part of the relief sought should not be necessary because an adequate authorization to release medical records should be sufficient for these witnesses to release the medical records without the formality of a records' deposition.

4.    Alternatively, barring Claimant from relying on any information contained in any such records.

B.    <u>Document Discovery From Claimant's Former Attorney</u>

HACS served Claimant's former attorney, Martin Cervantes, Esq., with a AAA subpoena duces tecum, seeking non-privileged documents related to Mr. Cervantes' written communications with HACS' counsel.  Mr. Cervantes responded that the AAA subpoena duces tecum was "bogus," and has refused to comply with the subpoena duces tecum.  <u>See</u> Exhibit C.

In lieu of requesting leave to serve Mr. Cervantes with a judicial subpoena duces tecum, HACS requests an order that Mr. Cervantes did, in fact, receive letters from HACS' counsel, dated December 13, 2002, January 24, 2003 and January 29, 2003, true and correct copies of which are attached as Exhibits D, E & F, respectively.  Such an order would be based on (1) the fact that Mr. Cervantes responded to Exhibit F, as evidenced by his

5

letter, dated January 28, 2003, a true and correct copy of which is attached as Exhibit G; and (2) the facsimile transmission confirmation sheets attached to Exhibits D and F, which show that Exhibits D and F were successfully transmitted to Mr. Cervantes' offices.

B.    Claimant's Oral Deposition

Order No. 4 and Order No. 5 tied Claimant's oral deposition to the depositions by Claimant of Frank Tabata and Janice Murray.  See Order No. 4, at para. 2; Order No. 5 at paras. 3-5.  Arbitrator's Prehearing Order No. 7 On Motions For Protective Order provided for Claimant's attempts to depose Linda Bicknell and Dr. Jack Scaff.  Claimant did not take either Ms. Bicknell's or Dr. Scaff's depositions.  Claimant has not requested to take the depositions of Mr. Tabata or Ms. Murray.

HACS, therefore, seeks leave to take Claimant's oral deposition.

C.    Information Requested Of Claimant Re Mitigation And Other Claims

HACS requested information from Claimant regarding (1) the air carriers with whom he applied for employment, with the exception of OMNI Air; and (2) the entities against whom Claimant has filed previous claims.  HACS is aware that Claimant applied for a job with OMNI and was rejected.  HACS is also aware of information regarding past claims that Claimant has asserted against other entities including a fire department in or around Los Angeles, and possibly an Air National Guard unit.  Claimant has ignored these requests for information.

HACS seeks an order compelling Claimant to disclose this information immediately.

DATED:    Honolulu, Hawaii _____ JUN 1 9 2007 _____.

_____

CARL H. OSAKI
Attorney for Respondent
HAWAII AVIATION CONTRACT
    SERVICES, INC.

7

INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION

STATE OF NEW YORK

MARTIN VENTRESS,                )       CASE NO. 50-116-T-00587-04
                                )
            Claimant,           )       AFFIDAVIT OF CARL H. OSAKI
                                )
      vs.                       )
                                )
HAWAII AVIATION CONTRACT        )
SERVICES, INC.,                 )
                                )
            Respondent.         )
_____ )

### AFFIDAVIT OF CARL H. OSAKI

STATE OF HAWAII              )
                            )   SS.
CITY AND COUNTY OF HONOLULU )

CARL H. OSAKI, being first duly sworn upon oath deposes and says that:

1.    I am the attorney for Respondent in the above-entitled matter and am competent to testify as to the matters set forth herein;

2.    Attached as Exhibit A is a true and correct copy of a letter dated May 14, 2007, from myself to Bryan K. Nichols, Ph.D.

3.    Attached as Exhibit B is a true and correct copy of an e-mail dated May 24, 2007, from myself to Ms. Brigitte Omane.

4.    Attached as Exhibit C is a true and correct copy of a letter dated May 1, 2007, from Martin A. Cervantes, Esq., to myself.

5.    Attached as Exhibit D is a true and correct copy of a letter dated December 13, 2002, from myself to Martin A. Cervantes, Esq.

6.    Attached as Exhibit E is a true and correct copy of a letter dated January 24, 2003, from myself to Martin A. Cervantes, Esq.

7.    Attached as Exhibit F is a true and correct copy of a letter dated January 29, 2003, from myself to Martin A. Cervantes, Esq.

8.    Attached as Exhibit G is a true and correct copy of a letter dated January 28, 2003, from Martin A. Cervantes, Esq., to myself.

FURTHER AFFIANT SAYETH NAUGHT.

CARL H. OSAKI

Subscribed and sworn to before me this 13ᵗʰ day of June 2007.

Notary Public, State of Hawaii
Name of Notary:  Allison M. K. Osaki
My Commission expires:  12-13-09

2

**CARL H. OSAKI**

*Attorney At Law, A Law Corporation*
Pioneer Plaza, Suite 1510
900 Fort Street
Honolulu, Hawaii 96813
Telephone: (808) 528-4666
Facsimile: (808) 529-0764

May 14, 2007

Bryan K. Nichols, Ph.D.
9911 W. Pico Boulevard
Los Angeles, CA 90035

RE:    Ventress v. Hawaii Aviation Contract Services, Inc.
       AAA Case Number:   50 116 T 00587 04

Dear Dr. Nichols:

Thank you for your telephone call Thursday night. I understand that you interpret the letter that Mr. Ventress sent to you as NOT authorizing you to release his medical records to me. Because I have never seen a copy of Mr. Ventress' letter to you, I cannot comment on its substance. I do thank you for calling me personally to let me know of this development.

Very truly yours,

CARL H. OSAKI

cho/amk

c:    The Honorable Boyd P. Mossman
      Ms. Brigittte Omane
      Martin Ventress

## Carl Osaki

| | |
|---|---|
| **From:** | Carl Osaki [cho@hawaii.rr.com] |
| **Sent:** | Thursday, May 24, 2007 11:43 AM |
| **To:** | Brigitte Omane (E-mail) |
| **Cc:** | Martin Ventress (E-mail) |
| **Subject:** | 5/24 Ventress v. HACS - request for disclosure and production of claimant's authorization letters to the health care provider witnesses |

Ms. Omane:

Because Dr. Nichols has stated that he interprets claimant's "authorization" letter to him to NOT authorize him to release claimant's medical records to my office, I request that the AAA compel claimant to disclose and provide copies of the letters he sent to the five health care provider witnesses, pursuant to Arbitrator's Prehearing Order No. 4 On Respondent's Motoin To Compel, and Arbitrator's Prehearing Order No. 5 On Respondent's Motion To Continue.

I would like to see exactly what claimant told each of these witnesses as to the production of his medical records, and how Dr. Nichols could possibly interpret the letter he received from claimant as *not* authorizing him to release claimant's medical records.

Thank you for your attention to this matter.

Carl H. Osaki, Esq.

B

LAW OFFICES OF

# MARTIN A. CERVANTES

1706 Plum Lane, Suite 101
Redlands, California 92374
E-Mail: mac@cervanteslaw.org

Ontario Phone Numbers
(909) 941-2525
FAX (909) 941-2595

Redlands Phone Numbers
(909) 307-9590
FAX (909) 307-9580

May 1, 2007

Carl H. Osaki, esq.
Pioneer Plaza, Suite 1410
900 Fort Street
Honolulu, Hawaii 96813

    RE:    Martin Ventress vs. Hawaii Aviation Contract Services, Inc.

Dear Mr. Osaki:

I received what I believe to be a bogus subpoena duces tecum signed by an arbitrator before a dispute resolution company compelling me to appear and produce documents on May 18, 2007.

Unless you can provide me, by facsimile or e-mail, statutory authority for the validity of this supposed subpoena duces tecum, I will not appear on May 18, 2007. And, I will file an action in the State of California to recover the time I have expended in dealing with the process server and responding to this letter for a total of $550.00.

In any case, if by some chance this subpoena duces tecum is valid, you must provide me with witness fees according to statute, and you must provide me with a valid proof of service showing the claimant has received a copy of this subpoena duces tecum.

I suspect this bogus subpoena duces tecum violates various ethical and/or statutory standards. I have not decided how to proceed in that regard.

Sincerely,

MARTIN A. CERVANTES

MAC:grh
Via Facsimile Only

**CARL H. OSAKI**

Attorney At Law, A Law Corporation
Pioneer Plaza, Suite 1515
900 Fort Street
Honolulu, Hawaii 96813
Telephone: (808) 523-4666
Facsimile: (808) 529-0764

December 13, 2002

VIA Facsimile - (909) 941-2595

Martin A. Cervantes, Esq.
Law Offices of Martin A. Cervantes
Ontario Executive Center
3535 Inland Empire Boulevard
Ontario, CA 91764

RE:    Martin Ventress

Dear Mr. Cervantes:

Thank you for your telephone call of December 13, 2002.  You do what you determine to be proper for your client.  I just request that a courtesy copy of the complaint that you intend to file be faxed to me as soon as possible.

To repeat, Mr. Ventress is not terminated as of this date, and he knows it.  The allegations about something on a "board" are disputed and, even assuming for the sake of argument the truth of the statement, were not done with HACS' approval, authority, or ratification.

Your position with regard to the authorization to the medical department of JALways to access Mr. Ventress' psychological and psychiatric records is baffling.  The request for such authorizations did not originate with HACS.  Indeed, HACS had and has nothing to do with it.  My understanding is that the medical department of JALways needs to report to the JCAB, and that is the underlying reason for the requests.  To confirm, for your information, the JCAB is the rough equivalent to the FAA in Japan.

In my view, your client's complaints should be addressed to the JCAB, and not an American court.  However, that is just my view.

Very truly yours,

CARL H. OSAKI

cho/amk

c:    Mr. Frank Tabata
      Hawaii Aviation Contract Services, Inc.

Transmission Report

Date/Time
Local ID
Local Name
Company Logo

12-13-02; 3:54PM
529*0764
CARL OSAKI

This document was confirmed.
(reduced sample and details below)
Document Size  Letter-S

**CARL H. OSAKI**
Attorney at Law, A Law Corporation
Pioneer Plaza, Suite 1313
900 Fort Street
Honolulu, Hawaii 96813
Telephone: (808) 524-4666
Facsimile: (808) 524-4554

December 13, 2002

VIA Facsimile - (909) 941-2595

Martin A. Cervantes, Esq.
Law Offices of Martin A. Cervantes
Ontario Executive Center
3535 Inland Empire Boulevard
Ontario, CA 91764

RE:    Martin Ventress

Dear Mr. Cervantes:

Thank you for your telephone call of December 13, 2002.    You do what you determine to be proper for your client.  I just request that a courtesy copy of the complaint that you intend to file be faxed to me as soon as possible.

To repeat, Mr. Ventress is not terminated as of this date, and he knows it.  The allegations about something on a "board" are disputed and, even assuming for the sake of argument the truth of the statement, were not done with HACS' approval, authority, or ratification.

Your position with regard to the authorization to the medical department of JALways to access Mr. Ventress' psychological and psychiatric records is baiting.  This request for such authorizations did not originate with HACS.  Indeed, HACS had and has nothing to do with it.  My understanding is that the medical department of JALways needs to report to the JCAB, and that is the underlying reason for the requests.  To confirm, for your information, the JCAB is the rough equivalent to the FAA in Japan.

In my view, your client's complaints should be addressed to the JCAB, and not an American court.  However, that is just my view.

Very truly yours,

CARL H. OSAKI

cho/amk

c:    Mr. Frank Tabota
      Hawaii Aviation Contract Services, Inc.

Total Pages Scanned   : 1  Total Pages Confirmed : 1

| No. | Doc | Remote Station | Start Time | Duration | Pages | Mode | Comments | Results |
|----|-----|----------------|-----------|----------|-------|------|----------|---------|
| 1 | 878 | 19099412595-20622 | 12-13-02; 3:53PM | 60" | 1/  1 | G3 | | CP 9600 |

* Notes **
E: Error Correct
B: Broadcast Send
C: Completed
L: Local Scan

RE: Resend
MP: Multi-Poll
RM: Receive to Memory
LP: Local Print

PD: Polled by Remote
PG: Polling a Remote
DR: Document Removed
FO: Forced Output

MB: Receive to Mailbox
PI: Power Interruption
TM: Terminated by user
WT: Waiting Transfer

**CARL H. OSAKI**
*Attorney At Law, A Law Corporation*
Pioneer Plaza, Suite 1510
900 Fort Street
Honolulu, Hawaii 96813
Telephone: (808) 528-4666
Facsimile: (808) 529-0764

January 24, 2003

VIA Facsimile - (909) 941-2595

Martin A. Cervantes, Esq.
Law Offices of Martin A. Cervantes
Ontario Executive Center
3535 Inland Empire Boulevard
Ontario, CA 91764

RE:    Martin Ventress

Dear Mr. Cervantes:

It has now been a month and a half since I informed you that JALways was still waiting for Mr. Ventress' authorization so his psychologist and psychiatrist can both speak to them about Mr. Ventress' condition, and on their respective views on his condition. There has been no response from Mr. Ventress. My December 2002 letter followed several months in which Mr. Ventress knew what was expected of him, and still did nothing.

As I am certain you can understand, Hawaii Aviation Contract Services, Inc. ("HACS") cannot keep Mr. Ventress in a state of limbo, especially when he himself holds the key to the first step in returning to active duty. I will tell you that HACS' impression is that JALways does not desire to maintain Mr. Ventress on assignment under these circumstances. His contract provides for the consequences of losing that assignment. At this point, after several months of inaction on the part of Mr. Ventress, HACS can only assume that he is not interested in returning to work.

Very truly yours,

CARL H. OSAKI

cho/amk

c:    Hawaii Aviation Contract Services
      Mr. Frank Tabata

TOTAL P.04

**CARL H. OSAKI**

*Attorney At Law, A Law Corporation*
Pioneer Plaza, Suite 1510
900 Fort Street
Honolulu, Hawaii 96813
Telephone: (808) 528-4666
Facsimile: (808) 529-0764

January 29, 2003

VIA Facsimile - (909) 941-2595

Martin A. Cervantes, Esq.
Law Offices of Martin A. Cervantes
Ontario Executive Center
3535 Inland Empire Boulevard
Ontario, CA 91764

                    RE:    Martin Ventress

Dear Mr. Cervantes:

          This responds to your letter of January 28, 2003. First, let me clarify that my understanding of the request from the JCAB to Mr. Ventress for his authorizations, is for the purpose of allowing the JCAB to speak to his psychiatrist and psychologist about both of their respective findings. *This request originates from the JCAB.* HACS had and has nothing to do with the request. You may believe it is "calculated to jeopardize Mr. Ventress' interests in returning to work." Frankly, I doubt that the JCAB had that in mind, but I have no basis to second-guess what may be in the minds of those at the JCAB. However, I can say that it is irrelevant whatever you, or I, or anyone else thinks of the request from the JCAB. The JCAB, after all, is the agency that licenses Mr. Ventress to operate in the cockpit of a Japanese-flag carrier. To put it quite bluntly, because Mr. Ventress has not given the JCAB the authorizations it has been requesting for months, Mr. Ventress will have no opportunity to fly for JALways because the JCAB will not have a chance to review what it deems necessary in order to potentially clear him to fly.

          You have made it abundantly clear time and again that Mr. Ventress is not going to provide the aforementioned authorizations. I had wanted to be very certain that I was understanding your client's intentions correctly. You have made it clear in your letter of January 28, 2003, that Mr. Ventress is not going to provide the authorizations referenced above. Thank you for the clarity with which you have made Mr. Ventress' intention known.

          Second, Mr. Ventress' contract has not been terminated as of the above-referenced date. My client does not know what you are referring to when you reference the "board" where it is alleged that there was a public announcement of Mr. Ventress' termination. My client suspects that your client may have told you about a 12 x 12 magnetic board, upon which one can make marks using erasable magic markers. There are various categories noted

EXHIBIT F

Martin C. Cervantes, Esq.
January 29, 2003
Page 2

thereon, including "sick," "loa," and "terminating." Mr. Ventress' name appears under the category, "loa," which means leave of absence. His name was never under the category designated as "terminating." This is the only thing my client can think of to which Mr. Ventress is referring. I am not putting a "spin" on what my client has done. Either Mr. Ventress' contract is terminated or it is not. As of this date, it is not.

Third, Mr. Ventress is not, and has not been treated, "as though he were terminated." Under Japanese regulations, Mr. Ventress cannot fly. Thus, under the contract, he is on leave. He has exhausted his sick leave and his vacation time. He is thus on leave without pay. HACS has continued to provide his other contractual benefits during this period. If, as you allege, this is a "constructive termination," how is it that Mr. Ventress has accepted benefits provided by HACS? "Constructive termination" means an "involuntary quit." If one quits, then one leaves employment. Mr. Ventress has not left employment because he has continued to accept benefits of employment while on leave of absence under the contract.

Fourth, my client is not "back peddling." Frankly, my client, as well as JALways, have been at a loss as to why Mr. Ventress was not providing the JCAB with the authorizations it has requested. Apparently, Mr. Ventress has his own reasons for not doing so, and at least you have now made it very clear that Mr. Ventress is not going to provide those authorizations. To frame the facts very clearly, back in February 2002, Mr. Ventress was in fact cleared for flight duty. However, despite being cleared, he informed HACS that he could not report to work because of a court appearance related to his bankruptcy proceeding. HACS then arranged a schedule change so that Mr. Ventress could make that court appearance. Mr. Ventress then reported that he was still under stress and did not return to work. At this time, Mr. Ventress was specifically warned by Mr. Frank Tabata that, based on past experience with the JCAB, another report of "stress" by Mr. Ventress could place his JCAB medical license at risk. Mr. Tabata advised Mr. Ventress to take a leave of absence until he had cleared up his personal affairs, rather than declare that he was under "stress." Mr. Tabata went so far as to clear the way through JALways' personnel department in order for Mr. Ventress to take that personal leave. Instead of taking Mr. Tabata's advice, Mr. Ventress reported that he could not take leave, and went to a clinical psychologist. It, thus, did not come as a surprise to HACS that Mr. Ventress was declared unfit for flight duty again, because of an adjustment disorder. To date, Mr. Ventress has not been cleared, and he has forfeited any chance he had to be cleared because of his refusal to provide the JCAB with the authorizations it had been requesting for months.

Fifth, I am confused regarding the phraseology you use when you say that "it is a termination expressly made at your office." Are you implying that I terminated Mr. Ventress? If that is the meaning of that phrase, I must clarify it by stating that: (1) I have no authority to terminate Mr. Ventress; and (2) I have not terminated Mr. Ventress. If there is another meaning intended by that phrase, please let me know.

Sixth, in light of your clear statement that Mr. Ventress will not provide the authorizations requested by the JCAB, HACS will once again review Mr. Ventress' status under his contract. Mr. Ventress will hear directly from HACS regarding action that results from this review.



Martin C. Cervantes, Esq.
January 29, 2003
Page 3


Seventh, I look forward to receiving a copy of the complaint and a letter from you, as promised in your letter of January 28, 2003. I had asked you for a copy of the draft complaint before you filed it. In any case, I will respond as appropriate on behalf of HACS, depending on the allegations contained in the complaint and its forum and venue.

Very truly yours,


CARL H. OSAKI

cho/amk

c:      Hawaii Aviation Contract Services
        Mr. Frank Tabata

Broadcast Report

Date/Time
Local ID
Local Name
Company Logo

1-29-03; 2:35PM
529+0764
CARL OSAKI

Document Size   Letter-S

**CARL H. OSAKI**
Attorney At Law, A Law Corporation
Pacific Guardian Center, Makai Tower
733 Bishop Street, Suite 1740
Honolulu, Hawaii 96813
Telephone: (808) 528-4666
Facsimile: (808) 529-0764

January 29, 2003

VIA Facsimile - (909) 941-2595

Martin A. Cervantes, Esq.
Law Offices of Martin A. Cervantes
Ontario Executive Center
3535 Inland Empire Boulevard
Ontario, CA  91764

RE:   Martin Ventress

Dear Mr. Cervantes:

This responds to your letter of January 28, 2003.  First, let me clarify that my understanding of the request from the JCAB to Mr. Ventress for his authorizations, is for the purpose of allowing the JCAB to speak to his psychiatrist and psychologist about both of their respective findings.  *This request originates from the JCAB.*  HACS had and has nothing to do with the request.  You may believe it is "calculated to jeopardize Mr. Ventress' interests in returning to work."  Frankly, I doubt that the JCAB had that in mind, but I have no basis to second-guess what may be in the minds of those at the JCAB.  However, I can say that it is irrelevant whatever you, or I, or anyone else thinks of the request from the JCAB.  The JCAB, after all, is the agency that licenses Mr. Ventress to operate in the cockpit of a Japanese-flag carrier.  To put it quite bluntly, because Mr. Ventress has not given the JCAB the authorizations it has been requesting for months, Mr. Ventress will have no opportunity to fly for JALways because the JCAB will not have a chance to review what it deems necessary in order to potentially clear him to fly.

You have made it abundantly clear time and again that Mr. Ventress is not going to provide the aforementioned authorizations.  I had wanted to be very certain that I was understanding your client's intentions correctly.  You have made it clear in your letter of January 28, 2003, that Mr. Ventress is not going to provide the authorizations referenced above.  Thank you for the clarity with which you have made Mr. Ventress' intention known.

Second, Mr. Ventress' contract has not been terminated as of the above-referenced date.  My client does not know what you are referring to when you reference the "board" where it is alleged that there was a public announcement of Mr. Ventress' termination.  My client suspects that your client may have told you about a 12 x 12 magnetic board, upon which one can make marks using erasable magic markers.  There are various categories noted

| No. | Doc | Remote Station | Start Time | Duration | Pages | Mode | Comments | Results |
|-----|-----|----------------|------------|----------|-------|------|----------|---------|
| 1 | 721 | 19099412595-2006022 | 1-29-03; 2:25PM | 2'49" | 3/  3 | G3 | BC | CP 9600 |
| 2 | 721 | 8361266 | 2:30PM | 4'31" | 3/  3 | EC | BC | CP 12000 |

\* Notes \*\*
| | | |
|---|---|---|
| C: Error Correct | RE: Resend | PD: Polled by Remote | MB: Receive to Mailbox |
| C: Broadcast Send | MP: Multi-Poll | PG: Polling a Remote | PI: Power Interruption |
| P: Completed | RM: Receive to Memory | DR: Document Removed | TM: Terminated by user |
| S: Local Scan | LP: Local Print | FO: Forced Output | WT: Waiting Transfer |

MARTIN A. CERVANTES

ATTORNEY AND COUNSELOR AT LAW
ONTARIO EXECUTIVE CENTER
3535 INLAND EMPIRE BOULEVARD
ONTARIO, CALIFORNIA 91764
(909) 941-2525
FAX (909) 941-2595

## FAX TRANSMITTAL COVER SHEET

### TOTAL PAGES TRANSMITTED: 2 (including this transmittal)

**TO**         :     Carl H. Osaki, Esq.

**FAX NO.**    :     808-529-0764

**FROM**       :     Martin A. Cervantes, Esq.

**RE**         :     Martin Ventress

**DATE**       :     January 28, 2003

## COMMENTS:

\_\_\_\_\_  **Original will follow by mail.**
\_X\_   **No Original will follow by mail.**

**NOTICE**: THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED AND/OR CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS, VIA THE U.S. POSTAL SERVICE.

LAW OFFICES OF
# MARTIN A. CERVANTES

Ontario Executive Center
3535 Inland Empire Boulevard
Ontario, California 91764

Telephone: (909) 941-2525
Facsimile:  (909) 941-2595
e-mail: maclaw@gte.net

January 28, 2003

Carl H. Osaki, Esq.
Pioneer Plaza, Suite 1510
900 Fort Street
Honolulu, Hawaii 96813

     RE:   Martin Ventress

Dear Mr. Osaki:

In response to your facsimile of January 24, 2003, you well know that we spoke on the telephone regarding the issue of whether Mr. Ventress would authorize his psychologist and psychiatrist to speak. I clearly indicated to you that Mr. Ventress was not going to authorize such a request. It is totally unnecessary for both of these professionals to speak. Their respective findings speak for themselves and any suggestion that they need to discuss their views is an affront to both of their professionalism.

In my view, it is calculated to jeopardize Mr. Ventress' interests in returning to work.

I have advised you that the board at HACS clearly has indicated that Mr. Ventress is terminated. You can say what you want, you can put whatever spin on it you want, the fact of the matter is Mr. Ventress' termination was announced to the public and you have treated him as if though he were terminated. Now, at the eleventh hour, after I have advised you that a lawsuit was going to be filed (which now has been filed) you and your client are back peddling and trying to make this something it is not. Simply stated it is a termination expressly made at your office. Further, the conduct of your client also amounts to a constructive termination.

You will soon receive a letter from me outlining how we intend to proceed together with a copy of the lawsuit filed in Federal Court.

Sincerely,

MARTIN A. CERVANTES

MAC:grh
via Facsimile Only (808) 529-0764

INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION

STATE OF NEW YORK

MARTIN VENTRESS,                 )    CASE NO. 50-116-T-00587-04
                                 )
            Claimant,            )    CERTIFICATE OF SERVICE
                                 )
        vs.                      )
                                 )
HAWAII AVIATION CONTRACT         )
SERVICES, INC.,                  )
                                 )
            Respondent.          )
_____  )

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing document was duly served upon the following parties by means of U.S. Mail and via PDF email on

_____JUN. 1 3 2007_____.

THE HONORABLE BOYD P. MOSSMAN          MARTIN VENTRESS
boydpm@earthlink.net                   momdadventress@hotmail.com
P.O. Box 880061                        6124 HWY 6 North #101
Pukalani, HI  96788                    Houston, TX  77084

BRIGITTE OMANE
Omaneb@adr.org
International Centre for Dispute
Resolution
1633 Broadway, 10th Floor
New York, NY  10019

        DATED:    Honolulu, Hawaii    JUN. 1 3 2007_____.


                                   _____
                                   CARL H. OSAKI
                                   Attorney for Respondent
                                   HAWAII AVIATION CONTRACT
                                       SERVICES, INC.

3