LAW OFFICES OF
WILLIAM FENTON SINK

WILLIAM FENTON SINK #3546
Dillingham Transportation Bldg.
735 Bishop Street, Suite 400
Honolulu, Hawai'i 96813
Telephone: 531-7162

Attorney for Plaintiff
MARTIN VENTRESS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| MARTIN VENTRESS and JACK CRAWFORD,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>JAPAN AIRLINES; JALWAYS CO., LTD., A SUBSIDIARY OF JAPAN AIRLINES; HAWAI'I AVIATION CONTRACT SERVICES, INC,; DOES 1-10,<br><br>　　　　Defendants. | ) CIVIL NO. CV 03-451 SPK-LEK<br>)<br>)<br>) **PLAINTIFF MARTIN VENTRESS'**<br>) **INITIAL DISCLOSURES PURSUANT TO**<br>) **FRCP RULE 26(A)(1); CERTIFICATE**<br>) **OF SERVICE**<br>)<br>) Trial:　June 4, 2008<br>) Time:　9:00 a.m.<br>) Judge:　Samuel P. King<br>)<br>)<br>)<br>) |

**PLAINTIFF MARTIN VETRESS'**
**INITIAL DISCLOSURES PURSUANT TO FRCP RULE 26(A)(1)**

Plaintiff MARTIN VENTRESS, by and through his undersigned counsel, pursuant to Rule 26(A)(1), Federal Rules of Civil Procedure, the United States District Court for the District of Hawai'i, hereby submits Plaintiff's Initial Disclosures Pursuant to FRCP Rule 26(A)(1) as follows:

A. <u>Individuals Likely To Have Discoverable Information</u>.

Witnesses likely to have discoverable information concerning the incident underlying this lawsuit include the following:

I. <u>Lay Witnesses</u>:

   a. Plaintiff MARTIN VENTRESS, c/o William Fenton Sink, Esq., 735 Bishop Street, Ste. 400, Honolulu, Hawai'i 96813.

   Plaintiff may testify as to the wrongful termination, events listed in his complaint and his injuries and damages.

   b. Plaintiff JACK CRAWFORD, c/o Shawn A. Luiz, Esq., 800 City Center, 810 Richards Street, Honolulu, Hawai'i 96813.

   Plaintiff Crawford may testify as to his knowledge of the events listed in Plaintiff Ventress' complaint.

   c. Representative(s) for Defendant JAPAN AIRLINES, c/o Andrew L. Pepper, Esq., *Carlsmith Ball LLP*, 2200 American Savings Bank Tower, 1001 Bishop Street, Honolulu, Hawai'i 96813.

   A representative(s) for Defendant JAPAN AIRLINES may testify regarding the policies and procedures of Japan Airlines, and the events listed in Plaintiff's complaint.

   d. Representative(s) for Defendant JALWAYS CO., LTD., A SUBSIDIARY OF JAPAN AIRLINES, c/o Andrew L. Pepper, Esq., *Carlsmith Ball LLP*, 2200 American Savings Bank Tower, 1001 Bishop Street, Honolulu, Hawai'i 96813.

2

A representative(s) for Defendant JALWAYS CO., LTD., A SUBSIDIARY OF JAPAN AIRLINES may testify regarding the policies and procedures of JALWAYS CO., LTD., and the events listed in Plaintiff's complaint.

e.   Representative(s) for Defendant HAWAI'I AVIATION CONTRACT SERVICES, INC. c/o Carl Osaki, Esq., 1510 Pioneer Plaza, 900 Fort Street, Honolulu, Hawai'i 96813.

A representative(s) for Defendant HACS may testify regarding the policies and procedures of JAL and JALWAYS, and the events listed in Plaintiff's complaint.

f.   Traci Ansai, P.O. Box #3312224, Kahului, Hawai'i 96736.

Ms. Ansai was a secretary for HACS and was instructed to beg JALways pilots not to call in sick. Ms. Ansai may testify as to her knowledge of the events listed in Plaintiff's complaint.

g.   Alexander Bell, c/o HACS, 22 Lagoon Drive, Honolulu, Hawai'i 96819.

Mr. Bell is the co-founder and owner of Defendant HACS and may testify as to the policies and procedures of HACS and his knowledge of the events listed in Plaintiff's complaint.

h.   Linda Bicknell, 75-217 Nani Kailua Drive #142, Kailua-Kona, Hawai'i 96740.

Mrs. Bicknell is Jeff Bicknell's widow and knew Mr. Bicknell was sick, however, she does not have all the facts

regarding Mr. Bicknell's final flights with JAL and JALways. Mrs. Bicknell may testify as to her knowledge of the events listed in Plaintiff's complaint.

  i. Cpt. Philip Bonasera, c/o JALways Co., Ltd., 300 Rodgers Boulevard, Suite 24, Honolulu, Hawai'i 96819.

  Cpt. Bonasera is the individual responsible for the slanderous letter writing campaign within JALways. Cpt. Bonasera used the JALways office as an open forum as a means to slander Plaintiff Ventress. Cpt. Bonasera may testify as to his knowledge of the events listed in Plaintiff's complaint.

  j. Anthony Frieberg, 2920 Santa Inez Street, Minden, Nevada 89423.

  Mr. Frieberg is a former JALways flight engineer and also experienced an unsafe flight with Mr. Bicknell after arguing with Cpt. Hanami about Mr. Bicknell's health. Mr. Frieberg may testify as to the policies and procedures of JALways, his knowledge of the events listed in Plaintiff's complaint and his interaction with Plaintiff and/or any of the named Defendants.

  k. Cpt. Kasuo Hanami, c/o JALways Co., Ltd./JAL Bldg., 4-11 Higashi-Shinagawa 2 Chome, Shinagawa-ku, 140 Tokyo, Japan.

  Cpt. Hanami is the former JALways Hawai'i Vice President who is responsible for instructing Jeff Bicknell to operated Commercial Aircraft (DC-10) while extremely ill even after he was warned of the illness. Cpt. Hanami may testify as to the policies

and procedures of JALways and his knowledge of the events listed in Plaintiff's complaint.

l.   Katsudo Kamiyama, c/o JALways Co. Ltd./JAL Bldg., 4-11 Higashi-Shinagawa 2 Chome, Shinagawa-ku, 140 Tokyo, Japan.

Mr. Kamiyama is the Vice President of JALways Pilot Contracts and has declared that he has complete knowledge of the case. Mr. Kamiyama may testify as to the polices and procedures of JALways and his knowledge of the events listed in Plaintiff's complaint.

m.   Cpt. Michael Moore, England.

Cpt. Moore has submitted several "Safety Reports" to JAL during his 10 years of employment and every one of his safety reports were ignored. Cpt. Moore was also terminated by JAL as a result of the same medical excuse used to terminate Plaintiff Ventress. Cpt. Moore may testify as to the policies and procedures of JAL, his knowledge of the events listed in Plaintiff's complaint and his interaction with Plaintiff and/or any of the named Defendants.

n.   Cpt. Bruce Schoggen, 18124 Wedge Parkway #536, Reno, Nevada 89511.

Cpt. Schoggen was terminated as a result of the same medical excuse Plaintiff Ventress was terminated for. Cpt. Schoggen may testify as to his knowledge of the events listed in Plaintiff's complaint and his interaction with Plaintiff and/or any of the

named Defendants

    o.   Frank Tabata, c/o HACS, 22 Lagoon Drive, Honolulu, Hawai'i 96819.

Mr. Tabata is the former HACS President who blamed Plaintiff Ventress' termination on JAL and JALways. Mr. Tabata may testify as to the policies and procedures of HACS and his knowledge of the events listed in Plaintiff's complaint.

    p.   Lewis I. Zeigler, c/o United Department of Transportation - FAA, 831 Mitten Road, Room 105, Burlingame, California 94010.

Mr. Zeigler was a FAA Inspector and investigated claims regarding Defendants. Mr. Zeigler may testify as to his knowledge of the events listed in Plaintiff's complaint and his investigations and findings.

    q.   Custodian of records, William Brath, M.D., Billing Department, 8930 Sepulveda Boulevard, Suite 200, Los Angeles, California 90045.

    r.   Custodian of records, William Brath, M.D., Records Department, 8930 Sepulveda Boulevard, Suite 200, Los Angeles, California 90045.

    s.   Custodian of records, Garrett O'Connor, M.D., Billing Department, 5777 W. Century Blvd., Suite 1601, Los Angeles, California 90045.

6

t. Custodian of records, Garrett O'Connor, M.D., Records Department, 5777 W. Century Blvd., Suite 1601, Los Angeles, California 90045.

u. Custodian of records, Kenneth M. Karokin, Ph.D., Billing Department, University of Minnesota.

v. Custodian of records, Kenneth M. Karokin, Ph.D., Records Department, University of Minnesota.

w. Custodian of records, Brian Nichols, Ph.D., Billing Department, 9911 West Pico Boulevard, Suite 1550, Los Angeles, California 90035.

x. Custodian of records, Brian Nichols, Ph.D., Records Department, 9911 West Pico Boulevard, Suite 1550, Los Angeles, California 90035.

y. Custodian of records, Ike Ohiaeri, M.D., Records Department, 16519 Victor Street, Suite 406, Victorville, California 92392.

z. Custodian of records, Ike Ohiaeri, M.D., Billing Department, 16519 Victor Street, Suite 406, Victorville, California 92392.

aa. Custodian of records, Jack Scaff, M.D., Billing Department, Queen's Medical Center, POB III, Pacific Cardiology, 550 S. Beretania Street, Suite 601, Honolulu, Hawai'i 96813.

bb. Custodian of records, Jack Scaff, M.D., Records Department, Queen's Medical Center, POB III, Pacific Cardiology,

550 S. Beretania Street, Suite 601, Honolulu, Hawai'i 96813

    cc. Custodian of records for all witnesses listed on Plaintiff's or Defendants' pretrial statements, as amended.

    dd. Any and all non-expert witnesses identified on the Defendants' pretrial statement, as amended.

    ee. Other non-expert witnesses to be identified as discovery makes appropriate.

    ff. Rebuttal non-expert witnesses.

II. <u>Expert Witnesses</u>:

    gg. William Brath, M.D., 8930 Sepulveda Boulevard, Suite 200, Los Angeles, California 90045.

Dr. Brath may testify regarding Plaintiff's mental health care treatment and findings.

    hh. Garrett O'Connor, M.D., 5777 W. Century Blvd., Suite 1601, Los Angeles, California 90045.

Dr. O'Connor may testify regarding Plaintiff's mental health care treatment and findings.

    ii. Kenneth M. Karokin, Ph.D., University of Minnesota.

Dr. Karokin may testify regarding Plaintiff's mental health care treatment and findings.

    jj. Brian Nichols, Ph.D., 9911 West Pico Boulevard, Suite 1150, Los Angeles, California 90035.

Dr. Nichols may testify regarding Plaintiff's mental health care treatment and findings.

kk.  Ike Ohiaeri, M.D., 16519 Victor Street, Suite 406, Victorville, California 92392.

Dr. Ohiaeri may testify regarding Plaintiff's mental health care treatment and findings.

ll.  Jack Scaff, M.D., Queen's Medical Center, POB III, Pacific Cardiology, 550 S. Beretania Street, Suite 601, Honolulu, Hawai'i 96813.

Dr. Scaff may testify regarding Plaintiff's health care treatment.

mm.  Venetia Carpenter-Asui, Esq. 812 Haseko Center, 820 Mililani Street, Honolulu, Hawai'i 96813.

Ms. Carpenter-Asui was Plaintiff's former attorney and may testify as to her knowledge of Plaintiff's case.

nn.  Martin Cervantes, Esq., 1706 Plum Lane, Suite 101, Redlands, California 92374.

Mr. Cervantes was a former attorney of Plaintiff's and may testify as to his knowledge of Plaintiff's case.

Plaintiff reserves the right to identify additional lay and expert witnesses and to call those lay and expert witnesses identified by the other parties to this lawsuit.

Plaintiff reserves the right to identify and/or call other lay and expert witnesses at the time of trial based upon further investigation and discovery.

Plaintiff reserves the right to identify or call rebuttal expert witnesses as necessary.

B. Relevant Documents, Electronically Stored Information and Tangible Things.

The following documents may be used in support of Plaintiff in this lawsuit:

    a. Plaintiff Martin Ventress' medical records.

    b. Plaintiff Martin Ventress' employment records.

    c. All discovery requests in this case.

    d. Transcripts of oral depositions taken in this lawsuit and the HACS arbitration.

    e. All attorney's files and records.

    f. HACS/Ventress Contract.

    g. JALWAYS/HACS Contract.

    h. David Simmons, Esq. Post Brief (Schoggen Case)

    i. E-mails.

    j. Transcript of Judge Samuel P. King's ruling which was overturned by the 9th Circuit.

    k. Declarations/Affidavits.

    l. Documents from Lewis I. Zeigler of the FAA.

    m. Jeff Bicknell medical records.

    n. Ventress safety reports.

    o. Andrew Peeper, Esq. documents (i.e. threatening countersuit if lawsuit not dropped, denied requests for employment

10

records, other court submissions to the U.S.D.C. in California and Hawai'i).

Further, all nonprivileged documents on which this computation is based are available for inspection and copying at Plaintiff's and defendants' conveniences.

Plaintiff reserves the right to identify additional documents at the time of trial based upon further investigation and discovery or as necessary.

C.   Information Related to Calculation of Damages.

All nonprivileged documents on which this computation is based are available for inspection and copying.

D.   Insurance.

None.

DATED: Honolulu, Hawaii, SEP 0 4 2007.

_____
WILLIAM FENTON SINK
Attorney for Plaintiff
MARTIN VENTRESS

11

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| MARTIN VENTRESS and<br>JACK CRAWFORD,<br><br>           Plaintiffs,<br><br>   vs.<br><br>JAPAN AIRLINES; JALWAYS CO.,<br>LTD., A SUBSIDIARY OF JAPAN<br>AIRLINES; HAWAI'I AVIATION<br>CONTRACT SERVICES, INC,;<br>DOES 1-10,<br><br>           Defendants. | ) CIVIL NO. CV 03-451 SPK-LEK<br>)<br>) **CERTIFICATE OF SERVICE**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I caused a true and correct copy of the foregoing document to be duly served by hand delivery upon the following parties at the addresses listed below on the date of filing.

TO:   SHAWN A. LUIZ, ESQ.
      800 City Center
      810 Richards Street
      Honolulu, Hawai'i 96813

      Attorney for Plaintiff
      JACK CRAWFORD

      CARL H. OSAKI, ESQ.
      1510 Pioneer Plaza
      900 Fort Street
      Honolulu, Hawai'i 96813

      Attorney for Defendant
      HAWAI'I AVIATION CONTRACT SERVICES, INC.

      ANDREW L. PEPPER, ESQ.
      JOSEPH FRANCIS KOTOWSKI, III, ESQ.
      *Carlsmith Ball LLP*

```
          2200 American Savings Bank Tower
          1001 Bishop Street
          Honolulu, Hawai'i 96813

          Attorney for Defendants
          JAPAN AIRLINES, JALWAYS CO., LTD.
          A SUBSIDIARY OF JAPAN AIRLINES

                                          SEP 04 2007
Dated: Honolulu, Hawai'i, _____.

                          _____
                          WILLIAM FENTON SINK
                          Attorney for Plaintiff
                          MARTIN VENTRESS
```