CARLSMITH BALL LLP

| | |
|---|---|
| ANDREW L. PEPPER | 5141-0 |
| STEVEN M. EGESDAL | 4511-0 |
| JOSEPH F. KOTOWSKI | 7973-0 |

ASB Tower, Suite 2200
1001 Bishop Street
Honolulu, Hawaii 96813
Tel No. 808.523.2500
Fax No. 808.523.0842
apepper@carlsmith.com
segesdal@carlsmith.com
jkotowski@carlsmith.com

Attorneys for Defendants
JAPAN AIRLINES and JALWAYS CO., LTD.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARTIN VENTRESS and JACK CRAWFORD,<br><br>Plaintiffs,<br><br>vs.<br><br>JAPAN AIRLINES; JALWAYS CO., LTD.; HAWAII AVIATION CONTRACT SERVICES, INC.; and DOES 1-10, inclusive,<br><br>Defendants. | CIVIL NO. CV 03-00451 SPK-LEK<br><br>DECLARATION OF VENETIA K. CARPENTER-ASUI, ESQ. |

## **DECLARATION OF VENETIA K. CARPENTER-ASUI, ESQ.**

I, Venetia K. Carpenter-Asui, Esq., declare:

1. I am an attorney licensed to practice law in the State of Hawai'i, and I have been admitted to practice law before this Court. I make this Declaration on my personal knowledge and would be competent to testify on the matters stated herein.

2. I am former counsel to Plaintiff Martin Ventress in this lawsuit.

3. On January 27, 2005, I filed a Motion to Withdraw as Counsel for Plaintiff Martin Ventress.

4. On February 2, 2005, the Court granted my motion to withdraw as counsel for Plaintiff Martin Ventress. *See Order Granting Motion to Withdraw as Counsel for Plaintiff Martin Ventress*, dated 2/25/05.

5. Since my withdrawal as Plaintiff Martin Ventress' counsel in February of 2005, I have had no contact with Mr. Ventress and/or his various replacement counsel.

6. On information and belief, on September 5, 2007, Plaintiff Martin Ventress's current legal counsel, Willy Sink, named me as a testifying expert witness on behalf of Plaintiff Martin Ventress. *See Plaintiff Martin Ventress' Initial Disclosures Pursuant to FRCP [sic] 26(a)(1)*, § II (mm) (dated 9/5/07).

7. Before naming me as an expert witness for Plaintiff Martin Ventress, neither Mr. Ventress nor Willy Sink contacted me to either (a) retain me as an expert witness, or (b) determine whether I was willing to serve as an expert witness for Plaintiff Martin Ventress.

8. Mr. Sink's identification of me as an expert witness on behalf of Plaintiff Martin Ventress was a complete and unwelcome surprise, and it lacked the professionalism and interprofessional courtesies that I would have expected had Mr. Sink seriously intended to retain me as an expert witness.

9. I have not been retained as an expert witness by Willy Sink and/or on behalf of Plaintiff Martin Ventress.

10. I have not been paid to perform any services as an expert witness on behalf of Plaintiff Ventress or by his counsel, Willy Sink.

11. I have not been asked to review, analyze, or opine on any subject, fact, or issue relating to, pertaining to, or referring to the claims in these proceedings that have been asserted by Plaintiff Martin Ventress and that are being prosecuted by his counsel, Willy Sink.

12. I have formed no expert witness opinions in this matter.

13. I will not form any expert witness opinions in this matter.

14. I will refuse to form any expert witness opinions in this matter.

15. I will refuse to testify in this matter as an expert witness on behalf of Plaintiff Ventress or to assist his counsel, Willy Sink, in his prosecution of Plaintiff Ventress's claims.

16. I am unwilling to serve as an expert on behalf of Plaintiff Martin Ventress and/or to work as an expert witness for Willy Sink.

17. I refuse and decline to be retained or used as an expert witness in these proceedings on behalf of Plaintiff Ventress or by his counsel, Willy Sink.

18. I refuse and decline to perform any expert witness services in these proceedings on behalf of Plaintiff Ventress or for his counsel, Willy Sink.

19. I am not qualified by knowledge, skill, experience, training, or education to serve as an expert witness in this matter on behalf of Plaintiff Martin Ventress.

20. I do not have any scientific, technical, or other specialized knowledge that would assist the trier-of-fact in this matter to understand the evidence and/or to determine any fact at issue in this case.

21. Any expert testimony I might provide in this case would be solely in the forms of opinions and inferences where the underlying facts and data would not support such opinions and inferences and, thus, would indicate a lack of testimonial and evidentiary trustworthiness. Furthermore, any expert testimony by me in this case on behalf of Plaintiff Ventress and/or Mr. Sink would not be of the

type regularly relied upon by other experts in whatever field my testimony might relate and would not be of the type regularly relied upon by other experts in forming similar opinions and inferences on any given subject. My sense of professionalism would not allow me to present such testimony.

22. I am not qualified to testify as an expert witness in this matter.

23. In light of my sworn testimony herein, I respectfully ask that the Court grant a motion *in limine* or other similar motion or issue an order *sua sponte* that would block and prohibit any attempt by Plaintiff Ventress and/or his counsel, Willy Sink, from calling me as an expert witness in this matter.

This Declaration is filed pursuant to 28 U.S.C. § 1742(2). I declare under penalty of perjury that the foregoing is true and correct.

Executed in Honolulu, Hawaii, on September /3, 2007

_____
VENETIA K. CARPENTER-ASUI, ESQ.

[*Martin Ventress; et al. vs. Japan Airlines; et al.* (Civil No. CV03-00451 SKP-LEK); Declaration of Venetia K. Carpenter-Asui, Esq.]