CARLSMITH BALL LLP

ANDREW L. PEPPER          5141-0
STEVEN M. EGESDAL         4511-0
JOSEPH F. KOTOWSKI, III   7973-0
ASB Tower, Suite 2200
1001 Bishop Street
Honolulu, Hawaii 96813
Tel No. 808.523.2500
Fax No. 808.523.0842
apepper@carlsmith.com
segesdal@carlsmith.com
jkotowski@carlsmith.com

Attorneys for Defendants
JAPAN AIRLINES and JALWAYS CO., LTD.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARTIN VENTRESS and<br>JACK CRAWFORD,<br><br>          Plaintiffs,<br><br>     vs.<br><br>JAPAN AIRLINES; JALWAYS CO.,<br>LTD.; HAWAII AVIATION<br>CONTRACT SERVICES, INC.; and<br>DOES 1-10, inclusive,<br><br>          Defendants. | CIVIL NO. CV 03-00451 SPK-LEK<br><br>**REPORT OF DISCOVERY<br>CONFERENCE OF COUNSEL**;<br>CERTIFICATE OF SERVICE<br><br>DATE:  10/5/07<br>TIME:  2:00 p.m.<br>PLACE:  Offices of Carlsmith Ball<br>LLP<br><br><br>TRIAL DATE: June 24, 2008 |

4811-2710-0929.1.051729-00005

## REPORT OF DISCOVERY CONFERENCE OF COUNSEL

In anticipation of the Discovery Conference with Magistrate Judge Leslie E. Kobayashi, scheduled for Tuesday, October 9, 2007, and pursuant to Defendants Japan Airlines and Jalways Co., Ltd.'s **Notice of Discovery Conference of Counsel**, filed 9/6/07, a discovery conference was held at 2:00 p.m. on October 5, 2007, at the offices of Carlsmith Ball LLP.  Plaintiff MARTIN VENTRESS was represented by William Fenton Sink.  Plaintiff JACK CRAWFORD was represented by Shawn A. Luiz.  Defendants JAPAN AIRLINES and JALWAYS CO., LTD. were represented by Andrew L. Pepper, Steven M. Egesdal, and Joseph F. Kotowski, III.

The parties made the following decisions, agreements, and concessions regarding discovery in this matter.

1.    In order to expedite discovery in this matter, Plaintiffs counsel will each re-execute a *Protective Order Governing Confidentiality of Produced Documents* ("Protective Order") in a form identical to the Protective Order signed by their predecessor counsel and approved and entered by this Court on September 17, 2007.  To gain Court approval of the renewed Protective Orders, they shall be modified from the originals to remove paragraphs 7(b) and 7(c), which this Court previously has found objectionable and struck when entering the Protective Order.

2.    Any and all documents previously produced pursuant to the Protective Order shall continue to be treated in the manner specified in the Protective Order.  Any and all documents produced pursuant to Plaintiff Jack Crawford's First Request for

Production of Documents, dated 9/25/2007 ("Crawford's First Request For Documents"), shall be treated in the manner specified in the Protective Order or the renewed Protective Orders, whichever document(s) shall be applicable at the time that Defendant Jalways shall make actual production of documents pursuant to Crawford's First Request For Documents.

3.      All references in Crawford's First Request For Documents to "Japan Airlines" and/or "JAL" shall be struck from Crawford's First Request For Documents and the term "Jalways" shall be substituted for all references to "Japan Airlines" and/or "JAL." The due date for a Response by Defendant Jalways to Crawford's First Request For Documents shall be continued from October 25, 2007 to November 7, 2007.

4.      Various clarifications to ambiguous terms and narrowing of overly broad requests contained in Crawford's First Request For Documents were negotiated between counsel and agreed upon. In serving its Response to Crawford's First Request For Documents, Defendant Jalways shall respond on the basis of such negotiated and agreed upon clarifications and narrowing of overly broad requests.

5.      As a professional courtesy, the Response of Jalways to Crawford's First Request For Documents and any documents produced pursuant to Crawford's First Request For Documents shall be served upon counsel for Plaintiff Ventress (*i.e.*, William Fenton Sink), except to the extent that any such document(s) are produced pursuant to a protective order to

which Mr. Sink (or his predecessor counsel) is not a signatory. In such an instance, Mr. Sink may obtain copies of the produced documents upon signing an agreement to be bound by any protective order that covers the produced documents. The parties anticipate that re-execution of the Protective Order, as described above in paragraph #1, will obviate any problems or issues regarding the courtesy provision of copies of any and all documents produced pursuant to either of the Plaintiffs' individual document requests to counsel for the non-propounding plaintiff.

6.     The parties discussed Defendant Japan Airlines and Jalways Co., Ltd.'s **Notice of Availability of Embassy Deposition Dates and Japanese Ministry of Foreign Affairs Ban on Telephonic Depositions,** filed 9/26/07. In light of the difficulties and expense of taking discovery in Japan, Plaintiffs' counsel agreed (1) that they will neither seek nor take any discovery in Japan and (2) in making any request, pursuant to Fed. R. Civ. P. 56(f), to take discovery in furtherance of opposing any dispositive motion that references extrinsic evidence, Plaintiffs shall not base such requests on any discovery that would need to be taken in Japan and/or obtained from Japan-based witnesses over whom Plaintiffs are unable to obtain jurisdiction via issuance and service of a subpoena within the United States. Accordingly, the inability of Plaintiffs to obtain Japan-based evidence from Japan-based witnesses shall not provide the basis, in whole or part, for any Rule 56(f) discovery continuance of any dispositive motion.

7.    The parties discussed the fact that this case, as remanded by the Circuit Court of Appeal for the Ninth Circuit on April 24, 2007, has been substantially narrowed given the affirmance of Judge King's issuance of summary judgment on Counts IV and V (*i.e.*, the emotional distress claims) and that only Counts I, II, and III remain.  The parties agreed that those remaining Counts assert claims for harassment and retaliation on the basis of "whistleblowing" regarding aviation safety and, as such, *may* be preempted by various federal laws and precedents.[1]  It was agreed that this pure law issue of *Complete Federal Preemption* should be decided before large amounts of time, resources, and money are spent on taking factual discovery in this matter. Accordingly, Defendants JAL and Jalways Co., Ltd, agreed to file a *Motion For Judgment on the Pleadings (Complete Federal Preemption)*, on the basis of  the Airline Deregulation Act, 49 U.S.C. § 41713(b)(1) ("**ADA**") and the Whistleblower Protection Program ("**WPP'**") of the Wendell H. Ford Aviation Investment and Reform Act for the 21st Century, 49 U.S.C. § 42121 ("**Ford Act**"), as soon as is practicable.  All parties agreed that such a motion should be set for the first available hearing date as such a motion, being a pure law motion, will require no discovery for purposes of preparing Plaintiffs' Oppositions and, thus, will not be subject to a Rule 56(f) motion for a hearing date continuance.

---

[1] Plaintiffs do not concede that the remaining Counts are preempted by federal law.  They do, however, agree that the issue needs to be adjudicated as soon as possible.

8.   The parties also agreed that JAL and Jalways Co., Ltd. should file a dispositive motion, as soon as practicable, but not before filing the *Complete Federal Preemption* motion, challenging Plaintiff's attempt to pierce JAL's corporate veil so that the parties will be able to move forward into the discovery phase of this case (if the *Complete Federal Preemption* motion or other dispositive motions are not granted) knowing whether JAL will remain a party defendant.

9.   Plaintiffs were informed that JAL and Jalways Co., Ltd. have additional dispositive motions planned should the *Complete Federal Preemption* motion and/or the JAL corporate veil motion not be granted.  The Plaintiffs agreed to analyze such motions once they are filed and hearing dates are set before asserting a right to any Rule 56(f) discovery continuances of the hearing dates of such additional dispositive motions.

10.  The parties agreed that Plaintiff Jack Crawford's Appeal of Magistrate's Order Entered September 29, 2004, dated October 14, 2004 and Plaintiff Martin Ventress's Notice of Joinder to Plaintiff Jack Crawford's Appeal of Magistrate's Order Entered September 29, 2004, filed October 19, 2004 ("**Interlocutory Appeal**") needs to be adjudicated by Judge Samuel P. King (as ordered by the Ninth Circuit).  Accordingly, the parties agreed that counsel for Plaintiff Jack Crawford (*i.e.*, Shawn A. Luiz) shall forward an informational packet to Judge King regarding the Interlocutory Appeal and that such packet shall contain (a) the status letter of Defendants JAL and Jalways Co., Ltd. to Magistrate Judge Leslie E. Kobayashi regarding the

Interlocutory Appeal, dated September 18, 2007; (b) the status letter of Plaintiff Jack Crawford to Magistrate Judge Leslie E. Kobayashi regarding the Interlocutory Appeal, dated September 19, 2007; and (c) the Court's Minutes regarding the Interlocutory Appeal, dated September 21, 2007, and request (i) that Judge King issue a briefing schedule for the interlocutory appeal (noting, however, that both Plaintiffs have already filed their Opening Briefs) and, thus, asking that Judge King set deadlines for Defendants JAL and Jalways Co., Ltd.'s Opposition brief and Plaintiffs' Reply briefs, and (ii) that Judge King adjudicate the Interlocutory Appeal as soon as is practicable.

11.    The parties agreed that the non-adjudication of the Interlocutory Appeal will not present any bar or impediment to an adjudication of the *Complete Federal Preemption* motion and, as such, the *Complete Federal Preemption* motion may be filed and heard without regard to whether the Interlocutory Appeal has been adjudicated at the time that the *Complete Federal Preemption* motion is heard and adjudicated.

12.    The parties agreed to maintain open lines of communication throughout this case and to attempt to resolve issues between themselves before resorting to any effort to obtain the assistance of the Court in settling any disputes.  It is the belief of counsel for Defendants JAL and Jalways Co., Ltd. that all counsel currently are approaching discovery and adjudication of preliminary issues (some of which may be dispositive of the

entire case) in a spirit of good faith and professional cooperation.

13.    Accordingly, it is believed that at this time there is no need for the Court to issue any specific directives or orders regarding the timing, sequence, or conduct of discovery in this matter (other than to approve and order the re-executed Protective Orders discussed above in paragraph #1).

DATED:  Honolulu, Hawaii, October 8, 2007.


/s/ Andrew L. Pepper
ANDREW L. PEPPER
STEVEN M. EGESDAL
JOSEPH F. KOTOWSKI, III

Attorneys for Defendants
JAPAN AIRLINES and JALWAYS
CO., LTD.