CARLSMITH BALL LLP

| | |
|---|---|
| ANDREW L. PEPPER | 5141 |
| STEVEN M. EGESDAL | 4511 |
| JOSEPH F. KOTOWSKI, III | 7973 |

ASB Tower, Suite 2200
1001 Bishop Street
Honolulu, HI  96813
Tel No. 808.523.2500
Fax No. 808.523.0842
apepper@carlsmith.com
segesdal@carlsmith.com
jkotowski@carlsmith.com

Attorneys for Defendants
JAPAN AIRLINES and JALWAYS CO. LTD.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARTIN VENTRESS and JACK CRAWFORD,<br><br>        Plaintiffs,<br><br>    vs<br><br>JAPAN AIRLINES; JALWAYS CO., LTD., HAWAII AVIATION CONTRACT SERVICES, INC.; and DOES 1 - 10, inclusive<br><br>        Defendants. | CIVIL NO.  03-00451 SPK/LEK<br><br>**PROTECTIVE ORDER GOVERNING CONFIDENTIALITY OF PRODUCED DOCUMENTS** |

# PROTECTIVE ORDER GOVERNING
# CONFIDENTIALITY OF PRODUCED DOCUMENTS

WHEREAS,  Plaintiffs Martin Ventress ("Ventress" or "Plaintiff Ventress")

and Jack Crawford ("Crawford" or "Plaintiff Crawford") have or will propound

discovery requests and Defendants Japan Airlines ("JAL") and JALways Co., Ltd. ("JALways") (collectively "JAL Defendants") contend that the disclosure of some of the responsive information could entail the disclosure of confidential information, including but not limited to information possibly protected by Fed. R. Civ. P. 26(c); and

WHEREAS, issuance of a protective order is appropriate pursuant to Fed. R. Civ. P. 26(c)(7) to protect, among other things, such confidential and/or proprietary information.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the following provisions shall bind the signatory parties and control the production, use, and dissemination of certain documents produced by the JAL Defendants to Plaintiff Ventress and/or Plaintiff Crawford:

1. **Designated Material**. All documents produced by the JAL Defendants in this case and all information or material derived from such documents shall constitute "Designated Material" under this Order.

2. **Access to Designated Material**. Designated Material shall not be used or disclosed for any purpose whatsoever, except in connection with the litigation of this case (including any appeal), and may be disclosed only to the following persons: (i) Plaintiff Ventress (ii) Plaintiff Crawford (iii) Plaintiff Ventress' and/or Plaintiff Crawford's legal counsel, and/or Plaintiff Ventress' and

Plaintiff Crawford's legal counsel's legal associates, paralegals, secretaries and office staff; (iv) independent experts or consultants and their staffs specifically retained to assist Plaintiff Ventress and/or Plaintiff Crawford in this litigation, provided that any such experts or consultants shall be bound by this Stipulation and Order; and (iv) the Court, court reporters, and court officers, pursuant to paragraph 7 of this Stipulation and Order.

3. **Copies of Designated Material**. The Designated Material shall not be photographed (other than transitory electronic memory capture as part of the photocopying process), scanned, digitized, or otherwise electronically captured or otherwise electronically stored. Copies and extracts of Designated Material may be made by or for only those persons authorized by paragraph 2 to review such materials, provided that all copies and extracts are appropriately marked as "CONFIDENTIAL." All copies and extracts of Designated Material are subject to the provisions of this Stipulation and Order as though they were original Designated Material.

4. **Custody of Designated Material**. All documents containing information designated "CONFIDENTIAL" and notes or other records regarding that information shall be maintained in the custody of Plaintiff Ventress' and/or Plaintiff Crawford's legal counsel, and no partial or complete copies thereof containing Designated Material shall be retained by anyone else at any location,

except that independent experts and consultants may retain such documents on a temporary basis for purposes of study, analysis and preparation of the case. As provided more fully in paragraph 9, upon final termination of the action and at the written request of the designating or the producing person, all Designated Material and all copies thereof shall be returned to the Designating Person.

    5. **Designating Documents.** The designation of all or a portion of a document as "CONFIDENTIAL" shall be made by placing such legend on each designated page of the document prior to production and by notice, whether by captioned notice or by letter, to Plaintiff Ventress's counsel and/or Plaintiff Crawford's counsel, identifying with particularity the Designated Material.

    6. **Designating Depositions.**

    a. Deposition transcripts or portions thereof that relate to, pertain to, or refer to documents designated as "CONFIDENTIAL" shall themselves be designated as "CONFIDENTIAL" either: (i) before the testimony is recorded, in which case the transcript of the designated testimony shall be bound in a separate volume and marked by the reporter, as the Designating Person may direct, (ii) at the deposition itself, by request of counsel for the Designating Person, or (iii) by captioned, written notice to the reporter and all counsel of record, given within ten (10) court days following notice from the reporter that the transcript is available for review, in which case all counsel receiving such notice shall be

responsible for marking the copies of the designated transcript or portion thereof in their possession or control as directed by the Designating Person.

        b.      Any party may mark Designated Material as a deposition exhibit and examine any witness thereon, provided (i) that the exhibit and related transcript pages receive the same confidentiality designation as the original Designated Material, and (ii) that either the deposition witness is one to whom the exhibit may be disclosed under paragraph 2 of this Order, or the deposition witness is an officer, director, member, partner or employee of the Designating Person with respect to such Designated Material.

        7.      **Designations in Court Papers.**

        a.      If Plaintiff Ventress' and/or Plaintiff Crawford's legal counsel wishes or intends to attach, enclose, or quote any Designated Material in any pleading, paper, affidavit, declaration or any other tangible and/or electronic document to be lodged and/or filed with the Court, Ventress' and/or Crawford's Counsel shall inform the JAL Defendants' counsel, in writing, and specify with maximum detail and particularity the document(s) and or portion(s) thereof (with reference to the "Bates" control number for each such document) that counsel so wishes or intends to lodge and/or file with the Court.

b.      Thereafter, the JAL Defendants' counsel shall have seven court days to either (a) indicate that the JAL Defendants have no objection to the

unsealed lodging and/or filing of the Designated Material at issue or (b) indicate that the JAL Defendants do object to the unsealed lodging and/or filing of the Designated Material at issue. Said indications by the JAL Defendants' counsel shall be made in writing to Plaintiff Ventress' and/or Plaintiff Crawford's counsel with a copy to the presiding Magistrate-Judge and/or presiding District Judge.

c. If the JAL Defendants shall object to the unsealed lodging or filing of any Designated Material, the JAL Defendants shall have fourteen court days from receipt of the notice that Plaintiff Ventress and/or Plaintiff Crawford wishes or intends to lodge or file such material with the Court to file a Motion with the Court requesting that all or part of such Designated Materials be filed under seal. Should the JAL Defendants' counsel file such a Motion seeking the filing of Designated Material under seal, Plaintiff Ventress and/or Plaintiff Crawford shall not lodge or file such Designated Material with the Court until after the Court has adjudicated the Motion requesting sealing of the Designated Material.

d. Any material designated as "CONFIDENTIAL" shall not be disclosed, utilized, argued or otherwise referred to at the time of trial, absent either: (i) prior written approval by the Designating Party, or (ii) prior Court Order obtained after ample notice to the Designating Party.

8. **No Prejudice.**

    a. Nothing in this Order shall preclude the JAL Defendants from seeking and obtaining additional or different protection with respect to the confidentiality of any information or material.

    b. This Order shall not prevent a disclosure to which the Designating Person consents in writing before the disclosure takes place.

    c. The parties shall exert their best efforts to raise claims of confidentiality prior to the disclosure of any alleged discovery materials. The production of any document by the JAL Defendants shall be without prejudice to any *ex post facto* claim by the JAL Defendants that such material should have been designated as "CONFIDENTIAL." Claims of confidentiality may be raised in writing and with particularity within a reasonable time after learning of such inadvertent or mistaken disclosure and such documents shall be treated as if the claim were made prior to disclosure. If within a reasonable time after such documents are inadvertently or mistakenly disclosed, the JAL Defendants raise a claim that such documents are "CONFIDENTIAL," Plaintiff Ventress and/or Plaintiff Crawford shall take prompt steps to ensure that all known copies of such documents are returned promptly to the JAL Defendants for designation as such and prompt return to the receiving party.

9. **Final Disposition**.  Upon final termination of the action and at the written request of the designating or the producing person, all Designated Material and all copies thereof shall, within 90 days of such final termination, be returned to counsel for the JAL Defendants.

10. **Subpoenas Seeking "CONFIDENTIAL" Documents**.  If either Plaintiff Ventress and/or Plaintiff Crawford ever receives a subpoena commanding the production of any Designated Materials, or any other request for production of any Designated Materials, Plaintiff Ventress and/or Plaintiff Crawford shall promptly notify the JAL Defendants of the service of the subpoena and/or other request.  Plaintiff Ventress and/or Plaintiff Crawford shall not produce any "CONFIDENTIAL" information or documents in response to the subpoena or other request without either the prior written consent of the JAL Defendants or a prior written order of this Court.

11. **Improper Disclosure.**

a.   Plaintiff Ventress and/or Plaintiff Crawford shall have the duty to use reasonable care and precaution to protect the confidentiality of material covered by this Order.  If Designated Material submitted in accordance with the terms of this Order is disclosed to any person other than in the manner authorized by the terms herein, the Plaintiffs and/or their counsel must immediately bring all pertinent facts relating to such disclosure to the attention of the JAL

4843-4885-0945.1                                        8.

Defendants and, without prejudice to any other rights of the Designating Person, make every effort to prevent further disclosure by it or by the person(s) to whom such information was disclosed.

12. **Effective Date and Survival.** The obligations of this Order shall become effective immediately upon the receipt of any Designated Materials by Plaintiff Ventress and/or Plaintiff Crawford and/or their counsel. The binding effect of this Order shall survive termination of this action, and the Court shall retain forever jurisdiction to enforce the Stipulation.

DATED: Honolulu, Hawai`i, October 16, 2007.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**SO AGREED:**

Date: October 15, 2007 /s/ Andrew L. Pepper
ANDREW L. PEPPER
STEVEN M. EGESDAL
JOSEPH F. KOTOWSKI, III

Attorneys for Defendants
JAPAN AIRLINES and JALWAYS CO., LTD.

Date: October 15, 2007 /s/ William Fenton Sink
WILLIAM FENTON SINK

Attorney for Plaintiff
MARTIN VENTRESS


Date: October 15, 2007 /s/ Shawn A. Luiz
SHAWN A. LUIZ

Attorney for Plaintiff
JACK CRAWFORD

---

MARTIN VENTRESS and JACK CRAWFORD v. JAPAN AIRLINES; JALWAYS CO., LTD., HAWAII AVIATION CONTRACT SERVICES, INC.; and DOES 1-10, inclusive; Civil No. 03-00451 SPK/LEK; PROTECTIVE ORDER GOVERNING CONFIDENTIALITY OF PRODUCED DOCUMENTS