

# ORIGINAL

SHAWN A. LUIZ        6855
810 Richards Street
City Center, Suite 800
Honolulu, Hawaii 96813
Telephone: (808) 538-0500
Facsimile: (808) 538-0600
attorneyLuiz@msn.com

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 22 2007

at 11 o'clock a.m. 45 min. P. M.
SUE BEITIA, CLERK

Attorney for Plaintiff
JACK CRAWFORD

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARTIN VENTRESS<br>AND JACK CRAWFORD,<br><br>Plaintiffs,<br><br>vs.<br><br>JAPAN AIRLINES;<br>JALWAYS CO., LTD., A<br>SUBSIDIARY OF JAPAN<br>AIRLINES; HAWAII<br>AVIATION CONTRACT<br>SERVICES, INC.; AND DOES<br>1-10,<br><br>Defendants. | ) CIVIL NO. 03-451 SPK-LEK<br>) (Civil Rights)<br>)<br>)<br>) PLAINTIFFS' SUPPLEMENTAL BRIEF<br>) IN SUPPORT OF APPEAL AND<br>) REQUEST TO THE DISTRICT COURT<br>) TO RECONSIDER A PRETRIAL<br>) MATTER DETERMINED BY THE<br>) MAGISTRATE JUDGE; CERTIFICATE<br>) OF SERVICE<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF APPEAL AND REQUEST TO THE DISTRICT COURT TO RECONSIDER A PRETRIAL MATTER DETERMINED BY THE MAGISTRATE JUDGE

Plaintiff hereby requests that District court permit Plaintiff Jack
Crawford to amend his complaint to change (1) California
Whistleblower claim to Hawaii Whistleblower claim and to (2) include a
tortuous interference with Contract and Economic Advantage as the
Defendants denied that they were an employer in their answer, thus
making such a claim proper as newly discovered evidence as Plaintiff
Jack Crawford had a contract with HACS which JAL and JALWAYS
interfered with in a tortuous manner.

Plaintiff Jack Crawford's Motion to Amend was originally filed
August 13, 2004. The "Order Denying Plaintiff Jack Crawford's Motion
to Amend" was filed September 29, 2004.

Plaintiff Jack Crawford moved for reconsideration of the "Order
Denying Plaintiff Jack Crawford's Motion to Amend" based upon LR
60.1, LR 74.1, and 28 USC Section 636(b)(1)(A).

Plaintiff Jack Crawford brought this Appeal to the District Judge
in addition to the Motion for reconsideration of the "Order Denying
Plaintiff Jack Crawford's Motion to Amend" based upon 28 USC
Section 636(b)(1).

On October 20, 2004, the District Judge denied the Motion for
reconsideration of the "Order Denying Plaintiff Jack Crawford's Motion

to Amend" as moot and denied the Appeal to the District Judge as

moot.

    The Third Cause of Action was a for a whistleblower protection

act violation against Plaintiff Crawford. Federal and California Law

was cited in the Complaint filed December 23, 2002 for this claim.

    In its April 24, 2007 OPINION regarding the October 20, 2004

dismissal of this case, the UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT, 2007 U.S. App. LEXIS 9289 at 4-5

noted:

In July 2003, the California district court granted defendants' motion to
transfer the case to the District of Hawaii. The district court explained
that nearly all the events giving rise to the complaint occurred in
international air space or in Hawaii, and that Hawaii was the more
convenient forum for potential witnesses and for accessing HACS's
personnel records. After the venue change, plaintiffs moved to amend
the complaint to replace their California law claims with Hawaii law
claims. A magistrate judge denied that motion, and plaintiffs appealed to
the Hawaii district court.

The California district court explained its reasoning in detail in the
transfer order. The court found no significant connection between
California and the facts alleged in the complaint. *The flights in which JAL
allegedly flew a sick pilot operated in Thailand, Hawaii and Japan. Crawford
and Ventress both resided in Hawaii while employed by HACS, all
communication between plaintiffs and JAL during their employment took place
in Hawaii, and the termination decision was made in Hawaii. The court also
concluded that most [\*19] potential witnesses resided in Hawaii and Japan;
indeed, HACS requires all contract crew members to reside in Hawaii. Moreover,
most of the documentary evidence, including HACS' personnel files, are located in
Hawaii. Other factors deemed to favor venue in Hawaii include Hawaii's interest
in adjudicating a dispute involving a Hawaii employer,* the Hawaiian choice-

of-law clause in the HACS employment agreement, and the lower degree
of docket congestion in the District of Hawaii.
April 24, 2007 OPINION U.S. App. LEXIS 9289 at 18-19.


Thus Plaintiff Crawford should be allowed to amend his complaint

to include Hawaii Whistleblower as Hawaii has an interest in

adjudicating violations of its employment protection laws; all the factors

the California District Court noted in transferring venue apply equally to

the choice of law in this case. As all factors in choosing venue favored

Hawaii as a choice of forum, likewise the choice of law factors favor

Hawaii's protection of its citizens.

In its answer to complaint filed September 9, 2003 JAL and

JALWAYS raised as a seventh defense that Plaintiffs were never

employees. Thus tortuous interference with the contact between HACS

and Plaintiffs would not be a futile cause of action.

Pre-emption of employment standards "within the traditional

police power of the State" "should not be lightly inferred." _Fort Halifax_

_Packing Co._ v. _Coyne_, 482 U.S. 1, 21, 96 L. Ed. 2d 1, 107 S. Ct. 2211

(1987); Hawaii is entitled under its police powers to protect its citizens.

In Hawaiian Airlines v. Norris, Hawaiian Airlines v. Norris, No.

92-2058 , SUPREME COURT OF THE UNITED STATES , 512 U.S.

4

246; 114 S. Ct. 2239; 129 L. Ed. 2d 203; 1994 U.S. LEXIS 4670,

Respondent Norris was terminated from his job as an aircraft mechanic

by petitioner Hawaiian Airlines, Inc. (HAL), after refusing to sign a

maintenance record, as required by his collective-bargaining agreement

(CBA), for a plane he considered unsafe, and reporting his concerns to

the Federal Aviation Administration. In separate state-court suits against

HAL and its officers, also petitioners, he alleged, *inter alia*, that he had

been wrongfully discharged in violation of the public policy expressed in

the Federal Aviation Act and implementing regulations and in violation

of Hawaii's Whistleblower Protection Act. The court dismissed these tort

claims as pre-empted by the Railway Labor Act. "Accordingly, we agree

with the Supreme Court of Hawaii that respondent's claims for discharge

in violation of public policy and in violation of the Hawaii

Whistleblower Protection Act are not pre-empted by the RLA [Railway

Labor Act], and we affirm that court's judgment".

    This is a diversity action under 28 U.S.C. § 1332. When a federal

court sits in diversity, it must look to the forum state's choice of law rules

to determine the controlling substantive law. *See Klaxon Co. v. Stentor*

*Elec. Mfg. Co.*, 313 U.S. 487, 496, 85 L. Ed. 1477, 61 S. Ct. 1020 (1941).

Because this suit was filed in the District Court of California but

transferred to the District Court of Hawaii, we look to Hawaii's choice

of law rules. When venue is improper in transferor court, transferee

court should apply law of state in which it sits. <u>Davis v Louisiana State</u>

<u>University (1989, CA5 La) 876 F2d 412.</u> Action transferred on

defendant's motion pursuant to <u>28 USCS § 1404</u> is decided by transferee

court as if proceedings were originally commenced there <u>Kearney &</u>

<u>Trecker Corp. v Cincinnati Milacron, Inc. (1975, SD Ohio) 403 F Supp</u>

<u>1040, 184 USPQ 134, 1974-2</u> CCH Trade Cases P 75438, affd (1977,

CA6) <u>562 F2d 365, 195 USPQ 402, 1977-2</u> CCH Trade Cases P 61611.

CONCLUSION

Plaintiff hereby requests that District court permit Plaintiff Jack
Crawford to amend his complaint to change (1) California
Whistleblower claim to Hawaii Whistleblower claim and to (2) include a
tortuous interference with Contract and Economic Advantage as the
Defendants denied that they were an employer in their answer, thus
making such a claim proper as newly discovered evidence as Plaintiff
Jack Crawford had a contract with HACS which JAL and JALWAYS
interfered with in a tortuous manner.

DATED:  Honolulu, Hawaii, October 22, 2007.

SHAWN A. LUIZ

Attorney for Plaintiff Jack
Crawford

SHAWN A. LUIZ    6855
810 Richards Street
City Center, Suite 800
Honolulu, Hawaii 96813
Telephone: (808) 538-0500
Facsimile: (808) 538-0600
attorneyLuiz@msn.com

Attorney for Plaintiff
JACK CRAWFORD

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARTIN VENTRESS AND JACK CRAWFORD, | ) CIVIL NO. 03-451 SPK-LEK<br>) (Civil Rights)<br>)<br>) CERTIFICATE OF SERVICE |
| Plaintiffs, | )<br>) |
| vs. | )<br>) |
| JAPAN AIRLINES; JALWAYS CO., LTD., A SUBSIDIARY OF JAPAN AIRLINES; HAWAII AVIATION CONTRACT SERVICES, INC.; AND DOES 1-10, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>)<br>) |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY a copy of the foregoing were served upon
Defendants, by and through their Counsel, by facsimile addressed as
follows:

Andrew L. Pepper, Esq.
ASB Tower, Suite 2200
1001 Bishop Street
Honolulu, Hawaii 96813
808.523.0842 (fax)

Attorney for JAPAN AIRLINES;
JALWAYS CO., LTD., A SUBSIDIARY
OF JAPAN AIRLINES

Carl Osaki, Esq.
Pioneer Plaza
Suite 1510
900 Fort Street Mall
Honolulu, Hawaii 96813
Facsimile (808) 521-3566

Attorney for Defendant
Hawaii Aviation Contract Services, Inc.

William Sink
Attorney for Martin Ventress

DATED:  Honolulu, Hawaii, October 22, 2007.

SHAWN A. LUIZ
Attorney for Plaintiff
JACK CRAWFORD