ORIGINAL

LAW OFFICES OF
WILLIAM FENTON SINK

WILLIAM FENTON SINK   #3546
Dillingham Transportation Bldg.
735 Bishop Street, Suite 400
Honolulu, Hawai'i 96813
Telephone: 531-7162

Attorney for Plaintiff
MARTIN VENTRESS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| MARTIN VENTRESS and JACK CRAWFORD,<br><br>          Plaintiffs,<br><br>vs.<br><br>JAPAN AIRLINES; JALWAYS CO., LTD., A SUBSIDIARY OF JAPAN AIRLINES; HAWAI'I AVIATION CONTRACT SERVICES, INC.; DOES 1-10,<br><br>          Defendants. | CIVIL NO. CV 03-451 SPK-LEK<br><br>**PLAINTIFF MARTIN VENTRESS' SUPPLEMENTAL BRIEF IN SUPPORT OF APPEAL AND REQUEST TO THE UNITED STATES DISTRICT COURT TO RECONSIDER A PRETRIAL MATTER DETERMINED BY THE MAGISTRATE JUDGE; CERTIFICATE OF SERVICE**<br><br>Judge: Samuel P. King |

**PLAINTIFF MARTIN VENTRESS' SUPPLEMENTAL BRIEF IN SUPPORT OF APPEAL AND REQUEST TO THE UNITED STATES DISTRICT COURT TO RECONSIDER A PRETRIAL MATTER DETERMINED BY THE MAGISTRATE JUDGE**

## I. *Request for Consideration.*

Plaintiff Ventress most respectfully requests:

1. His case proceed under federal law, 49 USCS §§ 42121 and 41713; and additionally,

2. Plaintiff be allowed to pursue his claim under HRS § 378-1 et seq.; and, further, that,

3. Plaintiff be allowed to pursue an intentional interference with prospective economic advantage cause of action.

## II. *Origin of Appeal.*

The Ninth Circuit, in the Ventress decision, infra, remanded the case against JAL for Judge King to consider Plaintiffs' motion to amend the complaint to add state claims under Hawai'i state law.

## III. *Procedural History.*

The Honorable Leslie E. Kobayashi, United States Magistrate Judge, issued an Order Denying Plaintiff Jack Crawford's *Motion to Amend Complaint* and Plaintiff Martin Ventress' Joinder thereto on September 29, 2004. Plaintiffs' *Motion to Amend Complaint*, pursuant to the Ninth Circuit Court of Appeals' Order in Ventress, is now to be reconsidered as ordered on April 24, 2007.

2

Ventress respectfully requests that Judge King permit Plaintiffs Jack Crawford and Martin Ventress to amend their complaint to (1) remove the California whistleblower claim and add the Hawai'i state whistleblower claim, and to (2) include an Intentional Interference with Economic Advantage claim, since the Defendants deny that they were the employers of Plaintiffs.

Crawford's *Motion to Amend Complaint* was filed August 13, 2004. Plaintiff Martin Ventress joined shortly thereafter. Plaintiffs' Motion was heard on September 16, 2004.

On September 29, 2004, an Order denying Plaintiffs' *Motion to Amend Complaint* was entered by Magistrate Judge Leslie E. Kobayashi.

On October 14, 2004, Crawford filed a motion for reconsideration of the order denying his motion to amend complaint filed August 13, 2004 pursuant to LR 60.1, LR 74.1 and 28 USC § 636(b)(1)(A). On that same day, Crawford also filed an *Appeal of Magistrate's Order entered September 29, 2004.*

On October 18, 2004, Ventress filed a *Notice of Joinder* to Plaintiff Jack Crawford's *Appeal of Magistrate's Order entered September 29, 2004.*

On October 19, 2004, Ventress filed a *Notice of Joinder* to Plaintiff Jack Crawford's *Motion for Reconsideration of Order Denying Plaintiff Jack Crawford's Motion to Amend Complaint filed August 13, 2004.*

3

On October 20, 2004, an *Order Severing Defendants and Granting Defendants JAL and JALways (1) Motion for Judgment on the Pleadings (regarding emotional distress claims); and (2) Motion for Judgment on the Pleadings and/or for Summary Judgment (regarding the FCN Treaty)* was filed. This ruling was found to have mooted the pending matters by Plaintiffs to reconsider the order denying Plaintiffs' motion to amend. Judgment was entered in favor of JAL Defendants and against Plaintiffs pursuant to Fed.R.Civ.P. Rule 54(b), terminating JAL and JALways from the case on October 25, 2004.

On April 24, 2007, the U.S.D.C.'s order was reversed in part on appeal by the Ninth Circuit Court of Appeals. In remanding this matter, the appellate court directed the district court to consider Plaintiffs' appeals of this court's order as to amending the complaint and found that the treaty did not preclude the litigation from going forward. Ventress v. JAL, 486 F.3d 1111 (9th Cir.2007).

### *IV. Proposed Amended Complaint.*

The proposed amended complaint added causes of action for Intentional Interference with Contracts -- in Hawai'i, the Intentional Interference with Economic Advantage -- because Japan Airlines and JALways are taking the position in the litigation that neither was an employer of Plaintiffs. F.R.Civ.P. Rule 8(e)(2) allows alternate claims to be set forth in a pleading. If it is determined that neither or both of

4

these Defendants was an employer of Plaintiffs then IIWPEA is proper because JAL and JALways interfered with HACS' employment of Plaintiffs.

Additionally, Count III of the amended complaint sought to allege federal and Hawai'i law. The amended cause of action does not change the factual basis of the claims of the original complaint. California Government Code § 12940 is the California equivalent of the Hawai'i Whistleblowers' Act contained in HRS § 378-2. The federal statutes, 49 U.S.C. § 40101(d)(1)-(2) and 49 U.S.C. § 42121, were pled originally. A whistleblower cause of action in the amended complaint - under HRS § 378 et seq. - based upon Hawai'i law would apply in the same fashion as the whistleblower allegations in the original complaint. Counts IV and V of the proposed amended complaint and the emotional distress claim were disallowed by the Ninth Circuit Court of Appeals in the Ventress appeal and are no longer at issue here.

## V. Argument.

### A. State Whistleblower Protection.

Ventress should be permitted to plead HRS § 378 eq seq. HRS § 378-62(1)(A) provides:

> An employer shall not discharge, threaten, or otherwise discriminate against an employee regarding the employee's compensation, terms, conditions, location, or privileges of employment because:
>
> (1) The employee, or a person acting on behalf of the employee, reports or is about to report to the employer, or reports or is about to

> **report to a public body**, verbally or in writing, a violation or a suspected violation of:
> (A) **A law, rule, ordinance, or regulation**, adopted pursuant to law of this State, a political subdivision of this State, or **the United States**[.] [Emphasis added.]

B. <u>Federal Claims</u>.

Plaintiff Ventress should be permitted to pursue claims under the Airline Regulations Act, 49 U.S.C. § 41713(b)(1) and/or The Whistleblower Protection Program, 49 U.S.C. § 42121, provided he gave notice to the Department of Labor.

C. <u>Venue</u>.

Defendants should not be able to advocate venue change to Hawai'i and then try to litigate under the substantive law of the venue, California, to which they objected. Ventress objected, on appeal, to the change of venue. Over his objection, venue was transferred to Hawai'i. Now Hawai'i law applies.

Defendants no doubt do not wish to be burdened with HRS § 378-69, the saving statute, which states:

> The rights created herein shall not be construed to limit the development of the common law nor to preempt the common law rights and remedies on the subject matter of discharges which are contrary to public policy. **In the event of a conflict between the terms and provisions of this part and any other law on the subject the more beneficial provisions favoring the employee shall prevail.** [Emphasis added.]

6

Now, however, that Defendants have chosen the venue, the cannot complain of the law of the venue they selected.

D. Intentional Interference with Prospective Economic Advantage.

The Plaintiffs ought not, in fairness, be prevented from asserting an IIWPEA claim. Either JAL and JALways are Ventress' employer or they are not. If, as Defendants now contend, they are not Ventress' employee, Ventress has the right to assert the IIWPEA claim. Restatement of Torts (Second), § 766B; HMA v. HMSA, 113 Hawai'i 77, 148 P.3d 1179 (2006).

E. Amended and Supplemental Pleadings Are Liberally Construed.

Amended pleadings are liberally granted. F.R.Civ.P. Rule 15 provides, in pertinent part:

> (a) Amendments. … Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and **leave shall be freely given** when justice so requires.
>
> (b) Amendments to Conform to the Evidence. When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, **the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence**

7

**would prejudice the party in maintaining the party's action or defense upon the merits.** The court may grant a continuance to enable the objecting party to meet such evidence.

(c) Relation Back of Amendments. An amendment of a pleading relates back to the date of the original pleading when
   (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
   (2) the claim or defense asserted in the amended pleading arose out of the **conduct, transaction, or occurrence** set forth or attempted to be set forth in the original pleading[.] [Emphasis added]

See, Kern Oil & Refining Co. v. Tenneco Oil Co., 840 F.2d 730 (9th Cir.1988); U.S. v. Hristov, 396 F.3d 1044 (9th Cir.2005); Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227 (1962); Harrison v. Rubin, 174 F.3d 249 (D.C. Civ.1999), all of which reaffirm the doctrine that, absent prejudice, merely clarifying legal theories -- here using Hawai'i versus California law - is good cause to permit amendments.

## *VI. Conclusion.*

Plaintiff Ventress respectfully requests that the amendment of the complaint be allowed. If JAL and JALways are later deemed to both be the employers of Plaintiff, the interference with prospective economic advantage cause of action is unnecessary, but if one of the other or both are not Ventress' employer, the IIWPEA cause of action is viable. Since Defendants JAL and JALways have taken the position that they are not Plaintiffs' employers, Plaintiffs should be afforded the opportunity to

assert an IIWPEA claim. As to the statutory authority, the case is in Hawai'i at Defendants' request. Substantive Hawai'i whistleblowing law should apply.

Dated: Honolulu, Hawai'i, _____OCT 2 3 2007_____.

_____
WILLIAM FENTON SINK
Attorney for Plaintiff
MARTIN VENTRESS

9

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| MARTIN VENTRESS and<br>JACK CRAWFORD,<br><br>    Plaintiffs,<br><br> vs.<br><br>JAPAN AIRLINES; JALWAYS<br>CO., LTD., A SUBSIDIARY OF<br>JAPAN AIRLINES; HAWAI'I<br>AVIATION CONTRACT<br>SERVICES, INC,; DOES 1-10,<br><br>    Defendants. | ) CIVIL NO. CV 03-451 SPK-LEK<br>)<br>) **CERTIFICATE OF SERVICE**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I caused a true and correct copy of the foregoing document to be duly served by hand delivery upon the following parties at the addresses listed below on the date of filing.

  TO: SHAWN A. LUIZ, ESQ.
     800 City Center
     810 Richards Street
     Honolulu, Hawai'i 96813

     Attorney for Plaintiff
     JACK CRAWFORD

     CARL H. OSAKI, ESQ.
     1510 Pioneer Plaza
     900 Fort Street

Honolulu, Hawai'i 96813

Attorney for Defendant
HAWAI'I AVIATION CONTRACT SERVICES, INC.

ANDREW L. PEPPER, ESQ.
JOSEPH FRANCIS KOTOWSKI, III, ESQ.
*Carlsmith Ball LLP*
2200 American Savings Bank Tower
1001 Bishop Street
Honolulu, Hawai'i 96813

Attorney for Defendants
JAPAN AIRLINES, JALWAYS CO., LTD.
A SUBSIDIARY OF JAPAN AIRLINES

Dated: Honolulu, Hawai'i, _____OCT 2 3 2007_____.

_____
WILLIAM FENTON SINK
Attorney for Plaintiff
MARTIN VENTRESS

2