CARLSMITH BALL LLP

ANDREW L. PEPPER           5141-0
STEVEN M. EGESDAL          4511-0
JOSEPH F. KOTOWSKI, III    7973-0
ASB Tower, Suite 2200
1001 Bishop Street
Honolulu, Hawaii 96813
Tel No. 808.523.2500
Fax No. 808.523.0842
apepper@carlsmith.com
segesdal@carlsmith.com
jkotowski@carlsmith.com

Attorneys for Defendants
JAPAN AIRLINES and JALWAYS CO., LTD.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARTIN VENTRESS and JACK CRAWFORD,<br><br>            Plaintiffs,<br><br>    vs.<br><br>JAPAN AIRLINES; JALWAYS CO., LTD.; HAWAII AVIATION CONTRACT SERVICES, INC.; and DOES 1-10, inclusive,<br><br>            Defendants. | CIVIL NO.  03-00451 SPK-LEK<br><br>DEFENDANTS JAPAN AIRLINES AND JALWAYS CO., LTD.'S **MEMORANDUM IN OPPOSITION TO:  (1) PLAINTIFF JACK CRAWFORD'S INTERLOCUTORY APPEAL OF MAGISTRATE JUDGE'S SEPTEMBER 29, 2004 ORDER DENYING PLAINTIFF JACK CRAWFORD'S MOTION TO AMEND COMPLAINT, AND (2) PLAINTIFF MARTIN VENTRESS'S**<br><br>[CAPTION CONTINUED]<br><br>DATE:  1/11/2008<br>TIME:  10:00 A.M.<br>JUDGE:  Honorable Samuel P. King |

**JOINDER IN INTERLOCUTORY APPEAL;** CERTIFICATE OF SERVICE

# TABLE OF CONTENTS

**Page**

I.    PROCEDURAL BACKGROUND AND HISTORY ....................................1

II.   SPECIAL PROCEDURAL NOTE...............................................................5

III.  ANALYSIS.............................................................................................................6

    A.    Both Crawford's Interlocutory Appeal and Ventress's Joinder
        Were Untimely--this Alone Dooms the Interlocutory Appeal.............6

    B.    Standard of Review of a Magistrate Judge's Non-Dispositive
        Order........................................................................................................8

    C.    Magistrate Judge Kobayashi's Order is Neither Clearly
        Erroneous Nor Contrary to Law..........................................................10

    D.    Permitting the Plaintiffs to Amend Would Result in Substantial
        and Unfair Prejudice to the JAL Defendants .....................................18

    E.    In this Interlocutory Appeal, the Court Cannot Consider "New
        Evidence"................................................................................................20

IV.   CONCLUSION.....................................................................................................23

# TABLE OF AUTHORITIES

**Page**

## Cases

*Boers v. Payline Sys., Inc.*,
918 P.2d 432 (Or. Ct. App. 1996) ................................................................15

*Bonin v. Calderon*,
59 F.3d 815 (9th Cir. 1995) ........................................................................13

*Burdick v. Commissioner*,
979 F.2d 1369 (9th Cir. 1992) ......................................................................9

*Concrete Pipe & Prods. v. Constr. Laborers Pension Trust*,
508 U.S. 602 (1993)......................................................................................9

*Engleman v. Knudsen Corp.*,
121 Lab. Cas. (CCH) ¶10,176, 1991 WL 352521
(D. Haw. Oct. 30, 1991) ........................................................................ 15, 17

*First Savings & Loan Ins. Corp. v. Alexander*,
590 F. Supp. 834 (D. Haw. 1984)................................................................18

*Galbraith v. County of Santa Clara*,
307 F.3d 1119 (9th Cir. 2002) ....................................................................17

*Grimes v. City & County of San Francisco*,
951 F.2d 236 (9th Cir. 1991) ........................................................................9

*Haines v. Liggett Group Inc.*,
975 F.2d 81 (3d Cir. 1992) ..........................................................................22

*Hawaiian Navigable Waters Pres. Soc. v. United States*,
823 F. Supp. 766 (D. Haw. 1993)................................................................13

*Jackson v. Bank of Hawaii*,
902 F.2d 1385 (9th Cir. 1990) ....................................................................19

# TABLE OF AUTHORITIES
## (Continued)

**Page**

*Medina v. Spotnail, Inc.*,
　591 F. Supp. 190 (N.D. Ill. 1984)................................................................15

*Rao v. Rao*,
　718 F.2d 219 (7th Cir. 1983) ......................................................................15

*Santiago v. Rumsfeld*,
　425 F.3d 549 (9th Cir. 2005) .......................................................................10

*Sec. Farms v. Int'l Bhd. of Teamsters*,
　124 F.3d 999 (9th Cir. 1997) .........................................................................9

*Smith v. Marsh*,
　194 F.3d 1045 (9th Cir. 1999) .....................................................................10

*Thorp v. Kepoo*,
　100 F. Supp. 2d 1258 (D. Haw. 2000)...........................................................9

*U.S. Pacific Builders, Inc. v. Mitsui Trust & Banking Co.*,
　57 F. Supp. 2d 1018 (D. Haw. 1999)..............................................................9

*United States v. Bennett*,
　No. CR 06-00068 SOM-LEK, 2006 WL 2793170
　(D. Haw. Sept. 27, 2006) .............................................................................22

*United States v. Gilman*,
　No. CR 06-00198 SOM (06), 2007 WL 2790741
　(D. Haw. Sept. 21, 2007) ...............................................................................9

*United States v. U.S. Gypsum Co.*,
　333 U.S. 364 (1948)........................................................................................9

*Ventress v. Japan Airlines*,
　486 F.3d 1111 (9th Cir. 2007) .......................................................................5

*Whirlpool v. CIT Group/Business Credit, Inc.*,
　258 F. Supp. 2d 1140 (D. Haw. 2003)............................................................8

# TABLE OF AUTHORITIES
## (Continued)

**Page**

*Zinermon v. Burch,*
    494 U.S. 113 (1990)......................................................................................17

## Statutes and Rules

28 U.S.C. § 636(b) ...........................................................................................1

28 U.S.C. § 636(b)(1)(A) .................................................................. 8, 10, 22, 23

28 U.S.C. § 636(b)(1)(B) ...............................................................................22

28 U.S.C. § 636(b)(1)(C) ...............................................................................22

Fed. R. Civ. P. 15 ..........................................................................................13

Fed. R. Civ. P. 6 ..............................................................................................7

Fed. R. Civ. P. 7 ..............................................................................................1

Fed. R. Civ. P. 72(a)............................................................................... 1, 8, 10

Local Rules of Practice for the United States District Courts for the District of
    Hawaii Rule 6.1 ........................................................................................7

Local Rules of Practice for the United States District Courts for the District of
    Hawaii Rule 7.2 ........................................................................................1

Local Rules of Practice for the United States District Courts for the District of
    Hawaii Rule 7.5 ........................................................................................1

Local Rules of Practice for the United States District Courts for the District of
    Hawaii Rule 72.3 ......................................................................................1

Local Rules of Practice for the United States District Courts for the District of
    Hawaii Rule 74.1 ........................................................................... 1, 7, 8, 10

**DEFENDANTS JAPAN AIRLINES AND JALWAYS CO., LTD.'S MEMORANDUM IN OPPOSITION TO: (1) PLAINTIFF JACK CRAWFORD'S INTERLOCUTORY APPEAL OF MAGISTRATE JUDGE'S SEPTEMBER 29, 2004 ORDER DENYING PLAINTIFF JACK CRAWFORD'S MOTION TO AMEND COMPLAINT, AND (2) PLAINTIFF MARTIN VENTRESS'S JOINDER IN INTERLOCUTORY APPEAL**

Defendants Japan Airlines ("**JAL**") and JALways Co., Ltd. ("**JAZ**") (collectively, the "**JAL Defendants**") submit the following memorandum in opposition to: (1) Plaintiff Jack Crawford's ("**Crawford**") Interlocutory Appeal of Magistrate Judge Leslie E. Kobayashi's September 29, 2004 Order Denying Plaintiff Jack Crawford's Motion to Amend Complaint ("**Interlocutory Appeal**"), and (2) Plaintiff Martin Ventress's Joinder in *Interlocutory Appeal*.

This memorandum in opposition is submitted under Rules 7 and 72(a) of the Federal Rules of Civil Procedure, 28 U.S.C. § 636(b), and Rules 7.2, 7.5, 72.3, and 74.1 of the Local Rules of the District Courts for the District of Hawaii.

## I.    PROCEDURAL BACKGROUND AND HISTORY

Plaintiffs filed their Complaint on December 23, 2002 in the United States District Court for the Central District of California ("**Complaint**"), against the JAL Defendants and Hawaii Aviation Contract Services ("**HACS**"), alleging employment-related claims under California law. All of Plaintiffs' claims contained in the Complaint alleged that the events underlying the claims (1) had occurred in California and, (2) had violated California's public policies and a specific California statute. *See Complaint, passim.* Plaintiffs alleged *no* events

that touched upon Hawaii's public policies or Hawaii's laws (statutory or common law).  *Id., passim.*

For reasons stated in its Order, and over the objections of Plaintiffs (who insisted that their claims arose under California law and, thus, the matter should be litigated in California)[1], the U.S. District Court in California entered an Order on July 24, 2003 transferring *venue* of  this matter to the District of Hawaii.  Despite the transfer of venue from California to Hawaii, the parties thereafter continued to litigate this case under California law.

More than a year after the change of venue from California to Hawaii, and after several changes of counsel, on August 13, 2004, Crawford belatedly filed a *Motion to Amend Complaint* seeking the Court's approval to "convert" his California law claims to Hawaii law claims and to add a wholly new claim.  On or about August 25, 2004, Plaintiff Martin Ventress ("**Ventress**") joined in Crawford's *Motion to Amend Complaint*.  On August 27, 2004, the JAL Defendants filed their opposition to Crawford's *Motion to Amend Complaint*.  On September 29, 2004, Magistrate Judge Leslie E. Kobayashi issued an order

---

[1]    *See Plaintiffs' Memorandum of Points and Authorities in Opposition to  . . . Transfer the Action to the United States District Court in Honolulu, Hawaii*, dated May 15, 2003.

denying Crawford's *Motion to Amend Complaint* ("**Order Denying Motion to Amend Complaint**").

On October 14, 2004, **fifteen days after** Magistrate Judge Kobayashi issued the *Order Denying Motion to Amend Complaint*, Crawford filed this *Interlocutory Appeal* of that Order ("**Interlocutory Appeal**").  On October 19, 2004, Ventress filed a Joinder in Crawford's *Interlocutory Appeal* ("**Joinder**").

The JAL Defendants' Opposition to the *Interlocutory Appeal* was not due until "eleven (11) calendar days after service" of the *Interlocutory Appeal*.  Thus, the JAL Defendants Opposition to the *Interlocutory Appeal* filed by Plaintiff Crawford was not due until October 25, 2004 and the Opposition to Plaintiff Crawford's Joinder was not due until October 30, 2004.

Procedural events intervened before the JAL Defendants could file their Opposition(s) to the *Interlocutory Appeal*:  On October 20, 2004, Judge King dismissed the entire case on the basis of (a) California's Workers' Compensation exclusivity of remedies statute and (b) the Treaty of Friendship, Commerce, and Navigation between Japan and the United States.  *See Order Severing Defendants and Granting Defendants Japan Airlines And JALways Co., Ltd.'s (1) Motion for Judgment on the Pleadings (Regarding Emotional Distress Claims); and (2) Motion for Judgment on the Pleadings and/or for Summary Judgment (Regarding The FCN Treaty)*, dated October 20, 2004 ("**Dismissal Order**").

In the *Dismissal Order*, this Court expressly acknowledged the pendency of the *Interlocutory Appeal* but, given the dismissal of the entire case, held that the *Interlocutory Appeal* was moot:

> This ruling necessarily MOOTS pending matters by Plaintiffs (1) to reconsider the order denying Plaintiffs' Motion to Amend and (2) to appeal to this District Judge under 28 U.S.C. §636(b)(1) from the ruling denying Plaintiffs' Motion to Amend. Those pending matters are DENIED as MOOT.

*Id.* at p. 10 (emphasis in original). As such, the JAL Defendants did not file their Opposition to the *Interlocutory Appeal* (which, at the time of the *Dismissal Order*, was not yet due pursuant to LR74.1).

The *Dismissal Order* was then appealed by the Plaintiffs and several years of litigation in the Ninth Circuit Court of Appeals followed.

On April 24, 2007, the United States Court of Appeals for the Ninth Circuit reversed that portion of the *Dismissal Order* that had been based on the FCN Treaty and remanded that portion of the case back to this Court for further proceedings, including "consideration" by this Court of the no-longer-moot-*Interlocutory Appeal* (and, *presumably*, Ventress's Joinder therein, although the Ninth Circuit was silent on this point).[2] *See Ventress v. Japan Airlines,* 486 F.3d 1111, 1119 (9th Cir. 2007).

---

[2] As discussed below in Section II, and as the Ninth Circuit noted, neither Plaintiff had appealed the dismissal of the emotional distress claims under

## II.    **SPECIAL PROCEDURAL NOTE**

It is important to note that although the Ninth Circuit ordered this Court to "*consider*" the no-longer-moot *Interlocutory Appeal* upon remand, the Ninth Circuit's remand was only *partial* as the Ninth Circuit had *affirmed* this Court's grant of summary judgment on the Plaintiffs' claims of Intentional Infliction of Emotional Distress ("**IIED**") and Negligent Infliction of Emotional Distress ("**NIED**").  *See Ventress,* 486 F.3d at 1114 n.3 ("The District Court held that the emotional distress claims failed as a matter of California law, and neither of the Plaintiffs appeal[ed] that decision").

Accordingly, the Ninth Circuit did *not* remand Plaintiffs' IIED and NIED claims to this Court (resulting in this Court lacking any further subject matter jurisdiction over the Plaintiffs' IIED and NIED claims).  *See Ventress,* 486 F.3d at 1114 n.3.  Thus, although the *Interlocutory Appeal* is now back before this Court for consideration, even in the unlikely event that the Court was to reverse Magistrate Judge Kobayashi's *Order Denying Motion to Amend Complaint*, this Court would need to make clear that the proposed Amended Complaint, attached to Crawford's *Motion to Amend Complaint*, dated 8/13/04, would need to be *modified*

---

California's Workers' Compensation exclusivity of remedies statute and, thus, this Court's dismissal of the emotional distress claims was ***affirmed***.  *See Ventress,* 486 F.3d at 1114 n.3.

to remove the IIED and NIED claims as those matters have been permanently removed from this case (and forever closed as issues in this case) by way of the Ninth Circuit's affirmance of the dismissal of those claims (and non-remand of those claims).  Given the Ninth Circuit's affirmance of their dismissal, Plaintiffs' IIED and NIED claims cannot be revived by the filing of an amended complaint regardless of how this Court adjudicates the *Interlocutory Appeal* of Magistrate Judge Kobayashi's *Denial of Motion to Amend Complaint*.

### III.    ANALYSIS

#### A.    Both Crawford's Interlocutory Appeal and Ventress's Joinder Were Untimely--this Alone Dooms the Interlocutory Appeal

The Court does not even need to get to the legal merits of this *Interlocutory Appeal* as the record is clear and unequivocal that Crawford's *Interlocutory Appeal* (and Ventress's Joinder therein) were untimely and thus, *void ab initio.*

The record in this case provides the following chronological facts (which are dispositive of this *Interlocutory Appeal*).   Magistrate Judge Kobayashi entered her *Order Denying Plaintiff Jack Crawford's Motion to Amend Complaint* on September 29, 2004.  Crawford did not file the *Interlocutory Appeal* of that order, until October 14, 2004, *i.e.,* **fifteen (15) calendar days later**.  Ventress's Joinder in the *Interlocutory Appeal* was filed on October 19, 2004, *i.e.,* **twenty (20) calendar days** after the appealed-from Order was entered.  Plaintiffs do not dispute these

facts.  Crawford's Supplemental Brief at 2; Ventress's Supplemental Brief at 3.

These chronological facts doom the *Interlocutory Appeal* and the Joinder as

untimely.

In Crawford's *Interlocutory Appeal*, he states that the *Interlocutory Appeal* is

being brought "pursuant to LR74.1 and LR6.1 of the Local Rules of Practice[.]"

*See Interlocutory Appeal* at p. 2.  LR74.1 states that "[a]ny party may appeal from

a Magistrate Judge's order determining a motion or matter . . . **within eleven (11)**

**calendar days from the entry of the order**."  (emphasis added).  LR6.1 defines

the term "calendar days" to include "days that are and days that are not business (or

working) days."  Eleven (11) calendar days from September 29, 2004 was Sunday,

October 10, 2004.  Under FRCP Rule 6, therefore, Crawford's *Interlocutory Appeal*

and Ventress's Joinder needed to be filed no later than Monday, **October 11, 2004**.

But Crawford's *Interlocutory Appeal* was not filed until October **14**, 2004 (*i.e.,*

three days late) and Ventress's Joinder was not filed until October **19**, 2004 (*i.e.,*

eight days late).  Because both the *Interlocutory Appeal* and the Joinder were filed

late, in clear violation of the time deadline set by LR74.1, the Court should not

consider either the *Interlocutory Appeal* or the Joinder as they both were untimely

and, thus, both were *void ab initio*.

### B.    Standard of Review of a Magistrate Judge's Non-Dispositive Order

The remainder of this brief is provided in the event that the Court determines that it wishes to adjudicate the *Interlocutory Appeal* on grounds that are in addition to, or supplemental to, an untimeliness ruling.

Crawford's *Interlocutory Appeal*, Ventress's Joinder, and the Plaintiffs' *Supplemental Briefs* all fail to set forth the legal standard to be applied on an appeal from a Magistrate Judge's order regarding *non*-dispositive matters.  The Plaintiffs likely did so to avoid drawing attention to their failure and complete inability to meet that standard.

This *Interlocutory Appeal* is ***not*** a *de novo* review of what the Magistrate Judge decided.  Instead, under FRCP 72(a), 28 U.S.C. §636(b)(1)(A), and Local Rule ("LR") 74.1, a District Court may only set aside a Magistrate Judge's order of a *non*-dispositive matter on *Interlocutory Appeal*, if it finds the order "clearly erroneous or contrary to law."  *See Whirlpool v. CIT Group/Business Credit, Inc.*, 258 F. Supp. 2d 1140 (D. Haw. 2003) (Ezra, J.) ("Pursuant to Local Rule 74.1, the district court may only set aside a Magistrate Judge's order of *non*-dispositive matters on appeal if it finds the order to be 'clearly erroneous or contrary to law.'") (quoting 28 U.S.C. §636(b)(1)(A) and FRCP Rule 72(a)).  "[T]he district judge must affirm the Magistrate Judge unless the district judge is left with the 'definite and firm conviction that a mistake has been committed.'"  *Id.* at 1142 (quoting

*Burdick v. Commissioner*, 979 F.2d 1369, 1370 (9th Cir. 1992)).  "The reviewing

court may not simply substitute its judgment for that of the deciding court, as it

may under a *de novo* standard."  *Id.* (citing *Grimes v. City & County of San*

*Francisco*, 951 F.2d 236, 241 (9th Cir. 1991)); s*ee also U.S. Pacific Builders, Inc.*

*v. Mitsui Trust & Banking Co.,* 57 F. Supp. 2d 1018, 1024-25 (D. Haw. 1999)

(Kay, J.).

     "The threshold of the 'clearly erroneous' test is high."  *United States v.*

*Gilman*, No. CR 06-00198 SOM (06), 2007 WL 2790741, at *1 (D. Haw. Sept. 21,

2007) (Mollway, J.).  "A clearly erroneous standard is 'significantly deferential,

requiring a definite and firm conviction that a mistake has been committed.'"

*Thorp v. Kepoo*, 100 F. Supp. 2d 1258, 1260-61 (D. Haw. 2000) (Gillmor, J.)

(quoting *Concrete Pipe & Prods. v. Constr. Laborers Pension Trust*, 508 U.S. 602,

623 (1993)); *see also United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)

(a finding is clearly erroneous when despite evidence to support it, the reviewing

court on the entire evidence is left with the definite and firm conviction that a

mistake has been committed); *Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999,

1014 (9th Cir. 1997) (same).

     Furthermore, on appeal, arguments and issues not properly raised before the

lower court are deemed waived, and will not be considered when raised for the first

time on appeal.  *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999); *see also Santiago v. Rumsfeld*, 425 F.3d 549, 559 n.10 (9th Cir. 2005).

### C.    Magistrate Judge Kobayashi's Order is Neither Clearly Erroneous Nor Contrary to Law

As noted above, under FRCP Rule 72(a), 28 U.S.C. § 636(b)(1)(A), and LR74.1, a District Judge only may set aside a Magistrate Judge's order of a *non*-dispositive matter on appeal if it finds the order "***clearly erroneous or contrary to law***."  The burden therefore is on the Plaintiffs to demonstrate how Magistrate Judge Kobayashi's order denying Crawford's *Motion to Amend Complaint* was clearly erroneous or contrary to law.  As discussed below, the Plaintiffs have failed to carry that burden; Magistrate Judge Kobayashi's *Order Denying Motion To Amend Complaint* should be upheld and affirmed.

### (1)    Plaintiffs' Attempt to "Convert" Their California Law Claims to Hawaii Law Claims.

Plaintiffs seek to amend their Complaint to "convert" all of their claims, currently asserted under California law, to claims under Hawaii law.  As Magistrate Judge Kobayashi found, however, the Plaintiffs cannot identify how and why the JAL Defendants could even possibly be implicated under Hawaii law.  This case was filed by Plaintiffs under California law and contains *only* California law claims.  It alleges that the JAL Defendants did things in California that offended the public policies of California and violated a specific California

statutory enactment.  The bottom line is quite simple:  Plaintiffs cannot explain why now, simply because *venue* got transferred to Hawaii (for reasons unrelated to the underlying legal theories) that suddenly whatever the JAL Defendants did no longer offends California's public policies and/or the specific California statutory enactment and, instead, whatever JAL allegedly did now offends Hawaii's public policies and a Hawaii statute.  A change in *venue*, however, does not magically transmogrify legal offenses allegedly occurring under one State's laws into offenses occurring under another State's laws.  And simply because the lawyers in the State to which *venue* was transferred feel more comfortable litigating under the laws of their home State does not mean that offenses that allegedly occurred in the State where the claims originated can simply be made to magically occur in the State to which *venue* has been transferred.  Either California's public policies and statutes were violated or they were not.  That is what the trial of this matter will determine.  But the events alleged involve California's public policies and California's statutory laws, not Hawaii's.  Indeed, Plaintiffs were emphatic in earlier pleadings in this case that Hawaii law should *not* apply to this case:

> [A] substantial part of the events giving rise to Plaintiff's claims did occur **in Los Angeles, California**.  Specifically, Plaintiff Martin Ventress was subjected to four medical and psychological examinations **in California** by Defendants JAL.  Three of the doctors performing those examinations **are located in Los Angeles** and one doctor **is located in Victorville, California**.  In additions, Plaintiff Martin Ventress was terminated from his employment with Defendants on February 18, 2003, by a letter addressed to him **at his**

**Los Angeles address**.  Finally, both Plaintiffs were interviewed and hired by Defendant Hawaii Aviation Contract Services **in California**.

**As the Complaint indicates on its face very few of the events giving rise to Plaintiffs' claims occurred in Hawaii**.  The majority of the events were caused by Defendants JAL or their employees and occurred in foreign countries (Thailand and Japan) and in international airspace.

*Plaintiffs' Memorandum of Points and Authorities in Opposition to . . . Transfer the Action to the United States District Court in Honolulu, Hawaii*, dated May 15, 2003, at p. 2 (emphasis added).

The Plaintiffs then went on to declare emphatically that it was the law of California that allegedly had been offended by the JAL Defendants' actions, and not Hawaii's laws:

It is the public policy of this State [*i.e.,* California] to prevent discrimination in the employment context and this public policy is codified, *inter alia*, in [California] Labor Code section 1102.5 and [California] Government Code section 12940(k).  ***Plaintiffs' claims arise from violations of <u>these</u> statutes . . . .***

*Id.,* at p. 7 (emphasis added).

As Magistrate Judge Kobayashi implicitly determined in denying the *Motion to Amend Complaint*, it would be absurd to apply Hawaii law to events that allegedly offended the laws of California and that occurred in California, Japan and Thailand and regarding which Plaintiffs themselves argue Hawaii has little or no connection or interest.

Even under the liberal standards of Fed. R. Civ. P. 15, Plaintiffs failed to establish the requisite basis for application of Hawaii law to the JAL Defendants and to the case itself.  In denying Crawford's *Motion to Amend Complaint*, Magistrate Judge Kobayashi correctly recognized this inadequacy.  *See Order Denying Motion to Amend Complaint, passim*.  Accordingly, Magistrate Judge Kobayashi's order should be affirmed as it is not "clearly erroneous or contrary to law" and this Court cannot review this case file and develop a "definite and firm conviction that a mistake has been committed."

### (2)    Attempt to Add a Wholly New Claim for Tortious Interference with Contract.

In addition to seeking to "convert" all of the California law claims to become claims under Hawaii law, Plaintiffs also seek to add a wholly new claim for "tortious interference with contract."  Magistrate Judge Kobayashi refused to allow the addition of this claim on the grounds, *inter alia*, of "futility."  *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (denying amendment where amendment of the complaint "would be nothing more than an exercise in futility") ; *see also Hawaiian Navigable Waters Pres. Soc. v. United States*, 823 F. Supp. 766, 776-77 (D. Haw. 1993).  **"Futility of amendment can, by itself, justify the denial of a motion for leave to amend."**  *Bonin*, 59 F.3d at 845 (emphasis added).

The "futility" determination made by Magistrate Judge Kobayashi was not "clearly erroneous or contrary to law" and the law is so clear in this area that it

would be impossible for this Court to arrive at a "definite and firm conviction that a mistake has been committed."  Magistrate Judge Kobayashi was correct in finding that Plaintiffs' request to belatedly add a "tortious interference with contract" claim would be "futile."  *See Order Denying Motion to Amend Complaint,* at pp. 4-7 (setting forth analysis).

With respect to the proposed amended complaint, Plaintiffs continue to seek to maintain their employment-based "termination in violation of public policy" claims.  *See* Proposed Amended Complaint at 11-13.  To do so, and as in the original complaint, Plaintiffs once again seek to allege that they have "entered into employment contracts with Defendants HACS and Japan Air Charter Co. (now known as JALways)."  Complaint ¶¶ 10, 11; Proposed Amended Complaint at 3. If, however, Plaintiffs were *employed* by "Defendants," as they intend to plead in the Proposed Amended Complaint, it is a legal impossibility for them to bring claims for "tortious interference with contract" while ***simultaneously*** pursuing claims for "termination in violation of public policy" and violation of statutory "whistleblower" laws.  The bar to the simultaneous pursuit of such claims (*i.e.,* the "futility" of pursuing such claims simultaneously) is rooted in the simple fact that since Plaintiffs have asserted (and continue to assert) that the JAL Defendants were Plaintiffs' *employers* (as they must since an employer/employee relationship is an essential element to "termination in violation of public policy" and statutory

"whistleblower" claims), they could not tortiously interfere with their own contracts. *Engleman v. Knudsen Corp.*, 121 Lab. Cas. (CCH) ¶10,176, 1991 WL 352521, at *6 (D. Haw. Oct. 30, 1991) (a claim for tortious interference with prospective contract "necessarily requires three parties -- the plaintiff, the defendant, and a third party with whom the plaintiff is attempting to establish a business relationship which defendant disrupts").

The principal illustrated in *Engleman* -- *i.e.,* that a corporation may not interfere with itself -- has been discussed by many other jurisdictions. For example, the Seventh Circuit has stated succinctly: "First it is clear that a party to a contract cannot be held liable for tortiously inducing himself to breach the contract. Only a third party separate from the contracting parties can be liable for such a tort." *Rao v. Rao*, 718 F.2d 219 (7th Cir. 1983); *see also Boers v. Payline Sys., Inc.*, 918 P.2d 432, 435 (Or. Ct. App. 1996) ("While a party to a contract may breach it, it logically impossible for a party to interfere with its own contract."); *Medina v. Spotnail, Inc.*, 591 F. Supp. 190, 197 (N.D. Ill. 1984) ("A party to a contract cannot be held liable for tortiously interfering with that contract.").

Accordingly, since Plaintiffs insist that the JAL Defendants were their employers, Magistrate Judge Kobayashi ruled that it would be "futile" to add a claim for "tortious interference with contract,"---a cause of action whose core and irreducible element is the *absence* of an employer/employee relationship.

Rather bizarrely, Plaintiffs now argue in their *Supplemental Briefs* that while *they* continue to insist that the JAL Defendants were their employers--and, thus, the three parties necessary to support a claim for "tortious interference with contract" are *still* lacking---that the JAL Defendants have asserted a ***defense*** in which the JAL Defendants disclaim an employment relationship and, thus, Plaintiffs should be allowed to amend to add the tortious interference claim in the event that they should *lose* on the merits of all their other claims. *See Plaintiff [Crawford's] Supplemental Brief in Support of Appeal*, filed October 22, 2007, at p. 4 ("In its answer to complaint filed September 9, 2003 JAL and JALways raised as a seventh defense that Plaintiffs were never employees") and *Plaintiff Martin Ventress' Supplemental Brief in Support of Appeal*, filed October 23, 2007, at p. 7 ("If, as Defendants now contend, they were not Ventress' employee [sic], Ventress has the right to assert the [interference with contract] claim").  Plaintiff Ventress then immediately undercuts his own argument and proves why Magistrate Judge Kobayashi's "futility" decision was correct and should be left undisturbed: "If JAL and JALways are later deemed to both be the employers of Plaintiff, the interference with prospective economic advantage cause of action ***is unnecessary***." *Id.* (emphasis added).   In other words, Plaintiffs are well aware that their central theory of the case, *i.e.*, that the JAL Defendants were their employers, is wholly inconsistent with their attempt to now add a claim for "tortious interference with

contract."  Nevertheless, they want to add such a claim as a fall-back position *in the event that they should lose their core claims*.  Magistrate Judge Kobayashi found such a proposal wholly inappropriate (especially as it was being proposed several years after the Complaint had been filed) and "futile" given that Plaintiffs had already selected their theory of the case (which did not involve the JAL Defendants suddenly becoming third party non-employers).

What Plaintiffs seem to fail to grasp is that the "futility" of their proposed amendment is not measured by the defenses set forth by the Defendants but, rather, by their own pleadings (and FRCP 11).  *See Zinermon v. Burch,* 494 U.S. 113, 118 (1990) ("[T]he factual allegations of [the] complaint are taken as true"); *Galbraith v. County of Santa Clara,* 307 F.3d 1119, 1121 (9th Cir. 2002) ("[W]e take the factual allegations of the complaint as true").

In light of cases such as *Engleman*, and Plaintiffs' own admission that the proposed amendment "is unnecessary" given their core theory of the case, Magistrate Judge Kobayashi's decision to deny the proposed amendment on the grounds of "futility" could not possibly rise to the level of being "clearly erroneous or contrary to law" such that this Court could arrive at a "definite and firm conviction that a mistake has been committed."

**D.**    **Permitting the Plaintiffs to Amend Would Result in**
**Substantial and Unfair Prejudice to the JAL Defendants**

This case began in 2002 and has a trial date of June 24, 2008.  Dispositive

motions have been filed and are pending.  *See e.g., [JAL Defendants] Motion for*

*Judgment on the Pleadings (Complete Federal Preemption)*, set for hearing on

January 11, 2008.  The discovery cut-off looms in a few short months.  *See*

*Amended Rule 16 Scheduling Order*, filed August 21, 2007.  The parties have

already begun their pre-trial sprint.  Now Plaintiffs are seeking to completely recast

the entire case and add an entirely new claim and theory, all of which could have

been (and should have been) set forth in their original Complaint or in an earlier

filed request for amendment.  Such belated attempts to restart a case from scratch

are routinely rejected where an "amending party knew or should have known the

facts upon which the amendment is based at the time of the original pleading[.]"

*First Savings & Loan Ins. Corp. v. Alexander*, 590 F. Supp. 834, 839 (D. Haw.

1984) (movant's proposed amendment based on facts surrounding a loan that took

place before the original complaint was filed was rejected).

Both Crawford and Ventress knew or should have known all of the relevant

facts at the time of the Complaint's original filing in December 2002.  Simply put,

there is no way the Plaintiffs did not know where the events and transactions

underlying their claims arose and/or what law they believed was applicable.

Indeed, as noted above, in their *Memorandum of Points and Authorities in*

*Opposition to . . . Transfer the Action to the United States District Court in Honolulu, Hawaii*, dated May 15, 2003, at pp. 2 and 7, Plaintiffs were adamant that the underlying transactions or occurrences were based in California and that California's public policy and statutory laws allegedly had been offended.  In the nearly five years since this case was filed, nothing has changed in terms of Plaintiffs' knowledge of the case and their claims.  All that has happened is that *venue* was transferred from California to Hawaii.  A *venue* transfer does not constitute a change in evidentiary facts that would support a complete revamping of all the existing claims and the addition of new claims (indeed, had Plaintiffs desired to litigate a "tortious interference with contract" claim, they could have included such a claim in their original complaint).  Even after the transfer of venue, Crawford did nothing for more than one year after the action was transferred to the District of Hawaii, and nothing for almost two years since the filing of the original Complaint, before moving the Court for leave to amend.  This was a complete and total lack of diligence that Magistrate Judge Kobayashi held against the Plaintiffs in denying their *Motion to Amend Complaint.*  In this, Magistrate Judge Kobayashi was on firm legal footing:  The length of time alone that elapsed between the time venue was transferred in July 2003 and the date over a year later when Plaintiffs finally (and  belatedly) sought to amend their Complaint was sufficient to constitute undue delay.  *See Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th

Cir. 1990) (a mere eight month delay in moving to amend found sufficient to deny amendment of a complaint; leave to amend denied where plaintiff collected and analyzed requisite facts for amendment, added new attorneys to represent him and then waited another eight months before seeking amendment).

Whether this Court might have ruled otherwise, this is not a *de novo* review and Magistrate Judge Kobayashi's decision was not "clearly erroneous or contrary to law" such that this Court could arrive at a "definite and firm conviction that a mistake has been committed."  As such, Magistrate Judge Kobayashi's denial of the *Motion to Amend Complaint* should be affirmed under the review standards of LR74.1.

## E.    In this Interlocutory Appeal, the Court Cannot Consider "New Evidence"

In his *Supplemental Brief*, Crawford now urges the Court to permit amendment of the Complaint based on "newly discovered evidence."  Crawford's *Supplemental Brief* at p. 6.  This purported "new evidence" is nothing of the kind. In fact, according to Crawford's own *Supplemental Brief*, the "new evidence" was "discovered" in the JAL Defendants' Answer to the Complaint, **filed on September 9, 2003** (in which they denied that Ventress and Crawford were ever employees of the JAL Defendants).  Simply because replacement counsel for Crawford and Ventress apparently have reviewed old pleadings and are just now developing new legal theories based on those pleadings does not mean that "new

evidence" has been discovered.  On this point, Magistrate Judge Kobayashi was
clear:

> [C]ontrary to Plaintiffs' counsels' contentions and although counsel
> themselves may be fairly new to the case, the instant case has been
> ongoing for quite some time and has a long history before this Court.[3]
>
> ***This is not a case where newly discovered evidence has given rise to
> the proposed amendments***.

*Order Denying Motion To Amend Complaint*, at p. 6 (emphasis added).  Despite

this clear finding, and their obligation to provide some form of evidentiary proof to

support their assertion in this *Interlocutory Appeal* to the contrary, Plaintiffs have

done nothing other than to continue to make unsupported rhetorical assertions that

the JAL Defendants' Answer to the Complaint constitutes "new evidence."  Having

---

[3]     *Both* Plaintiffs have once *again* changed counsel.  Each Plaintiff has
terminated *at least* four sets of counsel; as the *Motion to Amend Complaint* and this
*Interlocutory Appeal* shows, each new counsel has come into the case and
attempted to rehash, redo, and improve upon the perceived unsatisfactory work of
his/her predecessor counsel.  Magistrate Judge Kobayashi's comments here clearly
reflected an impatience by the Court with Plaintiffs belief that they may routinely
terminate their existing counsel and hire new counsel to try to start all over again
every few months in an attempt to patch over the errors/deficits of each preceding
set of counsel.  This *Interlocutory Appeal* and Magistrate Judge Kobayashi's
decision to deny amendment of the complaint should be viewed against this
backdrop.  As the judge charged with day-to-day oversight of this matter,
Magistrate Judge Kobayashi was in the best position to determine whether an
amendment of the Complaint was appropriate given the "long history before this
Court."  Accordingly, absent a finding that Magistrate Judge Kobayashi's refusal to
permit amendment of the Complaint was "clearly erroneous," it should be
affirmed.

failed to rebut the Magistrate Judge's findings on this point, the Magistrate Judge's findings should be affirmed.

Even *if* actual new evidence was available (which it is not), such evidence could not be considered by the Court in adjudicating the *Interlocutory Appeal*.  For example, in *Haines v. Liggett Group Inc.*, 975 F.2d 81, 91 (3d Cir. 1992), the Court addressed the differences in the standard of review for appeals of Magistrate Judges' rulings under 28 U.S.C. § 636(b)(1)(A)--the foundation for the ability of Magistrate Judges to hear *non*-dispositive, pretrial matters like Crawford's *Motion to Amend Complaint*--and appeals of Magistrate Judges' rulings under 28 U.S.C. § 636(b)(1)(B) and 28 U.S.C. § 636(b)(1)(C).  Under the former, the standard of review is heavily circumscribed and the District Court may not receive further evidence.  *Id.*

The distinction is important here, because in this *Interlocutory Appeal*, the Court is reviewing a subparagraph (A) *non*-dispositive decision and ***not*** a dispositive matter under subparagraphs (B) and (C).  Accordingly, because this is a subparagraph (A) matter, **the District Court is not permitted to receive further evidence**; it is bound by the record that was before the Magistrate Judge at the time she decided the underlying matter and the "clearly erroneous" standard of review applies.  *See also United States v. Bennett*, No. CR 06-00068 SOM-LEK, 2006 WL 2793170, at \*2 (D. Haw. Sept. 27, 2006) (under §636(b)(1)(A), the district court is

not permitted to receive further evidence). Magistrate Judge Kobayashi's refusal to permit an amendment of the Complaint was a *non*-dispositive decision made under subsection (A) of § 636(b)(1). As such, no "new evidence" can be considered by this Court and this Court can only reverse the decision under review if it finds that decision to be "clearly erroneous or contrary to law" such that this Court could arrive at a "definite and firm conviction that a mistake has been committed." As the record would not permit such a finding, Magistrate Judge Kobayashi's refusal to permit Plaintiffs to amend their complaint is entitled to deference and affirmance.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, the JAL Defendants respectfully request that the Court deny Plaintiff Jack Crawford's *Interlocutory Appeal*, Plaintiff Ventress's Joinder therein, and affirm Magistrate Judge Kobayashi's September 29, 2004 *Order Denying Plaintiff Jack Crawford's Motion to Amend Complaint*.

DATED:  Honolulu, Hawaii, November 2, 2007.

/s/ Andrew L. Pepper
ANDREW L. PEPPER
STEVEN M. EGESDAL
JOSEPH F. KOTOWSKI

Attorneys for Defendants
JAPAN AIRLINES and
JALWAYS CO., LTD.