# ORIGINAL

SHAWN A. LUIZ 6855
810 Richards Street
City Center, Suite 800
Honolulu, Hawaii 96813
Telephone: (808) 538-0500
Facsimile: (808) 538-0600
attorneyLuiz@msn.com



FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

NOV 12 2007

at 4 o'clock and 59 min. P. M. S
SUE BEITIA, CLERK

Attorney for Plaintiff
JACK CRAWFORD

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARTIN VENTRESS<br>AND JACK CRAWFORD,<br><br>Plaintiffs,<br><br>vs.<br><br>JAPAN AIRLINES; JALWAYS<br>CO., LTD., A SUBSIDIARY OF<br>JAPAN AIRLINES; HAWAII<br>AVIATION CONTRACT<br>SERVICES, INC.; AND DOES<br>1-10,<br><br>Defendants. | ) CIVIL NO. 03-451 SPK-LEK<br>) (Civil Rights)<br>)<br>)<br>) PLAINTIFFS' SUPPLEMENTAL <u>REPLY</u><br>) BRIEF IN SUPPORT OF APPEAL AND<br>) REQUEST TO THE DISTRICT COURT TO<br>) RECONSIDER A PRETRIAL MATTER<br>) DETERMINED BY THE MAGISTRATE<br>) JUDGE; CERTIFICATE OF COMPLIANCE;<br>) DECLARATION OF SHAWN A. LUIZ;<br>) CERTIFICATE OF SERVICE<br>)<br>)<br>)<br>)<br>) |

## <u>PLAINTIFFS' SUPPLEMENTAL REPLY BRIEF IN SUPPORT OF APPEAL AND REQUEST TO THE DISTRICT COURT TO RECONSIDER A PRETRIAL MATTER DETERMINED BY THE MAGISTRATE JUDGE</u>

INDEX

A.  The Appeal before Judge King is timely because Crawford simultaneously filed a motion to reconsider in conjunction with his Appeal before Judge King which tolled the time to file an appeal before the Judge King.

p. 2

B. Counter Applicable Standards of Review of Order Denying Motion to Amend Complaint:

p. 8

C.  Magistrate Judge Kobayashi's Order was clearly erroneous and contrary to law

p. 8

D.  JAL Defendants have made no affirmative showing of prejudice to warrant dismissal

p. 9

E.  Newly discovered evidence can be considered

p. 18

F.  Conclusion

p. 19

CASES

Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999)          14

Busam Motor Sales v. Ford Motor Company, 203 F.2d 469,
472 (6th Cir. 1953)          15

Hall v. Kim, 53 Haw. 215 (Haw. 1971)          14

Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000)          14

McNemar v. Disney Store, Inc., 91 F.3d 610, 618-20 (3d Cir. 1996)

10

Mid America Title Co. v. Kirk, 991 F.2d 417, 421 (7th Cir. 1993) cert.

denied, 510 U.S. 932 (1993)          12

Minger v. Green, 239 F.3d 793, 799 (6th Cir. 2001)

12

United States v. Marsh, 2000 U.S. Dist. LEXIS 5291 (D. Hawaii

March 17, 2000), affirmed 2000 U.S. Dist. LEXIS 12551 (2000)

9

FEDERAL RULES

FRCP 8(a)          1, 2

FRCP 8(a)(2)          9

FRCP Rule 8(a)(3)                          10

FRCP 8(F)                                  9

FRCP Rule 15                               7, 15

FRCP Rule 15(c)                            15, 16

FRCP Rule 15(c)(1)                         15

FRCP Rule 15(c)(2)                         15

FRCP Rule 15(c)(3)                         16

FRCP rule 26(a)                            7, 16, 17

FRCP 59(e)                                 5, 6

FRCP Rule 60                               1, 8, 18

FRCP 60(b)                                 5, 6

FRCP Rule 60(b)(2)                         18

FRCP Rule 60(b)(3)                         18

FRCP Rule 60(b)(5)                         18

FRCP Rule 60(b)(6)                         5, 18

## LOCAL RULES

Local Rule 60.1.                           1, 3, 4, 18

Local Rule 60.1 (a)                        4, 8

Local Rule 60.1 (b)                        4

Local Rule 60.1 (c)                          4, 8

Local Rule 60.1 (a)-(c)                      4

Local Rule 74.1                              4

### MISC.

H.R.C.P. Rule 8(f)                           13

Reinstatement (Second) Torts Section 551(2)(c)    10

Plaintiff hereby submits his <u>REPLY</u> in support of his continued request that the Court permit Plaintiff Jack Crawford to amend his complaint to change (1) his California Whistleblower claim to a Hawaii Whistleblower claim as a reasonable jury may find that the JAL Defendants were an "employer" within the meaning of the Hawaii Whistleblower statute and alternatively, (2) to include a tortuous interference with Contract and Economic Advantage as the Defendants denied that they were an "employer" as that term is defined in State Whistleblower Protection Acts. A reasonable jury may find that the JAL Defendants were not an "employer" as that term is defined in State Whistleblower Protection Acts, but rather, that the JAL Defendants tortuously interfered with Crawford's Contract and Economic Advantage with HACS. Despite the JAL Defendants vehement protests, such a proposed amendment is proper under the FRCP as relief plead in the alternative is proper in accordance with FRCP 8(a), or as newly discovered evidence in accordance with FRCP Rule 60 and LR Rule 60.1. Either (1) Plaintiff Jack Crawford had a contract with HACS which JAL and JALWAYS interfered with in a tortuous manner, <u>or in the alternative</u>, (2) JAL Defendants were Crawford's "employer" and violated Crawford's

Hawaii Whistleblower statutory rights. The original complaint was filed on December 23, 2002. JAL Defendants' Answer was not filed until September 9, 2003, over 9 months later. As the Answer was filed over 9 months later, the JAL Defendants denial that they were an "employer" as that term is defined in State Whistleblower Protection Acts, was indeed newly discovered evidence as was the protected agreement between JAL Defendants and HACS. The protected agreement between JAL Defendants and HACS is to the present day still not part of the record as a result of JAL Defendants maneuvering to get the agreement deemed as confidential and required to be filed under seal, prior to either Plaintiff, Crawford or Ventress, ever having the benefit of having reviewed the document which is highly probative in settling the issue as to whether the JAL Defendants are an "employer" or, alternatively, tortuously interfered with Crawford's separate contract with HACS. Either amendment is proper as each may be proved as relief in the alternative pursuant to FRCP 8(a).

A.  The Appeal before Judge King is timely because Crawford simultaneously filed a motion to reconsider in conjunction with his Appeal before Judge King which tolled the time to file an appeal before the Judge King.

Judge King, based on the JAL Defendants 1954 Treaty Motion (ultimately reversed) further held that both the motion to reconsider before Judge Kobayashi <u>and</u> the Appeal to Judge King were <u>both</u> mooted (<u>See</u> docket entry number 112). That said, as a direct result of the JAL Defendants 1954 Treaty Motion, there was no ruling on either, and both are ripe for review in light of the 9th Circuit remand Order of April of 2007. <u>See also</u> docket entry number 114 (Judgment in a civil case).

The Order denying Crawford's motion to amend complaint was filed on 9/29/04. <u>See</u> docket entry number 97.

On October 14, 2004, Crawford moved for reconsideration before Judge Kobayashi of the "Order denying Crawford's motion to amend complaint", filed on 9/29/04 pursuant to LR 60.1. <u>See</u> docket entry number 106. JAL Defendants omitted this crucial fact. <u>See</u> JAL Defendants Opposition filed 10/2/07, generally. ON THAT SAME DAY, Crawford filed his APPEAL AND REQUEST TO THE DISTRICT COURT TO RECONSIDER A PRETRIAL MATTER DETERMINED BY THE MAGISTRATE JUDGE from the "Order denying Crawford's motion to amend complaint was filed on 9/29/04". <u>See</u> docket entry number 107.

Importantly, a Motion to reconsider <u>tolls</u> the time to file any APPEAL TO THE DISTRICT COURT.

Local Rule 74.1 provides in pertinent part:

"Any party may move for reconsideration before the magistrate judge pursuant to LR 60.1. A reconsideration Motion <u>shall toll</u> the time in which any appeal must be taken from the magistrates order."

Local Rule 60.1 (a)-(c) allows three grounds to move for reconsideration of an interlocutory order (discovery of new material facts not previously available which is applicable here (Local Rule 60.1 (a)), <u>namely, Defendants admissions/party admissions in their ANSWER to COMPLAINT and receipt the JAL/HACS agreement;</u> intervening change in law which is not applicable here (Local Rule 60.1 (b)); and manifest error of law or fact which is applicable here (Local Rule 60.1 (c)), <u>namely, futility of amendment based on the 1954 Treaty.</u> Local Rule 60.1 provides in pertinent part:

"Motions asserted under subsection (c) of this rule must be filed not more than ten (10) <u>business </u>days after the courts written order is filed."

Importantly, <u>only subsection (c) has a ten (10) business day limit</u> while <u>subsection (a) and (b) have no such ten (10) business day</u>

4

limit requiring reference to FRCP Rule 60(b)(6) which limits the time in which to seek relief to one (1) year. The "Order denying Crawford's motion to amend complaint" was filed on 9/29/04. The calculation of 10 business days to file is then calculated as follows: Thursday, 9/29/04, the day of the triggering event is excluded from calculation; Friday 9/30/04 is included; Saturday 10/1/04 and Sunday 10/2/04 are excluded; Monday 10/3/04 –Friday 10/7/04 are included; Saturday 10/8/04 and Sunday 10/9/04 are excluded; and Monday 10/10/04 – Thursday 10/14/04 are included. Crawford's 10/14/04 motion for reconsideration to Judge Kobayashi pursuant to LR 60.1 of the 9/29/04 Order denying Crawford's motion to amend complaint was filed 11 business days later however only subsection (c) has a 10 business day limit while subsection (a) has a one (1) year limit for newly discovered evidence. See docket entry number 97, order denying motion to amend complaint. The Answer to Complaint is new evidence as admissions of a party opponent /party-agent opponent. The JAL/HACS agreement likewise is new evidence as admissions/business records. See also docket entry numbers 115 and 116, motion to amend/alter judgment per FRCP 60(b); 59(e) (that the agreement between the JAL Defendants and the HACS Defendants

made the JAL Defendants denial of being Crawford's or Ventress'

"employer" for whistleblower purposes (as set forth in their answer to

complaint) evidence of fraud, misrepresentation, other adversary

misconduct, changed circumstances, and/or in the interests of justice,

proper and appropriate relief from the Judgment or Order pursuant

to FRCP 60(b) or 59 (e)); see also docket entry number 116

(Crawford's motion to reconsider and alter or amend judgment); see

also docket entry numbers 119; 120; and 131 (all three were evidence

regarding filing the JAL/HACS agreement under seal and opposing

motion to alter/amend judgment and further showing evidence that

the JAL Defendants denial of being Crawford's "employer" (for

whistle blower purposes) would not stand when compared with the

agreement between JAL Defendants and HACS which provided

express details as whether any pilot was ultimately "controlled" by

JAL or HACS. See also docket entry number 129 (Judge King's denial

of Reconsideration to both Crawford and Ventress' motions to

reconsider and alter or amend judgment in favor of JAL Defendants).

The timing of Judge King's order denying motions for reconsideration

caused JAL Defendants to scurry and withdraw their motion to have

filed under seal the agreement between JAL Defendants and HACS

which provided details regarding who controlled any pilot, JAL or HACS, as explained and referenced in Ventress' motion. Ventress' former counsel, Carpenter Asui had filed the reconsideration motion without attaching it until the previous protective order was addressed which would have subjected Plaintiffs to sanctions had they filed the actual document as an exhibit attached to their reconsideration motions without first addressing the protective order. What can be adduced from the shameful litigation practices of the JAL Defendants is that they first requested that the JAL/HACS agreement (discoverable or automatically required to be produced pursuant to FRCP rule 26(a)) be disclosed as a confidential protected document requiring court action prior to becoming part of any record in the Plaintiffs' cases prior to Plaintiffs having actual possession of the document to review which would have alerted Plaintiffs to the bad faith denial (JAL Defendants not being Plaintiffs' "employer") by the JAL Defendants in its answer to complaint filed September 9, 2003. JAL and JALWAYS raised as a seventh defense that Plaintiffs were never their "employees". The Plaintiffs were deprived of any meaningful FRCP Rule 15 (rule governing motions to amend) by JALS improper tactical advantage of having secured a protective

order of the JAL/HACS agreement prior to turning it over to

Crawford and Ventress at the time of review of their motion to amend

by the Magistrate Kobayashi and Judge King. The case then was

packaged and sent to the 9th Circuit where the 1954 Treaty Dismissal

was reversed and the case remanded for further proceedings

including consideration of the Motion to Amend.

B. Counter Applicable Standards of Review of Order Denying Motion
to Amend Complaint:

LR 60.1 (c) provides that manifest error of law or fact may be

considered (Motion for Reconsideration) and FRCP Rule 60 and LR

60.1 (a) provides that newly discovered evidence may be considered

(Motion for Reconsideration).

C. Magistrate Judge Kobayashi's Order was clearly erroneous and
contrary to law

Magistrate Judge Kobayashi's Order was clearly erroneous and

contrary to law as it was premised on: (1), an erroneous presumption

that the Treaty would result in mandatory dismissal of Crawford's

December 23, 2002 Complaint making amendments futile; and, (2),

Crawford's Motion to Amend Complaint was erroneously subjected to

a heightened standard of review in light of the JAL Defendants

pending motion to dismiss and or summary judgment on all claims.

8

Crawford proved that Defendants 1954 Treaty Argument was completely inapplicable and meritless (after successful appeal and remand from the 9th Circuit), but not until Crawford was damaged by not only having his motion to amend complaint reviewed under the erroneous standard, but compounded by the delay to prosecute his case from October 20, 2004 until April of 2007 (31 months). In order for a motion for reconsideration to succeed it must demonstrate some reason why the court should reconsider its prior decision, and it must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior ruling. United States v. Marsh, 2000 U.S. Dist. LEXIS 5291 (D. Hawaii March 17, 2000), affirmed 2000 U.S. Dist. LEXIS 12551 (2000).

Rule 8(a)(2) of the *Federal Rules of Civil Procedure* requires that "all pleadings shall be construed as to do substantial justice." *FRCP* 8(F). Technical rules of pleading are frowned upon. JAL Defendants cannot make a compelling case of unfair surprise or prejudice by Crawford's proposed amendments. In December of 2002 when Crawford pled his complaint on the theory that JAL Defendants were his employer, they countered in their answer that they were not Crawford's employer and have maintained throughout

this litigation that Crawford has a contractual agreement with HACS not JAL Defendants and HACS is Crawford's "employer" not JAL Defendants.  JAL Defendants cannot have it both ways because either they are Crawford's "employer" and violated Crawford's Hawaii Whistleblower statutory rights, or in the alternative, they are not Crawford's "employer" and tortuously interfered with Crawford's contractual rights with HACS. Since all pleadings are to be construed as to do substantial justice, the Plaintiff adequately alleged proposed amendments to his complaint. FRCP Rule 8(a)(3) allows alterative relief being sought.  As the majority of delay in this case was caused by JAL Defendants' motion for change of venue and subjecting Crawford to a 31 months delay by their improper 1954 Treaty Motion, the delays in amendment to the complaint must be attributed to JAL Defendants not Crawford.  The doctrine of judicial estoppel prevents a party from adopting a position in a legal proceeding contrary to a position successfully argued by that party in a previous legal proceeding. Judicial estoppel protects the "integrity of the judicial process" and prevents a party from attempting to play "fast and loose with the courts." See McNemar v. Disney Store, Inc., 91 F.3d 610, 618-20 (3d Cir. 1996).  There is no prejudice to JAL Defendants as the

proposed amendments are directly proposed in response to JAL

Defendants claiming that they are not the "employer".

The proposed amendments insure Crawford a remedy either

with a whistleblower claim (JAL Defendants being an "employer") or

tortous interference with a contract/prospective business advantage

(HACS being Crawford's "employer"). Clearly both JAL Defendants

and HACS had the duty to disclose these facts to the Plaintiff

Crawford as to "will the real employer please stand up" that is

described in detail in <u>Reinstatement (Second) Torts Section</u> 551(2)(c):

> One party to a business transaction is under a
> duty to exercise reasonable care to disclose to
> the other before the transaction is
> consummated, subsequently acquired
> information that he knows will make untrue
> or misleading or previous representation that
> we made was true or believe to be so

The motivation for the JAL Defendants to withhold these facts

and allow the plaintiff to prepare and submit a complaint naming JAL

Defendants as an "employer" without bringing a tortuous interference

with a contract/prospective business advantage count are clearly

apparent on their face.

Plaintiff is not required to identify a specific legal theory, and

labeling a complaint with an incorrect theory is not fatal.  See <u>Mid</u>

America Title Co. v. Kirk, 991 F.2d 417, 421 (7th Cir. 1993) (consistent with obligation to construe complaints liberally, the pleader is not required to identify a specific legal theory, and labeling a complaint with an incorrect theory is not fatal), cert. denied, 510 U.S. 932 (1993); Minger v. Green, 239 F.3d 793, 799 (6th Cir. 2001) (construing claim labeled as "negligent misrepresentation" which would have been barred by discretionary function doctrine as one for intentional misrepresentation which could go forward).

Likewise Crawford is attempting to amend the original complaint to include alterative forms of relief as JAL defendants plead in their answer after the original complaint was filed that they were not Crawford's "employer", but the JAL/HACS confidential agreement which would be required to be filed under seal, appears to be in direct conflict with such a denial.

Thus, while JAL Defendants assert that Plaintiffs have not been diligent in amending the complaint, and that their request should be denied as being not timely enough, it was JAL Defendants in the first place that have caused numerous procedural delays (preventing any meaningful substantive review of Plaintiffs claims) by JAL Defendants themselves changing venue from California to Hawaii;

compounded by JAL Defendants denying being the "employer";

compounded by releasing the JAL/HACS agreement subsequent to

the original complaint being filed; compounded by JAL Defendants

obtaining a flawed dismissal in October 2004 (which was reversed in

April of 2007 by the 9th Circuit); compounded by the JAL/HACS

agreement never being brought before the court as the JAL

Defendants moved for the JAL/HACS agreement to be filed under

seal after Crawford and Ventress moved for relief to alter or amend

the judgment of dismissal; compounded by the fact that the motion to

alter or amend judgment was denied prior to JAL Defendant motion

being heard which would had required the filing under seal of the

JAL/HACS agreement.  Without the JAL/HACS agreement being part

of the record under seal where the court would have the benefit to

review the substance of it Crawford is being deprived of the court's

determination as to whether JAL Defendants are a "employer"

(triggering whistleblower protections) or not an "employer"

(triggering tortuous interference with the HACS contract by JAL

Defendants).

> We believe that the mandate of H.R.C.P. Rule 8(f)
> that "all pleadings shall be so construed as to do
> substantial justice" epitomizes the general principle

underlying all rules of H.R.C.P. governing pleadings, and by the adoption of H.R.C.P. <u>we have rejected "the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome" and in turn accepted "the principle that the purpose of pleading is to facilitate a proper decision on the merits</u>." Conley v. Gibson, at 48.

Accordingly, under Rule 8(a)(1) "a complaint is sufficient if it sets forth 'a short and plain statement of the claim showing that the pleader is entitled to relief.' <u>The rule is satisfied if the statement gives the defendant fair notice of the claim and the ground upon which it rests. It is not necessary to plead under what particular law the recovery is sought</u>." United States v. Missouri-Kansas-Texas R.R., supra at 476. <u>Here defendant Kim could not have been misled as to the basis upon which the plaintiffs were alleging that he was liable to restore to the State Treasury the sums of money paid the defendant employees</u>. Hall v. Kim, 53 Haw. 215 (Haw. 1971)

Crawford's allegations are to be deemed in light of the nature of the claim or right, not the form of the pleading. The foregoing shows that Plaintiff set forth a short statement that shows that Crawford is entitled to relief. <u>See</u> Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (leave to amend should be granted-even if not requested-unless district court determines that the amendment if futile; <u>Bowles v. Reade</u>, 198 F.3d 752, 758 (9th Cir. 1999) ("undue delay by itself ... is insufficient to justify denying a motion to amend"); <u>see also</u> <u>Busam</u>

<u>Motor Sales v. Ford Motor Company</u>, Rule 15 amendment is not barred simply because it raises new issue of law).

D. JAL Defendants have made <u>NO AFFIRMATIVE SHOWING OF PREJUDICE TO WARRANT DISMISSAL</u>

The JAL Defendants have made no showing of prejudice to justify dismissal other than the mere passage of time, the majority of which can be directly attributed to JAL Defendants' Motions for a change in venue and 1954 FTC Treaty.  The JAL Defendants has made no showing of lost evidence as there is nothing in the record to support any loss of evidence; all pertinent witnesses are currently still available; all pertinent documents are currently still available.  There is only prejudice to Plaintiff in loosing a career and not having redress in the courts.  <u>Relation back of amendments also counters JAL Defendants arguments to any claimed prejudice.</u>

Federal Rules of Civil Procedure, Rule 15, Amended and supplemental pleadings, provides in relevant part:
...(c) <u>Relation back of amendments. An amendment of a pleading relates back to the date of the original pleading when</u>

 (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
 (2) <u>the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be</u>

set forth in the original pleading, or

(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Plaintiffs' claim asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading of December of 2002.

JAL Defendants have made no showing of prejudice discovery other than the mere passage of time for which they are considerably at fault by causing with delays their venue motion compounded by their ill gotten gins with their improper 31 month delay due to 1954 FTC Motion. There is no prejudice to JAL Defendants as no substantial discovery was ever commenced (in fact the record prior to appeal to the 9th circuit notes no certificate of services regarding discovery having ever been filed and if there was any informal, it is not in the record); it appears that not until 2007 did all the parties file 26(a) disclosures with the current complement of counsel for each party; the case was dismissed by Judge King prior to the commencement of any formal discovery; the amendment relates back

16

pursuant to FRCP Rule 15(c); the only prejudice was caused by JAL
Defendants in that they decided to transfer the December 23 2002
case to Hawaii which resulted in 6 months of delay May 5, 2003 (JAL
Defendants file motion to transfer venue to Hawaii District Court) -
11/17/03 (Order by Judge David Allen Ezra setting rule 16 conference
for 11/17/03); followed by an improper 1954 Treaty Motion which
delayed the case until being reversed on appeal but not prior to
causing prejudice of delay to plaintiffs from 2004 till the remand of
the 9th circuit in April of 2007 and subsequent re-setting of trial dates
in 2007.

On August 13, 2004 plaintiff Jack Crawford filed a notice of
motion to amend complaint. JAL defendants improper motion for
judgment on the pleadings and or summary judgment on all claims
filed August 11, 2004 prevented plaintiff Jack Crawford's August 13,
2004 motion to amend complaint from ever substantively been
considered by magistrate Kobayashi. The improper 1954 Friendship
Treaty dismissal compounded prejudice to plaintiff Jack Crawford's
motion to amend the complaint as the JAL Defendants' improper
dismissal motion caused the motion for reconsideration before
magistrate Kobayashi to be denied as moot by Judge King. Judge

King's denial of Jack Crawford's motion to amend complaint was likewise due to a JAL Defendants' 1954 Friendship Treaty dismissal motion.

As the court docket's silence regarding the serving of any discovery (no certificate of service noted) from December of 2002 until plaintiff Jack Crawford's current counsel of record, Shawn A. Luiz, attorney-at-law propounded a sole discovery request (plaintiff Jack Crawford's first request for production of documents) to JAL defendants, Crawford must be allowed to amend his complaint.

E.  Newly discovered evidence can be considered

Newly discovered evidence can be considered pursuant to FRCP Rule 60 and LR 60.1 as the JAL/HACS contract shows the very essence of the contract is to have a "fall guy" (HACS) for JAL Defendants which would be improper.  See FRCP Rule 60(b)(2), (3), (5),and (6) In its answer to complaint filed September 9, 2003 JAL and JALWAYS raised as a seventh defense that Plaintiffs were never employees which goes against the very essence of the contract between JAL and HACS, namely HACS only provided qualified personal to fly plans for JAL.   HACS is no more than a facilitator of

18

JAL Defendants acquiring qualified personnel to fly its planes for its profit.

F.    CONCLUSION

Plaintiff hereby requests that District court permit Plaintiff Jack Crawford to amend his complaint to change (1) California Whistleblower claim to Hawaii Whistleblower claim and to (2) include a tortuous interference with Contract and Economic Advantage. As an officer of the court, current Counsel for Plaintiff Jack Crawford, also respectfully requests the District Judge, the Honorable Samuel King, issue an order directing JAL Defendants to file the JAL/HACS agreement under seal in order that it be at the court's disposal in deciding the instant motion to amend the complaint where the court would have the benefit to review the substance of it. Otherwise Crawford is being deprived of the court's reasoned determination as to whether JAL Defendants are an "employer" (triggering whistleblower protections) or not an "employer" triggering tortuous interference/ economic advantage with the HACS contract.

DATED:  Honolulu, Hawaii, November 12, 2007.

SHAWN A. LUIZ
Attorney for Plaintiff
JACK CRAWFORD