CARLSMITH BALL LLP

ANDREW L. PEPPER            5141-0
STEVEN M. EGESDAL          4511-0
JOSEPH F. KOTOWSKI, III    7973-0
ASB Tower, Suite 2200
1001 Bishop Street
Honolulu, Hawaii 96813
Tel No. 808.523.2500
Fax No. 808.523.0842
apepper@carlsmith.com
segesdal@carlsmith.com
jkotowski@carlsmith.com

Attorneys for Defendants
JAPAN AIRLINES and JALWAYS CO., LTD.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARTIN VENTRESS and JACK CRAWFORD,<br><br>      Plaintiffs,<br><br>   vs.<br><br>JAPAN AIRLINES; JALWAYS CO., LTD.; HAWAII AVIATION CONTRACT SERVICES, INC.; and DOES 1-10, inclusive,<br><br>      Defendants. | CIVIL NO.  03-00451 SPK-LEK<br><br>DEFENDANTS JAPAN AIRLINES' AND JALWAYS CO., LTD.'S **SUR-REPLY** TO PLAINTIFFS' SUPPLEMENTAL REPLY BRIEF IN SUPPORT OF APPEAL AND REQUEST TO THE DISTRICT COURT TO RECONSIDER A PRETRIAL MATTER DETERMINED BY THE MAGISTRATE JUDGE, FILED ON NOVEMBER 13, 2007; CERTIFICATE OF SERVICE<br><br><br>Trial Date:  June 24, 2008 |

**DEFENDANTS JAPAN AIRLINES' AND JALWAYS CO., LTD.'S
SUR-REPLY TO PLAINTIFFS' SUPPLEMENTAL REPLY BRIEF IN
SUPPORT OF APPEAL AND REQUEST TO THE DISTRICT COURT TO
RECONSIDER A PRETRIAL MATTER DETERMINED BY THE
MAGISTRATE JUDGE, FILED ON NOVEMBER 13, 2007**

### (1)    Summary of Sur-Reply Argument[1]

Crawford's *Supplemental Reply Brief in Support of Appeal* (filed 11/12/07),

argues that the *Interlocutory Appeal* was not untimely because his filing of a

*Motion For Reconsideration* "tolled" the deadline for the filing of such an appeal,

under LR74.1.  In this case, however, Crawford's *Motion For Reconsideration* was

filed *after* the expiration of the deadline set by LR74.1 for the filing of the

*Interlocutory Appeal*.[2]  An expired deadline cannot be "tolled" by an event that

occurs *subsequent to or after* the expired deadline.  It appears that Crawford is now

arguing a theory of *retroactive* tolling.  However, tolling is *prospective*; once a

---

[1]    This sur-reply responds only to the arguments of Plaintiff Crawford's *Supplemental Reply Brief*.  Plaintiff Ventress's *Supplemental Reply Brief* was filed on 11/15/07, in violation of this Court's order that it be filed no later than "7 days of the filing of the Opposition." *See Minutes* (10/09/07).  The JAL Defendants filed their Opposition on November 2, 2007.  Ventress's *Supplemental Reply Brief*, filed on November 15, 2007, was not filed within "7 days" of the Opposition (even taking FRCP 6(a) into account).  As such, the Court should refuse to consider Ventress's *Supplemental Reply Brief.*

[2]    In his *Supplemental Reply Brief in Support of Appeal*, Crawford does not dispute the chronology set forth in the JAL Defendants' *Memorandum in Opposition* (filed 11/2/07) to the *Interlocutory Appeal*.  What appears to be in dispute is whether an expired deadline can be *retroactively* revived and "tolled" after the deadline for the doing of a certain act (here, the filing of the *Interlocutory Appeal*) by the after-the-deadline filing of a motion for reconsideration.

deadline has passed, it cannot be tolled.  The arrow of time of court rules flies in only one direction; it does not fly in loops to save litigants who have missed key deadlines.  *See, e.g., Reid Products, Inc. v. Westport Ins. Corp.*, 400 F.3d 1118, 1119 (9th Cir. 2005) (plaintiff's motion for reconsideration did not toll time in which plaintiff had to file notice of appeal, where motion for reconsideration was filed after period for filing notice of appeal had already run).

### (2)    The Motion For Reconsideration Was Filed *After* The Deadline To File The *Interlocutory Appeal* Had Already Expired

Crawford's *Motion For Reconsideration* could only toll (and thus, salvage) his *Interlocutory Appeal* if the *Motion For Reconsideration* itself was filed **before** the deadline to file the *Interlocutory Appeal*.  *Id.*  It was not.

The facts are very simple and involve only two dates.  The deadline to file the *Interlocutory Appeal* under LR74.1 was "eleven (11) *calendar* days from the entry of the September 29, 2004 order.  Thus, the deadline to file the *Interlocutory Appeal* was Monday, October 11, 2004.  Under LR74.1, had Crawford (or Ventress) filed a motion for reconsideration **prior** to Monday, October 11, 2004, their deadline to file the *Interlocutory Appeal* would have been tolled.  *See* LR74.1 ("A reconsideration motion shall toll the time in which any appeal must be taken from the magistrate judge's order").  However, neither Plaintiff Crawford nor Plaintiff Ventress filed a motion for reconsideration **before** Monday, October 11,

2.

2004. As such, they lost their ability to toll the deadline for the filing of the *Interlocutory Appeal*. Indeed, Crawford did not file his *Motion For Reconsideration* until Thursday, October 14, 2004, which was three days *after* the deadline to file the Interlocutory Appeal had expired, and Ventress did not file his *Joinder* until Tuesday, October 19, 2004 (which was eight days *after* the deadline to file the *Interlocutory Appeal* had expired).

Thus, by the time that Crawford filed his *Motion For Reconsideration*, and Ventress filed his *Joinder* thereto, the deadline to file the *Interlocutory Appeal* had expired and there was nothing to "toll." As noted above, a date or deadline can only be "tolled" if it has not yet expired since the concept of "tolling" is one of *prospective* relief from an *upcoming* deadline. Once the deadline has passed, such a deadline cannot be tolled *retroactively* as time does not fold back upon itself. *Reid*, 400 F.3d at 1119.

Crawford's *Motion For Reconsideration* was filed too late to toll or otherwise influence the already-expired deadline for the filing of the *Interlocutory Appeal*. Thus, the *Interlocutory Appeal* was untimely as it was not filed by the deadline of Monday, October 11, 2004.

## B.    CRAWFORD'S "NEW EVIDENCE" ARGUMENTS ARE UNSUPPORTED IN LAW AND BY FACT

Crawford insists that the JAL Defendants' *Answer* to the *Complaint* constitutes "new evidence" that justifies a reopening of Magistrate Judge

3.

Kobayashi's denial of the *Motion to Amend Complaint*. Crawford also claims that, in addition to the "new evidence" presented in the JAL Defendants' *Answer*, that a purported agreement between JAL and Defendant Hawaii Aviation Contract Services, Inc. ("HACS") is "new evidence" that requires reversal of the Magistrate Judge's denial of the *Motion to Amend Complaint.* Both arguments are wrong and must fail.

With respect to the purported agreement between JAL and HACS, Crawford did not argue such "new evidence" as a basis for either his *Motion for Reconsideration* or his *Interlocutory Appeal*. Instead, those papers indicate that Crawford argued only that Judge Kobayashi's Order was incorrect on the law, the facts, or both. *See Motion For Reconsideration and Interlocutory Appeal, passim.* Therefore, even if actual "new evidence" is *now* available (which it is not),[3] Crawford did not rely on that as a basis for his *Interlocutory Appeal* and, thus, such "new evidence" cannot be considered for the first time during this *Interlocutory Appeal*.

---

[3]  Even if new evidence is *now* available, under U.S.C. § 636(b)(1)(A), a District Court is not permitted to receive further evidence while reviewing an interlocutory appeal of an order. *See Haines v. Liggett Group Inc.*, 975 F.2d 81, 91 (3d Cir. 1992); *see also United States v. Bennett*, No. CR 06-00068 SOM-LEK, 2006 WL 2793170, at *2 (D. Haw. Sept. 27, 2006) (under § 636(b)(1)(A), the district court is not permitted to receive further evidence).

Plaintiffs' argument that the JAL Defendants' *Answer* is "new evidence," grossly misstates blackletter law.  An *Answer* to a Complaint is a *pleading*.  FRCP 7(a).  Assertions in pleadings are not evidence.  *See*, *e.g.*, *United States v. Zermeno*, 66 F.3d 1058, 1062 (9th Cir. 1995) (assertions in pleadings are not evidence)*; In re Grand Jury Subpoena*, 419 F.3d 329, 336 (5th Cir. 2005) (same); *Jupiter v. Ashcroft*, 396 F.3d 487, 491 (1st Cir. 2005) ("[A]ssertions in pleadings or legal memoranda are not evidence and do not establish material facts."); *Central Illinois Light Co. v. Consolidation Coal Co.*, 349 F.3d 488, 493 (7th Cir. 2003) (denials in pleadings and briefs are not evidence).

Crawford's argument that the *Answer* to the Complaint is *evidence* (new or otherwise) is unequivocally wrong.

## II.    <u>CONCLUSION</u>

The Court should deny Plaintiff Crawford's *Interlocutory Appeal*, Plaintiff Ventress's Joinder therein, and affirm the Magistrate Judge's September 29, 2004 *Order Denying Motion to Amend Complaint*.

DATED:  Honolulu, Hawaii, November 16, 2007.


/s/ Andrew L. Pepper
ANDREW L. PEPPER
STEVEN M. EGESDAL
JOSEPH F. KOTOWSKI, III

Attorneys for Defendants
JAPAN AIRLINES and
JALWAYS CO., LTD.