IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARTIN VENTRESS and JACK CRAWFORD, <br><br> Plaintiffs, <br> v. <br><br> JAPAN AIRLINES; JALWAYS CO., LTD., a subsidiary of Japan Airlines; HAWAII AVIATION CONTRACT SERVICES, INC.; ET AL. <br><br> Defendants. <br> _____ | ) Civ. Nos. 03-00451 SPK-LEK <br> )             07-00581 SPK-LEK <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

ORDER AFFIRMING ORDER DENYING
MOTION TO AMEND COMPLAINT

On September 29, 2004, United States Magistrate Judge Leslie E. Kobayashi issued an order denying Plaintiff Jack Crawford's Motion to Amend Complaint. The Motion to Amend basically sought to "convert" the California state-law claims to Hawaii state-law claims in this diversity action. Venue in this action had been transferred from California to Hawaii pursuant to 28 U.S.C. § 1404(a).

On October 14, 2004, Crawford filed (1) a Motion for Reconsideration of that order and (2) an Appeal to this Court of that order under Local Rule 74.1. On October 19, 2004, Plaintiff Martin Ventress filed a joinder in both the Motion for

1

Reconsideration and the Appeal. A week later, this Court granted judgment on the pleadings in favor of Defendants Japan Airlines and JALWAYS Co., Ltd. (collectively "JAL"), which rendered moot the motion for reconsideration and the LR 74.1 Appeal.

Subsequently, on April 24, 2007, the Ninth Circuit affirmed in part, and reversed and remanded in part. See Ventress v. Japan Airlines, 486 F.3d 1111 (9th Cir. 2007). The Ninth Circuit reinstated the California whistle-blower and wrongful-termination counts, and remanded for further proceedings. It also noted that the dismissal of the emotional distress counts had not been appealed. Id. at 1114 n.3. Importantly for present purposes, the Ninth Circuit also instructed this Court to consider Plaintiffs' Motion to Amend the Complaint to add claims under Hawaii law. Id. at 1119. That is, proceedings regarding the LR 74.1 Appeal were no longer moot.

After a briefing schedule was set, the parties were allowed to file new memoranda on the issues. Supplemental briefs in support, an opposition, replies, and a sur-reply were filed. The matter is now ripe for decision.

Initially, the Court agrees with JAL that the LR 74.1 Appeal filed in October 2004 was probably filed late. An appeal from an order of a U.S. Magistrate Judge is to be filed within 11 calendar days from entry of the order. Plaintiff Crawford's

appeal was not filed until 15 days after entry on September 29, 2004 – at least 3 days late (allowing for expiration on October 11, 2004, which was the first working day after the 11-day period). Tolling would not apply because a motion for reconsideration before Judge Kobayashi was also filed late. It is not clear whether Fed. R. Civ. P. 6(e) would apply to extend the deadline.

Nevertheless, the Court will consider the Appeal on its merits, given an expansive reading of the particular language of the Ninth Circuit's opinion. See id. at 1119 ("On remand, the district court shall consider plaintiffs' motion to amend the complaint to state claims under Hawaii state law."). Such an appeal is reviewed under a clearly erroneous or contrary to law standard. See LR 74.1.

Plaintiffs argue that -- after the action was transferred to this Court from the California district court -- this Court applies the substantive law of Hawaii. See Plaintiff Crawford's Supplemental Brief of October 22, 2007, at 6 ("When venue is improper in transferor court, transferee court should apply law of state in which it sits.") (citation omitted). This is only partially correct.

It is true that, after venue is transferred under 28 U.S.C. § 1406(a), the Court would first apply substantive Hawaii conflicts law to determine whether Hawaii substantive tort law should apply. See Nelson v. Int'l Paint Co., 716 F.2d 640, 643 (9th Cir. 1983); Jackson v. West Telemarketing Corp. Outbound, 245 F.3d 518,

3

523 (5th Cir. 2001). The Court would apply Hawaii choice-of-law principles as set forth in cases such as Peters v. Peters, 63 Haw. 653, 634 P.2d 586 (1981) and Lewis v. Lewis, 69 Haw. 497, 748 P.2d 1362, 1365 (1988), to determine which state's law was most logical to apply.

However, the opposite rule applies if venue is transferred under 28 U.S.C. § 1404(a) as a matter of convenience for the parties and witnesses. See Van Dusen v. Barrack, 376 U.S. 612, 637-39 (1964); Muldoon v. Tropitone Furniture Co., 1 F.3d 964, 965 (9th Cir. 1993). That is, if venue is changed for convenience under § 1404(a), in a diversity case, the new court must apply the law of the state in which the action was originally filed. The rationale is that if the matter is transferred under § 1406(a) for lack of personal jurisdiction in the original state, then the state-law from the original jurisdiction should not apply. But if the matter is transferred for convenience, the original state's law applies. Muldoon, 1 F.3d at 965; see also Manley v. Engram, 755 F.2d 1463, 1467 n.10 (11th Cir. 1985) ("However, where venue and jurisdiction are proper in the original forum, but a § 1404(a) transfer is granted for the convenience of the parties and witnesses, the transferee court must apply the same state law that the transferor court would have applied."). As the Supreme Court reasoned, "[a] change of venue under § 1404(a) generally should be, with respect to state law, but a change of courtrooms." Van

Dusen, 376 U.S. at 821.

Thus, the matter depends upon which type of change-of-venue was granted by the California district court when this action was initiated here in 2003. If venue was changed to Hawaii because it could not have been brought in California, then Hawaii law should apply (or at least Hawaii conflicts law should apply). But if venue was transferred as a discretionary matter applying § 1404(a) factors, then California law should apply.

A review of Judge Nora Manella's Order of July, 24, 2003, clearly indicates that the matter was transferred to Hawaii as a matter of convenience. Judge Manella first denied Defendant Hawaii Aviation Contract Services, Inc.'s (HACS') request to dismiss the matter for lack of venue under 28 U.S.C. § 1391(a)(1), reasoning that both Defendants could be considered California residents for purposes of venue. See Order of July 23, 2003, at 5. She then analyzed whether the matter should be transferred to Hawaii under § 1404(a), which was alternate relief sought by HACS. Id. at 6. She analyzed many factors, including the convenience of witnesses and parties, location of potential evidence, and the interests of justice. Id. at 6-14. After weighing all such factors, the matter was transferred to Hawaii pursuant to § 1404(a).

Accordingly, under case law such as Van Dusen, Muldoon, and Manley, the

Court is obligated to apply the law of state in which the action was originally filed (absent a clear choice-of-law clause such as what might exist in the HACS contract with Plaintiffs as to claims against HACS – something that is not part of these proceedings).[1]

Given that presumption, the Court finds that Judge Kobayashi's September 29, 2004, Order is neither clearly erroneous nor contrary to law. Plaintiffs chose through prior counsel to bring only California state-law claims (and no federal claims). They previously argued strenuously that California's interest were paramount. After the matter was transferred to Hawaii, they waited nearly a year before attempting to amend to convert the California-law claims to Hawaii-law claims. The motion was not filed until a substantive motion was pending against the original complaint. And, ultimately, it is far from clear that Hawaii law is much different from California law on the merits. (Ventress also seeks belatedly to add a federal claim under 49 U.S.C. § 42121 -- which would be a claim that was not part of the original motion -- but provides absolutely no indication that the necessary administrative remedies were exhausted.) Given such circumstances, the Court agrees with Judge Kobayashi that the Motion to Amend should be denied.

---

[1] No one has argued – and it was not a basis for seeking to amend – that Hawaii law would have applied even if venue had not been changed.

For the foregoing reasons, the September 29, 2004, Order Denying Plaintiff Crawford's Motion to Amend is AFFIRMED.

IT IS SO ORDERED.

DATED: November 28, 2007.



_____
Samuel P. King
Senior United States District Judge

Ventress v. Japan Airlines, Inc., Civ. Nos. 03-00451 SPK-LEK, and 07-581 SPK-LEK, ORDER AFFIRMING ORDER DENYING MOTION TO AMEND COMPLAINT