# MINUTES

| | |
|---|---|
| CASE NUMBER: | CIVIL NO. 07-00581SPK-LEK |
| CASE NAME: | Martin Ventress vs. Japan Airlines |
| ATTYS FOR PLA: | |
| ATTYS FOR DEFT: | |
| INTERPRETER: | |

| | | | |
|---|---|---|---|
| JUDGE: | Leslie E. Kobayashi | REPORTER: | |
| DATE: | 12/12/2007 | TIME: | |

COURT ACTION:  EO: COURT ORDER GRANTING WILLIAM FENTON SINK'S MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF MARTIN VENTRESS

      On November 27, 2007, William Fenton Sink, Esq., filed the instant Motion to Withdraw as Counsel for Plaintiff Martin Ventress ("Motion").  Mr. Sink filed a supplemental exhibit in support of the Motion on December 4, 2007.  Defendants Japan Airlines and Jalways Company, Limited (collectively "JAL Defendants") and Defendant Hawaii Aviation Contract Services ("HACS") filed position statements on November 30, 2007 and December 6, 2007, respectively.  This matter came on for hearing on December 10, 2007.  Mr. Sink appeared on behalf of Plaintiff Martin Ventress ("Plaintiff"), who also participated by telephone.  Andrew Pepper, Esq., and Gary Grimmer, Esq., appeared on behalf of JAL Defendants, and Carl Osaki, Esq., appeared on behalf of HACS.  After careful consideration of the Motion, the parties' submissions, and the arguments of counsel, Mr. Sink's Motion is HEREBY GRANTED for the reasons set forth below.

      Plaintiff originally filed the instant employment discrimination action in the United States District Court for the Central District of California.  The case was transferred to the District of Hawai`i on August 20, 2003.  Mr. Sink has recently served as Plaintiff's attorney in both the litigation and the arbitration against HACS.  This is the fourth time that Plaintiff's counsel has moved to withdraw.  Plaintiff represented himself pro se for over two years until retaining Mr. Sink in August 2007.

      In the instant Motion, Mr. Sink states that he believes that Plaintiff has a viable case, but that Plaintiff's valuation of the case is not realistic.  He also believes that Plaintiff's "method of litigation is not what is expected of lawyers in Hawai`i." [Mem. in Supp. of Motion at 2.]  Despite Mr. Sink's urging, Plaintiff refuses to lower his expectation of his recovery.  Plaintiff insisted that Mr. Sink submit Plaintiff's settlement

offer to this Court, against Mr. Sink's advice. In Mr. Sink's opinion, Plaintiff's offer "was not in good faith and is in the stratosphere of local settlement figures or jury verdicts." [Id.]

In addition, Mr. Sink states that Plaintiff has not fulfilled his financial commitments, nor has he honored his agreement to provide assurances that he will terminate Mr. Sink's representation if an appeal is necessary. Mr. Sink previously warned Plaintiff that he would move to withdraw if Plaintiff refused to alter his valuation of his case and if Plaintiff failed to fulfill his commitments.

On December 4, 2007, Mr. Sink filed a December 3, 2007 email from Plaintiff as a supplemental exhibit in support of the Motion. The email terminates Mr. Sink's representation "<u>effective immediately</u>." [Suppl. Exh. 3 to Motion (emphasis in original).] At the hearing on the Motion, Plaintiff stated that his looking for new counsel but is prepared to proceed pro se in the interim.

In their position statement, JAL Defendants note that their motion for judgment on the pleadings and motion for partial summary judgment are set for hearing before the district judge on January 11, 2008. JAL Defendants state that they will not oppose Mr. Sink's withdrawal if either: 1) the Court requires Mr. Sink to represent Plaintiff until the district judge rules upon their pending dispositive motions; or 2) the Court prohibits Plaintiff, either as a pro se litigant or with replacement counsel, from seeking a new hearing date.

In its position statement, HACS states that it does not oppose Mr. Sink's withdrawal, but it asks the Court to require Mr. Sink to respond to HACS's motion to confirm the arbitration award.

Under Local Rule 83.6(b), "[a]n attorney who has appeared in a case may seek to withdraw on motion showing good cause." A motion to withdraw must specify: the grounds for withdrawal; and the name, address, and telephone number of the client. The attorney's notice to the client must inform him that he is personally responsible for complying with all court orders and deadlines. <u>See</u> Local Rule LR83.6(b).

In determining whether there is good cause for withdrawal, courts have considered whether the client is cooperative and willing to assist the attorney in the case. <u>See</u>, e.g., <u>Whiting v. Lacara</u>, 187 F.3d 317, 321 (2d Cir. 1999). The Seventh Circuit has held that "[u]nless there is a demonstrated conflict of interests or counsel and defendant are embroiled in an irreconcilable conflict that is so great that it resulted in a total lack of communication preventing an adequate defense, there is no abuse of discretion in denying a motion [to withdraw]." <u>United States v. Cole</u>, 988 F.2d 681, 683 (7th Cir. 1993) (citation and quotation marks omitted) (alterations in original).

Some courts have acknowledged that "withdrawal for failure to pay a fee 'will not necessarily be appropriate in all . . . circumstances.'" <u>Hasbro, Inc. v. Serafino</u>, 966 F. Supp. 108, 110 (D. Mass. 1997) (quoting <u>Hammond v. T.J. Litle & Co., Inc.</u>, 809 F. Supp. 156, 161 (D. Mass. 1992)). Before permitting counsel to withdraw, the court

should consider: the amount of work remaining in comparison to the amount of work already performed and paid for; the amount of fees already paid; and the effect of withdrawal on the client.  See id.; see also Gibbs v. Lappies, 828 F. Supp. 6, 8 (D.N.H. 1993) (denying motion to withdraw where withdrawal would adversely affect client).

In the instant case, there is an irreconcilable conflict between Plaintiff and Mr. Sink which precludes adequate representation.  Further, Plaintiff will not be prejudiced, nor will the case be disrupted, by Mr. Sink's withdrawal because the trial against JAL Defendants is not scheduled until October 15, 2008, and Plaintiff is aware of and prepared to meet the deadlines for the pending motions.  Cf. Byrd v. District of Columbia, 271 F. Supp. 2d 174, 176 (D.D.C. 2003) (stating that, in determining whether to allow counsel to withdraw, the court may consider the extent to which withdrawal will disrupt the case and the amount of time it would take the client to retain new counsel).

This Court therefore finds that Mr. Sink has established that good cause exists for his withdrawal.  Both JAL Defendants and HACS argue that this Court should allow Mr. Sink withdraw after he responds to certain motions on Plaintiff's behalf.  The Court, however, declines to do so because neither JAL Defendants nor HACS could identify any case law supporting the type of partial withdrawal they advocate.  Further, Plaintiff has stated that he will proceed pro se until he retains new counsel and he has a right to represent himself.  See 28 U.S.C. § 1654.

As Plaintiff is already aware from his previous experience as a pro se plaintiff in this case, pro se plaintiffs are expected to comply with all procedural and substantive rules of the court.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants." (citation omitted)).  Accordingly, Plaintiff is put on notice that, if he fails to comply with the rules of the court, he may face sanctions, including dismissal of his complaint or other appropriate sanctions.  See Fed. R. Civ. P. 11; Local Rule LR11.1.  Specifically, Plaintiff is ordered to immediately notify the Clerk's Office if there is any change to his mailing address, or telephone number.

On the basis of the foregoing, Mr. Sink's Motion to Withdraw is HEREBY GRANTED.

IT IS SO ORDERED.

Submitted by: Warren N. Nakamura, Courtroom Manager