IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JACK CRAWFORD,<br><br>    Plaintiff,<br><br>vs.<br><br>JAPAN AIRLINES; JALWAYS CO., LTD.; HAWAII AVIATION CONTRACT SERVICES, INC.; and DOES 1-10, inclusive,<br><br>    Defendants. | CIVIL NO. CV 03-00451 SPK-LEK<br><br>DECLARATION OF YUTAKA SASAKI; EXHIBIT 1 |

## DECLARATION OF YUTAKA SASAKI

I, Yutaka Sasaki, declare as follows:

1. I am the Managing Director and Vice President for Flight Operations and Flight Crew Administration for Defendant Jalways Co., Ltd. ("**JALways**").

2. I have personal knowledge of the facts stated in this Declaration; if called as a witness, I could and would testify competently to the facts herein.

3. I am familiar with employment records and employment practices of JALways.

4. I am familiar with JALways's contractual relationship with Hawaii Aviation Contract Services, Inc. ("**HACS**"), including that certain "Agreement Between Japan Air Charter Co., Ltd. (JAZ) and Hawaii Aviation Contract Services,

Inc. (HACS) for HAC's Crewmembers on Assignment to JAZ Effective August 01, 1998 – July 31, 2003," dated August 1, 1998. A true and correct copy of that document is attached hereto as Exhibit 1. Under that contract, HACS assigns certain HACS employees to JALways, including Plaintiff Jack Crawford ("**Crawford**").

5. JALways is a Japan corporation, incorporated in 1990. Its original name was Japan Air Charter Co. Ltd., changed to JALways Co., Ltd. in October 1999.

6. Crawford never has been an employee of JALways.

7. Crawford only ever was assigned to work for JALways by HACS, as a HACS employee: HACS's assignment of Crawford to JALways lasted from November 1992 until December 2001.

8. Crawford never was or became an employee of JALways through HACS's assignment of the Crawford to JALways.

9. JALways did not have the authority to hire or fire Crawford under the agreement between JALways and HACS.

10. JALways neither hired nor fired Crawford.

11. JALways never told or otherwise directed HACS to hire Crawford.

12. JALways never told or otherwise directed HACS to fire Crawford.

13. At most, JALways only communicated information to HACS on the status of Crawford's medical fitness, flight certification for DC-10 aircraft from the Japan Civil Aviation Board (JCAB), or both; and HACS then took whatever employment action concerning Crawford that HACS deemed advisable, without further consulting JALways on that employment action.

14. JALways's supervision of Crawford was motivated strictly by governmental and aviation-industry safety concerns.

15. JALways never issued any employment payroll check to Crawford.

16. JALways has never kept or had employment records for Crawford.

Under 28 U.S.C. § 1746(2), I declare under penalty of perjury that the foregoing is true and correct.

Executed on ~~November~~ December 12, 2007.

_____
YUTAKA SASAKI