IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARTIN VENTRESS and JACK CRAWFORD,<br><br>Plaintiffs,<br>v.<br><br>JAPAN AIRLINES; JALWAYS CO., LTD., a subsidiary of Japan Airlines; HAWAII AVIATION CONTRACT SERVICES, INC.; ET AL.<br><br>Defendants. | CIV. NO. 03-00451 SPK/LEK<br><br>FILED IN THE<br>UNITED STATES DISTRICT COURT<br>DISTRICT OF HAWAII<br><br>OCT 2 0 2004<br><br>at 11 o'clock and 74 min. __ M.<br>WALTER A.Y.H. CHINN, CLERK |

ORDER SEVERING DEFENDANTS AND GRANTING DEFENDANTS JAPAN AIRLINES AND JALWAYS CO., LTD.'S (1) MOTION FOR JUDGMENT ON THE PLEADINGS (REGARDING EMOTIONAL DISTRESS CLAIMS); AND (2) MOTION FOR JUDGMENT ON THE PLEADINGS AND/OR FOR SUMMARY JUDGMENT (REGARDING THE FCN TREATY)

INTRODUCTION

Defendants Japan Airlines and JALWAYS, Co., Ltd., (collectively "JAL" or "the JAL Defendants") (1) move for judgment on the pleadings on counts 4 and 5 regarding intentional and negligent infliction of emotional distress (motion filed on June 4, 2004); and (2) move for judgment on the pleadings and/or for summary judgment on all claims against JAL, based on the Treaty of Friendship, Commerce and Navigation, April 2, 1953, art. VIII(1), 4 U.S.T. 2063, T.I.A.S. No. 2863,

1

EXHIBIT 3

entered into between the United States and Japan ("the FCN Treaty") (motion filed on August 11, 2004). The matters were argued on October 13, 2004. For the reasons set forth, the JAL Defendants' motions are GRANTED.

## DISCUSSION

The suit was originally filed in California but was transferred here on a change of venue motion. Federal jurisdiction is based upon diversity of citizenship. The suit alleges state-law claims sounding in wrongful termination. Plaintiffs allege basically that they were illegally constructively terminated after reporting incidents in 2001 where another pilot was allowed to fly while "incapacitated" or sick. There are no federal claims pled. The complaint asserts only claims under California law,[1] although an attempt was made to convert

---

[1] The complaint alleges the following counts:

Count I: Violation of [California] Labor Code Section 1102.5 [illegal retaliation for disclosing statutory violations] by Plaintiff Martin Ventress Against Defendants.

Count II: Constructive Termination in Violation of Public Policy by Plaintiff Martin Ventress Against Defendants.

Count III: Termination in Violation of Public Policy by Plaintiff Jack Crawford Against Defendants.

Count IV: Intentional Infliction of Emotional Distress [by] Plaintiffs Against Defendants.

Count V: Negligent Infliction of Emotional Distress by Plaintiffs Against Defendants.

2

California law claims to Hawaii law claims. Plaintiffs (proceeding with different counsel after the transfer to Hawaii) filed a motion to amend to change the California law claims to equivalent Hawaii law claims, but that motion was denied by United States Magistrate Judge Leslie Kobayashi. (Although an appeal from Judge Kobayashi's order was filed and is pending -- as well as a motion for Judge Kobayashi to reconsider if the instant motions are denied -- the matters are now moot given the Court's ruling on JAL's motion regarding the FCN Treaty).

Matters against co-Defendant Hawaii Aviation Contract Services ("HACS") are proceeding via arbitration based upon an arbitration clause in Plaintiffs' contracts with HACS. Plaintiffs appear to have been actually employed by HACS, which had some sort of contractual arrangement with JAL to supply JAL with qualified flight crews. Plaintiffs had signed HACS employment contracts (not JAL contracts), which contained a Hawaii choice-of-law provision and a binding arbitration clause. HACS has not opposed the instant motions by JAL; this order has no effect on the arbitration between Plaintiffs and HACS.

I.

As an initial matter, as discussed at oral argument, the Court pursuant to Fed. R. Civ. P. 42(b) SEVERS claims against the JAL Defendants from claims against HACS. For administrative reasons, it makes sense to have the claims against the

3

JAL Defendants (which are discussed in this order) proceed separately, if at all, from the claims against HACS that are subject to mandatory arbitration provisions.

## II.

In their motion for judgment on the pleadings filed on June 4, 2004, the JAL Defendants contend that Plaintiffs' California law emotional distress claims are barred because they are subsumed and preempted by workers compensation exclusivity provisions. See Livitsanos v. Superior Court, 828 P.2d 1195, 1202 (Cal. 1992).

This is certainly true for negligent infliction of emotional distress and neither plaintiff seriously contends otherwise. As for intentional infliction of emotional distress, Plaintiffs' opposition was based upon Hawaii law, which appears to differ from Livitsanos. See, e.g., Takaki v. Allied Machinery Corp., 951 P.2d 507, 516 (Haw. App. 1998) ("an employee may bring an action against his or her employer for intentional infliction of emotional distress caused by discrimination in violation of HRS § 378-2, and that such an action is not barred by the exclusivity provision of HRS § 386-5").

After a hearing in August of 2004, the motion was continued while Plaintiffs attempted to amend their complaint to substitute equivalent Hawaii law counts for the California law counts. Judge Kobayashi has denied that attempt and, although

4

the matter is now on appeal to this Court, the Court nevertheless GRANTS the JAL Defendants' motion for judgment on the pleadings regarding the emotional distress claims. As the complaint currently stands, it fails to state a claim under California law for either negligent or intentional infliction of emotional distress, given the holdings of Livitsantos. (In any event, the claims -- whether under Hawaii law or California law -- are barred by the FCN Treaty, as analyzed to follow.)

### III.

The JAL Defendants -- as a Japanese Corporation and a Japanese subsidiary of a Japanese Corporation -- invoke the "Treaty of Friendship, Commerce and Navigation Between the United States and Japan of April 2, 1953" ("FCN Treaty"), and argue that the FCN Treaty preempts the state law wrongful termination claims, or otherwise immunizes them from liability for the claims pled.

Article VIII(1) of the FCN treaty provides in pertinent part:

> companies of either [country] shall be permitted to engage, within the territories of the other Party, accountants and other technical experts, executive personnel, attorneys, agents and other specialists <u>of their choice.</u> (Emphasis added.)

In this regard, the Court agrees with the JAL Defendants' arguments that both Plaintiffs were "technical experts" and "other specialists" who were "engaged" by JAL. Crawford is a commercial jet pilot; Ventress is a flight engineer. As highly-trained technical specialists operating a multi-million dollar aircraft

5

belonging to the JAL Defendants, they certainly fit the definition and meaning of a "technical expert" or "other specialist" (or both). Although they appear to have employments contracts directly with HACS, HACS in turn had an arrangement with JAL to provide flight crews for JAL. Thus, the allegations of the operative complaint are based upon JAL actions against Plaintiffs from an "engagement" as that term is used in the FCN Treaty.

JAL argues that the "of their choice" language of the treaty exempts them from liability from certain employment-related torts, such as the state law claims at issue here. It argues "[a]s Japan corporations protected by a treaty accord between their country and the United States, the JAL Defendants were entitled to interact with the Plaintiffs as they saw fit and without risk of being haled into an American court." [JAL Defendants' Memorandum in Support of motion at 17-18]. Although the Court does not necessarily believe that JAL may interact in any manner "as they saw fit," the Court agrees that the FCN Treaty bars the state-law wrongful termination and retaliation claims (and emotional distress claims)[2] that were pled against JAL in the operative complaint. Notably, the complaint does not allege federal statutory causes of action, such as Title VII-based discrimination claims.

---

[2] It follows that the emotional distress claims fail because they are parasitic to the wrongful termination or public policy torts in the other counts. That is, the emotional distress claims would fail even if they were not also barred by workers compensation exclusivity principles.

6

JAL relies upon case law such as <u>Horton v. Toyota Technical Center</u>, 57 F.E.P. Cases 1371, 1373 (C.D. Cal. 1991) ("Federal Courts have consistently held that treaties, such as the FCN Treaty, completely supercede inconsistent state law") (citations omitted). The principle was discussed by the United States Supreme Court in <u>Sumitomo Shoji America, Inc. v. Avagliano</u>, 457 U.S. 176, 180 (1982) (applying "strict textual approach" to FCN Treaty).

The Supreme Court in <u>Sumitomo</u> held that the FCN Treaty did <u>not</u> bar federal employment discrimination claims against an American subsidiary of a Japanese Corporation. This case, however, does not involve an American subsidiary but rather involves Japanese corporations. Moreover, this is not an employment discrimination matter. Other cases have held or implied that the FCN Treaty does not bar federal discrimination claims (where the alleged discrimination was not based upon favoring foreign citizens), such as those based upon Title VII (<u>Fortino v. Quasar Co.</u>, 950 F.2d 389, 393 (7th Cir. 1991)) or Title VIII (<u>MacNamara v. Korean Airlines</u>, 863 F.2d 1135, 1147 (3d Cir. 1988)).

Here, there are no federal claims pled. At best, Crawford appears partially to raise a federal whistleblowing provision regarding airline safety in 49 U.S.C. § 42121, entitled "Protection of employees providing air safety information," as part of the alleged public policy being violated. But a statutory section 42121 claim

7

itself was not pled; section 42121 appears to have its own administrative exhaustion scheme which must be followed before entitling one to bring a private cause of action. See 49 U.S.C. § 42121(b)(6). All that was pled was a California common law violation of public policy.

Because treaties preempt inconsistent state law, the counts in the complaint fail as a matter of law. The state-law claims (retaliation, public policy) are sufficiently related to JAL's right to "engage" specialists "of their choice." This right included the right to replace Plaintiffs with other specialists "of their choice" without regard to the retaliation-based state law claims as pled. The relevant allegations are that JAL was involved in wrongfully terminating Plaintiffs because they complained about JAL's flight crew assignment practices.

Although most of the case law[3] upholding these FCN Treaty preemption principles has been in the context of an American-employee plaintiff being replaced by (and allegedly illegally favored) a foreign-citizen employee, the Court does not find such situations -- and the instant matter is not such a discrimination situation -- to be the only possible application of FCN Treaty preemption. (Indeed, in this matter we don't know who replaced Plaintiffs; their replacements could have been Japanese nationals.) Because the right to "engage" employees of a foreign

---

[3] E.g., Fortino, 950 F.2d at 393; MacNamara, 863 F.2d at 1140-41.

8

company's choice necessarily includes the right to terminate those employees, the Court finds the FCN Treaty language sufficiently broad to preempt the wrongful termination state-law claims at issue here.

> The "of their choice" language in article VIII(1) does not mean that a Japanese company has a blanket authority to discriminate against individuals based on their race, color, religion, sex, or national origin as such discrimination would clearly be in violation of Title VII. The FCN Treaty language does, however, mean that "[c]ompanies have a right to decide which executives and technicians will manage their investment in the host country, without regard to host country laws." Spiess v. Itoh & Co., Inc., 643 F.2d 353, 361 (5th Cir.1981), vacated on other grounds, 457 U.S. 1128, 102 S.Ct. 2951, 73 L.Ed.2d 1344 (1982); see also Fortino, 950 F.2d at 389; MacNamara v. Korean Air Line, 863 F.2d 1135 (3rd Cir.1988).

Papaila v. Uniden America Corporation, 840 F. Supp. 440, 446-47 (N.D. Tex. 1994), aff'd, 51 F.3d 54 (5th Cir. 1995).

Accordingly, the Court GRANTS the JAL Defendants' Motion for Judgment on the Pleadings and/or for Summary Judgment, filed on August 11, 2004. This ruling dismisses all remaining claims against the JAL Defendants. Given that the claims against the JAL Defendants have been severed from the claims against HACS, the Court finds that Judgment should enter in favor of the JAL Defendants and against Plaintiffs pursuant to Fed. R. Civ. P. 54(b).

## CONCLUSION

For the foregoing reasons, the Court (1) SEVERS claims against the JAL

Defendants from claims against HACS; (2) GRANTS the JAL Defendants' Motion for Judgment on the Pleadings, filed on June 4, 2004, regarding emotional distress claims; and (3) GRANTS the JAL Defendants' Motion for Judgment on the Pleadings and/or for Summary Judgment, filed on August 11, 2004. This ruling necessarily MOOTS pending matters by Plaintiffs (1) to reconsider the order denying Plaintiffs' Motion to Amend and (2) to appeal to this District Judge under 28 U.S.C. § 636(b)(1) from the ruling denying Plaintiffs' Motion to Amend. Those pending matters are DENIED as MOOT. Judgment shall enter in favor of the JAL Defendants and against Plaintiffs pursuant to Fed. R. Civ. P. 54(b).

IT IS SO ORDERED.

Dated: Honolulu, Hawaii, 20 October 2004

/s/ Samuel P. King
SAMUEL P. KING
UNITED STATES DISTRICT JUDGE

Ventress, et al. v. Japan Airlines, et al., Civ. No. 03-00451SPK/LEK, ORDER SEVERING DEFENDANTS AND GRANTING DEFENDANTS JAPAN AIRLINES AND JALWAYS CO., LTD.'S (1) MOTION FOR JUDGMENT ON THE PLEADINGS (REGARDING EMOTIONAL DISTRESS CLAIMS); AND (2) MOTION FOR JUDGMENT ON THE PLEADINGS AND/OR FOR SUMMARY JUDGMENT (REGARDING THE FCN TREATY)

Case: 1:03-cv-00451

Anna M. Elento-Sneed, Esq.
Alston Hunt Floyd & Ing
Pacific Tower
1001 Bishop St Ste 1800
Honolulu, HI  96813

------------------------------

------------------------------

Case: 1:03-cv-00451

Jessica M. Horiuchi, Esq.
Alston Hunt Floyd & Ing
Pacific Tower
1001 Bishop St Ste 1800
Honolulu, HI  96813

------------------------------

------------------------------

ALSTON HUNT
FLOYD & ING
2004 OCT 21  A 8:44

PRESORTED
FIRST CLASS

Susan —   10/21/04
Norika said this is
LSO's client — she
didn't know who took
over this matter.
Janet

UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
300 ALA MOANA BLVD., C-338
HONOLULU, HAWAII 96850-0338
CLERK
OFFICIAL BUSINESS