

POBox 31348 · Honolulu, Hawaii 96820
Bus (808)836-1088 · Fax (808)836-1288

Ronald G.S. Au, Esq.
Suite 1120 Pacific Tower
Bishop Square
1001 Bishop Street
Honolulu, Hawaii 96813-3520

January 17, 1997

Dear Mr. Au,

Thank you for waiting patiently for our response to your inquiry. We are entirely in agreement with your characterization of the suspension of interline benefits as a severe action; it is. As managers of a company which enjoys interline benefits we are entrusted with a rather heavy responsibility. We must ensure that all of our employees taking advantage of these benefits do so in the manner prescribed by the issuing airline and in such a way as to not jeopardize the benefit for future use. When we take actions to protect these benefits we do so not just to protect the 120 employees of our firm, but in the name of the 20,000 employees of Japan Airlines (JAL). Therefore, we must take no liberties with the trust given to us by the issuing companies.

████████████ has a vast amount of experience in the airline industry, having flown for many airlines both foreign and domestic. In his long career I am sure he has used interline benefits many times and I'm sure he is aware of the various procedures to be followed when traveling on reduced fare tickets. One of the unwritten rules followed by all seasoned interline travelers is to make yourself invisible. All interline travelers know that regardless of how they feel they are being mistreated; no matter how inconvenienced they may be, they are expected remain aware of the fact that they are not full fare passengers. They are not entitled to the same consideration nor or they always given the same protection as full fare passengers. For instance on Hawaiian Airlines interline passengers do not have the right to make *any* claim for lost baggage. I.E., it is understood that as a reduced rate traveler certain rights may be waived. That was not the case with United Airlines(UAL) as far as I can ascertain but I am making the point that even though UAL may allow baggage claims for interline passengers the general demeanor of the reduced rate passenger should be one of a grateful and unobtrusive guest.

I am sorry that Captain Crawford had his luggage lost. It was especially unfortunate that this happened to him on his honeymoon. I can understand his disappointment. I can understand his pursuing whatever remedy is allowed under UAL policy. The problem we have as Captain Crawford's employer is the manner in which he went about pursuing his

EXHIBIT 20

claim. Let's make this clear, if Captain Crawford had paid full fare for his tickets and subsequently had a problem with UAL then any action he might have taken to gain satisfaction would have been none of our business. However he did not pay full fare. He was traveling at a discounted fare under the sponsorship of Japan Airlines, as an employee of HACS. HACS interline benefits derive through the JAL Group Interline membership. Therefore his behavior as a passenger is our business.

In addition to following the normal channels in pursuing his claim Captain Crawford corresponded by letter to various individuals at UAL including the Chairman of the Board. In this series of letters Captain Crawford implied the following:

- UAL allows thievery and employs bureaucratic methodology to discourage claimants from receiving their due.
- This policy allows UAL to avoid it's responsibilities and as a result make immoral gains.
- UAL's corporate philosophy is similar to the philosophy ascribed to ValueJet which by inference was the cause of the tragedy in the Everglades.
- UAL's generous offer of hotel accommodations travel certificate and $1270 (the legal limit of their liability) was an insult.

Captain Crawford wrote impassioned letters to UAL management in which he portrayed himself as the victim of an uncaring; impersonal; even negligent corporate machine. The fact that he chose to travel in standby status (subject to space available rules) on a trip as important as a honeymoon cannot be ignored. Nor can we ignore the fact that anyone, let alone a veteran airline employee would pack $6000 worth of valuables in his airline luggage. Frankly, I find both of these acts to be incredibly foolish. I would argue that the source of Captain Crawford's disappointment is closer to home than UAL headquarters in Chicago.

More germane to the issue you raise in your letter however are the following facts:

- Captain Crawford's employment contract does not contain any provision granting him any interline benefit whatsoever.

- Your suggestion that we violated our own operating principles is not correct. If you will re-read the applicable portion of the operations manual you will see that we can use our discretion in choosing which step of corrective action applies in individual cases.

I think you will find, if you investigate the matter, that airlines are very strict when it comes to protecting interline benefits. Cases of abuse or misuse are treated in rather severe ways. We believe that we are acting responsibly to protect the interline benefits of all JAL employees and we believe that we have done so in accordance with our own

operating procedures. For that reason we feel secure in our belief that the actions we have taken in Captain Crawford's case are proper and justified.

If you feel that there are details to this case that we overlooked or if there is some line of reasoning which might cause us to view this differently please let us know.

Regards,

F. Tabata
Exec VP