CARLSMITH BALL LLP

| | |
|---|---|
| ANDREW L. PEPPER | 5141-0 |
| STEVEN M. EGESDAL | 4511-0 |
| GARY G. GRIMMER | 1769-0 |
| JOSEPH F. KOTOWSKI, III | 7973-0 |

ASB Tower, Suite 2200
1001 Bishop Street
Honolulu, Hawaii 96813
Tel No. 808.523.2500
Fax No. 808.523.0842
apepper@carlsmith.com
segesdal@carlsmith.com
ggrimmer@carlsmith.com
jkotowski@carlsmith.com

Attorneys for Defendants
JAPAN AIRLINES and JALWAYS CO., LTD.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JACK CRAWFORD,<br><br>        Plaintiff,<br><br>vs.<br><br>JAPAN AIRLINES; JALWAYS CO., LTD.; HAWAII AVIATION CONTRACT SERVICES, INC.; and DOES 1-10, inclusive,<br><br>        Defendants. | CIVIL NO. CV 03-00451 SPK-LEK<br><br>DEFENDANTS JAPAN AIRLINES AND JALWAYS CO., LTD.'S **SEPARATE CONCISE STATEMENT OF FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE JUDGMENT ON THE PLEADINGS (COUNT III)**; DECLARATION OF YUTAKA SASAKI; EXHIBIT 1; CERTIFICATE OF SERVICE<br><br>Trial Date: July 8, 2008 |

4821-5222-4258.1.051729-00005

## DEFENDANTS JAPAN AIRLINES AND JALWAYS CO., LTD.'S SEPARATE CONCISE STATEMENT OF FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE JUDGMENT ON THE PLEADINGS (COUNT III)

Under Rule 56.1 of the Local Rules of Practice for the United States District Court for the District of Hawai'i, Defendants Japan Airlines ("**JAL**") and Jalways Co., Ltd. ("**JALways**") submit their separate concise statement of facts in support of their motion for summary judgment on Count III of the Complaint filed December 23, 2002, the only remaining claim of Plaintiff Jack Crawford ("**Crawford**").

|   | FACTS | EVIDENTIARY SUPPORT |
|---|-------|---------------------|
| 1. | Defendant Japan Airlines ("**JAL**") is a Japan corporation, incorporated in 1951. | Complaint at 1, ¶ 1; Sasaki Decl. ¶ 3. |
| 2. | Defendant Jalways Co., Ltd. ("**JALways**") is a Japan corporation, incorporated in 1990. | Sasaki Decl. ¶ 3. |
| 3. | JALways had a contract with Hawaii Aviation Contract Services, Inc. ("**HACS**") whereby HACS provided flight deck employees to JALways. | Ex. 1; Sasaki Decl. ¶ 4. |
| 4. | Under that contract, HACS assigned Crawford to JALways, to provide services as a pilot, where Crawford remained a HACS employee. | Ex. 1; Sasaki Decl. ¶ 5. |

| | **FACTS** | **EVIDENTIARY SUPPORT** |
|---|---|---|
| 5. | Under that contract, HACS employees assigned to JALways had to maintain proper certification with the Japan Civil Aviation Bureau ("**JCAB**"), or they no longer could be assigned to JALways. | Ex. 1 at 3 § 2.04, at 4 § 2.05, at 6 § 2.11, & at 7 § 2.13; Sasaki Decl. ¶ 6. |
| 6. | The JCAB is an agency of the government of Japan with authority to regulate and oversee all aspects of civil aviation in Japan; its function and authority is akin to the function and authority of the Federal Aviation Administration in the United States. | Sasaki Decl. ¶ 7. |
| 7. | The JCAB issues and revokes aircraft pilot flight certificates for pilots flying within Japan airspace. | Sasaki Decl. ¶ 8. |
| 8. | Absent a valid JCAB flight certificate, a pilot may not pilot an aircraft within Japan airspace. | Sasaki Decl. ¶ 9. |
| 9. | An airline flying into or out of Japanese airspace is strictly prohibited by the JCAB and Japanese law from allowing a pilot not certified by the JCAB to operate its aircraft or to fly within Japan airspace. | Sasaki Decl. ¶ 10. |
| 10. | HACS's assignment of Crawford to JALways lasted from approximately November 1992 until approximately December 2001. | Ex. 1; Compl. Ex. B; Sasaki Decl. ¶ 11. |
| 11. | In approximately December 2001, JALways learned the JCAB had revoked Crawford's pilot's flight certificate to pilot DC-10 aircraft. | Sasaki Decl. ¶ 12. |
| 12. | Absent a valid JCAB pilot's flight certificate, Crawford could not pilot aircraft within Japan airspace. | Sasaki Decl. ¶ 13. |

|     | **FACTS** | **EVIDENTIARY SUPPORT** |
| --- | --- | --- |
| 13. | In approximately December 2001, JALways, through Katsuto Kamiyama ("**Kamiyama**") notified HACS that the JCAB had revoked Crawford's pilot's certificate for DC-10 aircraft. | Sasaki Decl. ¶ 14. |
| 14. | After December 2001, HACS could no longer assign Crawford as a HACS employee to JALways, because the JCAB had revoked Crawford's pilot's flight certificate for DC-10 aircraft and, accordingly, Crawford could not pilot aircraft in Japanese airspace. | Sasaki Decl. ¶ 15. |
| 15. | Before Kamiyama of JALways notified HACS of the JCAB's revocation of Crawford's DC-10 certificate, Kamiyama had no knowledge of (a) Crawford's letter to Captain Hanami or (b) Crawford's alleged conversation with Captain Shamada concerning any sick leave policy or practice of JALways. | Sasaki Decl. ¶ 16. |
| 16. | Neither Crawford's letter to Captain Hanami attached to Crawford's complaint, nor Crawford's alleged conversation with Captain Shamada concerning any purported sick leave policy or practice of JALways, was a reason that JALways informed HACS that the JCAB had revoked Crawford's pilot's certificate for DC-10 aircraft. | Sasaki Decl. ¶ 17. |
| 17. | Crawford's reporting to JALways Captains Hanami and Shamada about a purported sick leave policy was not the reason that JALways informed HACS that the JCAB had revoked Crawford's DC-10 pilot's flight certificate, which apparently led to HACS's termination of Crawford. | Sasaki Decl. ¶ 18. |

5.

Dated: Honolulu, Hawaii, January 16, 2008.

/s/ Andrew L. Pepper
ANDREW L. PEPPER
STEVEN M. EGESDAL
GARY G. GRIMMER
JOSEPH F. KOTOWSKI, III

Attorneys for Defendants
JAPAN AIRLINES and
JALWAYS CO., LTD.