IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JACK CRAWFORD,<br><br>    Plaintiff,<br><br>vs.<br><br>JAPAN AIRLINES; JALWAYS CO., LTD.; HAWAII AVIATION CONTRACT SERVICES, INC.; and DOES 1-10, inclusive,<br><br>    Defendants. | CIVIL NO.  CV 03-00451 SPK-LEK<br><br>DECLARATION OF<br>YUTAKA SASAKI |

## DECLARATION OF YUTAKA SASAKI

I, Yutaka Sasaki, declare as follows:

1. I am the Managing Director and Vice President for Flight Operations and Flight Crew Administration for Defendant Jalways Co., Ltd. ("**JALways**"). I have personal knowledge of the facts stated in this Declaration; if called as a witness, I could and would testify competently to those facts.

2. I am familiar with (a) the corporate structure of JALways, and (b) JALways' relationship with Hawaii Aviation Contract Services, Inc. ("**HACS**"), whereby HACS assigns certain HACS employees to JALways.

3. JALways is a Japan corporation, incorporated in 1990. Its original name was Japan Air Charter Co. Ltd., changed to JALways Co., Ltd. in October

1999. JALways' parent, Defendant Japan Air Lines Co., Ltd., also is a Japan corporation, organized in 1951.

4. JALways had a contractual arrangement whereby Hawaii Aviation Contract Services, Inc. ("**HACS**") provided HACS flight deck employees to JALways. Exhibit 1 is a true and correct copy of that contract.

5. Under that contractual arrangement, HACS assigned Crawford to JALways, to provide services as a pilot, where Crawford remained a HACS employee.

6. Under that contractual arrangement, HACS employees assigned to JALways had to maintain proper certification with the Japanese Civil Aviation Bureau ("**JCAB**"), or they no longer could be assigned to JALways. *See* Exhibit 1, at page 3 § 2.04, at page 4 § 2.05, at page 6 § 2.11, and at page 7 § 2.13.

7. The JCAB is an agency of the government of Japan with authority to regulate and oversee all aspects of civil aviation in Japan; its function and authority is akin to the function and authority of the Federal Aviation Administration in the United States.

8. The JCAB issues and revokes aircraft pilot flight certificates for pilots flying into and out of Japanese airspace.

9. Absent a valid JCAB flight certificate, a pilot may not pilot an aircraft into or out of Japanese airspace.

10. An airline flying into or out of Japanese airspace is strictly prohibited by the JCAB and Japanese law from allowing a pilot not certified by the JCAB to operate its aircraft or to fly into Japanese airspace.

11. HACS's assignment of Crawford to JALways lasted from approximately November 1992 until approximately December 2001.

12. In approximately December 2001, JALways learned the JCAB had revoked Crawford's pilot's flight certificate to pilot DC-10 aircraft.

13. Absent a valid JCAB pilot's flight certificate, Crawford could not pilot aircraft into or out of Japanese airspace.

14. In approximately December 2001, JALways, through Katsuto Kamiyama ("**Kamiyama**"), notified HACS that the JCAB had revoked Crawford's pilot's certificate for DC-10 aircraft.

15. After December 2001, HACS could no longer assign Crawford as a HACS employee to JALways, because the JCAB had revoked Crawford's pilot's flight certificate for DC-10 aircraft, and, accordingly, Crawford could not pilot aircraft in Japanese airspace.

16. Before Kamiyama of JALways notified HACS of the JCAB's revocation of Crawford's DC-10 certificate, Kamiyama had no knowledge of (a) Crawford's letter to Captain Hanami attached to Crawford's complaint or (b)

Crawford's alleged conversation with Captain Shimada concerning any sick leave policy or practice of JALways.

17. Neither Crawford's letter to Captain Hanami attached to Crawford's complaint, nor Crawford's alleged conversation with Captain Shimada concerning any purported sick leave policy or practice of JALways, was a reason that JALways informed HACS that the JCAB had revoked Crawford's pilot's certificate for DC-10 aircraft.

18. Crawford's reporting to JALways Captains Hanami and Shimada about a purported sick leave policy was not the reason that JALways informed HACS that the JCAB had revoked Crawford's DC-10 pilot's flight certificate, which apparently led to HACS' termination of Crawford.

Under 28 U.S.C. § 1746(2), I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 20, 2007.

*/s/ Yutaka Sasaki*
YUTAKA SASAKI