## "EXHIBIS"

**1.** The Hourly Fee / Contingency Fee Attorney Client Agreement drawn by Attorney Shawn Luiz and presented to his client, Jack L. Crawford III, addresses costs. Payment of costs are the focus of Luiz's Motion to Witdraw and are reviewed within item #3 of his Agreement with Crawford. **(See Exhibit 1).**

**2.** Luiz has stated that his wife is an <u>essential part of his legal team and that it was required his wife accompany him to California so that he could "practice his forthcoming 5- minute appeals argument."</u> **(See Exhbit 2)**

**3.** "Practicing" for a 5-minute presentation did not have to take place 2,000 miles from Hawaii in a 5-star Hotel in Los Angeles with all expenses billed to Crawford. **(See exhibit 3 ).**

**4.** Luiz further advised Crawford the name of the hotel was: **Pasadena hotel,** yet, no such hotel name can be found on the internet. **(See exhibit 4).**

**5.** Crawford had made his limited financial condition quite clear to Luiz, **(See exhibit 5)**

**6.** It is correct that Crawford experienced a funding shortfall and sought to discuss the matter with his attorney while he verified a loan commitment from Japan. **(See Exhibit 6)**

**7.** However, Luiz knows full well that this obligation was only $200 based upon a decision and compromise established by the Honorable Magistrate Judge Leslie E. Kobayashi. **(See exhibit 7).**

**8.** Crawford questions this behavior. At other times Luiz takes a contradictory position and advises Crawford as his counsel. – **(See exhibit 8)**

Crawford advised Luiz that that he was to have no contact with this party. Yet, Luiz continued to share confidential lawyer client communication with the same party with whom Luiz had entered into the I quit/ you quit relationship **(See exhibit 8)**

**9.** Luiz had entered into an arrangement / agreement with a consultant retained by Crawford. The agreement was: <u>If the consultant quit, Luiz would quit.</u> (See exhibit 9)

The agreement then expanded and became mutual – <u>If Luiz quit the consultant will quit.</u> (See exhibit 9).

**10.** A second factor: Andrew Pepper, attorney for JAL supports Luiz in any attempt to Withdraw. (This appears to be interference in Crawford's relationship with his attorney. ) Pepper advises Luiz to withdraw, **(See Exhibit 10)**

EXHIBIT

1

**11.** Luiz's actions could endanger Crawford, yet, Luiz continues in his inappropriate course of action. **(See exhibt 11)**

**12.** Crawford states he paid the retainer as part of a contingency agreement for initial and ongoing legal services to the conclusion of the case. In accepting the retainer, Luiz promised to continue Crawford actions to their conclusion. **(See Exhibit 12)**

**13.** Further, Luiz estimated that concluding work would require an additional $150,000 to $200,000 of his time. **(See Exhibit 13)**

**14.** Luiz in his motion states he advised Crawford with regard to deposition dates. The first time Luiz mentioned deposition dates was on the 12th of January – just three days before the scheduled deposition, making attendance impossible. No deadlines or dates prior to 12th of Janury were provided by Luiz. On the 9th of December, Luiz only mentioned depositions but no dates were given. **(See exhibit 14)**