### (See Exhibt 2)

Luiz has stated that his wife is an <u>essential part of his legal team and that it was required his wife accompany him to California so that he could "practice his forthcoming 5- minute appeals argument."</u>

EXHIBIT 2

O! MAIL  Welcome, **captjack1943**
[Sign Out, My Account]

Search
Mail Home - He

Addresses   Calendar   Notepad

Mail Upgrades - Option

ck Mail | Compose

Search Mail | Search the Web

Folders   [Add - Edit]
Inbox (116)
Draft
Sent
Bulk   [Empty]
Trash  [Empty]

My Folders  [Hide]
untitled

Search Shortcuts
My Photos
My Attachments

Previous | Next | Back to Messages

Delete | Reply | Forward | Spam | Move...

This message is not flagged. [ Flag Message - Mark as Unread ]   Printable Vie

| | |
|---|---|
| From: | "Shawn Luiz" <attorneyluiz@msn.com>   View Contact Details   Add Mobile Alert |
| To: | pacthai1@yahoo.com |
| CC: | captjack1943@yahoo.com |
| Subject: | RE: Oral Argument/Pasedena Expenses |
| Date: | Mon, 05 Mar 2007 18:21:46 -1000 |

```
6:02 p.m. Honolulu 3/5/07
Okay; Dear Glenn and Jack; been unable to respond till now; clearing m
calendar to be away in Pasedena; have to move other deadlines for
written
docs coming due this week

I am flying in early and with an assistant because:

oral arguments take many hours of prep b/c you have to know case like
back
of hand b/c judges will ask questions and w/5 min. there is no time to
search record on spot; record needs to be memorized to be recalled
quickly
as possible; and panel never asks any other but very difficult
questions

I am keeping costs down by flying coach b/c Jack's financial
circumstances;
need audience to practice oral argument and take a rough cut and make
it
into a final cut; I will have no one else to practice oral argument
with,
unlike Honolulu; For my first oral argument in 1998, the two attorney
I was
working with had me practice everyday for a week in front of them and
two
secretaries; the 9th Circuit manual published by West, the best
resource
available for 9th Cir. pratice, recommends likewise; The suggestions
are
quite expansive; I think that this is an ounce of prevention worth a
pound
of cure;

this is only opportunity to bring these two corps to justice by getti
a
remand; otherwise they walk scott free; This is like war in Iraq;
limited
troop force has led to current quaqmire; let us learn from history
rather
than be doomed to repeat; this is only large expense for a while; mos
will
```




Make Y! your home page · Web Search

O! MAIL   Welcome, captjack1943    Mail Home · Mail Tutorials
[Sign Out, My Account]

Addresses    Calendar    Notepad                                    Mail Upgrades · Opti

Check Mail | Compose                                          Search Mail | Search the Web

Vonage: Get $25 & 1 Free Month

**Folders** [Add - Edit]
Inbox (119)
Draft
Sent
Bulk  [Empty]
Trash [Empty]

**My Folders** [Hide]
untitled

**Search Shortcuts**
My Photos
My Attachments

 Watch exclusive Christina show!
 Yahoo! Games - Rack' em up
 Hot Web Finds Daily on THE 9
Who's Next? On Yahoo! Music

Previous | Next | Back to Messages

Delete | Reply | Forward | Spam | Move...

This message is not flagged. [ Flag Message - Mark as Unread ]        Printable

From:    "Shawn Luiz" <attorneyluiz@msn.com>    View Contact Details   Add Mobile Alert
To:      pacthai1@yahoo.com, captjack1943@yahoo.com
Subject: RE: Fwd: RE: Oral argument in California
Date:    Fri, 02 Mar 2007 10:18:26 -1000

Dear Glenn and Jack:

I understand Ventress' view on this b/c of his experience with prior
lawyers, i.e., in one of the emails he said to Jack that only he really
cares about the case, not the lawyer;

However Ventress is painting all lawyers with one brush
I am intending on flying to Pasedena on March 7th; Debra will be there
also
assisting me with preparations; I am arriving on 7th b/c one time I
flew in
the night before, had jet lag and could not fall asleep and only got 2
hours
sleep;

Ask Ventress if he wants to meet me at my hotel in Pasedena on the
night of
the 8th; If he does fine; One does not normally object in an appeals
court
but I know my upmost duty is to zealously represent Jack so if the
Court
wanted Ventress to go first, I will timing him and when 5 min. are up I
will
ask the court to either ask Mr. Ventress to sit down or alot me five
minutes
no matter how long Ventress talks if we do not reach agreement; please
tell
Ventress I am mailing that 5pp. fax as I just wanted him to be aware of
who
I am before he gets an envelope from a Honolulu attorney.

You should tell Ventress that Jack met with me in 2003, however, Asa
insisted on going with Brower despite Jack being comfortable with me
representing him; Also you can explain how I have been diligent over a
couple months of observations though telephone discussions; email, etc.
and
always keep you well informed as to each step I propose to take;

Regarding Civil Rights issue----We are only using an example to show
that a
treaty enacted in 1953 could not possibly have been intended to preempt
fair
employment state laws as in 1953 all employment was at-will (fire for
no
reason or any reason at will) and the first ever employment protection
law
was 1964, then 1973, then 1990. So we are just giving clear examples

    

Welcome,                                    Web Search

YAHOO! MAIL

Contacts   Calendar   Notepad                          Mail Upgrades - Options

Check Mail   Compose                    Search Mail   Search the Web

**Folders** [Add - Edit]

Inbox (29)
Draft
Sent
Bulk (3)   [Empty]
Trash      [Empty]

**My Folders** [Hide]

ASA
CHARLES
GLENN
JACK
KATHLEEN

MARTIN_VENTRESS
PETER
SHAWN
untitled

**Search Shortcuts**

My Photos
My Attachments

 See full-length TV shows now.
 Watch HD movie trailers & clips
 See full-length TV shows now.
 Get the top 100 music videos

Previous | Next | Back to Messages

Delete | Reply | Forward | Spam | Move...

This message is not flagged. [ Flag Message - Mark as Unread ]

From: "Shawn Luiz" <attorneyluiz@msn.com>   View Contact Details   Add Mobile Alert
To: pacthai1@yahoo.com
CC: captjack1943@yahoo.com
Date: Tue, 27 Feb 2007 17:04:01 -1000

Dear Dr. Matthews:

Please have Capt. copy and paste consent below to blank page and sign, scan
and email back so I can file this ASAP. Osaki is quite civil with me so
far; he agreed to extension; Pepper is another matter; he said he would only
agree to continue Oral Argument if Jack deposits 25K with his firm to cover
additional costs for him to refresh his recollection of case when he argues
a second time before 9th cir. (one time for Ventress and future time for
Jack); He is quite amusing; From a psychological viewpoint what do you think
his malfunction is other than his evil heart?? BUT I NOTICE HE NEVER
THREATENED ME AND NEVER HAD THE COURAGE TO SPEAK ON THE TELEPHONE WITH ME,
INSTEAD HE SENT AN EMAIL DESPITE MY MESSAGE FOR HIM TO CALL ME;

I have name of clerk 9th Cir. so I will notify her tommorrow that I am
appearing. Broward informed her I would be substituting; Brower signed doc
attached already; I will go forward with 3/9/07 oral argument for several
reasons:
1. Court could change mind about oral argument and submit on briefs only as
I saw one time;
2. I can ask permission to file supp. brief post oral argument if necessary
as I have done it before;
3. Brower gave me appeal files today and remainder soon
SO BETTER TO GO FORWARD as I completed research and feel I will have
adequate time to prepare; Osaki's motion I was not ready yet so I
continued
that motion; Debra is already booking my flight; I will send retainer next
email

Regards

January 17, 2008

Shawn:

Thank you for sending me a copy of the motion which was sent to Judge Kobayashi. Kindly note that the "in camera" motion was sent to me by email about 5 days after its submission to the court. I do not understand the delay. Your delay did not provide me with the opportunity to make a more immediate response, while leaving only your negative presentation and impression with the court.

Note: The only item sent to me was the Motion to Withdraw which dealt primarily with expenses. If there were any other items which you sent to the court, please send me a copy. I would expect to receive all parts of any submission which you made.

In that you have sent information to Judge Kobayashi, I am now doing the same and making a brief response. Shawn, I am sorry that my response to you may not be in proper format, but it is the best I can do until we can resolve our issue of money. Should we not be able to "come to terms" and get back to work, my new counsel will later make a further and complete response to your motion upon obtaining a date from Judge Kobayashi for a hearing on your Motion to Withdraw.

Please note: I have never questioned that you spent the money. I did, however, seriously question the following:

- Why did you take your wife to California on your trip to present oral arguments and then bill all of her expenses to me?

    You had indicated to me in both email and phone conversation that you needed to "practice" with her -- you further advised that she was and has been an essential part of your legal team.

    Frankly, I wondered why you could not have "practiced" with your wife in Hawaii prior to your departure for California? Is it typical that she travels with you on your cases and, in turn, you bill her expenses to your clients?

    In that this situation seems somewhat atypical, might you have first cleared this most unusual situation with me? However, so be it --- if it were truly essential that she travel with you and if it is typical that she also travels with you on other cases, I acknowledge the expense debt. You did get a win and I congratulate you. -- Your work is appreciated.

- In just four days you and your wife spent $1,397.43 for the hotel and $766.17 for food. These funds were spent with the full knowledge that I had limited funds to move my case forward to its conclusion. Aren't these expenses, billed to a person moving a cases forward on a tight budget, excessive?

1

Kindly note that on my last trip to California to deal with case matters, I spent $2,500 – this was also for two people and the trip <u>lasted a week</u>. Further, it included: hotel; food; rental car; and one ticket from Thailand to Los Angeles. In your situation, I was billed $2,000.00 just for airfares for you and your wife with total expenses being $5,200.

I am not a corporation. My financial circumstances have been made quite clear to you. I am retired. I live on a pension of $2,150 per month. I have some small savings which have been significantly depleted from continuous legal expenses that have taken place over the six years that this case is moving forward.

- <u>Receipts:</u> I have requested receipts for your $5,200 of expenses at least six times. These receipts have not been forthcoming. At first, you only sent a general billing and accounting only recapping expenses. .

   <u>When I continued to insist on getting receipts, you then advised that I should call the hotel.</u> Do you really think the hotel would release your personal hotel billing and personal expenses to me?

   What would happen if you submitted an expense report to any business or the business manager of any law firm without receipts or advised the manager that they should track down your receipts? I would think that they might show you the door and then request you return when you could submit a proper expense report. You have now advised you would try to find your receipts. A simple call will get you the receipt. I still do not understand how food could be $766.17 for just two full days in California.

- I had advised you several times that I was awarded damages in the appeal process for expenses and costs – that award would include $5,200 of expenses related to this trip which are now the basis for your withdrawal.

   <u>I told you to collect the damages awarded to me in the appeal by the 9th Circuit Court.</u>

   You advised me, <u>correctly or incorrectly</u>, that the process of collection could not commence until the conclusion of the case.

   However, after you had given me this advice, I had then been advised by a co-plaintiff, Mr.MartinVentress, that there is a statutory time limit to collect these expenses and costs. He had "first hand" experience and told me that he was recently refused payment of expenses for a late filing. You never responded to this important concern which I had presented to you.

2

- <u>Why are you establishing the hurdle of this one expense item to continue our work together?</u> -- It feels that you are 100% rigid about being paid, yet, I have no right <u>to ask and get responses to a few simple questions and obtain detailed receipts for expenses which I think are excessive . I would hope that my expressing concerns about the expenses would not have caused a "reaction" and create a situation that cannot be discussed.</u>

  You set a date to withdraw. You then demand payment or you will withdraw, but you fail to respond to serious and important questions that I have. I have also requested a conference call at least six times to clarify expenses and other issues -- no response.

  <u>You have established a no win situation for me</u>... either I pay you on a certain date <u>with no response to my questions or concerns or you quit</u>.... I then lose my $25,000 retainer and must struggle to find additional funding -- You very well know this... you have all the power and, I believe, that you have unfairly exercised this power.

  **You have created a one-way street on which only you can drive your car -- any action not fitting your criteria sets off a crash with the other party automatically being responsible. I, however, wish to drive on a two-way street not restricted by the unfair conditions which you impose.**

- **I will pay obligations that are fair and due you and upon response to pending questions and concerns.** <u>I want my case to move forward on time. I cannot afford more retainers and you very well know this.. you used this knowledge to attempt to extract payment for expenses that were excessive without even being willing to discuss matters of importance to me or other funding opions.</u>

  Return my retainer and I will feel differently about your actions.

- I still see no reason as to why we cannot resolve open questions and my concerns. Perhaps, a third party could mediate and we could both get back to work on this case. Perhaps, Judge Kobayashi will have some mutual advice for us so we can keep to current schedules?

- Shawn, also please clarify -- you advise others in writing that you have withdrawn and are not my counsel; however, I thought that was up to Judge Kobayashi to make that decision. -- What is your status and responsibility to me in the period until Judge Kobayashi establishes a date for a hearing on your motion.

3

You tell me I must go to depositions with a days notice – you offer no advice or options --- are you truly still representing my interests? And, I have advised you that others have not had to participate in depositions giving you the reasons why and asked you about this.. Yet, still no response from you. Please clarify you duties and responsibilities to me.

Jack L. Crawford, III

cc: Judge Kobayashi

4