## "EXHIBITS"

1) Shawn's notice to withdraw from DPR, changing Crawford's agreement from $200 to $8,000 dollars as previously stated by DPR but before Judge Kobayashi changed the conditions to meet AAA rules and <u>procedures reducing the cost back to $200</u>

2) Shawn's incorrect statement that Crawford threatened Glenn Matthew's

3) Declaration of Luiz under seal sent to Matthews (cc) -- against Crawford's directions to have contact with Matthews.

4) A copy of privileged lawyer / client communication dealing with just cost issues that was sent to a third party, Matthews, against Crawford directions not to share privileged communication with this party.

5) Statement by Asa Voak after he was contacted by Matthew and Huddon outlining the situation that incorrectly presented to him as fact by both Matthews and Huddon.

6) A Confidential letter to Luiz outlining issues with Matthews and again advising Luiz to cease all contact with Matthews.. This memorandum outlines all issues related to Matthews.

7) Reconciliation Letter: An attempt to bring Matthew and Luiz together to return to work on the case.

8) E-mail to Luiz requesting he resolve issues.

9) Pepper's suggestion that Luiz withdraw as attorney of record because all other prior attorneys had also withdrawn.

10) Dr. Kavi's medical statement after a complete psychological and psychiatric evaluation by his medical team.

11) Pepper's letter to Eric Seitz dated Feb. 17, 2004 advising Seitz to withdrawal and no longer represent Crawford. If Seitz did not withdraw, Pepper states he would sue Crawford's attorney and Crawford for malicious prosecution.

12) Pepper's threatening letter to Crawford May 13, 2004 threatening a law suit for malicious prosecution etc.,

13) Pepper's threatening letter to Crawford's attorney, Charles Brower dated October 28, 2004 advising that both Brower and Crawford would be sued if their continued against JAL and appealed the decision of Judge King on the FCN Treaty. Advised

EXHIBIT

1

Brower and Crawford to prepare their respective liability insurance policies for a forthcoming law suit.

14) Pepper's second letter to Brower on December 29, 2004 threatening to file a motion to force Brower's withdrawal.

15) The Luiz retainer request for $25,00 was sent to Matthews to present to Crawford. Crawford was to deposit $3,000 for expenses and the $5,300 Luiz and his wife spent. Luiz email memo then indicates that there would only be minor expenses. Yet, the trip to California alone was billed at $5,300 dollars with no receipts and almost double the initial estimate.

16) Ventress email: "Luiz indicates he will not represent Ventress; however, just a few days previously, Luiz told Ventress that he would represent Ventress..

17) Luiz email that he is unable to represent Ventress dated Dec. 9, 2007, after previously agreeing to represent him.

18) Luiz changed his mind again and then said he would represent Ventress on Dec 20, 2007, with conditions which were specifically related to retaining Glenn Matthew's --- Luiz is attempting involve Matthews so that Luiz's friend, Matthews, can make additional compensation.

19) An email from Matthews to Luiz requesting documents that Luiz had promised to send in 30-days related to discovery documents. Luiz failed to provide these discovery material and was questioned by Matthews for his lack of action.

Luiz was reminded by Matthew's that Luiz had often said he would never represent Ventress. Luiz had now flip flopped about three times.

Luiz negotiated with Ventress without Crawford's knowledge or consent and was willing to take on another client to make money to potential detriment of Crawford.

20) The Ventress detailed response to Luiz.

21) Pepper's settlement counter-offer which Crawford also believes was not a good faith offer.

22) An urgent email to Luiz from Crawford urging Luiz to respond to current issues and work together to resolve problems between Crawford, Luiz, and Matthews.

23) Luiz email stating that he would locate and forward expense receipts. **To this date he has never done so.** He also copied Matthews --- again Luiz had been told by his client, Crawford, that Matthews should not receive any privileged communication.

24) Luiz's settlement letter to Judge Kobayashi dated November 12th. Luiz believes settlement is futile". Luiz characterized his own client as dealing with the "emotionality of the moment; yet, Luiz has never reviewed the hard cost losses of Crawford in excess of $2.5 million – Punitive damages would be assessed in addition to this amount.

25) Amended notice for deposition. A deposition was scheduled for February 20th 2008 (9:00am) HST. This was sent to Crawford in Thailand for a response; however, Luiz would still appear to be counsel of record – the Court has made no ruling on the Luiz Motion to Withdraw. Crawford believes he is not, at this moment Pro Se. Crawford cannot, with the question of counsel unresolved, respond to Pepper's demand for, "some other date as may be mutually agreed upon"

Note: Crawford advised all parties by fax, including Carl Osaki, Andrew Pepper and the Court that Crawford's psychiatrist, Dr. Kavi in Thailand, advised that Crawford is now following a new medication regimen and, therefore, will not be able to travel aboard or, participate in proceedings until such time he advises that these undertaking are medically advisable. Crawford via Dr. Kavi will update the court every 30 day on Crawford's condition.