FROM : LAW OFFICE OF ERIC A SEITZ    FAX NO. : 808 545 3608    Mar. 09 2004 03:37PM

# CARLSMITH BALL LLP

A LIMITED LIABILITY LAW PARTNERSHIP

ASB TOWER, SUITE 2200
1001 BISHOP STREET
HONOLULU, HAWAII 96813
TELEPHONE 808.523.2500 · FAX 808.523.0842

DIRECT DIAL NO.
808.523.2572

APEPPER@CARLSMITH.COM

OUR REFERENCE NO.

February 17, 2004

VIA HAND DELIVERY

Eric A. Seitz, Esq.
820 Mililani Street
Suite 714
Honolulu, Hawaii 96813

Re: Martin Ventress and Jack Crawford v. Japan Airlines, et al., Civil No. 03-00451 SPK-LEK

Dear Eric:

As you requested during our planning meeting on January 23, 2004, this letter will provide you with a short synopsis of the law regarding federal preemption of your clients' claims. This letter is written in reliance on what I believe to be your good faith promise to fairly evaluate my analysis and citations and to dismiss this matter should preemption be apparent.

First, it is important to define the boundaries of your clients' allegations. As I read the Complaint, the entire gravamen regards flight safety concerns purportedly held by your clients and alleged retaliation against your clients for reporting their concerns to JAL's management. See Complaint at ¶¶ 19-21. In response, your clients filed suit under California state law alleging two claims of "retaliation against whistleblowers" and two "piggyback" claims of intentional infliction of emotional distress, fraudulent, and abuse. See Complaint at ¶¶ 24-26. Thus, this case can be summarized as a lawsuit by aviation flight safety whistleblowers under state law.[1]

The issue here is that Congress, exercising its plenary powers, has completely preempted any application of state law to aviation flight safety whistleblowing claims.

Federal control is intensive and exclusive. Planes do not wander about in the sky like so many clouds. They move only by federal

---
[1] Although the Plaintiffs filed under California state law, you have indicated that you plan to amend the Complaint to substitute Hawaii law. Because the federal preemption analysis does not turn on any specifics of the state law at issue and, instead, looks to the nature of the state law, the analysis and conclusions of this letter are identical regardless of whether Hawaii or California law is considered and applied.

HONOLULU    KAPOLEI    HILO    KONA    MAUI    GUAM    SAIPAN    LOS ANGELES    WASHINGTON D.C.
4817-0758-5362.1.041729-00005

RECEIVED    3/26

EXHIBIT 11

Eric A. Seitz, Esq.
February 17, 2004
Page 6

The amplification of the preemptive force of the ADA by the Wendell Ford Act is clear:

> Our analysis of the ADA's pre-emptive effect is bolstered by Congress's [sic] enactment of the WPP, for the WPP's protections illustrate the types of claims Congress intended the ADA to pre-empt.
>
> In fashioning a single, uniform standard for dealing with employee complaints of air-safety violations, Congress furthered its goal of ensuring that the price, availability, and efficiency of air transportation rely primarily upon market forces and competition rather than allowing them to be determined by fragmented and inconsistent state regulation. . . .
>
> By making the Secretary of Labor's findings and remedy order in response to an employee's complaint reviewable by the federal courts of appeals, Congress insured a more uniform interpretation of the WPP, and thus a more predictable response to public air-safety complaints, than would likely be possible if it had greater review *in the courts of the fifty states*. . . .
>
> The WPP's single, uniform scheme for responding to air-carrier employees' reports of air-safety violations fosters fairness far better *than a patchwork, hit-or-miss system* of whistleblower protections scattered throughout the States.

Eric, this is obviously not intended to be a comprehensive brief on the subject, but I did want to convey the general themes that are out there in the law regarding state-law-based litigation by airline employee whistleblowers. Your clients were never without a remedy and could have exercised their rights under the WPP Program. Why exactly they and their previous counsel elected to ignore the ADA and the WPP Program is not clear, but that oversight, regardless of whether it was by design or omission, cannot somehow give them rights under state law that never existed. The bottom line is that neither California or Hawaii's whistleblower protection acts have any role or relevance to a flight deck officer's safety concerns or complaints and, accordingly, the Complaint as currently fashioned, or even as proposed to be amended to substitute Hawaii-law claims, is still-born. As I noted at the outset, I am providing this letter to you in reliance on your professional commitment [illegible] regard, if you will agree to drop the lawsuit within the next thirty days, I will recommend to my clients that any and all inchoate retaliative litigation rights or claims (e.g., post-case claims for malicious prosecution) be released and not pursued. Please let me know as soon as possible how you would like to proceed to dispose of this matter.