*13*

*LATEST THEATENING Letter From pepper*

# CARLSMITH BALL LLP

A LIMITED LIABILITY LAW PARTNERSHIP

ASB TOWER, SUITE 2200
1001 BISHOP STREET
HONOLULU, HAWAII 96813
TELEPHONE 808.523.2500   FAX 808.523.0842
WWW.CARLSMITH.COM

DIRECT DIAL NO.
808.523.2592

APETERS@CARLSMITH.COM

OUR REFERENCE NO.
8517294-1

October 28, 2004

VIA HAND DELIVERY

Charles H. Brower
Pioneer Plaza
900 Fort Street, Suite 1210
Honolulu, Hawaii 96813

Re:   Martin Ventress and Jack Crawford v. Japan Airlines, et al., Civil No. 03-00451 SPK-LEK

Dear Charles:

As anticipated, Final Judgment in favor of Japan Airlines and Jalways Co., Ltd. (the "JAL Defendants") was entered by the Court on October 25, 2004, pursuant to Judge King's Order Severing Defendants and Granting Defendants Japan Airlines and Jalways Co., Ltd.'s (1) Motion for Judgment on the Pleadings (Regarding Emotional Distress Claims); and (2) Motion for Judgment on the Pleadings and/or for Summary Judgment (Regarding the FCN Treaty) dated October 20, 2004.

Under the Federal Rules of Civil Procedure, this constitutes a "final" judgment and the case is thus terminated in favor of and as to the JAL Defendants. As we have discussed and as I have stated *repeatedly* in written correspondence,[1] your client's claims have always been deficient as to the JAL Defendants. Accordingly, we have warned you, *ad nauseum*, of the need to dismiss the claims against the JAL Defendants rather than continuing to litigate this matter, given the likelihood of a future countersuit for malicious prosecution and/or abuse of process.

Nevertheless, your client opted to keep pressing this case and, in turn, caused the JAL Defendants to expend well in excess of $300,000.00 in fees and expenses defending this stillborn lawsuit. During the course of this litigation we have supplied you with ample rationale

---

[1] Including, but not limited to correspondence from Carlsmith Ball LLP to Charles Brower dated June 14, 2004 and August 11, 2004, and correspondence from Carlsmith Ball to Plaintiff Crawford dated May 13, 2004 and May 17, 2004 (where Crawford was warned *while representing himself pro se*) with respect to the JAL Defendants' position, that his claims were wholly unmeritorious and constituted sufficient grounds for a countersuit for malicious

EXHIBIT 13

Charles H. Brower
October 28, 2004
Page 2

and legal authority to support our position, as well as continuous reminders that you are just the latest in a line of attorneys (i.e., Messrs. Cervantes, Withy and Scitz) *who have represented Plaintiffs Ventress and Crawford without successfully prosecuting their claims*. As this litigation progressed, it should have been increasingly apparent to you and your client that the alleged causes of action against the JAL Defendants were fruitless.

Despite our many warnings and the professional courtesies extended to you (e.g., *repeatedly* extending to you an opportunity to withdraw these claims in order to avoid malicious prosecution charges), this case has forged onward. Now, the Court has rendered justice in favor of the JAL Defendants through entry of the Final Judgment. As a result, the JAL Defendants are faced with no alternative other than to pursue a countersuit against Plaintiffs Ventress and Crawford (and their legal counsel) in order to recoup some of the many thousands of dollars expended in defending against Plaintiffs' baseless claims.

With respect to such a lawsuit, a plaintiff (e.g., the JAL Defendants) asserting a claim for malicious prosecution must establish three elements: (1) that the prior proceedings were terminated in the plaintiff's favor; (2) that the prior proceedings were initiated without probable cause; and (3) that the prior proceedings were initiated with malice. *Juress & Leong v. Burt*, 150 F. Supp. 2d 1028, 1062 (D. Haw. 2001) (citations omitted); *see generally*, RESTATEMENT (SECOND) OF TORTS §§ 653, 674 (1977); PROSSER & KEATON *on the Law of Torts*, §119 (5th ed. 1984).

The entry of the Court's final judgment clearly satisfies the first element. With respect to "probable cause" for bringing such a lawsuit, such requirement is met where any reasonable attorney would have thought the claim was tenable. *See e.g., Sheldon Appel Co. v. Albert & Oliker*, 47 Cal 3d 863, 765 P.2d 498 (1989). With respect to this case, at least three other attorneys have represented your client *before* you, and each and every one of them removed themselves as counsel of record. Lastly, regarding the element of malice, it may be sufficient to infer the same from the inherent lack of probable cause. *Id* at 883 ("the extent of a defendant attorney's investigation and research may be relevant to the further question of whether or not the attorney acted with malice"). Here, you were provided (over and over again) with ample case law and argument as to why your client's claims were deficient and did absolutely nothing to stop these baseless claims from going forward.

With respect to damages, a plaintiff is entitled to recover:

"***(b) The harm to his reputation by any defamatory matter alleged as the *basis of the proceedings*, and

(c) The expense that he has reasonably incurred in defending himself against the proceeding, and

(d) Any specific pecuniary loss that has resulted from the

Charles H. Brower
October 28, 2004
Page 3

      (e) Any emotional distress that is caused by the proceedings."

RESTATEMENT (SECOND) OF TORTS § 674 (cmt. d. specifically provides that "expense *** reasonably incurred in defending himself" includes costs and reasonable attorney's fees). Furthermore, the plaintiff may be able to seek punitive damages as well.

      In these times of public contempt for the litigation explosion in our judicial system caused by the excessive filing of baseless civil lawsuits (such as the one at hand), a countersuit represented herein would likely favor plaintiffs (i.e., Japan Airlines and Jalways Co., Ltd.). Indeed, it would seem that a verdict for plaintiffs would be more likely if jurors believe that such a verdict will help to put an end to such improper use of the courts.

      While my clients are extremely unhappy with the expenses incurred in defending against Plaintiffs' baseless claims, they may be amenable to forbearing their absolute right to pursue malicious prosecution claims against you and your client in exchange for a full and final release of all claims, including but not limited to, any right to pursue appeal of the Court's Final Judgment entered October 25, 2004.

While you are considering this matter, DEMAND IS HEREBY MADE that you inform your malpractice insurance carrier that the JAL Defendants are seriously considering commencing legal proceedings against you, and that Plaintiff Crawford inform his homeowner's insurance carrier (or any other applicable general liability carrier) of said inchoate, yet immediately looming, lawsuit.

      Given the history of these proceedings to date, the issues raised herein would certainly seem to merit your utmost attention and immediate consideration. I look forward to speaking with you soon.

                                             Sincerely,

                                             Andrew L. Pepper