ORIGINAL

*cc. warren*

## ADDENDUM TO CRAWFORD'S POSITION / OPPOSITION STATEMENT TO THE LUIZ MOTION TO WITHDRAW WITHOUT CONDITIONS OR PENALTY

CV-03-451 SPK-LCK

**Statement by Crawford Related to Luiz's Continued Breaches of Confidentiality and Punitive Action Taken by Luiz Against His Own Client"**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 04 2008

at ___ o'clock and ___ min ___ M
SUE BEITIA, CLERK

--- Documents in support of this position / opposition statement are enclosed.

Luiz has shared confidential and lawyer client communications with Glenn Matthews and Larry Huddon.  These actions by Luiz were taken against his own client's repeated directions to: "PLEASE STOP—CEASE AND DESIST!"  Luiz's inappropriate actions and violations of client confidentiality continue to the present moment as illustrated by the email cc: from Luiz to Matthews as illustrated by one of the enclosed document.

The parties with whom Luiz is sharing privileged lawyer / client communication are two parties that retained a senior member of the Royal Thai Police to make threats to Crawford and his wife.  The nature of these threats, in Thailand, is clearly understood to be a death threat.  Crawford has already sent a complete report to the Court documenting the officer's statements which were recorded by the Crime Suppression Division, (National Police -- Internal Affairs) to the Court.

Statements from the officer that made the threats directly implicates both Matthews and Huddon.

Luiz, despite multiple warnings by Crawford not to share confidential information has either, knowingly or unwittingly, become involved in the actions of these two parties by sharing these communications.

Luiz's action of sharing confidential information has endangered Crawford. In spite of warnings from Crawford, Luiz acted based upon reports from Matthews and Huddon -- two people now subject to both criminal and civil action and certainly not clients of Luiz.

Why couldn't Luiz have at least called Crawford and reviewed the situation with his own client?

Crawford has tried so many times to get Luiz to stop this incredible breakdown of the lawyer / client relationship that it defies logic as to why Luiz would continue such unethical behavior unless he intentionally wanted to hurt his own client.

And, Crawford now suggests to the Court, that hurting his own client is exactly what Luiz is attempting to do so under the guise of concern for two parties who will soon be subject to the civil and criminal actions.

Luiz not only violates the prime tenants of a trusted and privileged relationship -- Luiz also acts to intentionally cause harm to his client.

Crawford presents five quite simple, basic, and related explanations to the Court for Luiz's irrational behavior of ignoring pleas from his own client to just: "...please just call me and get the simple facts before you continue on this destructive path!" ---

1. Luiz, is blinded by his own anger, because Crawford questioned and challenged Luiz's profligate spending when Luiz knew full well that Crawford's expense funds were limited.

2. Luiz, to avoid exposure of his serious errors in judgment and unethical behavior, needed to completely discredit Crawford.

   Luiz could, obviously not openly take this action against his own client; however, he could use his friend Matthews to accomplish this task.  As has been well supported in other documents sent to the Court, Matthews, (the person implicated in threats to Crawford and his wife), and Luiz had a special arrangement which was outside the lawyer / client relationship between Crawford and his attorney.

   To the exclusion of supporting his own client, Luiz used his special relationship with Matthews to hurt his own client.

   To support this statement, Crawford believes that Luiz has submitted information to the Court under seal which will for Luiz, (hopefully have the effect of damaging and discrediting his own client).

   Luiz, Crawford believes took this action not out of concern for Matthews but rather because Crawford would not pay expenses

without discussion and documentation.  Luiz is attempting to inflict damage.

By damaging his own client, Luiz will have punished his client and have made it more difficult for Crawford to obtain new counsel. Crawford characterizes Ruiz's actions as those of a vindictive "small person" who cannot deal directly with the issue at hand – unsupported expenses and profligate spending.

3.  Luiz knew if his expenses were examined it would probably be found that his spending was not in his client's best interest.  He would be discredited.  <u>Luiz has still never submitted detailed receipts to Crawford of expenses for expenses incurred by Luiz and his wife.</u>– Luiz has had every opportunity to do so.  Perhaps, the pressure of the current situation will now force Luiz to show, in detail, his spending on room, meals, beverage, and airfare.

Crawford's issue related to Luiz's spending and taking his wife on his trip to California are documented in Crawford's Position / Opposition to Withdrawal of Luiz without specific conditions.

4.  When the Luiz special arrangements, (you quit / I quit) between Matthews, (who threatened Crawford via his surrogate – a senior police friend), and Luiz are presented in the appropriate venues, Luiz could be subject to disciplinary action for participating in this special relationship.

Crawford has also continually pointed out the unethical behavior of Luiz in entering into and participating in the Matthews quits / Luiz Quit agreement.  And, in fact, what took place was that when Matthews did quit, Luiz also quit.

<u>Crawford has advised that he has felt this special agreement, outside the lawyer client relationship, exposed him to serious conflicts of interest.</u>

<u>This special relationship with Matthews was laden with potential for conflict of interest and, in which, Luiz was a willing and active participant.</u>

3

Now, the damage of "special arrangement" that established a conflict of interest between lawyer and client, outside the lawyer / client relationship. is easily seen.

Luiz supported Matthews to exclusion of his own client by sharing confidential information and never bothering to call his client to obtain his own client's position.

The client who should be in a protected position is damaged.

5. Finally, in ignoring all pleas from Crawford to Luiz not to violate the most scared tenants of the lawyer / client relationship Luiz might even be subject to licensing actions. Luiz had to do everything in his power to make Crawford look "the fool" ----

And, Matthews as pointed in other memorandums needed to get out from working with Crawford. If he remained "on board" Matthews credentials and licensing problems would have been exposed when he completed the expert witness form sent to him by Luis. It was certainly easy for Matthews to also determine it was in his best interest to sabotage Crawford and his relationship with his attorney by making inaccurate statements to the Court in Crawford believes will be revealed to the Court in documents under seal. If Crawford is also presented as "the fool" by Matthews, Matthews then feels safe that his licensing, credentials, and other problems will never be revealed.

Crawford is being assassinated by his own attorney -- Crawford suggests that the Court is seeing the modern American rendition of Shakespeare --- "Et tu Brute"

---

Unfortunately for Luiz, he did not know until after he submitted documents to the court under seal, (which Crawford believes are from Matthews and Huddon), that both Matthews and Huddon are now involved in a most serious criminal investigation and are now also subject to civil actions.

4

It should be noted that in spite of Luiz's actions, Crawford attempted to protect Luiz from making the error of probably submitting documents under seal from these parties and, thus, looking ridiculous in his Court actions and Motion to Withdraw.

Crawford had attempted to protect Luiz because Crawford had hoped that Luiz would become aware of his errors, admit his mistakes, and return to the case. Despite multiple warnings to Luiz about the real nature of the situation, Luiz, (Crawford believes), went ahead, at his own peril, and has now submitted documents to the Court under seal from persons now subject to well documented criminal actions.

The position of Luiz is tenuous at best. It is Crawford's opinion that Luiz's actions have now made him the possible subject of malpractice and / or reprimands from the Bar Association for his actions.

Crawford had almost begged Luiz to get the facts before acting but Luiz did nothing.

**Crawford believes Luiz's behaviors offer a "textbook study" for new law students of "what not to do" in the lawyer / client relationship.**

All Crawford ever wanted was an apology from Luiz, (and these other parties) and for them to correct their wrongs... Something any professional should be able to do and then get back to work.

Now, ignoring all pleas from Crawford, it is essential that Crawford now act to protect his interests in both civil and criminal actions in Thailand and the United States. Crawford is now starting this process of obtaining relief by raising objections to Luiz's Motion to Withdraw unless conditions and penalties are established.

Crawford now respectfully requests that the court as a condition of Withdrawal of Shawn Luiz to:

1. Request that Luiz cease his breaches of confidentiality and stop sharing information now or in the future with Matthews or Huddon.

5

Note:  Crawford understands Luiz may try to indicate to the Court he was worried about Matthews and Huddon and thus felt compelled to breach this most trusted relationship between lawyer and client.

Crawford understands this argument, but couldn't Luiz have called his own client in a 5 minute call to first get the facts before acting........--- facts which Crawford attempted to give Luiz so very many times and which are so well reported  in documents enclosed with this submission.

<u>Crawford will reject any of Luiz's probable forthcoming fuzzy logic as to why Luiz's actions may have justified.</u>

2.  Remind Luiz of the responsibilities and obligations involved in maintaining a lawyer / client relationship.

3.  Advise Luiz that it is inappropriate to enter into other relationships which conflict with his primary relationship and duties to his own client. – Luiz's relationship with Matthews was fraught with potential for conflicts of interest.

4.  Suggest that Luiz draft a new Lawyer Client Agreement that is not subject to errors of interpretation as was reviewed in Crawford's Postion / Opposition Statement to the Luiz Motion to Withdraw.

5.  Suggest that Luiz follow his own agreement and submit detailed monthly billings as he states will do in his Lawyer / Client agreement.

6.  Suggest that Luiz maintain detailed receipts for expenditures and before demanding payment and meet the most basic obligation to maintain detailed receipts for expenses.

7.  Draft a letter of apology to Crawford with Luiz acknowledging his specific errors.

The only thing that Crawford believes the facts support is that:

<u>Luiz's actions are punitive because Crawford was not afraid to challenge his own attorney.. ----  a person on whom Crawford so heavily relied and whose actions are now inflicting severe damage on Crawford.</u>

6

As Crawford has mentioned, he will not be vindictive (like Luiz), but rather will seek a sincere written apology from Luiz which sets the facts straight and in which Luiz acknowledges his errors. Crawford may also seek restitution for any damages which he suffers as a result of his attorney's actions. Crawford would like to have a letter from Luiz so that he can now obtain a new attorney without the "taint" which Luiz wishes to give his own client.

The importance of removing any possible taint on Crawford by Luiz's actions and Motion to Withdrawal is significant to Crawford.

Crawford is required to be most direct about Luiz's multiple wrongs because of constant interference in the lawyer / client relationship between Crawford and his attorney(s) by the attorney for the defendants: Andrew Pepper. Crawford is concerned that Mr. Pepper will attempt to damage Crawford's efforts to continue his legal actions by their interfering in Crawford's relationship with his new or prospective counsel.

Since the venue was changed to Hawaii, Pepper has interfered in Crawford's relationship with each of his attorneys. This issue has been ongoing issue and problem for Crawford.

Pepper has approached each of Crawford's attorneys seeking their withdrawal. He has suggested to each that there would be consequences and/ or damages if they continued their representation of Crawford. Crawford believes that these actions are attempts to deprive Crawford of counsel and due process.

Pepper told Eric Seitz to withdraw and advised Seitz that if Seitz would withdraw, Pepper would drop litigation against Seitz for malicious prosecution. – This was enough of a threat to get my attorney to "want out" --- Seitz quit. At some point, I would hope that Mr. Pepper will have the opportunity to respond and become responsible for his actions.

After Seitz withdrew and while Crawford was pro se, Pepper then threatened Crawford with a counter suit for malicious prosecution and abuse of process, etc, stating Crawford's claims were wholly unmeritorious factually and are, (thus) legally barred by the FCM Treaty between Japan and the United States --- an appeal which Crawford won!

7

Pepper continued these types of actions by then threatening both Charles Brower and another attorney, Venetta Carpenter-Asui, by telling them to get their liability insurance ready to be sued.  Further advising that Crawford should get his household (liability) insurance in order and ready if Crawford filed the appeal related to the earlier decision Judge King on he FCN treaty.

Pepper further escalated the threat to Brower on the 28th of December, 2004 by threatening that if Brower did not withdraw, he would file a motion to force Brower to be removed if Brower went ahead and appealed the FCN treaty.  Brower, unlike Seitz did not buckle under this pressure and crafted an excellent appeal for Crawford which resulted in Japanese companies losing broad immunity.  Documentation of Peppers actions are attached.

Pepper goes to each attorney throwing tossing out threats like confetti at a wedding…this interference is an attempt to taint Crawford as a "bad client" to prevent him from obtaining counsel. Certainly Crawford would hope that his claims related to Luiz are both with merit and serious.

<u>Crawford must remove any possible taint because he knows that Mr. Pepper will soon attempt to interfere with Crawford obtaining and retaining new counsel.</u>

With Luiz, Pepper advised he would not object to Luiz withdrawing. Pepper claimed that Crawford's settlement offer of $5,000,000 was in bad faith then made a $30,000 counter offer.  Luiz then amazingly supported Pepper and indicated his client was exhibiting "emotionality" --- Luiz supported the defendants attorney without ever reviewing a statement from an economist which would demonstrate Crawford's hard cost losses, (salary, pension, 401K, social security, medical, vacation, sick leave, etc.) were in excess of  $2.5 million. Punitive damages to be assessed against JAL would be significant.

Therefore, with Crawford already knowing Pepper's probable forthcoming interference in Crawford's attempt to obtain new counsel and due process, <u>Crawford must make certain that Crawford's Postion Statement / Opposition to Withdrawal of Luiz without penalties or conditions are clear to any new or prospective counsel.</u>  This commentary on Pepper needed to be included because now both Luiz and Pepper will wish to paint Crawford in an unfavorable light.

As an aside and to correct Pepper's statements: Cervantes withdrew because he could not practice in Hawaii and Todd Whitty withdrew because he would not proceed under a contingency agreement. Brower withdrew at the request of Crawford.

If Pepper is to continue to interfere with Crawford's attorneys Crawford would at least request Pepper interfere by presenting the correct information.

Respectfully Submitted,

Jack L. Crawford, III.

cc:    Shawn Luiz
       Andrew Pepper
       Carl Osaki
Attn:
Carl Osaki/ Fax: 808-521-3560
Andrew Pepper/ Fax: 808-523-0842
Shawn Luiz/ Fax: 808-538-0600