IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| JACK CRAWFORD, ET AL., | ) | CIVIL NO. 03-00451 SPK-LEK |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JAPAN AIRLINES, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL**

On January 7, 2008, Shawn Luiz, Esq., counsel for

Plaintiff Jack Crawford, filed the instant Motion to Withdraw as

Counsel ("Motion").  Mr. Luiz also filed sealed declarations in

support of the Motion on January 15, January 25, January 31, and

February 4, 2008.  Defendants Japan Airlines and Jalways Company

(collectively "Japan Defendants") filed a conditional statement

of no opposition on January 9, 2008.  Crawford filed his Position

Statement and Opposition to Withdrawal of Shawn Luis, Attorney as

Counsel for the Plaintiff ("Position Statement") on January 29,

2008, as well as two addenda to the Position Statement on

February 4, 2008 and February 5, 2008.  The Court finds this

matter suitable for disposition without a hearing pursuant to

Rule LR7.2(d) of the Local Rules of Practice of the United States

District Court for the District of Hawai`i.  After careful

consideration of the Motion, supporting and opposing memoranda,

and the relevant legal authority, Mr. Luiz' Motion is HEREBY

GRANTED for the reasons set forth below.

BACKGROUND

Crawford and Plaintiff Martin Ventress originally filed

the instant employment discrimination action against the Japan

Defendants and Defendant Hawai`i Aviation Contract Services

("HACS") in the United States District Court for the Central

District of California.[1]  Crawford alleged claims for wrongful

termination in violation of the California public policy

protecting whistle blowers and intentional infliction of

emotional distress.  The case was transferred to the District of

Hawai`i on August 20, 2003.  In October 2004, the district judge

granted judgment on the pleadings in favor of the Japan

Defendants.  The district judge ruled that the claims against the

Japan Defendants were preempted by the Friendship, Commerce, and

Navigation Treaty, United States - Japan, April 2, 1953, 4 U.S.T.

2063 ("Japan FCN Treaty").  Further, even if the emotional

distress claim was not preempted, it failed as a matter of law.

The district judge severed the claims against the Japan

Defendants from the claims against HACS and final judgment was

entered on October 25, 2004 in favor of the Japan Defendants.[2]

On appeal, the Ninth Circuit reversed the district judge's ruling

---

[1] Crawford's claims were later severed from Ventress'
claims.

[2] Crawford and HACS are scheduled to arbitrate his claims
against HACS.

that the Japan FCN Treaty preempted the claims under California's whistle blower protection laws and remanded the case for further proceedings.[3]

At various times throughout this case, Crawford has been represented by a series of different attorneys and has represented himself pro se while he was between attorneys. Mr. Luiz is Crawford's most recent attorney. Mr. Luiz now seeks to withdraw, citing Crawford's failure to fulfill obligations set forth in their retainer agreement and a number of other problems between them.

Although Crawford contests the bases for Mr. Luiz's withdrawal, he ultimately "recognizes that for Luiz to continue representation under order from the Court would probably not be beneficial to his legal actions." [Position Statement at 8.] The Japan Defendants stated that they do not oppose Mr. Luiz's withdrawal as long as it does not interfere with the hearings schedule for the dispositive motions set before the district judge, including those set for March 14, 2008. The Court notes, however, that, after the Japan Defendants filed their statement, the district judge continued the March 14, 2008 hearing to May 14, 2008, and this Court further continued the hearing until

---

[3] Neither Ventress nor Crawford appealed the district judge's ruling that the emotional distress claim failed as a matter of law. Thus, the Ninth Circuit did not address whether the Japan FCN Treaty preempted the emotional distress claim.

June 18, 2008.

### DISCUSSION

Under Local Rule 83.6(b), "[a]n attorney who has appeared in a case may seek to withdraw on motion showing good cause."  In determining whether there is good cause for withdrawal, courts have considered whether the client is cooperative and willing to assist the attorney in the case.  See, e.g., Whiting v. Lacara, 187 F.3d 317, 321 (2d Cir. 1999).  The Seventh Circuit has held that "[u]nless there is a demonstrated conflict of interests or counsel and defendant are embroiled in an irreconcilable conflict that is so great that it resulted in a total lack of communication preventing an adequate defense, there is no abuse of discretion in denying a motion [to withdraw]." United States v. Cole, 988 F.2d 681, 683 (7th Cir. 1993) (citation and quotation marks omitted) (alterations in original).

This Court has reviewed Mr. Luiz's and Crawford's submissions and finds that there is an irreconcilable conflict between them which is so great that it has resulted in a total lack of communication and prevents adequate representation. Further, Crawford will not be prejudiced, nor will the case be disrupted, by Mr. Luiz's withdrawal because trial is not scheduled until October 7, 2008 and Crawford is able represent himself pro se.  This Court therefore finds that there is good cause for Mr. Luiz to withdraw and GRANTS Mr. Luiz's Motion.

Crawford must proceed pro se unless and until he
retains new counsel.  The Court cautions Crawford that pro se
parties are responsible for meeting all deadlines and complying
with the procedural and substantive rules of the court, including
the Federal Rules of Civil Procedure and the Local Rules of
Practice of the United States District Court for the District of
Hawai`i.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987)
("Pro se litigants must follow the same rules of procedure that
govern other litigants."); see also United States v. Bell, 27 F.
Supp. 2d 1191, 1197 (E.D. Cal. 1998).  Pro se parties can access
these rules through links found on the website for the United
States District Court for the District of Hawai`i
(www.hid.uscourts.gov).  The Court also instructs Crawford to
familiarize himself with the procedures for the submission of
documents to be filed with the Clerk's Office.  Crawford may
contact the Intake Section of the Clerk's Office at 808-541-1891
for more information, or he may contact them by mail at:

>       Clerk's Office
>       United States District Court - District of Hawai`i
>       300 Ala Moana Blvd. Room C-338
>       Honolulu HI, 96850.

In particular, the Court notes that, because Crawford currently
resides outside of the United States, the Clerk's Office requires
him to submit a self-addressed, postage prepaid envelope with the
documents that he submits for filing if he wants the Clerk's
Office to return a file-stamped copy to him.

**CONCLUSION**

On the basis of the foregoing, Mr. Luiz's Motion to Withdraw as Counsel, filed January 7, 2008, is HEREBY GRANTED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, February 19, 2008.



 /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

JACK CRAWFORD, ET AL. V. JAPAN AIRLINES, ET AL; CIVIL NO. 03-00451 SPK-LEK; ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL