ORIGINAL

Jack L. Crawford III
The Regent Royal Place II 6/179
Soi Mahadlekluang 2, Rachadamri Road
Lumpini, Patumwan,
Bangkok, Thailand  10330

Mobile Telephone: 001-66-81-907-9236
Land Line Telephone: 001-66-2-650-2307
Facsimile: 001-66-2-650-2307
E-mail: captjack1943@yahoo.com

Plaintiff, PRO SE

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 03 2008

at __ o'clock and __ min __ M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JACK L. CRAWFORD,<br><br>Plaintiff, PRO SE<br><br>vs.<br><br>JAPAN AIRLINES AND JALWAYS CO., LTD.; HAWAII AVIATION CONTRACT SERVICES INC.<br><br>DEFENDANTS. | CIVIL NO. 03-00451 – SPK – LEK<br><br>PLAINTIFFS OPPOSITION AND RESPONSE STATEMENT RE: DEFENDANTS JAPAN AIRLINES, JALWAYS, & HAWAIIAN AVIATION CONTACT SERVICES INC'S POSITION STATEMENT TO THE COURT NOT TO INTERFER WITH DEPOSITIONS NOW SCHEDULED & JAPAN AIRLINES EX PARTE APPLICATION FOR INSURANCE OF COMMISSION TO TAKE DEPOSITIONS IN JAPAN.<br><br>CRAWFORD'S COUNTER MOTION TO POSTPONE DEPOSITIONS IN JAPAN WITH JAPAN AIRLINES, JALWAYS, AND HACS UNTIL NEW COUNSEL HAS BEEN APPOINTED AND 90 DAY COUNTINUANCE HAS EXPIRED.<br><br>TRIAL DATE: OCTOBER 7TH, 2008 |

1

<u>CRAWFORD'S, PRO SE, POSITION STATEMENT / OPPOSITION STATEMENT AND COUNTER-MOTION TO CARL OSAKI AND JAPAN AIRLINES EXPARTE APPLICATION FOR INSURANCE OF COMMISSION TO TAKE DEPOSITIONS ON MAY 7TH-9TH 2008.</u>

<u>DECLARATION OF CRAWFORD</u>

Plaintiff, Jack L. Crawford, III presents the following position/ opposition statements/ AND counter motion to the court and the honorable magistrate Judge Leslie Kobayashi and Crawford, acting pro se, herewith requests Carl Osaki's motion and JAL's request for depositions in Japan be denied and the depositions be postponed in Japan based on the following.

1. It is Crawford's opposition /position as related to Osaki's motion and JAL's intentions to continue ex parte application for insurance of depositions in Japan as scheduled on May 7th –May 9th 2008 that there be no depositions in Japan for either HACS or JAL, until after Crawford is properly represented by competent legal counsel known as Crawford's counsel of record whom is familiar with the process of taking depositions AND after the 90 day continuance has expired and new counsel has been appointed.

2. Without new counsel Crawford would be disadvantaged and as Pro Se be unqualified proceed with depositions in Japan.

3. Therefore, Crawford, Pro Se, who is presently not represented by counsel, and with his being unqualified to proceed in Japan, feels this bias would prejudice and compromise Crawford's cases and position with the defendants.

4. Any depositions taken before Crawford is represented by competent counsel would obviously be in favor of the defendants; HACS, JAZ and JAL if they are allow to proceed without Crawford being properly represented.

5. Crawford has a 90-day continuance, after which Crawford agrees at any other noticed date, time, and location for use in the above entitled case; when Crawford has competent counsel to take depositions in Japan and when such depositions are mutually rescheduled.

6. Both the court and the defendants have been made aware of Crawford's medical condition and situation preventing Crawford from taking depositions or, participating in depositions.

7. Participation or the requirement to proceed under current circumstances would be a grave injustice to Crawford until Crawford's doctor certifies that he can proceed and fully participate in legal proceedings and travel to Hawaii.

8. Crawford's understanding is that depositions in Japan have been scheduled in conflict with Crawford's 90 day continuance and this, alone, should be sufficient reason to grant his motion. Moving forward at this time would impose a severe burden on Crawford and place him at an extreme disadvantage.

9. Crawford requests that the court postpone depositions and Crawford suggests that they be rescheduled after Crawford has retained new counsel and said counsel has become familiar with the legal matters which are to be undertaken in depositions.

10. Crawford believes that new counsel will best determine or be suited to either reschedule or, continue with any schedules already set, based on new counsel ability to proceed.

11. Crawford believes new counsel will work on a timely basis to resolve depositions with the defendants and the court to either proceed or delay until which time as she is prepared to proceed.

12. Crawford prays the court consider that in all legal matters relating to plaintiff and defendant, including the depositions in Japan, that the defendants and Crawford are both treated equally and fairly with each given the same opportunities so that a trial, if required, may proceed based upon each party having an equal opportunity to develop evidence in support of the merits of their case.

13. Crawford's counter motion requests the court postpone any legal proceedings and/or depositions, including those in Japan, until Crawford's new counsel has been retained and Crawford's medical issues have been resolved which will permit both his travel and participation in the legal proceedings.

14. Crawford does not agree nor do he stipulate that these depositions in Japan replace or preclude the Japanese witnesses and other JAL/JAZ executives from participating in a trial in Hawaii.

## CONCLUDING STATEMENT

Crawford feels that by moving forward with depositions without his first obtaining new and competent counsel that his case would be prejudiced. A 90-day continuance has been requested. Crawford has already identified and sent supporting data with regard to his medical condition which currently prevents both travel and his full participation in his legal actions.

3

To move forward, at this time, would prejudice Crawford's position and deny Crawford, both and equal and legal opportunity, to depose defendants who will be available according to the court documentation that JAL and Osaki have submitted for depositions scheduled in May 2008.

As soon as Crawford has new counsel, is able to participate in his legal actions, travel to Hawaii, and the counsel is familiar with legal matters, Crawford looks forward to moving forward with his actions.

Crawford agrees with JAL / HACS that at the appropriate time JAL defendant's depositions by Crawford need to be taken as oral deposition of Kazuo Hanami, Kozo Nakabayashi, Kenji Yamada, and Jun Shimada, (collectively "JAL Pilots"), along with JAL, JAZ, and HACS rights to depositions along with others as determined by new counsel of record.

Crawford confirms that HACS motion and Japan Airlines statement in JAL's statement #7 of JAL's ex parte application that, "… it is necessary and important to resolution of certain issues in this action to take depositions in Japan for all parties involved."

Crawford does not agree nor do he stipulate that these depositions in Japan replace or preclude the Japanese witnesses and other JAL / JAZ executives from participating in a trial in Hawaii.

Crawford further states that JAL witnesses scheduled and others to be named are necessary for Crawford must be examined and cross-examined in Hawaii in the Federal Trail without exception.

Crawford's new counsel of record expects to depositions of respondents and other Japanese witnesses including, but not limited to, Chairman Toshiyuki Shinmachi, President CEO Haruka Nashimatsu, and Executive Vice-President Nawano Katshuiko whom all are designated as JAL's safety officers.

Crawford, therefore, requests both deposition and all other legal matters be postponed until the expiration of his 90-day continuance, new counsel is retained, and he is medically fit to fully participate in his actions.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

CIVIL NO. 03-00451 – SPK – LEK

<u>JACK L. CRAWFORD</u>
Plaintiff, PRO SE

vs.

JAPAN AIRLINES AND JALWAYS CO., LTD.
Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this Motion For Continuance was served via U.S. Certified Mail and/or FEDEX on the person(s) listed below:

TO:    ANDREW PEPPER, ESQ.
        Carlsmith Ball LLP
        2200 American Savings Bank Tower
        1001 Bishop Street
        Honolulu, Hawaii 96813
        Attorney for Defendants
        Japan Airlines and JALways, Co., Ltd.
        e-mail: apepper@carlsmith.com

TO:    CARL H. OSAKI, ESQ.
        Town Tower #17G
        225 Queen Street
        Honolulu, Hawaii 96813
        Attorney for Defendants
        Hawaii Aviation Contract Services, Inc.
        carl@chosaki.com

To: "warren" <warren_nakmura@hid.uscourts.gov>

DATED: February 29nd, 2008

SIGNED: _/s/ Jack L. Crawford_
JACK L. CRAWFORD

5