# MINUTES

| | |
|---|---|
| CASE NUMBER: | CIVIL NO. 03-00451SPK-LEK |
| CASE NAME: | Jack Crawford vs. Japan Airlines |
| ATTYS FOR PLA: | |
| ATTYS FOR DEFT: | |
| INTERPRETER: | |

| | | | |
|---|---|---|---|
| JUDGE: | Leslie E. Kobayashi | REPORTER: | |
| DATE: | 03/06/2008 | TIME: | |

COURT ACTION:   EO: COURT ORDER DENYING PLAINTIFF'S REQUEST TO FILE VIA ELECTRONIC FILING

On March 3, 2007, Plaintiff Jack L. Crawford ("Plaintiff") filed his request entitled "Re: Crawford Requests That The Court Clerk/Administrative Assistant Accept Crawford's Electric (sic) Mail, As Crawford Files Motions, Pleadings And Other Legal Documents (Memorandums) With The Court Clerk And That These Electroic (sic) Documents Be Considered Notification To All Parties Recognized In The Lawsuit" ("Request").  This Court construes the filing to be a request to participate as an electronic filer in the district court's Case Management/Electronic Case Files ("CM/ECF") system. Based upon the applicable law, Plaintiff's Request is hereby DENIED for the following reasons.

Plaintiff is representing himself in the instant action and therefore is not eligible to participate in EC/EMF.  Specifically, the rules provide:

> **4.1** **Eligibility.**  An attorney who is a member of the bar of this court or who is otherwise permitted to practice before this court under LR83.1 may request a login and password as an ECF User.  An ECF User must have and maintain a functioning email address suitable for accepting the Notices of Electronic Filing transmitted from the court.  An ECF User must also have and utilize anti-virus software to verify that files transmitted to the court are not infected with any virus or worm.

Electronic Case Filing Procedures, 4.1 (2/1/06).  The district court's Amended General

Order Adopting Electronic Case Filing Procedures may be found on the court website located at www.hid.uscourts.gov and is referenced in the CM/ECF Corner as "General Order (2/1/06)".

     Plaintiff is once again reminded of his obligation to familiarize himself with and to follow with the rules of court, including the Local Rules for the United States District Court for the District of Hawai`i, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence.  Although pro se litigants are held to less stringent standards than those of their legal counterparts, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998), Plaintiff's pro se status cannot excuse him from complying with the procedural or substantive rules of the court. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); Jacobsen v. Filler, 790 F.2d 1362, 1364 (9th Cir. 1986).

     IT IS SO ORDERED.

Submitted by: Warren N. Nakamura, Courtroom Manager