IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JACK CRAWFORD,<br><br>        Plaintiff,<br><br>vs.<br><br>JAPAN AIRLINES; JALWAYS CO., LTD.; HAWAII AVIATION CONTRACT SERVICES, INC.; and DOES 1-10, inclusive,<br><br>        Defendants. | CIVIL NO. 03-00451 SPK-LEK<br><br>MEMORANDUM IN SUPPORT OF MOTION |

## **MEMORANDUM IN SUPPORT OF MOTION**

**I.    FACTS**

On February 4, 2008, Plaintiff Jack Crawford ("Crawford") filed his Motion for a Ninty [sic] Day Continuance. That motion was vague in the relief it sought, but ultimately requested a broad continuance of matters in this case. On February 8, 2008, the Court granted that motion. *See* Exhibit "A", attached hereto. On February 15, 2008, however, the Court issued its *Order Granting Ex Parte Application For Issuance of Commission to Take Depositions in Japan*, dated and filed on February 15, 2008. *See* Exhibit "B", attached hereto.[1] This subsequent

---

[1] Additionally, on March 5, 2008, the Court also issued its *Order Granting Ex Parte Motion for Issuance of Letter of Request*. *See* Exhibit "C", attached hereto.

Order permitted the depositions of Captains Kazuo Hanami, Kozo Nakabayashi, Kenji Yamada, and Jun Shimada to be taken at the United States Embassy in Tokyo, Japan during the timeframe of May 7, 2008 to May 9, 2008.  *Id*.  Ninety days from February 8 is May 8.

Acting in compliance with both the Court's February 15, 2008 Order and U.S. Embassy requirements, counsel for the JAL Defendants has sought to obtain a statement of concurrence from Plaintiff Jack Crawford.  *See* Exhibit "D", attached hereto, which provides, in pertinent part:

> Statement of Concurrence
>
> We must request that you provide in writing a statement of concurrence from the opposing party in this action.  This statement should document the fact that opposing counsel is aware of the timing and venue of the deposition and understands they will be able to attend the deposition should they (opposing counsel) choose to do so and provided that they, too, obtain the special deposition visa.  In this way, we can ensure that all parties to a dispute are apprised early on of the proposed timing of the deposition and thus maximize limited embassy resources.

*See* Ex. "D" at 3.

Plaintiff Crawford has not provided this statement to counsel for the JAL Defendants, despite requests to do so.  *See* Exhibit "E", attached hereto.  Through his refusal to respond to JAL Defendants' counsel's request, Crawford is preventing the JAL Defendants from complying with both U.S. Embassy procedures and this Court's Order permitting depositions to be taken in Japan in May 2008.

## II.  ARGUMENT

On February 8, 2008, the Court granted Crawford's request for a ninety day continuance. Ninety days from February 8, 2008 is May 8, 2008. As the Court is aware from its *Order Granting Ex Parte Application For Issuance of Commission to Take Depositions in Japan*, dated and filed on February 15, 2008, the depositions of Captains Kazuo Hanami, Kozo Nakabayashi, Kenji Yamada, and Jun Shimada are scheduled to be taken from May 7, 2008 through May 9, 2008 at the United States Embassy in Tokyo, Japan. Because of the apparent conflict between the Court's two Orders, and because the JAL Defendants wish to proceed with the depositions as scheduled without violating an Order of this Court, the JAL Defendants seek rescission of the Court's *Order Granting Plaintiff Jack L. Crawford's Motion for a Ninety Day Continuance*, or, in the alternative, a modification of the ninety day period by two days, to May 6, 2008, which would allow the depositions to proceed in Japan in accordance with this Court's *Order Granting Ex Parte Application For Issuance of Commission to Take Depositions in Japan*.

Additionally, the JAL Defendants have attempted to comply with the U.S. Embassy requirements to take the depositions by contacting Crawford and requesting that he provide a statement of concurrence to counsel for the JAL Defendants. Plaintiff Crawford has refused to provide this statement. Therefore,

in furtherance of the Court's *Order Granting Ex Parte Application For Issuance of Commission to Take Depositions in Japan*, the JAL Defendants respectfully request that the Court enter a statement of concurrence on behalf of Plaintiff Jack Crawford. The form of this required statement of concurrence is attached hereto as Exhibit "F" for entry by the Court on behalf of Crawford.[2]

### III.   CONCLUSION

Based on the foregoing, the JAL Defendants respectfully request that the Court: (1) rescind its *Order Granting Plaintiff Jack L. Crawford's Motion for a Ninety Day Continuance*, or, in the alternative, modify that Order by shortening the ninety day period by two days, to May 6, 2008; **and** (2) enter a statement of concurrence on behalf of Plaintiff Jack Crawford.

DATED:  Honolulu, Hawaii, March 19, 2008.

/s/ Gary G. Grimmer
ANDREW L. PEPPER
STEVEN M. EGESDAL
JOSEPH F. KOTOWSKI, III
GARY G. GRIMMER

Attorneys for Defendants
JAPAN AIRLINES and
JALWAYS CO., LTD.

---

[2] This form differs from the one sent to Crawford. Since the date of the transmittal of Exhibit "E" to Crawford, counsel for the JAL Defendants has learned that the concurrence is required for use of the U.S. Embassy, not for obtaining a visa from the Japanese consulate.