CARL H. OSAKI   4008-0
Attorney At Law, A Law Corporation
Town Tower #17G
225 Queen Street
Honolulu, Hawaii  96813
Telephone:  (808) 528-4666

Attorney for Defendant
HAWAII AVIATION CONTRACT
SERVICES, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JACK CRAWFORD,<br><br>           Plaintiff,<br><br>     vs.<br><br>JAPAN AIRLINES; JALWAYS CO.,<br>LTD., a subsidiary of Japan<br>Airlines; HAWAII AVIATION<br>CONTRACT SERVICES, INC.;<br>and DOES 1-10,<br><br>           Defendants. | CIVIL NO. CV 03-451  SPK-LEK<br><br>AFFIDAVIT OF CARL H. OSAKI<br>RE: PLAINTIFF'S STATEMENT OF<br>CONCURRENCE; EXHIBITS A-D;<br>CERTIFICATE OF SERVICE |

AFFIDAVIT OF CARL H. OSAKI RE:
PLAINTIFF'S STATEMENT OF CONCURRENCE

STATE OF HAWAII              )
                             )  SS.
CITY AND COUNTY OF HONOLULU  )

   CARL H. OSAKI, being first duly sworn upon oath deposes and says that:

   1.  I am the attorney for Defendant Hawaii Aviation Contract Services, Inc. ("HACS") in the above-entitled matter and am competent to testify as to the matters set forth herein;

   2.  As this Court is fully aware, no authority exists that would compel a citizen of Japan to testify in an action

pending in a United States court. Securing such testimony in Japan requires voluntary appearance for oral deposition at a United States embassy;

3. On or about November 2, 2007, counsel for JALways Co., Ltd. informed me that four witnesses would be willing to appear at the United States Embassy for oral depositions. I had initially requested the depositions of five witnesses, but one witness' agreement could not be obtained. I immediately had my staff start making the necessary arrangements including, but not limited to obtaining available dates at the United States Embassy in Tokyo, Japan;

4. My office secured space and time at the United States Embassy in Tokyo, Japan on May 7-9, 2008. The required $475 fee was paid, via certified check, to the Tokyo Embassy on or about November 1, 2007. Once those arrangements were made, I informed Plaintiff's then counsel, Shawn Luiz, of the depositions and invited him to attend. See Exhibit A, which is a true and correct copy of an email string, including my email to Mr. Luiz of November 14, 2007, and Andrew Pepper, Esq.'s email to Mr. Luiz of November 14, 2007;

5. Counsel for JALWays Co., Ltd., also informed Mr. Luiz of the scheduled depositions. Id.

6. Mr. Luiz failed to respond to my notice and invitation;

7. Although Mr. Luiz moved to withdraw as counsel on or about January 7, 2008, and has since been allowed to withdraw

as Plaintiff's counsel, Mr. Luiz did not raise any objection to the Tokyo depositions prior to February 11, 2008, when the Court issued an electronic order granting his motion to withdraw as Plaintiff's counsel;

8. Pursuant to the requirements of Rule 28(b) of the Federal Rules of Civil Procedure, and Article 17 of the United States-Japan Consular Convention, an Ex Parte Motion for Issuance of Letter of Request was filed with this Honorable Court on or about March 3, 2008;

9. On March 5, 2008, this Honorable Court entered an Order Granting Ex Parte Motion for Issuance of Letter of Request; Letter of Request for the taking of the depositions of four pilots who are citizens of Japan: 1) Captain Kazuo Hanami; 2) Captain Kozo Nakabayashi; 3) Captain Kenji Yamada; and 4) Captain Jun Shimada;

10. The certified Order was sent to the Tokyo Embassy, via DHL Worldwide Express, on March 10, 2008;

11. The Embassy further requires a "Statement of Concurrence." The Statement of Concurrence:

> . . . should document the fact that opposing counsel is aware of the timing and venue of the deposition and understands they will be able to attend the deposition should they (opposing counsel) choose to do so and provided that they, too, obtain the special deposition visa. In this way, we can ensure that all parties to a dispute are apprised early on of the proposed timing of the deposition and thus maximize limited embassy resources.

12.  On or about March 4, 2008, I again informed Plaintiff, this time as a pro se party, of the depositions scheduled for May 7-9, 2008 at the United States Embassy in Tokyo, Japan, and invited him to attend with the requisite deposition visa.  I asked for his cooperation in acknowledging my notice to him in order to comply with a Statement of Concurrence. See Exhibit B, which is a true and correct copy of emails that I sent to Plaintiff on March 4, 2008, March 5, 2008 and March 6, 2008;

13.  Plaintiff has failed to respond to this request; and I followed up with him on two subsequent occasions, on March 5, 2008, and March 6, 2008.  Id.  Plaintiff has not responded to any of my communications regarding the Statement of Concurrence;

14.  Plaintiff has also been provided with copies of the Ex Parte Motion for Issuance of Letter of Request, see Exhibit C (which is a true and correct copy of my email to Plaintiff of March 4, 2008, that attached a pdf file of a copy of the foregoing document) as well as the Order Granting Ex Parte Motion for Issuance of Letter of Request; Letter of Request.  See Exhibit D (which is a true and correct copy of my email to Plaintiff of March 6, 2008, that attached a pdf file of a copy of the foregoing document);

15.  Because Plaintiff has ignored my request to acknowledge the information to comply with a Statement of Concurrence, I am, therefore, submitting this Affidavit to comply

4

with the requirements of the Statement of Concurrence documenting the fact that opposing counsel as well as Plaintiff himself has been made fully aware of the taking of the depositions in this matter, including the timing and venue of the depositions, and a notice that Plaintiff can attend the depositions with the requisite visa; and

16. This Affidavit will be submitted to the United States Embassy in Tokyo, Japan, for the purpose of demonstrating that the substance and purpose underlying the Statement of Concurrence has been met.

FURTHER AFFIANT SAYETH NAUGHT.

_____
CARL H. OSAKI

Subscribed and sworn to before me this 26th day of March 2008.

_____
Notary Public, State of Hawaii
Name of Notary: Allison M. K. Osaki
My Commission expires: 12-13-09