CARL H. OSAKI   4008-0
Attorney At Law, A Law Corporation
Town Tower #17G
225 Queen Street
Honolulu, Hawaii  96813
Telephone:  (808) 528-4666

Attorney for Defendant
HAWAII AVIATION CONTRACT
SERVICES, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JACK CRAWFORD,<br><br>               Plaintiff,<br><br>        vs.<br><br>JAPAN AIRLINES; JALWAYS CO.,<br>LTD., a subsidiary of Japan<br>Airlines; HAWAII AVIATION<br>CONTRACT SERVICES, INC.;<br>and DOES 1-10,<br><br>            Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL NO. CV 03-451  SPK-LEK<br><br>DEFENDANT HAWAII AVIATION<br>CONTRACT SERVICES, INC.'S<br>MEMORANDUM IN OPPOSITION TO<br>PLAINTIFF'S COUNTER MOTION TO<br>POSTPONE DEPOSITIONS IN JAPAN<br>WITH JAPAN AIRLINES, JALWAYS<br>AND HACS UNTIL NEW COUNSEL<br>HAS BEEN APPOINTED AND 90 DAY<br>CONTINUANCE HAS EXPIRED<br>(FILED MARCH 3, 2008);<br>DECLARATION OF CARL H. OSAKI;<br>EXHIBITS A-B; CERTIFICATE OF<br>SERVICE |

DEFENDANT HAWAII AVIATION CONTRACT SERVICES, INC.'S
MEMORANDUM IN OPPOSITION TO PLAINTIFF'S COUNTER MOTION
TO POSTPONE DEPOSITIONS IN JAPAN WITH JAPAN AIRLINES, JALWAYS
AND HACS UNTIL NEW COUNSEL HAS BEEN APPOINTED AND 90 DAY
CONTINUANCE HAS EXPIRED (FILED MARCH 3, 2008)

I.    INTRODUCTION

        Defendant Hawaii Aviation Contract Services, Inc.

("HACS") opposes Plaintiff Jack Crawford's ("Crawford") Counter

Motion To Postpone Depositions In Japan With Japan Airlines,

JALways And HACS Until New Counsel Has Been Appointed And 90 Day

Continuance Has Expired (filed March 3, 2008) ("Counter Motion").

The prejudice to HACS that would result from a continuance of the long-scheduled depositions in Japan is palpable and irreparable. HACS has no control over the deponents, who have voluntarily agreed to make themselves available on May 7-9, 2008, for depositions at the United States Embassy in Tokyo, Japan, and Crawford cannot give any assurances that the deponents will voluntarily appear at any other time.

Crawford, on the other hand, has had notice of the depositions since November 2007 through his former counsel who never objected to them. Moreover, it has been almost three months since Crawford's former counsel (his fourth attorney of record in this action) moved to withdraw and well over a month since the electronic order granting the motion to withdraw was issued, and Crawford remains unrepresented.

II.   FACTS

In its defense of Crawford's claims, HACS sought the testimony of certain witnesses who reside in Japan,[1] beyond subpoena power of a United States court. On November 2, 2007, and in response to HACS' request to take the depositions of five witnesses in Japan, counsel for Defendant JALways, Co., Ltd. ("JALways") informed HACS' counsel that four of the five witnesses would be willing to appear at the United States Embassy to be deposed. See Declaration of Carl H. Osaki ("Osaki Declaration"). HACS has no control over these witnesses. Id.

---

[1]These witnesses are:  Captain Kazuo Hanami, Captain Kozo Nakabayashi, Captain Kenji Yamada, and Captain Jun Shimada.

2

Once arrangements were made with the United States Embassy in Tokyo, Japan, to take the depositions on May 7-9, 2008, and the required $475 fee was paid on November 1, 2007, HACS' counsel informed Crawford's then-attorney, Shawn A. Luiz, Esq., of the depositions and invited him to attend. See Exhibit A. Mr. Luiz did not respond to my notice and invitation, nor did he object to the depositions in Japan. See Osaki Declaration.

HACS has expended considerable time and resources to take the May 7-9, 2008 depositions in Tokyo. For example, HACS has secured the services of a court reporter; has made airline reservations for counsel and the reporter; has made hotel reservations to lodge counsel and the reporter; and is processing necessary paperwork with the Embassy and Consulate regarding proper visas and other procedural requirements; and securing the services of an interpreter. Id.

After Crawford objected to these depositions, HACS' counsel informed Crawford of both the difficulty in arranging for the depositions, and the lack of any assurance from Crawford that the witnesses would appear at a later date if the May 2008 depositions were continued. See Exhibit B. Crawford has not -- because he cannot -- provide such assurances. See Osaki Declaration.

III. <u>ARGUMENT</u>

    A.    <u>HACS Would Be Prejudiced By A Continuance</u>

          HACS has no control over the witnesses who will be deposed on May 7-9, 2008.  They have voluntarily agreed to appear so that their testimony can be preserved.  Crawford cannot provide any assurance that they will voluntarily appear at any other time.

          These witnesses are important in HACS' defense of Crawford's claims, because they have first-hand knowledge of Crawford's performance as a pilot and are or were in positions to evaluate Crawford's performance.  Their testimony will establish the frivolity of Crawford's claim that he was terminated in retaliation because he reported so-called "safety" issues.  Therefore, HACS would be immeasurably prejudiced if the May 2008 depositions are put off.

          Furthermore, HACS has already expended substantial time and resources in arranging for these depositions.  Even reimbursement of all of the fees and costs incurred could not substitute for the lost testimony of these witnesses.

    B.    On Balance, Any Prejudice To Crawford Does Not Warrant
           <u>A Continuance Of The May 2008 Tokyo Depositions</u>

          Crawford claims he will be prejudiced and seeks time to obtain counsel to attend the Tokyo depositions.  However, Crawford will have had a half-year's notice[2] of these depositions, between the time when Mr. Luiz was notified on

_____

    [2]Thus, the Japan depositions pre-dated the 90-day continuance sought by Crawford after Mr. Luiz withdrew.

November 14, 2007, and May 7, 2008.  For the three months after

November 14, 2007, during which he still represented Crawford,

Mr. Luiz did not register any objection to these depositions.

In addition, Crawford has had ample notice of

Mr. Luiz's withdrawal.  It has been over two and a half months

since Mr. Luiz filed his motion to withdraw as Crawford's

counsel, and Crawford remains unrepresented.  Already, it is less

than two weeks until the deadline that this Court established for

Crawford's new counsel to make an appearance.  At this point, it

is probably problematic whether Crawford will be able to find his

fifth counsel of record in this case.

Thus, against an apparently bleak future of legal

representation, Crawford seeks to deny HACS of the chance to

preserve testimony of critical witnesses.  On balance, it is not

even a close call; the prejudice to HACS would be irreparable,

while any prejudice to Crawford is largely self-inflicted.

Certainly, HACS has had no role in the difficulties Crawford has

experienced in attracting and retaining counsel to advocate his

dubious claims.[3]

---

[3]Indeed, should Crawford find an attorney, then that
attorney can be saddled with the same task of procuring voluntary
attendance of these witnesses (or any other) for deposition, to
which HACS has had to contend.

IV. CONCLUSION

       For all of the foregoing reasons, HACS respectfully requests that this Court deny the Counter Motion and allow the May 2008 depositions in Tokyo, Japan to proceed.

       DATED:   Honolulu, Hawaii  MAR 2 6 2008     .

CARL H. OSAKI
Attorney for Defendant
HAWAII AVIATION CONTRACT
SERVICES, INC.