CARLSMITH BALL LLP

ANDREW L. PEPPER                5141-0
STEVEN M. EGESDAL              4511-0
GARY G. GRIMMER               1769-0
JOSEPH F. KOTOWSKI, III       7973-0
ASB Tower, Suite 2200
1001 Bishop Street
Honolulu, Hawaii 96813
Tel No. 808.523.2500
Fax No. 808.523.0842
apepper@carlsmith.com
segesdal@carlsmith.com
ggrimmer@carlsmith.com
jkotowski@carlsmith.com

Attorneys for Defendants
JAPAN AIRLINES and JALWAYS CO., LTD.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JACK CRAWFORD,<br><br>Plaintiff,<br><br>vs.<br><br>JAPAN AIRLINES; JALWAYS CO., LTD.; HAWAII AVIATION CONTRACT SERVICES, INC.; and DOES 1-10, inclusive,<br><br>Defendants. | CIVIL NO. 03-00451 SPK-LEK<br><br>DEFENDANTS JAPAN AIRLINES' AND JALWAYS CO., LTD.'S **MEMORANDUM IN OPPOSITION** TO PLAINTIFF'S COUNTER MOTION TO POSTPONE DEPOSITIONS IN JAPAN WITH JAPAN AIRLINES, JALWAYS, AND HACS UNTIL NEW COUNSEL HAS BEEN APPOINTED AND 90 DAY CONTINUANCE HAS EXPIRED, FILED ON MARCH 3, 2008; DECLARATION OF JOSEPH F. KOTOWSKI, III;<br><br>[Caption Continued] |

4834-6165-6066.6.051729-00003

EXHIBITS "A" - "H"; CERTIFICATE
OF SERVICE

[Non-Hearing Motion]

TRIAL DATE:  October 7, 2008

**DEFENDANTS JAPAN AIRLINES' AND JALWAYS CO., LTD.'S
MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
COUNTER MOTION TO POSTPONE DEPOSITIONS IN JAPAN
WITH JAPAN AIRLINES, JALWAYS, AND HACS UNTIL
NEW COUNSEL HAS BEEN APPOINTED AND 90 DAY
CONTINUANCE HAS EXPIRED, FILED ON MARCH 3, 2008**

## I.    FACTS

On February 4, 2008, Plaintiff Jack Crawford ("Crawford") filed his *Motion*

*for a Ninty [sic] Day Continuance*.  That motion was vague in the relief it sought,

but ultimately requested a broad continuance (but not *stay*) of matters in this case.

On February 8, 2008, the Court granted that motion.  *See* Exhibit "A", attached

hereto.  On February 15, 2008, however, the Court issued its *Order Granting Ex*

*Parte Application For Issuance of Commission to Take Depositions in Japan.  See*

Exhibit "B", attached hereto.  This subsequent Order authorized the long-scheduled

depositions of Captains Kazuo Hanami, Kozo Nakabayashi, Kenji Yamada, and

Jun Shimada to be taken at the United States Embassy in Tokyo, Japan during the

timeframe of May 7, 2008 to May 9, 2008, concurrently with depositions being

taken in a related arbitral proceeding (over which this Court does not enjoy

4834-6165-6066.6.051729-00003

jurisdiction). *Id.*[1]  The scheduling of these depositions took months of painstaking coordination and preparation by Defendants Japan Airlines and Jalways Co., Ltd. ("JAL Defendants") and arbitral-party Hawaii Aviation Contract Services, Inc. ("HACS"), including the difficult task of securing rarely available space at the United States Embassy in Tokyo for the depositions.  *See* Affidavit of Carl H. Osaki at ¶ 2, attached to Hawaii Aviation Contract Services, Inc.'s *Ex Parte Motion for Issuance of Letter of Request*, filed on March 3, 2008, attached hereto as Exhibit "D".

Crawford filed his *Counter Motion to Postpone Depositions in Japan With Japan Airlines, Jalways, And HACS Until New Counsel Has Been Appointed And 90 Day Continuance Has Expired* on March 3, 2008 ("Crawford's Counter Motion").

-----------------------

[1]  This Court also issued a virtually identical Order in *Ventress v. Japan Airlines, et al.*, Civ. No. 07-00581 SPK-LEK **for the same deponents, at the same location, on the same dates**.  *See Order Granting Ex Parte Application For Issuance of Commission to Take Depositions in Japan*, dated February 15, 2008 and filed on February 19, 2008, attached hereto as Exhibit "C".  As will be discussed in detail later in this Memorandum, the principle of judicial economy, compliance with the Orders of this Court, and the avoidance of prejudice, unnecessary burden and cost to the JAL Defendants and HACS all necessitate the taking of the depositions as scheduled on May 7, 2008 through May 9, 2008.

3.

## II.    ARGUMENT

### A.    THE NINETY-DAY CONTINUANCE IS NOT AN OBSTACLE TO THE TAKING OF THE DEPOSITIONS

#### 1.    The Crawford-HACS Arbitration

In his Counter Motion, Crawford argues that no depositions should be taken until expiration of the ninety-day continuance granted to him by this Court on February 8, 2008. Putting aside whatever merit Crawford's argument might have for this action, it fails completely for the arbitration Crawford has with HACS outside this Court's jurisdiction. HACS will proceed with the depositions as part of that arbitration. *See* Ex. "D", Affidavit of Carl H. Osaki, at ¶¶ 3-9.[2] As Crawford's Counter Motion cannot stop HACS' depositions from going forward on May 7 through May 9, counsel for the JAL Defendants will attend and participate in the context of the arbitral proceeding, regardless of any relief Crawford might obtain in this civil litigation.[3] Because Crawford has the opportunity and motive to develop the testimony of those witnesses by direct or cross-examination as part of

---

[2] Defendant Hawaii Aviation Contract Services, Inc.'s *Ex Parte Motion for Issuance of Letter of Request*, filed on March 3, 2008 and attached hereto as Exhibit "D", was granted on March 5, 2008. *See Order Granting Ex Parte Motion for Issuance of Letter of Request*, attached hereto as Exhibit "E".

[3] HACS specifically reserved objecting to Crawford's request for a continuance so long as any continuance granted by the Court "[did] not interfere with already noticed depositions in Japan." *See Defendant Hawaii Aviation Contract Services, Inc.'s Position Re Plaintiff's Request for Ninety-day Continuance*, filed on February 19, 2008, and attached hereto as Exhibit "F".

4834-6165-6066.6.051729-00003

the arbitration with HACS, the transcripts of those depositions should be deemed available for use by the parties in this matter. *See* Rule 804(b)(1) of the Federal Rules of Evidence.

### 2.    The Ventress Action

Further, this Court has also issued an Order, dated February 15, 2008 and filed on February 19, 2008, entitled *Order Granting Ex Parte Application For Issuance of Commission to Take Depositions in Japan* in the case of *Ventress v. Japan Airlines, et al.*, Civ. No. 07-00581 SPK-LEK **for the same deponents, at the same location, on the same dates**. *See* Ex. "C". Because there is no ninety-day continuance issue in Mr. Ventress' case, the depositions will go forward as scheduled in that case.

### B.    THE DEPOSITIONS IN THIS MATTER SHOULD BE ALLOWED TO PROCEED DESPITE AN INFINITESIMAL OVERLAP IN THE TIMING OF THE COURT'S ORDERS

On February 8, 2008, the Court granted Crawford's request for a ninety-day continuance. Ninety-days from February 8, 2008 is **May 8, 2008**. As the Court is aware from its *Order Granting Ex Parte Application For Issuance of Commission to Take Depositions in Japan*, dated and filed on February 15, 2008, the depositions of Captains Kazuo Hanami, Kozo Nakabayashi, Kenji Yamada, and Jun Shimada are scheduled to be taken from **May 7, 2008 through May 9, 2008** at the United States Embassy in Tokyo, Japan. Because of the apparent conflict

4834-6165-6066.6.051729-00003

between the Court's two Orders, the JAL Defendants have sought rescission or, in the alternative, a modification of the continuance order by a mere two days, to May 6, 2008, which would allow the depositions to proceed in Japan in accordance with this Court's *Order Granting Ex Parte Application For Issuance of Commission to Take Depositions in Japan*. *See* the JAL Defendants' *Motion for Relief From Order Granting Plaintiff Jack Crawford's Motion for a Ninety Day Continuance, Entered on February 8, 2008, and Request to Enter Statement of Concurrence on Behalf of Plaintiff Jack Crawford*, filed on March 19, 2008. That Motion is pending.

The JAL Defendants respectfully submit that the Court's order granting Crawford a ninety-day continuance (but not a *stay* of all proceedings), entered on February 8, 2008, has been superseded in part by its subsequent *Order Granting Ex Parte Application For Issuance of Commission to Take Depositions in Japan*, entered on February 15, 2008. "[A subsequent] order should be considered controlling if any conflicts of interpretation arise between [that] order and prior orders of this court." *Phillips Petroleum Co. v. Viola Industries, Elevator Div., Inc.*, 1989 WL 134914 (D. Kan. 1989); *L.P. Steuart & Bro. v. Bowles*, 140 F.2d 703, 705 (C.A.D.C. 1944) ("If there were a conflict between orders, presumably the latter would control.").

6.

4834-6165-6066.6.051729-00003

As interpreted by the JAL Defendants, enforcement of the continuance order would prevent depositions from taking place on May 7th in only the Crawford civil case (but not on that date in either the Crawford arbitral case or the Ventress civil case), and would not prevent the depositions set for May 8th or May 9th from going forward.  Since counsel for the JAL Defendants and HACS will travel to Japan for depositions on May 8th and May 9th anyway, common sense dictates that the efforts of the JAL Defendants and HACS in arranging the depositions should not be undone because the first day of a *series* of overseas depositions falls on the 89th day of a 90-day continuance.  The interests of judicial economy[4] would not be served, and the prejudice and burden would be immense (both in terms of the time lost that could be used for further discovery, and travel and lodging costs that would necessarily be incurred to bring the witnesses to Hawaii), if the JAL Defendants and HACS were forced to reschedule and reorganize *one day* of the deposition schedule in Japan--one day that will mean nothing to Crawford.[5]

---

[4]  Rule 1 of the Federal Rules of Civil Procedure provides that the Rules "should be construed and administered to secure the **just, speedy, and inexpensive** determination of every action and proceeding."  FED. R. CIV. P. 1 (2008) (emphasis added).

[5]  Indeed, this Court has ordered Crawford to retain counsel (if he is going to do so) by April 8, 2008 (*i.e.,* two months before the depositions are scheduled). *See Minute Order*, filed on March 14, 2008 and attached hereto as Exhibit "G". Whether that lawyer has 59 days or 60 days to prepare for the depositions cannot possibly be of such consequence as to force the parties to return to Japan at some

4834-6165-6066.6.051729-00003

## C.    THE ORDERS OF THIS COURT MANDATE THAT THE DEPOSITIONS PROCEED AS SCHEDULED

Crawford's Counter Motion is essentially moot.  He is asking the Court to revisit final orders that the JAL Defendants, HACS, witnesses in a foreign country, and the United States Embassy in Japan have all relied on in coordinating the depositions scheduled for May 7, 2008 through May 9, 2008.

Notwithstanding this Court's February 15, 2008 *Order Granting Ex Parte Application For Issuance of Commission to Take Depositions in Japan* (Ex. "B"), the Court's virtually identical Order in *Ventress v. Japan Airlines, et al.,* Civ. No. 07-00581 SPK-LEK (Ex. "C"), and its March 5, 2008 *Order Granting Ex Parte Motion for Issuance of Letter of Request* (Ex. "E"), all of which set or reference the depositions of the same witnesses at the same location on the same days, the Court's Amended Rule 16 Scheduling Order, entered on February 12, 2008 ("Rule 16 Order") and attached hereto as Exhibit "H", set the discovery deadline in this matter for August 8, 2008.  Based on the amount of time invested in setting up the present deposition schedule, the JAL Defendants believe that if the depositions in this matter are not allowed to go forward as scheduled, the parties will be unable to comply with the mandated deadlines of the Rule 16 Order regarding discovery.

---

future date to re-depose a witness who will already have been deposed in both the Ventress civil case and the Crawford-HACS arbitration.

4834-6165-6066.6.051729-00003

9.

## III.  CONCLUSION

Based on the foregoing, the JAL Defendants respectfully request that

Crawford's Counter Motion be denied.

DATED:  Honolulu, Hawaii, March 26, 2008.

/s/ Joseph F. Kotowski, III
ANDREW L. PEPPER
STEVEN M. EGESDAL
GARY G. GRIMMER
JOSEPH F. KOTOWSKI, III

Attorneys for Defendants
JAPAN AIRLINES and
JALWAYS CO., LTD.

4834-6165-6066.6.051729-00003