Jack L. Crawford III
The Regent Royal Place II 6/179
Soi Mahadlekuang 2, Rajadamri Road
Lumpini, Patumwan,
Bangkok, Thailand 10330

Mobile Telephone: 001-66-81-907-9236
Land Line Telephone: 001-66-2-650-2307
Facsimile: 001-66-2-650-2307
E-mail: captjack1943@yahoo.com

Plaintiff, "Pro Se"

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 04 2008

at 3 o'clock and 40 min ___ M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JACK L. CRAWFORD, "Pro Se" Plaintiff, vs. JAPAN AIRLINES AND JALWAYS CO., LTD. Defendants. | CIVIL NO. 03-00451 – SPK – LEK<br><br>CRAWFORD REQUESTS THAT THE COURT SUSPEND AND POSTPONE ACTION ON ALL MOTIONS AND SCHEDULES DURING THE 90-DAY CONTINUANCE AND BEYOND UNTIL CRAWFORD, ACTING, "PRO SE," IS JUDGED MENTALLY COMPETENT BY HIS PSYCHIATRIST TO PROCEED WITH LEGAL MATTERS AND PROCEEDINGS AND CRAWFORD IS MENTALLY COMPETENT TO RETAIN COUNSEL TO MOVE CRAWFORD'S CASE FORWARD.<br><br>WITHDRAWAL OF PRO SE STATUS OF CRAWFORD |

1

<u>CRAWFORD REQUESTS THAT THE COURT SUSPEND AND POSTPONE ACTION ON ALL MOTIONS AND SCHEDULES DURING THE 90-DAY CONTINUANCE AND BEYOND UNTIL CRAWFORD, ACTING, "PRO SE," IS JUDGED MENTALLY COMPETENT BY HIS PSYCHIATRIST TO PROCEED WITH LEGAL MATTERS AND PROCEEDINGS AND CRAWFORD IS MENTALLY COMPETENT TO RETAIN COMPETENT COUNSEL TO MOVE CRAWFORD'S CASE FORWARD.</u>

<u>WITHDRAWAL OF PRO SE STATUS OF CRAWFORD</u>

This motion is brought to the Court as a result of psychiatric medical disabilities which are as a matter of Plaintiff's medical history and certified by his psychiatrist. As a result of this psychiatric disability Plaintiff is not able to act "Pro Se" during the 90-day continuance and Plaintiff cannot continue forward until mentally competent to appoint new counsel.

Crawford is not competent to engage in legal proceedings due to his mental disability as is supported by monthly statements from his psychiatrist. SEE EXHIBIT "A" Crawford's latest medical report dated April 2, 2008.

Crawford has been attempting to respond, in his impaired condition, "pro se" to both motions and other legal proceedings. If he does not respond while in this impaired mental condition, his legal actions will be and have been severely impaired.

Acting Pro Se with these disabilities is an unacceptable burden to the Plaintiff and an unfair and untenable position. -- The defendant's attorney has clearly acknowledged Crawford's lack of psychiatric capacity and will not relate to Crawford, Pro Se. Defendant's counsel and Crawford are in accord – Crawford cannot continue operating Pro Se due to his lack of psychiatric capacity during the 90-day continuance and until it has been determined that Crawford has psychiatric capacity to act. SEE EXHIBIT "B" Andrew Pepper's letter dated March 18, 2008.

Crawford brings no evidence directly related to settlement offers to the Court which would be inadmissible as evidence. The Plaintiff does not attempt, as prohibited, in Rule 408 to impeach an inconsistent statement but only presents direct statements which have been made by the attorney for the defendant.

If Crawford responds to legal matters in his current condition, (as he must, to deal with the ongoing avalanche of motions to the Court from the defendants during his disability and during a 90-day continuance), the Plaintiff does so being while in an impaired mental state, as is acknowledged by: Crawford's psychiatrist; Crawford; and even the defendant's attorney. --

All actions undertaken, Pro Se, have been while Crawford is psychiatrically impaired and without competent counsel. Increased legal actions by the defendants to which Crawford

2

must respond to maintain his case only favors the defendants because Crawford, in an impaired mental condition and without competent counsel cannot adequately respond.

If Crawford does attempt to respond the defendants have then attempted to state he is not impaired.  SEE EXHIBIT "C" Gary Grimmer's letter, (Dated March3, 2008).

Gary Grimmer's statement "One concern is whether Mr. Crawford is medically disabled, or not" "A brief summary of Mr. Crawford's most recent activity is attached for courts review and consideration" Mr. Crawford did not automatically become stupid nor, has his education become compromised because he is extremely depressed. Crawford's intellectual abilities and academic knowledge are still functional, although sometimes suppressed due to his mental infirmities expressed by Pepper.

Grimmer challenges Crawford's impairment.  One of the defendants attorneys, (Gary Grimmer), "remains on one side of the fence" – stating Crawford is not impaired -- the other attorney, (Andrew Pepper), remains on the other side of the fence and clearly indicates in his letter of March 18th, 2008 that Crawford is so impaired <u>and will have no dealings with Crawford either "Pro Se" or as an individual</u>.  Crawford states he is impaired and has documented this impairment.  Crawford questions how can one defense attorney state he is not impaired and the other states the Plaintiff is so impaired that he will have no legal relationship with the Plaintiff, denying plaintiffs "Pro Se" status.

Crawford has been and is willing to deal with Grimmer's challenge that the Plaintiff has psychiatric capacity by being willing to undergo a psychiatric examination by a neutral psychiatrist at Thailand's international accredited Bumrungrad International Hospital as long as Plaintiff's own psychiatrist can accompany Crawford.

Crawford's notes: his letter, correspondence and court documents, submitted by Crawford are first, hand written and/or dictated, Then Crawford's thoughts are heard or read, typed and edited by a loyal friend, Asa Voak, and Crawford's wife.  The final draft is then formatted, reviewed and approved by Crawford to send to the court and/or defendants. Also, Crawford does not believe that either Grimmer or Pepper do there own work without the help of secretaries and paralegal's in support of them; and it appears, they too, have help from multiply other attorneys as well.

<u>Crawford has clearly accepted, acknowledged, and agrees with the party on the other side of the fence, Andrew Pepper, by presenting documentation to confirm lack of psychiatric capacity.</u>

Crawford, therefore, requests that all legal actions, conferences, scheduling, proceedings and all other matters under consideration be put on hold during the 90-day continuance and afterwards until Crawford can both retain competent counsel and until Crawford has regained psychiatric competency to continue his action either Pro Se or with competent counsel.

More importantly, Crawford, due to his medical disability, herewith, petitions the court to withdraw, his "Pro Se" status from any and all court actions until he can retain competent counsel to act on his behalf, including, whatever time necessary for Crawford to become competent in order to hire new counsel when signing legal and binding agreements /contracts with new counsel. SEE EXHIBIT "B". The Plaintiff suggests that, based upon Andrew Pepper's refusal to deal with Crawford, who according to Pepper's own statements, cannot demonstrate psychiatric capacity that a withdrawal from "Pro Se" status and putting all matters on hold until Crawford can demonstrate psychiatric capacity and retain new counsel to act on his behalf is the only logical solution to the issues present.

Andrew Pepper, attorney for the defendants, in his letters of March 18th, and March20th, 2008 has clearly indicated that he does not deem Crawford to be competent to discuss settlement or participate in legal actions and/or proceedings due as Pepper states to "the depth of (Crawford's) psychological infirmities."

Mr. Pepper has indicated that with Crawford's inability to establish psychiatric capacity that Crawford, "cease all correspondence related to both the subject of this case and settlement (until psychiatric capacity has been established)."

Therefore, all legal matters as requested by Crawford and as indicated by the defendant's attorneys should now be placed on hold until psychiatric capacity is clearly established and Crawford can demonstrate sufficient recovery to prove psychiatric capacity.

Therefore, the defendant's attorney, Andrew Pepper has unequivocally:

a. Accepted and Acknowledged Crawford's current lack of my psychiatric capacity, competency, and the depth of his psychological infirmities.

b. Rejected Crawford's ability to act under "Pro Se" status in legal relations with the defendants. Andrew Pepper has deemed Crawford's infirmity as so significant that he will not participate in dealing with Crawford -- this statement relates to all legal actions and proceedings.

c. Stated that he is not be willing to have Crawford participate in a legal relationship with the defendants or settlement discussion until full psychiatric capacity and competency has been established.

As Andrew Pepper review, " Only then would (Crawford) be able to participate in legal proceedings, to understand legal proceedings and to understand the terms, conditions, and consequences of legal proceedings.

d. Stated that he will not engage in legal matters with Crawford related to either this case or settlement of this case until Crawford has established "psychiatric capacity" and recovered.

4

e. Defendant's attorneys have requested that <u>all correspondence from Crawford related to this case and/or settlement of this case cease until such psychiatric capacity has been established</u> and, a new Psychiatric fitness opinion letter from his (Crawford's) doctor indicating he is recovered from prior psychiatric disabling conditions and Crawford has his full capacity and competency to engage in legal proceedings and negotiations.

<u>Crawford now provides updated psychiatric information. It is clear Crawford as an individual, or "Pro Se" cannot continue without having establish psychiatric capacity – both the Plaintiff and Defendant agree that Crawford cannot demonstrate psychiatric capacity.</u>

In support of statements "A–D " above quotations from defendant's attorney, Andrew Pepper, are provided from his letter dated on March 18th, herewith, submitted to the court for review.

1. "Unfortunately, you have tendered to the Court both a sworn Declaration and a "medical certificate" indicating that, due to the depth of you psychological infirmities, you lack the mental capacity to understand and participate in legal proceedings."

2. "JAL/JALways will require you to obtain a new psychiatric-fitness opinion letter from your doctor indicating you are "recovered" from your prior psychiatric disabling condition(s), and that you now have full capacity and competency to engage in legal proceedings and negotiations."

3. "Your psychiatric capacity to make legal decisions. In general, the ethical rules of the legal profession prohibit attorneys from communicating"

4. "….we must temporarily suspend communication with you regarding the "subject" of the lawsuit"

SEE EXHIBIT "D" dated April 1, 2008 from Crawford in response to Peppers two letters.

Crawford's response to Pepper's letter of March 18, 2008. Noted, as final correspondence to the defendant presents an opportunity for alternative condition (s) should the defendant's attorney desire or wish to consider this option upon Crawford establishing psychiatric capacity.

Crawford states, in accordance with the defendant's attorneys request in his letter of March 18th, he will no longer discuss legal matters or, settlement conditions / opportunities with Pepper or future legal actions, until Plaintiff is certified as psychologically fit to continue or has retained new counsel to represent his interests.

5

Crawford states and requests that all future correspondence from Pepper should be addressed to the court and not the Plaintiff in that the defendant's attorneys do not recognize Plaintiff's "pro se" status while acknowledging Plaintiff lacks psychiatric capacity and competency to deal with legal matters.

Crawford suggest Pepper or, member of his legal team, including a neutral psychiatrist fly to Thailand, if they so desires to complete required documents and/or address Pepper's remarks related to Crawford's mental infirmities and incapacitation.

<u>As Mr. Pepper so clearly indicates</u>: "…. it is <u>imprudent for his clients (JAL)</u> **and the court** to continue with any and all further forms of legal matters, proceeding, and litigation until Crawford has rescission of current medical certificates indicating Crawford has "Recovered"…

Crawford now requests the Court acknowledge both the defendant's and Crawford's position that Crawford lacks "psychiatric capacity" to act "Pro Se" with the Court withdrawing Crawford's "Pro Se" status and <u>until:</u>

i. <u>Crawford is medically competent to retain counsel to assure both the Court and Mr. Pepper of Crawford's psychiatric capacity and capacities.</u>

ii. <u>And, Crawford is certified by his psychiatrist to have the capacity without disabilities to act "pro se" and have legal relations with his new attorney, the defendants and the court.</u>

To assure Mr. Pepper and the Court of the accurate diagnosis of Crawford's Psychiatrist, Crawford is willing to undergo psychiatric examination by a psychiatrist of the defendant's selection in Thailand at the Bumrungrad International Hospital now used by Crawford with Crawford's current Psychiatrist and local counsel in attendance.

Such counsel is non-related to counsel of record but would be hired independently by the Crawford on an hourly bases for representation during the medical examination. Counsel is a certified American attorney, who is licensed in America.

## SUMMARY

Crawford requests a ruling which is in accordance with this motion and which would be congruent with both Crawford's Psychiatrist, Crawford's motion, and the defendant's attorney's statements which clearly demand that Crawford demonstrate "psychiatric capacity." This must be done, before as Andrew Pepper has clearly stated:,

"…. <u>the court continue with any and all further forms of legal matters, proceeding, and litigation until Crawford has rescission of current medical certificates indicating Crawford has recovered. --</u> ".

6

Crawford, therefore, requests a ruling which would suspend all court actions during the 90-day continuance under consideration and afterwards until such time as Crawford has established "psychiatric capacity" to act in accordance with his best interests and / or when he has retained new counsel to represent his interests and at such time when Crawford is determined medically competent to retain new counsel.

Both the Defendants and the Plaintiff and Plaintiff's Psychiatrist have accepted and acknowledged a situation in which Crawford lacks the psychiatric capacity to participate and understand legal proceedings and to understand the terms, conditions and consequences of these proceedings.

Therefore, Crawford cannot act "Pro Se" in his legal relations with the Defendants or the Court until such time as Crawford has established "psychiatric capacity" and/or has competent counsel representing his interests, after Crawford is no longer considered disabled and has fully recovered, --- and, as defendants attorney suggests.

Therefore, and further, it is essential new counsel of record be brought to the case to represent the Plaintiff's interests and, in turn, Crawford demonstrate "psychiatric capacity" to retain counsel and sign legal agreements/contracts with new counsel, the defendants and court.

This is the only way Crawford, the defendants and the court can meet conditions related to any further court actions and proceedings with defendants in a fair and balanced manner.

Andrew Pepper alone has made the case, (without Crawford even arguing this motion), and without Plaintiff even having the necessity of presenting medical documentation that Crawford must withdraw from litigation, until such time Crawford is: mentally determined fit; competent; capable of signing all binding legal agreements; and fully competent to participate in legal proceedings.

In that Crawford's "psychiatric lack of capacity" has been acknowledged by both Crawford, Crawford's Psychiatrist, and the Defendant -- Crawford also moves the Court that all prior court actions, (during the time Crawford was "Pro Se,") be rescinded until competent counsel is obtained and can provide representation to Crawford after a recovered position or in a position to which either Crawford's Psychiatrist and a neutral psychiatrist advises participation in legal actions can take place with the Plaintiff's participation. At that time new counsel can review, re-file, and act on all motions and schedules which had been brought before the Court by either the Plaintiff or Defendant.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

CIVIL NO. 03-00451 – SPK – LEK

<u>JACK L. CRAWFORD</u>
Plaintiff, PRO SE

vs.

JAPAN AIRLINES AND JALWAYS CO., LTD.
Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this Motion For Continuance was served via U.S. Certified Mail and/or FEDEX on the person(s) listed below:

TO:   ANDREW PEPPER, ESQ.
      Carl Smith Ball LLP
      2200 American Savings Bank Tower
      1001 Bishop Street
      Honolulu, Hawaii 96813
      Attorney for Defendants
      Japan Airlines and JALways, Co., Ltd.

TO:   CARL H. OSAKI, ESQ.
      Town Tower #17G
      225 Queen Street
      Honolulu, Hawaii 96813
      Attorney for Defendants
      Hawaii Aviation Contract Services, Inc.

DATED: April 2, 2008

SIGNED: _____
        JACK L. CRAWFORD

8

## EXHIBITS

A) DR. KAVI'S UPDATED MEDICAL REPORT DATED APRIL 2, 2008.

B) ANDRREW PEPPERS LETTER DATED MARCH 18TH AND MARCH 20TH, 2008.

C) GARY GRIMMER'S LETTER DATED MARCH 3, 2008.

D) CRAWFORD'S LETTER TO PEPPER DATED APRIL 1, 2008.