EXHIBIT B

B) ANDRREW PEPPERS LETTER DATED MARCH 18TH AND MARCH 20TH, 2008.

# CARLSMITH BALL LLP

A LIMITED LIABILITY LAW PARTNERSHIP

ASB TOWER, SUITE 2200
1001 BISHOP STREET
HONOLULU, HAWAII 96813
TELEPHONE 808.523.2500   FAX 808.523.0842
WWW.CARLSMITH.COM

DIRECT DIAL NO.
808.523.2500

APEPPER@CARLSMITH.COM

OUR REFERENCE NO.:
051729-3

18 March 2008

**Via email captjack1943@yahoo.com
and fax (001-66-2-650-2307)**

Mr. Jack Crawford, Pro Se Plaintiff
Thailand

    Re:   *Jack Crawford, et al. vs. Japan Airlines; et al;*
            Civil No. 03-00451 SPK LEK

Dear Mr. Crawford:

    I respond to your 18 February 2008 letter to me regarding "Offer to Negotiate a Settlement," and your later correspondence concerning your claims and your desire to achieve a settlement.

    Unfortunately, you have tendered to the Court both a sworn Declaration and a "medical certificate" indicating that, due to the depth of you psychological infirmities, you lack the mental capacity to understand and participate in legal proceedings. Accordingly, it would be exceedingly difficult (and imprudent) for our clients to negotiate a settlement with you *unless and until* we have received an update on your condition and a rescission of the current medical certificate, indicating that you have "recovered" from your mental disabilities and infirmities such that you are fully competent and able to participate in legal proceedings, to understand legal proceedings, and to understand the terms, conditions, and consequences of negotiating a comprehensive settlement agreement. Thus, as a preliminary condition to even *beginning* any settlement negotiation with you, JAL/JALways will require you to obtain a new psychiatric-fitness opinion letter from your doctor indicating you are "recovered" from your prior psychiatric disabling condition(s), and that you now have full capacity and competency to engage in legal proceedings and negotiations. The reason is straightforward: our clients would not wish to negotiate and consummate a settlement agreement with you while you still are mentally disabled, only to have you sue to reopen the settlement when you become "well." Please confirm you will meet this prefatory condition to any further settlement discussions.

---

*SETTLEMENT OFFER MADE PURSUANT TO RULE 408 OF THE FEDERAL AND HAWAII RULES OF EVIDENCE
EVIDENTIARY USE IS NOT INTENDED AND IS PROHIBITED*

HONOLULU · KAPOLEI · HILO · KONA · MAUI · GUAM · SAIPAN · LOS ANGELES

Mr. Jack Crawford
18 March 18, 2008
Page 2

    As for the settlement position of our clients, their last offer to you was **$30,000.00**. That remains their current offer. If you wish to propose a *reasonable* settlement offer (once you have the medical documentation and psychiatric competency declaration described above), please do so. In light of the facts of your case, the applicable law, the fact that your actual legal claims are far narrower than the expansive issues you have raised in your recent letters, and the pending dispositive motions, a demand of **$3.5 million is patently unreasonable.** You must make a *reasonable* offer; no further offer will be forthcoming from our clients, until you have done so. Time is of the essence: after the Court rules on the preemption motion, which might be any day now (given the Court's repeated indication that it may rule *sua sponte* and *before* the scheduled hearing date), our clients will withdraw even their current offer, actively take up consideration of pursuing abuse of process and malicious prosecution claims against you, and leave you to your luck in the appellate system.

    I look forward to receiving a new doctor's opinion regarding your psychiatric capacities and capabilities.

    Finally, please note the "Rule 408" watermark at the bottom of each page of this letter. If you will familiarize yourself with Rule 408 of the Federal Rules of Evidence, you will find that you are prohibited from attaching this letter to any pleadings or other submission(s) to the Court. I note this simply because you have a history of improper use of various documents, and I would like to avoid any unnecessary collateral litigation regarding your use of settlement-related correspondence.

Very truly yours,

Andrew L. Pepper

ALP/rkh

# CARLSMITH BALL LLP

A LIMITED LIABILITY LAW PARTNERSHIP

ASB TOWER, SUITE 2200
1001 BISHOP STREET
HONOLULU, HAWAII 96813
TELEPHONE 808.523.2500   FAX 808.523.0842
WWW.CARLSMITH.COM

DIRECT DIAL NO.
808.523.2500

APEPPER@CARLSMITH.COM

OUR REFERENCE NO.:
051729-3

March 20, 2008

**VIA EMAIL captjack1943@yahoo.com
and FAX (011-66-2-650-2307)**

Mr. Jack Crawford, Pro Se Plaintiff
Thailand

Re:   *Jack Crawford, et al. vs. Japan Airlines; et al;*
      Civil No. 03-00451 SPK LEK

Dear Mr. Crawford:

I am in receipt of your March 20, 2008 letter to me and await the medical clearances requested in my letter of March 18, 2008: Your proposed alternatives are not acceptable as they would not provide adequate assurances regarding your psychiatric status and ability to enter into a legally binding settlement (a Thai lawyer, "working with a power of attorney," cannot possibly render a medically valid opinion as to your psychiatric fitness).

As regards your mention of your "attorney in Thailand," it is not clear if you actually and currently have retained an attorney in Thailand to advise you in this matter or whether you anticipate hiring an attorney in Thailand in the future to assist you in documenting a settlement (assuming we ever get that far) and/or to help you establish your psychiatric capacity to make legal decisions. In general, the ethical rules of the legal profession prohibit attorneys from communicating, as to the "subject" of the lawsuit, with parties who are represented by legal counsel. Since you have mentioned--albeit ambiguously--that you *may* be represented by an "attorney in Thailand," and although we are not clear as to whether a non-American-licensed foreign attorney even "counts" for purposes of the ethical rule in question, nevertheless we must act conservatively and carefully to ensure our full compliance with the ethical strictures of our profession. Thus, until we are able to clarify the existence, status, and role of your "attorney in Thailand," we must temporarily suspend communication with you regarding the "subject" of the lawsuit (and this would include the "subject" of settlement).

---

*SETTLEMENT OFFER MADE PURSUANT TO RULE 408 OF THE FEDERAL AND HAWAII RULES OF EVIDENCE
EVIDENTIARY USE IS NOT INTENDED AND IS PROHIBITED*

---

HONOLULU · KAPOLEI · HILO · KONA · MAUI · GUAM · SAIPAN · LOS ANGELES

Mr. Jack Crawford
March 20, 2008
Page 2

Accordingly, please *immediately* provide us with the following information:

a) The name, address, telephone number, fax number, and email address of your "attorney in Thailand;" and

b) The date on which your retained your "attorney in Thailand;" and

c) Whether your "attorney in Thailand" is a graduate of an American law school; and

d) Whether your "attorney in Thailand" is licensed to practice law in *any* American state, territory, possession, or other American jurisdiction; and

e) Whether your "attorney in Thailand" is licensed to practice law in the State of Hawaii; and

f) Whether your "attorney in Thailand" has been admitted, *pro hac vice*, to practice law in any U.S. federal court, including but not limited to the United States District Court for the District of Hawaii.

At the end of your letter you also vaguely allude to the *possible* existence of a female attorney, *possibly* located in Hawaii, who you *may* have retained to file briefs in opposition to the pending dispositive motions. If you have hired such an attorney, the same ethical issues raised above would be of concern to us (other than the non-applicability of the ethical rule to a foreign lawyer) and, accordingly, we would need you to immediately provide the identity of that lawyer by providing "her" name, address, telephone number, fax number, email address and initial date of retention by you.

While we await clarification of the status of your legal representation, please refrain from any further correspondence with us regarding the "subject" of this case (including the "subject" of settlement) and restrict your correspondence to us solely to answering the questions we have posed regarding the status of your legal representation. This is not an attempt to cut off discussions with you but is, instead, intended to ensure that we zealously honor our ethical obligations (which are designed to protect you). As time is of the essence, please provide the requested information *immediately*.

On the other hand, if you are *not* currently represented by legal counsel in either Thailand or Hawaii (or any other place or jurisdiction) regarding the subject matter of this lawsuit, please immediately certify that fact to me and we can go back to direct communications. Please be honest and forthright in this regard as any misinformation or dissembling regarding the actual

---

*SETTLEMENT OFFER MADE PURSUANT TO RULE 408 OF THE FEDERAL AND HAWAII RULES OF EVIDENCE*
*EVIDENTIARY USE IS NOT INTENDED AND IS PROHIBITED*

Mr. Jack Crawford
March 20, 2008
Page 3

status of your legal representation will not be productive and, ultimately, will harm you far more than it will harm us.

I look forward to hearing from you shortly.

Very truly yours,

Andrew L. Pepper

ALP/rkh

4811-4082-9698.1.051729-00003

---

SETTLEMENT OFFER MADE PURSUANT TO RULE 408 OF THE FEDERAL AND HAWAII RULES OF EVIDENCE
EVIDENTIARY USE IS NOT INTENDED AND IS PROHIBITED