IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JACK CRAWFORD,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>JAPAN AIRLINES; JALWAYS CO., LTD.; HAWAII AVIATION CONTRACT SERVICES, INC.; and DOES 1-10, inclusive,<br><br>　　　　Defendants. | CIVIL NO. 03-00451 SPK-LEK<br><br>MEMORANDUM IN SUPPORT |

### MEMORANDUM IN SUPPORT

**I.   ARGUMENT**

Exhibit A to the Affidavit and Declaration of Carl H. Osaki filed herein on March 26, 2008 [Documents 358 and 359] illustrates that Plaintiff Crawford, through his former counsel Shawn Luiz, has known since November 14, 2007 that the depositions of Captains Kazuo Hanami, Kozo Nakabayashi, Kenji Yamada, and Jun Shimada were scheduled in Tokyo for May 7, 2008 through May 9, 2008, and would apply to this civil case and his arbitration against HACS.  Magistrate Kobayashi makes no mention of that in her April 7 Order (attached hereto as Exhibit "A") even though Mr. Crawford's March 13, 2008 Motion/Filing [Document 348] expressly sought to have Magistrate Kobayashi's Order granting HACS' Letter Request [Document 339] cancelled and withdrawn.  Thus, to the

extent the April 7 Order implies that Mr. Crawford did not have notice of the depositions, it is clearly erroneous.[1]

The April 7 Order is also clearly erroneous in that it implies that the depositions will not take place in the Crawford Arbitration and the Ventress lawsuit. The depositions are going forward in those two matters and should go forward in the Crawford lawsuit. Counsel for the JAL Defendants will be at the depositions to represent the four pilots and should be allowed to ask questions that can be used as evidence in the Crawford civil case given the lengthy advance notice of these depositions. *See* Fed. R. Civ. P. 1 (rules should be construed to secure the just, speedy and inexpensive determination of every action).

The April 7 Order is also clearly erroneous because it terminated (without any discussion) the JAL Defendants' *Motion for Relief From Order Granting Plaintiff Jack Crawford's Motion for a Ninety Day Continuance, Entered on February 8, 2008, and Request to Enter Statement of Concurrence on Behalf of Plaintiff Jack Crawford*, filed on March 19, 2008 [Document 349], that sought minor relief from the 90-day continuance granted to Crawford on February 8, 2008. That Motion also sought relief from Mr. Crawford's refusal to issue a letter

---

[1] It is customary in Federal Court to apply *ex parte* for a commission to be issued. There is usually no argument or legal reason why the commission should not issue, and although denominated *ex parte*, the JAL Defendants' Motion was served immediately upon Mr. Crawford via email.

of concurrence as to the Japan depositions--a requirement of the U.S. Embassy. In defiance of that requirement, Crawford has refused to issue a letter of concurrence in an effort to stop the depositions. Since the deposition commission should be reinstated, the JAL Defendants' *Motion for Relief From Order Granting Plaintiff Jack Crawford's Motion for a Ninety Day Continuance, Entered on February 8, 2008, and Request to Enter Statement of Concurrence on Behalf of Plaintiff Jack Crawford*, filed on March 19, 2008, should be granted in order to remove any obstacles to the taking of the depositions in Japan.

## II.     CONCLUSION

For the foregoing reasons, the April 7 Order should be reversed and the *Order Granting Ex Parte Application For Issuance Of Commission To Take Depositions In Japan*, dated February 15, 2008, should be reinstated, and the JAL Defendants' *Motion for Relief From Order Granting Plaintiff Jack Crawford's Motion for a Ninety Day Continuance, Entered on February 8, 2008, and Request to Enter Statement of Concurrence on Behalf of Plaintiff Jack Crawford*, filed on March 19, 2008, should be granted.

//
//
//
//

DATED: Honolulu, Hawaii, April 11, 2008.

/s/ Gary G. Grimmer
ANDREW L. PEPPER
STEVEN M. EGESDAL
GARY G. GRIMMER
JOSEPH F. KOTOWSKI, III

Attorneys for Defendants
JAPAN AIRLINES and
JALWAYS CO., LTD.