# MINUTES

| | |
|---|---|
| CASE NUMBER: | CIVIL NO. 03-00451SPK-LEK |
| CASE NAME: | Jack Crawford vs. Japan Airlines |
| ATTYS FOR PLA: | |
| ATTYS FOR DEFT: | |
| INTERPRETER: | |

| | | | |
|---|---|---|---|
| JUDGE: | Leslie E. Kobayashi | REPORTER: | |
| DATE: | 04/07/2008 | TIME: | |

COURT ACTION:  EO: COURT ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION

    On February 13, 2008, Defendants Japan Airlines and Jalways Co., Ltd. (collectively "JAL Defendants") filed an Ex Parte Application to Take Foreign Deposition from Captain Kazuo Hanami; Captain Kozo Nakabayashi; Captain Kenji Yamada and for Issuance of Commission to Take Depositions in Japan ("Ex Parte Application"). This Court issued its order granting the Ex Parte Application on February 15, 2008 ("Deposition Order"). The Court issued a commission for the taking of the depositions on May 7 to 9, 2008.

    On March 13, 2008, Plaintiff filed a document titled "Plaintiff's Position, Opposition and Response Statement Requesting Rescinding and/or Reversal of Court Orders Granting Depositions in Japan May 7th/9th, 2008. Re: Defendants Japan Airlines, Jalways, and Hawaiian Aviation Contract Services, Inc. 'Ex Parte Application for Assurance and Commission to Take Depositions in Japan. . . ." Plaintiff argues, *inter alia*, that the Court should rescind and/or reverse the Deposition Order because he did not have the opportunity to respond to the Ex Parte Application. The Court construes Plaintiff's March 13, 2008 filing as a motion for reconsideration of the Deposition Order ("Motion for Reconsideration").

    The JAL Defendants filed the Ex Parte Application two days after this Court issued an EO allowing Shawn Luiz, Esq., to withdraw as counsel for Plaintiff. The JAL Defendants served the Ex Parte Application on Plaintiff in Thailand via United States mail. It is likely that Plaintiff did not receive the Ex Parte Application before this Court issued the Deposition Order granting the Ex Parte Application. In light of the fact that Plaintiff was without counsel during the relevant time period, the Court finds that Plaintiff



EXHIBIT A

should have had the opportunity to respond to the Ex Parte Application. The Court therefore GRANTS Plaintiff's Motion for Reconsideration and WITHDRAWS its Deposition Order.

The Court instructs the JAL Defendants that they should present any future requests for a commission to conduct foreign depositions in a motion with proper notice to Plaintiff. The Court will not entertain such requests via ex parte application.

In light of the withdrawal of the Deposition Order, Plaintiff's March 3, 2008 Counter Motion to Postpone Depositions in Japan with Japan Airlines, Jalways, and HACS Until New Counsel Has Been Appointed and 90 Day Countinuance (sic) Has Expired, and the JAL Defendants' March 19, 2008 Motion for Relief from Order Granting Plaintiff Jack L. Crawford's Motion for a Ninety Day Continuance, Entered on February 8, 2008, and Request to Enter Statement of Concurrence on Behalf of Plaintiff Jack Crawford are MOOT and deemed TERMINATED.

IT IS SO ORDERED.

Submitted by: Warren N. Nakamura, Courtroom Manager