CARLSMITH BALL LLP

| | |
|---|---|
| ANDREW L. PEPPER | 5141-0 |
| STEVEN M. EGESDAL | 4511-0 |
| GARY G. GRIMMER | 1769-0 |
| JOSEPH F. KOTOWSKI, III | 7973-0 |

ASB Tower, Suite 2200
1001 Bishop Street
Honolulu, Hawaii 96813
Tel No. 808.523.2500
Fax No. 808.523.0842
apepper@carlsmith.com
segesdal@carlsmith.com
ggrimmer@carlsmith.com
jkotowski@carlsmith.com

Attorneys for Defendants
JAPAN AIRLINES and JALWAYS CO., LTD.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JACK CRAWFORD,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>JAPAN AIRLINES; JALWAYS CO., LTD.; HAWAII AVIATION CONTRACT SERVICES, INC.; and DOES 1-10, inclusive,<br><br>　　　　Defendants. | CIVIL NO. 03-00451 SPK-LEK<br><br>DEFENDANTS JAPAN AIRLINES' AND JALWAYS CO., LTD.'S **MEMORANDUM IN OPPOSITION** TO PLAINTIFF JACK CRAWFORD'S REQUEST THAT THE COURT SUSPEND AND POSTPONE ACTION ON ALL MOTIONS AND SCHEDULES DURING THE 90-DAY CONTINUANCE AND BEYOND UNTIL CRAWFORD, ACTING "PRO SE," IS JUDGED MENTALLY COMPETENT BY HIS PSYCHIATRIST TO PROCEED<br><br>[Caption Continued] |

4848-0934-2722.1.051729-00003

WITH LEGAL MATTERS AND PROCEEDINGS AND CRAWFORD IS MENTALLY COMPETENT TO RETAIN COUNSEL TO MOVE CRAWFORD'S CASE FORWARD, FILED ON APRIL 4, 2008; DECLARATION OF JOSEPH F. KOTOWSKI, III; EXHIBITS "A" - "Z"; CERTIFICATE OF SERVICE

[Non-Hearing Motion]

TRIAL DATE:  October 7, 2008

**DEFENDANTS JAPAN AIRLINES' AND JALWAYS CO., LTD.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF JACK CRAWFORD'S REQUEST THAT THE COURT SUSPEND AND POSTPONE ACTION ON ALL MOTIONS AND SCHEDULES DURING THE 90-DAY CONTINUANCE AND BEYOND UNTIL CRAWFORD, ACTING "PRO SE," IS JUDGED MENTALLY COMPETENT BY HIS PSYCHIATRIST TO PROCEED WITH LEGAL MATTERS AND PROCEEDINGS AND CRAWFORD IS MENTALLY COMPETENT TO RETAIN COUNSEL TO MOVE CRAWFORD'S CASE FORWARD, FILED ON APRIL 4, 2008**

**I. CRAWFORD'S APPARENT UNWILLINGNESS TO PROSECUTE HIS CASE SHOULD NOT BE PERMITTED TO FURTHER PREJUDICE THE JAL DEFENDANTS' ABILITY TO CONDUCT DISCOVERY AND/OR RESOLVE THIS CASE THROUGH DISPOSITIVE MOTIONS**

In the very first paragraph of his request that the Court suspend and postpone action on all motions and schedules during the 90-Day Continuance[1] ("Crawford's

---

[1] Crawford erroneously believes this matter is presently situated within a ninety-day continuance period.  As the Court has recently clarified for the parties, "[t]he

Request/Motion"), Crawford states that he "is not able to act 'pro se'" and "cannot continue forward" until he decides to appoint new counsel, whenever that may be. Based on these statements, it seems clear that Crawford is unwilling to proceed with prosecuting his case in any capacity, represented or not.[2] Therefore, the JAL Defendants respectfully submit that the Court should consider whether this case should be dismissed with prejudice for failure to prosecute.

The Ninth Circuit considered the following five factors to be relevant in determining whether a dismissal for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure should be granted:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.

*Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (citing *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984)).  Where at least four factors support dismissal, or where at least three factors "strongly" support dismissal, dismissal is proper.

---

ninety day continuance granted on February 8, 2008 **applied to the trial date**. **The Court did not continue all deadlines ninety days.**" *See Court Order Regarding Plaintiff's Request Opposition/Response to Japan Airlines; Jalways Court Action Dated 3/14/08 For Crawford's New Counsel to Enter Appearance by 4/8/08 be Extended Until 5/14/08*, entered on April 7, 2008 and attached hereto as Exhibit "A" (emphasis added).

[2]  Crawford's request that the Court withdraw his *pro se* status is patently absurd. As a litigant, Crawford can either be represented by counsel or not, and only he can change his status from *pro se* party to represented party.

*Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (citing *Malone v. United States Postal Serv.*, 833 F.2d 128, 133 & n.2 (9th Cir. 1987) and *Ferdik v. Bonzelet*, 963 F.2d 1258, 1263 (9th Cir. 1992)).

With respect to the first two *Henderson* factors, Rule 1 of the Federal Rules of Civil Procedure provides that the Rules "should be construed and administered to secure the **just, speedy, and inexpensive** determination of every action and proceeding." FED. R. CIV. P. 1 (2008) (emphasis added). Crawford has been on notice at least since **January 7, 2008** that his former counsel, Shawn Luiz, intended to withdraw from representing him. *See* Exhibit "B", attached hereto. Crawford has therefore had **more than three months** since receiving notice of Mr. Luiz's intent to withdraw as his counsel to find and retain substitute counsel. Further, Crawford notified the Court on **January 30, 2008** that he was going to seek a ninety-day continuance for the purpose of securing proper counsel. *See* Exhibit "C", attached hereto, at 2 ("I will be also submitting a formal Motion for a (90) ninety day continuance later this week to secure proper counsel.").[3] However, since receiving notice of Mr. Luiz's withdrawal and filing his Motion for Ninety Day Continuance, Crawford has done nothing to indicate that he is truly attempting to secure substitute counsel in this matter. Instead, he has bombarded the Court

---

[3] Crawford filed his Motion for a Ninety Day Continuance on **February 5, 2008**. *See* Exhibit "D", attached hereto.

with frivolous and extraneous documents and submissions[4] that have had the effect of clogging the Court's docket and delaying the hearing on dispositive motions brought by the JAL Defendants **months ago**.[5]  Because Crawford's dilatory conduct has greatly impeded the resolution of this case and prevented the Court from adhering to its hearing and trial schedules, the JAL Defendants submit that Crawford's conduct satisfies the first two *Henderson* factors for dismissal.

As to the third *Henderson* factor--risk of prejudice to defendants--Crawford's actions have already resulted in (i) multiple continuations of the JAL

---

[4]  Contrary to Crawford's assertion that the Defendants have submitted an "avalanche of motions" during the ninety-day continuance (which Crawford erroneously (*see* footnote 1, *supra*) believes began on February 8, 2008, when the Court granted his Motion for a Ninety Day Continuance), the record in this case indicates that the Defendants (both the JAL Defendants and Hawaii Aviation Contract Services, Inc. ("HACS")) have submitted a total of **three** motions from February 8, 2008 to the present:  (1) JAL Defendants' *Ex Parte* Motion to Take Foreign Deposition, filed on February 13, 2008 (*see* Exhibit "E", attached hereto); (2) HACS' *Ex Parte* Motion for Discovery and Issuance of Letters Rogatory, filed on March 3, 2008 (*see* Exhibit "F", attached hereto); and (3) the JAL Defendants' Motion for Relief, filed on March 19, 2008 (*see* Exhibit "G", attached hereto).  On the other hand, instead of seeking out replacement counsel, Crawford has chosen to inundate the Court with a stream of submissions, requests, and statements since filing his Motion for Continuance on February 5, 2008.  *See* Exhibits "H" through "N", attached hereto.

[5]  The JAL Defendants' Motion for Judgment on the Pleadings (Complete Federal Preemption) was filed on **October 19, 2007**.  *See* Docket [255].  That motion was originally scheduled to be heard on January 11, 2008.  *See* Docket [256].  Since October 19, 2007, the hearing on that motion, along with the hearing dates for subsequent motions filed by Japan Airlines and/or Jalways Co., Ltd., has been continued to March 14, 2008 [Docket 282], May 14, 2008 [Docket 318], and **June 18, 2008** [Docket 326], a delay of more than **six (6) months**.

Defendants' dispositive motions (*see* footnote 5, *supra*), (ii) continuation of the trial date to October 7, 2008 (from July 8, 2008), and (iii) an unreasonable refusal to cooperate with the JAL Defendants and HACS regarding compliance with U.S. Embassy requirements governing the taking of depositions in Tokyo in May 2008--depositions that Crawford has known about since November 2007.  "In determining whether a defendant has been prejudiced, [a court] examine[s] whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case."  *Malone*, 833 F.2d at 131 (citing *Rubin v. Belo Broadcasting Corp.*, 769 F.2d 611, 618 (9th Cir. 1985)).  Because the JAL Defendants have been forced to respond to Crawford's incessant barrage of filings with the Court--filings that were designed to prevent this matter from being resolved through dispositive motions, prevent the JAL Defendants from conducting discovery, or both--the JAL Defendants have incurred, and continue to incur, needless costs and attorneys fees.  The third *Henderson* factor has been met.

      The fourth *Henderson* factor, the public policy favoring disposition of cases on their merits, also weighs in favor of the JAL Defendants.  The hearing on the JAL Defendants' four dispositive motions is scheduled for June 18, 2008.  In a related case, *Ventress v. Japan Airlines, et al.*, Civil No. 07-00581 SPK-LEK, District Judge Samuel King has ruled that four dispositive motions--nearly identical to those brought by the JAL Defendants in this case--scheduled to be

heard on May 14, 2008, will be considered based on the submissions of the parties and will not require an oral hearing. *See Order Vacating Hearing Date and Denying Plaintiff's Motion to Stay Proceedings Pending Appeal*, entered on April 15, 2008 and attached hereto as Exhibit "O". Based on this Order in the *Ventress* matter, it appears likely that Judge King may rule on the merits of the JAL Defendants' dispositive motions in this case in a similar fashion. Therefore, Crawford's request that the Court postpone and further delay the proceedings in this case does not promote the policy that favors disposition of cases on their merits. The fourth *Henderson* factor is met.

Finally, with regard to the fifth *Henderson* factor, the availability of less drastic sanctions, courts have suggested that warning a plaintiff that failure to obey a court order will result in dismissal can suffice to meet the requirement that the court consider less drastic sanctions. *Malone*, 833 F.2d at 132-33 (citing *Buss v. Western Airlines, Inc.*, 738 F.2d 1053, 1054 (9th Cir. 1984), *cert. denied*, 469 U.S. 1192 (1985) and *Titus v. Mercedes Benz of North America*, 695 F.2d 746, 749 n.6 (3d Cir. 1982)). In the present matter, Crawford has been warned by this Court on at least two occasions that he is required to familiarize himself with and follow the Court's procedural and substantive rules. *See* Exhibits "N" and "P", attached hereto. Therefore, based on Crawford's continued dilatory conduct, apparent unwillingness to secure counsel to represent him in this matter, and history of

running afoul of the orders and warnings issued by this Court, the JAL Defendants respectfully submit that all five *Henderson* factors strongly favor dismissal of this case with prejudice.

## II. CRAWFORD HAS DEMONSTRATED HIS ABILITY TO ADEQUATELY REPRESENT HIMSELF WITHOUT COUNSEL

If the Court declines to dismiss this case under the *Henderson* analysis above, the JAL Defendants alternatively argue that the record and files in this case illustrate that Crawford is not functionally impaired and in fact, has demonstrated the ability to represent himself without counsel *even before* the Court granted Mr. Luiz's Motion to Withdraw as Counsel on February 11, 2008 (*see* Ex. "C"). Between January 30, 2008 and February 7, 2008 (*a period of one week*), Crawford submitted a position statement and memorandum in opposition to Mr. Luiz's motion to withdraw (*see* Exhibit "Q", attached hereto), an addendum to that position statement that contained approximately twenty four (24) exhibits (*see* Exhibit "R", attached hereto), his Motion for a Ninety Day Continuance (*see* Ex. "D"), and an addendum to his Motion for a Ninety Day Continuance (*see* Exhibit "S", attached hereto). Since filing his Motion for Ninety Day Continuance on February 5, 2008, Crawford has filed numerous requests, statements, and memoranda. *See* Exs. "H" through "N" and footnote 4, *supra*. In addition to all of these filings, Crawford has also communicated numerous settlement proposals-- including some translated into Japanese--to the JAL Defendants' counsel. *See*

Exhibits "T" through "Z", attached hereto. These examples, along with Crawford's description of the assistance he receives in handling his case (*see* page 3 of Crawford's Request/Motion), demonstrate that he is capable of (i) conceptualizing and drafting pleadings, motions, and memoranda; (ii) developing and articulating arguments in support of his positions; (iii) propounding settlement proposals and theories of the case; (iv) generating and responding to correspondence with opposing counsel and the court; and (v) understanding and complying with deadlines and court orders.

If, as Crawford argues in his Request/Motion at page 7, "it is essential that new counsel of record be brought to the case to represent the Plaintiff's interests," then Crawford should stop procrastinating and make an effort to retain counsel. His failure to act does not merit a suspension or postponement of the proceedings in this case, especially when his request comes so close to the hearing date for the JAL Defendants' dispositive motions--a date that has already been put off for **more than 6 months**.

### III. CRAWFORD MISREPRESENTS STATEMENTS MADE BY COUNSEL FOR THE JAL DEFENDANTS TO FURTHER DELAY RESOLUTION OF THIS CASE

Throughout his Request/Motion, Crawford argued that Andrew Pepper, counsel for the JAL Defendants, has "accepted and acknowledged Crawford's lack of psychiatric capacity" in the present matter. Crawford apparently reached this

incorrect conclusion by misinterpreting Mr. Pepper's March 18, 2008 and March 20, 2008 letters, which Crawford attached to his submission.  As the plain language of the March 18 letter states, Mr. Pepper did not admit, acknowledge, or otherwise agree that Crawford has any psychiatric deficiency.  Rather, Mr. Pepper was simply summarizing and restating the arguments **made by Crawford himself** in both a sworn declaration that Crawford tendered to the Court and a "medical certificate" that purportedly detailed Crawford's alleged "psychological infirmities."

    Likewise, Mr. Pepper's March 20 letter also did not admit, acknowledge, or otherwise agree that Crawford has any psychiatric deficiency.  That letter simply sought to clarify whether or not Crawford was represented by counsel in Thailand, Hawaii, or both.  Mr. Pepper's request that Crawford "refrain from any further correspondence with us regarding the 'subject' of this case (including the 'subject' of settlement)" was made in consideration of the canons of the Hawaii Rules of Professional Conduct governing contact with represented parties, and not as part of any acknowledgment of Crawford's alleged psychiatric or psychological issues. Crawford's pathetic attempt to spin, distort, misstate, and misrepresent the language contained in Mr. Pepper's correspondence in order to make it appear that Mr. Pepper is supporting Crawford's claims of psychiatric incapacity is reprehensible.

## IV.    CONCLUSION

Based on the foregoing, the JAL Defendants respectfully request that Crawford's Request/Motion be denied.

DATED: Honolulu, Hawaii, April 21, 2008.

/s/ Joseph F. Kotowski, III
ANDREW L. PEPPER
STEVEN M. EGESDAL
GARY G. GRIMMER
JOSEPH F. KOTOWSKI, III

Attorneys for Defendants
JAPAN AIRLINES and
JALWAYS CO., LTD.