# MINUTES

| | |
|---|---|
| CASE NUMBER: | CIVIL NO. 03-00451SPK-LEK |
| CASE NAME: | Jack Crawford vs. Japan Airlines |
| ATTYS FOR PLA: | |
| ATTYS FOR DEFT: | |
| INTERPRETER: | |

| | | | |
|---|---|---|---|
| JUDGE: | Leslie E. Kobayashi | REPORTER: | |
| DATE: | 07/02/2008 | TIME: | |

COURT ACTION:   EO: COURT ORDER RE LETTER FROM BENYA KAMPONWIN

The Court is in receipt of Benya Kamponwin's letter and attachments dated June 27, 2008.  Mr. Kamponwin is unknown to this Court as he is neither a named party nor counsel of record for any of the parties.  His submission is construed as as correspondence on behalf of Plaintiff Jack Crawford ("Plaintiff") to provide the Court with a status report as to Plaintiff's medical condition.  Plaintiff is not required to file or advise the Court as to his medical condition and thus it appears that he has voluntarily and unilaterally decided to do so.

The Court is not free to accept any direct communication from Plaintiff.  Plaintiff does not appear to have served opposing counsel with a copy of the correspondence.  See Exhibit "A", Letter.  Such communications are deemed *ex parte*, and are generally prohibited.  An *ex parte* communication is a communication about a case which a party makes to the Judge, without giving notice to the opposing party.  *Ex parte* communications foreclose an opposing party's opportunity to respond, and are in most cases a violation of due process.  Accordingly, the Court generally refrains from *ex parte* communications with parties.

Although pro se litigants are held to less stringent standards than those of their legal counterparts, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); Jackson v. Carey, 353 F.3d 750, 757 (9th Cir. 2003), a litigant's pro se status cannot excuse him from complying with the procedural or substantive rules of the court.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); see also United States v. Bell, 27 F. Supp. 2d 1191, 1197 (E.D. Cal. 1998).

Accordingly, Plaintiff is specifically instructed to consult the Federal Rules of Civil Procedure, the Local Rules for the District of Hawaii, and the Federal Rules of Evidence, and to conduct himself according to these rules.

The Court hereby directs the Clerk's Office to file the letter and attachments as correspondence in this matter, and to serve a copy of the instant Order and Exhibit "A" upon all parties. Further, this Court has reviewed the documents and finds that there is neither good cause nor a compelling reason for the documents to be filed under seal. See Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1180 (9th Cir. 2006). The matters set forth in the documents have been raised in prior hearings and filed submissions.

Plaintiff is warned that he is not to send *ex parte* communications to the Court. If Plaintiff wishes to file pleadings or other matters, he should follow the appropriate procedure, including service of copies upon opposing counsel. In addition, Mr. Kamponwin is neither a party nor counsel of record and therefore should not send or file pleadings and/or correspondence in this action.

Plaintiff is further warned, in no uncertain terms, that failure to comply with the rules of court may result in the imposition of sanctions, including dismissal of Plaintiff's lawsuit. See Fed. R. Civ. P. 11; Local Rule LR11.1.

IT IS SO ORDERED.

Submitted by: Warren N. Nakamura, Courtroom Manager