IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JACK CRAWFORD, | ) CIVIL NO. 03-00451 LEK-KSC |
| | ) |
| Plaintiff, | ) FINDINGS AND |
| | ) RECOMMENDATION TO GRANT IN |
| vs. | ) PART AND DENY IN PART |
| | ) DEFENDANT HAWAII AVIATION |
| JAPAN AIRLINES; JALWAYS | ) CONTRACT SERVICES, INC.'S |
| CO., LTD.; HAWAII AVIATION | ) MOTION FOR AWARD OF |
| CONTRACT SERVICES, INC.; | ) ATTORNEY'S FEES |
| DOES 1-10, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND
DENY IN PART DEFENDANT HAWAII AVIATION CONTRACT
SERVICES, INC.'S MOTION FOR AWARD OF ATTORNEY'S FEES

On May 31, 2013, U.S. District Judge Leslie

Kobayashi issued an Order (1) Denying Plaintiff Jack

Crawford's Motion for Sanctions Against JAL Defendants,

HACS, Carlsmith Ball, Certain Carlsmith Ball Attorneys

and Carl Osaki; (2) Denying Defendant Japan Airlines'

Motion For the Court to Issue an Order Requiring

Plaintiff Jack Crawford to Show His Medical Fitness to

Litigate; and (3) Granting Japan Airlines' Motion to

Strike Plaintiff Jack Crawford's Supplemental Statement

of Authorities Filed Pursuant to LR 7.8 in Support of

Plaintiff Jack Crawford's Motion for Sanctions Against JAL Defendants, Filed February 28, 2013 ("Sanction Order").  In the Sanction Order, Judge Kobayashi found that Plaintiff failed to comply with the requirements of Rule 11 and that Plaintiff's motion for sanctions was without merit.  Sanction Order at 21.  She therefore concluded that Defendants were the prevailing parties entitled to an award of reasonable attorneys' fees, pursuant to Rule 11(c)(2) of the Federal Rules of Civil Procedure ("FRCP"), that were incurred directly as a result of Plaintiff's filing.  Id.  Judge Kobayashi specified that the amount to be awarded should be sufficient to deter repetition of Plaintiff's conduct.  Id.

Defendant Hawaii Aviation Contract Services, Inc.'s ("HACS") timely filed a Motion for Award of Attorney's Fees ("Motion") on June 24, 2013.  HACS filed a Statement of Consultation on July 3, 2013. Plaintiff Jack Crawford ("Plaintiff") did not file a

response.  On August 1, 2013, HACS filed a Supplemental Memorandum.

At the direction of the Court, Plaintiff filed a memorandum concerning the propriety of addressing HACS's Motion (or any other matters) when questions concerning the existence of subject matter jurisdiction have been raised.  <u>See</u> Doc. No. 505.

On September 11, 2013, Defendant Japan Airlines ("JAL") filed a motion to dismiss.  This Court deferred ruling on this Motion until the disposition of JAL's motion to dismiss.

On December 31, 2013, Judge Kobayashi issued an Order Granting Defendant's Motion to Dismiss Plaintiff Jack Crawford's Complaint For Lack of Subject Matter Jurisdiction, concluding that federal diversity jurisdiction was lacking from the outset of this case.

<u>DISCUSSION</u>

Insofar as Judge Kobayashi has already concluded that Defendants were the "prevailing parties" pursuant to FRCP 11(c)(2), the Court need not determine

whether HACS is entitled to fees.  However, the Court must, as an initial matter, ascertain whether it has the authority to issue this Findings and Recommendation when Judge Kobayashi concluded that subject matter jurisdiction is lacking and in fact, never existed. The Court concludes that it does.

The Supreme Court has held that although a final determination of lack of subject matter jurisdiction precludes all further adjudication of a case in federal court, "such a determination does not automatically wipe out all proceedings had in the district court at a time when the district court operated under the misapprehension that it had jurisdiction." Willy v. Coastal Corp., 503 U.S. 131, 137 (1992); In re Exxon Valdez, 102 F.3d 429, 431 (9th Cir. 1996).  Because the imposition of Rule 11 sanctions is a collateral matter that does not involve judgment on the merits of an action, a district court does not adjudicate the merits of a "case or controversy" over which it lacks jurisdiction by

4

imposing sanctions.  <u>Willy</u>, 503 U.S. at 138.  District courts have the authority to determine whether an attorney abused the judicial process and assess appropriate sanctions.  <u>Id.</u>

Plaintiff attempts to distinguish this case from <u>Willy v. Coastal Corp.</u>, arguing that "there is no Rule 11 sanction against any party or attorney nor a finding that any party or attorney abused the judicial process."  Pl.'s Memo. at 4.  The Court is not persuaded.  Plaintiff abused the judicial process by filing an improper Rule 11 sanction motion that was premature, procedurally defective, and substantively specious.  Sanction Order at 17.  FRCP 11 specifically contemplates and provides for the recovery of reasonable expenses, including attorneys' fees, by the prevailing party.  Fed. R. Civ. P. 11(c)(2).  HACS successfully opposed Plaintiff's motion for sanctions and has been deemed the prevailing party.

Plaintiff additionally asserts that the fee issue is not collateral because Judge Kobayashi found

that the sanctions issue was premature.  This finding actually bolsters this Court's determination to proceed with evaluating HACS's fee request.  Plaintiff should not have filed his sanction motion, as it was not only premature, but also deficient.  Plaintiff's conduct provided Judge Kobayashi with a legal basis to conclude that HACS is entitled to fees.

Finally, Plaintiff argues that this case is distinguishable from Willy because this is not a case where the Court's jurisdiction was later found to be lacking.  To the contrary, that is precisely what happened here.  At the time Judge Kobayashi adjudicated Plaintiff's sanction motion, JAL had yet to file its motion to dismiss.  Notably, Judge Kobayashi made the legal determination about HACS's entitlement to fees before the filing of the motion to dismiss and prior to dismissing this action for lack of subject matter jurisdiction.  This Court is not deciding a new legal issue or revisiting Judge Kobayashi's Sanction Order; this Court is merely assessing the reasonableness of

the fee request and recommending the amount to be awarded.  The legal basis for the award has already been established by the Sanction Order.  Accordingly, the Court finds that it may address HACS's Motion notwithstanding the fact that this action has been dismissed, as this Findings and Recommendation merely recommends the amount of the award to which HACS is entitled.

A.   Calculation of Fee Award

Under federal law, reasonable attorneys' fees are generally based on the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  See Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000).  The court must determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate."  Hensley, 461 U.S. at 433. Second, the court must decide whether to adjust the lodestar amount based on an evaluation of the factors articulated in Kerr v. Screen Extras Guild, Inc., 526

F.2d 67, 70 (9th Cir. 1975), which have not already

been subsumed in the lodestar calculation.   See

Fischer, 214 F.3d at 1119 (citation omitted).

The factors articulated by the Ninth Circuit in

Kerr are as follows:

> (1) the time and labor required, (2) the
> novelty and difficulty of the questions
> involved, (3) the skill requisite to
> perform the legal service properly, (4)
> the preclusion of other employment by the
> attorney due to acceptance of the case,
> (5) the customary fee, (6) whether the fee
> is fixed or contingent, (7) time
> limitations imposed by the client or the
> circumstances, (8) the amount involved and
> the results obtained, (9) the experience,
> reputation, and ability of the attorneys,
> (10) the "undesirability" of the case,
> (11) the nature and length of the
> professional relationship with the client,
> and (12) awards in similar cases.

Kerr, 526 F.2d at 70.[1]

---

[1]  Factors one through five have been subsumed in
the lodestar calculation.  See Morales v. City of San
Rafael, 96 F.3d 359, 364 n.9 (9th Cir. 1996).  Further,
the Ninth Circuit, extending City of Burlington v.
Dague, 505 U.S. 557, 567 (1992), held that the sixth
factor, whether the fee is fixed or contingent, may not
be considered in the lodestar calculation.  See Davis
v. City & County of San Francisco, 976 F.2d 1536, 1549
(9th Cir. 1992), vacated in part on other grounds, 984
F.2d 345 (9th Cir. 1993).

8

For Rule 11 sanctions, "[t]here is no need to rigidly apply the factors set forth in [*Kerr*], but the court must make some evaluation of the fee breakdown submitted by counsel." <u>Matter of Yagman</u>, 796 F.2d 1165, 1185 (9th Cir. 1986).  Once calculated, the "lodestar" is presumptively reasonable.  <u>See</u> <u>Pennsylvania v. Delaware Valley Citizens' Council for Clean Air</u>, 483 U.S. 711, 728 (1987); <u>see also</u> <u>Fischer</u>, 214 F.3d at 1119 n.4 (stating that the lodestar figure should only be adjusted in rare and exceptional cases).

1.  <u>Reasonable Hourly Rate</u>

HACS requests an hourly rate of $350.00 for its counsel, Carl Osaki.  In determining the reasonableness of an hourly rate, the experience, skill, and reputation of the attorney requesting fees are taken into account.  <u>See</u> <u>Webb v. Ada County</u>, 285 F.3d 829, 840 & n.6 (9th Cir. 2002).  The reasonable hourly rate should reflect the prevailing market rates in the community.  <u>See</u> <u>id.</u>; <u>Gates v. Deukmejian</u>, 987 F.2d 1392, 1405 (9th Cir. 1992), <u>as amended on denial of</u>

9

reh'g, (1993) (noting that the rate awarded should
reflect "the rates of attorneys practicing in the forum
district"); 20 U.S.C. § 1415 ("Fees awarded under this
paragraph shall be based on rates prevailing in the
community in which the action or proceeding arose for
the kind and quality of services furnished."). It is
the burden of the fee applicant to produce satisfactory
evidence, in addition to an affidavit from the fee
applicant, demonstrating that the requested hourly rate
reflects prevailing community rates for similar
services. See Jordan v. Multnomah County, 815 F.2d
1258, 1263 (9th Cir. 1987).

This Court is well aware of the prevailing
rates in the community for similar services performed
by attorneys of comparable experience, skill and
reputation. Based on this Court's knowledge of the
community's prevailing rates, the hourly rates
generally granted by the Court, the Court's familiarity
with this case, and HACS's counsel's submissions, this
Court finds that the requested hourly rate is slightly

excessive.  The Court instead finds $325.00 to be a reasonably hourly rate.

    2.  <u>Hours Reasonably Expended</u>

Beyond establishing a reasonable hourly rate, a prevailing party seeking attorneys' fees bears the burden of proving that the fees and costs taxed are associated with the relief requested and are reasonably necessary to achieve the results obtained.  <u>See</u> <u>Tirona v. State Farm Mut. Auto. Ins. Co.</u>, 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted).  The court must guard against awarding fees and costs which are excessive, and must determine which fees and costs were self-imposed and avoidable.  <u>Id.</u> at 637 (citing <u>INVST Fin. Group v. Chem-Nuclear Sys.</u>, 815 F.2d 391, 404 (6th Cir. 1987), <u>cert. denied</u>, 484 U.S. 927 (1987)).  This Court has "discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case."  <u>Soler v. G & U, Inc.</u>, 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992) (citation omitted).  Time expended on work deemed "excessive, redundant, or otherwise

unnecessary" shall not be compensated.  <u>See</u> <u>Gates</u>, 987 F.2d at 1399 (quoting <u>Hensley</u>, 461 U.S. at 433-34).

     After careful review of HACS's submissions, the Court finds that reductions for clerical work, unrelated work, and block billing are necessary and appropriate.

     a.  <u>Clerical or Ministerial Tasks</u>

     Some of counsel's time entries reflect billing for clerical/ministerial work, and must be reduced accordingly.  "[C]lerical or ministerial costs are part of an attorney's overhead and are reflected in the charged hourly rate." <u>Jeremiah B. v. Dep't of Educ.</u>, Civil No. 09-00262 DAE-LEK, 2010 WL 346454, at *5 (D. Haw. Jan. 29, 2010) (citing <u>Sheffer v. Experian Info. Solutions, Inc.</u>, 290 F. Supp. 2d 538, 549 (E.D. Pa. 2003)).

     The following is a list of tasks previously deemed clerical or ministerial in this district and therefore deemed non compensable:

          reviewing Court-generated notices;
          scheduling dates and deadlines;

12

> calendering dates and deadlines; notifying
> a client of dates and deadlines; preparing
> documents for filing with the Court;
> filing documents with the Court; informing
> a client that a document has been filed;
> personally delivering documents; bates
> stamping and other labeling of documents;
> maintaining and pulling files; copying,
> printing, and scanning documents;
> receiving, downloading, and emailing
> documents; and communicating with Court
> staff.[2]

Haw. Motorsports Inv., Inc. v. Clayton Group Servs.,
Inc., Civ. No. 09-00304 SOM-BMK, 2010 WL 4974867, at *5
(D. Haw. Dec. 1, 2010), adopted by Haw. Motorsports
Inv., Inc. v. Clayton Group Servs., NC, Civ. No.
09-00304 SOM-BMK, 2010 WL 5395669 (D. Haw. Dec. 22,
2010) (also deeming clerical identification and
organization of exhibits); see also, e.g., Yamada v.
Weaver, Civil No. 10-00497 JMS-RLP, 2012 WL 6019363, at
*10 (D. Haw. Aug. 30, 2012), adopted in pertinent part
by Yamada v. Weaver, Civil No. 10-00497 JMS-RLP, 2012
WL 6019121 (D. Haw. Nov. 30, 2012) (deeming clerical
work completed on table of authorities).

---

[2] This list is a sampling and is not exhaustive.

Here, counsel worked on clerical tasks such as communicating with the court, calendaring, and reviewing Court-generated notices.  Counsel expended 2.7 hours doing so.  Therefore, 2.7 hours should be excluded from HACS's fee award.

### b.  Unrelated Entries

The second category of reductions are for unrelated entries.  Counsel expended 5.8 hours on tasks that were not directly related to Plaintiff's motion for sanctions, such as position statements for motions filed by JAL.  Consequently, the Court recommends that his hours be reduced accordingly.

### c.  Block Billing

In addition to the foregoing reductions, the Court must reduce some of the requested hours due to "block billing."  "The term 'block billing' refers to the time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks."  Robinson v. City of Edmond, 160 F.3d

1275, 1284 n.9 (10th Cir. 1998) (citations and quotation marks omitted).  Block billed entries generally fail to specify a breakdown of the time spent on each task.

District courts have the authority to reduce hours that are billed in block format because such a billing style makes it difficult for courts to ascertain how much time counsel expended on specified tasks.  <u>Welch v. Metro. Life Ins. Co.</u>, 480 F.3d 942, 948 (9th Cir. 2007).  <u>See also id.</u> (citing <u>Role Models Am., Inc. v. Brownlee</u>, 353 F.3d 962, 971 (D.C. Cir. 2004) (reducing requested hours because counsel's practice of block billing "lump[ed] together multiple tasks, making it impossible to evaluate their reasonableness")); <u>see also Hensley</u>, 461 U.S. at 437 (holding that applicant should "maintain billing time records in a manner that will enable a reviewing court to identify distinct claims")).  Indeed, it is challenging to assess the reasonableness of a time entry when it includes several tasks.

15

Counsel's use of block billing with respect to certain time entries makes it difficult, if not impossible, for the Court to assess the reasonableness of the hours expended as to those entries.  Hence, the Court imposes an across-the-board reduction of 15% as to the entries that are in the "block billing" format. Signature Homes of Haw., LLC v. Cascade Sur. and Bonding, Inc., No. CV 06-00663 JMS-BMK, 2007 WL 2258725, at *3 (D. Haw. Aug. 3, 2007) (reducing block billed hours by 20%).  Counsel billed 15 hours in the block format.  As such, counsel's hours should be reduced by 2.25.

d.  Total Fee Award

Based on the foregoing, the Court finds that counsel reasonably expended 23.55 hours in connection with Plaintiff's motion for sanctions.  When multiplied by counsel's $325.00 hourly rate, HACS reasonably incurred $7,653.75 in attorneys' fees, and $318.86 in tax, for a total of **$7,972.61**.  There is no basis to adjust this lodestar.

16

CONCLUSION

In accordance with the above analysis, the Court HEREBY FINDS AND RECOMMENDS that HACS's Motion for Award of Attorney's Fees be GRANTED IN PART AND DENIED IN PART and that HACS be awarded **$7,972.61** in attorneys' fees and tax.

IT IS SO FOUND AND RECOMMENDED.

Dated:  Honolulu, Hawaii, January 21, 2014.



_____
Kevin S.C. Chang
United States Magistrate Judge

CV 03-00451 LEK-KSC; <u>Crawford v. Japan Airlines, et al.</u>; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANT HAWAII AVIATION CONTRACT SERVICES, INC.'S MOTION FOR AWARD OF ATTORNEY'S FEES