IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JACK CRAWFORD, | ) CIVIL NO. 03-00451 LEK-KSC |
| | ) |
| Plaintiff, | ) FINDINGS AND |
| | ) RECOMMENDATION TO GRANT IN |
| vs. | ) PART AND DENY IN PART |
| | ) DEFENDANT JAPAN AIRLINES' |
| JAPAN AIRLINES; JALWAYS | ) MOTION FOR ATTORNEY'S FEES |
| CO., LTD.; HAWAII AVIATION | ) |
| CONTRACT SERVICES, INC.; | ) |
| DOES 1-10, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

FINDINGS AND RECOMMENDATION TO GRANT
IN PART AND DENY IN PART DEFENDANT
JAPAN AIRLINES' MOTION FOR ATTORNEY'S FEES

On May 31, 2013, U.S. District Judge Leslie

Kobayashi issued an Order (1) Denying Plaintiff Jack

Crawford's Motion for Sanctions Against JAL Defendants,

HACS, Carlsmith Ball, Certain Carlsmith Ball Attorneys

and Carl Osaki; (2) Denying Defendant Japan Airlines'

Motion For the Court to Issue an Order Requiring

Plaintiff Jack Crawford to Show His Medical Fitness to

Litigate; and (3) Granting Japan Airlines' Motion to

Strike Plaintiff Jack Crawford's Supplemental Statement

of Authorities Filed Pursuant to LR 7.8 in Support of

Plaintiff Jack Crawford's Motion for Sanctions Against JAL Defendants, Filed February 28, 2013 ("Sanction Order").   In the Sanction Order, Judge Kobayashi found that Plaintiff failed to comply with the requirements of Rule 11 and that Plaintiff's motion for sanctions was without merit.   Sanction Order at 21.   She therefore concluded that Defendants were the prevailing parties entitled to an award of reasonable attorneys' fees, pursuant to Rule 11(c)(2) of the Federal Rules of Civil Procedure ("FRCP"), that were incurred directly as a result of Plaintiff's filing.   <u>Id.</u>   Judge Kobayashi specified that the amount to be awarded should be sufficient to deter repetition of Plaintiff's conduct.   <u>Id.</u>

Defendant Japan Airlines ("JAL") timely filed a Motion for Attorney's Fees on June 24, 2013.   JAL filed a Statement of Consultation on July 3, 2013.   Plaintiff

Jack Crawford ("Plaintiff") did not file a response. On July 31, 2013, JAL filed a Reply.[1]

At the direction of the Court, Plaintiff filed a memorandum concerning the propriety of addressing JAL's Motion (or any other matters) when questions concerning the existence of subject matter jurisdiction have been raised.  See Doc. No. 505.

On September 11, 2013, JAL filed a motion to dismiss.  This Court deferred ruling on this Motion until the disposition of JAL's motion to dismiss.

On December 31, 2013, Judge Kobayashi issued an Order Granting Defendant's Motion to Dismiss Plaintiff

---

[1]  In its Reply, JAL argues that because Plaintiff failed to timely respond to its Motion, Plaintiff waived any right to contest the Motion, and that its fees and costs should be awarded in full.  The Court agrees that Plaintiff has waived any right to challenge the Motion, but the Court will not summarily grant the Motion.  Even in the absence of objections by an opposing party, the Court conducts its own evaluation of reasonableness.  Matter of Yagman, 796 F.2d 1165, 1184-85 (9th Cir. 1986) ("When the sanctions award is based upon attorney's fees and related expenses, an essential part of determining the reasonableness of the award is inquiring into the reasonableness of the claimed fees.  Recovery should never exceed those expenses and fees that were reasonably necessary to resist the offending action.").

Jack Crawford's Complaint For Lack of Subject Matter Jurisdiction, concluding that federal diversity jurisdiction was lacking from the outset of this case.

<u>DISCUSSION</u>

Insofar as Judge Kobayashi has already concluded that Defendants were the "prevailing parties" pursuant to FRCP 11(c)(2), the Court need not determine whether JAL is entitled to fees.  However, the Court must, as an initial matter, ascertain whether it has the authority to issue this Findings and Recommendation when Judge Kobayashi concluded that subject matter jurisdiction is lacking and in fact, never existed. The Court concludes that it does.

The Supreme Court has held that although a final determination of lack of subject matter jurisdiction precludes all further adjudication of a case in federal court, "such a determination does not automatically wipe out all proceedings had in the district court at a time when the district court operated under the misapprehension that it had jurisdiction." <u>Willy v. Coastal Corp.</u>, 503 U.S. 131,

4

137 (1992); In re Exxon Valdez, 102 F.3d 429, 431 (9th Cir. 1996). Because the imposition of Rule 11 sanctions is a collateral matter that does not involve judgment on the merits of an action, a district court does not adjudicate the merits of a "case or controversy" over which it lacks jurisdiction by imposing sanctions. Willy, 503 U.S. at 138. District courts have the authority to determine whether an attorney abused the judicial process and assess appropriate sanctions. Id.

Plaintiff attempts to distinguish this case from Willy v. Coastal Corp., arguing that "there is no Rule 11 sanction against any party or attorney nor a finding that any party or attorney abused the judicial process." Pl.'s Memo. at 4. The Court is not persuaded. Plaintiff abused the judicial process by filing an improper Rule 11 sanction motion that was premature, procedurally defective, and substantively specious. Sanction Order at 17. FRCP 11 specifically contemplates and provides for the recovery of

reasonable expenses, including attorneys' fees, by the prevailing party.  Fed. R. Civ. P. 11(c)(2).  JAL successfully opposed Plaintiff's motion for sanctions and has been deemed the prevailing party.

Plaintiff additionally asserts that the fee issue is not collateral because Judge Kobayashi found that the sanctions issue was premature.  This finding actually bolsters this Court's determination to proceed with evaluating JAL's fee request.  Plaintiff should not have filed his sanction motion, as it was not only premature, but also deficient.  Plaintiff's conduct provided Judge Kobayashi with a legal basis to conclude that JAL is entitled to fees.

Finally, Plaintiff argues that this case is distinguishable from Willy because this is not a case where the Court's jurisdiction was later found to be lacking.  To the contrary, that is precisely what happened here.  At the time Judge Kobayashi adjudicated Plaintiff's sanction motion, JAL had yet to file its motion to dismiss.  Notably, Judge Kobayashi made the

6

legal determination about JAL's entitlement to fees
<u>before</u> the filing of the motion to dismiss and prior to
dismissing this action for lack of subject matter
jurisdiction.  This Court is not deciding a new legal
issue or revisiting Judge Kobayashi's Sanction Order;
this Court is merely assessing the reasonableness of
the fee request and recommending the amount to be
awarded.  The legal basis for the award has already
been established by the Sanction Order.  Accordingly,
the Court finds that it may address JAL's Motion
notwithstanding the fact that this action has been
dismissed, as this Findings and Recommendation merely
recommends the amount of the award to which JAL is
entitled.

I.  <u>Attorneys' Fees</u>

        JAL requests $74,441,48 in attorneys' fees and
tax, as reflected in the following table:

| __NAME__ | __HOURS__ | __RATE__ | __TOTAL__ |
|---|---|---|---|
| Lawrence Okinaga | 41.6 | $395.00 | $16,432.00 |
| Steve Egesdal | 113.1 | $360.00 | $40,716.00 |

| | | | |
|---|---|---|---|
| William Harstad | 50.5 | $210.00 | $10,605.00 |
| Michael Scanlon | 1.1 | $200.00 | $220.00 |
| Lesa Douglas-Wong (paralegal) | 20 | $150.00 | $3,000.00 |
| Rodney Nagasako (office clerk) | 1.2 | $100.00 | $120.00 |
| **Subtotal** | | | $71,093.00 |
| **TAX (4.71%)** | | | $3,348.48 |
| **TOTAL** | | | **$74,441.48**[2] |

A.   Calculation of Fee Award

Under federal law, reasonable attorneys' fees are generally based on the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S.

_____

[2]   The Court's calculations differ from those set out in the time sheets.  For example, Mr. Harstad's total hours in his 4/2/13 entry under "Case Development" was 2.2 hours, but the total of the itemized time entries in the narrative section is 2.1 hours.  The itemized narrative reflects that Ms. Douglas-Wong expended 5.4 hours on 4/2/13 (under "Motions Practice"), but the calculation provided by counsel is 5.1 hours.  The Court will rely on its own calculations.

8

424, 433 (1983).  <u>See</u> <u>Fischer v. SJB-P.D., Inc.</u>, 214
F.3d 1115, 1119 (9th Cir. 2000).  The court must
determine a reasonable fee by multiplying "the number
of hours reasonably expended on the litigation" by "a
reasonable hourly rate."  <u>Hensley</u>, 461 U.S. at 433.
Second, the court must decide whether to adjust the
lodestar amount based on an evaluation of the factors
articulated in <u>Kerr v. Screen Extras Guild, Inc.</u>, 526
F.2d 67, 70 (9th Cir. 1975), which have not already
been subsumed in the lodestar calculation.  <u>See</u>
<u>Fischer</u>, 214 F.3d at 1119 (citation omitted).

 The factors articulated by the Ninth Circuit in
<u>Kerr</u> are as follows:

> (1) the time and labor required, (2) the
> novelty and difficulty of the questions
> involved, (3) the skill requisite to
> perform the legal service properly, (4)
> the preclusion of other employment by the
> attorney due to acceptance of the case,
> (5) the customary fee, (6) whether the fee
> is fixed or contingent, (7) time
> limitations imposed by the client or the
> circumstances, (8) the amount involved and
> the results obtained, (9) the experience,
> reputation, and ability of the attorneys,
> (10) the "undesirability" of the case,
> (11) the nature and length of the

professional relationship with the client,
and (12) awards in similar cases.

<u>Kerr</u>, 526 F.2d at 70.[3]

For Rule 11 sanctions, "[t]here is no need to rigidly apply the factors set forth in [<i>Kerr</i>], but the court must make some evaluation of the fee breakdown submitted by counsel." <u>Yagman</u>, 796 F.2d at 1185. Once calculated, the "lodestar" is presumptively reasonable. <u>See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air</u>, 483 U.S. 711, 728 (1987); <u>see also Fischer</u>, 214 F.3d at 1119 n.4 (stating that the lodestar figure should only be adjusted in rare and exceptional cases).

---

[3] Factors one through five have been subsumed in the lodestar calculation. <u>See Morales v. City of San Rafael</u>, 96 F.3d 359, 364 n.9 (9th Cir. 1996). Further, the Ninth Circuit, extending <u>City of Burlington v. Dague</u>, 505 U.S. 557, 567 (1992), held that the sixth factor, whether the fee is fixed or contingent, may not be considered in the lodestar calculation. <u>See Davis v. City & County of San Francisco</u>, 976 F.2d 1536, 1549 (9th Cir. 1992), <u>vacated in part on other grounds</u>, 984 F.2d 345 (9th Cir. 1993).

1.   <u>Hourly Rate</u>

JAL requests the following hourly rates for its counsel, paralegal, and office clerk:  1) Mr. Okinaga - $395.00; 2) Mr. Egesdal - $360.00; 3) Mr. Harstad - $210.00; 4) Mr. Scanlon - $200.00; 5) Ms. Douglas-Wong - $150.00; and 6) Mr. Nagasako - $100.00.  In determining the reasonableness of an hourly rate, the experience, skill, and reputation of the attorney requesting fees are taken into account.  <u>See</u> <u>Webb v. Ada County</u>, 285 F.3d 829, 840 & n.6 (9th Cir. 2002). The reasonable hourly rate should reflect the prevailing market rates in the community.  <u>See</u> <u>id.</u>; <u>Gates v. Deukmejian</u>, 987 F.2d 1392, 1405 (9th Cir. 1992), <u>as amended on denial of reh'g</u>, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district").  It is the burden of the fee applicant to produce satisfactory evidence, in addition to an affidavit from the fee applicant, demonstrating that the requested hourly rate reflects prevailing community rates for similar

11

services.  See Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987).

This Court is well aware of the prevailing rates in the community for similar services performed by attorneys of comparable experience, skill and reputation.  Based on this Court's knowledge of the community's prevailing rates, the hourly rates generally granted by the Court, the Court's familiarity with this case, and JAL's counsel's submissions, this Court finds that with the exception of Mr. Harstad's hourly rate, the requested hourly rates are excessive.

In addition, although JAL requests fees for Mr. Nagasako, "only the reasonable hours incurred by attorneys and paralegals [are] compensable.  This Court does not compensate for the time expended by other professionals such as librarians, litigation specialists, litigation coordinators, or legal assistants."  HRPT Props. Trust v. Lingle, 775 F. Supp. 2d 1225, 1239-40 (D. Haw. 2011).  According to JAL, Mr. Nagasako has a certificate in paralegal studies.

However, just as someone with a law degree acting in the capacity of a paralegal would not be treated as an attorney, Mr. Nagasako's credentials will not alone transform him into a paralegal if Carlsmith employs him as an office clerk.  Thus, the Court will not designate an hourly rate for Mr. Nagasako.[4]

In view of the foregoing, the Court reduces the requested hourly rates and concludes that the following hourly rates are reasonable:  1) Mr. Okinaga - $375.00; 2) Mr. Egesdal - $300.00; 3) Mr. Harstad - $210.00; 4) Mr. Scanlon - $150.00; and 5) Ms. Douglas-Wong - $85.00.

2.   <u>Hours Reasonably Expended</u>

Beyond establishing a reasonable hourly rate, a prevailing party seeking attorneys' fees bears the burden of proving that the fees and costs taxed are associated with the relief requested and are reasonably necessary to achieve the results obtained.  See <u>Tirona</u>

---

[4] Even if an office clerk's time was compensable, Mr. Nagasako's time would be excluded because the tasks he completed were clerical.  The Court later discusses reductions for time expended on clerical tasks.

13

v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted). The court must guard against awarding fees and costs which are excessive, and must determine which fees and costs were self-imposed and avoidable. Id. at 637 (citing INVST Fin. Group v. Chem-Nuclear Sys., 815 F.2d 391, 404 (6th Cir. 1987), cert. denied, 484 U.S. 927 (1987)). This Court has "discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case." Soler v. G & U, Inc., 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992) (citation omitted). Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated. See Gates, 987 F.2d at 1399 (quoting Hensley, 461 U.S. at 433-34).

After careful review of JAL's submissions, the Court finds that reductions for clerical work, insufficient descriptions, and duplication are necessary and appropriate.

14

a.   <u>Clerical or Ministerial Tasks</u>

Some of counsel's time entries reflect billing for clerical/ministerial work, and must be reduced accordingly. "[C]lerical or ministerial costs are part of an attorney's overhead and are reflected in the charged hourly rate." <u>Jeremiah B. v. Dep't of Educ.</u>, Civil No. 09-00262 DAE-LEK, 2010 WL 346454, at *5 (D. Haw. Jan. 29, 2010) (citing <u>Sheffer v. Experian Info. Solutions, Inc.</u>, 290 F. Supp. 2d 538, 549 (E.D. Pa. 2003)).

The following is a list of tasks previously deemed clerical or ministerial in this district and therefore deemed non compensable:

> reviewing Court-generated notices; scheduling dates and deadlines; calendering dates and deadlines; notifying a client of dates and deadlines; preparing documents for filing with the Court; filing documents with the Court; informing a client that a document has been filed; personally delivering documents; bates stamping and other labeling of documents; maintaining and pulling files; copying, printing, and scanning documents; receiving, downloading, and emailing

documents; and communicating with Court staff.[5]

Haw. Motorsports Inv., Inc. v. Clayton Group Servs., Inc., Civ. No. 09-00304 SOM-BMK, 2010 WL 4974867, at *5 (D. Haw. Dec. 1, 2010), adopted by Haw. Motorsports Inv., Inc. v. Clayton Group Servs., NC, Civ. No. 09-00304 SOM-BMK, 2010 WL 5395669 (D. Haw. Dec. 22, 2010) (also deeming clerical identification and organization of exhibits); see also, e.g., Yamada v. Weaver, Civil No. 10-00497 JMS-RLP, 2012 WL 6019363, at *10 (D. Haw. Aug. 30, 2012), adopted in pertinent part by Yamada v. Weaver, Civil No. 10-00497 JMS-RLP, 2012 WL 6019121 (D. Haw. Nov. 30, 2012) (deeming clerical work completed on table of authorities).

Here, counsel worked on clerical tasks such as communicating with the court, reviewing court notices, preparing hearing binders, and communicating about word count and table of authorities.  Counsel expended the following hours on clerical tasks:  1) Mr. Egesdal - 1.8 hours; 2) Mr. Harstad - 3.1 hours; and 3) Ms.

---

[5] This list is a sampling and is not exhaustive.

16

Douglas-Wong - 2.2 hours.   Therefore, 7.1 hours should
be excluded from JAL's fee award.

### b.   Insufficient Descriptions

Although counsel's time entries are in large
part sufficiently descriptive, certain entries must be
excluded due to the inadequacy of the descriptions.
Local Rule 54.3(d)(2) requires that the "party seeking
an award of fees must describe adequately the services
rendered, so that the reasonableness of the requested
fees can be evaluated."   Local Rule 54.3(d)(2).   The
rule further provides:

> [C]ounsel should be sensitive to matters
> giving rise to attorney-client privilege
> and attorney work product doctrine, but
> must nevertheless **furnish an adequate
> non-privileged description of the services
> in question.**   If the time descriptions are
> incomplete, or if such descriptions fail
> to describe adequately the services
> rendered, the court may reduce the award
> accordingly.   For example, the time
> entries for telephone conferences must
> include an identification of all
> participants and the reason for the call.

Local Rule 54.3(d)(2) (emphasis added).   Here, multiple
entries do not contain the subjects or participants of

17

emails or discussions/meetings, and the Court is therefore unable to determine whether the entries resulted directly from Plaintiff's motion for sanctions.  Sanction Order at 21.  The following hours can be attributed to insufficient entries:  1) Mr. Okinaga - 21.9 hours; 2) Mr. Egesdal - 2.3 hours; and 3) Mr. Harstad - 1.4 hours.  The Court consequently recommends a total reduction of 25.6 hours for insufficient descriptions.

    c.  Duplication

        The Court additionally reduces the attorneys' hours for meetings and discussions for which multiple attorneys billed.  The general rule is that two professionals cannot bill for attending the same meeting.  Brandon E. v. Dep't of Educ., State of Hawaii, No. CV 07-00536 ACK-LEK, 2008 WL 4602533, at *3 (D. Haw. Oct. 16, 2008).  Thus, when a party's counsel meet with one other, the Court deducts the duplicative time billed.  Id.; In re Mullins, 84 F.3d 459, 467 (D.C. Cir. 1996) (deducting fees incurred by the two

18

lowest-billing attorneys where three attorneys billed
time spent attending a meeting together)).   After
reviewing counsel's time entries, the Court notes that
not all communications between JAL's counsel resulted
in duplicate billings, but reductions are warranted in
those instances where multiple attorneys submitted
billings for the same discussions/meetings.[6]

Similarly, the Court finds duplicative the
hours billed for multiple attorneys attending the
hearing on the motion for sanctions.   Mr. Egesdal and
Mr. Harstad submitted time entries for the hearing.
The Court will allow Mr. Egesdal's time, but will
exclude Mr. Harstad's time.   Co-counsel's attendance at
hearings and status conferences is understandable, but
the resulting duplicative fees should not be taxed
against Plaintiff.   The reductions are as follows:

---

[6]   For example, on January 18, 2013, Mr. Okinaga
and Mr. Egesdal billed time for a conference.   Mr.
Okinaga's time is allowable, but Mr. Egesdal's time is
duplicative.

1) Mr. Egedsal - 3.4 hours; 2) Mr. Harstad - 1.6 hours; and 3) Mr. Scanlon - 0.2 hours.  As a result, the Court further reduces counsel's hours by 5.2.

       d.  <u>Total Fee Award</u>

The Court is satisfied that JAL has established the appropriateness of the following attorneys' fees incurred in the present action:

| **NAME** | **HOURS** | **RATE** | **TOTAL** |
|---|---|---|---|
| Lawrence Okinaga | 19.7 | $375.00 | $7,387.50 |
| Steve Egesdal | 105.6 | $300.00 | $31,680.00 |
| William Harstad | 44.8 | $210.00 | $9,408.00 |
| Michael Scanlon | 0.9 | $150.00 | $135.00 |
| Lesa Douglas-Wong (paralegal) | 18.1 | $85.00 | $1,538.50 |
| Rodney Nagasako (office clerk) | 0 | $0.00 | $0.00 |
| **Subtotal** | | | $50,149.00 |
| **TAX (4.71%)** | | | $2,362.02 |
| **TOTAL** | | | **$52,511.02** |

The Court accordingly recommends that JAL recover $52,511.02 in fees and tax.  There is no basis to adjust this lodestar.

II. Costs

JAL also requests $4,947.12 in costs, which includes $42.94 in international telephone charges, $4,537.93 in electronic research, and $366.25 for photocopies.  FRCP 11(c)(2) authorizes recovery of reasonable expenses.  Fed. R. Civ. P. 11(c)(2) ("[T]he court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.").  The Sanction Order did not expressly award costs, but given the Order's citation to and reliance on FRCP 11(c)(2), this Court believes that reasonable costs are also recoverable.

The Court finds that the international telephone charges and the research charges were reasonably incurred.  Jackson v. McKay-Davis Funeral Home, No. 07-C-1037, 2013 WL 627055, at *1 (E.D. Wis. Feb. 20, 2013) (finding reasonable Westlaw charges

21

incurred in opposition to the plaintiff's Rule 11

motion).  However, JAL has not provided sufficient

information for the Court to ascertain whether the

copying costs were reasonable, and the copying rate was

$0.25 per page, when this Court authorizes copying at

$0.15 per page.  Local Rule 54.2(f)(4) provides:

> The cost of copies necessarily obtained
> for use in the case is taxable provided
> the party seeking recovery submits an
> affidavit describing the documents copies,
> the number of pages copied, the cost per
> page, and the use of or intended purpose
> for the items copied.  As of the effective
> date of these rules, the practice of this
> court is to allow taxation of copies at
> $.15 per page or the actual cost charged
> by commercial copiers, provided such
> charges are reasonable.  The cost of
> copies obtained for the use and/or
> convenience of the party seeking recovery
> and its counsel is not taxable.

Local Rule 54.2(f)(4).[7]  Without information about what

copies were made and for what purpose, the Court is

unable to assess the reasonableness of the request.

Consequently, the Court declines to recommend that the

---

[7]  The Court recognizes that this rule pertains to
taxable costs.  However, this is the standard the Court
employs in assessing taxable and non-taxable copying
costs to ensure consistency.

copying costs be awarded.   The Court concludes that JAL reasonably incurred **$4,580.87** in costs.

CONCLUSION

In accordance with the above analysis, the Court HEREBY FINDS AND RECOMMENDS that JAL's Motion for Attorney's Fees be GRANTED IN PART AND DENIED IN PART and that JAL be awarded **$52,511.02** in attorneys' fees and tax and **$4,580.87** in costs.

IT IS SO FOUND AND RECOMMENDED.

Dated:  Honolulu, Hawaii, January 21, 2014.



_____
Kevin S.C. Chang
United States Magistrate Judge

CV 03-00451 LEK-KSC; <u>Crawford v. Japan Airlines, et al.</u>; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANT JAPAN AIRLINES' MOTION FOR ATTORNEY'S FEES