IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JACK CRAWFORD, | CIVIL NO. 03-00451 LEK-KSC |
| Plaintiff, | |
| vs. | |
| JAPAN AIRLINES; JALWAYS CO., LTD., a subsidiary of Japan Airlines; HAWAII AVIATION CONTRACT SERVICES, INC.; and DOES 1-10, | |
| Defendants. | |

**ORDER: 1) GRANTING PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANT HAWAII AVIATION CONTRACT SERVICES, INC.'S MOTION FOR AWARD OF ATTORNEY'S FEES AND REJECTING THE FINDINGS AND RECOMMENDATION; AND 2) DENYING PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANT JAPAN AIRLINES' MOTION FOR ATTORNEY'S FEES AND ADOPTING THE FINDINGS AND RECOMMENDATION**

On January 21, 2014, the magistrate judge filed the Findings and Recommendation to Grant in Part and Deny in Part Defendant Hawaii Aviation Contract Services, Inc.'s Motion for Award of Attorney's Fees ("HACS F&R") and the Findings and Recommendation to Grant in Part and Deny in Part Defendant Japan Airlines' Motion for Attorney's Fees ("JAL F&R"). [Dkt. nos. 531, 532.] Before the Court are Plaintiff Jack Crawford's ("Crawford") objections to the HACS F&R ("HACS Objections"), filed on February 4, 2014, and Crawford's objections to the JAL F&R ("JAL Objections"), filed on February 5, 2014. [Dkt. nos.

533, 534.] HACS and JAL (collectively "Defendants') each filed its response on February 18, 2014. [Dkt. nos. 536, 535.] The Court finds these matters suitable for disposition without a hearing pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the objections, responses, and the relevant legal authority, this Court HEREBY GRANTS the HACS Objections and REJECTS the HACS F&R, and HEREBY DENIES the JAL Objections and ADOPTS the JAL F&R, for the reasons set forth below.

## BACKGROUND

In December 2002, Crawford and then-co-plaintiff Martin Ventress ("Ventress") filed their Complaint for Damages ("Complaint") against JAL, its subsidiary, JALways, Co., Ltd. ("JALways"),[1] and HACS in the United States District Court for the Central District of California.[2] [Dkt. no. 23.] The Complaint alleged diversity jurisdiction. [Id. at ¶ 8.]

---

[1] Where appropriate, this Court will refer to JAL and JALways collectively as "the JAL Defendants." On December 3, 2010, the JAL Defendants filed a Supplemental Corporate Disclosure Statement stating that, "[a]s of December 1, 2010, JAL and JALways merged into a single Japan corporation, with JAL the surviving corporation." [Dkt. no. 394.] Thus, JALways is not an active Defendant in this case.

[2] On November 14, 2007, the magistrate judge approved the parties' Stipulation for Complete Severance under Fed. R. Civ. P. 21 of Plaintiffs' Cases for All Purposes. [Dkt. no. 267.] Ventress's claims were adjudicated in CV 07-00581 LEK-RLP.

According to the Complaint, at the time of filing, Crawford, who was a pilot for JAL and HACS, was a United States citizen domiciled in California. [Id. at ¶¶ 5, 11.] Crawford later repudiated that assertion and claimed that his domicile at the time he filed the Complaint was Alabama. [Pltf.'s Decl. of Domicile, filed 8/7/13 (dkt. no. 500), at ¶ 1.]

On September 13, 2013, JAL filed its Motion to Dismiss Plaintiff Jack Crawford's Complaint for Lack of Subject Matter Jurisdiction ("Motion to Dismiss"). [Dkt. no. 510.] JAL argued that there was no diversity of citizenship in this case because, at the time Crawford filed the Complaint, he was an expatriate residing in Thailand, and therefore he was "stateless" for purposes of diversity jurisdiction. On December 31, 2013, this Court issued an order granting the Motion to Dismiss ("Dismissal Order"). [Dkt. no. 528.] Although this Court found that it was not necessary to determine exactly where Crawford was domiciled at the time he filed the Complaint, this Court found that Crawford failed to identify a genuine issue of material fact as to the issue of whether Alabama was his domicile. This Court therefore concluded that there was no federal diversity jurisdiction over this case from the outset.

On January 18, 2013, well before this Court ruled that it did not have subject matter jurisdiction over Crawford's case, Crawford filed his "Motion for Sanctions Against JAL Defendants,

3

HACS, Carlsmith Ball, Certain Carlsmith Ball Attorneys, and Carl Osaki" ("Sanctions Motion").[3] [Dkt. no. 405] Crawford asked this Court to "impose appropriately severe sanctions under Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927 and the Court's inherent authority to sanction bad faith litigation, and also refer the responsible attorneys to the Hawai`i State Bar and the Bar of this Court for appropriate disciplinary action." [Mem. in Supp. of Sanctions Motion at 4.] This Court denied the Sanctions Motion in a May 31, 2013 order ("Sanctions Order"). [Dkt. no. 453.[4]] This Court found that, to the extent that the Sanctions Motion was based on Crawford's qualification to fly, that issue had not been fully litigated, and Crawford's argument that Defendants' position was frivolous was premature. This Court also found that his "request for Rule 11 sanctions [was] both procedurally defective and substantively specious" and denied the request. Sanctions Order, 2013 WL 2420715, at *7. Further, this Court concluded that Crawford failed to meet "the more stringent subjective bad faith standard" of § 1927 and that sanctions pursuant to this Court's inherent power were not warranted. Id. at *8-9.

---

[3] The Carlsmith Ball firm represents JAL, and Mr. Osaki represents HACS.

[4] The Sanctions Order is also available at 2013 WL 2420715.

Based on its findings that Crawford failed to comply with Rule 11's procedural requirements and that the Sanctions Motion was "substantively without merit," this Court concluded that "Defendants, and any additional sanctions targets, are the prevailing parties" and, pursuant to Fed. R. Civ. P. 11(c)(2), "these responding parties and counsel are entitled to their reasonable attorneys' fees resulting directly from Plaintiff's filing, in an amount sufficient to deter repetition of such conduct." Id. at *9. Pursuant to the Sanctions Order, JAL and HACS each filed a motion for attorneys' fees ("JAL Fee Motion" and "HACS Fee Motion") on June 24, 2013. [Dkt. nos. 469, 470.] The magistrate judge deferred ruling on the motions for attorneys' fees pending the disposition of the Motion to Dismiss. [EO, filed 9/12/13 (dkt. no. 512).] Thus, the magistrate judge issued the HACS F&R and the JAL F&R after the Dismissal Order.

In the HACS F&R, the magistrate judge recommended granting the HACS Fee Motion in part and denying it in part. The magistrate judge recommended reducing the requested award of $12,796.79 to $7,972.61. In the JAL F&R, the magistrate judge recommended reducing the requested award of $74,441.48 in attorneys' fees and $4,947.12 in costs to $52,511.02 in attorneys' fees and $4,580.87 in costs.

The instant objections followed.

**STANDARD**

This district court reviews a magistrate judge's findings and recommendations regarding an award of attorneys' fees under the following standard:

> When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also United States v. Raddatz, 447 U.S. 667, 673 (1980); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise.").
>
> Under a de novo standard, this Court reviews "the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered." Freeman v. DirecTV, Inc., 457 F.3d 1001, 1004 (9th Cir. 2006); United States v. Silverman, 861 F.2d 571, 576 (9th Cir. 1988). The district court need not hold a de novo hearing; however, it is the court's obligation to arrive at its own independent conclusion about those portions of the magistrate judge's findings or recommendation to which a party objects. United States v. Remsing, 874 F.2d 614, 616 (9th Cir. 1989).

Valencia v. Carrington Mortg. Servs., LLC, Civil No. 10-00558 LEK-RLP, 2013 WL 3223628, at *5 (D. Hawai`i June 25, 2013).

**DISCUSSION**

**I.   Whether Crawford Sought Sanctions Against HACS**

At the outset, the HACS Objections argue that the magistrate judge should not have considered the HACS Fee Motion

6

because Crawford never sought Rule 11 sanctions against HACS or HACS's counsel.  In the Sanctions Order, this Court denied Crawford's request for Rule 11 sanctions in its entirety, 2013 WL 2420715, at *7, and awarded attorneys' fees pursuant to Rule 11(c)(2) to, inter alia, HACS and HACS's counsel:

> The Court finds that Plaintiff failed to comply with the procedural requirements of Rule 11 and that the Plaintiff's Motion is substantively without merit.  The Court therefore concludes that Defendants, and any additional sanctions targets, are the prevailing parties.  Accordingly, these responding parties and counsel are entitled to their reasonable attorneys' fees resulting directly from Plaintiff's filing, in an amount sufficient to deter repetition of such conduct. . . .

Id. at *9.  Thus, Crawford's first objection to the HACS F&R is essentially an untimely objection to the Sanctions Order, which this Court filed on May 31, 2013.  See Local Rule LR60.1 (stating that motions asserting "[m]anifest error of law or fact" pursuant to subsection (c) "must be filed not more than fourteen (14) days after the court's written order is filed.").  Although Crawford filed the HACS Objections on February 4, 2014, this Court, in its discretion, will still consider Crawford's argument.

According to the pertinent section headings in the Sanctions Motion, Crawford asked this Court to impose: Rule 11 sanctions "JOINTLY ON THE JAL DEFENDANTS, CARLSMITH BALL AND ANNA M. ELENTO-SNEED;" [Mem. in Supp. of Sanctions Motion at 18 (emphasis in original);] sanctions pursuant to 28 U.S.C. § 1927

against "CARLSMITH BALL AND CARLSMITH BALL PARTNERS ANDREW PEPPER, STEVEN EGESDAL AND MATTHEW MATSUNAGA, AND UPON HACS ATTORNEY CARL OSASKI [sic];" [id. at 30;] and sanctions pursuant to this Court's inherent authority against "DEFENDANTS AND THEIR COUNSEL" [id. at 34].  These indicate that Crawford only sought § 1927 and inherent authority sanctions against HACS and HACS's counsel.

In its Response to the HACS Objections, HACS argues that the Sanctions Motion did seek Rule 11 sanctions against it and its counsel.  [Response to HACS Objections at 3-4 (quoting Mem. in Supp. of Sanctions Motion at 4, 30, 37).]  The first passage that HACS relies on stated:

> "Given (a) the severity of the collusive misconduct by Defendants and their counsel, (b) that the attorneys involved are all experienced, senior attorneys, and (c) the evidence of calculated, deliberate bad faith and utter lack of concern for the consequences of their misconduct, the Court should impose appropriately severe sanctions under Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927 and the Court's inherent authority to sanction bad faith litigation . . . .

[Mem. in Supp. of Sanctions Motion at 4.]  Similarly, the conclusion of the Sanctions Motion argued:

> Plaintiff's motion for an order levying sanctions, pursuant to Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927 and the Court's inherent authority, against the JAL Defendants, HACS, Carlsmith Ball, Anna M. Elento-Sneed, Andrew Pepper, Steven Egesdal, Matthew M. Matsunaga and

> Carl Osaki, should be granted in its
> entirety . . . .

[Id. at 37.]  These passages do not indicate that Crawford sought Rule 11 sanctions against HACS and HACS's counsel.  They are merely summaries of his arguments for sanctions in general, and Rule 11 was only one basis of his request for sanctions.

HACS also relies upon the section of the Sanctions Motion discussing the "Appropriate Rule 11 Sanctions."  Crawford stated, "**Defendants** and their counsel have unwaveringly insisted that their reason and basis for terminating Crawford was precisely that . . . , as Carlsmith Ball attorney Matsunaga put it, Crawford had 'lost his license to fly.'"  [Mem. in Supp. of Sanctions Motion at 30 (emphasis added).]  Although in portions of the Sanctions Motion, Crawford used the term "Defendants" to refer to JAL, JALways, and HACS and the term "JAL Defendants" to refer to JAL and JALways, see, e.g., Mem. in Supp. of Sanctions Motion at 2, the quotation that HACS relies upon in its Response to the HACS Objections appeared in section III.C., which was titled "Appropriate Rule 11 Sanctions," id. at 28.  The previous two sections were III.A., "THE COURT SHOULD IMPOSE RULE 11 SANCTIONS JOINTLY ON THE JAL DEFENDANTS, CARLSMITH BALL AND ANNA M. ELENTO-SNEED," and III.B., "The JAL Defendants and their Attorneys Violated Rule 11."  [Id. at 18, 24 (emphasis in original).]  Thus, while not the model of clarity, it appears

9

that Crawford used the term "Defendants" in III.C. to refer to JAL and JALways.

Based on further review of the Sanctions Motion, this Court concludes that Crawford did not seek Rule 11 sanctions against HACS and HACS's counsel, and this Court erroneously awarded attorneys' fees pursuant to Rule 11(c)(2) to HACS and HACS's counsel.  This Court therefore WITHDRAWS the award of attorneys' fees to HACS and HACS's counsel.  In light of the withdrawal, this Court GRANTS the HACS Objections and REJECTS the HACS F&R.

## II. Jurisdiction

As a threshold matter in the JAL Objections, Crawford argues that this Court does not have the authority to award "statutory prevailing party attorneys' fees" because this Court has ruled that it does not have subject matter jurisdiction over Crawford's Complaint.  [JAL Objections at 2.]

In finding that he could address the JAL Fee Motion, the magistrate judge stated:

> The Supreme Court has held that although a final determination of lack of subject matter jurisdiction precludes all further adjudication of a case in federal court, "such a determination does not automatically wipe out all proceedings had in the district court at a time when the district court operated under the misapprehension that it had jurisdiction." Willy v. Coastal Corp., 503 U.S. 131, 137 (1992); In re Exxon Valdez, 102 F.3d 429, 431 (9th Cir. 1996). Because the imposition of Rule 11 sanctions is a collateral matter that does not involve judgment

> on the merits of an action, a district court does not adjudicate the merits of a "case or controversy" over which it lacks jurisdiction by imposing sanctions. Willy, 503 U.S. at 138. District courts have the authority to determine whether an attorney abused the judicial process and assess appropriate sanctions. Id.

[JAL F&R at 4-5.] In the JAL Objections, Crawford argues that Willy is inapplicable to the instant case because the instant case "involves only a prevailing party fee award under Rule 11(c)(2) and does not involve a Rule 11(b) sanction." [JAL Objections at 3 (emphasis omitted).] Crawford, however, cites no case law supporting such a narrow interpretation of Willy.

> Crawford argues that:
>
> Other cases finding that district courts properly exercise jurisdiction to award attorneys' fees where subject matter jurisdiction is found to have been lacking are generally limited to instances involving statutory provisions specifically authorizing an award of attorneys' fees where subject matter jurisdiction is lacking, i.e. improvident removal pursuant to 28 U.S.C. § 1447(c).

[JAL Objections at 3-4 (citing Moore v. Permanente Medical Group, Inc., 981 F.2d 443 (9th Cir. 1992); Mints v. Education Testing Service, 99 F.3d 1253 (3d Cir. 1996)).] Although Willy involved an action that the Fifth Circuit Court of Appeals held was improperly removed, 503 U.S. at 132-33, the United States Supreme Court did not rely on § 1447(c) in holding that the district court had the authority to impose Rule 11 sanctions. Ultimately, the Supreme Court held that:

11

>      The interest in having rules of procedure obeyed
>      . . . does not disappear upon a subsequent
>      determination that the court was without
>      subject-matter jurisdiction. . . . [T]here is no
>      constitutional infirmity under Article III in
>      requiring those practicing before the courts to
>      conduct themselves in compliance with the
>      applicable procedural rules in the interim, and to
>      allow the courts to impose Rule 11 sanctions in
>      the event of their failure to do so.

Id. at 139. Thus, this Court had the authority to enforce the rules of procedure during the pendency of this case even though this Court ultimately ruled that it did not have subject matter jurisdiction over the case. This Court therefore DENIES Crawford's objection that this Court lacks jurisdiction to award attorneys' fees to JAL pursuant to Fed. R. Civ. P. 11(c)(2).

**III. Objections to the Calculation of the Total Award**

Crawford argues that the magistrate judge failed to evaluate the reasonableness of the work that JAL's counsel performed. This objection is DENIED because the magistrate judge clearly reviewed the reasonableness of the hours reflected in the requested fee award within the lodestar analysis.

This Court next turns to Crawford's objection that the magistrate judge's "award of $2,362.02 in tax and $4,580.87 in costs, pursuant to Fed. R. Civ. P. 11(c)(2), is unsupported and without a basis in law." [JAL Objections at 7.] Rule 11(c)(2) states, in pertinent part: "If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." An award of

12

reasonable costs is clearly within the meaning of the term "reasonable expenses." Further, it is common practice in this district court to award the associated general excise tax with an award of reasonable attorneys' fees. See, e.g., Hawaii Tapers Health & Welfare Fund v. B & A Builders Inc., Civ. No. 13-00208 JMS-RLP, 2014 WL 957457, at *5 (D. Hawai`i Mar. 12, 2014); Hawaii Glaziers Trust Funds v. Island Glazing, Inc., No. CV 13-00448 SOM-RLP, 2014 WL 819208, at *6 & n.4 (D. Hawai`i Mar. 3, 2014); Au v. Republic State Mortg. Co., Civ. No. 11-00251 JMS-KSC, 2014 WL 770291, at *9 (D. Hawai`i Feb. 25, 2014). This Court therefore DENIES Crawford's objection to the legal basis for the recommended award of taxes and costs.

        Crawford's next objection is that the magistrate judge should have excluded the attorneys' fees and costs incurred in responding to: his request for § 1927 sanctions; his request for sanctions pursuant to this Court's inherent authority; his request for sanctions against Carlsmith Ball; and his request for sanctions against Elento-Sneed. Crawford is correct that the award of attorneys' fees was limited to the fees incurred in responding to the request for Rule 11 sanctions, as opposed to responding to the § 1927 or inherent powers request. Crawford, however, has not identified any specific hours of the fee request that were attributable solely to the § 1927 issue or the inherent powers issue. Further, this Court concludes that a percentage

apportionment of fees attributable only to the Rule 11 request is not warranted in this case because Crawford's requests for sanctions, based on three different legal theories, shared the same factual basis. See, e.g., Mem. in Supp. of Sanctions Motion at 2 (arguing that JAL, JALways, HACS, and their respective counsel, "have defended this wrongful termination action for nearly ten years on the grounds - now exposed as utter fabricated - that the Japan Civil Aviation Bureau (the "JCAB") revoked Plaintiff Capt. Jack Crawford's pilot credentials and that Capt. Crawford was necessarily terminated as a consequence").

As to Crawford's argument that JAL is not entitled to fees attributable to responding to his request for sanctions against Carlsmith Ball and against Elento-Sneed, this Court notes that, during the events at issue in the Sanctions Motion, Elento-Sneed was an attorney with Carlsmith Ball, which represented JAL. JAL filed a single memorandum in opposition to the Sanctions Motion, and the memorandum in opposition addressed both the request for sanctions against JAL and the request for sanctions against JAL's counsel. Assuming, *arguendo*, that some of the award of attorneys' fees is due to JAL as reimbursement of attorneys' fees it paid and some of the award is due directly to JAL's counsel, that distribution is JAL's responsibility and is not grounds for Crawford to object to the award itself.

This Court therefore DENIES Crawford's objection that the magistrate judge should have reduced the award of attorneys' fees to JAL to reflect only work on the Rule 11 issue and should have excluded work on the request for sanctions against JAL's counsel.

Finally, Crawford objects to the recommended fee award to JAL on the ground that the award should only be a minimal amount sufficient for deterrence. Fed. R. Civ. P. 11(c)(4) states, in pertinent part:

> A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include . . . , if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

Michael J. Green, Esq., James A. Frechter, Esq., and Martin Sterenbuch, Esq., signed the Sanctions Motion. [Sanctions Motion at 3.] Crawford's pro hac vice counsel, Mr. Frechter and Mr. Sterenbuch, apparently authored the Sanctions Motion, and Crawford's local counsel, Mr. Green, argued the motion at the hearing before this Court. [Trans. of 4/8/13 Hrg., filed 6/4/13 (dkt. no. 456), at 7 (Mr. Green states, "I agreed to argue this motion for counsel.").] Crawford submitted an extensive declaration in support of the Sanctions Motion.

Under the circumstances of this case, where the request for Rule 11 sanctions was "procedurally defective," as well as "substantively specious" and "without merit," Sanctions Order, 2013 WL 2420715, at *7, *9, this Court finds that the recommended award of $52,511.02 in attorneys' fees and $4,580.87 in costs, for a total award of $57,091.89, is an appropriate amount to deter Crawford, Crawford's counsel, and other similarly situated parties and their counsel, from filing similar motions. This Court therefore DENIES Crawford's objection that the recommended award is more than is necessary for deterrence.

## IV. Award in Favor of JAL

Having denied all of Crawford's objections to the JAL F&R, this Court ADOPTS the JAL F&R in its entirety. Further, this Court ORDERS Crawford to pay fifty percent of the $57,091.89 total award ($28,545.94) and ORDERS Crawford's counsel to pay fifty percent of the $57,091.89 total award ($28,545.95). Michael Green, James Frechter, and Martin Sterenbuch shall be jointly and severally liable for the portion of the total award attributable to Crawford's counsel.

## CONCLUSION

On the basis of the foregoing, Crawford's Objections to the magistrate judge's Findings and Recommendation to Grant in Part and Deny in Part Defendant Hawaii Aviation Contract Services, Inc.'s Motion for Award of Attorney's Fees, filed

February 4, 2014, are HEREBY GRANTED, and Crawford's Objections to the magistrate judge's Findings and Recommendation to Grant in Part and Deny in Part Defendant Japan Airlines' Motion for Attorney's Fees, filed February 5, 2014, are HEREBY DENIED.  This Court therefore REJECTS the magistrate judge's HACS F&R and ADOPTS the magistrate judge's JAL F&R as the order of this Court.

This Court ORDERS Crawford's counsel to arrange the transmission of the total award to JAL, through JAL's counsel, by **May 27, 2014.**

There being no other pending matters, this Court directs the Clerk's Office to enter judgment and close the case.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, March 28, 2014.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**JACK CRAWFORD VS. JAPAN AIRLINES, ET AL; CIVIL 03-00451 LEK-KSC; ORDER: 1) GRANTING PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANT HAWAII AVIATION CONTRACT SERVICES, INC.'S MOTION FOR AWARD OF ATTORNEY'S FEES AND REJECTING THE FINDINGS AND RECOMMENDATION; AND 2) DENYING PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANT JAPAN AIRLINES' MOTION FOR ATTORNEY'S FEES AND ADOPTING THE FINDINGS AND RECOMMENDATION**