IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JACK CRAWFORD, | ) | CIVIL 03-00451 LEK-KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JAPAN AIRLINES, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DENYING MARTIN STERENBUCH'S MOTION FOR RELIEF UNDER FEDERAL RULE 60 FROM THE COURT'S ORDER OF MARCH 30, 2015**

On April 24, 2015, Martin Sterenbuch, Esq., former counsel for Plaintiff Jack Crawford ("Crawford"), filed his Motion for Relief under Federal Rule 60 from the Court's Order of March 30, 2015 ("Motion"). [Dkt. no. 556.] Defendant Japan Airlines ("JAL") filed its memorandum in opposition on April 28, 2015, and Mr. Sterenbuch filed his reply on May 4, 2015. [Dkt. nos. 557, 559.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, the Motion is HEREBY DENIED for the reasons set forth below.

**BACKGROUND**

The relevant factual and procedural background of this case are set forth in this Court's:

-March 28, 2014 Order: 1) Granting Plaintiff's Objections to the
    Magistrate Judge's Findings and Recommendation to Grant in
    Part and Deny in Part Defendant Hawaii Aviation Contract
    Services, Inc.'s Motion for Award of Attorney's Fees and
    Rejecting the Findings and Recommendation; and 2) Denying
    Plaintiff's Objections to the Magistrate Judge's Findings
    and Recommendation to Grant in Part and Deny in Part
    Defendant Japan Airlines' Motion for Attorney's Fees and
    Adopting the Findings and Recommendation ("3/28/14 Fee
    Order"); [dkt. no. 538;[1]] and

-March 30, 2015 Order Granting in Part and Denying in Part
    Defendant Japan Airlines's Motion to Show Cause Regarding
    Plaintiff Jack Crawford's and His Counsel's Failure to Pay
    the Court's Award of Attorney's Fees and Costs ("3/30/15
    Enforcement Order"); [dkt. no. 555].

In the 3/28/14 Fee Order, this Court adopted the magistrate judge's recommendation that JAL be awarded $52,511.02 in attorneys' fees and $4,580.87 in costs.[2] This Court ordered Crawford to pay fifty percent of the $57,091.89 total award ($28,545.94) and his counsel to pay fifty percent. 2014 WL 1326580, at *2, *7. Further, this Court stated: "Michael Green, James Frechter, and Martin Sterenbuch shall be jointly and severally liable for the portion of the total award attributable to Crawford's counsel." Id. at *7. In the 3/30/15 Enforcement Order,[3] this Court modified the 3/28/14 Fee Order by ordering

---

[1] The 3/28/14 Fee Order is also available at 2014 WL 1326580.

[2] The 3/28/14 Fee Order addressed, *inter alia*, the magistrate judge's findings and recommendation regarding JAL's motion for attorneys' fees ("Fee Motion"), filed on June 24, 2013. [Dkt. no. 469.]

[3] The 3/30/15 Enforcement Order addressed JAL's Motion for
(continued...)

2

"Mr. Green, Mr. Frechter, and Mr. Sterenbuch shall each be responsible for one-third of the $28,545.95 award attributable to counsel." [3/30/15 Enforcement Order at 10.] Relevant to the instant Motion, this Court ordered Mr. Sterenbuch to pay $9,515.31 to JAL, through JAL's counsel, by May 14, 2015. [Id. at 11.]

In the instant Motion, Mr. Sterenbuch seeks relief from the 3/30/15 Enforcement Order, pursuant to Fed. R. Civ. P. 60. He asks this Court to vacate the fee award against him or to reduce it to a minimal amount.

## **STANDARD**

Although Mr. Sterenbuch does not specify which subsection of Rule 60 that he bases his Motion upon, this Court concludes that the applicable provision is Rule 60(b), which states:

> Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been

---

³(...continued)
Order to Show Cause Regarding Plaintiff Jack Crawford's and His Counsel's Failure to Pay the Court's Award of Attorney's Fees and Costs ("Enforcement Motion"), filed on December 31, 2014. [Dkt. no. 545.]

>discovered in time to move for a new trial under Rule 59(b);
>
>(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
>(4) the judgment is void;
>
>(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>(6) any other reason that justifies relief.

The standards applicable to motions for reconsideration also apply to motions for relief pursuant to Rule 60(b). See, e.g., Grindling v. Bert Sam Fong, No. CIV. 14-00098 SOM/BMK, 2014 WL 2004360, at *1-2 (D. Hawai`i May 15, 2014) (applying case law regarding motions for reconsideration to the analysis of motion under Rule 60(b)). Based on the specific grounds for relief that Mr. Sterenbuch presents, see Discussion section *infra*, this Court concludes that he is seeking relief pursuant to either Rule 60(b)(1) or (6).

Rule 60(b)(1) "allows a court to correct its own errors of law or other mistakes." Grindling, 2014 WL 2004360, at *2 (citing Fid. Fed. Bank FSB v. Durga Ma Corp., 387 F.3d 1021, 1024 (9th Cir. 2004); Kingvision Pay-Per-View Ltd. v. Lake Alice Bar, 168 F.3d 347, 350 (9th Cir. 1999)).

The Ninth Circuit has held that Rule 60(b)(6) requires a showing of "'extraordinary circumstances'" justifying relief.

4

See, e.g., Wood v. Ryan, 759 F.3d 1117, 1120 (9th Cir. 2014) (per curiam) (some citations and internal quotation marks omitted) (quoting Gonzalez v. Crosby, 545 U.S. 524, 535, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005)). For example, "gross negligence by counsel amounting to virtual abandonment can be an 'extraordinary circumstance' that justifies vacating a default judgment pursuant to Rule 60(b)(6)." Mackey v. Hoffman, 682 F.3d 1247, 1251 (9th Cir. 2012) (brackets, citation, and some internal quotation marks omitted).

## DISCUSSION

In the instant Motion, Mr. Sterenbuch argues that this Court should grant him relief from the 3/30/15 Enforcement Order because: 1) he did not have a sufficient opportunity to be heard on the attorneys' fee issue; and 2) the award that this Court ordered against him would not have a deterrent effect. The Court addresses each argument in turn.

### I. Opportunity to Be Heard

Mr. Sterenbuch states that Crawford terminated his services on February 23, 2013, although he remained as counsel of record until July 2013. After the termination of his services, he "was unable to file any pleadings or have any further say or 'input' in the prosecution of Plaintiff's case." [Motion at 2.] He emphasizes that the Fee Motion and the 3/28/14 Fee Order were filed after Crawford terminated his services. He also states

5

that he relied on Mr. Frechter's representation that he was going to file an appeal on Crawford's behalf regarding both the dismissal of Crawford's claims and the 3/28/14 Fee Order. Mr. Sterenbuch "believed that there was nothing that [he] could personally do, since [he] was no longer representing Mr. Crawford. Nor did [he] think that the Court of Appeals would entertain a separate appeal by [him]." [Id. at 3.] Although Mr. Frechter filed a Notice of Appeal, the appeal was eventually dismissed with prejudice for failure to prosecute after he failed, in spite of multiple extensions of the deadline, to file Crawford's opening brief. [Id.]

Mr. Sterenbuch points out that the 3/30/15 Enforcement Order recognized that he was not served with either the Enforcement Motion or this Court's January 7, 2015 entering order directing Crawford to addressing both his and his counsel's liability in his opposition to the motion ("1/7/15 EO"). [Id. at 3 (quoting 3/30/15 Enforcement Order at 5).] He also states that he was not served with the 3/30/15 Enforcement Order. He therefore argues that he "never had the opportunity to be heard on the attorney fee issue before this Honorable Court," and he did not have an opportunity to be heard before the Ninth Circuit because of Mr. Frechter's "egregious conduct and repeated failure to discharge his professional responsibilities." [Id.]

First, although Mr. Sterenbuch was not served with either the Enforcement Motion or the 1/7/15 EO, on January 17, 2015, he filed a declaration in opposition to the motion ("Sterenbuch Declaration"), which this Court considered in its ruling. See 3/30/15 Enforcement Order at 1 (noting the filing of the Sterenbuch Declaration [dkt. no. 550]). The Sterenbuch Declaration raised the same argument about the termination of his services that he raises in the instant Motion. This Court rejected that argument in the 3/30/15 Enforcement Order because: 1) Mr. Sterenbuch could have raised the argument in connection with the proceedings which culminated in the 3/28/14 Fee Order; and 2) he was responsible, along with Mr. Frechter and Mr. Green, for the filing of the frivolous motion that triggered the award of attorneys' fees in the 3/28/14 Fee Order. [3/30/15 Enforcement Order at 7-9.]

This Court therefore finds that Mr. Sterenbuch's argument regarding his purported lack of opportunity to address the fee issue does not present the type of extraordinary circumstances necessary to justify Rule 60(b)(6) relief. Further, the argument is not a basis for relief under Rule 60(b)(1) because he is merely disagreeing with this Court's rulings in the 3/30/15 Enforcement Order. See Grindling, 2014 WL 2004360, at *2 (stating that "[d]isagreement with a previous order is an insufficient basis for reconsideration"). Thus, this

Court DENIES the Motion as to Mr. Sterenbuch's argument that he did not have a sufficient opportunity to address his individual liability for the fees award.

**II.  <u>Lack of Deterrent Effect</u>**

Mr. Sterenbuch also argues that this Court should either vacate or drastically reduce the award against him because he is "currently retired from law practice and [has] no professional income," and therefore the award would not have a deterrent effect.  [Motion at 3-4.]  This is an argument that he could have raised in connection with either the Fee Motion or the Enforcement Motion, and therefore it is not a sufficient ground for reconsideration pursuant to Rule 60(b)(1).  See <u>Grindling</u>, 2014 WL 2004360, at *2 (stating that "reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision").  Further, his argument is similar to the deterrence argument that Crawford, through Mr. Frechter and Mr. Green, raised in his objections to the magistrate judge's recommended award of attorneys' fees.  [Objections to the Findings and Recommendation of Magistrate Judge Kevin C. [sic] Chang to Grant in Part and Deny in Part Defendant Japan Airlines' Motion for Attorney's Fees, filed 2/5/14 (dkt. no. 534), filed at 6-7.]  This Court rejected that argument, finding that the recommended award was "an appropriate amount to deter Crawford, Crawford's counsel, and other similarly

8

situated parties and their counsel," from filing motions similar to the frivolous motion that Crawford filed which triggered the award of attorneys' fees.

This Court also finds that Mr. Sterenbuch's retirement is not the type of extraordinary circumstance necessary to justify Rule 60(b)(6) relief.  This Court therefore DENIES the Motion as to Mr. Sterenbuch's deterrence argument.

<u>**CONCLUSION**</u>

On the basis of the foregoing, Martin Sterenbuch's Motion for Relief under Federal Rule 60 from the Court's Order of March 30, 2015, filed April 24, 2015, is HEREBY DENIED.

This Court ORDERS Mr. Sterenbuch to pay $9,515.31 to JAL, through JAL's counsel, by **June 29, 2015**.  This Court CAUTIONS Mr. Sterenbuch that this Court will impose civil contempt sanctions against him if he fails to make timely payment of the award.  See 3/30/15 Enforcement Order at 11-12.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, May 29, 2015.



   /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**JACK CRAWFORD VS. JAPAN AIRLINES, ET AL; CIVIL 03-00451 LEK-KSC; ORDER DENYING MARTIN STERENBUCH'S MOTION FOR RELIEF UNDER FEDERAL RULE 60 FROM THE COURT'S ORDER OF MARCH 30, 2015**